UNITED STATED JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION
FILED

October 4, 2016

JEFFERY N. LÜTHI
CLERK OF THE PANEL

# RULES OF PROCEDURE
## OF THE
### UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

TABLE OF CONTENTS

## I.  RULES FOR MULTIDISTRICT LITIGATION
### UNDER 28 U.S.C. § 1407

Rule 1.1:      Definitions
Rule 2.1:      Rules and Practice
Rule 3.1:      Electronic Records and Files; Copy Fees
Rule 3.2:      ECF Users: Filing Requirements
Rule 3.3:      Non-ECF Users: Filing Requirements
Rule 4.1:      Service of Pleadings
Rule 5.1:      Corporate Disclosure Statement
Rule 6.1:      Motion Practice
Rule 6.2:      Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings
Rule 6.3:      Motions for Miscellaneous Relief
Rule 7.1:      Conditional Transfer Orders (CTO) for Tag-Along Actions
Rule 7.2:      Miscellaneous Provisions Concerning Tag-Along Actions
Rule 8.1:      Show Cause Orders
Rule 9.1:      Transfer of Files; Notification Requirements
Rule 10.1:     Termination and Remand
Rule 10.2:     Conditional Remand Orders (CRO)
Rule 10.3      Motion to Remand
Rule 10.4      Transfer of Files on Remand
Rule 11.1:     Hearing Sessions and Oral Argument
Rule 12-15:    Reserved

## II.  RULES FOR MULTICIRCUIT PETITIONS FOR REVIEW
### UNDER 28 U.S.C. § 2112(a)(3)

Rule 25.1:     Definitions
Rule 25.2:     Filing of Notices
Rule 25.3:     Service of Notices
Rule 25.4:     Form of Notices; Place of Filing
Rule 25.5:     Random Selection
Rule 25.6:     Service of Panel Consolidation Order

## III. CONVERSION TABLE

## IV. INDEX

This Page Left Blank

**RULES OF PROCEDURE**
**OF THE**
**UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
(Effective, October 4, 2010, Amended July 6, 2011)
(Housekeeping revision, October 4, 2016.  *See* Note p. 17)

I.  RULES FOR MULTIDISTRICT LITIGATION

UNDER 28 U.S.C. §1407

The United States Judicial Panel on Multidistrict Litigation promulgates these Rules pursuant to its authority under 28 U.S.C. § 1407(f).

RULE 1.1:    DEFINITIONS

(a)  "Panel" means the members of the United States Judicial Panel on Multidistrict Litigation appointed by the Chief Justice of the United States pursuant to 28 U.S.C. § 1407.

(b) "Chair" means the Chair of the Panel appointed by the Chief Justice of the United States pursuant to Section 1407, or the member of the Panel properly designated to act as Chair.

(c)  "Clerk of the Panel" means the official that the Panel appoints to that position.  The Clerk of the Panel shall perform such duties that the Panel or the Panel Executive delegates.

(d)  "Electronic Case Filing (ECF)" refers to the Panel's automated system that receives and stores documents filed in electronic form.  All attorneys filing pleadings with the Panel must do so using ECF.  All pro se individuals are non-ECF users, unless the Panel orders otherwise.

(e) "MDL" means a multidistrict litigation docket which the Panel is either considering or has created by transferring cases to a transferee district for coordinated or consolidated pretrial proceedings pursuant to Section 1407.

(f)  "Panel Executive" means the official appointed to act as the Panel's Chief Executive and Legal Officer.  The Panel Executive may appoint, with the approval of the Panel, necessary deputies, clerical assistants and other employees to perform or assist in the performance of the duties of the Panel Executive.  The Panel Executive, with the approval of the Panel, may make such delegations of authority as are necessary for the Panel's efficient operation.

(g)  "Pleadings" means all papers, motions, responses, or replies of any kind filed with the Panel, including exhibits attached thereto, as well as all orders and notices that the Panel issues.

(h)  "Tag-along action" refers to a civil action pending in a district court which involves common questions of fact with either (1) actions on a pending motion to transfer to create an MDL or (2) actions previously transferred  to an existing MDL, and which the Panel would consider transferring under Section 1407.

(i)  "Transferee district" is the federal district court to which the Panel transfers an action pursuant to Section 1407, for inclusion in an MDL.

(j)  "Transferor district" is the federal district court where an action was pending prior to its transfer pursuant to Section 1407, for inclusion in an MDL, and where the Panel may remand that action at or before the conclusion of pretrial proceedings.

RULE 2.1:    RULES AND PRACTICE

(a)    Customary Practice.  The Panel's customary practice shall govern, unless otherwise fixed by statute or these Rules.

(b)    Failure to Comply with Rules.  When a pleading does not comply with these Rules, the Clerk of the Panel may advise counsel of the deficiencies and set a date for full compliance.  If counsel does not fully comply within the established time, the Clerk of the Panel shall file the non-complying pleading, but the Chair may thereafter order it stricken.

(c)    Admission to Practice before the Panel.  Every member in good standing of the Bar of any district court of the United States is entitled to practice before the Panel, provided, however, that he or she has established and maintains a CM/ECF account with any United States federal court.  Any attorney of record in any action transferred under Section 1407 may continue to represent his or her client in any district court of the United States to which such action is transferred.  Parties are not required to obtain local counsel.

(d)    Pendency of Motion or Conditional Order.  The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.  An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court.

(e)    Reassignment.  If for any reason the transferee judge is unable to continue those responsibilities, the Panel shall make the reassignment of a new transferee judge.

RULE 3.1:    ELECTRONIC RECORDS AND FILES; COPY FEES

(a)    Electronic Record.  Effective October 4, 2010, the official Panel record shall be the electronic file maintained on the Panel's servers.  This record includes, but is not limited to, Panel pleadings, documents filed in paper and then scanned and made part of the electronic record, and Panel orders and notices filed.  The official record also includes any documents or exhibits that may be impractical to scan. These documents and exhibits shall be kept in the Panel offices.

(b)    Maintaining Records.  Records and files generated prior to October 4, 2010, may be (i) maintained at the Panel offices, (ii)  temporarily or permanently removed to such places at such times as the Clerk of the Panel or the Chair shall direct, or (iii) transferred whenever appropriate to the Federal Records Center.

(c)      Fees.  The Clerk of the Panel may charge fees for duplicating records and files, as prescribed by the Judicial Conference of the United States.

RULE 3.2:      ECF USERS: FILING REQUIREMENTS

(a)      Form of Pleadings.  This Rule applies to pleadings that ECF users file with the Panel.

(i)      Each pleading shall bear the heading "Before the United States Judicial Panel on Multidistrict Litigation," the identification "MDL No.___" and the descriptive title designated by the Panel.  If the Panel has not yet designated a title, counsel shall use an appropriate description.

(ii)      The final page of each pleading shall contain the name, address, telephone number, fax number and email address of the attorney or party designated to receive service of pleadings in the case, and the name of each party represented.

(iii)      Each brief submitted with a motion and any response to it shall not exceed 20 pages, exclusive of exhibits.  Each reply shall not exceed 10 pages and shall address arguments raised in the response(s).  Absent exceptional circumstances and those set forth in Rule 6.1(d), the Panel will not grant motions to exceed page limits.

(iv)      Each pleading shall be typed in size 12 point font (for both text and footnotes), double spaced (text only), in a letter size document (8 ½ x 11 inch) with sequentially numbered pages.

(v)      Each exhibit shall be separately numbered and clearly identified.

(vi)      Proposed Panel orders shall not be submitted.

(b)      Place of Filing. Counsel shall sign and verify all pleadings electronically in accordance with these Rules and the Panel's Administrative Policies and Procedures for Electronic Case Filing found at www.jpml.uscourts.gov.  A pleading filed electronically constitutes a written document for the purpose of these Rules and the Federal Rules of Civil Procedure and is deemed the electronically signed original thereof.  All pleadings, except by pro se litigants, shall conform with this Rule beginning on October 4, 2010.

(i)      Pleadings shall not be transmitted directly to any Panel member.

(c)      Attorney Registration.  Only attorneys identified, or to be identified, pursuant to Rule 4.1, shall file pleadings.  Each of these attorneys must register as a Panel CM/ECF user through www.jpml.uscourts.gov. Registration/possession of a CM/ECF account with any United States federal court shall be deemed consent to receive electronic service of all Panel orders and notices as well as electronic service of pleadings from other parties before the Panel.

(d)      Courtesy Copy of Specified Pleadings.  Counsel shall serve the Clerk of the Panel, for delivery within 1 business day of filing, with a courtesy paper copy of any of the following pleadings:  (i)

a motion to transfer and its supporting brief; (ii) a response to a show cause order; (iii) a motion to vacate a conditional transfer order or a conditional remand order; and (iv) any response, reply, supplemental information or interested party response related to the pleadings listed in (i), (ii) and (iii). No courtesy copies of any other pleadings are required. Courtesy copies of pleadings totaling 10 pages or less (including any attachments) may be faxed to the Panel. The courtesy copy shall include all exhibits, shall be clearly marked "Courtesy Copy-Do Not File," shall contain the CM/ECF pleading number (if known), and shall be mailed or delivered to:

> Clerk of the Panel
> United States Judicial Panel on Multidistrict Litigation
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, NE, Room G-255, North Lobby
> Washington, DC 20544-0005

(e)    <u>Privacy Protections</u>.  The privacy protections contained in Rule 5.2 of the Federal Rules of Civil Procedure shall apply to all Panel filings.

<u>RULE 3.3</u>:    <u>NON-ECF USERS:  FILING REQUIREMENTS</u>

(a)    <u>Definition of Non-ECF Users</u>.  Non-ECF users are all pro se individuals, unless the Panel orders otherwise.  This Rule shall apply to all motions, responses and replies that non-ECF users file with the Panel.

(b)    <u>Form of Pleadings</u>.  Unless otherwise set forth in this Rule, the provisions of Rule 3.2 shall apply to non-ECF users.

> (i)    Each pleading shall be flat and unfolded; plainly written or typed in size 12 point font (for both text and footnotes), double spaced (text only), and printed single-sided on letter size (8 ½ x 11 inch) white paper with sequentially numbered pages; and fastened at the top-left corner without side binding or front or back covers.

> (ii)    Each exhibit shall be separately numbered and clearly identified. Any exhibits exceeding a cumulative total of 50 pages shall be bound separately.

(c)    <u>Place of Filing</u>.  File an original and one copy of all pleadings with the Clerk of the Panel by mailing or delivering to:

> Clerk of the Panel
> United States Judicial Panel on Multidistrict Litigation
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, NE, Room G-255, North Lobby
> Washington, DC  20544-0005

> (i)    Pleadings not exceeding a total of 10 pages, including exhibits, may be faxed to the Panel office.

       (ii)      The Clerk of the Panel shall endorse the date for filing on all pleadings submitted for filing.

## RULE 4.1:    SERVICE OF PLEADINGS

(a)    Proof of Service. The Panel's notice of electronic filing shall constitute service of pleadings. Registration/possession by counsel of a CM/ECF account with any United States federal court shall be deemed consent to receive electronic service of all pleadings. All pleadings shall contain a proof of service on all other parties in all involved actions. The proof of service shall indicate the name and manner of service. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading.

(b)    Service Upon Transferor Court. The proof of service pertaining to motions for a transfer or remand pursuant to 28 U.S.C. § 1407 shall certify that counsel has transmitted a copy of the motion for filing to the clerk of each district court where an affected action is pending.

(c)    Notice of Appearance. Within 14 days after the issuance of a (i) notice of filing of a motion to initiate transfer under Rule 6.2, (ii) notice of filed opposition to a CTO under Rule 7.1, (iii) a show cause order under Rules 8.1, (iv) notice of filed opposition to a CRO under Rule 10.2, or (v) notice of filing of a motion to remand under Rule 10.3, each party or designated attorney as required hereinafter shall file a Notice of Appearance notifying the Clerk of the Panel of the name, address and email address of the attorney designated to file and receive service of all pleadings. Each party shall designate only one attorney. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Except in extraordinary circumstances, the Panel will not grant requests for an extension of time to file the Notice of Appearance.

(d)    Liaison Counsel. If the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

## RULE 5.1:    CORPORATE DISCLOSURE STATEMENT

(a)    Requirements. A nongovernmental corporate party must file a disclosure statement that: (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or (2) states that there is no such corporation.

(b)    Deadline. A party shall file the corporate disclosure statement within 14 days after issuance of a notice of the filing of a motion to transfer or remand, an order to show cause, or a motion to vacate a conditional transfer order or a conditional remand order.

(c)    Updating. Each party must update its corporate disclosure statement to reflect any change in the information therein (i) until the matter before the Panel is decided, and (ii) within 14 days after issuance of a notice of the filing of any subsequent motion to transfer or remand, order to show cause, or motion to vacate a conditional transfer order or a conditional remand order in that docket.

RULE 6.1:     MOTION PRACTICE

(a)     Application. This Rule governs all motions requesting Panel action generally.  More specific provisions may apply to motions to transfer (Rule 6.2), miscellaneous motions (Rule 6.3), conditional transfer orders (Rule 7.1), show cause orders (Rule 8.1), conditional remand orders (Rule 10.2) and motions to remand (Rule 10.3).

(b)     Form of Motions.  All motions shall briefly describe the action or relief sought and shall include:

      (i)     a brief which concisely states the background of the litigation and movant's factual and legal contentions;

      (ii)     a numbered schedule providing
        (A)     the complete name of each action involved, listing the full name of each party included as such on the district court's docket sheet, not shortened by the use of references such as "et al." or "etc.";
        (B)     the district court and division where each action is pending;
        (C)     the civil action number of each action; and
        (D)     the name of the judge assigned each action, if known;

      (iii)     a proof of service providing
        (A)     a service list listing the full name of each party included on the district court's docket sheet and the complaint, including opt-in plaintiffs not listed on the docket sheet; and
        (B)     in actions where there are 25 or more plaintiffs listed on the docket sheet, list the first named plaintiff with the reference "et al." if all the plaintiffs are represented by the same attorney(s);

      (iv)     a copy of all complaints and docket sheets for all actions listed on the Schedule; and

      (v)     exhibits, if any, identified by number or letter and a descriptive title.

(c)     Responses and Joinders.  Any other party may file a response within 21 days after filing of a motion.  Failure to respond to a motion shall be treated as that party's acquiescence to it.  A joinder in a motion shall not add any action to that motion.

(d)     Replies.  The movant may file a reply within 7 days after the lapse of the time period for filing a response.  Where a movant is replying to more than one response in opposition, the movant may file a consolidated reply with a limit of 20 pages.

(e)     Alteration of Time Periods.  The Clerk of the Panel has the discretion to shorten or enlarge the time periods set forth in this Rule as necessary.

(f)     Notification of Developments.  Counsel shall promptly notify the Clerk of the Panel of any development that would partially or completely moot any Panel matter.

RULE 6.2:     MOTIONS TO TRANSFER FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

(a)     Initiation of Transfer.  A party to an action may initiate proceedings to transfer under Section 1407 by filing a motion in accordance with these Rules.  A copy of the motion shall be filed in each district court where the motion affects a pending action.

(b)     Notice of Filing of Motion to Transfer.  Upon receipt of a motion, the Clerk of the Panel shall issue a "Notice of Filing of Motion to Transfer" to the service list recipients.  The Notice shall contain the following:  the filing date of the motion, caption, MDL docket number, briefing schedule and pertinent Panel policies.  After a motion is filed, the Clerk of the Panel shall consider any other pleading to be a response unless the pleading adds an action.  The Clerk of the Panel may designate such a pleading as a motion, and distribute a briefing schedule applicable to all or some of the parties, as appropriate.

(c)     Notice of Appearance.  Within 14 days of issuance of a "Notice of the Filing of a Motion to Transfer," each party or designated attorney shall file a Notice of Appearance in accordance with Rule 4.1(c).

(d)     Notice of Potential Tag-along Actions.  Any party or counsel in a new group of actions under consideration for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears.

(e)     Interested Party Responses.  Any party or counsel in one or more potential tag-along actions as well as amicus curiae may file a response to a pending motion to transfer.  Such a pleading shall be deemed an Interested Party Response.

(f)     Amendment to a Motion.  Before amending a motion to transfer, a party shall first contact the Clerk of the Panel to ascertain whether such amendment is feasible and permissible considering the Panel's hearing schedule.  Any such amendment shall be entitled "Amendment to Motion for Transfer," and shall clearly and specifically identify and describe the nature of the amendment.

(i)     Where the amended motion includes new civil actions, the amending party shall file a "Schedule of Additional Actions" and a revised Proof of Service.

(ii)    The Proof of Service shall state (A) that all new counsel have been served with a copy of the amendment and all previously-filed motion papers, and (B) that all counsel previously served with the original motion have been served with a copy of the amendment.

(iii)   The Clerk of the Panel may designate the amendment with a different denomination (*e.g.*, a notice of potential tag-along action(s)) and treatment.

(h)     Oral Argument.  The Panel shall schedule oral arguments as needed and as set forth in Rule 11.1.

RULE 6.3:      MOTIONS FOR MISCELLANEOUS RELIEF

(a)      <u>Definition</u>.  Motions for miscellaneous relief include, but are not limited to, requests for extensions of time, exemption from ECF requirements, page limit extensions, or expedited consideration of any motion.

(b)      <u>Panel Action</u>.  The Panel, through the Clerk, may act upon any motion for miscellaneous relief,  at any time, without waiting for a response.  A motion for extension of time to file a pleading or perform an act under these Rules must state specifically the revised date sought and must be filed before the deadline for filing the pleading or performing the act.  Any party aggrieved by the Clerk of the Panel's action may file objections for consideration.  Absent exceptional circumstances, the Panel will not grant any extensions of time to file a notice of opposition to either a conditional transfer order or a conditional remand order.

RULE 7.1:      CONDITIONAL TRANSFER ORDERS (CTO) FOR TAG-ALONG ACTIONS

(a)      <u>Notice of Potential Tag-along Actions</u>.  Any party or counsel in actions previously transferred under Section 1407 shall promptly notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears.  The Panel has several options: (i) filing a CTO under Rule 7.1, (ii) filing a show cause order under Rule 8.1, or (iii) declining to act (Rule 7.1(b)(i)).

(b)      <u>Initiation of CTO</u>.  Upon learning of the pendency of a potential tag-along action, the Clerk of the Panel may enter a conditional order transferring that action to the previously designated transferee district court for the reasons expressed in the Panel's previous opinions and orders.  The Clerk of the Panel shall serve this order on each party to the litigation but shall not send the order to the clerk of the transferee district court until 7 days after its entry.

(i)      If the Clerk of the Panel determines that a potential tag-along action is not appropriate for inclusion in an MDL proceeding and does not enter a CTO, an involved party may move for its transfer pursuant to Rule 6.1.

(c)      <u>Notice of Opposition to CTO</u>.  Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the 7-day period.  In such event, the Clerk of the Panel shall not transmit the transfer order to the clerk of the transferee district court, but shall notify the parties of the briefing schedule.

(d)      <u>Failure to Respond</u>.  Failure to respond to a CTO shall be treated as that party's acquiescence to it.

(e)      <u>Notice of Appearance</u>.  Within 14 days after the issuance of a "Notice of Filed Opposition" to a CTO, each opposing party or designated attorney shall file a Notice of Appearance in accordance with Rule 4.1(c).

(f)      <u>Motion to Vacate CTO</u>.  Within 14 days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the CTO and brief in support thereof.  The Clerk of the Panel shall set the motion for the next appropriate hearing session.  Failure to file and serve a motion and brief

shall be treated as withdrawal of the opposition, and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(g)     Notification of Developments.  Parties to an action subject to a CTO shall notify the Clerk of the Panel if that action is no longer pending in its transferor district court.

(h)     Effective Date of CTO.  CTOs are effective when filed with the clerk of the transferee district court.

RULE 7.2:     MISCELLANEOUS PROVISIONS CONCERNING TAG-ALONG ACTIONS

(a)     Potential Tag-alongs in Transferee Court.  Potential tag-along actions filed in the transferee district do not require Panel action.  A party should request assignment of such actions to the Section 1407 transferee judge in accordance with applicable local rules.

(b)     Failure to Serve.  Failure to serve one or more of the defendants in a potential tag-along action with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407.  Such failure, however, may constitute grounds for denying the proposed transfer where prejudice can be shown.  The failure of the Clerk of the Panel to serve a CTO on all plaintiffs or defendants or their counsel may constitute grounds for the Clerk to reinstate the CTO or for the aggrieved party to seek § 1407(c) remand.

RULE 8.1:     SHOW CAUSE ORDERS

(a)     Entry of Show Cause Order.  When transfer of multidistrict litigation is being considered on the initiative of the Panel pursuant to 28 U.S.C. §1407(c)(i), the Clerk of the Panel may enter an order directing the parties to show cause why a certain civil action or actions should not be transferred for coordinated or consolidated pretrial proceedings.  Any party shall also promptly notify the Clerk of the Panel whenever they learn of any other federal district court actions which are similar to those which the show cause order encompasses.

(b)     Notice of Appearance.  Within 14 days of the issuance of an order to show cause, each party or designated attorney shall file a Notice of Appearance in accordance with Rule 4.1(c).

(c)     Responses.  Unless otherwise provided by order, any party may file a response within 21 days of the filing of the show cause order.  Failure to respond to a show cause order shall be treated as that party's acquiescence to the Panel action.

(d)     Replies.  Within 7 days after the lapse of the time period for filing a response, any party may file a reply.

(e)     Notification of Developments.  Counsel shall promptly notify the Clerk of the Panel of any development that would partially or completely moot any matter subject to a show cause order.

RULE 9.1:    TRANSFER OF FILES; NOTIFICATION REQUIREMENTS

(a)    <u>Notice to Transferee Court Clerk</u>.  The Clerk of the Panel, via a notice of electronic filing, will notify the clerk of the transferee district whenever a Panel transfer order should be filed in the transferee district court.  Upon receipt of an electronically certified copy of a Panel transfer order from the clerk of the transferee district, the clerk of the transferor district shall transmit the record of each transferred action to the transferee district and then, unless Rule 9.1(b) applies, close the transferred action in the transferor district.

(b)    <u>Retention of Claims</u>.  If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district shall retain jurisdiction over any such claim and shall not close the action.

(c)    <u>Notice to Clerk of Panel</u>.  The clerk of the transferee district shall promptly provide the Clerk of the Panel with the civil action numbers assigned to all transferred actions and the identity of liaison counsel, if or when designated.  The clerk of the transferee district shall also promptly notify the Clerk of the Panel of any dispositive ruling that terminates a transferred action.

RULE 10.1:    TERMINATION AND REMAND

(a)    <u>Termination</u>.  Where the transferee district court terminates an action by valid order, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation, the transferee district court clerk shall transmit a copy of that order to the Clerk of the Panel.  The terminated action shall not be remanded to the transferor court and the transferee court shall retain the original files and records unless the transferee judge or the Panel directs otherwise.

(b)    <u>Initiation of Remand</u>.  Typically, the transferee judge recommends remand of an action, or a part of it, to the transferor court at any time by filing a suggestion of remand with the Panel.  However, the Panel may remand an action or any separable claim, cross-claim, counterclaim or third-party claim within it, upon

      (i)    the transferee court's suggestion of remand,

      (ii)    the Panel's own initiative by entry of an order to show cause, a conditional remand order or other appropriate order, or

      (iii)    motion of any party.

RULE 10.2:    CONDITIONAL REMAND ORDERS (CRO)

(a)    <u>Entering a CRO</u>.  Upon the suggestion of the transferee judge or the Panel's own initiative, the Clerk of the Panel shall enter a conditional order remanding the action or actions to the transferor district court.  The Clerk of the Panel shall serve this order on each party to the litigation but shall not send the order to the clerk of the transferee district court for 7 days from the entry thereof.

(i)     The Panel may, on its own initiative, also enter an order that the parties show cause why a matter should not be remanded. Rule 8.1 applies to responses and replies with respect to such a show cause order.

(b)     <u>Notice of Opposition</u>. Any party opposing the CRO shall file a notice of opposition with the Clerk of the Panel within the 7-day period. In such event, the Clerk of the Panel shall not transmit the remand order to the clerk of the transferee district court and shall notify the parties of the briefing schedule.

(c)     <u>Failure to Respond</u>. Failure to respond to a CRO shall be treated as that party's acquiescence to it.

(d)     <u>Notice of Appearance</u>. Within 14 days after the issuance of a "Notice of Filed Opposition" to a CRO, each opposing party or designated attorney shall file a Notice of Appearance in accordance with Rule 4.1(c).

(e)     <u>Motion to Vacate CRO</u>. Within 14 days of the filing of its notice of opposition, the party opposing remand shall file a motion to vacate the CRO and brief in support thereof. The Clerk of the Panel shall set the motion for the next appropriate Panel hearing session. Failure to file and serve a motion and brief shall be treated as a withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(f)     <u>Effective Date of CRO</u>. CROs are not effective until filed with the clerk of the transferee district court.

<u>RULE 10.3</u>:    <u>MOTION TO REMAND</u>

(a)     <u>Requirements of the Motion</u>. If the Clerk of the Panel does not enter a CRO, a party may file a motion to remand to the transferor court pursuant to these Rules. Because the Panel is reluctant to order a remand absent the suggestion of the transferee judge, the motion must include:

(i)     An affidavit reciting whether the movant has requested a suggestion of remand and the judge's response, whether the parties have completed common discovery and other pretrial proceedings, and whether the parties have complied with all transferee court orders.

(ii)     A copy of the transferee district court's final pretrial order, if entered.

(b)     <u>Filing Copy of Motion</u>. Counsel shall file a copy of the motion to remand in the affected transferee district court.

(c)     <u>Notice of Appearance</u>. Within 14 days of the issuance of a "Notice of Filing" of a motion to remand, each party or designated attorney shall file a Notice of Appearance in accordance with Rule 4.1(c).

RULE 10.4:   TRANSFER OF FILES ON REMAND

(a)   Designating the Record.  Upon receipt of an order to remand from the Clerk of the Panel, the parties shall furnish forthwith to the transferee district clerk a stipulation or designation of the contents of the record or part thereof to be remanded.

(b)   Transfer of Files.  Upon receipt of an order to remand from the Clerk of the Panel, the transferee district shall transmit to the clerk of the transferor district the following concerning each remanded action:

   (i)   a copy of the individual docket sheet for each action remanded;

   (ii)   a copy of the master docket sheet, if applicable;

   (iii)   the entire file for each action remanded, as originally received from the transferor district and augmented as set out in this Rule;

   (iv)   a copy of the final pretrial order, if applicable; and

   (v)   a "record on remand" as designated by the parties in accordance with 10.4(a).

RULE 11.1:   HEARING SESSIONS AND ORAL ARGUMENT

(a)   Schedule.  The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary.  The Chair shall determine the time, place and agenda for each hearing session.  The Clerk of the Panel shall give appropriate notice to counsel for all parties.  The Panel may continue its consideration of any scheduled matters.

(b)   Oral Argument Statement.  Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard.  Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

   (i)   The parties affected by a motion to transfer may agree to waive oral argument.  The Panel will take this into consideration in determining the need for oral argument.

(c)   Hearing Session.  The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument.  The Panel may dispense with oral argument if it determines that:

   (i)   the dispositive issue(s) have been authoritatively decided; or

   (ii)   the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.

Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

      (d)    <u>Notification of Oral Argument</u>.  The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument.  Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

           (i)    Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

           (ii)    The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

      (e)    <u>Duty to Confer</u>.  Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication.  Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

      (f)    <u>Time Limit for Oral Argument</u>.  Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter.  The time shall be divided among those with varying viewpoints.  Counsel for the moving party or parties shall generally be heard first.

<u>RULES 12-15</u>:      [RESERVED]

This Page Left Blank

## II.  RULES FOR MULTICIRCUIT PETITIONS FOR REVIEW
## UNDER 28 U.S.C. § 2112(a)(3)

RULE 25.1:   DEFINITIONS

The Panel promulgates these Rules pursuant to its authority under 28 U.S.C. § 2112(a)(3) to provide a means for the random selection of one circuit court of appeals to hear consolidated petitions for review of agency decisions.

An "Agency" means an agency, board, commission or officer of the United States government, that has received two or more petitions for review in a circuit court of appeals to enjoin, set aside, suspend, modify or otherwise review or enforce an action.

RULE 25.2:   FILING OF NOTICES

(a)   Submitting Notice.  An affected agency shall submit a notice of multicircuit petitions for review pursuant to 28 U.S.C. § 2112(a)(3) to the Clerk of the Panel by electronic means in the manner these Rules require and in accordance with the Panel's Administrative Policies and Procedures for Electronic Case Filing, except that the portion of Rule 3.2(d) requiring a courtesy copy is suspended in its entirety.

(b)   Accompaniments to Notices.  All notices of multicircuit petitions for review shall include:

   (i)   a copy of each involved petition for review as the petition for review is defined in 28 U.S.C. § 2112(a)(2);

   (ii)   a schedule giving

      (A)   the date of the relevant agency order;

      (B)   the case name of each petition for review involved;

      (C)   the circuit court of appeals in which each petition for review is pending;

      (D)   the appellate docket number of each petition for review;

      (E)   the date of filing by the court of appeals of each petition for review; and

      (F)   the date of receipt by the agency of each petition for review; and

   (iii)   proof of service (see Rule 25.3).

(c)   Scope of Notice.  All notices of multicircuit petitions for review shall embrace exclusively petitions for review filed in the courts of appeals within 10 days after issuance of an agency order and received by the affected agency from the petitioners within that 10-day period.

(d)     Filing at the Panel.  The Clerk of the Panel shall file the notice of multicircuit petitions for review and endorse thereon the date of filing.

(e)     Filing with Each Circuit Clerk.  The affected agency shall file copies of notices of multicircuit petitions for review with the clerk of each circuit court of appeals in which a petition for review is pending.

RULE 25.3:     SERVICE OF NOTICES

(a)     Proof of Service.  Notices of multicircuit petitions for review shall include proof of service on all other parties in the petitions for review included in the notice.  Rule 25 of the Federal Rules of Appellate Procedure governs service and proof of service.  The proof of service shall state the name, address and email address of each person served and shall indicate the party represented by each and the manner in which service was accomplished on each party.  If a party is not represented by counsel, the proof of service shall indicate the name of the party and his or her last known address.  The affected party shall submit proof of service for filing with the Clerk of the Panel and shall send copies thereof to each person included within the proof of service.

(b)     Service on Clerk of Circuit.  The proof of service pertaining to notices of multicircuit petitions for review shall certify the affected party has mailed or delivered copies of the notices to the clerk of each circuit court of appeals in which a petition for review is pending that is included in the notice.  The Clerk shall file the notice with the circuit court.

RULE 25.4:     FORM OF NOTICES; PLACE OF FILING

(a)     Unless otherwise provided here, Rule 3.2 governs the form of a notice of multicircuit petitions for review.  Each notice shall bear the heading Notice to the United States Judicial Panel on Multidistrict Litigation of Multicircuit Petitions for Review," followed by a brief caption identifying the involved agency, the relevant agency order, and the date of the order.

(b)     Rule 3.2(b) and (c) govern the manner of filing a notice of multicircuit petitions for review.

RULE 25.5:     RANDOM SELECTION

(a)     Selection Process.  Upon filing a notice of multicircuit petitions for review, the Clerk of the Panel shall randomly select a circuit court of appeals from a drum containing an entry for each circuit wherein a constituent petition for review is pending.  Multiple petitions for review pending in a single circuit shall be allotted only a single entry in the drum.  A designated deputy other than the random selector shall witness the random selection.

Thereafter, an order on behalf of the Panel shall be issued, signed by the random selector and the witness,

        (i)     consolidating the petitions for review in the court of appeals for the circuit that was randomly selected; and

        (ii)     designating that circuit as the one in which the record is to be filed pursuant to Rules 16 and 17 of the Federal Rules of Appellate Procedure.

    (b)    <u>Effective Date</u>.  A consolidation of petitions for review shall be effective when the Clerk of the Panel enters the consolidation order.

## <u>RULE 25.6</u>:    <u>SERVICE OF PANEL CONSOLIDATION ORDER</u>

    (a)    The Clerk of the Panel shall serve the Panel's consolidation order on the affected agency through the individual or individuals, as identified in Rule 25.2(a), who submitted the notice of multicircuit petitions for review on behalf of the agency.

    (b)    That individual or individuals, or anyone else designated by the agency, shall promptly serve the Panel's consolidation order on all other parties in all petitions for review included in the Panel's consolidation order, and shall promptly submit a proof of that service to the Clerk of the Panel.  Rule 25.3 governs service.

    (c)    The Clerk of the Panel shall serve the Panel's consolidation order on the clerks of all circuit courts of appeals that were among the candidates for the Panel's random selection.

--------

NOTE:  October 4, 2016, non-substantive housekeeping revision to Rule 3.2(d).  Deleted "and (v) a corporate disclosure statement", thus eliminating the need to provide a courtesy paper copy of the corporate disclosure statement.

This Page Left Blank

### III.  CONVERSION TABLE - October 2010

New to Old:

| New Rule / Previous Rule | | New Rule / Previous Rule | |
|---|---|---|---|
| 1.1 | 1.1 | 9.1 | 1.6 |
| 2.1 | 1.2, 1.3, 1.4, 1.5 | 10.1 | 7.6 |
| 3.1 | 5.1 | 10.2 | 7.6 |
| 3.2 | 5.1.1, 5.1.2, 7.1 | 10.3 | 7.6 |
| 3.3 | 5.1.1, 5.1.2, 7.1 | 10.4 | 1.6 |
| 4.1 | 5.2 | 11.1 | 16.1 |
| 5.1 | 5.3 | 25.1 | 25.1 |
| 6.1 | 7.2 | 25.2 | 25.1, 25.2 |
| 6.2 | 7.2 | 25.3 | 25.3 |
| 6.3 | 6.2 | 25.4 | 25.1, 25.4 |
| 7.1 | 7.4 | 25.5 | 17.1 |
| 7.2 | 7.5 | 25.6 | 25.5 |
| 8.1 | 7.3 | | |

Old to New:

| Previous Rule / New Rule | | Previous Rule / New Rule | |
|---|---|---|---|
| 1.1 | 1.1 | 7.1 | 3.2, 3.3 |
| 1.2 | 2.1 | 7.2 | 6.1 |
| 1.3 | 2.1 | 7.3 | 8.1 |
| 1.4 | 2.1 | 7.4 | 7.1 |
| 1.5 | 2.1 | 7.5 | 7.2 |
| 1.6 | 10.4 | 7.6 | 10.1 |
| 5.1 | 3.1 | 16.1 | 11.1 |
| 5.1.1 | 3.2, 3.3 | 17.1 | 25.5 |
| 5.1.2 | 3.2, 3.3 | 25.1 | 25.1, 25.2, 25.4 |
| 5.1.3 | – | 25.2 | 25.2 |
| 5.2 | 4.1 | 25.3 | 25.3 |
| 5.3 | 5.1 | 25.4 | 25.4 |
| 6.2 | 6.3 | 25.5 | 25.6 |

This Page Left Blank

## IV.  INDEX

Abbreviations:
       CRO = Conditional Remand Order
       CTO = Conditional Transfer Order
       ECF = Electronic Case Filing
       MDL = Multidistrict Litigation
       MCP = Muiticircuit Petition

**TOPIC**                                                                                                          **RULE(S)**

Acquiescence, Failure to Respond Deemed, . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(c), 7.1(d), 8.1(c), 10.2(c)
Admission to Practice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.1(c)
Agency. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.1
Alteration of Time Periods. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(e)
Amendment to a Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.2(f)
Application of Panel Rules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(a)
Attorneys:
       Admission to Practice Before the Panel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.1(c)
       CM/ECF, Registration as User. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.1(a)
       Consent to Receive Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(c), 4.1(a)
       Courtesy Copies. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(d), 25.2(a)
       Duty to Confer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11.1(e)
       Duty to Notify. . . . . . . . . . . . . . . . . . . . . . . . 6.1(f), 6.2(d), 7.1(a) and (g), 8.1(a) and (e)
       ECF Users. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.1(d), 3.2
       Notice of Appearance . . . . . . . . . . . . . . . . . . . . . . 4.1(c), 6.2(c), 7.1(e), 8.1(b), 10.2(d), 10.3(c)
       Privacy Protections. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(e)
Briefing Schedule:
       CTO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(c)-(d), 7.1(c)-(f)
       CRO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(c)-(d), 10.2(b)-(e)
       Motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(c)-(d)
Briefs:
       Courtesy Copy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(d)
       Failure to File . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.1(f), 10.2(e)
       Form of Pleadings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(a), 6.1(b)(i)
       Page Limits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(a)(iii)
       Time Limits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.1(f), 10.2(e)
Chair of the Panel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.1(b), 2.1(b), 3.1(b), 11.1(a)
Clerk of the Panel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.1(c)
       Alteration of Time Periods . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(e)
       Construction of Pleadings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.2(b), 6.2(f)(iii)
       Inclusion, if Action not Appropriate for . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.1(b)(i)
       Miscellaneous Relief, Authority to Act on Motions . . . . . . . . . . . . . . . . . . . . . . . . 6.3(b)
       Remedy if Aggrieved by Clerk's Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.3(b)
CM/ECF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.1(d), 3.2(c), 4.1(a), 25.2(a)

Conditional Remand Orders (CRO)................................................... 10.2 et seq.
    Effective Date .............................................................. 10.2(f)
    Entering a ................................................................. 10.2(a)
    Failure to Respond.......................................................... 10.2(c)
    Motion to Vacate and Brief in Support........................................ 10.2(e)
    Notice of Appearance....................................................... 10.2(d)
    Notice of Opposition ....................................................... 10.2(b)
Conditional Transfer Orders (CTO)..................................................... 7.1 et seq.
    Effective Date .............................................................. 7.1(h)
    Failure to Respond.......................................................... 7.1(d)
    Initiation of ............................................................... 7.1(b)
    Motion to Vacate and Brief in Support ....................................... 7.1(f)
    Notice of Appearance....................................................... 7.1(e)
    Notice of Opposition ....................................................... 7.1(c)
    Notice of Potential Tag-along Actions........................................ 7.1(a)
    Notification of Developments................................................ 7.1(g)
Consent to Receive Service.................................................... 3.2(c), 4.1(a)
Consolidation Order (MCP)..................................... 25.5(a)(i) and (ii), 25.6
Copies, Courtesy............................................................... 3.2(d)
Corporate Disclosure Statement. ........................................ 3.2(d), 5.1 et seq.
    Deadline................................................................. 5.1(b)
    Requirements............................................................. 5.1(a)
    Updating................................................................. 5.1(c)
Courtesy Copies............................................................... 3.2(d)
Customary Practice. .......................................................... 2.1(a)
Definitions................................................. 1.1, 3.3(a), 6.3(a), 25.1
    Agency.................................................................. 25.1
    Chair of the Panel.......................................................... 1.1(b)
    Clerk of the Panel.......................................................... 1.1(c)
    Conditional Remand Orders (CRO)......................................... 10.2(a)
    Conditional Transfer Orders (CTO).......................................... 7.1(b)
    Electronic Case Filing (ECF)................................................ 1.1(d)
    Interested Party Response. .................................................. 6.2(e)
    MDL..................................................................... 1.1(e)
    Miscellaneous Relief. ...................................................... 6.3(a)
    Multicircuit Petition for Review. ............................................ 25.1
    Non-ECF Users........................................................... 3.3(a)
    Panel Executive............................................................ 1.1(f)
    Pleadings................................................................. 1.1(g)
    Tag-along Action........................................................... 1.1(h)
    Transferee District. ........................................................ 1.1(i)
    Transferor District. ........................................................ 1.1(j)
Designating the Record on Remand................................................. 10.4(a)
Duty to Confer............................................................... 11.1(e)
Duty to Notify. ..................................... 6.1(f), 6.2(d), 7.1(a) and (g), 8.1(a) and (e)

ECF Users: Filing Requirements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2 et seq.
    Attorney Registration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(c)
    Courtesy Copies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(d)
    Form of Pleadings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(a)
    Place of Filing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(b)
    Privacy Protections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(e)
Effective Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.1(d)
    of CRO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.2(f)
    of CTO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.1(h)
    of MCP Consolidation Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.5(b)
    of Transfer Order . . . . . . . . . . . . . . . . . . . . . . . . . . 2.1(d); *see also* 28 U.S.C. § 1407(c)(ii)
Electronic Case Filing (ECF) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.1(d), 3.2, 25.2(a)
Electronic Records and Files . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.1 et seq.
Entering a CRO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.2(a)
Entering a CTO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.1(b)
Entry of Show Cause Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8.1(a)
Exhibits . . . . . . . . . . . . . . . . . . . . . . . 3.2(a)(v). 3.3(b)(ii), 6.1(b)(v), 25.2(b)(i)
Extensions of Time . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.3(b)
Facsimile Filings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(d), 3.3(c)(i)
Failure to Comply with Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.1(b)
Failure to File:
    Motion to Vacate CRO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.2(e)
    Motion to Vacate CTO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.1(f)
Failure to Respond:
    to CRO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.2(c)
    to CTO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.1(d)
    to Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(c)
    to Show Cause Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8.1(c)
Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.1(c)
Filing of Notices at the Panel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.2 et seq.
Filing at the Panel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.2(d)
Filing Requirements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2, 3.3, 25.2
    ECF Users . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(a)
    by Fax . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(d), 3.3(c)(i)
    Non-ECF Users . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.3(b)
    MCP Notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.2
Form of Motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(b)
Form of Notices; Place of Filing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.4 et seq.
Form of Pleadings:
    ECF Users . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(a)
    Non-ECF Users . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.3(b)
Hearing, Matters Set for . . . . . . . . . . . . . . . . . . . . . . . . 6.2(h), 7.1(f), 10.2(e), 11.1
Hearing Sessions and Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11.1 et seq
    Duty to Confer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11.1(e)

Hearing Session. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11.1(c)
Notification of Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11.1(d)
Oral Argument Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11.1(b)
Schedule. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11.1(a)
Time Limit for Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11.1(f)
Inclusion, if Action not Appropriate for . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7.1(b)(i)
Initiation of CTO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7.1(b)
Initiation of Remand. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10.1(b)
Initiation of Transfer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.2(a)
Interested Party Response. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3.2(d), 6.2(e)
Joinder. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.1(c)
Judge, Reassignment of Transferee. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2.1(e)
Liaison Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4.1(d), 9.1(c)
Maintaining Records. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3.1(b)
MDL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1.1(e)
Miscellaneous Provisions Concerning Tag-along Actions. . . . . . . . . . . . . . . . . . . . . . .   7.2 et seq.
Failure to Serve. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7.2(b)
Potential Tag-alongs in Transferee Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7.2(a)
Miscellaneous Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.3 et seq.
Authority of the Clerk to Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.3(b)
Definition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.3(a)
Motion for Miscellaneous Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.3 et seq.
Authority of the Clerk to Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.3(b)
Remedy if Aggrieved by Clerk's Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.3(b)
Motion Practice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.1 et seq.
Alteration of Time Periods. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.1(e)
Application of Rule. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.1(a)
Form of Motions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.1(b)
Miscellaneous Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.3
Notification of Developments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.1(f)
Page Limits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3.2(iii)
Responses and Joinders. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.1(c)
Replies. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.1(d)
Motion to Remand. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10.3 et seq.
Initiation of. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10.1(b)(iii), 10.3(a)
Filing Copy of Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10.3(b)
Notice of Appearance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10.3(c)
Requirements of Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10.3(a)
Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings. . . . . . . . . . . . . . . .   6.2 et seq.
Amendment of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.2(f)
Initiation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.2(a)
Interested Party Response. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.2(e)
Notice of Appearance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.2(c)
Notice of Filing of Motion to Transfer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.2(b)
Notice of Potential Tag-along Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.2(d)

Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.2(h)
Tag-along Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7.1(b)(i)
Motion to Transfer Tag-along Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7.1(b)(i)
Motion to Vacate CRO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10.2(e)
Failure to File . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10.2(e)
Time Limits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10.2(e)
Motion to Vacate CTO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7.1(f)
Failure to File. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7.1(f)
Time Limits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7.1(f)
Multicircuit Petition for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25 et seq.
Definitions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25.1
Accompaniments to Notice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25.2(b)
Effective Date. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25.5(b)
Filing at the Panel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25.2(d)
Filing of Notice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25.2
Form of Notice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25.4
Panel Consolidation Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25.5, 25.6
Proof of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25.3(a)
Random Selection. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25.5
Scope of Notice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25.2(c)
Selection Process. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25.5(a)
Service on Clerk of Circuit Court. . . . . . . . . . . . . . . . . . . . . . . . . . .   25.3(b), 25.6(c)
Service of Panel Consolidation Order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25.6
Submitting Notice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25.2(a)
Time Limits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25.2(c)
Non-ECF Users; Filing requirements. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3.3 et seq.
Definition of, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3.3(a)
Form of Pleadings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3.3(b)
Place of Filing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3.3(c)
Notice of Appearance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4.1(c), 6.2(c), 7.1(e), 8.1(b), 10.3(d)
Notice of Opposition:
to CRO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7.1(c)
to CTO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10.2(b)
Notice of Potential Tag-along Actions. . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.2(d), 7.1(a)
Notice to Transferee Court Clerk. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9.1(a)
Notification of Developments. . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.1(f), 7.1(g), 8.1(e)
Notification of Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11.1(d)
Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6.2(h) and 11.1 et seq.
Dispensing with. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11.1(c)
Duty to Confer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11.1(e)
Hearing Session. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11.1(c)
Notification of Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11.1(d)
Oral Argument Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11.1(b)
Schedule. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11.1(a)
Time Limit for Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11.1(f)

Page Limits:
    Motion to Extend. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(a)(iii), 6.3
    for Brief, Response, and Reply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(a)(iii), 6.1(d)
Panel Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.3(b)
    Not Required. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.2(a)
Panel Executive. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.1(f)
Pendency of Motion or Conditional Order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.1(d)
Place of Filing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(b), 3.3(c)
Pleadings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.1(g), 3.2(a), 3.3(b), 4.1
Privacy Protections. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(e)
Proof of Service:
    Amendment to Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.2(f)(i) and (ii)
    on Liaison Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.1(d)
    Notice of Appearance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.1(c)
    MCP Notice, Service of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.2(b)(iii) and 25.3
    Pleadings, Service of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.1(a)
Pro se . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.1(d), 3.3
Random Selection. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.5 et seq.
Reassignment of Transferee Judge. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.1(e)
Records:
    Electronic Records. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.1(a)
    Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.1(c)
    Maintaining Records. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.1(b)
Remand:
    Conditional Remand. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.2
    Initiation of. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.1(b)
    Motion to Remand. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.3 et seq.
    Transfer of Files on. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.4(b)
Reply:
    Courtesy Copy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(d)
    Page Limits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(a)(iii), 6.1(d)
    Time Limits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(d), 8.1(d)
Response:
    Courtesy Copy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(d)
    Failure to Respond . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(c), 7.1(d), 8.1(c), 10.2(c)
    Joinder . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(c)
    Page Limits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(a)(iii)
    Time Limits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(c), 8.1(c)
Retention of Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.1(b)
Rules and Practice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.1 et seq.
    Admission to Practice Before the Panel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.1(c)
    Customary Practice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.1(a)
    Failure to Comply with. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.1(b)
    Pendency of Motion or Conditional Order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.1(d)
    Reassignment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.1(e)

Schedule:
    Briefing, CTO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(c)-(d), 7.1(c)-(f)
    Briefing, CRO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(c)-(d), 10.2(b)-(e)
    Briefing, Motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(c)-(d)
    for Panel Hearing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11.1(a)
Schedule of Actions:
    for MDL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(b)(ii)
    for MCP. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.2(b)(ii)
Scope of Notice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.2(c)
Selection Process. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.5(a)
Service of Notices. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.3 et seq.
Service of Panel Consolidation Order (MCP). . . . . . . . . . . . . . . . . . . . . . . . . 25.6 et seq.
Service of Pleadings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.1 et seq.
    Consent to Receive . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.2(c), 4.1(a)
    Failure to Serve. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.2(b)
    Liaison Counsel, Service on. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.1(d)
    Notice of Appearance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.1(c)
    Panel Consolidation Order, Service of. . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.6
    Proof of Service. . . . . . . . . . . . . . . . . . . . . . . 4.1(a ), 6.1(b)(iii), 6.2(f)(ii), 25.2(b)(iii), 25.3
    Transferor Court, Service on. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.1(b)
Show Cause Orders. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8.1 et seq.
    Entry of Show Cause Order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8.1(a)
    Notice of Appearance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8.1(b)
    Notification of Developments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8.1(e)
    Responses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8.1(c)
    Replies. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8.1(d)
Stipulation of the Record on Remand. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.4(a)
Submitting Notice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.2(a)
Suggestion of Remand . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.1(b), 10.2(a), 10.3(a)
Tag-along Actions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.1 et seq., 7.2 et seq.
    Failure to Serve. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.2(b)
    Miscellaneous Provisions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.2 et seq.
    Motion to Transfer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.1(b)(i)
    Potential, in Transferee Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.2(a)
Termination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.1(a)
Termination and Remand. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.1 et seq.
    Initiation of Remand. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.1(b)
    Termination of Action in Transferee Court. . . . . . . . . . . . . . . . . . . . . . . . . 10.1(a)
Time:
    Clerk's Discretion to Alter Time Periods. . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(e)
    Extension of, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.3(b)
    Joinders, Responses and. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(c)
    Notice of Opposition. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.1(c), 10.2(b)
    Motion to Vacate and Supporting Brief. . . . . . . . . . . . . . . . . . . . . . . . . 7.1(f), 10.2(e)
    Multicircuit Petition for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25.2(c)

     Oral Argument, Time Limits for. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11.1(f)

     Response. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(c), 6.2(e), 8.1(c), 10.2(a)(i)

     Responses and Joinders. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(c)

     Reply. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.1(d), 8.1(d), 10.2(a)(i)

Transfer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.2 et seq.

     Initiation of. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.2(a)

     Amendment of Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.2(f)

     Conditional Transfer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.1 et seq.

     Interested Party Response. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.2(e)

     Notice of Appearance.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.2(c)

     Notice of Potential Tag-along. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.2(d)

     Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.2(h)

Transfer of Files; Notification Requirements. . . . . . . . . . . . . . . . . . . . . . . . . . . 9.1 et seq.

     Notice to Clerk of the Panel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.1(c)

     Notice to Transferee Court Clerk. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.1(a)

     Retention of Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.1(b)

Transfer of Files on Remand. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.4 et seq.

     Designating the Record. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.4(a)

     Transfer of Files, to include . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.4(b)

Transferee District:

     Definition. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.1(i)

     Notice to Clerk of the Panel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.1(c)

     Authority to act during Pendency of Motion or Conditional Order. . . . . . . . . . . . . . . . . . . . 2.1(d)

     Potential Tag-alongs in Transferee Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.2(a)

     Reassignment of Transferee Judge. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.1(e)

     Suggestion of Remand . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.1(b)

     Transfer of Files on Remand. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.4(b)

Transferor District:

     Definition. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.1(j)

     Authority to act during Pendency of Motion or Conditional Order. . . . . . . . . . . . . . . . . . . . 2.1(d)

     Retention of Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.1(b)

     Transfer of Files on Remand. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.4(b)

Vacate, Motion to, CRO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.2(e)

Vacate, Motion to, CTO.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.1(f)

END