**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-2989-MDL-ALTONAGA**

In re: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF MOVANT CODY TODD TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE <u>SELECTION OF LEAD COUNSEL</u>**

1

# TABLE OF CONTENTS

MOTION ..................................................................................................................................... 1

INTRODUCTION AND BACKGROUND ............................................................................ 1

ARGUMENT ............................................................................................................................ 4

    I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................................ 4

        A.    MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE .................. 4

        B.    MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION ....... 5

        C.    MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE ................................................................................. 5

        D.    MOVANT IS PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFF .............. 7

    II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED .......................... 8

CONCLUSION ......................................................................................................................... 9

COMPLIANCE WITH CIVIL LOCAL RULE 7.1(A)(3) ................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Cole v. Health Mgmt. Assocs., Inc.*,
  No. 207CV484FTM34SPC, 2008 WL 11334897 (M.D. Fla. May 14, 2008) ........................... 7
*Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*,
  2007 WL 170556 (M.D. Fla. Jan. 18, 2007) ................................................................. 7
*In re Bally Total Fitness, Sec. Litig.*,
  2005 WL 627960 (N.D. Ill. Mar. 15, 2005) .................................................................. 7
*In re Cendant Corp. Litigation*,
  264 F.3d. 201, 265 (3d Cir. 2001) .............................................................................. 9
*In re Comverse Technology, Inc. Secs. Litig.*
  2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) .................................................................. 7
*In re Fuwei Films Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................................ 7, 8
*In re Livent, Inc. Noteholders Sec. Litig.*,
  210 F.R.D. 512 (S.D.N.Y. 2002) .............................................................................. 8
*In re Olsten Corp. Secs. Litig.*,
  3 F. Supp.2d 286 (E.D.N.Y. 1998) ............................................................................ 7
*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................ 8
*Lax v. First Merchants Acceptance Corp.*,
  1997 WL 461036 (N.D. Ill. Aug. 11, 1997 ................................................................. 7
*Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.*,
  184 F.R.D. 688 (S.D. Fla. 1999) .............................................................................. 6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) .......................................................................... *passim*

**Rules**

Fed. R. Civ. P. 42(a) ................................................................................................. 5, 6
Local Rule 7.1(a)(3) ...................................................................................................... 11
Rule 23 .................................................................................................................. 6, 8, 9

## MOTION

Movant Cody Todd ("Movant"), pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), hereby moves this honorable Court on a date and at such time as may be designated by the Court, for an Order: (1) appointing Movant as Lead Plaintiff on behalf of persons or entities who sold any of the Affected Securities (defined below) via the Robinhood trading platform on or after January 28, 2021 as a result of Robinhood's restrictions for violations under the federal securities laws; (2) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel; and (3) granting such other and further relief the Court may deem just and proper.

In support of this Motion, Movant submits herewith a Memorandum of Law, the Declaration of Laurence M. Rosen, and a [Proposed] Order, all dated April 5, 2021.

## INTRODUCTION AND BACKGROUND

Under the PSLRA, the lead plaintiff has the sole authority to bring claims under the federal securities laws. On February 2, 2021, *Muncy v. Robinhood Financial, LLC, et al.*, was filed by Rosen Law in the United States District Court for the District of New Jersey for violations under the federal securities laws, the Exchange Act. That same day Rosen Law issued an early notice, pursuant to the PSLRA, advising class members of, inter alia, the allegations and claims in the *Muncy* complaint, the prospective class, and advising class members of their option to seek appointment as Lead Plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

On April 1, 2021, pursuant to the Transfer Order (Dkt. No. 1), the *Muncy* Action and other actions asserting claims under the federal securities laws were centralized, including *Daniels v.*

*Robinhood Financial, LLC*, *et al.*, *Cobos v. Robinhood Financial LLC*, *et al.*, *Diamond v. Robinhood Financial, LLC, et al.*, *Lagmanson v. Robinhood Markets, Inc. et al.*, and *Krumenacker v. Robinhood Financial LLC, et al.*, (collectively with the *Muncy* Action, the "Securities Allegations Actions").

Of the Securities Allegations Actions, only the *Muncy* Action complied with the PSLRA by filing a PSLRA certification with the complaint and disseminating an early notice announcing the lawsuit and the lead plaintiff deadline.

Defendant Robinhood Financial, LLC purports to operate as an institutional brokerage company. The company purports to provide online and mobile application-based discount stock brokerage solutions that allows users to invest in publicly-traded companies and exchange-traded funds. Defendant Robinhood Securities, LLC is registered as a broker-dealer with the SEC. Robinhood Securities, LLC acts as a clearing broker and clears trades introduced by its affiliate Defendant Robinhood Financial. Defendant Robinhood Markets, Inc. is the corporate parent of Defendants Robinhood Financial LLC and Robinhood Securities, LLC.

The Doe Defendants are individuals and entities, including hedge funds, that took short positions in the Affected Securities and conspired to negatively affect the market price of the Affected Securities, and disarm and silence individual investors.

The Affected Securities include American Airlines Group Inc. (traded on NASDAQ under ticker "AAL"), AMC Entertainment Holdings Inc. (NYSE: "AMC"), BlackBerry Limited (NYSE: "BB"), Bed Bath & Beyond Inc. (NASDAQ: "BBBY"), and GameStop Corp. (NYSE: "GME"). Each of the Affected Securities had become popular amongst retail investors, and had recently experienced high trade volume. This increased interest caused increased volatility and large losses to those institutions that shorted the Affected Securities, losing more than $5 billion dollars in the

days leading up to January 28, 2021. Most notably, GME shares experienced a meteoric rise in January 2021, rising from a close of $18.84 per share on December 31, 2020, to $347.51 on January 27, 2021.

This increased purchasing led to a higher stock price, which, when combined with GME's incredible amount of overleveraged short interest, led to what is known as a "short-squeeze." Meaning, the cost of holding the short interest was rising so dramatically that short holders were being forced to cover in order to prevent future losses. The broker who lent the shorted shares on margin may also issue a margin call that forces those short to return the share. That scramble to buy serves to increase the stock price even more.

Then on January 28, 2021, Robinhood published an article on its website entitled "Keeping Customers Informed Through Market Volatility." According to the article, the company would restrict trading on the Affected Securities to closing positions only, and raise margin requirements for the Affected Securities.

As a result of Robinhood's actions, retail investors could no longer search for the Affected Securities on the Company's app and were limited to selling open positions (the button that allowed customers to purchase was greyed out). By increasing the margin requirement on the Affected Securities, some who had purchased the securities on a margin loan were forced to sell or face a margin call.

After Robinhood restricted trading of the Affected Securities on their trading platform, the price of the Affected Securities fell dramatically. That same day, AMC shares fell $11.27 per share, or 56%, to close at $8.63 per share, BB shares fell $10.45 per share, or 41%, to close at $14.65 per share, BBBY shares fell $19.25 per share, or 46%, to close at $33.64 per share, and GME shares fell $153.91 per share, or 44%, to close at $193.60 per share.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Affected Security's shares, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

**I.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA set forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group…" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.*, 184 F.R.D. 688, 693 (S.D. Fla. 1999).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiffs of the class and, therefore, should be appointed Lead Plaintiff.

**A.     MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE**

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 to the Rosen Decl. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

4

### B.     MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person … that . . . has the largest financial interest in the relief sought by the class" 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007). In determining the movant with the largest financial interest, Courts have employed the *Olsten/Lax* analysis: (1) the number of shares purchased during the class period; (2) the net number of shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period. *Cole v. Health Mgmt. Assocs., Inc.*, 2008 WL 11334897, at *4 (M.D. Fla. May 14, 2008); *In re Comverse Technology, Inc. Secs. Litig.*, 2007 WL 680779 * 3 (E.D.N.Y. Mar. 2, 2007) (*citing Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 * 5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).

Of the *Lax/Olsten*-styled factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $8,056 in connection with his purchases of the Affected Securities via Robinhood. *See* Ex. 3 to Rosen Decl. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.     MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must

"otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *In Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

**1. Movant's Claims are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiffs to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about the Robinhood trading platform. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in the Affected Securities via the Robinhood trading platform and is therefore, extremely motivated to pursue claims in this action.

### D.   MOVANT IS PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFF

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against them that would render Movant inadequate to represent the Class.

Thus, the close alignment of interests between Movant and other class members, as well as his strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

## II.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.,* 2008 WL 2608111, at *2 (M.D. Fla. July 1, 2008) (when a law firm has prosecuted securities class actions in the past successfully, courts will generally not interfere with a lead plaintiff movant's choice of counsel.).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and the Class' claims as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 to Rosen Decl. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As the firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Ex. 4 to Rosen Decl. Indeed, Rosen Law is one of the preeminent securities class action law firms in the country. Rosen Law has served as sole and co-

lead counsel in numerous cases around the country has recovered hundreds of millions of dollars for investors. *Id*. In 2019 alone, the ISS Institutional Securities Class Action Services ranked Rosen as the Number 3 securities class action firm both in terms of amount recovered for investors – $438,340,000 – and the number of settlements – 12.[1] Founding partner, Laurence Rosen was also recognized by Law360 as a Titan of Plaintiffs Bar for 2020.[2]

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff for the class; (2) approving Movant's selection of Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

## COMPLIANCE WITH CIVIL LOCAL RULE 7.1(A)(3)

Local Rule 7.1(a)(3) requires a conference of counsel prior to filing motions. Due to the lead plaintiff procedure of the PSLRA, however, Movant does not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of Local Rule 7.1(a)(3) be waived.

---

[1] https://www.issgovernance.com/file/publications/ISS-SCAS-Top-50-of-2019.pdf. at p. 6-9.
[2] https://www.law360.com/articles/1254748/titan-of-the-plaintiffs-bar-rosen-law-firm-s-laurence-rosen.

Dated: April 5, 2021 Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq., Fla. Bar No. 0182877
Phillip Kim, Esq. (*pro hac vice* to be filed)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 5, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

      /s/Laurence M. Rosen