UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

In re:

**JANUARY 2021 SHORT SQUEEZE**
**TRADING LITIGATION**
_____/

This Document Relates to All Actions

## PRETRIAL ORDER #1
### Initial Conference

The January 2021 Short Squeeze Trading Litigation has been centralized and transferred to the Court by the Judicial Panel on Multi District Litigation. To aid discussion at the Initial Conference, scheduled for **April 19, 2021 at 10:00 a.m**. via video conference (*see* Apr. 2, 2021 Order [ECF No. 20]), the following instructions are provided:

1. INTRODUCTION — The Court recognizes the competence and experience needed to litigate a case of this nature. Yet, the highest levels of competence and experience alone will not necessarily result in a just and efficient resolution of this litigation. The way the attorneys comport themselves by remaining professional and courteous always is imperative; the attorneys likely will be working together for some time, with work becoming progressively more complicated and exacting. The Manual for Complex Litigation, Fourth ("MCL 4th") recognizes that judicial involvement in managing complex litigation does not lessen the duties and responsibilities of the attorneys. To the contrary, the added demands and burdens of this type of litigation place a premium on professionalism and require counsel to fulfill their obligations as advocates in a manner that fosters and sustains good working relations among fellow counsel and the Court.

2. APPLICABILITY OF ORDER — Prior to the Initial Conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order

shall govern the practice and procedure in those actions that were transferred to the Court by the Judicial Panel on Multi District Litigation pursuant to its order of April 1, 2021, as listed on Schedule A. This Order also applies to all related cases filed in all sections of the Southern District of Florida and will also apply to any "tag-along actions" later filed in, removed to, or transferred to the Court.

3. CONSOLIDATION — The civil actions listed on Schedule A are consolidated for pretrial purposes. Any "tag-along actions" filed in, removed to, or transferred to the Court, or directly filed in the Southern District of Florida, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

4. DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE — Matters relating to pretrial and discovery proceedings in these cases will be addressed at the Initial Conference scheduled for **April 19, 2021 at 10:00 a.m**. via video conference. (*See* Apr. 2, 2021 Order). Attendees may access the conference at the following link: https://www.zoomgov.com/j/1617823610?pwd=cXU3WVF4SDNONG16R1gwQUhSbkU1UT09. The Meeting ID for the conference is 161 782 3610, and the Passcode is 421619. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

The Initial Conference will be held for the purposes specified in Federal Rules of Civil Procedure 16(a), 16(b), 16(c), and 26(f). Counsel are expected to familiarize themselves with the MCL 4th and be prepared at the Initial Conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The items listed in the MCL 4th Sections 22.6, 22.61, 22.62, and 22.63 shall, to the extent applicable, constitute a tentative agenda for the Initial Conference. Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, consideration of any class action allegations, and a briefing schedule for pretrial motions, and be prepared to discuss the mode of trial(s). Counsel shall also confer and be prepared to discuss possible groupings of related cases and issues, the appointment of lead counsel, liaison counsel, and trial counsel, including already-filed motions seeking such appointment; in doing so, counsel shall seek to ensure the interests of all parties are fairly, efficiently, and economically represented. If the parties have any suggestions as to any case management orders or additional agenda items, these shall be filed in this case as a "Notice of Filing Suggested Case Management Orders and/or Additional Agenda Items" on or before **April 14, 2021**.

5. APPEARANCE AT INITIAL CONFERENCE — Each party represented by counsel shall appear at the Initial Conference through its attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel may appear in person or through an authorized and responsible agent. To minimize costs and facilitate a manageable Initial Conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interests at the Conference. By designating an attorney to represent its interest at the Initial Conference, a party will not be precluded from selecting other representation

CASE NO. 21-2989-MDL-ALTONAGA/Torres

during the litigation, nor will attendance at the Conference waive objections to jurisdiction, venue or service.

6. EXTENSION, STAY, & PENDING MOTIONS — Each Defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by the Court. Pending the Initial Conference and further orders of the Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. In addition, all motions pending at the time of transfer are **DENIED WITHOUT PREJUDICE**.

7. MASTER DOCKET FILE — Any pleading or document which is to be filed in any of these actions shall be filed with the Clerk of the Court in the Southern District of Florida and not in the transferor court. The Clerk of Court will maintain a master docket case file under the style "In Re: JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION" and the identification "21-2989-MDL." When a filing is intended to be applicable to all actions, this shall be indicated in the caption of the filing by the words: "This Document Relates to All Actions." When a filing is intended to apply to less than all cases, this Court's docket number for each individual case to which the document relates shall appear immediately after the words "This Document Relates to" in the caption of the filing. The following is a sample of the filing caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-2989-MDL-ALTONAGA/Torres**

In re:

**JANUARY 2021 SHORT SQUEEZE**
**TRADING LITIGATION**
_____/

This Document Relates to:

4

8. FILING — All documents filed in the Court must be filed electronically pursuant to Local Rule 5.1(b) and the Court's Administrative Procedures for Electronic Filing. Information on electronic filing can be found on the Court's website at: [https://www.flsd.uscourts.gov/policies-procedures](https://www.flsd.uscourts.gov/policies-procedures).

9. ATTORNEY ADMISSIONS — Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court.

Attorneys not admitted to practice in the United States District Court for the Southern District of Florida and who have not obtained local counsel are allowed electronic filing privileges ***in this January 2021 Short Squeeze Trading Litigation only***, and are permitted to file and receive service of documents electronically according to this Court's CM/ECF Administrative Procedures, notwithstanding language to the contrary in Special Rule 4 of the Local Rules of the United States District Court for the Southern District of Florida. Such attorneys shall file the Certificate of Understanding attached at Schedule B. The Court directs the Court Administrator-Clerk of Court to assign CM/ECF usernames and passwords to such attorneys following the receipt by the Clerk of Court of properly executed Certificates of Understanding.

An attorney who, due to exceptional circumstances, is unable to comply with the requirements of electronic filing, may apply to the Court for an order granting an exemption. The application shall be in writing and shall state the reason for the attorney's inability to comply.

*Pro se* litigants shall file their documents with the Clerk of Court on paper.

10. DOCKETING — When an action that properly belongs as part of *In Re: January 2021 Short Squeeze Trading Litigation* is hereinafter filed in the Southern District of Florida or transferred here from another court, the Clerk of Court shall:

    a. File a copy of this Order in the separate file for such action;

  b. Make an appropriate entry on the master docket sheet;

  c. Forward to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

  d. Upon the first appearance of any new defendant, forward to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

11. PRESERVATION OF EVIDENCE ––– All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" are to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Preservation includes the obligation not to alter any such thing as to its form, content, or manner of filing. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible

things containing information potentially relevant to the subject matter of this litigation. Counsel are under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of the contents of this paragraph. Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences, or other consequences.

Before any devices, tangible things, documents, and other records which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved. If counsel are unable to agree, any party may apply to the Court for clarification or relief from this Order upon reasonable notice.

12. FILING OF DISCOVERY REQUESTS — In accordance with Local Rule 26.1(b), discovery requests and responses are not to be filed nor sent to the Judges' Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.

13. COMMUNICATION WITH THE COURT — Unless otherwise ordered by the Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel. Nevertheless, the Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between Plaintiffs' counsel and among and between Defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any Plaintiff by any Defendant or against any Defendant by any Plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

CASE NO. 21-2989-MDL-ALTONAGA/Torres

**DONE AND ORDERED** in Miami, Florida, this 7th day of April, 2021.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record; *Pro Se* Plaintiffs