**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-2989-MDL-ALTONAGA/Torres**

IN RE: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

**This Document Relates to: All Actions Involving Federal Securities Laws**

<u>**DECLARATION OF SARAH N. WESTCOT IN SUPPORT OF THE MOTION OF
PLAINTIFFS ERIC QUAT, AARON FASSINGER, MIKE ROSS, IGOR
KRAVCHENKO, MICHAEL MCFADDEN AND TENZIN WOISER TO APPOINT
LEAD PLAINTIFFS AND APPROVE THEIR SELECTION OF LEAD COUNSEL**</u>

I, Sarah N. Westcot, declare as follows:

1.      I am a partner at Bursor & Fisher, P.A. ("Bursor & Fisher").  I am an attorney at law licensed to practice in the State of Florida, and I am a member of the bar of this Court.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.  I make this declaration in support of the motion of Plaintiffs Eric Quat, Aaron Fassinger, Mike Ross, Igor Kravchenko, Michael McFadden, and Tenzin Woiser to Appoint Lead Plaintiffs and Approve their Selection of Lead Counsel.

2.      My office is located in Miami, Florida.  I am very familiar with this Court's rules and procedures having litigated and appeared before this Court.

3.      Attached hereto as **Exhibit A** is a true and correct copy of the Firm Resume of my law firm, Bursor & Fisher, P.A.  The attorneys at my law firm have represented both plaintiffs and defendants in more than 100 class action lawsuits in state and federal courts throughout the country in a variety of fields, including securities law, data privacy, home appliances, dietary supplements, pharmaceuticals, telecommunications, residential mortgage foreclosures, online social networking sites and others.  We have been court-appointed to represent purchasers of Avacor, Xenadrine, LG refrigerators, and Crest toothpaste products, Bell & Howell pest repellers, Maytag washing machines as well as customers of AT&T Wireless, Cingular Wireless, T-Mobile, CitiMortgage, MyLife.com, Michaels Stores, Facebook and Hyland's homeopathic cold and flu remedies, among many others.  We also negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively).  These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications.  Moreover, in *Hendricks v. StarKist Co.*, No. 13-cv-00729-HSG (N.D. Cal.), Bursor & Fisher crafted a

settlement plan that resulted in the nationwide submission of over 2.4 million claims from class members, the largest number of claims ever submitted in the history of Rule 23 class actions.

4.      On November 21, 2011, my firm obtained class certification and was appointed class counsel in *In re Pacific Bell Late Fee Litig.*, No. MSC 10-00840 (California Superior Court, Contra Costa County), representing a class of three million California residents who paid late fees to PacBell for wireline telephone services.  Also, in 2013, my firm negotiated and earned preliminary approval for a $38 million nationwide class settlement in that case.  Bursor & Fisher has won many contested class certification motions, including winning a motion to certify a nationwide class of purchasers of Capatriti 100% Pure Olive Oil, a motion to certify New York and California classes of purchasers of Scotts Turf Builder EZ Seed, and most recently a motion to certify nationwide class of purchasers of Bell & Howell ultrasonic pest repellers.  *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. Feb. 25, 2014); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015); *Hart v. BHH, LLC*, 2017 WL 2912519, at *9 (S.D.N.Y. July 7, 2017).

5.      Bursor & Fisher also has an active civil trial practice, having won multi-million dollar verdicts or recoveries in six of six civil jury trials since 2008.  For example, while serving as lead trial counsel in *Thomas v. Global Vision Products, Inc.*, our named partners, Scott Bursor and Tim Fisher, obtained a $50 million jury verdict in favor of the plaintiff and class.  In another example, in *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment.  In *McMillion v. Rash Curtis & Associates*, Bursor & Fisher won a class action jury trial for claims under the Telephone Consumer Protection Act and secured a $267 million judgment.

6.      Since December 2010, Bursor & Fisher lawyers have been court-appointed Class Counsel or Interim Class Counsel in:

i.     *O'Brien v. LG Electronics USA, Inc.* (D.N.J. Dec. 16, 2010) to represent a certified nationwide class of purchasers of LG French-door refrigerators,

ii.    *Ramundo v. Michaels Stores, Inc.* (N.D. Ill. June 8, 2011) to represent a certified nationwide class of consumers who made in-store purchases at Michaels Stores using a debit or credit card and had their private financial information stolen as a result,

iii.   *In re Haier Freezer Consumer Litig.* (N.D. Cal. Aug. 17, 2011) to represent a certified class of purchasers of mislabeled freezers from Haier America Trading, LLC,

iv.    *Rodriguez v. CitiMortgage, Inc.* (S.D.N.Y. Nov. 14, 2011) to represent a certified nationwide class of military personnel against CitiMortgage for illegal foreclosures,

v.    *Avram v. Samsung Electronics America, Inc., et al.* (D.N.J. Jan. 3, 2012) to represent a proposed nationwide class of purchasers of mislabeled refrigerators from Samsung Electronics America, Inc. and Lowe's Companies, Inc.,

vi.    *Rossi v. The Procter & Gamble Co.* (D.N.J. Jan. 31, 2012) to represent a certified nationwide class of purchasers of Crest Sensitivity Treatment & Protection toothpaste,

vii.   *Dzielak v. Whirlpool Corp. et al.* (D.N.J. Feb. 21, 2012) to represent a proposed nationwide class of purchasers of mislabeled Maytag Centennial washing machines from Whirlpool Corp., Sears, and other retailers,

viii.  *In re Sensa Weight Loss Litig.* (N.D. Cal. Mar. 2, 2012) to represent a certified nationwide class of purchasers of Sensa weight loss products,

ix.    *In re Sinus Buster Products Consumer Litig.* (E.D.N.Y. Dec. 17, 2012) to represent a certified nationwide class of purchasers of Sinus Buster products,

x.    *Ebin v. Kangadis Food Inc.* (S.D.N.Y. Feb. 25, 2014) to represent a certified nationwide class of purchasers of Capatriti 100% Pure Olive Oil,

xi.    *Forcellati v. Hyland's, Inc.* (C.D. Cal. Apr. 9, 2014) to represent a certified nationwide class of purchasers of children's homeopathic cold and flu remedies,

xii.   *Ebin v. Kangadis Family Management LLC, et al.* (S.D.N.Y. Sept. 18, 2014) to represent a certified nationwide class of purchasers of Capatriti 100% Pure Olive Oil,

xiii.  *In re Scotts EZ Seed Litig.* (S.D.N.Y. Jan. 26, 2015) to represent a certified class of purchasers of Scotts Turf Builder EZ Seed,

xiv.  *Dei Rossi v. Whirlpool Corp., et al.* (E.D. Cal. Apr. 28, 2015) to represent a certified class of purchasers of mislabeled KitchenAid refrigerators from Whirlpool Corp., Best Buy, and other retailers,

xv.   *Hendricks v. StarKist Co.* (N.D. Cal. July 23, 2015) to represent a certified nationwide class of purchasers of StarKist tuna products,

xvi.  *In re NVIDIA GTX 970 Graphics Card Litig.* (N.D. Cal. May 8, 2015) to represent a proposed nationwide class of purchasers of NVIDIA GTX 970 graphics cards,

xvii. *Melgar v. Zicam LLC, et al.* (E.D. Cal. March 30, 2016) to represent a certified ten-jurisdiction class of purchasers of Zicam Pre-Cold products,

xviii. *In re Trader Joe's Tuna Litigation* (C.D. Cal. December 21, 2016) to represent purchaser of allegedly underfilled Trader Joe's canned tuna.

xix. *In re Welspun Litigation* (S.D.N.Y. January 26, 2017) to represent a proposed nationwide class of purchasers of Welspun Egyptian cotton bedding products,

xx. *Retta v. Millennium Products, Inc.* (C.D. Cal. January 31, 2017) to represent a certified nationwide class of Millennium kombucha beverages,

xxi. *Moeller v. American Media, Inc.*, (E.D. Mich. June 8, 2017) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xxii. *Hart v. BHH, LLC* (S.D.N.Y. July 7, 2017) to represent a nationwide class of purchasers of Bell & Howell ultrasonic pest repellers,

xxiii. *McMillion v. Rash Curtis & Associates* (N.D. Cal. September 6, 2017) to represent a certified nationwide class of individuals who received calls from Rash Curtis & Associates,

xxiv. *Lucero v. Solarcity Corp.* (N.D. Cal. September 15, 2017) to represent a certified nationwide class of individuals who received telemarketing calls from Solarcity Corp.,

xxv. *Taylor v. Trusted Media Brands, Inc.* (S.D.N.Y. Oct. 17, 2017) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xxvi. *Gasser v. Kiss My Face, LLC* (N.D. Cal. Oct. 23, 2017) to represent a proposed nationwide class of purchasers of cosmetic products,

xxvii. *Gastelum v. Frontier California Inc.* (S.F. Superior Court February 21, 2018) to represent a certified California class of Frontier landline telephone customers who were charged late fees,

xxviii. *Williams v. Facebook, Inc.* (N.D. Cal. June 26, 2018) to represent a proposed nationwide class of Facebook users for alleged privacy violations,

xxix. *Ruppel v. Consumers Union of United States, Inc.* (S.D.N.Y. July 27, 2018) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xxx. *Bayol v. Health-Ade* (N.D. Cal. August 23, 2018) to represent a proposed nationwide class of Health-Ade kombucha beverage purchasers,

xxxi. *West v. California Service Bureau* (N.D. Cal. September 12, 2018) to represent a certified nationwide class of individuals who received calls from California Service Bureau,

xxxii. *Gregorio v. Premier Nutrition Corporation* (S.D.N.Y. Sept. 14, 2018) to represent a nationwide class of purchasers of protein shake products,

xxxiii. *Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast* (S.D.N.Y. Oct. 24, 2018) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xxxiv. *Bakov v. Consolidated World Travel Inc. d/b/a Holiday Cruise Line* (N.D. Ill. Mar. 21, 2019) to represent a certified class of individuals who received calls from Holiday Cruise Line,

xxxv. *Martinelli v. Johnson & Johnson* (E.D. Cal. March 29, 2019) to represent a certified class of purchasers of Benecol spreads labeled with the representation "No Trans Fat,"

xxxvi.   *Edwards v. Hearst Communications, Inc.* (S.D.N.Y. April 24, 2019) to represent a
class of magazine subscribers under the Michigan Preservation of Personal
Privacy Act,

xxxvii.   *Galvan v. Smashburger* (C.D. Cal. June 25, 2019) to represent a proposed class of
purchasers of Smashburger's "Triple Double" burger.

7.   Bursor & Fisher maintains an office in this District and has 23 lawyers available
to staff this action, along with additional support staff.  The firm also has ample resources
available to devote to investigation, the hiring of experts, and whatever else may be necessary to
prosecute this action.

8.   Our firm has an active securities practice, and has recently been appointed lead
counsel in another action against Robinhood involving federal securities laws.  *See* 4/12/21
Order (ECF No. 55), *Kwon v. Robinhood Financial LLC et al*, Case No. 4:20-cv-09328-YGR
(N.D. Cal).  The Order is attached hereto as **Exhibit B**.

9.   Chief United States District Court Judge England of the Eastern District of
California appointed Bursor & Fisher as interim class counsel in Melgar v. Zicam, LLC, No.
2:14-cv 00160-MCE-AC (E.D. Cal. Oct. 29, 2014).  A copy of Judge England's order is attached
hereto as **Exhibit C**.  Judge England's order notes that Bursor & Fisher "has extensive
experience representing plaintiffs in large class actions, both in negotiating settlements and
litigating through trial."  Judge England further commented that "Bursor & Fisher is a well-
established, reputable firm that is up to handling the challenges of this litigation and is capable of
committing the requisite resources to doing so.  The Court is confident that Bursor & Fisher will
fairly and adequately represent the interests of the class." (citation omitted).

10.   Judge Gardephe of the Southern District of New York appointed Bursor & Fisher
as interim class counsel in *Rodriguez v. CitiMortgage*, Case No. 1:11-cv-4718 (PGG) (S.D.N.Y.
Nov. 14, 2011).  A copy of Judge Gardephe's order is attached hereto as **Exhibit D**.  Judge
Gardephe's order notes that Bursor & Fisher is a "well-established law firm" that "ha[s] the
resources and personnel necessary to carry out large-scale class action litigation."  Judge
Gardephe went on to comment that the court had "no reason to doubt that [counsel] will provide
the necessary resources going forward to litigate this case."

I declare under the penalty of perjury under the law of the State of Florida that the foregoing is true and correct, executed on April 14, 2021 at Miami, Florida.

*/s/ Sarah N. Westcot*
Sarah N. Westcot

# **<u>EXHIBIT A</u>**

# BURSOR & FISHER

P.A.

www.bursor.com

701 BRICKELL AVENUE         888 SEVENTH AVENUE        1990 NORTH CALIFORNIA BLVD.
MIAMI, FL 33131            NEW YORK, NY 10019          WALNUT CREEK, CA 94596

## FIRM RESUME

With offices in Florida, New York, and California, BURSOR & FISHER lawyers have represented both plaintiffs and defendants in state and federal courts throughout the country.

The lawyers at our firm have an active civil trial practice, having won multi-million dollar verdicts or recoveries in six of six class action jury trials since 2008.  Our most recent class action trial victory came in May 2019 in *Perez v. Rash Curtis & Associates*, in which Mr. Bursor served as lead trial counsel and won a $267 million jury verdict against a debt collector found to have violated the Telephone Consumer Protection Act.

In August 2013 in *Ayyad v. Sprint Spectrum L.P.*, in which Mr. Bursor served as lead trial counsel, we won a jury verdict defeating Sprint's $1.06 billion counterclaim and securing the class's recovery of more than $275 million in cash and debt relief.

In *Thomas v. Global Vision Products, Inc. (II)*, we obtained a $50 million jury verdict in favor of a certified class of 150,000 purchasers of the Avacor Hair Regrowth System.  The legal trade publication VerdictSearch reported that this was the second largest jury verdict in California in 2009, and the largest in any class action.

The lawyers at our firm have an active class action practice and have won numerous appointments as class counsel to represent millions of class members, including customers of Honda, Verizon Wireless, AT&T Wireless, Sprint, Haier America, and Michaels Stores as well as purchasers of Avacor™, Hydroxycut, and Sensa™ products.  Since 2014, our lawyers have certified ten consumer classes pursuant to contested class certification motions (*see Ebin*, *Forcellati*, *In re EZ Seed Litig.*, *Dei Rossi*, *Melgar*, *Hart*, *Dzielak*, *Martinelli*, *West*, *McMillion*, *infra*).  Since December 2010, Bursor & Fisher lawyers have been court-appointed Class Counsel or Interim Class Counsel in:

    i.   *O'Brien v. LG Electronics USA, Inc.* (D.N.J. Dec. 16, 2010) to represent a certified nationwide class of purchasers of LG French-door refrigerators,

    ii.   *Ramundo v. Michaels Stores, Inc.* (N.D. Ill. June 8, 2011) to represent a certified nationwide class of consumers who made in-store purchases at Michaels Stores using a debit or credit card and had their private financial information stolen as a result,

    iii.   *In re Haier Freezer Consumer Litig.* (N.D. Cal. Aug. 17, 2011) to represent a certified class of purchasers of mislabeled freezers from Haier America Trading, LLC,

    iv.   *Rodriguez v. CitiMortgage, Inc.* (S.D.N.Y. Nov. 14, 2011) to represent a certified nationwide class of military personnel against CitiMortgage for illegal foreclosures,

BURSOR & FISHER
P.A.

v.   *Rossi v. The Procter & Gamble Co.* (D.N.J. Jan. 31, 2012) to represent a certified nationwide class of purchasers of Crest Sensitivity Treatment & Protection toothpaste,

vi.   *Dzielak v. Whirlpool Corp. et al.* (D.N.J. Feb. 21, 2012) to represent a proposed nationwide class of purchasers of mislabeled Maytag Centennial washing machines from Whirlpool Corp., Sears, and other retailers,

vii.   *In re Sensa Weight Loss Litig.* (N.D. Cal. Mar. 2, 2012) to represent a certified nationwide class of purchasers of Sensa weight loss products,

viii.   *In re Sinus Buster Products Consumer Litig.* (E.D.N.Y. Dec. 17, 2012) to represent a certified nationwide class of purchasers,

ix.   *Ebin v. Kangadis Food Inc.* (S.D.N.Y. Feb. 25, 2014) to represent a certified nationwide class of purchasers of Capatriti 100% Pure Olive Oil,

x.   *Forcellati v. Hyland's, Inc.* (C.D. Cal. Apr. 9, 2014) to represent a certified nationwide class of purchasers of children's homeopathic cold and flu remedies,

xi.   *Ebin v. Kangadis Family Management LLC, et al.* (S.D.N.Y. Sept. 18, 2014) to represent a certified nationwide class of purchasers of Capatriti 100% Pure Olive Oil,

xii.   *In re Scotts EZ Seed Litig.* (S.D.N.Y. Jan. 26, 2015) to represent a certified class of purchasers of Scotts Turf Builder EZ Seed,

xiii.   *Dei Rossi v. Whirlpool Corp., et al.* (E.D. Cal. Apr. 28, 2015) to represent a certified class of purchasers of mislabeled KitchenAid refrigerators from Whirlpool Corp., Best Buy, and other retailers,

xiv.   *Hendricks v. StarKist Co.* (N.D. Cal. July 23, 2015) to represent a certified nationwide class of purchasers of StarKist tuna products,

xv.   *In re NVIDIA GTX 970 Graphics Card Litig.* (N.D. Cal. May 8, 2015) to represent a proposed nationwide class of purchasers of NVIDIA GTX 970 graphics cards,

xvi.   *Melgar v. Zicam LLC, et al.* (E.D. Cal. March 30, 2016) to represent a certified ten-jurisdiction class of purchasers of Zicam Pre-Cold products,

xvii.   *In re Trader Joe's Tuna Litigation* (C.D. Cal. December 21, 2016) to represent purchaser of allegedly underfilled Trader Joe's canned tuna.

xviii.   *In re Welspun Litigation* (S.D.N.Y. January 26, 2017) to represent a proposed nationwide class of purchasers of Welspun Egyptian cotton bedding products,

xix.   *Retta v. Millennium Products, Inc.* (C.D. Cal. January 31, 2017) to represent a certified nationwide class of Millennium kombucha beverages,

xx.   *Moeller v. American Media, Inc.*, (E.D. Mich. June 8, 2017) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xxi.   *Hart v. BHH, LLC* (S.D.N.Y. July 7, 2017) to represent a nationwide class of purchasers of Bell & Howell ultrasonic pest repellers,

xxii.   *McMillion v. Rash Curtis & Associates* (N.D. Cal. September 6, 2017) to represent a certified nationwide class of individuals who received calls from Rash Curtis & Associates,

BURSOR & FISHER
P.A.

xxiii. *Lucero v. Solarcity Corp.* (N.D. Cal. September 15, 2017) to represent a certified nationwide class of individuals who received telemarketing calls from Solarcity Corp.,

xxiv. *Taylor v. Trusted Media Brands, Inc.* (S.D.N.Y. Oct. 17, 2017) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xxv. *Gasser v. Kiss My Face, LLC* (N.D. Cal. Oct. 23, 2017) to represent a proposed nationwide class of purchasers of cosmetic products,

xxvi. *Gastelum v. Frontier California Inc.* (S.F. Superior Court February 21, 2018) to represent a certified California class of Frontier landline telephone customers who were charged late fees,

xxvii. *Williams v. Facebook, Inc.* (N.D. Cal. June 26, 2018) to represent a proposed nationwide class of Facebook users for alleged privacy violations,

xxviii. *Ruppel v. Consumers Union of United States, Inc.* (S.D.N.Y. July 27, 2018) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xxix. *Bayol v. Health-Ade* (N.D. Cal. August 23, 2018) to represent a proposed nationwide class of Health-Ade kombucha beverage purchasers,

xxx. *West v. California Service Bureau* (N.D. Cal. September 12, 2018) to represent a certified nationwide class of individuals who received calls from California Service Bureau,

xxxi. *Gregorio v. Premier Nutrition Corporation* (S.D.N.Y. Sept. 14, 2018) to represent a nationwide class of purchasers of protein shake products,

xxxii. *Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast* (S.D.N.Y. Oct. 24, 2018) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xxxiii. *Bakov v. Consolidated World Travel Inc. d/b/a Holiday Cruise Line* (N.D. Ill. Mar. 21, 2019) to represent a certified class of individuals who received calls from Holiday Cruise Line,

xxxiv. *Martinelli v. Johnson & Johnson* (E.D. Cal. March 29, 2019) to represent a certified class of purchasers of Benecol spreads labeled with the representation "No Trans Fat,"

xxxv. *Edwards v. Hearst Communications, Inc.* (S.D.N.Y. April 24, 2019) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xxxvi. *Galvan v. Smashburger* (C.D. Cal. June 25, 2019) to represent a proposed class of purchasers of Smashburger's "Triple Double" burger,

xxxvii. *Kokoszki v. Playboy Enterprises, Inc.* (E.D. Mich. Feb. 7, 2020) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xxxviii. *Russett v. The Northwestern Mutual Life Insurance Co.* (S.D.N.Y. May 28, 2020) to represent a class of insurance policyholders that were allegedly charged unlawful paper billing fees,

xxxix. *In re: Metformin Marketing and Sales Practices Litigation* (D.N.J. June 3, 2020) to represent a proposed nationwide class of purchasers of generic diabetes medications that were contaminated with a cancer-causing carcinogen,

xl.   *Hill v. Spirit Airlines, Inc.* (S.D. Fla. July 21, 2020) to represent a proposed nationwide class of passengers whose flights were cancelled by Spirit Airlines due to the novel coronavirus, COVID-19, and whose tickets were not refunded,

xli.   *Kramer v. Alterra Mountain Co.* (D. Colo. July 31, 2020) to represent a proposed nationwide class of purchasers to recoup the unused value of their Ikon ski passes after Alterra suspended operations at its ski resorts due to the novel coronavirus, COVID-19,

xlii.   *Qureshi v. American University* (D.D.C. July 31, 2020) to represent a proposed nationwide class of students for tuition refunds after their classes were moved online by American University due to the novel coronavirus, COVID-19,

xliii.   *Hufford v. Maxim Inc.* (S.D.N.Y. Aug. 13, 2020) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xliv.   *Desai v. Carnegie Mellon University* (W.D. Pa. Aug. 26, 2020) to represent a proposed nationwide class of students for tuition refunds after their classes were moved online by Carnegie Mellon University due to the novel coronavirus, COVID-19,

xlv.   *Heigl v. Waste Management of New York, LLC* (E.D.N.Y. Aug. 27, 2020) to represent a class of insurance policyholders that were allegedly charged unlawful paper billing fees,

xlvi.   *Stellato v. Hofstra University* (E.D.N.Y. Sept. 18, 2020) to represent a proposed nationwide class of students for tuition refunds after their classes were moved online by Hofstra University due to the novel coronavirus, COVID-19.

xlvii.   *Kaupelis v. Harbor Freight Tools USA, Inc.* (C.D. Cal. Sept. 23, 2020), to represent consumers who purchased defective chainsaws.

## SCOTT A. BURSOR

Mr. Bursor has an active civil trial practice, having won multi-million verdicts or recoveries in six of six civil jury trials since 2008.  Mr. Bursor's most recent victory came in May 2019 in *Perez v. Rash Curtis & Associates*, in which Mr. Bursor served as lead trial counsel and won a jury verdict finding that the Defendant violated the Telephone Consumer Protection Act 534,712 times, entitling class members to a minimum of $267 million in statutory damages.

In *Ayyad v. Sprint Spectrum L.P.* (2013), where Mr. Bursor served as lead trial counsel, the jury returned a verdict defeating Sprint's $1.06 billion counterclaim and securing the class's recovery of more than $275 million in cash and debt relief.

In *Thomas v. Global Vision Products, Inc.* (2009), the jury returned a $50 million verdict in favor of the plaintiff and class represented by Mr. Bursor.  The legal trade publication VerdictSearch reported that this was the second largest jury verdict in California in 2009.

Class actions are rarely tried to verdict.  Other than Mr. Bursor and his partner Mr. Fisher, we know of no lawyer that has tried more than one class action to a jury.  Mr. Bursor's

perfect record of six wins in six class action jury trials, with recoveries ranging from $21 million to $299 million, is unmatched by any other lawyer.  Each of these victories was hard-fought against top trial lawyers from the biggest law firms in the United States.

Mr. Bursor graduated from the University of Texas Law School in 1996.  He served as Articles Editor of the Texas Law Review, and was a member of the Board of Advocates and Order of the Coif.  Prior to starting his own practice, Mr. Bursor was a litigation associate with Cravath, Swaine & Moore (1996-2000) and Chadbourne & Parke LLP (2001), where he represented large telecommunications, pharmaceutical, and technology companies in commercial litigation.

Mr. Bursor is a member of the state bars of New York, Florida, and California, as well as the bars of the United States Court of Appeals for the Second, Third, Fourth, Sixth, Ninth and Eleventh Circuits,  and the bars of the United States District Courts for the Southern and Eastern Districts of New York, the Northern, Central, Southern and Eastern Districts of California, the Southern and Middle Districts of Florida, and the  Eastern District of Michigan.

### *Representative Cases*

Mr. Bursor was appointed lead or co-lead class counsel to the largest, 2nd largest, and 3rd largest classes ever certified.  Mr. Bursor has represented classes including more than 160 million class members, roughly 1 of every 2 Americans.  Listed below are recent cases that are representative of Mr. Bursor's practice:

Mr. Bursor negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and 2nd largest classes ever certified).  These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications.  These settlements are believed to be the most significant legal development affecting the telecommunications industry since 1968, when the FCC's Carterfone decision similarly opened up AT&T's wireline telephone network.

Mr. Bursor was the lead trial lawyer in *Ayyad v. Sprint Spectrum, L.P.* representing a class of approximately 2 million California consumers who were charged an early termination fee under a Sprint cellphone contract, asserting claims that such fees were unlawful liquidated damages under the California Civil Code, as well as other statutory and common law claims. After a five-week combined bench-and-jury trial, the jury returned a verdict in June 2008 and the Court issued a Statement of Decision in December 2008 awarding the plaintiffs $299 million in cash and debt cancellation.  Mr. Bursor served as lead trial counsel for this class again in 2013 during a month-long jury trial in which Sprint asserted a $1.06 billion counterclaim against the class.  Mr. Bursor secured a verdict awarding Sprint only $18.4 million, the exact amount calculated by the class's damages expert.  This award was less than 2% of the damages Sprint sought, less than 6% of the amount of the illegal termination fees Sprint charged to class members.  In December 2016, after more than 13 years of litigation, the case was settled for $304 million, including $79 million in cash payments plus $225 million in debt cancellation.

Mr. Bursor was the lead trial lawyer in *White v. Cellco Partnership d/b/a Verizon Wireless* representing a class of approximately 1.4 million California consumers who were

BURSOR&FISHER
P.A.

charged an early termination fee under a Verizon cellphone contract, asserting claims that such fees were unlawful liquidated damages under the California Civil Code, as well as other statutory and common law claims.  In July 2008, after Mr. Bursor presented plaintiffs' case-in-chief, rested, then cross-examined Verizon's principal trial witness, Verizon agreed to settle the case for a $21 million cash payment and an injunction restricting Verizon's ability to impose early termination fees in future subscriber agreements.

Mr. Bursor was the lead trial lawyer in *Thomas v. Global Visions Products Inc.*  Mr. Bursor represented a class of approximately 150,000 California consumers who had purchased the Avacor® hair regrowth system.  In January 2008, after a four-week combined bench-and-jury trial. Mr. Bursor obtained a $37 million verdict for the class, which the Court later increased to $40 million.

Mr. Bursor was appointed class counsel and was elected chair of the Official Creditors' Committee in *In re Nutraquest Inc.*, a Chapter 11 bankruptcy case before Chief Judge Garrett E. Brown, Jr. (D.N.J.) involving 390 ephedra-related personal injury and/or wrongful death claims, two consumer class actions, four enforcement actions by governmental agencies, and multiple adversary proceedings related to the Chapter 11 case.  Working closely with counsel for all parties and with two mediators, Judge Nicholas Politan (Ret.) and Judge Marina Corodemus (Ret.), the committee chaired by Mr. Bursor was able to settle or otherwise resolve every claim and reach a fully consensual Chapter 11 plan of reorganization, which Chief Judge Brown approved in late 2006.  This settlement included a $12.8 million recovery to a nationwide class of consumers who alleged they were defrauded in connection with the purchase of Xenadrine® dietary supplement products.

Mr. Bursor was the lead trial lawyer in *In re: Pacific Bell Late Fee Litigation*.  After filing the first class action challenging Pac Bell's late fees in April 2010, winning a contested motion to certify a statewide California class in January 2012, and defeating Pac Bell's motion for summary judgment in February 2013, Mr. Bursor obtained final approval of the $38 million class settlement.  The settlement, which Mr. Bursor negotiated the night before opening statements were scheduled to commence, included a $20 million cash payment to provide refunds to California customers who paid late fees on their Pac Bell wireline telephone accounts, and an injunction that reduced other late fee charges by $18.6 million.

## L. TIMOTHY FISHER

L. Timothy Fisher has an active practice in consumer class actions and complex business litigation and has also successfully handled a large number of civil appeals.

Mr. Fisher has been actively involved in numerous cases that resulted in multi-million dollar recoveries for consumers and investors. Mr. Fisher has handled cases involving a wide range of issues including nutritional labeling, health care, telecommunications, corporate governance, unfair business practices and consumer fraud. With his partner Scott A. Bursor, Mr. Fisher has tried five class action jury trials, all of which produced successful results. In *Thomas v. Global Vision Products*, Mr. Fisher obtained a jury award of $50,024,611 — the largest class action award in California in 2009 and the second-largest jury award of any kind.

BURSOR&FISHER
P.A.

Mr. Fisher was admitted to the State Bar of California in 1997. He is also a member of the bars of the United States Court of Appeals for the Ninth Circuit and the United States District Courts for the Northern, Central, Southern and Eastern Districts of California. Mr. Fisher taught appellate advocacy at John F. Kennedy University School of Law in 2003 and 2004. In 2010, he contributed jury instructions, a verdict form and comments to the consumer protection chapter of Justice Elizabeth A. Baron's California Civil Jury Instruction Companion Handbook (West 2010). In January 2014, Chief Judge Claudia Wilken of the United States District Court for the Northern District of California appointed Mr. Fisher to a four-year term as a member of the Court's Standing Committee on Professional Conduct.

Mr. Fisher received his Juris Doctor from Boalt Hall at the University of California at Berkeley in 1997. While in law school, he was an active member of the Moot Court Board and participated in moot court competitions throughout the United States. In 1994, Mr. Fisher received an award for Best Oral Argument in the first-year moot court competition.

In 1992, Mr. Fisher graduated with highest honors from the University of California at Berkeley and received a degree in political science. Prior to graduation, he authored an honors thesis for Professor Bruce Cain entitled "The Role of Minorities on the Los Angeles City Council." He is also a member of Phi Beta Kappa.

### *Representative Cases*

*Thomas v. Global Vision Products, Inc.* (Alameda County Superior Court). Mr. Fisher litigated claims against Global Vision Products, Inc. and other individuals in connection with the sale and marketing of a purported hair loss remedy known as Avacor. The case lasted more than seven years and involved two trials. The first trial resulted in a verdict for plaintiff and the class in the amount of $40,000,000. The second trial resulted in a jury verdict of $50,024,611, which led to a $30 million settlement for the class.

*In re Cellphone Termination Fee Cases* - Handset Locking Actions (Alameda County Superior Court). Mr. Fisher actively worked on five coordinated cases challenging the secret locking of cell phone handsets by major wireless carriers to prevent consumers from activating them on competitive carriers' systems. Settlements have been approved in all five cases on terms that require the cell phone carriers to disclose their handset locks to consumers and to provide unlocking codes nationwide on reasonable terms and conditions. The settlements fundamentally changed the landscape for cell phone consumers regarding the locking and unlocking of cell phone handsets.

*In re Cellphone Termination Fee Cases* - Early Termination Fee Cases (Alameda County Superior Court and Federal Communications Commission). In separate cases that are a part of the same coordinated litigation as the Handset Locking Actions, Mr. Fisher actively worked on claims challenging the validity under California law of early termination fees imposed by national cell phone carriers. In one of those cases, against Verizon Wireless, a nationwide settlement was reached after three weeks of trial in the amount of $21 million. In a second case, which was tried to verdict, the Court held after trial that the $73 million of flat early termination fees that Sprint had collected from California consumers over an eight-year period were void and unenforceable.

BURSOR&FISHER
P.A.

### *Selected Published Decisions*

*Melgar v. Zicam LLC*, 2016 WL 1267870 (E.D. Cal. Mar. 30, 2016) (certifying 10-jurisdiction class of purchasers of cold remedies, denying motion for summary judgment, and denying motions to exclude plaintiff's expert witnesses).

*Salazar v. Honest Tea, Inc.*, 2015 WL 7017050 (E.D. Cal. Nov. 12. 2015) (denying motion for summary judgment).

*Dei Rossi v. Whirlpool Corp.*, 2015 WL 1932484 (E.D. Cal. Apr. 27, 2015) (certifying California class of purchasers of refrigerators that were mislabeled as Energy Star qualified).

*Bayol v. Zipcar, Inc.*, 78 F.Supp.3d 1252 (N.D. Cal. 2015) (denying motion to dismiss claims alleging unlawful late fees under California Civil Code § 1671).

*Forcellati v. Hyland's, Inc.*, 2015 WL 9685557 (C.D. Cal. Jan. 12, 2015) (denying motion for summary judgment in case alleging false advertising of homeopathic cold and flu remedies for children).

*Bayol v. Zipcar, Inc.*, 2014 WL 4793935 (N.D. Cal. Sept. 25, 2014) (denying motion to transfer venue pursuant to a forum selection clause).

*Forcellati v. Hyland's Inc.*, 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) (certifying nationwide class of purchasers of homeopathic cold and flu remedies for children).

*Hendricks v. StarKist Co.*, 30 F.Supp.3d 917 (N.D. Cal. 2014) (denying motion to dismiss in case alleging underfilling of 5-ounce cans of tuna).

*Dei Rossi v. Whirlpool Corp.*, 2013 WL 5781673 (E.D. Cal. October 25, 2013) (denying motion to dismiss in case alleging that certain KitchenAid refrigerators were misrepresented as Energy Star qualified).

*Forcellati v. Hyland's Inc.*, 876 F.Supp.2d 1155 (C.D. Cal. 2012) (denying motion to dismiss complaint alleging false advertising regarding homeopathic cold and flu remedies for children).

*Clerkin v. MyLife.com*, 2011 WL 3809912 (N.D. Cal. August 29, 2011) (denying defendants' motion to dismiss in case alleging false and misleading advertising by a social networking company).

*In re Cellphone Termination Fee Cases*, 186 Cal.App.4th 1380 (2010) (affirming order approving $21 million class action settlement).

*Gatton v. T-Mobile USA, Inc.*, 152 Cal.App.4th 571 (2007) (affirming order denying motion to compel arbitration).

### *Selected Class Settlements*

*Melgar v. Zicam* (Eastern District of California) - $16 million class settlement of claims alleging cold medicine was ineffective.

*Gastelum v. Frontier California Inc.* (San Francisco Superior Court) - $10.9 million class action settlement of claims alleging that a residential landline service provider charged unlawful late fees.

*West v. California Service Bureau, Inc.* (Northern District of California) - $4.1 million class settlement of claims under the Telephone Consumer Protection Act.

**BURSOR&FISHER**
P.A.

*Gregorio v. Premier Nutrition Corp.* (Southern District of New York) - $9 million class settlement of false advertising claims against protein shake manufacturer.

*Morris v. SolarCity Corp.* (Northern District of California) - $15 million class settlement of claims under the Telephone Consumer Protection Act.

*Retta v. Millennium Products, Inc.* (Central District of California) - $8.25 million settlement to resolve claims of bottled tea purchasers for alleged false advertising.

*Forcellati v. Hyland's* (Central District of California) – nationwide class action settlement providing full refunds to purchasers of homeopathic cold and flu remedies for children.

*Dei Rossi v. Whirlpool* (Eastern District of California) – class action settlement providing $55 cash payments to purchasers of certain KitchenAid refrigerators that allegedly mislabeled as Energy Star qualified.

*In Re NVIDIA GTX 970 Graphics Chip Litigation* (Northern District of California) - $4.5 million class action settlement of claims alleging that a computer graphics card was sold with false and misleading representations concerning its specifications and performance.

*Hendricks v. StarKist Co.* (Northern District of California) – $12 million class action settlement of claims alleging that 5-ounce cans of tuna were underfilled.

*In re Zakskorn v. American Honda Motor Co.* Honda (Eastern District of California) – nationwide settlement providing for brake pad replacement and reimbursement of out-of-pocket expenses in case alleging defective brake pads on Honda Civic vehicles manufactured between 2006 and 2011.

*Correa v. Sensa Products, LLC* (Los Angeles Superior Court) - $9 million settlement on behalf of purchasers of the Sensa weight loss product.

*In re Pacific Bell Late Fee Litigation* (Contra Costa County Superior Court) - $38.6 million settlement on behalf of Pac Bell customers who paid an allegedly unlawful late payment charge.

*In re Haier Freezer Consumer Litigation* (Northern District of California) - $4 million settlement, which provided for cash payments of between $50 and $325.80 to class members who purchased the Haier HNCM070E chest freezer.

*Thomas v. Global Vision Products, Inc.* (Alameda County Superior Court) - $30 million settlement on behalf of a class of purchasers of a hair loss remedy.

*Guyette v. Viacom, Inc.* (Alameda County Superior Court) - $13 million settlement for a class of cable television subscribers who alleged that the defendant had improperly failed to share certain tax refunds with its subscribers.

## <u>JOSEPH I. MARCHESE</u>

Joseph I. Marchese is a Partner with Bursor & Fisher, P.A.  Joe focuses his practice on consumer class actions, employment law disputes, and commercial litigation.  He has

represented corporate and individual clients in a wide array of civil litigation, and has substantial trial and appellate experience.

Joe has diverse experience in litigating and resolving consumer class actions involving claims of mislabeling, false or misleading advertising, privacy violations, data breach claims, and violations of the Servicemembers Civil Relief Act.

Joe also has significant experience in multidistrict litigation proceedings. Recently, he served on the Plaintiffs' Executive Committee in *In Re: Blue Buffalo Company, Ltd. Marketing And Sales Practices Litigation*, MDL No. 2562, which resulted in a $32 million consumer class settlement. Currently, he serves on the Plaintiffs' Steering Committee for Economic Reimbursement in *In Re: Valsartan Products Liability Litigation*, MDL. No. 2875.

Joe is admitted to the State Bar of New York and is a member of the bars of the United States District Courts for the Southern District of New York, the Eastern District of New York, and the Eastern District of Michigan, as well as the United States Court of Appeals for the Second Circuit.

Joe graduated from Boston University School of Law in 2002 where he was a member of The Public Interest Law Journal. In 1998, Joe graduated with honors from Bucknell University.

### *Selected Published Decisions:*

*Boelter v. Hearst Communications, Inc.*, 269 F. Supp. 3d 172 (S.D.N.Y. Sept. 7, 2017), granting plaintiff's motion for partial summary judgment on state privacy law violations in putative class action.

*Boelter v. Hearst Communications, Inc.*, 192 F. Supp. 3d 427 (S.D.N.Y. June 17, 2016), denying publisher's motion to dismiss its subscriber's allegations of state privacy law violations in putative class action.

*In re Scotts EZ Seed Litigation*, 304 F.R.D. 397 (S.D.N.Y. 2015), granting class certification of false advertising and other claims brought by New York and California purchasers of grass seed product.

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014), granting nationwide class certification of false advertising and other claims brought by purchasers of purported "100% Pure Olive Oil" product.

*In re Michaels Stores Pin Pad Litigation*, 830 F. Supp. 2d 518 (N.D. Ill. 2011), denying retailer's motion to dismiss its customers' state law consumer protection and privacy claims in data breach putative class action.

*Selected Class Settlements:*

*Edwards v. Hearst Communications, Inc.*, Case No. 15-cv-09279-AT (S.D.N.Y. 2019) – final approval granted for $50 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast*, Case No. 15-cv-05671-NRB (S.D.N.Y. 2019) – final approval granted for $13.75 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

In *re Scotts EZ Seed Litigation*, Case No. 12-cv-4727-VB (S.D.N.Y. 2018) – final approval granted for $47 million class settlement to resolve false advertising claims of purchasers of combination grass seed product.

*In Re:  Blue Buffalo Marketing And Sales Practices Litigation*, Case No. 14-MD-2562-RWS (E.D. Mo. 2016) – final approval granted for $32 million class settlement to resolve claims of pet owners for alleged false advertising of pet foods.

*Rodriguez v. Citimortgage, Inc.*, Case No. 11-cv-4718-PGG (S.D.N.Y. 2015) – final approval granted for $38 million class settlement to resolve claims of military servicemembers for alleged foreclosure violations of the Servicemembers Civil Relief Act, where each class member was entitled to $116,785 plus lost equity in the foreclosed property and interest thereon.

*O'Brien v. LG Electronics USA, Inc., et al.*, Case No. 10-cv-3733-DMC (D.N.J. 2011) – final approval granted for $23 million class settlement to resolve claims of Energy Star refrigerator purchasers for alleged false advertising of the appliances' Energy Star qualification.

## JOSHUA D. ARISOHN

Joshua D. Arisohn is a Partner with Bursor & Fisher, P.A. Josh has litigated precedent-setting cases in the areas of consumer class actions and terrorism. He participated in the first ever trial to take place under the Anti-Terrorism Act, a statute that affords U.S. citizens the right to assert federal claims for injuries arising out of acts of international terrorism. Josh's practice continues to focus on terrorism-related matters as well as class actions.

Josh is admitted to the State Bar of New York and is a member of the bars of the United States District Courts for the Southern District of New York and the Eastern District of New York.

Josh previously practiced at Dewey & LeBoeuf LLP and DLA Piper LLP. He graduated from Columbia University School of Law in 2006, where he was a Harlan Fiske Stone Scholar, and received his B.A. from Cornell University in 2002. Josh has been honored as a 2015 and 2016 Super Lawyer Rising Star.

BURSOR&FISHER
P.A.

### Selected Published Decisions:

*Morris v. SolarCity Corp.*, 2016 WL 1359378 (N.D. Cal. Apr. 4, 2016), denying defendant's motion to dismiss claims that solar company illegally called consumers using an artificial or prerecorded voice and an automatic telephone dialing system.

*Boelter v. Hearst Commc'ns, Inc.*, 192 F. Supp. 3d 427 (S.D.N.Y. 2016), denying defendant's motion to dismiss and finding that the Michigan Video Rental Privacy Act does not violate the First Amendment.

*Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096 (N.D. Cal. 2016), denying defendant's motion dismiss and rejecting its argument that providing a class representative with a cashier's check for his individual damages mooted his individual and class claims.

### Selected Class Settlements:

*Morris v. SolarCity Corp.*, Case No. 3:15-cv-05107-RS (N.D. Cal.) - final approval granted for $15 million class settlement to resolve claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JOEL D. SMITH

Joel D. Smith is a Partner with Bursor & Fisher, P.A. Joel's practice focuses on consumer class actions and complex litigation. He has substantial experience in trial and appellate courts across the nation.

Prior to joining Bursor & Fisher, Joel was a litigator at Crowell & Moring, where he represented Fortune 500 companies, privately-held businesses, and public entities in commercial litigation and nationwide class actions. While at Crowell & Moring, Joel litigated some of the firm's most high-profile matters, including several class actions alleging deceptive sales practices with respect to Apple iPhones and iPads, and a class action seeking to hold U.S. energy companies accountable for global warming. In California state court, Joel represented four major U.S. retailers in a case arising from a devastating arson fire and ensuing state of emergency in Roseville, California. That case included crossclaims by the defendant alleging a vast cover-up by the City of Roseville's fire and police departments; the involvement of the federal Bureau of Alcohol, Tobacco, Firearms and Explosives; and settlement on the eve of a trial that was expected to last several months and involve numerous witnesses. Joel also was part of the trial team in a widely publicized trial over the death of a contestant who died after participating in a Sacramento radio station's water drinking contest.

More recently, Joel has represented University of California students in a class action seeking the return of late fees unlawfully collected from students. He also served as interim class counsel in *In re Welspun Litigation* (S.D.N.Y. January 26, 2017), a class action against three of the largest retailers in the United States and one of the largest textile manufacturers in the world, arising from events that one reporter described as the "biggest counterfeit story in retail history."

BURSOR&FISHER
P.A.

Joel received both his undergraduate and law degrees from the University of California at Berkeley.  While at Berkeley School of Law, he was a member of the California Law Review, received several academic honors, externed for the California Attorney General's office and published an article on climate change policy and litigation.

Joel is admitted to the State Bar of California, as well as the United States Courts of Appeals for the Second, Third and Ninth Circuits; the Northern, Central, Southern and Eastern Districts of California; and is a member of the General Bar of the Northern District of Illinois.

### *Selected Published Decisions:*

*Revitch v. DIRECTV, LLC*, --- F.3d --- (9th Cir. 2020), affirming denial of motion to compel arbitration in putative class action alleging unlawful calls under the Telephone Consumer Protection Act.

*Kaupelis v. Harbor Freight Tools USA, Inc.*, 2020 WL 5901116 (C.D. Cal. Sept. 23, 2020), granting class certification of consumer protection claims brought by purchasers of defective chainsaws.

### *Selected Class Settlements:*

*Morris v. SolarCity Corp.*, Case No. 3:15-cv-05107-RS (N.D. Cal.) - final approval granted for $15 million class settlement to resolve claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## NEAL J. DECKANT

Neal J. Deckant is a Partner with Bursor & Fisher, P.A.  Neal focuses his practice on complex business litigation, consumer class actions, and employment law disputes.  Prior to joining Bursor & Fisher, Neal counseled low-income homeowners facing foreclosure in East Boston.

In 2015, Neal was defense trial counsel for a law firm and several of its partners in a sexual harassment case brought by a former associate of that firm.  The plaintiff's complaint sought $22 million in compensatory and punitive damages.  After a 3-week trial in federal court in New York, the jury returned a verdict of not liable for the federal and state law claims.  During the trial, the judge also granted defendants' motion for judgment as a matter of law on the plaintiff's claims for retaliation and defamation.  The jury found liability solely under New York City's human rights law, awarding only $140,000 in damages.

Neal is admitted to the State Bars of California and New York, and is a member of the bars of the United States District Court for the Northern District of California, the United States District Court for the Eastern District of California, the United States District Court for the Central District of California, the United States District Court for the Southern District of California, the United States District Court for the Southern District of New York, the United States District Court for the Eastern District of New York, and the bars of the United States Courts of Appeals for the Second and Ninth Circuits.

Neal received his Juris Doctor from Boston University School of Law in 2011, graduating cum laude with two Dean's Awards. During law school, Neal served as a Senior Articles Editor for the Review of Banking and Financial Law, where he authored two published articles about securitization reforms, both of which were cited by the New York Court of Appeals, the highest court in the state. Neal was also awarded Best Oral Argument in his moot court section, and he served as a Research Assistant for his Securities Regulation professor. Neal has also been honored as a 2014, 2015, 2016, and 2017 Super Lawyers Rising Star. In 2007, Neal graduated with Honors from Brown University with a dual major in East Asian Studies and Philosophy.

### *Selected Published Decisions:*

*Martinelli v. Johnson & Johnson*, 2019 WL 1429653 (N.D. Cal. Mar. 29, 2019), granting class certification of false advertising and other claims brought by purchasers of Benecol spreads labeled with the representation "No Trans Fats."

*Dzielak v. Whirlpool Corp.*, 2017 WL 6513347 (D.N.J. Dec. 20, 2017), granting class certification of consumer protection claims brought by purchasers of Maytag Centennial washing machines marked with the "Energy Star" logo.

*Duran v. Obesity Research Institute*, LLC, 204 Cal. Rptr. 3d 896 (Cal. Ct. App. 2016), reversing and remanding final approval of a class action settlement on appeal, regarding allegedly mislabeled dietary supplements, in connection with a meritorious objection.

*Marchuk v. Faruqi & Faruqi, LLP*, et al., 100 F. Supp. 3d 302 (S.D.N.Y. 2015), granting individual and law firm defendants' motion for judgment as a matter of law on plaintiff's claims for retaliation and defamation, as well as for all claims against law firm partners, Nadeem and Lubna Faruqi.

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014), granting nationwide class certification of false advertising and other claims brought by purchasers of purported "100% Pure Olive Oil" product.

*Ebin v. Kangadis Food Inc.*, 2014 WL 737878 (S.D.N.Y. Feb. 25, 2014), denying distributor's motion for summary judgment against nationwide class of purchasers of purported "100% Pure Olive Oil" product.

### *Selected Class Settlements:*

*In Re NVIDIA GTX 970 Graphics Chip Litigation*, Case No. 15-cv-00760-PJH (N.D. Cal. Dec. 7, 2016) – final approval granted for $4.5 million class action settlement to resolve claims that a computer graphics card was allegedly sold with false and misleading representations concerning its specifications and performance.

*Hendricks v. StarKist Co.*, 2016 WL 5462423 (N.D. Cal. Sept. 29, 2016) – final approval granted for $12 million class action settlement to resolve claims that 5-ounce cans of tuna were allegedly underfilled.

*In re: Kangadis Food Inc.*, Case No. 8-14-72649 (Bankr. E.D.N.Y. Dec. 17, 2014) – class action claims resolved for $2 million as part of a Chapter 11 plan of reorganization, after a corporate defendant filed for bankruptcy, following claims that its olive oil was allegedly sold with false and misleading representations.

### *Selected Publications:*

Neal Deckant, *X. Reforms of Collateralized Debt Obligations: Enforcement, Accounting and Regulatory Proposals*, 29 Rev. Banking & Fin. L. 79 (2009) (cited in *Quadrant Structured Products Co., Ltd. v. Vertin*, 16 N.E.3d 1165, 1169 n.8 (N.Y. 2014)).

Neal Deckant, *Criticisms of Collateralized Debt Obligations in the Wake of the Goldman Sachs Scandal*, 30 Rev. Banking & Fin. L. 407 (2010) (cited in *Quadrant Structured Products Co., Ltd. v. Vertin*, 16 N.E.3d 1165, 1169 n.8 (N.Y. 2014); *Lyon Village Venetia, LLC v. CSE Mortgage LLC*, 2016 WL 476694, at *1 n.1 (Md. Ct. Spec. App. Feb. 4, 2016); Ivan Ascher, Portfolio Society: On the Capitalist Mode of Prediction, at 141, 153, 175 (Zone Books / The MIT Press 2016); Devon J. Steinmeyer, *Does State National Bank of Big Spring v. Geithner Stand a Fighting Chance?*, 89 Chi.-Kent. L. Rev. 471, 473 n.13 (2014)).

## YITZCHAK KOPEL

Yitzchak Kopel is a Partner with Bursor & Fisher, P.A. Yitz focuses his practice on consumer class actions, employment law disputes, and complex business litigation.  He has represented corporate and individual clients before federal and state courts, as well as in arbitration proceedings.

Yitz has substantial experience in successfully litigating and resolving consumer class actions involving claims of consumer fraud, data breaches, and violations of the telephone consumer protection act.  Since 2014, Yitz has obtained class certification on behalf of his clients five times, three of which were certified as nationwide class actions.  Bursor & Fisher was appointed as class counsel to represent the certified classes in each of the cases.

Yitz is admitted to the State Bars of New York and New Jersey, the bar of the United States Court of Appeals for the Eleventh and Ninth Circuits, and the bars of the United States District Courts for the Southern District of New York, Eastern District of New York, Eastern District of Missouri, Eastern District of Wisconsin, and District of New Jersey.

Yitz received his Juris Doctorate from Brooklyn Law School in 2012, graduating *cum laude* with two Dean's Awards. During law school, Yitz served as an Articles Editor for the Brooklyn Law Review and worked as a Law Clerk at Shearman & Sterling. In 2009, Yitz graduated *cum laude* from Queens College with a B.A. in Accounting.

### *Selected Published Decisions:*

*Poppiti v. United Industries Corp.*, 2020 WL 1433642 (E.D. Mo. Mar. 24, 2020), denying motion to dismiss claims in putative class action concerning citronella candles.

BURSOR&FISHER
P.A.

*Bakov v. Consolidated World Travel, Inc.*, 2019 WL 6699188 (N.D. Ill. Dec. 9, 2019), granting summary judgment on behalf of certified class in robocall class action.

*Krumm v. Kittrich Corp.*, 2019 WL 6876059 (E.D. Mo. Dec. 17, 2019), denying motion to dismiss claims in putative class action concerning mosquito repellent.

*Crespo v. S.C. Johnson & Son, Inc.*, 394 F. Supp. 3d 260 (S.D.N.Y. 2019), denying defendant's motion to dismiss fraud and consumer protection claims in putative class action regarding Raid insect fogger.

*Bakov v. Consolidated World Travel, Inc.*, 2019 WL 1294659 (N.D. Ill. Mar. 21, 2019), certifying a class of persons who received robocalls in the state of Illinois.

*Bourbia v. S.C. Johnson & Son, Inc.*, 375 F. Supp. 3d 454 (S.D.N.Y. 2019), denying defendant's motion to dismiss fraud and consumer protection claims in putative class action regarding mosquito repellent.

*Hart v. BHH, LLC*, 323 F. Supp. 3d 560 (S.D.N.Y. 2018), denying defendants' motion for summary judgment in certified class action involving the sale of ultrasonic pest repellers.

*Hart v. BHH, LLC*, 2018 WL 3471813 (S.D.N.Y. July 19, 2018), denying defendants' motion to exclude plaintiffs' expert in certified class action involving the sale of ultrasonic pest repellers.

*Penrose v. Buffalo Trace Distillery, Inc.*, 2018 WL 2334983 (E.D. Mo. Feb. 5, 2018), denying bourbon producers' motion to dismiss fraud and consumer protection claims in putative class action.

*West v. California Service Bureau, Inc.*, 323 F.R.D. 295 (N.D. Cal. 2017), certifying a nationwide class of "wrong-number" robocall recipients.

*Hart v. BHH, LLC*, 2017 WL 2912519 (S.D.N.Y. July 7, 2017), certifying nationwide class of purchasers of ultrasonic pest repellers.

*Browning v. Unilever United States, Inc.*, 2017 WL 7660643 (C.D. Cal. Apr. 26, 2017), denying motion to dismiss fraud and warranty claims in putative class action concerning facial scrub product.

*Brenner v. Procter & Gamble Co.*, 2016 WL 8192946 (C.D. Cal. Oct. 20, 2016), denying motion to dismiss warranty and consumer protection claims in putative class action concerning baby wipes.

*Hewlett v. Consolidated World Travel, Inc.*, 2016 WL 4466536 (E.D. Cal. Aug. 23, 2016), denying telemarketer's motion to dismiss TCPA claims in putative class action.

*Bailey v. KIND, LLC*, 2016 WL 3456981 (C.D. Cal. June 16, 2016), denying motion to dismiss fraud and warranty claims in putative class action concerning snack bars.

**BURSOR&FISHER**
P.A.

*Hart v. BHH, LLC*, 2016 WL 2642228 (S.D.N.Y. May 5, 2016) denying motion to dismiss warranty and consumer protection claims in putative class action concerning ultrasonic pest repellers.

*Marchuk v. Faruqi & Faruqi, LLP, et al.*, 100 F. Supp. 3d 302 (S.D.N.Y. 2015), granting clients' motion for judgment as a matter of law on claims for retaliation and defamation in employment action.

*In re Scotts EZ Seed Litigation*, 304 F.R.D. 397 (S.D.N.Y. 2015), granting class certification of false advertising and other claims brought by New York and California purchasers of grass seed product.

*Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217 (E.D.N.Y. 2015), denying diet pill manufacturers' motion to dismiss its purchasers' allegations for breach of express warranty in putative class action.

*Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151 (S.D.N.Y. 2014), denying online job board's motion to dismiss its subscribers' allegations of consumer protection law violations in putative class action.

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014), granting nationwide class certification of false advertising and other claims brought by purchasers of purported "100% Pure Olive Oil" product.

*Ebin v. Kangadis Food Inc.*, 2014 WL 737878 (S.D.N.Y. Feb. 25, 2014), denying distributor's motion for summary judgment against nationwide class of purchasers of purported "100% Pure Olive Oil" product.

### *Selected Class Settlements:*

*Hart v. BHH, LLC*, Case No. 1:15-cv-04804 (S.D.N.Y. Sept. 22, 2020), resolving class action claims regarding ultrasonic pest repellers.

*In re: Kangadis Food Inc.*, Case No. 8-14-72649 (Bankr. E.D.N.Y. Dec. 17, 2014), resolving class action claims for $2 million as part of a Chapter 11 plan of reorganization, after a corporate defendant filed for bankruptcy following the certification of nationwide claims alleging that its olive oil was sold with false and misleading representations.

*West v. California Service Bureau*, Case No. 4:16-cv-03124-YGR (N.D. Cal. Jan. 23, 2019), resolving class action claims against debt-collector for wrong-number robocalls for $4.1 million.

### FREDERICK J. KLORCZYK III

Frederick J. Klorczyk III is a Partner with Bursor & Fisher, P.A.  Fred focuses his practice on complex business litigation and consumer class actions.

BURSOR&FISHER
P.A.

Fred has substantial experience in successfully litigating and resolving consumer class actions involving claims of mislabeling, false or misleading advertising, and privacy violations. In 2019, Fred certified both a California and a 10-state express warranty class on behalf of purchasers of a butter substitute.  In 2014, Fred served on the litigation team in *Ebin v. Kangadis Food Inc*.  At class certification, Judge Rakoff adopted Fred's choice of law fraud analysis and research directly into his published decision certifying a nationwide fraud class.

Fred is admitted to the State Bars of California, New York, and New Jersey, and is a member of the bars of the United States District Courts for the Northern, Central, Eastern, and Southern Districts of California, the Southern, Eastern, and Northern Districts of New York, the District of New Jersey, and the Northern District of Illinois, as well as the bars of the United States Court of Appeals for the Second and Ninth Circuits.

Fred received his Juris Doctor from Brooklyn Law School in 2013, graduating m*agna cum laude* with two CALI Awards for the highest grade in his classes on conflict of laws and criminal law.  During law school, Fred served as an Associate Managing Editor for the Brooklyn Journal of Corporate, Financial and Commercial Law and as an intern to the Honorable Alison J. Nathan of the United States District Court for the Southern District of New York and the Honorable Janet Bond Arterton of the United States District Court for the District of Connecticut.  In 2010, Fred graduated from the University of Connecticut with a B.S. in Finance.

### *Selected Published Decisions:*

*Revitch v. New Moosejaw, LLC*, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019), denying defendants' motions to dismiss consumer's allegations of state privacy law violations in putative class action.

*In re Welspun Litigation*, 2019 WL 2174089 (S.D.N.Y. May 20, 2019), denying retailers' and textile manufacturer's motion to dismiss consumers' allegations of false advertising relating to purported "100% Egyptian Cotton" linen products.

*Martinelli v. Johnson & Johnson*, 2019 WL 1429653 (E.D. Cal. Mar. 29, 2019), granting class certification of California false advertising claims and multi-state express warranty claims brought by purchasers of a butter substitute.

*Porter v. NBTY, Inc.*, 2016 WL 6948379 (N.D. Ill. Nov. 28, 2016), denying supplement manufacturer's motion to dismiss consumers' allegations of false advertising relating to whey protein content.

*Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d. 282 (S.D.N.Y. 2015), denying supplement manufacturer's motion to dismiss consumers' allegations of false advertising relating to a homeopathic cold product.

*In re Scotts EZ Seed Litigation*, 304 F.R.D. 397 (S.D.N.Y. 2015), granting class certification of false advertising and other claims brought by New York and California purchasers of grass seed product.

BURSOR&FISHER
P.A.

*Marchuk v. Faruqi & Faruqi, LLP, et al.*, 100 F. Supp. 3d 302 (S.D.N.Y. 2015), granting individual and law firm defendants' motion for judgment as a matter of law on plaintiff's claims for retaliation and defamation, as well as for all claims against law firm partners, Nadeem and Lubna Faruqi.

*Ebin v. Kangadis Food Inc.*, Case No. 13-4775 (2d Cir. Apr. 15, 2015), denying olive oil manufacturer's Rule 23(f) appeal following grant of nationwide class certification.

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014), granting nationwide class certification of false advertising and other claims brought by purchasers of purported "100% Pure Olive Oil" product.

*Ebin v. Kangadis Food Inc.*, 2014 WL 737878 (S.D.N.Y. Feb. 25, 2014), denying distributor's motion for summary judgment against nationwide class of purchasers of purported "100% Pure Olive Oil" product.

### *Selected Class Settlements:*

*Gregorio v. Premier Nutrition Corp.*, Case No. 17-cv-05987-AT (S.D.N.Y. 2019) – final approval granted for $9 million class settlement to resolve claims of protein shake purchasers for alleged false advertising.

*Ruppel v. Consumers Union of United States, Inc.*, Case No. 16-cv-02444-KMK (S.D.N.Y. 2018) – final approval granted for $16.375 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*In Re: Blue Buffalo Marketing And Sales Practices Litigation*, Case No. 14-MD-2562-RWS (E.D. Mo. 2016) –final approval granted for $32 million class settlement to resolve claims of pet owners for alleged false advertising of pet foods.

*In re: Kangadis Food Inc.*, Case No. 8-14-72649 (Bankr. E.D.N.Y. Dec. 17, 2014) – resolved class action claims for $2 million as part of a Chapter 11 plan of reorganization, after a corporate defendant filed for bankruptcy following the certification of nationwide claims alleging that its olive oil was sold with false and misleading representations.

## YEREMEY O. KRIVOSHEY

Yeremey O. Krivoshey is a Partner with Bursor & Fisher, P.A.  Mr. Krivoshey focuses his practice on class actions involving false advertising, fraud, illegal fees in consumer contracts, invasion of privacy, and unlawful debt collection practices.  He has represented clients in a wide array of civil litigation, including appeals before the Ninth Circuit.

Mr. Krivoshey served as trial counsel with Mr. Bursor in *Perez. v. Rash Curtis & Associates*, where, in May 2019, the jury returned a verdict for a minimum of $267 million in statutory damages under the Telephone Consumer Protection Act.

Mr. Krivoshey is admitted to the State Bar of California.  He is also a member of the bars of the United States Court of Appeals for the Ninth Circuit and the United States District Courts for the Northern, Central, Southern, and Eastern Districts of California, as well as the District of Colorado.

Mr. Krivoshey graduated from New York University School of Law in 2013, where he was a Samuel A. Herzog Scholar.  Prior to Bursor & Fisher, P.A., Mr. Krivoshey worked as a Law Clerk at Vladeck, Waldman, Elias & Engelhard, P.C, focusing on employment discrimination and wage and hour disputes.  In law school, he has also interned at the American Civil Liberties Union and the United States Department of Justice.  In 2010, Mr. Krivoshey graduated *cum laude* from Vanderbilt University.

### Representative Cases:

*Perez v. Rash Curtis & Associates*, Case No. 16-cv-03396-YGR (N.D. Cal. May 13, 2019).  Mr. Krivoshey litigated claims against a national health-care debt collection agency on behalf of people that received autodialed calls on their cellular telephones without their prior express consent.  Mr. Krivoshey successfully obtained nationwide class certification, defeated the defendant's motion for summary judgment, won summary judgment as to the issue of prior express consent and the use of automatic telephone dialing systems, and navigated the case towards trial.  With his partner, Scott Bursor, Mr. Krivoshey obtained a jury verdict finding that the defendant violated the Telephone Consumer Protection Act ("TCPA") 534,712 times.  Under the TCPA, class members are entitled to a minimum of $500 per each call made in violation of the TCPA – in this case, a minimum of $267 million for 534,712 unlawful calls.

### Selected Published Decisions:

*Bayol v. Zipcar, Inc.*, 2014 WL 4793935 (N.D. Cal. Sept. 25, 2014), denying enforcement of forum selection clause based on public policy grounds.

*Bayol v. Zipcar, Inc.*, 78 F. Supp. 3d 1252 (N.D. Cal. Jan. 29, 2015), denying car-rental company's motion to dismiss its subscriber's allegations of unlawful late fees.

*Brown v. Comcast Corp.*, 2016 WL 9109112 (C.D. Cal. Aug. 12, 2016), denying internet service provider's motion to compel arbitration of claims alleged under the Telephone Consumer Protection Act.

*Choi v. Kimberly-Clark Worldwide, Inc.*, 2019 WL 4894120 (C.D. Cal. Aug. 28, 2019), denying tampon manufacturer's motion to dismiss its customer's design defect claims.

*Horanzy v. Vemma Nutrition Co.*, Case No. 15-cv-298-PHX-JJT (D. Ariz. Apr. 16, 2016), denying multi-level marketer's and its chief scientific officer's motion to dismiss their customer's fraud claims.

*McMillion, et al. v. Rash Curtis & Associates*, 2017 WL 3895764 (N.D. Cal. Sept. 6, 2017), granting nationwide class certification of Telephone Consumer Protection Act claims by persons receiving autodialed and prerecorded calls without consent.

BURSOR&FISHER
P.A.

*McMillion, et al. v. Rash Curtis & Associates*, 2018 WL 692105 (N.D. Cal. Feb. 2, 2018), granting plaintiffs' motion for partial summary judgment on Telephone Consumer Protection Act violations in certified class action.

*Perez v. Indian Harbor Ins. Co*., 2020 WL 2322996 (N.D. Cal. May 11, 2020), denying insurance company's motion to dismiss or stay assigned claims of bad faith and fair dealing arising out of $267 million trial judgment.

*Perez v. Rash Curtis & Associates*, 2020 WL 1904533 (N.D. Cal. Apr. 17, 2020), upholding constitutionality of $267 million class trial judgment award.

*Salazar v. Honest Tea, Inc*., 2015 WL 7017050 (E.D. Cal. Nov. 12. 2015), denying manufacturer's motion for summary judgment as to customer's false advertising claims.

### *Selected Class Settlements:*

*Juarez-Segura, et al. v. Western Dental Services, Inc*. (Cal. Sup. Ct.) $35 million settlement to resolve claims of dental customers for alleged unlawful late fees.

*Moore v. Kimberly-Clark Worldwide, Inc*. (Ill. Cir. Ct.) $10.5 million settlement to resolve claims of tampon purchasers for alleged defective products.

*Retta v. Millennium Prods., Inc*., 2017 WL 5479637 (C.D. Cal. Aug. 22, 2017) granting final approval of $8.25 million settlement to resolve claims of kombucha purchasers for alleged false advertising.

*Cortes v. National Credit Adjusters, L.L.C.* (E.D. Cal.) $6.8 million settlement to resolve claims of persons who received alleged autodialed calls without prior consent in violation of the TCPA.

*Bayol et al. v. Health-Ade LLC, et al.* (N.D. Cal.) – granting final approval of $3,997,500 settlement to resolve claims of kombucha purchasers for alleged false advertising.

### PHILIP L. FRAIETTA

Philip L. Fraietta is a Partner with Bursor & Fisher, P.A. Phil focuses his practice on data privacy, complex business litigation, consumer class actions, and employment law disputes.

Phil has significant experience in litigating consumer class actions, particularly those involving data privacy claims. Since 2016, Phil has settled five state privacy law actions on a class-wide basis for a total of over $95 million in settlement value for class members. In addition to data privacy claims, Phil has significant experience in litigating and settling class action claims involving dietary supplements.

Phil is admitted to the State Bars of New York and New Jersey, the bars of the United States District Courts for the Southern District of New York, the Eastern District of New York, the Western District of New York, the Northern District of New York, the District of New Jersey, the Eastern District of Michigan and the United States Court of Appeals for the Second Circuit. Phil was a Summer Associate with Bursor & Fisher prior to joining the firm.

BURSOR&FISHER
P.A.

Phil received his Juris Doctor from Fordham University School of Law in 2014, graduating cum laude. During law school, Phil served as an Articles & Notes Editor for the Fordham Law Review, and published two articles. In addition, Phil received the Addison M. Metcalf Labor Law Prize for the highest grade in his graduating class in the Labor Law course, and received the highest grade in his Anti-Discrimination Law & Policy course.  In 2011, Phil graduated cum laude from Fordham University with a B.A. in Economics.

### *Selected Published Decisions:*

*Boelter v. Hearst Communications, Inc.*, 269 F. Supp. 3d 172 (S.D.N.Y. 2017), granting plaintiff's motion for partial summary judgment on state privacy law violations in putative class action.

*Boelter v. Hearst Communications, Inc.*, 192 F. Supp. 3d 427 (S.D.N.Y. 2016), denying publisher's motion to dismiss its subscriber's allegations of state privacy law violations in putative class action.

*Boelter v. Advance Magazine Publishers Inc.*, 210 F. Supp. 3d 579 (S.D.N.Y. 2016), denying publisher's motion to dismiss its subscriber's allegations of state privacy law violations in putative class action.

*Porter v. NBTY, Inc.*, 2016 WL 6948379 (N.D. Ill. Nov. 28, 2016), denying supplement manufacturer's motion to dismiss consumers' allegations of false advertising relating to whey protein content.

### *Selected Class Settlements:*

*Edwards v. Hearst Communications, Inc.*, Case No. 15-cv-09279-AT (S.D.N.Y. 2019) – final approval granted for $50 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast*, Case No. 15-cv-05671-NRB (S.D.N.Y. 2019) – final approval granted for $13.75 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Gregorio v. Premier Nutrition Corp.*, Case No. 17-cv-05987-AT (S.D.N.Y. 2019) – final approval granted for $9 million class settlement to resolve claims of protein shake purchasers for alleged false advertising.

*Ruppel v. Consumers Union of United States, Inc.*, Case No. 16-cv-02444-KMK (S.D.N.Y. 2018) – final approval granted for $16.375 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Taylor v. Trusted Media Brands, Inc.*, Case No. 16-cv-01812-KMK (S.D.N.Y. 2018) – final approval granted for $8.225 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Moeller v. American Media, Inc.*, Case No. 16-cv-11367-JEL (E.D. Mich. 2017) – final approval granted for $7.6 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

## SARAH N. WESTCOT

Sarah N. Westcot is a Partner with Bursor & Fisher, P.A.  Ms. Westcot focuses her practice on complex business litigation, consumer class actions, and employment law disputes. She has represented clients in a wide array of civil litigation, and has substantial trial and appellate experience.

Ms. Westcot served as trial counsel in *Ayyad v. Sprint Spectrum L.P.*, where Bursor & Fisher won a jury verdict defeating Sprint's $1.06 billion counterclaim and securing the class's recovery of more than $275 million in cash and debt relief.

Ms. Westcot also has significant experience in high-profile, multi-district litigations.  She currently serves on the Plaintiffs' Steering Committee in *In re Zantac (Ranitidine) Products Liability Litigation,* MDL No. 2924 (S.D. Florida).

Ms. Westcot is admitted to the State Bars of California and Florida, and is a member of the bars of the United States District Courts for the Northern, Central, Southern, and Eastern Districts of California and the Southern and Middle Districts of Florida.

Ms. Westcot received her Juris Doctor from the University of Notre Dame Law School in 2009.  During law school, Ms. Westcot was a law clerk with the Cook County State's Attorney's Office in Chicago and the Santa Clara County District Attorney's Office in San Jose, CA.  She graduated with honors from the University of Florida in 2005.

## ALEC M. LESLIE

Alec Leslie is an Associate with Bursor & Fisher, P.A.  He focuses his practice on consumer class actions, employment law disputes, and complex business litigation.

Alec is admitted to the State Bar of New York and is a member of the bar of the United States District Courts for the Southern and Eastern Districts of New York.  Alec was a Summer Associate with Bursor & Fisher prior to joining the firm.

Alec received his Juris Doctor from Brooklyn Law School in 2016, graduating *cum laude*.  During law school, Alec served as an Articles Editor for Brooklyn Law Review.  In addition, Alec served as an intern to the Honorable James C. Francis for the Southern District of New York and the Honorable Vincent Del Giudice, Supreme Court, Kings County.  Alec graduated from the University of Colorado with a B.A. in Philosophy in 2012.

## BLAIR E. REED

Blair Reed is an Associate with Bursor & Fisher, P.A. She focuses her practice on complex business litigation and consumer class actions.

BURSOR & FISHER
P.A.

Blair served on the trial team for *Perez v. Rash Curtis & Associates*, where Bursor & Fisher won a jury verdict of over $265 million for violations of the Telephone Consumer Protection Act.

Blair is admitted to the State Bar of California and is a member of the bars of the United States District Courts for the Northern, Central, Southern, and Eastern Districts of California.

Blair received her Juris Doctor from the University of San Francisco School of Law in 2017, where she was a Dean's Scholar and served as a staff member for USF Law Review. During law school, Blair worked as a Law Clerk at a Bay Area law firm with a focus on wage and hour class actions. In addition, she worked as a Law Clerk at the Santa Cruz County District Attorney's Office. In 2013, Blair graduated from the University of San Francisco where she played on the Women's Tennis Team and studied Communications.

### ANDREW OBERGFELL

Andrew Obergfell is an Associate with Bursor & Fisher, P.A. Andrew focuses his practice on complex civil litigation and class actions.

Andrew graduated from Drew University with *summa cum laude* distinction. While at Drew University, Andrew was captain of the varsity baseball team. Andrew was inducted into the Phi Beta Kappa honor society and was President of the college's chapter of the Pi Sigma Alpha political science honor society.

Andrew attended Seton Hall University School of Law, where he obtained his law degree with *magna cum laude* distinction, and was inducted into the prestigious Order of the Coif honor society. While in law school, Andrew was an editor and published author for the Seton Hall Law Review, participated in the Impact Litigation Clinic, and was a member of the Interscholastic Moot Court Board. As part of the Interscholastic Moot Court Board, Andrew received the national best-brief award in the 2015 ABA National Appellate Advocacy Competition, as well as the 2015 best student-written brief of the year award as recognized by Scribes, the American Society of Legal Writers.

Prior to joining the firm, Andrew practiced at an AmLaw 100 law firm. He also clerked for The Honorable Douglas M. Fasciale in the New Jersey Superior Court, Appellate Division, in Newark, New Jersey.

### STEPHEN BECK

Stephen is an Associate with Bursor & Fisher, P.A. Stephen focuses his practice on complex civil litigation and class actions.

Stephen is admitted to the State Bar of Florida and is a member of the bars of the United States District Courts for the Southern and Middle Districts of Florida.

Stephen received his Juris Doctor from the University of Miami School of Law in 2018. During law school, Stephen received an Honors distinction in the Litigation Skills Program and

BURSOR&FISHER
P.A.

was awarded the Honorable Theodore Klein Memorial Scholarship for excellence in written and oral advocacy. Stephen also received the CALI Award in Legislation for earning the highest grade on the final examination. Stephen graduated from the University of North Florida with a B.A. in Philosophy in 2015.

## BRITTANY SCOTT

Brittany Scott is an Associate with Bursor & Fisher, P.A.  She is admitted to the State Bar of California and is a member of the bars of the United States District Courts for the Northern, Central, Southern, and Eastern Districts of California.

Brittany received her Juris Doctor from the University of California, Hastings College of the Law in 2019, graduating *cum laude.* During law school, Brittany was a member of the Constitutional Law Quarterly, for which she was the Executive Notes Editor. Brittany published a note in the Constitutional Law Quarterly entitled "Waiving Goodbye to First Amendment Protections: First Amendment Waiver by Contract." Brittany also served as a judicial extern to the Honorable Andrew Y.S. Cheng for the San Francisco Superior Court. In 2016, Brittany graduated from the University of California Berkeley with a B.A. in Political Science.

## MAX ROBERTS

Max Roberts is an Associate with Bursor & Fisher, P.A.  Max focuses his practice on complex civil litigation and class actions.  Max was a Summer Associate with Bursor & Fisher prior to joining the firm.

Max is admitted to the State Bar of New York and is a member of the bars of the United States District Courts for the Northern, Southern, and Eastern Districts of New York.

Max received his Juris Doctor from Fordham University School of Law in 2019, graduating *cum laude.*  During law school, Max was a member of Fordham's Moot Court Board, the Brennan Moore Trial Advocates, and the Fordham Urban Law Journal, for which he published a note entitled *Weaning Drug Manufacturers Off Their Painkiller: Creating an Exception to the Learned Intermediary Doctrine in Light of the Opioid Crisis*.  In addition, Max served as an intern to the Honorable Vincent L. Briccetti of the Southern District of New York and the Fordham Criminal Defense Clinic.  Max graduated from Johns Hopkins University in 2015 with a B.A. in Political Science.

Outside of the law, Max is an avid triathlete.

## JULIA VENDITTI

Julia Venditti is a Law Clerk with Bursor & Fisher, P.A.  Julia focuses her practice on complex civil litigation and class actions.  Julia was a Summer Associate with Bursor & Fisher prior to joining the firm.

Julia received her Juris Doctor from the University of California, Hastings College of the Law, in 2020, graduating *cum laude* and as a member of the UC Hastings Honor Society, with two CALI Awards for earning the highest grade in her Evidence and California Community

**BURSOR & FISHER**
P.A.

Property classes.  During law school, Julia was a member of the UC Hastings Moot Court team and competed at the Evans Constitutional Law Moot Court Competition, where she finished as a national quarterfinalist and received a brief award.  She was also awarded Best Brief and Honorable Mention for Best Oralist in her First-Year Moot Court section, and she served as a Research Assistant for her Constitutional Law professor.  In addition, Julia worked as a Law Clerk at the San Francisco Public Defender's Office.  Julia graduated from Baruch College/CUNY, Weissman School of Arts and Sciences, in 2017 with a B.A. in Political Science.

## CHRISTOPHER R. REILLY

Chris Reilly is a Law Clerk with Bursor & Fisher, P.A. Chris focuses his practice on consumer class actions and complex business litigation.

Chris received his Juris Doctor from Georgetown University Law Center in 2020. During law school, Chris clerked for the Senate Judiciary Committee, where he worked on antitrust and food and drug law matters under Senator Richard Blumenthal.  He has also clerked for the Mecklenburg County District Attorney's Office, the ACLU Prison Project, and the Pennsylvania General Counsel's Office.  Chris served as Senior Editor of Georgetown's Journal of Law and Public Policy.  In 2017, Chris graduated from the University of Florida with a B.A. in Political Science.

# **<u>EXHIBIT B</u>**

1

2

3

4

5        **UNITED STATES DISTRICT COURT**

6        **NORTHERN DISTRICT OF CALIFORNIA**

7

8 **JI KWON,**           Case No. 4:20-cv-09328-YGR

9       Plaintiff,      **ORDER GRANTING PLAINTIFF JI KWON'S MOTION FOR CONSOLIDATION OF ACTIONS;**

10    v.          **APPOINTMENT OF LEAD PLAINTIFF; AND APPROVAL OF LEAD COUNSEL**

11 **ROBINHOOD FINANCIAL LLC, ET. AL.,**

12       Defendants.    Re: Dkt. No. 30

13 **EDUARDO LUPARELLO,**      Case No. 4:21-cv-00415-YGR

14       Plaintiff,

15    v.

16 **ROBINHOOD FINANCIAL LLC, ET. AL.,**

17       Defendants.

18 **SARKHAN NABI,**        Case No. 4:21-cv-00755-YGR

19       Plaintiff,

20    v.

21 **ROBINHOOD FINANCIAL LLC, ET. AL.,**

22       Defendants.

23 **ROBEL GHEBREHIWET,**      Case No. 4:21-cv-01739-YGR

24       Plaintiff,

25    v.

26 **ROBINHOOD FINANCIAL LLC, ET. AL.,**

27       Defendants.

28

*United States District Court*
*Northern District of California*

| | |
|---|---|
| **ISAAC LANDRETH,** | Case No. 4:21-cv-02010-YGR |
| Plaintiff, | |
| v. | |
| **ROBINHOOD FINANCIAL LLC, ET. AL.,** | |
| Defendants. | |

Before the Court is the unopposed[1] motion of plaintiff Ji Kwon requesting: (1) consolidation of the related actions;[2] (2) appointment as Lead Plaintiff; and (3) approval of Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B). (Dkt. No. 30.) The Related Actions challenge the actions of defendants Robinhood Financial LLC, Robinhood Securities, LLC, and Robinhood Markets, Inc. relating to the failure to disclose the processes of payment for order flow.

Having considered the papers filed in support of the motion, and for good cause shown therein, the Court **GRANTS** the motion and **HEREBY ENTERS** the following Order:[3]

## I.    CONSOLIDATION OF RELATED ACTIONS

The above-captioned class actions pending in this federal judicial district are **HEREBY CONSOLIDATED** for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Any actions that have been filed, or may be filed, which are related and which may be considered

---

[1] Defendants do not oppose the motion (Dkt. No. 42), and plaintiffs in the related actions discussed herein further do not oppose the motion. (*See* Dkt. Nos. 41 (notice of withdraw of competing motion to consolidate), 43 (non-opposition).)

[2] The related actions include: (i) *Kwon v. Robinhood Financial LLC*, No. 4:20-cv-09328-YGR (N.D. Cal.); (ii) *Luparello v. Robinhood Financial LLC*, No. 4:21-cv-00415-YGR (N.D. Cal.); (iii) *Nabi v. Robinhood Financial LLC*, No. 4:21-cv-0755-YGR (N.D. Cal.); and (iv) *Ghebrehiwet v. Robinhood Financial LLC*, No. 4:21-cv-01739 (N.D. Cal.). The Court also includes in this Order the later related case, *Landreth v. Robinhood Financial*, No. 4:21-cv-02010-YGR (N.D. Cal.). All together, *Kwon*, *Luparello*, *Nabi*, *Ghebrehiwet*, and *Landreth* are defined as the "Related Actions."

[3] The Court has reviewed the papers submitted by the parties in connection with Kwon's motion, and has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728-29 (9th Cir. 1991). Accordingly, the hearing set for April 13, 2021 is **VACATED.**

herewith, are consolidated under Case No. 4:20-cv-09328-YGR (the "Consolidated Action").

A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The docket number for the Master File shall be Master File No. 4:20-cv-09328-YGR. The original of this Order shall be filed by the Clerk in the Master File. Given the limitations imposed by the COVID-19 pandemic and limited court staff, notice to counsel of record shall be by posting of this Order in the Related Actions on ECF. Lead Counsel shall ensure that all parties have been notified and shall file a Notice to the Court confirming the same. All filings in the future shall be made solely within the Master File. The Clerk of the Court is further directed to administratively close the following actions:

1. *Luparello v. Robinhood Financial LLC*, No. 4:21-cv-00415-YGR (N.D. Cal.);

2. *Nabi v. Robinhood Financial LLC*, No. 4:21-cv-0755-YGR (N.D. Cal.);

3. *Ghebrehiwet v. Robinhood Financial LLC*, No. 4:21-cv-01739 (N.D. Cal.); and

4. *Landreth v. Robinhood Financial*, No. 4:21-cv-02010-YGR (N.D. Cal.)

Every pleading filed in the Consolidated Action shall bear the following caption: *In re Robinhood Order Flow Litigation*, Master File No. 4:20-cv-09328-YGR.

## II. APPOINTMENT OF LEAD COUNSEL AND LEAD PLAINTIFF

Kwon has moved this Court to be appointed as Lead Plaintiff in the Related Actions and to approve the counsel they retained to be Lead Counsel.

Having considered the provisions of Section 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that Kwon is the most adequate lead plaintiff and satisfies the requirements of the PSLRA. The Court **HEREBY APPOINTS** Kwon as Lead Plaintiff in the Related Actions to represent the interests of the class.

Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Kwon has selected and retained the law firms Ahdoot & Wolfson, PC, Bursor & Fisher, PA, and Liddle & Dubin PC to serve as Lead Counsel. The Court **APPROVES** Kwon's selection of Counsel for the Related Actions. That said, the Court is concerned that the leadership structure is too top heavy and may result in extra fees and costs. Within **five (5) business days**, Lead Counsel shall file with the Court an outline of the structure and anticipated lead on responsibilities and shall identify how

United States District Court
Northern District of California

1  Lead Counsel intend to ensure that this structure will not result in inefficiencies and duplicative

2  fees and costs.

3         Lead Counsel shall have the authority to speak for all plaintiffs and class members in all

4  matters regarding the litigation of the Related Actions, including, but not limited to, pretrial

5  proceedings, motion practice, trial and settlement.  Lead Counsel shall make all work assignments

6  in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid

7  duplicative or unproductive effort.  Additionally, Lead Counsel shall have the following

8  responsibilities and duties, to be carried out either personally or through counsel whom Lead

9  Counsel shall designate:

10        1.     to coordinate the briefing and argument of any and all motions;

11        2.     to coordinate the conduct of any and all discovery proceedings;

12        3.     to coordinate the examination of any and all witnesses in depositions;

13        4.     to coordinate the selection of counsel to act as spokesperson at all pretrial

14  conferences;

15        5.     to call meetings of the plaintiffs' counsel as they deem necessary and appropriate

16  from time to time;

17        6.     to coordinate all settlement negotiations with counsel for defendants;

18        7.     to coordinate and direct the pretrial discovery proceedings and the preparation for

19  trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be

20  required;

21        8.     to coordinate the preparation and filings of all pleadings;

22        9.     to supervise all other matters concerning the prosecution or resolution of the claims

23        asserted in the Related Actions; and

24        10.    to perform such other duties as may be expressly authorized by further Order of

25  this Court.

26        No motion, discovery request, or other pretrial proceedings shall be initiated or filed by

27  any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or

28  discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of the

1   Lead Counsel.

2          Service upon any plaintiff of all pleadings, motions, or other papers in the Related Actions,

3   except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon

4   service of Lead Counsel.  Lead Counsel shall be the contact between plaintiffs' counsel and

5   defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and

6   coordinate the activities of plaintiffs' counsel.  Lead Counsel shall be the contact between the

7   Court and plaintiffs and their counsel.

8   **III.   NEWLY FILED OR TRANSFERRED ACTIONS**

9          When a case that arises out of the subject matter of the Related Actions is hereinafter filed

10  in this Court or transferred from another Court, Lead Counsel shall advise the Court and the

11  parties in such so that the Clerk of this Court can:

12          1.     post a copy of this Order in the separate file for such action;

13          2.     by posting, advise the attorneys for the plaintiff(s) in the newly filed or transferred

14  case and to any new defendant(s) in the newly filed or transferred case of this action; and

15          3.     make the appropriate entry on the docket for this action.

16         Each new case that arises out of the subject matter of the action that is filed in this Court or

17  transferred to this Court shall be consolidated with the Related Actions and this Order shall apply

18  thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10)

19  days after the date upon which a copy of this Order is served on counsel for such party, file an

20  application for relief from this Order or any provision herein and this Court deems it appropriate

21  to grant such application.

22         During the pendency of this litigation, or until further order of this Court, the parties shall

23  take reasonable steps to preserve all documents within their possession, custody or control,

24  including computer-generated and stored information and materials such as computerized data and

25  electronic mail, containing information that is relevant to or which may lead to the discovery of

26  information relevant to the subject matter of the pending litigation.

27  **IV.   CONCLUSION**

28          For the foregoing reasons, the motion is **GRANTED**.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The Court **ORDERS** Kwon to file an amended consolidated complaint on or before **May 17,**

2    **2021**, which shall be the operative complaint in the Consolidated Action and shall supersede all

3    previous complaints filed in any of the Related Actions or any other action subsequently therewith

4    consolidated.  Defendants therefore need not answer, move, or otherwise respond to the

5    complaints currently filed in the other Related Actions (not including the Consolidated Action),

6    which shall be administratively closed as ordered below.

7    Moreover, as previously discussed, Lead Counsel shall file with the Court within **five (5)**

8    **business days** an outline of the structure and anticipated lead on responsibilities and shall identify

9    how Lead Counsel intend to ensure that this structure will not result in inefficiencies and

10   duplicative fees and costs.  Lead Counsel shall ensure that all parties have been notified and shall

11   file a Notice to the Court confirming the same as soon as reasonably practicable.

12   The Clerk of the Court is directed to consolidate the Related Actions, and name the

13   Consolidated Action under the following caption: *In re Robinhood Order Flow Litigation*, Master

14   File No. 4:20-cv-09328-YGR.

15   The Clerk of the Court is further directed to administratively close the following cases:

16   1.   *Luparello v. Robinhood Financial LLC*, No. 4:21-cv-00415-YGR (N.D. Cal.);

17   2.   *Nabi v. Robinhood Financial LLC*, No. 4:21-cv-0755-YGR (N.D. Cal.);

18   3.   *Ghebrehiwet v. Robinhood Financial LLC*, No. 4:21-cv-01739 (N.D. Cal.); and

19   4.   *Landreth v. Robinhood Financial*, No. 4:21-cv-02010-YGR (N.D. Cal.).

20   This Order terminates Docket Number 30.

21   **IT IS SO ORDERED.**

22   Dated: April 12, 2021

23

24   **YVONNE GONZALEZ ROGERS**
     **UNITED STATES DISTRICT JUDGE**

25

26

27

28

# **<u>EXHIBIT C</u>**

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11   YESENIA MELGAR,                              No.  2:14-cv-00160-MCE-AC

12                  Plaintiff,

13        v.                                      **MEMORANDUM AND ORDER**

14   ZICAM, LLC, et al.,

15                  Defendants.

16

17        This putative class action proceeds on Plaintiff Yesenia Melgar's ("Plaintiff") First

18   Amended Complaint ("FAC").  Presently before the Court is Plaintiff's unopposed Motion

19   to Appoint Interim Counsel (ECF No. 18).  For the following reasons, that Motion is

20   GRANTED.[1]

21

22                                      **ANALYSIS**

23

24        By way of this action, Plaintiff alleges that Defendants' product Zicam, "The Pre-

25   Cold Medicine," is an over-the-counter homeopathic remedy that Defendants falsely

26   represent prevents, shortens, and reduces the severity of the common cold.  FAC, § 1.

27   _____

28        [1] Because oral argument would not be of material assistance, the Court ordered this matter
     submitted on the briefs.  E.D. Cal. Local R. 230(g).

                                            1

1    Despite Defendants' claims that, among other things, Zicam is "clinically proven to

2    shorten colds" and "reduces duration and severity of the common cold," Plaintiff

3    contends that the Zicam products contain only highly diluted concentration of the

4    purported "active ingredients" and are really nothing more than placebos.  Id. at ¶ 2.

5    Plaintiff alleges she purchased a Zicam product, did not obtain the advertised relief, and

6    she thus initiated this action on behalf of a nationwide class of Zicam users pursuing

7    causes of action under both state and federal law.  Id. at ¶¶ 68-70.  No class has yet

8    been certified, but Plaintiff moves for the appointment of interim counsel on the basis

9    that her existing counsel, Bursor & Fisher, P.A. ("Bursor & Fisher"), is best qualified to

10   represent the class in this litigation.

11        Pursuant to Rule 23(g)(3), the Court may designate interim class counsel to

12   represent the interests of the alleged class in initial proceedings, even before

13   determining whether to certify the class as a whole.  Courts have held that the same

14   standards applicable to choosing class counsel at the time of class certification apply in

15   choosing interim class counsel.  See In re Air Cargo Shipping Services Antitrust

16   Litigation, 240 F.R.D. 56, 57 (E.D.N.Y.2006) ("Although neither the federal rules nor the

17   advisory committee notes expressly so state, it appears to be generally accepted that

18   the considerations set out in [Fed.R.Civ.P. 23(g)(1)(A) and (B) ], which governs

19   appointment of class counsel once a class is certified, apply equally to the designation of

20   class counsel before certification.").

21        "In appointing class counsel, the Court . . . must consider: (i) the work counsel has

22   done in identifying or investigating potential claims in the action; (ii) counsel's experience

23   in handling class actions, other complex litigation, and the types of claims asserted in the

24   action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel

25   will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A).  The Court may

26   further consider, "any other matter pertinent to counsel's ability to fairly and adequately

27   represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  In addition, "[c]lass

28   counsel must fairly and adequately represent the interests of the class."  Fed. R. Civ. P.

1  23(g)(4).

2         The Court has reviewed Plaintiff's Motion and her supporting documentation and

3  concludes that each of the relevant Rule 23 considerations supports appointment of

4  Bursor & Fisher in this case.  As to the work counsel has done in identifying and

5  investigating potential claims, Bursor & Fisher has already conducted extensive

6  investigation into the efficacy of homeopathic products, Defendants' marketing strategies

7  and representations, and Defendants' corporate structure.  Decl. of Annick M. Persinger,

8  ¶¶ 10-11.  Counsel has also interviewed consumers and evaluated the role Defendants'

9  claims play in purchasing decisions.  Id., ¶ 11.  Finally, counsel filed the instant action,

10  served initial discovery, and anticipates engaging in further discovery and motion

11  practice prior to the time a class would be certified.  Id., ¶ 12-13.  The work Bursor &

12  Fisher has already completed will enable the firm to efficiently litigate this case through

13  pre-certification proceedings and potential class certification.

14         As for the remaining factors, which are interrelated, Plaintiff has provided ample

15  support for her position that Bursor & Fisher is eminently qualified to represent a class in

16  this type of litigation.  Counsel has extensive experience representing plaintiffs in large

17  class actions, both in negotiating settlements and litigating through trial.  Id., ¶¶ 3-9.

18  Moreover, Bursor & Fisher has been appointed co-lead counsel in another similar class

19  action focused on purchasers of a children's homeopathic cold and flu remedies and in a

20  separate multi-district litigation.  Id., ¶¶ 6-7.  Given counsel's experience litigating not

21  only high-stakes class actions, but also actions concerning allegations very similar to

22  those before the Court here, Counsel has also demonstrated the requisite knowledge of

23  the applicable law.  In sum, Bursor & Fisher is a well-established, reputable firm that is

24  up to handling the challenges of this litigation and is capable of committing the requisite

25  resources to doing so.  See id., ¶¶ 14-15.  The Court is confident that Bursor & Fisher

26  will fairly and adequately represent the interests of the class.

27

28                                    **CONCLUSION**

3

1

2          For the reasons just stated, Plaintiff's Motion to Appoint Interim Class Counsel

3   (ECF No. 18), Bursor & Fisher, is GRANTED.

4          IT IS SO ORDERED.

5   Dated:  October 29, 2014

6

7

8   _____
    MORRISON C. ENGLAND, JR., CHIEF JUDGE

9   UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE RODRIGUEZ,

                  Plaintiff,

        - against -

CITIMORTGAGE, INC.,

                  Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/14/11

**ECF CASE**

**ORDER**

11 Civ. 4718 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure, Plaintiff Jorge

Rodriguez moves this Court for an order appointing Scott A. Bursor of Bursor & Fisher, P.A.,

Gary Lynch of Carlson Lynch Ltd., and Gerald D. Wells III of Faruqi & Faruqi, LLP, as interim

class counsel. For the reasons stated below, Plaintiff's motion will be GRANTED.

## BACKGROUND

        On July 8, 2011 Plaintiff Jorge Rodriguez filed this action on behalf of himself

and all others similarly situated against Defendant CitiMortgage. (Dkt. No. 1) The Complaint

alleges violations of 50 App. U.S.C. § 533(c) of the Servicemembers Civil Relief Act ("SCRA")

on behalf of all members of the United States Armed Forces who obtained a mortgage prior to

military service and whose property was foreclosed, seized, or sold by CitiMortgage while they

were entitled to the protections of the SCRA. (Cmplt. ¶ 25) Plaintiff alleges that while he was

on active military duty, CitiMortgage foreclosed on his mortgage, seized his property, and sold

it, in violation of the SCRA. (Id. ¶ 1)

        On August 1, 2011, Plaintiff moved for appointment of interim class counsel.

(Dkt. No. 6) No other applicant has made a motion for appointment of interim class counsel, and

Defendant does not oppose the motion. (Dkt. No. 11)

## DISCUSSION

Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." In selecting interim class counsel, courts look

> to the criteria for determining the adequacy of class counsel set forth in Rule 23(g)(1)(A): (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

Anderson v. Fiserv, Inc., No. 09 Civ. 5400(BSJ)(FM), 2010 WL 571812, at *2 (S.D.N.Y. Jan. 29, 2010).

"If only one applicant seeks appointment as class counsel, a court must determine whether the applicant is 'adequate' under Rule 23(g)(1) and Rule 23(g)(4), which requires that counsel 'fairly and adequately represent the interests of the class.'" Id. (citing Rule 23(g)(2)).

### I.    Work Already Performed on this Case

Attorneys Bursor, Lynch, and Wells represent that they conducted a three-month investigation prior to filing the Complaint. The investigation involved a review of relevant documents from Class members, interviews of Class members, and a review of property records and other documents concerning Defendant's foreclosure practices. (Dkt. No. 8 at 6) The Court finds this work sufficient to satisfy the first criterion of Rule 23(g)(1)(A).

### II.    Experience of Proposed Interim Class Counsel

Bursor & Fisher, P.A. has represented plaintiffs and defendants in more than 70 class action lawsuits in state and federal courts throughout the country. Bursor represents that he has been appointed lead or co-lead class counsel in connection with three of the largest classes ever certified. (See Bursor Decl., Exh. A) Carlson Lynch Ltd. represents plaintiffs in consumer

2

and employment-related class actions. The firm has represented clients in more than 100 class actions, including cases involving consumer protection and mortgage lending statutes. (<u>Id.</u>, Exh. B) Finally, the Faruqi firm focuses on complex and class action litigation involving antitrust, consumer, financial, corporate governance, and securities matters. Attorney Wells has substantial experience litigating large-scale ERISA cases, including serving as class counsel in a 40,000 person ERISA class action in this district. (<u>Id.</u>, Exh. C) This Court finds that proposed interim class counsel have sufficient experience to satisfy the second criterion set forth in Rule 23(g)(1)(A).

## III.    <u>Knowledge of the Law</u>

Attorneys Bursor, Lynch, and Wells have significant experience in litigating complex class actions, and therefore this Court finds that they have sufficient knowledge of the procedural and legal issues they will face in litigating this case. In addition, Bursor is a member of the bar of this Court, and as such should be knowledgeable about this Court's rules and procedures. (<u>Id.</u>, Exh. A) Finally, Carlson Lynch has been involved in several class actions involving mortgage lending, the substantive area of law at issue here. (<u>Id.</u>, Exh. C) Accordingly, this Court finds that Attorneys Bursor, Lynch, and Wells possess the requisite knowledge of the law to serve as interim class counsel.

## IV.    <u>Resources</u>

The submissions from proposed interim class counsel indicate that they are members of well-established law firms that have the resources and personnel necessary to carry out large-scale class action litigation. They have already committed resources to this case, and this Court has no reason to doubt that they will provide the necessary resources going forward to litigate this case.

## CONCLUSION

This Court finds that Attorneys Bursor, Lynch, and Wells can "fairly and adequately represent the interests" of the putative class. Accordingly, Plaintiff Rodriguez's motion to appoint interim class counsel is GRANTED. The Clerk of the Court is directed to terminate the motion. (Dkt. No. 6)

Dated: New York, New York
       November 14, 2011

SO ORDERED.

Paul G. Gardephe
United States District Judge

4