**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 21-2989-MDL-ALTONAGA/Torres**

In re:

**JANUARY 2021 SHORT SQUEEZE**

**TRADING LITIGATION**

_____/

**STATEMENT RECOMMENDING JEFFREY KLAFTER FOR APPOINTMENT AS
INTERIM LEAD COUNSEL**

1

Pursuant to this Court's order dated April 19, 2021, I submit this statement to recommend Jeffrey Klafter as an interim lead counsel for this multidistrict litigation ("MDL"). I have known Mr. Klafter for several years, including through our joint prosecution of a nationwide class and collective action wage theft case that culminated in a multimillion dollar settlement. I have prosecuted cases with his firm, Klafter Lesser LLP, for about 10 years on a variety of complex civil litigation matters. Mr. Klafter and his firm have always been a pleasure to work with because of their wealth of experience and collaborative approach. Even when I was a junior associate, they encouraged me to express my views and often incorporated them into major strategic decisions. When I was more junior, they nevertheless entrusted me with significant responsibility and worked to ensure that I was properly equipped to handle tasks such as taking and defending depositions and writing briefs. As I have become more senior, we treat one another as equal partners and reach consensus on issues after meaningful deliberation. I am confident that, if selected as lead counsel, Mr. Klafter will bring such an approach to this case by leading with a depth and breadth of experience that is unrivaled while also ensuring that diverse voices shape all major decisions. I make this statement of support because I mean it and not because of any "deals" or promises I have received from Mr. Klafter or anyone else (of which there are none).

Moving forward, I do hope to work on this case, with Mr. Klafter and/or whomever else is appointed as interim lead counsel. The case that my firm filed (*Feeney, et al. v. Robinhood Financial, LLC, et al.*) was among the earliest filed and has distinct features that speak to my firm's cutting edge approach. For example, to my knowledge, the case is the only brought by, and on behalf of, Massachusetts consumers, which alleges a breach of fiduciary duty based in

part on the state's newly adopted fiduciary conduct standard for broker-dealers.[1] As the litigation progresses, my firm can help bring a fresh and well-informed perspective.

Beyond this case, I have proven experience in complex, civil litigation. Early in my legal career, I drafted the appellee briefing in *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012), in which the Sixth Circuit affirmed a class certification order in a series of insurance overcharge lawsuits, issued a foundational opinion on ascertainability in the circuit, and led to several multimillion dollar settlements. I have been the principal brief writer for several motions for class certification, including in *Helmer v. Goodyear Tire & Rubber Co.*, Civil Action No. 12-cv-00685-RBJ-MEH, 2014 U.S. Dist. LEXIS 37501 (D. Colo. Mar. 21, 2014). With my partner Nicholas Migliaccio, I started our firm in 2016 at the age of 33, making me one of the youngest named partners of a major class action firm, especially so for a person of color. Since then, I have helped secure several significant class and collective action orders and settlements.[2] I also have experience in multidistrict litigation. My partner was appointed in 2019 to co-chair the medical monitoring committee in *In Re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Products Liability Litigation*, 1:19-md-02875-RBK-JS (D.N.J.), and I helped draft a multistate complaint in that case. I have also played a meaningful role in *In re JUUL Labs, Inc. Marketing, Sales Practices, and Products Liability Litigation*, 19-md-02913-WHO (N.D. Cal.), including by managing the discovery and defending depositions of several class action plaintiffs. Earlier in the litigation of that case, I wrote significant sections of oppositions to motions to dismiss in which the Court ruled in plaintiffs' favor, including on unfair and

---

[1] *See* Massachusetts Fiduciary Conduct Standard for Broker-Dealers and Agents Frequently Asked Questions & Answers, *available at* https://www.sec.state.ma.us/sct/sctfiduciaryconductstandard/fiduciaryrule-faq.htm .

[2] My resume is attached hereto as Exhibit 1.

deceptive trade practices claims. Beyond the courtroom, I have published two law review articles about private enforcement and aggregate litigation, one of which was cited in a proposed rule by the Consumer Financial Protection Bureau to prohibit class action waivers in arbitration agreements in consumer contracts.[3]

In addition to pretrial class action experience, I am among the few class action attorneys who also has significant trial experience that will aid in helping ready this case for trial, if necessary. *In Adeli v. Silverstar Automotive, Inc.*, No. 5:17-cv-05224 (W.D. Ark.), an individual auto fraud case that did not involve personal injury, I was co-lead trial counsel in case in which the jury returned a plaintiff's verdict on all counts and a punitive damages award of $5.8 million.[4] I was also on the class action trial team in *Helmer* and, in that role, deposed a key statistics expert and successfully had his testimony excluded, even though he had testified in dozens of class action cases without limitation. My trial experience prompted the American Association for Justice to select me as a panelist at a nationwide legal education program, *Trying the Class Action: Practical Tips from the Pros*.

My firm also can and will commit the time and resources to prosecute this case. Even with an active class action practice, we have never needed third-party litigation funding and presently have substantial cash reserves. My firm has only one other active MDL appointment, permitting me to take on a significant role here.

---

[3] https://files.consumerfinance.gov/f/documents/201707_cfpb_Arbitration-Agreements-Rule.pdf (n. 611). The rule was, regrettably, revoked when the current President signed a joint resolution by Congress pursuant to the Congressional Review Act.

[4] The punitive damages award was reduced by the trial court on remittitur to $500,000, which was still double-digit multiples of the plaintiff's compensatory damages. This award was affirmed by the Eighth Circuit. My co-counsel in that case, William Crowder, is also among the Plaintiffs' counsel in this case. I firmly believe that he, too, would bring tremendous experience and a collegial spirit, and recommend that he have a meaningful role going forward.

A role for my firm moving forward would particularly enhance the quality of Plaintiffs'
leadership by bringing age, racial, geographic, and class diversity. Over half of the firm's five
full-time attorneys are women and/or racial minorities, including myself. Most of the firm,
including paralegals, is fluent in Spanish, and most are 30 or under, making me a seasoned
veteran at age 37.

The firm's geographic location in Washington D.C. is also a distinct advantage since our
offices are a short walk away from the Securities and Exchange Commission and the United
States Capitol. The likelihood of a political or regulatory aspect to this case is high, and it is
important to have a firm with a presence in Washington D.C. to collaborate with legislators,
regulators, and experts located in the nation's capital.

Furthermore, my firm prides itself on bringing socially impactful cases such as a
litigation-certified and settled class action on behalf of malnourished prisoners,[5] a litigation-
certified and settled collective action on behalf of over 1,500 IHOP servers across states in the
Southeast,[6] a settled class action on behalf of subprime borrowers who had their vehicles
repossessed,[7] and a settled nationwide class action on behalf of poor migrants made by a private
company to pay excessive monthly fees and wear ankle monitors as a condition of their release
from detention.[8] I work daily with, and for, working class clients, many of whom are people of
color and some of whom cannot speak English. This case, too, impacts a broad swath of the
population and I am primed to ensure that counsel work to vindicate the rights of *all* affected.

---

[5] *Hill v. Cty. of Montgomery*, No. 9:14-cv-00933, 2018 U.S. Dist. LEXIS 140305 (N.D.N.Y.
Aug. 20, 2018).
[6] *Corbin v. CFRA, LLC*, No. 1:15-cv-405 (Dkt. 93) (M.D.N.C.) (approving settlement).
[7] *See* www.nfreposettlement.com .
[8] *See* www.lbnsettlement.com .

Dated: April 26, 2021

Respectfully submitted,

*/s/ Jason S. Rathod*
Jason S. Rathod, Esq.
MIGLIACCIO & RATHOD LLP
412 H Street NE
Washington, D.C. 20002
Tel: 202.470.3520
jrathod@classlawdc.com

Counsel for Plaintiffs in *Feeney, et al. v. Robinhood Financial, LLC, et al.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 26, 2021, a true and correct copy of the foregoing document

was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ <u>*Jason S. Rathod*</u>
Jason S. Rathod
