UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

In re:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**

_____/

### APPLICATION OF RACHEL FURST FOR APPOINTMENT AS PLAINTIFFS' LIAISON COUNSEL

Pursuant to the Court's Order (D.E. 209), entered April 19, 2021, undersigned attorney Rachel Furst, of Grossman Roth Yaffa Cohen PA ("Grossman Roth"), hereby files this application for appointment as Plaintiffs' Liaison Counsel. If appointed, I will focus on fulfilling the important role of Liaison Counsel and also seek to serve on the Steering Committee, in an ex-officio capacity, with the same responsibilities as other members of the Steering Committee.

As this Court has recognized in appointing liaison counsel in other matters, and is set forth in the *Manual for Complex Litigation*, the role of liaison counsel involves serving as the primary contact, along with lead counsel, with whom the Court may communicate regarding the administration and management of the litigation, facilitating communications between counsel and the Court, filing motions and other papers on behalf of Plaintiffs' counsel, participating in proceedings, receiving and distributing notices, orders, and other filings, and otherwise assisting in the coordination of activities and positions. *See Manual for Complex Litig.* § 10.221 (4th ed. 2004). These cases especially will benefit from a diligent liaison counsel, given that more than

sixty law firms have appeared, and the cases are likely to entail various tranches (or tracks), which will require careful coordination and consistent communication among counsel and the Court.

I am willing and well-qualified to serve in this role. I am a partner with the law firm Grossman Roth, where I have represented plaintiffs since 2013. Prior to this, and for nearly five years, I was an associate in the commercial litigation department of White & Case LLP, and also clerked for United States District Court Judge Ursula Ungaro in the Southern District of Florida. I graduated *magna cum laude* from both Princeton University and the University of Florida, Levin College of Law, and was an editor of the Florida Law Review. My *curriculum vitae*, listing relevant experience and that of my firm will be filed separately as an exhibit. In short, I have relevant class and MDL experience, have litigated on both sides of many of the claims at issue in this case, and am a local attorney, well acquainted with the practices and rules of this District.[1]

Additionally, I have demonstrated a commitment to the cases and an ability to work amicably with the many lawyers representing plaintiffs in these matters. Since joining this case, as co-counsel on *Cezana v. Robinhood Financial LLC, et al*, No.1:21-cv-21315-CMA, I have worked to assist in the coordination of counsel and in meeting the Courts' deadlines. I participated in each of the Plaintiffs' attorneys' conferences and the initial conference with defense counsel,

---

[1] My experience representing parties in class actions and mass torts includes *Allergan Biocell Textured Breast Implant products liability litigation,* Case No. 2:19-md-02921 (D. N.J.), representing dozens of women with products liability claims for defective implants, *Tershakovec v. Ford Motor Co.*, Case No. 17-cv-21087 (S.D. Fla.), representing a putative class of car owners alleging claims for statutory fraud and consumer protection, breaches of warranty, and unjust enrichment against an automobile manufacturer, *Vazquez v. Gen. Motors, LLC*, Case No. 17-22209-CIV (S.D. Fla.), representing a putative class of car owners alleging breaches of warranty and consumer protection violations, *Gevaerts v. TD Bank, N.A*., Case No. 11:14-CV-20744-RLR (S.D. Fla.), representing a class of investors with claims arising from a viatical life insurance scheme, *Bowe v. Pub. Storage*, Case No. 1:14–cv–21559–UU (S.D. Fla.), representing a certified class of consumers with RICO and consumer protection violations claims, and in *In re: Pfizer Prempro Products et* al, Case No. 4:03-cv-01507, representing a defendant against products liability and warranty claims.

including by contributing advice on local preferences and rules. I filed and participated in drafting the joint proposed agenda for the initial status conference (D.E. 145), filed the listing of cases, parties, and claims to assist the Court (D.E. 200), and participated in the hearing on April 19. Further, in advance of that hearing, through conference calls with Plaintiffs' counsel, a consensus was reached that I serve as liaison counsel on an interim basis for the purpose of compiling leadership applications and otherwise liaising with the Court. Accordingly, at the hearing on April 19, several attorneys supported my service in this capacity and the Court designated me to coordinate the filing of the leadership applications, which I have done. (D.E. 209).

Lastly, I have the full support of my firm. Grossman Roth enjoys a well-deserved reputation for outstanding advocacy and my firm is committed to ensuring that I have the time and resources to devote to this position. I also have the ability to draw upon the deep experience of my partners, who collectively have over 200 years of experience in representing plaintiffs, including in complex litigation and class actions, and who have been appointed to serve in leadership positions in this District and elsewhere. Grossman Roth's lawyers were on the Plaintiffs' Executive Committee in *In re: Checking Account Overdraft Litigation*, No. 1:09-MD-02036-JLK (S.D. Fla.) ("Overdraft Litigation"), and played a critical role is developing the legal theories and the evidence that led to the recovery of more than $1 billion for Class members. We served as co-chair of the Insurance Committee in the litigation arising out of the BP "Deepwater Horizon" oil spill, as Liaison Counsel in *In re: Air Crash Near Rio Grande, Puerto Rico on December 3, 2008*, MDL No. 2246 (S.D. Fla.), and on the Plaintiffs' Executive Committee in *In re: American Airlines Jamaica Crash*, No. 10-CV-20131 (S.D. Fla), and in *In re Air Crash Near Cali, Colombia on December 20, 1995*, MDL No. 1125 (S.D. Fla.). Grossman Roth has worked cooperatively with several of the firms involved in this litigation, and has an established track

record of bringing lawyers together and working with other firms to successfully prosecute large cases.

I am well suited for the role – I am able to work cooperatively and will facilitate the administration and prosecution of these complex cases. I would be honored to continue to work with the Court and appreciate the Court's consideration.

Dated: April 26, 2021

Respectfully submitted,

By: /s/ *Rachel Wagner Furst*
Rachel Wagner Furst
Fla. Bar No. 45155
rwf@grossmanroth.com
**GROSSMAN ROTH YAFFA COHEN, P.A**.
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134-6040
Telephone: (305) 442-8666
Facsimile: (305) 285-1668

*Co-counsel for Plaintiff Sagi Cezana*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2021, I electronically filed the forgoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive Notices of Electronic Filing.

By: /s/ *Rachel Wagner Furst*
Rachel Wagner Furst