UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

In re:

**JANUARY 2021 SHORT SQUEEZE**
**TRADING LITIGATION**

_____/

This Document Relates to All Actions

## APPLICATION FOR APPOINTMENT OF ROY T. WILLEY, IV

Roy T. Willey, IV respectfully requests the Court appoint him as Interim Class Counsel. In the alternative, Mr. Willey is willing to serve as a co-chair or on a steering committee, should the Court appoint one. Mr. Willey is under 35 years of age making him well-acquainted with individuals impacted by the January Short Squeeze and is within the age range of potential class members. Moreover, Mr. Willey, along with his firm, represent the diversity of the bar. Mr. Willey has extensive experience advocating on behalf of class members in complex matters and is "best able to represent the interests of the class," Fed. R. Civ. P. 23(g)(2). He requests that the Court appoint him to do so.

## ARGUMENT

Although neither the federal rules nor the advisory committee notes expressly so state, it is generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification. *See, e.g.*, *In re: Disposable Contact Lens Antitrust*, No. 3:15-md-2626, 2015 WL 10818781, at *1 (M.D. Fla. Oct. 7, 2015) (factors for appointing class counsel under Rule 23(g)(1)(A) apply "equally to the appointment of interim lead counsel before certification.")

(citations omitted); *Bowers v. Sioux Honey Coop. Ass'n*, No. 12-21034, 2012 WL 12865846, at *2 (S.D. Fla. Dec. 14, 2012); *In re Wells Fargo Wage & Hour Emp't Practices Litig. (No. III)*, No. H-11-2266, 2011 WL 13135156, at *3 (S.D. Tex. Dec. 19, 2011). Those factors include the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class. See Fed. R. Civ. P. 23(g)(1)(C).

The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent" the class members and their interests. Fed. R. Civ. P. 23(g)(1)(B). Here, the Rule 23(g) factors weigh in favor of appointing Mr. Willey as class counsel.

## I. Mr. Willey has performed substantial work investigating the case.

Before filing his case, Mr. Willey and his team of attorneys, conducted a preliminary evaluation of the case after being retained by two plaintiffs. The assessment required significant factual research on the Short Squeeze itself; Robinhood's relationship with Citadel Securities and D1 Capital Partners; Citadel Securities' relationship with Melvin Capital Management LP; Robinhood's Costumer Agreement; Robinhood's communications with the Short Squeeze victims; and the harm to Plaintiffs Julie and David Moody and the proposed class caused by the Short Squeeze.

The work invested by Mr. Willey to investigate the claims has also included fielding inquiries from and screening numerous prospective plaintiffs. Mr. Willey and his firm have consulted with each of these putative class members individually and obtained detailed information regarding the operative surrounding facts. Mr. Willey's investigations have also produced a fair volume of records relating to each Defendant's challenged practices. Mr. Willey,

2

and his firm have reviewed and organized this material and are well prepared to engage in a thoughtful, targeted, and efficient discovery process.

Mr. Willey has also undertaken significant effort in organizing these cases since the initial MDL motion was made. To date he has put together a database of all pending cases in the MDL by cause of action, attorneys, transferee court, and operative facts. This database has facilitated cooperation among Plaintiffs' counsel and been useful in leadership organizational discussions as outlined more fully below.

Mr. Willey has also worked diligently to prosecute this case in a timely manner, even in the face of the ongoing COVID-19 pandemic. For example, Mr. Willey has spent hours on the phone and Zoom with Plaintiffs' counsel from across the country discussing the merits of the matter and litigation strategy. He is sensitive to the challenging economic realities faced by putative class members and has and will make every effort to ensure that this case is prosecuted in a diligent manner.

**II.     Mr. Willey has significant experience and knowledge of the applicable law.**

Mr. Willey supervises Anastopoulo Law Firm's class action group and maintains an active trial practice. A detailed resume is attached as **Exhibit A** to Mr. Willey's Declaration that will be filed in accordance with this Court's Order issued April 19, 2021 (ECF No. 209).

Mr. Willey is nationally recognized as a leader in the fields of complex, contract based and high stakes litigation. He graduated with an A.B. from Harvard College and with honors from the Charleston School of Law, as he lives in Charleston, South Carolina. Professionally, Mr. Willey has been recognized nationally for his legal leadership and currently serves as the Chairman of the Insurance Law Section for the American Association for Justice (AAJ), and National Co-chair of AAJ's Business Interruption Litigation Taskforce, both roles where he has been selected by the

CASE NO. 21-2989-MDL-ALTONAGA/Torres

Plaintiffs bar and that recognize his leadership in contract-based consumer protection work. The latter of which was a specially appointed committee by AAJ to oversee the organization's response, strategy, and organization with respect to what is expected to be the largest litigation in history arising from business losses as a result of COVID-19 and related contract based complex litigation. This litigation has included several motions before the Judicial Panel on Multidistrict Litigation, and both individually filed cases and class actions - several of which he is leading. He has also been named class counsel and negotiated multi-faceted and multi-track complex litigation on behalf of consumers in courts across the country including in the Southern District of Florida where he was recently named co-lead interim class counsel in a contract-based class action by the Honorable Anuraag H. Singhal. *See In re: University of Miami Covid-19 Tuition and Fee Refund Litigation*, Case No. 20-60851-CIV-SINGHAL.

Mr. Willey regularly tries cases for, and with, other attorneys; having helped them achieve significant jury verdicts in some of the most conservative venues in the country. These verdicts have been named among the largest in the nation and state where obtained, and Mr. Willey is a multi-year running recipient of top verdicts and settlements in South Carolina where he regularly tries complex cases. In addition to his trial practice, Mr. Willey has prosecuted and defended cases through appeal from the state level appellate courts in South Carolina and to the Fourth Circuit Court of Appeals.

Mr. Willey is a frequent lecturer and lawyer educator in the areas of complex litigation, civil procedure, e-discovery and ethics. His presentations have ranged from certification issues in Collective and Class Actions (presented at the state trial lawyers conference that included sitting members of the judiciary), to top trial strategies, and top ethics challenges involving duties to prospective clients as a nationally available CLE. On a local level, he also gives back, lecturing at

his local law school on the legal intricacies of contract law issues facing consumers, civil procedure, and trial advocacy.

In his spare time, Mr. Willey serves as the state Chairman of South Carolina Equality (which is responsible for winning legalization of same-sex marriage in South Carolina and recently overturning another state law banning public school teachers from discussing homosexuality in the classroom, and is currently fighting the bills targeting transgender student athletes), Vice Chair of THRIVE SAVES LIVES (a domestic violence victims' legal and housing relief organization), and on the executive board of his local Charleston County Bar Association (where he was unanimously elected), as well as a host of other non-profit boards and committees.

For all of this, Mr. Willey has been named among *America's Top 100 High Stakes Litigators*, a *Super Lawyers Rising Star*, *National Top 10 Under 40, Best Lawyers*, and has been repeatedly recognized for both his community and professional involvement.

To date Mr. Willey has committed significant time identifying and investigating the claims brought in this action, and working to develop the strategy that will ensure the putative class members are fully compensated. Mr. Willey has also communicated with and worked with other individuals to compile evidence in support of the claims at hand to ensure that the litigation is effectively prosecuted.

Mr. Willey is well versed in the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Mr. Willey has studied the local rules of this Court. Mr. Willey is well positioned to serve as interim class counsel and, if appointed, will work diligently in representing the best interests of the putative classes.

CASE NO. 21-2989-MDL-ALTONAGA/Torres

### A. Anastopoulo Law Firm, LLC

Anastopoulo Law Firm's attorneys have substantial experience handling consumer class actions and other complex litigation, including successful experience litigating and settling consumer claims for unjust enrichment and breach of contract. The firm's attorneys have significant complex and class action litigation experience having represented plaintiffs in thousands of lawsuits in state and federal courts throughout the United States.

The Anastopoulo Law Firm has a physical presence in the Southeast United States, with offices located primarily in South Carolina and in North Carolina. The firm regularly handles cases throughout the country employing over 100 dedicated professionals, including more than 25 attorneys who are collectively licensed to practice in over a dozen state and federal bars across the country.

Anastopoulo Law Firm was selected to lead the South Carolina consolidated *Baycol* litigation for the first two scheduled bellwether trials, and served as lead counsel in *Reck v. Merck & Co.* (Texas Consolidated Litigation) set for trial prior to settlement. In addition, Anastopoulo Law Firm and Mr. Willey are currently serving as lead or co-lead counsel in numerous class action cases pending throughout the United States.

In 2019 alone, Anastopoulo recovered approximately $60,000,000 for its clients and the team of lawyers that are working on this case have significant jury verdict and settlement experience having obtained more than $70,000,000 in verdicts and judgments in the last several years. Anastopoulo brings these results, and importantly the resources of a full advocacy team including four full time investigators, and an internal focus group and mock trial program that allow it to test

and develop theories and case strategies from the outset to benefit the proposed class.

Anastopoulo has assembled an in-house team of four lawyers, together with dedicated support staff and our firm has set aside the resources necessary to grow this team as needed for this litigation. Collectively, the team has already spent hundreds of hours on research, drafting, and filings specific to this litigation.

The firm's attorneys have practiced in this Court before and are well acquainted with the Court's practices and procedures.

### III. Mr. Willey will commit the resources necessary to represent the class.

Mr. Willey and his firm has already expended significant resources in investigating and preparing the claims asserted in the litigation and shall continue to do so. Mr. Willey and his firm are well equipped to expend the professional time and financial resources necessary to aggressively and effectively prosecute this litigation on behalf of the class. As discussed, the Anastopoulo Law Firm has successfully prosecuted similar class claims and other highly complex litigation against some of the largest corporations in the world that were vigorously defended by some of the most capable defense counsel in the country like in this case. As such, Mr. Willey and his firm have a well-established track record of committing ample resources to class action litigation, have never used third-party financing and do not intend to do so in this case, which will save the putative class members money.

### IV. Mr. Willey has and will continue to facilitate cooperation among Plaintiffs' counsel.

Ultimately, the Court's goal is "achieving efficiency and economy without jeopardizing fairness to the parties." *Id.* § 10.001 at 25. Interim class counsel will also be acting on behalf of other attorneys and those other attorneys' clients in the role. Thus, other considerations come into play, including among others, the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court. *See* Manual § 10.224 at 27.

Mr. Willey has already contributed significantly to cooperation among Plaintiffs' counsel. In an effort to establish a consensus leadership structure, Mr. Willey organized dozens of calls and Zoom meetings with other Plaintiffs' counsel, including organizing and moderating two, hour-long, Zoom conferences with approximately 70 attorneys to attempt to establish a consensus leadership structure.[1] Additionally, Mr. Willey was an active participant in the Status Conference held on April 19, 2021 and was integral in establishing the proposed tranche structure discussed before your Honor upon which consensus has been reached among Plaintiffs' counsel. Mr. Willey has also established a good working relationship and will continue to work cooperatively with Defense counsel, who also acknowledged the usefulness of the tranche structure during the Status Conference with your Honor.

Due to his significant work with other Plaintiffs' counsel in this matter, Mr. Willey also makes the following recommendations for leadership. First, due to her demonstrated ability and diligence thus far, Mr. Willey recommends that Rachel Furst be named as permanent liaison counsel. Ms. Furst has been a pleasure to work with, has dedicated significant time to the case, and has demonstrated the applicable knowledge and skill commensurate with the position during all interactions with her. Mr. Willey also recommends Joseph Saveri and William "Bill" Audet[2] as interim lead class counsel should they apply. Mr. Saveri and Mr. Audet have significant experience in this type of case and MDLs generally, which will benefit the clients, and have been unsparing with their time and knowledge in mentoring younger lawyers – including Mr. Willey – on the case thus far. In contrast, at least one other proposed lead as part of a slate proposed to the larger group previously has not participated in any of the leadership or case organization calls to

---

[1] These Zoom conferences of all Plaintiffs' counsel were held on April 21, 2021 and April 22, 2021.
[2] Mr. Audet's Career Highlights are attached to this application as Exhibit 1.

date opting to send another lawyer in his stead. This type of relational mentoring and hands on participation in the case is exactly what the Court should place a value on over and above typical factors. Mr. Willey would also indicate that Jeffrey Klafter[3] has participated significantly in the case to date including sharing his knowledge and time with the younger lawyers and has a diverse and dynamic team dedicated to these cases. As an alternative to being a sole lead himself, Mr. Willey would be honored to serve as a co-lead or co-chair with any of these distinguished lawyers if the Court finds it appropriate.

**V.     Mr. Willey has experience in this Court.**

In addition to the factors set forth in Rule 23(g)(1)(A), the Court, in appointing class counsel, "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Accordingly, the Court may consider Mr. Willey and his firm's experience in this Court and this District. For example, Mr. Willey is currently leading multiple cases in Florida and is co-lead counsel in another class action pending in the Southern District of Florida. *See In re: University of Miami Covid-19 Tuition and Fee Refund Litigation*, Case No. 20-60851-CIV-SINGHAL. This familiarity with this District weights in favor of appointment as Interim Class Counsel or in the leadership structure.

**VI.    Mr. Willey is best able to serve the interests of the class.**

The typical Robinhood customer is 31 years old on average.[4] Mr. Willey is 34 years of age, making him well-acquainted with individuals impacted by the by the January Short Squeeze

---

[3] Of these four lawyers – Furst, Saveri, Audet, and Klafter – Mr. Willey has only worked with Mr. Klafter on other cases and has found him and his firm to be professional and zealous advocates. Therefore, the other three recommendations arise out of the attorneys' actions and dedication solely on this case.

[4] https://www.businessinsider.com/robinhood-office-installed-bulletproof-glass-after-frustrated-traders-visted-report-2 (Last accessed April 24, 2021).

and is within the age range of potential class members. In fact, Mr. Willey has had several friends impacted by the Short Squeeze. As a result, Mr. Willey is well-acquainted with the underlying issues of the litigation.

In sum, it is submitted that Mr. Willey is well-suited to serve as interim counsel in this action. Mr. Willey and his firm possess the experience, knowledge, and resources to capably prosecute this action and have invested substantial time and effort in identifying and investigating all possible claims. Such a designation will formally establish counsel who is responsible and has authority for taking all necessary and appropriate actions in preparation of a motion for class certification, including issues related to discovery, and who can make strategic decisions and pursue appropriate relief to protect and advance the rights and interests of the classes.

## CONCLUSION

Based on the foregoing, Roy T. Willey, IV respectfully requests appointment as Interim Class Counsel, or alternatively, co-chair or on a steering committee, should the Court appoint one.

Dated: April 26, 2021

Respectfully submitted,

/s/ *Roy T. Willey, IV*
Roy T. Willey, IV
Eric M. Poulin
Blake G. Abbott
**ANASTOPOULO LAW FIRM, LLC**
32 Ann Street
Charleston, SC 29403
Tel.: (843) 614-8888
Fax.: (843) 494-5536
Email: roy@akimlawfirm.com
        eric@akimlawfirm.com
        blake@akimlawfirm.com

**Counsel for Plaintiffs Julie and David Moody and the Proposed Class**

CASE NO. 21-2989-MDL-ALTONAGA/Torres

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of April, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF.  I also certify the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ *Roy T. Willey, IV*
Roy T. Willey, IV