UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

In re:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**
_____/

This Document Relates to All Actions

## DECLARATION OF JEFFREY A. KLAFTER IN SUPPORT OF APPLICATION FOR INTERIM LEAD COUNSEL

**JEFFREY A. KLAFTER**, declares under penalty of perjury that:

1. I am a partner at Klafter Lesser LLP, and counsel for Plaintiffs Patryk Krasowski and Nick Parker ("Plaintiffs") in *Krasowski, et al. v. Robinhood Financial LLC*, 1:21-cv-21313-CMA. I am fully familiar with the facts and circumstances set forth herein, and I make this Declaration in support of my application for Interim Lead Counsel pursuant to this Court's Order dated April 19, 2021 (ECF No. 209).

2. I am attaching as **Exhibit A** to this Declaration my Firm's Resume which details my experience and my firm's experience, particularly in complex class actions.

3. I am attaching as **Exhibit B** to this Declaration a true and correct copy of the *Juncadella* complaint filed on January 30, 2021 under docket number 21-cv-20414 in this Court.

4. I am attaching as **Exhibit C** to this Declaration a true and correct copy of the *Krasowski* complaint filed on January 29, 2021 under docket number 21-cv-758 in the Northern District of California, and reassigned docket no. 1:21-cv-21313-CMA by this Court.

5. I have decades of experience in complex class action litigation and as a result, am very experienced in the efficient management of such litigation. One such fairly recent example is

during my co-leadership of *Merced Irrigation District v. Barclays Bank PLC,* which was a class action in which it was alleged that the Defendant monopolized the market for setting certain electricity trading hub benchmarks in California. Certification of complex cases, such as this, often require extensive and costly analyses by experts to demonstrate how damages can be determineed on a class-wide basis. In a recent case, I, along with co-lead counsel, actively managed our expert's analysis so it could be finalized with minimal cost and time. Our experts' analysis, reports and testimony ultimately cost almost $2,000,000, but could easily have been more without our active management. Our expert's damage model paved the way for the case to be settled and for the class to receive more than their damages as treble damages were available for the antitust claims at issue. Being able to manage resources and costs in a complex case such as this MDL is essential as expert and other costs can reach much higher numbers in this case. *See*, *e.g.*, *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 2018 U.S. Dist. LEXIS 191373 (S.D.N.Y. Nov. 8, 2018) (awarding $22,490,654.29 in litigation expenses for five years of work); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 (MKB) (JO), 2019 U.S. Dist. LEXIS 216796, at *221 (E.D.N.Y. Dec. 16, 2019) (awarding $38,263,023.81 in litigation expenses for complex and lengthy antitrust action); *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-CV-7126 (JMF), 2018 U.S. Dist. LEXIS 202526 at *16 (S.D.N.Y. Nov. 29, 2018) (awarding $18,429,687.63 in expenses for four years of work and roughly 160,000 billable hours).

6. I, along with my Firm, have devoted significant resources to the prosecution of this case thus far, and intend to continue to do so, if appointed an Interim Lead Counsel, without any litigation funding, like I did in the above case involving Barclays. From the outset of this case, I have dedicated significant resources to field inquiries from, and gather facts from, many additional Robinhood customers and from the hearings the House Financial Services Committee held concerning Robinhood's block on purchases.

7. I am attaching as **Exhibit D** to this Declaration a true and correct copy of the complaint filed late 2020 by the Ferraro Firm in *Byrd, et al v. McDonald's USA, LLC, et al*, 20-CV-6447 (N.D. Ill.), and which is now subject to a motion to dismiss.

8. A review of a PACER system search for cases in which Ms. Natalia Salas is listed as a counsel in litigation in federal courts, reveals that Ms. Salas has only appeared in two class actions prior to joining the Ferraro firm, one of which Ms. Salas simply represented what appears to be a non-party's opposition to a motion to compel compliance with a discovery subpoena and the other as a non-partner with Foley & Lardner for a client who was a defendant in a products liability class action.

9. My firm has always promoted diversity and inclusion. Just last summer, nearly half the attorneys were women and we have had a female partner and a number of female associates since 2010. Additionally, Mr. Amir Alimehri, the sole associate attorney from my firm on this litigation, is of diverse backgrounds and is an active participant in diversity and inclusion efforts in the legal profession (including serving in a court-appointed role for such). The firm is in the process of rebuilding a diverse group of attorneys.

10. The undersigned has not made any promises of work or compensation in this case to any other attorneys in this MDL, whether in exchange for support or anything else.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 26th day of April 2021, in Rye Brook, New York.

                                                <u>/s/Jeffrey A. Klafter</u>
                                                Jeffrey A. Klafter
                                                jak@klafterlesser.com
                                                Klafter Lesser LLP
                                                Rye Brook, NY 10573
                                                Telephone: (914) 934-9200