# Exhibit C

If appointed to serve as Interim Lead Class Counsel for the proposed Class (the "Antitrust Class"), the Joseph Saveri Law Firm, LLP ("Lead Counsel") will implement the following protocols to ensure the efficient prosecution of this action and the ability to present the Court with clear and definitive records concerning fees and expense.

## **PROPOSED TIME-KEEPING AND EXPENSE PROTOCOLS**

I. **WORK AUTHORIZATION IN THIS LITIGATION**

   A. **Lead Counsel Authorization.** No firm other than Lead Counsel will perform work on this matter without the prior authorization of the Court or Lead Counsel.

   B. **Review by Lead Counsel.** While all attorneys have an obligation to keep themselves informed about the litigation, Lead Counsel will deem only those attorneys designated by Lead Counsel to review or summarize pleadings, orders, and communications to have worked for the common benefit of the proposed Antitrust Class whose time will be considered for submission to the Court for possible payment or lodestar analysis in the event that a common fund is established for the benefit of the proposed Antitrust Class.

   C. **Submission Timeline.** If the Court or Lead Counsel authorizes additional firms to work on this case, within fourteen days of the end of each calendar month, any firm that has performed authorized work shall transmit time entries to Lead Counsel that conforms with the requirements herein. Monthly time and expense reports will be reviewed each month by Lead Counsel and may be returned within 30 days to the firm submitting such report along with an explanation as to why time or an expense has been rejected. If a firm disputes rejected time or a rejected

expense, it must raise that dispute within 30 days of return of the report. Any issue timely raised concerning rejected time or a rejected expense may be deferred until there is a settlement or judgment and addressed 45 days before the submission of a fee application in this case.

  D. **Subject to Review.** All time and expense submissions will be subject to review by Lead Counsel, and, if requested, the Court. Lead Counsel has retained and will employ a Certified Public Accountant, at no cost to the Class, who will routinely audit time and expense reports which can be submitted on a quarterly basis to the Court for review.

II. **TIME SUBMISSION DETAILS**

  A. **Contemporaneous Records.** All timekeepers must record time contemporaneously with the work performed.

  B. **Reporting Increments**. Block-billing is not permitted. All time must be recorded by task. Each timekeeper is responsible for specifying the amount of time spent for each task performed.

  C. **Detailed Descriptions.** Timekeepers must contemporaneously record specific and detailed description of the work performed. The subject matter and other counsel involved in any task must be included in the description.

  D. **Submission to Lead Counsel**. All timekeepers should input time into an electronic timekeeping system by the end of each day; or, if an attorney records time through handwritten notes, the attorney or support staff should input the

handwritten entries into timekeeping software by the close of each calendar month. Time spent entering time is not billable to the proposed Class.

E. **Non-Duplicative Work.** Time reported must be reasonable and necessary and shall not exceed the fair value of the services performed. Unnecessarily duplicative work by multiple lawyers in the same firm will not be compensable and should not be submitted. Barring unusual circumstances, only one attorney will defend a deposition, and no more than two attorneys will attend when taking a deposition.

F. **Billing Rates**. Professional time is to be reported using the usual and customary billing rates current for that person at the time the work was performed.

G. **Court Attendance.** Lead Counsel will take the lead on most appearances in Court but is expected to provide opportunities for younger lawyers to appear in Court. Attendance or appearance in Court will be compensable only when approved in advance by Lead Counsel.

H. **Contract Attorneys/Document Review**. No contract attorneys should be assigned to review documents in this case without prior written approval from Lead Counsel. The hourly rate for all document reviewers will be their usual and customary hourly rate but shall not exceed $240.00 per hour, and counsel shall maintain a record of actual costs incurred in retaining contract attorneys. No contract lawyer should spend more than 8 hours per day reviewing documents. Any time spent above 8 hours a day shall not be compensable unless prior approval is received from Lead Counsel.

### III. EXPENSE REPORTING DETAILS

A. **Receipts.** The original receipts for all expenses incurred that substantiate the information in monthly expense reports must be maintained by each firm and timely submitted if requested by the Court or Lead Counsel.

B. **Arrears.** Any time or expenses submitted more than one month in arrears will not be considered or included in any compilation of compensable time or expenses and will be disallowed, except for good cause shown and with approval of the Court or Lead Counsel.

C. **Airfare.** Attorneys will only be reimbursed for air travel at a prevailing economy plus class rate at the time travel is booked for all domestic flights. It shall be the obligation of any attorney submitting reimbursement requests for air travel to maintain records showing such rates.

D. **Per Diem Expenses.** Reasonable per diem expenses will not exceed $75.00 per day per person for domestic meals and $105.00 per day per person for international meals.

E. **Travel Accommodations.** Counsel will select reasonable hotel accommodations and restaurants.