UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

IN RE:

**JANUARY 2021 SHORT SQUEEZE**
**TRADING LITIGATION**
_____/
*THIS DOCUMENT RELATES TO: ALL ACTIONS*

**DECLARATION OF CHRISTOPHER K.L. YOUNG**
**IN SUPPORT OF *CHENG* PLAINTIFFS' MOTION TO APPOINT**
**JOSEPH R. SAVERI AS INTERIM LEAD COUNSEL**

I, Christopher K.L. Young, declare as follows:

1. I am an attorney licensed to practice law in California. I am an associate with the law firm of Joseph Saveri Law Firm, LLP ("JSLF"), counsel of record for Plaintiffs Shane Cheng and Terell Sterling (the "*Cheng* Plaintiffs") in *Cheng v. Ally Financial Inc.*, No. 21-cv-00781 (N.D. Cal.), one of the cases that has since been centralized before this Court. I have worked on this case since its inception. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them. I make this declaration in support of *Cheng* Plaintiffs' Motion to Appoint Joseph R. Saveri as Interim Lead Counsel. If called to testify as a witness in this case, I could and would testify competently to the following. I make this declaration pursuant to 28 U.S.C. § 1746.

2. I am a 2017 graduate of the UCLA School of Law with a specialization in International and Comparative Law. I was admitted to the California bar in 2017. Upon my graduation from law school, I worked as a post-bar fellow for the Los Angeles County Public

1

Defender's Office. In 2018, I began clerking for Associate Justice Lamar W. Baker of Division Five, Second Appellate District of the California Court of Appeals, where I worked on appeals touching nearly all aspects of civil and criminal law. In 2019, I joined JSLF where my practice focuses on antitrust class actions and where I have handled all phases of civil litigation including trial.

3. I and other members of JSLF have carefully and diligently investigated facts in this matter since the restrictions of trading imposed on securities on January 28, 2021. This investigation included analysis of stock prices, short interests, the relevant market, and the relevant market participants. JSLF's investigation is ongoing and continues to reveal as of yet undiscovered facts.

4. I was one of the principal drafters of the *Cheng* Plaintiffs' initial complaint (the "Complaint"), filed in the Northern District of California on February 1, 2021. The Complaint was among the first to allege antitrust causes of action and, even after the passage of time, remains the most detailed and particularized *Short Squeeze* complaint thus filed.

5. As a result of our investigation, I and other members of the JSLF team recognized important evidence of communications such as phone calls or social media posts leading up to the January 28, 2021 trading restrictions that may be in the possession or control of nonparties and that this evidence may be destroyed in the ordinary course due to regular data retention policies, e.g., call records are regularly destroyed by phone carriers within twelve months. On February 22, 2021, I wrote to sixteen phone carriers and social media companies to request that they suspend data destruction policies and to preserve potentially relevant evidence.

6. Recognizing the quantity of *Short Squeeze* complaints that were being filed across the United States, JSLF determined the cases may be appropriately centralized by the Judicial Panel on Multidistrict Litigation ("JPML"). I and other members of JSLF reviewed each and every complaint to determine which were appropriate to suggest to the JPML for centralization. On February 5, 2021, JSLF filed the motion for centralization before the JPML. *In re Jan. 2021 Short Squeeze Trading Litig.*, MDL No. 2989 (J.P.M.L. Feb. 5, 2021) ECF No. 1. Consistent with JPML procedures, I and other members of JSLF served a service packet comprised of thousands of pages on over 100 entities, including each defendant, each *Short Squeeze* plaintiff, and to each district court in which a *Short Squeeze* action was filed.

7. On April 1, 2021, the JPML centralized and transferred the *Short Squeeze* Actions to this Court for pretrial purposes. MDL ECF No. 1.

8. I and other members of JSLF, recognizing the need for organization given the 50-plus complaints, causes of action and parties involved, organized the claims into three groups by claims and common issues—a proposal that was adopted by all plaintiffs and defendants at meet and confers and ultimately presented to the Court at the April 19, 2021 initial status conference.

9. On April 19, 2021, the Court held an initial status conference wherein the Court set forth procedures for the appointment of lead counsel and organization and structure of counsel. MDL ECF No. 209.

10. Consistent with the Court's order, I and other members of JSLF conferred extensively with other *Short Squeeze* plaintiffs, both in large calls and small. I and other members of JSLF did not make any promises of work nor any bargains for support at these calls. While

these calls and conferences were cordial, productive and in good faith, the parties were unable to reach consensus.

I declare under the penalty of perjury that the foregoing is true and correct, executed on April 26, 2021 at San Francisco, California.

*/s/ Christopher K.L. Young*
Christopher K.L. Young