UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

IN RE: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

This Document Relates to: All Actions Involving Federal Securities Laws

**RESPONSE IN OPPOSITION TO PLAINTIFF CODY TODD'S MOTION TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL**

## TABLE OF CONTENTS

PAGES(S)

INTRODUCTION ................................................................................................................. 1

MEMORANDUM OF LAW ................................................................................................ 3

   I.    PLAINTIFF CODY TODD SHOULD NOT BE APPOINTED LEAD PLAINTIFF ..... 3

       A.    Plaintiff Cody Todd Does Not Have The Largest Financial Interest ......................... 3

       B.    Plaintiff Cody Todd Will Not Adequately Represent The Interests Of The Class ............................................................................................................. 4

       C.    The Class Definition Promulgated In The Muncy Complaint Will Subject Plaintiff Todd To Unique Defenses ......................................................................... 5

   II.    LAURENCE ROSEN AND PHILLIP KIM OF THE ROSEN LAW FIRM SHOULD NOT BE APPOINTED LEAD COUNSEL ................................................................. 6

       A.    Plaintiff Todd's Counsel Did Not Provide Adequate Notice ................................... 6

       B.    Plaintiff Todd's Counsel Has Not Complied With Local Rule 7.1(A)(3) ................ 8

   III.    PLAINTIFF TODD'S COUNSEL REJECTED COLLABORATIVE LEADERSHIP STRUCTURE ................................................................................. 9

CONCLUSION ..................................................................................................................... 9

## TABLE OF AUTHORITIES

**P**AGE(S)

**C**ASES

*Miller v. Dyadic Intern, Inc.*,
  2008 WL 2465286 (S.D. Fla. April 18, 2008) .................................................................. 3, 4, 5

*Newman v. Eagle Building Technologies*,
  209 F.R.D. 499 (S.D. Fla. 2002) ............................................................................................ 2, 3

*Piven v. Sykes Enterprises, Inc.*,
  137 F. Supp. 2d 1295 (M.D. Fla. 2000 ...................................................................................... 7


**S**TATUTES

15 U.S.C. § 78u-4(a)(3)(A) ............................................................................................................ 7, 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .............................................................................................. 6

15 U.S.C. § 78u-4(a)(3)(B)(v) .......................................................................................................... 6

15 U.S.C. §§ 78u-(4)(a)(1) and (a)(3)(B) ......................................................................................... 1

15 U.S.C. §§ 78u-(4)(a)(3)(A)(i) ...................................................................................................... 1

15 U.S.C. §§ 78u-(4)(a)(3)(B)(iii)(I) ................................................................................................ 2

15 U.S.C. §§ 78u-(4)(a)(3)(B)(iii)(II) ............................................................................................... 2


**R**ULES

Rule 23 of the Federal Rules of Civil Procedure ...................................................................... 2, 4, 5


**O**THER **A**UTHORITIES

L.R. 7.1(A)(3) .................................................................................................................................. 8

The Quat, Fassinger, Ross, Kravchenko, McFadden, and Woiser Plaintiffs ("Plaintiffs") respectfully submit this response in opposition to Plaintiff Cody Todd's Motion to Appoint Lead Plaintiff and Approve Selection of Lead Counsel.

## INTRODUCTION

In Re: January 2021 Short Squeeze Trading Litigation (the "Litigation") involves numerous class actions brought by plaintiffs across the country alleging violations of securities laws against Robinhood Financial, LLC, Robinhood Securities, LLC, and Robinhood Markets, Inc. (collectively "Robinhood"), among other broker dealers, for prohibiting their customers from buying multiple publicly traded stocks, including but not limited to GameStop ("GME"), AMC Entertainment ("AMC"), American Airlines ("AAL"), Nokia ("NOK"), Blackberry Limited ("BB"), Bed Bath & Beyond ("BBBY"), Express ("EXPR"), Koss Corporation ("KOSS"), Naked Brand Group ("NAKD"), Sundial Growers, Inc. ("SNDL"), Tootsie Roll Industries ("TR"), and Trivago NV ("TRVG") (collectively the "Stocks") during an unprecedented rise in the Stocks valuation.

There are currently pending before the Court two competing motions for appointment of Lead Plaintiff and Lead Counsel, the first by Plaintiff Cody Todd the Rosen Law Firm (the "Todd Motion"), and the second by Plaintiffs Quat, Fassinger, Ross, Kravchenko, McFadden, and Woiser and the law firm of Bursor & Fisher, P.A. (the "Quat Motion"). Dkt. Nos. 26 and 144. The Private Securities Litigation Reform Act (PSLRA) governs the appointment of Lead Plaintiff in this action. *See* 15 U.S.C. §§ 78u-(4)(a)(1) and (a)(3)(B). In appointing Lead Plaintiffs, the Court is tasked with identifying the Class member or members "most capable of adequately representing the interests of the class members." 15 U.S.C. §§ 78u-(4)(a)(3)(A)(i). The Court should presume a movant is most adequate if her has either filed the complaint or made a motion in response to the

notice issued; in the determination of the Court, has the "largest financial interest" in the relief sought by the Class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §§ 78u-(4)(a)(3)(B)(iii)(I).

Only by a showing that a Lead Plaintiff will *not* fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome.  15 U.S.C. §§ 78u-(4)(a)(3)(B)(iii)(II).  Additionally, the Court should interfere with lead plaintiff's selection of counsel only when necessary "to protect the interests of the class."  *Id.*  As set forth in detail below, Plaintiff Todd does not meet the procedural and substantive requirements under the PSLRA and Rule 23 and therefore should not be appointed Lead Plaintiff.  First, Plaintiff Todd does not have the largest financial interest in the relief sought by the class.  Second, his complaint only raises claims with regard to five (5) of the twelve (12) securities at issue in this litigation.  Third, the class definition promulgated by his counsel's Complaint will subject him to unique defenses.  *See* Case No. 2:21-cv-01729 Dkt. No.1 (the "*Muncy* Complaint").  Furthermore, the Rosen Law Firm should not be appointed as Lead Counsel as they did not provide adequate notice to holders of all of the Stocks of the pendency of the action against Robinhood and did not comply with the conferral requirements of the Local Rules.  Local Rule 7.1(A)(3).

In contrast, Plaintiffs in the Quat Motion have a larger financial interest in the litigation, represent Class members who purchased all twelve (12) affected securities, and have retained counsel with significant experience prosecuting class actions and who are located within this District.  For these reasons, the Court should deny Plaintiff Todd's motion for appointment of Lead Plaintiff and Lead Counsel, and instead grant the motion for appointment of Lead Plaintiff and Lead Counsel filed by Plaintiffs Quat, Fassinger, Ross, Kravchenko, McFadden, and Woiser.

## MEMORANDUM OF LAW

### I. PLAINTIFF CODY TODD SHOULD NOT BE APPOINTED LEAD PLAINTIFF
####   A. Plaintiff Cody Todd Does Not Have The Largest Financial Interest

"In determining which proposed lead plaintiff has the 'largest financial interest' relevant factors are (1) the number of shares purchased during the class period, (2) the amount of the investment, and (3) the alleged loss. *Miller v. Dyadic Intern, Inc.*, 2008 WL 2465286 at *3 (S.D. Fla. April 18, 2008). Additionally, the United States District Court for the Southern District of Florida supports aggregation for the purposes of appointment of lead plaintiff. *Newman v. Eagle Building Technologies*, 209 F.R.D. 499, 503, 504 (S.D. Fla. 2002) ("This Court adopts the reasoning of the Third Circuit and finds that aggregation is acceptable for the purposes of lead plaintiff in private securities litigation. [] There is no requirement contained in the PSLRA that the group of persons serving as lead plaintiff have a relationship among themselves.").

Plaintiff Todd purports to have "…lost approximately $8,056 in connection with his purchases of the Affected Securities…." Todd Motion at 5. This purported loss was aggregated between Plaintiff Todd's holdings of AMC, GME, and BB. *Id.* Plaintiff Todd owned 975 shares of AMC, 56 shares of GME, and 65 shares of BB on or before January 29, 2021. Todd Motion Ex. 3 Dkt. No. 26-4. However, Plaintiff Todd only suffers a loss related to the AMC and BB shares. *Id.* The loss chart attached to the Todd Motion shows that Mr. Todd actually profited from his GME trades. *Id.* Furthermore, the Todd Plaintiff's losses related to his BB shares concerned shares *purchased* and sold after January 28, 2021. These losses would be excluded from the claim under Plaintiffs' class definition, as they were purchased after Robinhood's market-manipulative conduct at issue. Therefore, the Todd Plaintiff would have experienced a loss of only $7,794.05 under Plaintiffs' Class Definition.

Plaintiffs collectively owned a higher number of Stocks during the Class Period, including

3

92.823 shares of AMC, 150 shares of GME, 149 shares of NAKD, 723 shares of NOK, and 22 shares of BBBY, most of which were not even part of the Rosen Law Firm's notice nor part of the *Muncy* complaint.  For example, proposed Plaintiff Woiser suffered a loss of $1,942.28 on the NOK stocks he sold at the time of Robinhood's restrictions.  *See* Declaration of Sarah Westcot, ¶ 3, and Exhibit A thereto.  Clearly, Plaintiffs had a larger and more diverse aggregate holding of the Stocks at issue.  As noted in the Todd Motion, "AMC shares fell $11.27 per share, or 56%, to close at $8.63 per share, BB shares fell $10.45 per share, or 41% to close at $14.65 per share, BBBY shares fell $19.25 per share, or 46%, to close at $33.64 per share, and GME shares fell $153.91 per share, or 44%, to close at $193.60 per share." at 3.  Such a drop in valuation further damaged Plaintiffs and putative class members who held their Stocks after January 28, 2021.

Taking all of the relevant factors outlined in *Miller* into consideration, Plaintiff Todd does not have the largest financial interest in this litigation.

### B. Plaintiff Cody Todd Will Not Adequately Represent The Interests Of The Class

"[Proposed lead plaintiff] and the other class members share a common interest, namely, *to recover as much of their investment losses as possible from the Defendant….*" *Carvelli* at *7 (emphasis added).  Furthermore, "[u]nder § 78u-4(a)(3)(B) of the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the most adequate lead plaintiff must otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Miller*, 2008 WL 2465286 at *6 (internal quotations omitted).  Such requirements include "(1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." *Id.*

As previously noted, Robinhood prohibited its customers from buying several publicly traded stocks, including, GME, AMC, AAL, NOK, BB, BBBY, EXPR, KOSS, NAKD, SNDL, TR, and TRVG.  However, the *Muncy* Complaint makes claims on behalf of holders of only five

4

(5) of the Stocks, namely, GME, AAL, AMC, BB and BBBY. Appointing Cody Todd as lead plaintiff in this action would leave holders of seven (7) of the twelve (12) Stocks outside of the class definition provided in the *Muncy* Complaint. For example, Plaintiff Woiser, who suffered a loss of approximately $1,942.28 related to NOK stock, would not be represented under the class definition provided by the *Muncy* Compliant. Such exclusion runs afoul of the PSLRA and Rule 23 requirements. The Court should not permit such an injustice. Targeting only five (5) of the twelve (12) Stocks does not protect the interests of the class as required by the PSLRA and Rule 23. *See also Carvelli* at *7.

### C. The Class Definition Promulgated In The Muncy Complaint Will Subject Plaintiff Todd To Unique Defenses

"Any member of the proposed class may rebut the presumption upon proof that the presumptively most adequate plaintiff is subject to unique defenses." *Miller*, 2008 WL 2465286 at *3. The *Muncy* Complaint sets forth the following class definition: "…all persons other than defendants sold the Affected Securities on the Robinhood trading platform on or after January 28, 2021, and who were damaged thereby." *Muncy* Complaint ¶ 26. However, the *Muncy* Complaint alleges that the conduct at issue took place on January 28, 2021. *Id.* ¶ 20 ("…on January 28, 2021, Robinhood, and other brokers, restricted trading on the Affected Securities to closing securities only. As a result of this injection of fear into the market and artificial restriction of demand, the price of the Affected Securities dropped precipitously, causing significant damages to retail investors.). The *Muncy* Complaint further alleges, "[t]hat same day [January 28, 2021], AMC shares fell $11.27 per share…BB shares fell $10.45 per share…BBBY shares fell $19.25 per share…and GME shares fell $153.91 per share…. *Id.* at ¶ 23. This class definition is problematic, as noted earlier, as it allows for putative class members to bring claims for securities *purchased after* the alleged conduct at issue and *after* the date of the initial drop in valuation. For example,

5

the Todd Plaintiff is alleging losses for BB stock purchased on January 29, the day after Robinhood's alleged conduct. It is unclear how the Todd Plaintiff would have standing to bring claims for such a loss, as he would have already been apprised of the deceptive conduct at issue prior to the purchasing of any securities on January 29, 2021. This will subject him to unique defenses, including attacking his alleged damages as well as those suffered by the putative class.

## II. LAURENCE ROSEN AND PHILLIP KIM OF THE ROSEN LAW FIRM SHOULD NOT BE APPOINTED LEAD COUNSEL

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

In order to protect the interests of the entire Class, the Court should not appoint Cody Todd's counsel, the Rosen Law Firm, as Lead Counsel. The Rosen Law Firm did not provide adequate notice to all potential class members of the pendency of the action against Robinhood, and has failed to comply with the Local Rules for the United States District Court for the Southern District of Florida.

### A. Plaintiff Todd's Counsel Did Not Provide Adequate Notice

The PSLRA contains a notice requirement to be published for potential class members:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—

(I)  of the pendency of the action, the claims asserted therein, and the purported class period;

[…]

If more than one action on behalf of a class asserting substantially

6

>the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published in accordance with clause (i).

15 U.S.C. § 78u-4(a)(3)(A).

The Rosen Law Firm published their notice pursuant the PSLRA on February 2, 2021. However their notice failed to identify all securities at issue in this Litigation. Rosen's notice instead identified only five (5) of the twelve (12) affected securities, and directed the notice to only purchases of those five (5) securities. *See* https://www.businesswire.com/news/home/20210202006203/en/ (related only to "…those who sold American Airlines Group Inc. (NASDAQ: AAL), AMC Entertainment Holdings Inc. (NYSE: AMC), BlackBerry Limited (NYSE: BB), Bed Bath & Beyond Inc. (NASDAQ: BBBY), or GameStop Corp. (NYSE: GME) via the Robinhood trading platform on or after January 28, 2021 as a result of Robinhood's restrictions.") While such notice may be adequate to place holders of the five (5) listed stocks, it is deficient for holders of the seven (7) remaining stocks for which Robinhood restricted trading. Piven v. Sykes Enterprises, Inc., 137 F. Supp. 2d 1295, 1302 (M.D. Fla. 2000) ("The plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action *to inform class members of their right to file a motion for appointment as lead plaintiff within sixty days of the notice.*") (emphasis added). These seven (7) unlisted stocks include: NOK, EXPR, KOSS, NAKD, SNDL, TR, and TRVG. Individuals who purchased these seven (7) affected stocks would not have been adequately put on notice by neither the *Muncy* Complaint nor the Rosen Law Firm's associated class notice that failed to identify all of the restricted securities. The focus on only five (5) of the securities by counsel for Mr. Todd suggests that they do not plan to fully represent the interests of the class, and do not plan to adequately protect the interests of potential class members who held or sold the NOK, EXPR, KOSS, NAKD,

7

SNDL, TR, and TRVG securities during the relevant class period. *Carvelli* at *7.

To cure the aforementioned deficiencies and provide notice to holders of all affected securities, Bursor & Fisher, P.A. issued a second notice on April 19, 2021. *See* https://www.businesswire.com/news/home/20210419005956/en/Bursor-Fisher-P.A.-Announces-Pendency-of-Federal-Securities-Claims-Against-Robinhood-and-Related-Lead-Plaintiff-Deadline (the "Bursor Notice"). The Bursor Notice adequately protects the interest of **all** potential class members as it advises all members of the purported plaintiff class of the pendency of the action. 15 U.S.C. § 78u-4(a)(3)(A).

### B. Plaintiff Todd's Counsel Has Not Complied With Local Rule 7.1(A)(3)

Local Rule 7.1(A)(3) for the United States District Court for the Southern District of Florida requires that "…counsel for the movant . . . confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." L.R. 7.1(A)(3). The Rosen Law Firm knowingly failed to adhere to this requirement, and instead asked the Court to waive compliance with the Local Rule, which is not relief contemplated by the Local Rule. Dkt. No. 26. There are two options, either the moving party confers with other interested parties, or it makes reasonable efforts to do so. Here, the Rosen Law Firm did neither. They did not meet and confer with other securities plaintiffs, even though their motion clearly demonstrates that they were aware of other securities cases. *Id.* at 9. Nor did they make any reasonable efforts to confer with other counsel who were listed on the complaints in the other securities matters they had identified. Conversely, Counsel for the Plaintiffs have satisfied the requirements of the Local Rules by conferring with Mr. Todd's counsel and Robinhood prior to the filing of their Motion. Such failure to comply with the Local Rules

8

demonstrates the Rosen Law Firm's inexperience with practice and procedures in this District.

### III. PLAINTIFF TODD'S COUNSEL REJECTED COLLABORATIVE LEADERSHIP STRUCTURE

Given the size and scope of the Litigation, counsel for Plaintiffs saw the opportunity to work collaboratively with the Rosen Law Firm to prosecute claims on behalf of the Class. Plaintiffs' counsel contacted the Rosen Law Firm on multiple occasions to determine if an agreement could be reached to prosecute the instant action together as co-leads of the securities tranche of cases. However, the Rosen Law Firm dismissed any possibility of working collaboratively. If the Court does favor a co-lead structure for the securities tranche in the instant action, counsel for Plaintiffs remain open to working collaboratively with other counsel, whether that be as sole lead or co-lead counsel.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Plaintiff Todd's Motion to Appoint Lead Plaintiff and Selection of Lead Counsel, and instead appoint Plaintiffs Quat, Fassinger, Ross, Kravchenko, McFadden, and Woiser as Lead Plaintiffs and their counsel as Lead Counsel.

Dated: April 26, 2021

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: _/s/ Sarah N. Westcot_
      Sarah N. Westcot

Sarah N. Westcot (FBN: 1018272)
Stephen Beck (FBN: 1010183)
Rachel Miller (FBN 119778)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512

9

Facsimile:  (305) 676-9006
Email: swestcot@bursor.com
         sbeck@bursor.com
         rmiller@bursor.com

*Attorneys for Plaintiffs Quat, Fassinger, Ross, Kravchenko, McFadden, and Woiser*

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(3)**

Pursuant to Local Rule 7.1(A)(3), counsel for movants have conferred with all parties or non-parties who may be affected by the relief sought in the motion, or has made reasonable efforts to do so, in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

By:    */s/ Sarah N. Westcot*
        Sarah N. Westcot