UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

IN RE: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

This Document Relates to: All Actions Involving Federal Securities Laws

**REPLY IN SUPPORT OF PLAINTIFFS ERIC QUAT, AARON FASSINGER, MIKE
ROSS, IGOR KRAVCHENKO, MICHAEL MCFADDEN, AND TENZIN WOISER'S
MOTION TO APPOINT LEAD PLAINTIFF AND THEIR SELECTION OF LEAD
COUNSEL**

**TABLE OF CONTENTS**

PAGE(S)

INTRODUCTION ................................................................................................................ 1

MEMORANDUM OF LAW .............................................................................................. 1

I.      PLAINTIFFS' MOTION SHOULD BE CONSIDERED ............................................... 1

II.     PLAINTIFF CODY TODD IS NOT THE MOST ADEQUATE PLAINTIFF .............. 3

        A.    Plaintiff Cody Todd Does Not Have The Largest Financial Interest ..................... 3

        B.    Plaintiff Cody Todd Will Not Fairly And Adequately Protect The Interests Of
The Class And Is Subject To Unique Defenses ...................................................... 5

III.    PLAINTIFFS' LEADERSHIP STRUCTURE WILL BEST PROTECT THE
INTERESTS OF THE CLASS ....................................................................................... 6

        A.    A Diverse Grouping of Plaintiffs Will Protect The Interests Of The Class ............ 6

        B.    Plaintiffs Have Pled Damages In Compliance With The PSLRA ......................... 7

IV.    SELECTION OF PLAINTIFFS' COUNSEL WILL PROTECT THE INTERESTS
OF THE CLASS ............................................................................................................. 7

CONCLUSION ................................................................................................................... 9

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*California Public Employees' Retirement System v. Chubb Corp.*,
  127 F. Supp. 2d 572 (D.N.J. 2001) ................................................................................. 2

*Cambridge Ret. Sys. V. Mednax, Inc.*,
  2018 WL 8804814 (S.D. Fla. 2018) .......................................................................... 5, 6

*Cheney v. Cyberguard Corp.*,
  213 F.R.D. 484 (S.D. Fla. 2003) ................................................................................. 2

*Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharmaceutical Indus. Ltd.*,
  2021 WL 1217395 (E.D. Pa. 2021) ............................................................................. 8

*In re NYSE Specialists Sec. Litig.*,
  240 F.R.D. 128 (S.D.N.Y. 2007) ................................................................................. 3

*Miller v. Dyadic Intern, Inc.*,
  2008 WL 2465286 (S.D. Fla. 2008) ......................................................................... 4, 5

*Newman v. Eagle Building Technologies*,
  209 F.R.D. 499 (S.D. Fla. 2002) .............................................................................. 6, 7


**STATUTES**

15 U.S.C. § 78u-4(a)(2)(A) ............................................................................................ 7

15 U.S.C. § 78u-4(a)(3)(A) ............................................................................................ 2

15 U.S.C. § 78u-4(a)(3)(A)(iii)(II) ................................................................................. 5

15 U.S.C. § 78u–4(a)(3)(B)(ii) ....................................................................................... 3

28 U.S.C. § 1407 ............................................................................................................. 3

Plaintiffs Eric Quat, Aaron Fassinger, Mike Ross, Igor Kravchenko, Michael McFadden, and Tenzin Woiser ("Plaintiffs") respectfully submit this Reply in Support of Plaintiffs' Motion to Appoint Lead Plaintiff and Approve Selection of Lead Counsel.

## INTRODUCTION

Plaintiff Cody Todd does not meet the procedural and substantive requirements under the PSLRA and Rule 23 and therefore should not be appointed Lead Plaintiff.  Plaintiff Cody Todd does not have the largest financial interest in the relief sought by the class, raises claims related to less than half of the securities at issue in this litigation, and provides a class definition that will subject him to unique defenses.  Similarly, Todd's Counsel should not be appointed as Lead Counsel as they did not provide adequate notice of the pendency of the lawsuit to holders of all securities at issue, and did not comply with the conferral requirements of Local Rule 7.1(A)(3).

In contrast, Plaintiffs represent class members who purchased all twelve (12) affected securities, have a larger financial interest in the litigation, have complied with the requirements of the PSLRA, and have retained counsel with significant experience prosecuting class actions and who are located within this District.  For these reasons, the Court should deny Todd's motion for appointment of Lead Plaintiff and Lead Counsel, and instead grant the motion for appointment of Lead Plaintiff and Lead Counsel filed by Plaintiffs Quat, Fassinger, Ross, Kravchenko, McFadden, and Woiser.

## MEMORANDUM OF LAW

### I.    PLAINTIFFS' MOTION SHOULD BE CONSIDERED

Todd argues that Plaintiffs' Motion to Appoint Lead Plaintiff and Approve Selection of Lead Counsel ("Plaintiffs Motion") was untimely because it was not filed within 60 days of the notice published by the Rosen Law Firm.  Dkt. No. 254 at 7.  That is wrong.

1

The PSLRA's notice requirement provides that "…plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, *a notice advising members of the purported plaintiff class—(I) of the pendency of the action, the claims asserted therein, and the purported class period.*"   15 U.S.C. § 78u-4(a)(3)(A) (emphasis added).   "The fundamental purpose of the…notice requirement is to provide class members with sufficient information about the suit and inform class members of their right to move to be appointed lead plaintiff so they can make an informed and reasoned judgment about whether they should seek lead plaintiff status."   *California Public Employees' Retirement System v. Chubb Corp.*, 127 F. Supp. 2d 572, 576 (D.N.J. 2001) (denying plaintiffs' motion for appointment as lead plaintiffs and approval of lead counsel and order to re-publish notice).   This notice requirement, in part, protects the intent of the PSLRA "to have the 'most adequate lead plaintiffs' appointed as soon as practicable in the litigation."   *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 503 (S.D. Fla. 2003) (internal citations omitted).

As noted in Plaintiffs' Response in Opposition to Plaintiff Cody Todd's Motion to Appoint Lead Plaintiff and Lead Counsel ("Plaintiffs' Opposition"), "Rosen's notice…identified only five (5) of the twelve (12) affected securities, and directed the notice to only purchases of those five (5) securities."   Dkt. No. 253 at 7.   As such, the Rosen Notice was deficient because it did not place holders of over half of the affected securities on notice of the pendency of the action, as required by the PSLRA.   *Id.*; *see also California Public Employees' Retirement System*, 127 F. Supp. 2d at 576. After becoming aware of this defect, Plaintiffs' counsel published a PSLRA-compliant notice providing adequate notice to holders of all affected securities on April 19, 2021.   Dkt. No. 253 at 8.

Further, consideration of Plaintiffs' motion will not undermine the intent of the PSLRA.  This

matter was the subject of a motion for coordinated or consolidated proceedings under 28 U.S.C. §

1407, and the PSLRA states:

> If more than one action on behalf of a class asserting substantially
> the same claim or claims arising under this chapter has been filed,
> and any party has sought to consolidate those actions for pretrial
> purposes or for trial, the court shall not make the determination
> required by clause (i) until after the decision on the motion to
> consolidate is rendered. As soon as practicable after such decision
> is rendered, the court shall appoint the most adequate plaintiff as
> lead plaintiff for the consolidated actions in accordance with this
> paragraph.

15 U.S.C. § 78u–4(a)(3)(B)(ii).  As such, no decision could be rendered until consolidation was

complete.  Plaintiffs filed their motion shortly after the transfer of these matters to this Court,

allowing the Court to make a lead plaintiff determination within 90 days of notice.  The

circumstances of this case, namely the inadequate notice by the Rosen firm and the pendency of

JPML consolidation, distinguish this case from those cited by Todd.  *See, e.g., In re NYSE*

*Specialists Sec. Litig.*, 240 F.R.D. 128, 142–43 (S.D.N.Y. 2007) (declining to consider lead

plaintiff motion "years after the time for filing had expired").  For these reasons, Plaintiffs Motion

was not untimely and should be considered by the Court.

## II.     PLAINTIFF CODY TODD IS NOT THE MOST ADEQUATE PLAINTIFF

### A.  Plaintiff Cody Todd Does Not Have The Largest Financial Interest

Todd argues that he has triggered the PSLRA's most adequate lead plaintiff presumption by

having the largest loss of any movant before the Court.  Dkt. No. 254 at 3.  That is wrong

because Todd's losses are overstated.

"In determining which proposed lead plaintiff has the 'largest financial interest' relevant factors

are (1) the number of shares purchased during the class period, (2) the amount of the investment,

and (3) the alleged loss.  *Miller v. Dyadic Intern, Inc.*, 2008 WL 2465286 at *3 (S.D. Fla. 2008).

3

Todd alleges losses of "$8,056 in connection with his purchases of the Affected Securities."

Dkt. No. 26 at 5.  He calculated theses damages relying on his class definition, which established

the applicable class definition to include those shares "…*sold*…on the Robinhood trading

platform on or after January 28, 2021…."  *Muncy v. Robinhood Financial, LLC, et al.*, Case No.

2:21-cv-01729 ¶ 26 Dkt. No. 1 (the "*Muncy* Complaint").  Despite his class definition, Todd

includes in his loss estimate shares of the affected securities that were *purchased* after January

28, 2021 as well.   As noted in Plaintiffs' Opposition, Todd's losses related to his BlackBerry

("BB") shares should be excluded from his damage calculation.  Dkt. No. 253 at 3.  Additionally,

upon reexamination, one of his GameStop ("GME") trades should be excluded as well, as 5

GME shares were purchased on January 29, 2021, the day after the alleged conduct at issue.

Dkt. No. 26-3.  Excluding these shares from Plaintiff Cody Todd's damages calculation dilute it

further from $8,056.00 to $6,728.15.  The total amount of shares held by Todd on or prior to

January 28, 2021, include 975 shares of AMC Entertainment, Inc. ("AMC") and 51 shares of

GME.

As provided in Plaintiffs' Opposition, Plaintiff Woiser suffered losses of $1,942.28 related to his

shares of Nokia ("NOK").  Dkt. No. 253-2.  Additionally, Plaintiff McFadden suffered losses of

$79.61 related to his shares of AMC.  *See* Declaration of Sarah Westcot, ¶ 3, and Exhibit A

thereto.  Furthermore, the total amount of shares held by Plaintiffs on or prior to January 28,

2021, include 149 Naked Brand Group ("NAKD"), 150 GME, 22 BBBY, 723 NOK, 409 Sundial

Growers, Inc. ("SNDL"), and 92.823663 AMC.  *Eric Quat, et al. v. Robinhood Financial, LLC,*

*et al.*, Case No. 1:21-cv-21404 Dkt. No. 1-1 through 1-6.  As such, Plaintiffs had a larger and

more diverse aggregate holding of the securities at issue.  Dkt. No. 253 at 4.  Taking all of the

relevant factors outlined in *Miller* into consideration, Todd does not have the largest financial

4

interest in this litigation.  *See also Cambridge Ret. Sys. V. Mednax, Inc.*, 2018 WL 8804814 at

*10 (S.D. Fla. 2018) ("Although Cambridge and MissPERS purchased a larger number of shares

*and have alleged larger losses*…the Court finds that they are not presumptively the most

adequate lead plaintiff.") (emphasis added).

### B.  Plaintiff Cody Todd Will Not Fairly And Adequately Protect The Interests Of The Class And Is Subject To Unique Defenses

Even assuming, *arguendo*, that the Court determines Todd to have the largest financial interest, he

should not be appointed lead plaintiff as he is subject to unique defenses and will not adequately

protect the interests of the class.

The PSLRA provides that the most adequate plaintiff presumption "…may be rebutted only upon

proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique

defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. §

78u-4(a)(3)(A)(iii)(II);  *See also Cambridge Ret. Sys.*, 2018 WL 8804814 at *2 (S.D. Fla. 2018)

("A showing that a proposed lead plaintiff is the presumptively most adequate can be rebutted by

proof by a member of the purported class that the proposed lead plaintiff will not fairly and

adequately protect the interests of the class or is subject to unique defenses that render such

plaintiff incapable of adequately representing the class.") (internal quotations omitted).

The class definition provided by the *Muncy* Complaint reads, "…all persons other than defendants

sold [*sic*] the Affected Securities on the Robinhood trading platform on or after January 28, 2021,

and who were damaged thereby (the "Class")."  At ¶ 26.  The *Muncy* Complaint, and indeed the

Rosen Notice, both define the "Affected Securities" as, "American Airlines Group Inc. (traded on

NASDAQ under ticker "AAL"), AMC Entertainment Holdings Inc. (NYSE: "AMC"), BlackBerry

Limited (NYSE: "BB"), Bed Bath & Beyond Inc. (NASDAQ: "BBBY"), and GameStop Corp.

(NYSE: "GME")." *Id.* ¶ 2.  There are two main issues stemming from Plaintiff Todd's class definition: 1) it excludes holders and sellers of over half of the securities at issue, and 2) the definition allows for purchases of the securities made after January 28, 2021.  This will subject Todd and the putative class he seeks to represent to unique defenses as his class definition allows for class members to bring claims for securities purchased after the alleged market manipulation and the resulting drop in valuation.  Dkt. No. 253 at 5.  Individuals who voluntarily purchased the affected securities after the market manipulative conduct was made known are not similarly situated to purchasers who were blindsided by the same because the latter were relying on market conditions free from manipulation.  The same cannot be said for those who purchased affected securities after the fact.  Furthermore, the Rosen class definition excludes over half of the potential class members.  *Id.*  It is unclear how Plaintiff Todd can claim to adequately protect the interests of the class when he is not seeking to represent even half of the potential members of the class. No such issues are presented by Plaintiffs' class definition.

## III.   PLAINTIFFS' LEADERSHIP STRUCTURE WILL BEST PROTECT THE INTERESTS OF THE CLASS

### A.  A Diverse Grouping of Plaintiffs Will Protect The Interests Of The Class

Todd argues that Plaintiffs will not adequately protect the interests of the class because they did not have a pre-litigation relationship.  Dkt. No. 254 at 10-13.  That is wrong.

The United States District Court for the Southern District of Florida supports aggregation for the purposes of appointment of lead plaintiff.  *Newman v. Eagle Building Technologies*, 209 F.R.D. 499, 503 (S.D. Fla. 2002).  The overwhelming majority of authority cited by Todd to combat this position was from outside of this District.  Dkt. No. 254 at 11.  Although courts may typically favor appointment of groups topping out at five members, this is not your typical case with one affected security.  *Newman*, 209 F.R.D. 499, 505 ("a court *generally* should only approve a group that is small enough to be capable of effectively managing the litigation and

lawyers…*ordinarily* this should be no more than three to five persons.") (internal quotations omitted) (emphasis added).  The instant action involves violations of securities laws where broker dealers prohibited their customers from buying *twelve* publicly traded stocks.  Dkt. No. 253 at 1. A larger group of plaintiffs is warranted in this unique case to adequately represent all potential class members.

### B.  Plaintiffs Have Pled Damages In Compliance With The PSLRA

Todd alleges that Plaintiffs submitted defective PSLRA certifications.  That is wrong.  The PSLRA provides, in pertinent part, "Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that--…(iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint."  15 U.S.C. § 78u-4(a)(2)(A).

Todd argues that Plaintiffs are inadequate and/or atypical because they do not provide a detailed transaction history with dates and prices per share.  Dkt. No. 254 at 14.  However, pertinent statutory language does not provide such a requirement.  15 U.S.C. § 78u-4(a)(2)(A).  Furthermore, all Plaintiffs submitted sworn certifications as attachments to the *Quat* Complaint in compliance with the PSLRA.  Dkt. 1-1 through 1-6.  Additionally, the Court has available all financial information related to Plaintiffs' losses to effectively compare financial interests between Plaintiffs and Todd.  *See Id.*; *see also*, Declaration of Sarah Westcot, ¶ 3, and Exhibit A thereto; Dkt. No. 253-2.

### IV.   SELECTION OF PLAINTIFFS' COUNSEL WILL PROTECT THE INTERESTS OF THE CLASS

Todd argues that Plaintiffs' Counsel, Bursor & Fisher, P.A. ("B&F"), will not adequately represent the interests of the class and that conflicts exist with another pending case, *In re*

*Robinhood Order Flow Litigation*, Case No. 4:20-cv-09328-YGR (N.D. Cal.) ("Order Flow Litigation") in which B&F was recently appointed as co-lead counsel by Judge Yvonne Gonzalez Rogers.  That is wrong.

Contrary to Todd's assertions, no conflicts exist between the two matters, as there is no overlap between class periods in the two actions.  The class period in the Order Flow Litigation spans from September 1, 2016 through June 30, 2019, while the current action concerns market manipulations and restrictions that occurred in January 2021.  *See* Case No. 4:20-cv-09328-YGR Dkt. No. 7 ¶ 97; *Quat* Complaint ¶ 68.  Todd's claim that B&F may have to make conflicting damages arguments in equally unavailing. His citation to *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharmaceutical Indus. Ltd.*  is misplaced, as that case involved the denial of a lead plaintiff motion where counsel was making damages arguments in two litigations *covering an overlapping time-period*.  *See* 2021 WL 1217395 at *9 - *10 (E.D. Pa. 2021) (denying lead plaintiff motion and finding disabling conflict of interest where counsel would be required to make conflicting damages arguments in a different litigation covering an overlapping time-period.).

Unable to identify any concrete conflicts, Todd argues that hypothetically, a conflict could arise if two competing classes were "both vying for a limited pool of resources from the same defendants."  Dkt. No. 254 at 17.  Such worries are unwarranted and have not materialized.  Robinhood is a multibillion-dollar company, and no evidence has been presented to suggest it would be unable to fulfill financial obligations.[1]

If anything, B&F's experience litigating against Robinhood weighs in favor of appointment as lead counsel.

---

[1] https://qz.com/1971633/robinhood-pre-ipo-secondary-shares-signal-40-billion-valuation/#:~:text=Robinhood%20was%20valued%20at%20%2411.7,private%20fundraising%20round%20in%20September.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Plaintiffs Eric Quat, Aaron Fassinger, Mike Ross, Igor Kravchenko, Michael McFadden, and Tenzin Woiser as Lead Plaintiffs and their counsel as Lead Counsel.

Dated: May 3, 2021            Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:     */s/ Sarah N. Westcot*
          Sarah N. Westcot

Sarah N. Westcot (FBN: 1018272)
Stephen Beck (FBN: 1010183)
Rachel Miller (FBN 119778)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com
       sbeck@bursor.com
       rmiller@bursor.com

*Attorneys for Plaintiffs Quat, Fassinger, Ross, Kravchenko, McFadden, and Woiser*

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(3)**

Pursuant to Local Rule 7.1(A)(3), counsel for movants have conferred with all parties or non-parties who may be affected by the relief sought in the motion, or has made reasonable efforts to do so, in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

By:     */s/ Sarah N. Westcot*
Sarah N. Westcot

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 3, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     */s/ Sarah N. Westcot*
Sarah N. Westcot
