**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-2989-MDL-ALTONAGA/Torres**

In re:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**
_____/

This Document Relates to: Case No. 21-21448-cv

**ORDER**

On February 12, 2021, *pro se* Plaintiffs, Petro Siruk and Marina Siruk, filed a Class Action Complaint [ECF No. 1] in the District of Minnesota, asserting breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and negligence claims against Defendants, Robinhood Financial LLC, Robinhood Securities LLC, and Robinhood Markets, Inc. (*See generally id.*). Plaintiffs applied to file their suit *in forma pauperis*. (*See* Motion [to] Proceed Without Prepaying Fees or Cost[s] [ECF No. 2]).

Under 28 U.S.C. section 1915(e), courts are permitted to dismiss a suit filed *in forma pauperis* "at any time if the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2) (alteration added). On March 31, 2021, Magistrate Judge Schultz issued a Report and Recommendation [ECF No. 3], recommending the Class Action Complaint be dismissed in accordance with the screening provisions of section 1915(e) for frivolity. (*See generally* Report). On April 15, 2021, Plaintiffs filed Objections [ECF No. 10] to the Report, and Defendants filed a Response [ECF No. 9] on April 29, 2021.

In his analysis, Judge Schultz recommended Plaintiffs' case "be dismissed without

prejudice under the first-to-file rule." (Report 2).[1] He determined the first-to-file rule applied because (1) Plaintiffs' action was not the first filed because Plaintiffs filed their Class Action Complaint less than two weeks after *Nelson v. Robinhood Financial LLC, et al.*, No. 21-cv-0777 (S.D.N.Y.), a "nearly identical putative class action"; (2) the defendants in both actions are identical and the putative class definition in the *Nelson* litigation suggests Plaintiffs' interests would be adequately protected and represented if the *Nelson* class is certified; and (3) the subject matter of the suits are "nearly identical because [Plaintiffs] essentially cop[ied]-and-pasted the original complaint that was filed in the *Nelson* litigation." (Report 4–5 (alterations added)).

Noting Plaintiffs will have ample opportunity to participate in the *Nelson* litigation if a class is certified and would likely not face a statute-of-limitations problem if the class is not certified, Judge Schultz recommended dismissal, rather than a stay or transfer, "given [Plaintiffs'] recent litigation history." (*Id.* 5 (alteration added)). Judge Schultz observed "[t]his is the tenth case [Plaintiffs] have filed in less than a year[]" — all but one of the previous nine failed to survive section 1915(e) review. (*Id.* 5–6 (alterations added)). Judge Schultz therefore recommended dismissal without prejudice in order to "caution[] [Plaintiffs] that frivolous class action litigation will not be tolerated, without permanently hindering their ability to pursue legal recourse for any harm they may have suffered based on the Robinhood [D]efendants['] conduct." (*Id.* 6 (alterations added)). Judge Schultz further recommended Plaintiffs' *in forma pauperis* applicated be denied as moot. (*See id.* 7).

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). A proper objection "identifie[s] specific

---

[1] The Court relies on the pagination generated by the Case Management/Electronic Case Files system, which appears as a header on all filings.

findings set forth in the R&R and articulate[s] a legal ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (alterations added). Although Plaintiffs object to "the entire [R]eport and [R]ecommendation[,]" (Objs. (alterations added)), the Court concludes their objections are improper.

Plaintiffs baldly assert they are "legally entitled to a relief against said [D]efendants" and "Defendants breached certain terms of the legal contract, therefore above-named [D]efendants are legally inde[b]ted to above-named [P]laintiffs." (*Id.* (alterations added)). Such conclusory "objections" are improper because Plaintiffs fail to identify any specific findings in Judge Schultz's Report and do not articulate any *legal* grounds for objection. For example, Plaintiffs do not specifically object to the Report's conclusions that their Complaint was not the first-filed; the parties and subject matter are substantially the same as the parties and subject matter in the *Nelson* litigation; their interests will be adequately protected in the *Nelson* litigation; and they are "prolific filers[,]" having filed at least ten cases in less than a year. (Report 4–6 (alteration added)). Plaintiffs do not rebut or even address these findings, nor do they set forth any *legal* argument why the Report is incorrect that the first-to-file rule applies. Likewise, Plaintiffs fail to state any legal grounds to support their assertion that dismissal is not warranted.

Upon review, the Court agrees dismissal is appropriate. Plaintiffs' argument they are "legally entitled to a relief against said [D]efendants" because "Defendants breached certain terms of the legal contract" presents no basis to deviate from this conclusion. (Objs. (alteration added)). As Judge Schultz noted, Plaintiffs will have "ample opportunity to participate in the *Nelson* litigation if the class is certified" and their interests will be "adequately represent[ed]" in this multidistrict litigation. (Report 5 (alteration added); *see also* Resp. 6). Moreover, although Plaintiffs style their suit as a class action, *pro se* litigants like Plaintiffs cannot represent a class.

3

CASE NO. 21-2989-MDL-ALTONAGA/Torres<br>
CASE NO. 21-21448-CV-ALTONAGA

(*See* Resp. 6–7); *Class v. U.S. Bank Nat'l Ass'n*, 734 F. App'x 634, 636 (11th Cir. 2018) ("The right to appear *pro se* . . . is limited to parties conducting their own cases, and does not extend to non-attorney parties representing the interests of others." (alteration added; quotation marks and citations omitted)).

In sum, the undersigned fully agrees with the analysis and recommendations in Judge Schultz's Report. Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation **[ECF No. 3]** is **ADOPTED**.

2. Plaintiffs' Class Action Complaint **[ECF No. 1]** is **DISMISSED without prejudice**.

3. The Clerk of the Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of May, 2021.

*[signature: Cecilia M. Altonaga]*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
*Pro Se* Plaintiffs