UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

In re:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**
_____/

This Document Relates to All Actions

## ORDER

In the April 19, 2021 Case Management Order [ECF No. 209], the Court invited attorneys involved in the non-federal securities actions to submit applications for Plaintiffs' lead counsel by April 26, 2021. (*See id.* 2). The Court has received applications for thirteen (13) individuals. (*See* [ECF Nos. 243-1–243-10]).[1] After carefully considering the applicants' written submissions, the Manual for Complex Litigation, and Federal Rule of Civil Procedure 23(g), the Court issues the following Order to set interviews with each candidate.

*The interviews*. Leadership presentations/interviews will be conducted in one session, on **May 17, 2021** beginning at 11:00 a.m. and will run for fifteen (15) minutes each, with a break from 12:30 p.m. to 1:15 p.m. There will be a court reporter in attendance at the interview presentations, and a transcript may be requested.

The Court is working through the best way to facilitate video attendance and will provide connection information in a subsequent notice. Technology should permit all interested parties to view the proceedings. To facilitate the videoconferencing, the Court will interview candidates in

---

[1] Plaintiff, Michael Oberlin's Application (*see* [ECF No. 243-5]) includes applications for Peter Safirstein, Elizabeth S. Metcalf, Gary S. Graifman, and Melissa R. Emert.

the order they are listed in the Notice of Filing Leadership Applications of Plaintiffs' Attorneys [ECF No. 243], beginning with Gabriel Assaad and ending with Roy Willey, IV.

*Interview questions*. Following a brief opening statement from each applicant, the Court may select from the following questions:

- How can you assure the Court that you have enough time for this case?

- Please explain your time commitment and what you see yourself substantively being able to accomplish in this case and contribute not only based on your expertise but also based on your time.

- What can the Court do to promote a diverse and inclusive environment within leadership?

- What is your vision of this case? Why did you choose to apply for a leadership position?

- What role do you envision for yourself in this case, and what would you substantively want to do?

- Please provide examples of your collaboration with other/opposing counsel.

- What substantive areas of expertise do you think you would bring to this case?

- How would you interact with others with lesser roles in this case?

- What insight do you have as to how to make this MDL successful?

- What is your comfort level in taking on a case of this nature?

- How many master complaints do you think should be filed if you were in a leadership position to make that decision?

- What are your thoughts as to the broader MDL as to total staffing?

- Why do you think your leadership appointment will be important to the success of the MDL?

- How do you think civility and professionalism can be fostered in the MDL?

- Do you have any kind of major (one or two) insights from the work you have done so far that you want to share?

- Is there anything you want to offer in terms of your insights about the overall structure of leadership in the MDL?

- Do you have a reputation for working effectively with defense counsel? Why do you think you have that reputation? What earned you that reputation?

- What is your style in working with opposing counsel?

- Do you have the support of the partners in your firm who otherwise served more visibly in leadership roles?

- What do you think is the greatest strength you may bring and one of the greatest challenges you may find?

- How do you see the timing of motion practice in this case?

- What do you think are the most valuable skills that you can offer to this litigation?

- What are the challenges you face transitioning to an MDL and what advice would you give to new entrants?

- What can the Court do to better support an environment to bring in new entrants and others with different perspectives?

- What is the biggest concern you have about this MDL, including problems or challenges we will face, and what is your greatest hope for it?

- Do you have any thought on what novel discovery and trial methods the Court might want to consider incorporating in this litigation?

- What is your view for staffing the MDL in size, organization, and structure?

- What legal issue or issues do you find most interesting in this case?

- Do you think the leadership structure calls for a state federal/federal state liaison?

- Do you have any thoughts on how to ensure that settlements do not just favor leadership?

*Written disclosures*. The Court directs each applicant for Plaintiffs' leadership to file on the docket with the Court written responses to the following questions by **May 14, 2021**:

- Do you represent any present parties or claimants in this litigation whom you have represented in any other capacity or in any other court (either currently or within the past 3 years)? If so, please describe.

3

- Do you have any financial interest or financial relationship, including but not limited to as an investor, officer, director, employee, or contractor, in or with any party or client/claimant involved in this MDL (other than a written retainer or engagement agreement for a client in these consolidated actions)? If so, please describe.

- Do you have any financial interest (direct or indirect) in any Short Squeeze claims or lawsuits filed or registered by any other counsel in this MDL, other than the co-counsel relationships disclosed in the case chart (*see* [ECF No. 200-1])? If so, please describe.

- Do you have any personal relationship (including but not limited to familial or financial/business) with any party, client, claimant, counsel, or vendor involved in this MDL? If so, please describe.

- Do you or your firm have any financing that is contingent upon this litigation? If yes, the following questions shall be answered:

    o Does the litigation funder have any control (direct or indirect, actual or apparent or implied) over the decision to file or the content of any motions or briefs, or any input into the decision to accept a settlement offer?

    o Does the financing (1) create any conflict of interest for counsel, (2) undermine counsel's obligation of vigorous advocacy, (3) affect counsel's independent judgment, (4) give to the lender any control over litigation strategy or settlement decisions (as to either the common benefit work done by counsel or work for individual retained clients), or (5) affect party control of settlement?

- The applicant shall disclose any other relationship or fact that he or she believes, if known, would be material to the Court with respect to either an actual conflict of interest or the appearance of a conflict of interest that the applicant has not already disclosed to the Court.

The Court requires that these disclosures be immediately updated if any change to the disclosure statement arises. The Court expressly reserves the right to revisit any individual's leadership position in light of these disclosures.

**DONE AND ORDERED** in Miami, Florida, this 5th day of May, 2021.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record; *pro se* Plaintiffs