UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

In re:

JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION
_____/

This Document Relates to All Actions

### WRITTEN DISCLOSURES OF RACHEL W. FURST, APPLICANT FOR PLAINTIFFS' LEADERSHIP

Pursuant to the Court's Order [ECF No. 286] entered May 5, 2021, the undersigned attorney, Rachel Wagner Furst, submits the following responses to the Court's questions outlined therein:

1. Do you represent any present parties or claimants in this litigation whom you have represented in any other capacity or in any other court (either currently or within the past 3 years)? If so, please describe.

    **Response**: No

2. Do you have any financial interest or financial relationship, including but not limited to as an investor, officer, director, employee, or contractor, in or with any party or client/claimant involved in this MDL (other than a written retainer or engagement agreement for a client in these consolidated actions)? If so, please describe.

    **Response**: No

3. Do you have any financial interest (direct or indirect) in any Short Squeeze claims or lawsuits filed or registered by any other counsel in this MDL, other than the co-counsel relationships disclosed in the case chart (*see* [ECF No. 200-1])? If so, please describe.

    **Response**: No

4. Do you have any personal relationship (including but not limited to familial or financial/business) with any party, client, claimant, counsel, or vendor involved in this MDL? If so, please describe.

   **Response**: **No**

5. Do you or your firm have any financing that is contingent upon this litigation? If yes, the following questions shall be answered:

   a. Does the litigation funder have any control (direct or indirect, actual or apparent or implied) over the decision to file or the content of any motions or briefs, or any input into the decision to accept a settlement offer?

   b. Does the financing (1) create any conflict of interest for counsel, (2) undermine counsel's obligation of vigorous advocacy, (3) affect counsel's independent judgment, (4) give to the lender any control over litigation strategy or settlement decisions (as to either the common benefit work done by counsel or work for individual retained clients), or (5) affect party control of settlement?

   **Response**: **No**

6. The applicant shall disclose any other relationship or fact that he or she believes, if known, would be material to the Court with respect to either an actual conflict of interest or the appearance of a conflict of interest that the applicant has not already disclosed to the Court.

   **Response: None**

Dated:  May 14, 2021.                                  Respectfully submitted,

/s/ *Rachel Wagner Furst*
Rachel Wagner Furst
Fla. Bar No. 45155
rwf@grossmanroth.com
**GROSSMAN ROTH YAFFA COHEN, P.A**.
2525 Ponce de Leon Blvd., Ste 1150
Coral Gables, FL 33134-6040
Telephone: (305) 442-8666
Facsimile: (305) 285-1668
*Co-counsel for Plaintiff Sagi Cezana*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Rachel Wagner Furst*
Rachel Wagner Furst