UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

In re:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**
_____/

This Document Relates to All Actions

**ORDER**

In the April 19, 2021 Case Management Order [ECF No. 209], the Court invited attorneys involved in the non-federal securities actions to submit applications to be selected as Plaintiffs' lead counsel by April 26, 2021. (*See id.* 2). The Court has received applications for thirteen (13) individuals. (*See* [ECF Nos. 243-1–243-10]). On May 17, 2021, the Court heard from the respective candidates. (*See* [ECF No. 306]). After carefully considering the applicants' written submissions and oral presentations, as well as the guidance provided by the Manual for Complex Litigation, and Federal Rule of Civil Procedure 23(g), the Court issues the following Order (1) establishing Plaintiffs' claim and leadership structure; (2) appointing counsel to designated leadership roles in this multidistrict litigation ("MDL"); and (3) assigning Plaintiffs' leadership duties.

*Claim structure – four tranches*. The Court finds this litigation will proceed most efficiently with four groups, or "tranches," of claims. The Court designates the following tranches: (1) antitrust claims against Defendants (the "Antitrust Tranche"); (2) state-law claims against the Robinhood entities and other Robinhood-related Defendants (the "Robinhood Tranche"); (3) state-law claims against the other broker-dealer Defendants and other related Defendants (the "Other

Broker Tranche"); and (4) federal security law claims. This Order does not address the federal security law claims.

### *Leadership structure – Lead Counsel, Liaison Counsel, and Steering Committee*.

*Lead Counsel*. The Court appoints four Lead Counsel: two for the Antitrust Tranche; one for the Robinhood Tranche; and one for the Other Broker Tranche. Lead Counsel have the duties outlined in the Manual for Complex Litigation section 10.221, which include formulating (in consultation with other counsel and the Steering Committee) and presenting positions on substantive and procedural issues during the litigation.

*Liaison Counsel*. The Court appoints one Plaintiffs' Liaison Counsel. Liaison Counsel is charged with responsibility for administrative matters, including facilitating communications with the Court and counsel in the MDL. Liaison Counsel will assist all counsel in complying with the rules and procedures of the Court.

*Steering Committee*. To further promote efficient management of the MDL and pursuant to the guidance set forth in the Manual for Complex Litigation sections 10.221, 40.22, the Court establishes a five-member Steering Committee for the Antitrust Tranche, Robinhood Tranche, and Other Broker Tranche. The Steering Committee has the duties outlined in the Manual for Complex Litigation section 10.221. The Steering Committee shall ensure that all tranche members' interests and positions are represented in decision making. It will be chaired by a Steering Committee Chair.

### *Appointments*.

*Lead Counsel*. The Court appoints the following attorneys as Plaintiffs' Lead Counsel:

Antitrust Tranche:        Joseph R. Saveri
                                     Joseph Saveri Law Firm, LLP
                                     601 California Street, Suite 1000
                                     San Francisco, California 94108

                                              Frank R. Schirripa
                                              Hach Rose Schirripa & Cheverie LLP
                                              112 Madison Avenue, 10th Floor
                                              New York, New York 10016

Robinhood Tranche:          Natalia M. Salas
                                              The Ferraro Law Firm, P.A.
                                              600 Brickell Avenue, Suite 3800
                                              Miami, Florida 33131

Other Broker Tranche:        Peter Safirstein
                                              Safirstein Metcalf LLP
                                              1345 Avenue of the Americas, 2nd Floor
                                              New York, New York 10105

*Liaison Counsel*. The following attorney serves as Plaintiffs' Liaison Counsel:

                                              Rachel Furst
                                              Grossman Roth Yaffa Cohen P.A.
                                              2525 Ponce de Leon Blvd., Suite 1150
                                              Coral Gables, Florida 33134.

*Steering Committee*. The Court appoints the following attorneys to the Steering Committee:

Committee Chair:             Roy T. Willey, IV
                                              Anastopoulo Law Firm, LLC
                                              32 Ann Street
                                              Charleston, South Carolina 29403

Committee Members:          Gabriel A. Assaad
                                              McDonald Worley, PC 1770
                                              St. James St., Suite 100
                                              Houston, Texas 77056

                                              Jeffrey A. Klafter
                                              Klafter Lesser LLP
                                              2 International Drive, Suite 350
                                              Rye Brook, New York 10573

                                              Dennis S. Ellis
                                              Browne George Ross O'Brien Annaguey & Ellis LLP
                                              2121 Avenue of the Stars, Suite 2800
                                              Los Angeles, California 90067

CASE NO. 21-2989-MDL-ALTONAGA/Torres

> Maurice D. Pessah
> Pessah Law Group, PC
> 661 N Harper Avenue, Suite 208
> West Hollywood, California 90048

*Personal nature of appointments*. All appointments of specific lawyers by this Order are personal in nature and may not be changed without Court order. Each appointee must assume personal responsibility for the performance of his or her responsibilities. No other attorneys, including members of an appointee's law firm, may substitute for the appointee in the fulfillment of his or her exclusive duties. The Court reserves the discretion to replace appointees, on their own requests, on request of Plaintiffs' Steering Committee, or on its own motion, if and as circumstances warrant. Notwithstanding the personal nature of appointments, appointee attorneys may utilize the services of a member or associate lawyer of their law firms or law partnerships (or appropriate clerical personnel) to assist them in fulfilling their obligations under this Order when doing so results in representational efficiencies and/or expense savings.

*Leadership authority*. The specific duties to be undertaken by Lead Counsel, the Steering Committee members, and Liaison Counsel are as follows:

*Lead Counsel*. Lead Counsel will be responsible for coordinating pretrial proceedings. Lead Counsel will have the following responsibilities:

1. perform all responsibilities designated by the Court;
2. determine (after consultation with members of Plaintiffs' Steering Committee and other counsel of record as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs on all matters arising during pretrial proceedings;

3. consistent with the requirements of Federal Rules of Civil Procedure 26(b)(1), 26(2), and 26(g), coordinate the initiation and conduct of discovery on behalf of Plaintiffs, including the preparation of joint interrogatories and requests for production of documents, and the examination of witnesses in depositions;

4. coordinate settlement discussions or other dispute resolution efforts on behalf of Plaintiffs, but not enter binding agreements except to the extent expressly authorized;

5. delegate specific tasks to other counsel of record in a manner that ensures pretrial preparation is conducted effectively, efficiently, and economically; scheduling deadlines are met; and unnecessary expenditures of time and expense are avoided;

6. encourage full cooperation and efficiency among all Plaintiffs' counsel;

7. convene meetings of the Steering Committee as necessary for the purpose of proposing joint action and discussing and resolving matters of common concern;

8. enter stipulations with opposing counsel necessary for the conduct of the litigation;

9. prepare and distribute periodic status reports to the parties;

10. maintain adequate time and disbursement records covering the service of designated counsel and establish guidelines as to the keeping of time records and expenses;

11. brief and argue motions for Plaintiffs and file opposing briefs and argue motions and proceedings initiated by other parties (except as to matters specifically directed to individual Plaintiffs) or designate the appropriate counsel to carry out these tasks; and

12. perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities.

*Liaison Counsel*.   Liaison Counsel shall have the following responsibilities:

1. perform all responsibilities as designated by the Court;

2. act as the primary contact between the Court and Plaintiffs' counsel;

3. maintain an up-to-date, comprehensive service list of Plaintiffs and promptly advise the Court and Defendants of changes to Plaintiffs' service list;

4. receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from Defendants that are not electronically filed with the Court;

5. establish and maintain a document depository;

6. assist Lead Counsel and the Steering Committee in resolving scheduling conflicts among the parties and coordinating activities, discovery, meetings, and hearings;

7. maintain a copy of this Order and serve the same on the parties and/or their attorneys in any actions later instituted in, removed to, or transferred to, this MDL; and

8. perform such other functions necessary to effectuate these responsibilities or as may be expressly authorized by further orders of the Court.

*Steering Committee*. The members of Plaintiffs' Steering Committee shall from time to time consult with Plaintiffs' Lead and Liaison Counsel on formulating overall case strategy, on developing a litigation plan, in coordinating Plaintiffs' pretrial activities, in fulfilling the obligations set forth in this Order, and otherwise in planning for trial. The Steering Committee Chair will monitor the work performed by the Steering Committee and will report to Plaintiffs' Lead Counsel. The Court may amend or expand the Steering Committee upon request from the Steering Committee, Plaintiffs' Lead Counsel or on the Court's own motion, if and as circumstances warrant.

***Communications with the Court***. All communications with the Court must be through Lead Counsel or Liaison Counsel. If circumstances require direct communication with the Court

by other counsel of record, copies of any such communications must simultaneously be served on all Lead Counsel and Liaison Counsel.

*Conclusion*. To better manage the orderly progress of the case, it is **ORDERED** that Lead Counsel and the Plaintiffs' Steering Committee, in conjunction with counsel for Defendants in the non-federal securities actions, shall confer and file a joint status report proposing procedural and/or other next steps the Court should take to ensure the just and efficient disposition of the non-federal securities cases in this MDL. The status report shall be filed by **June 2, 2021** and shall indicate whether a scheduling conference is requested.

**DONE AND ORDERED** in Miami, Florida, this 18th day of May, 2021.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record; *pro se* Plaintiffs