UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

In re:

**JANUARY 2021 SHORT SQUEEZE**

**TRADING LITIGATION**

_____/

**APPLICATION FOR APPOINTMENT TO THE PLAINTIFFS' STEERING COMMITTEE TO FILL VACATED SEAT**

On May 18, 2021, after careful consideration, this Court appointed a set of highly-qualified and diverse attorneys to leadership positions for the non-federal securities actions in this multidistrict litigation ("MDL"). Yesterday, one of the attorneys appointed to the Plaintiffs' Steering Committee ("PSC"), Dennis S. Ellis, declined the appointment (D.E. 312). With this submission, I set forth my qualifications and willingness to fill the vacated seat on the PSC. Should the Court desire, I would be happy to promptly provide the disclosures requested of lead counsel applicants as well as appear for an interview to answer any questions the Court may have (D.E. 286). It would be an honor for me to have such a position in this case of immense national importance.

The case that my firm filed (*Feeney, et al. v. Robinhood Financial, LLC, et al.*) was among the earliest filed and has distinct features that speak to our cutting edge approach.[1] For example, to my knowledge, the case is the only brought by, and on behalf of, Massachusetts consumers, which alleges a breach of fiduciary duty based in part on the state's newly adopted fiduciary conduct standard for broker-dealers.[2] As the litigation progresses, I can help bring a this and other fresh and well-informed perspectives to this MDL.

Beyond this case, I have proven experience in complex, civil litigation. Early in my legal

---

[1] In a similar vein, it is noteworthy that Migliaccio & Rathod LLP was among the first to investigate Robinhood's practices, in 2018. *See* "Why Is Robinhood Receiving Millions from High-Frequency Traders? We Investigate." *available at* https://classlawdc.com/2018/10/03/why-is-robinhood-receiving-millions-from-high-frequency-traders-we-investigate/ (Oct. 3, 2018). That investigation culminated in separate litigation my firm currently has pending against Robinhood regarding inferior execution of trades. *See* "Robinhood 'Concealed' Costs Of Trading, Users Say," Elise Hansen, Law360, *available at* https://www.law360.com/articles/1368077/robinhood-concealed-costs-of-trading-users-say (March 24, 2021).

[2] *See* Massachusetts Fiduciary Conduct Standard for Broker-Dealers and Agents Frequently Asked Questions & Answers, *available at* https://www.sec.state.ma.us/sct/sctfiduciaryconductstandard/fiduciaryrule-faq.htm .

1

career, I drafted the appellee briefing in *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012), in which the Sixth Circuit affirmed a class certification order in a number of insurance overcharge lawsuits, issued a foundational opinion on ascertainability in that Circuit, and led to several multimillion-dollar settlements. I have also been the principal brief writer for several motions for class certification, including in *Helmer v. Goodyear Tire & Rubber Co.*, Civil Action No. 12-cv-00685-RBJ-MEH, 2014 U.S. Dist. LEXIS 37501 (D. Colo. Mar. 21, 2014).

  With my partner Nicholas Migliaccio, I started our firm in 2016 at the age of 33, making me one of the youngest named partners of a major class action firm, especially so for a person of color. Since then, I have helped secure several significant class and collective action orders and settlements.[3] I also have experience in multidistrict litigation. My partner was appointed in 2019 to co-chair the medical monitoring committee in *In Re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Products Liability Litigation*, 1:19-md-02875-RBK-JS (D.N.J.), and I helped draft a multistate complaint in that case. I have also played a meaningful role in *In re JUUL Labs, Inc. Marketing, Sales Practices, and Products Liability Litigation*, 19-md-02913-WHO (N.D. Cal.), including by managing the discovery and defending depositions of several class action plaintiffs. Earlier in the litigation of that case, I wrote significant sections of oppositions to motions to dismiss in which the Court ruled in plaintiffs' favor, including on unfair and deceptive trade practices claims. Beyond the courtroom, I have published two law review articles about private enforcement and aggregate litigation, one of which was cited in a proposed rule by the Consumer Financial Protection Bureau to prohibit class action waivers in

---

[3] My resume is attached hereto as Exhibit 1.

arbitration agreements in consumer contracts.[4]

In addition to pretrial class action experience, I am among the few class action attorneys who also has significant trial experience that will aid in helping ready this case for trial, if necessary. I was co-lead trial counsel in *Adeli v. Silverstar Automotive, Inc.*, No. 5:17-cv-05224 (W.D. Ark.), an individual auto fraud case that did *not* involve personal injury, where the jury returned a plaintiff's verdict on all counts and a punitive damages award of $5.8 million.[5] I was also on the class action trial team in *Helmer* and, in that role, deposed a key statistics expert and successfully had his testimony excluded, even though he had testified in dozens of class action cases without limitation. My trial experience prompted the American Association for Justice to select me as a panelist at a nationwide legal education program, *Trying the Class Action: Practical Tips from the Pros*.

I also can and will commit the time and resources to prosecute this case. Even with an active class action practice, Migliaccio & Rathod LLP has never needed third-party litigation funding and presently has substantial cash reserves. The firm has only one other active MDL appointment, permitting me to take on a significant role here.

A PSC appointment would also enhance the quality of Plaintiffs' leadership by bringing even greater age, racial, geographic, and class diversity. Over half of the firm's five full-time attorneys are women and/or racial minorities, including myself. Most of the firm, including paralegals, is fluent in Spanish, and most are 30 or under, making me a seasoned veteran at age 37. The firm's geographic location in Washington D.C. is also a distinct advantage since our

---

[4] https://files.consumerfinance.gov/f/documents/201707_cfpb_Arbitration-Agreements-Rule.pdf (n. 611). The rule was, regrettably, later revoked, pursuant to the Congressional Review Act.
[5] The punitive damages award was reduced by the trial court on remittitur to $500,000, which was still a double-digit multiple of the plaintiff's compensatory damages. This award was affirmed by the Eighth Circuit.

offices are a short walk away from the Securities and Exchange Commission and the United States Capitol. The likelihood of a political or regulatory aspect to this case is high, and it is important to have a firm with a presence in Washington D.C. to collaborate with legislators, regulators, and experts located in the nation's capital.

Furthermore, Migliaccio & Rathod LLP prides itself on bringing socially impactful cases across areas of law, such as a litigation-certified and settled class action on behalf of malnourished prisoners,[6] a litigation-certified and settled collective action on behalf of over 1,500 IHOP servers across states in the Southeast,[7] a settled class action on behalf of subprime borrowers who had their vehicles repossessed,[8] and a settled nationwide class action on behalf of poor migrants made by a private company to pay excessive monthly fees and wear ankle monitors as a condition of their release from detention.[9] I work daily with, and for, working class clients, many of whom are people of color and some of whom cannot speak English. This case, too, impacts a broad swath of the population and I am primed to ensure that counsel work to vindicate the rights of *all* affected.

Dated: May 21, 2021

Respectfully submitted,

*/s/ Jason S. Rathod*
Jason S. Rathod, Esq.
MIGLIACCIO & RATHOD LLP
412 H Street NE
Washington, D.C. 20002
Tel: 202.470.3520
jrathod@classlawdc.com

Counsel for Plaintiffs in *Feeney, et al. v. Robinhood Financial, LLC, et al.*

---

[6] *Hill v. Cty. of Montgomery*, No. 9:14-cv-00933, 2018 U.S. Dist. LEXIS 140305 (N.D.N.Y. Aug. 20, 2018).
[7] *Corbin v. CFRA, LLC*, No. 1:15-cv-405 (Dkt. 93) (M.D.N.C.) (approving settlement).
[8] *See* www.nfreposettlement.com .
[9] *See* www.lbnsettlement.com .

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Jason S. Rathod*
Jason S. Rathod