UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-2989-MDL-ALTONAGA/Torres

IN RE:

**JANUARY 2021 SHORT SQUEEZE**
**TRADING LITIGATION**

_____/

This Document Relates to the Non-Federal Securities Actions

### JOINT NOTICE OF FILING PROPOSED STIPULATED ORDER REGARDING ESI PROTOCOL AND FORMAT OF PRODUCTIONS

Pursuant to the Court's Order dated June 3, 2021 [ECF No. 323], Plaintiffs and undersigned Defendants in the cases not governed by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u04, et seq. (collectively, the "Parties"), by and through their undersigned counsel, hereby jointly and respectfully submit for entry a proposed Order Regarding ESI Protocol and Format of Productions, subject to the Court's resolution of the issues identified in Exhibit A (the "Order") attached hereto.

The Parties have met and conferred and were unable to reach agreement as to four provisions in the Order. Through the Parties' cooperation and diligence, the issues in dispute have been substantially narrowed and are set forth for the Court's guidance and resolution below. Competing provisions are identified by in Exhibit A along with the Proposing Party. Plaintiffs' proposed language is identified with a heading in red font, and Defendants' proposed language is identified with a heading in blue font.

A.  **Production of Word Documents as Color PDFs [Ex. A, Part V.B.1.vi.a]**

*Plaintiffs' Position.*

Plaintiffs propose that Microsoft Word Documents (or similar) (e.g., .DOC, .DOCX, or substantially similar non-Microsoft word processed file formats) be produced as single-color PDF files. Production of Word documents in color preserves important information, including but not limited to additions, deletions, redlines and other tracked changes for edited documents. Documents produced in black and white may obscure those changes or may make those changes appear as mere formatting in the document. Likewise, if a document contains highlighting or graphics, the information in the original document will be degraded and context may be lost if the document is produced in black and white.

Any cost concerns would be minimal as processing Word files into color PDFs is a relatively inexpensive and simple procedure. Additionally, any cost concerns with the additional expense of hosting documents would be borne by the Receiving Party in its discovery platform, i.e., it will mostly be Plaintiffs who are choosing to bear the expense of hosting color PDFs and not Defendants.

*Defendants' Position.*

Plaintiffs have demanded that the Parties be required to produce Word documents in color.  The imposition of a default requirement that documents be produced in color imposes significant incremental expenses on a producing party, and in many instances is completely unnecessary for adequate understanding and interpretation of a particular document.  As the Parties and Court are aware, the actual number of documents from any given production that ultimately will be used for any purpose in the case is a tiny fraction.  With that in mind, Defendants maintain that the more cost efficient approach, which is common across litigation, is

to permit the requesting party to seek in good faith a color version of a document in appropriate circumstances where access to the color version would aid in understanding the document.

**B.     Production of Native Presentation Files (e.g., PowerPoint) and Web Pages [Ex. A, Part V.B.3.i]**

*Plaintiffs' Position.*

Plaintiffs propose that Presentation Files (e.g., PowerPoint presentations) and Web Pages be produced in native format. Native format Presentation Files preserve hidden information that provide important context for the document. For example, PowerPoint presentations may include speaker notes that would not be captured if produced in a non-native format. Additionally, Presentation Files may also contain embedded data or information, e.g., animations, graphics, or audio/video files. Native files are also less expensive to produce than TIFF files—an obvious benefit to the Producing Party, and are produced in color by default, which would make reviewing easier for the Receiving Party. For these reasons, courts routinely order the production of PowerPoint files in native format. *See, e.g., Aguilar v. Immigr. & Customs Enf't Div. of U.S. Dep't of Homeland Sec.*, 255 F.R.D. 350, 362 (S.D.N.Y. 2008).

With regards to Web Pages, much of this case centers around activity on the internet. Many if not all of the Defendants are in the financial technology industry. Defendants communicated with the public and members of the proposed class through web pages, e.g., Robinhood published statements regarding the events at issue on blog pages on its own corporate web site. Plaintiffs and members of the class purchased and sold the securities relevant to this case—and received communications regarding them—through the Robinhood web application and web pages. Aspects of this case may touch on these representations to consumers and the "gamification" of investing that Robinhood and other Defendants engaged in. Further, Web

Pages procured from publicly available sources—like the Wayback machine—are incomplete and cannot readily be authenticated. Given the central importance of many of these issues, Web Pages should be produced in native format to preserve elements that provide important context and content as originally seen by those who visited them. *Leidig v. Buzzfeed, Inc.*, No. 16 Civ. 542 (VM) (GWG) 2017 WL 6512353, at *9 (S.D.N.Y. Dec. 19, 2017) ("websites, insofar as they provided plaintiffs with an outlet of communication with the general public, are relevant to these factors and thus were within the scope of plaintiffs' duty to preserve"); *see also* Evan Gumz, *Native Format Web Preservation for Ediscovery and Compliance*, HANZO (June 26, 2018), https://www.hanzo.co/blog/native-format-web-preservation-for-ediscovery-and-compliance.

Costs associated with the production of native Presentation Files and Web Pages will be minimal. No further processing of the native files will be required. Likewise, the file size of native files will likely be negligible as compared with non-native format, minimizing any concerns about the cost of hosting native Presentation Files and Web Pages.

*Defendants' Position.*

Plaintiffs seek to require the production of native files of presentations and web pages. Defendants have agreed to produce native files of documents where the functionality of the document depends on access to the underlying native file, such as Microsoft Excel files, but in the majority of instances a native file is completely unnecessary and introduces risk of even inadvertent modification of the data as produced. Further, such a requirement would impose greater cost obligations on producing parties due to the increased size of the resulting production files. Accordingly, Defendants submit that production of a native file should be the exception rather than the rule, and a fair compromise is to instead permit the requesting party to seek in

good faith a native file in appropriate circumstances where they believe access to the native would aid in understanding the document.

The cases cited by Plaintiffs are inapposite. *Aguilar v. Immigr. & Customs Enf't Div. of U.S. Dep't of Homeland Sec.*, 255 F.R.D. 350, 362 (S.D.N.Y. 2008), concerned the question of whether metadata associated with PowerPoint files would be provided, not—as Plaintiffs claim—whether native versions would be produced. There is no dispute about the relevant metadata that will be provided here. Similarly, the single case cited by Plaintiffs concerning web pages simply stands for the proposition that web pages can be relevant and discoverable. Again, that is not presently in dispute.

A. **Relevancy Redactions [Ex. A, Part V.H]**

*Plaintiffs' Position.*

Plaintiffs propose striking subpart (c) of paragraph V.H.1 permitting redaction of "personally or commercially sensitive [content] so long as that information is not responsive to any requests for production" and adding paragraph V.H.5 admonishing that "[t]he Parties will not make any redactions based upon the purported relevancy of a Document."

First, Defendants' proposal is superfluous, unnecessary and may conflict with prior court orders. The Court has previously entered a Stipulated Protective Order, entered by the Court on July 1, 2021 [ECF No. 329] (the "Protective Order"). The Protective Order contains ample protections and protects, inter alia, trade secrets, proprietary business information, competitively sensitive information, personal or business financial information, and information prohibited form disclosure under applicable federal, state or foreign data protection law. *See* Protective Order at ¶ 2.2. The Protective Order provides two levels of protection, including an elevated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" level. Any information

5

that is personally or commercially sensitive is therefore already protected and should be dealt with consistent with the provisions as set forth in the Parties' negotiated and mutually agreed upon Protective Order without need for further redaction. *ADP, LLC v. The Ultimate Software Grp., Inc.*, Case No. 17-cv-61272-MIDDLEBROOKS, 2017 WL 7794595, at *2 (S.D. Fla. Dec. 15, 2017) (ordering production of unredacted versions of documents where no showing that Attorneys' Eyes Only designation inadequate to protect sensitive information). This provision provides adequate protection for confidential or highly confidential information, consistent with the Federal Rules of Civil Procedure and applicable law.

Second, confidentiality and redactions should not be left to the subjective interpretation of the producing party. Redactions for relevance are disfavored. Redacting for relevance is "inconsistent with Federal Rule of Civil Procedure 26's overarching purpose of permitting broad discovery" and "Federal Rule of Civil Procedure 34 concerns the production of documents not individual pictures graphics, paragraphs, sentences, or words within those documents." *Bonnell v. Carnival Corp.*, Case No. 13-22265-CIV-WILLIAMS/GOODMAN, 2014 WL 10979823, at *3 (S.D. Fla. Jan. 31, 2014) (quotation marks and citations omitted, italics in original).

For good reason. "'Even when implemented with restraint and in good faith, the practice frequently gives rise to suspicion that relevant material harmful to the producing party has been obscured.'" *ADP*, 2017 WL 7794595, at *1 quoting *In re Medeva Sec. Litig.*, No 93-4376, 1995 WL 943468 (C.D. Cal. 1995). This is consistent with the general principle that parties producing documents containing relevant information are not permitted to redact other information which they believe is not relevant. Additionally, Defendants' proposal would burden the Court with

6

needless motion practice—as "[o]ften, this practice 'results in litigation of collateral issues and in camera review of documents." *Id.*

For the reasons stated above, the Court should prohibit unilateral subjective redactions for relevance in the first instance (as Plaintiffs propose with their deletion and insertion). *See Bonnell*, 2014 WL 10979823, at *4 ("the better, less-risky approach is to not provide litigants with the carte blanche right to willy-nilly redact information from otherwise responsive documents in the absence of privilege, merely because the producing party concludes on its own that some words, phrases, or paragraphs are somehow not relevant.").

*Defendants' Position.*

Plaintiffs seek to include a provision stating the Parties cannot make any redactions based on the purported relevancy of a document. While Defendants recognize that, as a general matter, if a document contains material responsive to a document request then it will be produced in its entirety, this litigation involves a large number of defendants possessing highly sensitive commercial information and data from millions of individual customers. In addition, redactions of irrelevant commercially sensitive information could reduce the number of documents that need to be designated "Attorneys' Eyes Only" as well as the number of documents that may need to be filed under seal. Defendants therefore take the position that there may be circumstances where it is appropriate to redact entirely irrelevant information, and a bright-line rule against relevancy redactions eliminates any room for this option.

C.      **Notice of Destruction of ESI [Ex. A, Part VI.A]**

*Plaintiffs' Position.*

Plaintiffs propose inserting "If a Producing Party learns that responsive ESI that should have been preserved was lost or destroyed, and is no longer retrievable, the Parties shall

promptly meet and confer regarding such responsive ESI. Nothing in this agreement alters or expands the obligations of the Requesting Party or the Producing Party pursuant to Federal Rule of Civil Procedure 26(b)."

Consistent with a party's obligation to preserve information is a concomitant obligation of candor and transparency with respect to materials which were destroyed or otherwise not preserved. This provision clarifies these obligations. Plaintiffs' proposal is consistent with the Federal Rules. Federal Rule of Civil Procedure 37 permits sanctions should a Party fail to meet its discovery obligations. Rule 37 applies to electronically stored information, and applies "when such information is lost." Fed. R. Civ. P. 37, advisory committee's notes to 2015 amendment. Importantly, Rule 37 applies "if the lost information should have been preserved in the anticipation or conduct of litigation and the party failed to take reasonable steps to preserve it." Id. (italics added). Plaintiffs' proposal hews closely to the advisory committee's guidance on the applicability of Rule 37—if there is a failure to preserve is at issue, that failure should be disclosed. It should not be hidden.

The obligation to disclose materials not preserved is explicitly contemplated by Rule 26. Rule 26(f)(3) Discovery Plans require that the parties must state views and proposals on "any issues about disclosure, discovery, or preservation of electronically stored information." Fed. R. Civ. Pro. 26(f)(3). If ESI has not been preserved that *should have been preserved*, Rule 26 places an affirmative obligation to discuss issues related to preservation of ESI. And Plaintiffs' proposal further emphasizes it. *Id.*

Finally, Plaintiffs' proposal also hews closely to the Parties' ethical obligations. For example, attorneys have a duty of candor. *See, e.g.*, ABA Model Rule 3.3. Counsel have an obligation "to accurately represent to both opposing counsel and the court: . . . the thoroughness

of the searches and review performed . . . ."[1]  If ESI that otherwise should have been preserved and searched was not due to the ESI's destruction, the other Party should be so informed.

### *Defendants' Position.*

During the meet and confer process, Defendants requested any authority to support Plaintiffs' position on this issue.  Notwithstanding the discussion above, Plaintiffs stated that they were aware of no such authority.

In any event, Defendants have proposed language to require meet-and-confers in situations involving potentially lost ESI information.  Defendants' language requires such a discussion in circumstances in which the Producing Party identifies ESI that reasonably would have been subject to search for responsive information.  By contrast, Plaintiffs' proposal addresses circumstances in which "responsive ESI that should have been preserved" was lost.  The problem with Plaintiffs' proposal is that it incorrectly presumes a Producing Party could somehow determine with certainty that unavailable data (which, by definition, cannot be reviewed by the Producing Party) was in fact responsive.

Defendants' proposal also is consistent with the Federal Rules cited by Plaintiffs.

Dated: July 9, 2021                                                             Respectfully submitted,

| | |
|---|---|
| */s/ Joseph R. Saveri*<br>**JOSEPH SAVERI LAW FIRM, LLP**<br>Joseph R. Saveri (CA SBN 130064)<br>Steven N. Williams (CA SBN 175489)<br>Anupama K. Reddy (CA SBN 324873)<br>Christopher K.L Young (CA SBN 318371)<br>601 California Street, Suite 1000<br>San Francisco, CA 94108<br>Tel: (415) 500-6800 | */s/ Frank Schirripa*<br>**HACH ROSE SCHIRRIPA &**<br>**CHEVERIE LLP**<br>Frank Schirripa (NY SBN 4103750)<br>Kathryn Hettler (NY SBN 5126065)<br>Seth Pavsner (NY SBN 4969689)<br>112 Madison Ave, 10th Floor<br>New York, New York 10016<br>Tel: (212) 213-8311 |

---

[1] Am. Bar. Ass'n, *Ethical Obligations in Electronic Discovery* (June 5, 2018), https://www.americanbar.org/groups/litigation/committees/professional-liability/practice/2018/ethical-obligations-in-electronic-discovery/.

jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
areddy@saverilawfirm.com
cyoung@saverilawfirm.com

*/s/ Peter Safirstein*
**SAFIRSTEIN METCALF LLP**
Peter Safirstein (NY SBN 2044550)
Elizabeth S. Metcalf (NY SBN 4644431)
1345 Avenue of the Americas, 2nd Floor
New York, NY 10105
Tel: (212) 201-5845
psafirstein@safirsteinmetcalf.com
emetcalf@safirsteinmetcalf.com

fschirripa@hrsclaw.com
khettler@hrsclaw.com
SPavsner@hrsclaw.com

*/s/ Natalia M. Salas*
**THE FERRARO LAW FIRM, P.A.**
Natalia M. Salas (FBN 44895)
James L. Ferraro (FBN 381659)
James Ferraro, Jr. (FBN 107494)
Bruce S. Rogow (FBN 067999)
Sean A. Burstyn (FBN 1028778)
600 Brickell Avenue, Suite 3800
Miami, FL 33131
Tel: (305) 375-0111
nms@ferrarolaw.com
jlf@ferrarolaw.com
jjr@ferrarolaw.com
bsr@ferrarolaw.com
sab@ferrarolaw.com

*Plaintiffs' Lead Counsel*

/s/ Rachel W. Furst
GROSSMAN ROTH YAFFA COHEN, P.A.
Rachel W. Furst (FBN 45155)
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134-6040
Tel: 305-442-8666
rwf@grossmanroth.com

*Plaintiffs' Liaison Counsel*

*/s/ Gabriel Amin Assaad*
**MCDONALD WORLEY, P.C.**
Gabriel Amin Assaad (TX SBN 24076189)
Matthew Yezierski (TX SBN 24076989)
1770 St. James Place, Suite 100
Houston, TX 77056
Tel: (713) 523-5500
gassaad@mcdonaldworley.com
matt@mcdonaldworley.com
don@mcdonaldworley.com

*/s/ Jeffrey A. Klafter*
**KLAFTER LESSER, LLP**
Jeffrey A. Klafter (NY SBN 1662428)
Amir Alimehri (NY SBN 5631262)
Two International Drive Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
jak@klafterlesser.com
amir.alimehri@klafterlesser.com

10

*/s/ Maurice D. Pessah*
**Pessah Law Group, PC**
Maurice D. Pessah (CA SBN 275955)
Michael Morris-Nussbaum (CA SBN 317146)
Summer E. Benson (CA SBN 326398)
Jason Sunshine (CA SBN 336062)
Stuart Neil Chelin (CA SBN 320357)
661 N Harper Avenue, Suite 208
West Hollywood, California 90048
Tel: (310) 772-2261
maurice@pessahgroup.com
mmnussbaum@pessahgroup.com
sbenson@pessahgroup.com
jsunshine@pessahgroup.com
stuart@chelinlaw.com

*/s/ Roy T. Willey, IV*
**ANASTOPOULO LAW FIRM**
Roy T. Willey, IV (SC SBN 101010)
Eric M. Poulin (SC SBN 100209)
Blake Abbott (SC SBN 104423)
32 Ann Street
Charleston, SC 29403
Tel: (843) 614-8888
roy@akimlawfirm.com
eric@akimlawfirm.com
blake@akimlawfirm.com

*Plaintiffs' Steering Committee*

*/s/ Kevin J. Orsini*
**HUNTON ANDREWS KURTH LLP**
Samuel A. Danon (FBN 892671)
Gustavo Javier Membiela (FBN 513555)
María Castellanos Alvarado (FBN 116545)
333 S.E. 2 Avenue, Suite 2400
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
sdanon@huntonak.com
gmembiela@huntonak.com
mcastellanos@hunton.com

*/s/ Marc De Leeuw*
**SULLIVAN & CROMWELL LLP**
Marc De Leeuw
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
deleeuwm@sullcrom.com

**CRAVATH, SWAINE & MOORE LLP**
Antony L. Ryan
Kevin J. Orsini
Brittany L. Sukiennik
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
aryan@cravath.com
korsini@cravath.com
bsukiennik@cravath.com

**SULLIVAN & CROMWELL LLP**
Adam S. Paris
1888 Century Park East
Los Angeles, CA 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800
parisa@sullcrom.com

**SHOOK, HARDY & BACON L.L.P.**
Jennifer A. McLoone (Fla. Bar No. 0029234)
Citigroup Center Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-358-5171

*Counsel for Defendants Robinhood Financial LLC, Robinhood Securities, LLC, Robinhood Markets, Inc. and Robinhood Crypto, LLC*

*Counsel for Defendant Ally Financial, Inc.*

/s/ Justina K. Sessions
**WILSON SONSINI GOODRICH & ROSATI**
Justina K. Sessions
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Facsimile: (415) 947-2099
jsessions@wsgr.com

**WILSON SONSINI GOODRICH & ROSATI**
Kenneth R. O'Rourke
Brendan J. Coffman
1700 K Street NW, 5th Floor
Washington, DC 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
korourke@wsgr.com
bcoffman@wsgr.com

*Counsel for Defendant Open to the Public Investing, Inc.*

/s/ Jason J. Mendro
**GIBSON, DUNN & CRUTCHER LLP**
Jason J. Mendro
Russell B. Balikian
1050 Connecticut Ave., NW
Washington, DC 20036
Telephone: (202) 887-3726
jmendro@gibsondunn.com
rbalikian@gibsondunn.com

/s/ Christopher D. Kercher
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Christopher D. Kercher
51 Madison Avenue, 22nd Floor,
New York, New York, 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
christopherkercher@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Marina E. Lev
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
marinalev@quinnemanuel.com

**BARTLIT BECK LLP**
Adam L. Hoeflich
Dawson Robinson
54 W. Hubbard St., Ste. 300
Chicago, IL 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
adam.hoeflich@bartlitbeck.com
dawson.robinson@bartlitbeck.com

*Counsel for Defendants Citadel Enterprise Americas, LLC and Citadel Securities LLC*

/s/ Harry A. Olivar, Jr.
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Harry A. Olivar, Jr.
Korinna S. Anderson
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
harryolivar@quinnemanuel.com

*Counsel for Defendants Charles Schwab & Co., Inc.; TD Ameritrade, Inc.; TD Ameritrade Clearing, Inc.; TD Ameritrade Holding Corporation; and The Charles Schwab Corporation*

korinnaanderson@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Linda J. Brewer
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
lindabrewer@quinnemanuel.com

*Counsel for Defendant Sequoia Capital Operations LLC*

*/s/ Jason J. Mendro*
**GIBSON, DUNN & CRUTCHER LLP**
Jason J. Mendro
Russell B. Balikian
1050 Connecticut Ave., NW
Washington, DC 20036
Telephone: (202) 887-3726
jmendro@gibsondunn.com
rbalikian@gibsondunn.com

*/s/ Harry A. Olivar, Jr.*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Harry A. Olivar, Jr.
Korinna S. Anderson
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
harryolivar@quinnemanuel.com
korinnaanderson@quinnemanuel.com

*Counsel for Defendants Charles Schwab & Co., Inc.; TD Ameritrade, Inc.; TD Ameritrade Clearing, Inc.; TD Ameritrade Holding Corporation; and The Charles Schwab Corporation*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Linda J. Brewer
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
lindabrewer@quinnemanuel.com

*Counsel for Defendant Sequoia Capital Operations LLC*

*/s/ Thomas E. Redburn, Jr.*
**LOWENSTEIN SANDLER LLP**
Thomas E. Redburn, Jr.
Maya Ginsburg
1251 Avenue of the Americas
New York, NY 10020

*/s/ Shari Ross Lahlou*
**DECHERT LLP**
Shari Ross Lahlou
1900 K Street, NW
Washington, D.C. 20006
Telephone: (202) 261-3300

Telephone: (212) 262-6700
Facsimile: (973) 597-2457
tredburn@lowenstein.com
mginsburg@lowenstein.com

**LOWENSTEIN SANDLER LLP**
Zarema Arutyunova Jaramillo
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 753-3800
Facsimile: (202) 753-3838
zjaramillo@lowenstein.com

*Counsel for Defendants Melvin Capital Management LP and Candlestick Capital Management LP*

Facsimile: (202) 261-3333
shari.lahlou@dechert.com

**Dechert LLP**
Andrew J. Levander
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698 3500
Facsimile: (212) 698 3599
andrew.levander@dechert.com

**DECHERT LLP**
Steven Bizar
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994 4000
Facsimile: (215) 994 2222
steven.bizar@dechert.com

*Counsel for Defendant Interactive Brokers LLC*

*/s/ Robin Nunn*
**MORGAN, LEWIS & BOCKIUS LLP**
Robin Nunn
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-3001
robin.nunn@morganlewis.com

*Counsel for Defendant Stash Financial, Inc.*

*/s/ Alfred C. Pfeiffer, Jr.*
**LATHAM & WATKINS LLP**
Alfred C. Pfeiffer, Jr.
Belinda S Lee
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

*/s/ Gregory M. Boyle*
**JENNER & BLOCK, LLP**
Gregory M. Boyle
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 923-2651
gboyle@jenner.com

*Counsel for Defendants The Depository Trust & Clearing Corporation; The Depository Trust Company*

al.pfeiffer@lw.com
belinda.lee@lw.com

*Counsel for Defendants Square, Inc. and*
*Cash App Investing LLC*