**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-2989-MDL-ALTONAGA/Torres**

IN RE:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**

_____/

This Document Relates to the Non-Federal Securities Actions

**STIPULATED RULE 502(D) AND PRIVILEGED MATERIALS ORDER**

Plaintiffs and Defendants (collectively, the "Parties"), by and through their respective counsel, hereby stipulate and agree to the terms of this Rule 502(d) and Privileged Materials Order. All capitalized terms that are not defined herein have the same meaning as those terms set forth in the Stipulated Protective Order.

**I.   SCOPE**

1. This Order shall be applicable to any privileged or otherwise protected or exempted information disclosed during the course of this litigation, including, but not limited to, deposition transcripts or videotapes, responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, electronically stored information ("ESI"), testimony or evidence adduced at trial or during any hearing, and all other information or material produced or made available for inspection or otherwise submitted by any of the parties in this litigation pursuant to the Federal Rules of Civil Procedure or otherwise (collectively, "Information").

## II. PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

2.  Pursuant to Federal Rule of Evidence 502(d), the disclosure, whether inadvertent or otherwise, of any privileged or otherwise protected or exempted Information in this case, shall not be deemed a waiver or forfeiture of any claim of privilege or other protection — in this case or in any other federal, state, regulatory, or congressional proceeding, or a proceeding before a self-regulatory organization — that the producing Party would otherwise be entitled to assert with respect to the Information and its subject matter.

3.  Nothing contained herein is intended to or shall serve to limit a Party's duty to conduct a review of documents, ESI (including metadata), or other Information for responsiveness or segregation of privileged or protected information before production.

4.  The Party disclosing Information (the "Producing Party") must promptly notify the Party receiving the Information (the "Receiving Party") in writing if it discovers that Information has been produced for which the Producing Party asserts privilege or other protection. The notice should be in the form of a "Clawback Notice," and shall include:

   a.  The Bates range of the produced materials; and

   b.  A privilege log listing the item(s) produced in the form set forth in Paragraphs 13–22 herein.

5.  The Producing Party shall make a good faith effort to produce a new copy of the material (using the same Bates number as the original material) within seven (7) days after serving the Clawback Notice with the privileged or protected Information redacted if the Producing Party claims only a portion of the document contains privileged or otherwise protected Information, or, if the Producing Party claims that the entire document is privileged or protected, a slip sheet noting that the entire document is privileged.

6.     Upon receipt of a Clawback Notice, the Receiving Party shall make good faith efforts to immediately destroy or return all such Information, all copies thereof, and not use such Information for any purpose. The Receiving Party shall certify to the Producing Party that all of the inadvertently disclosed Information has been returned or destroyed in conformance with NIST 800-88 or with mutually agreed standards.

7.     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Disclosure or Discovery Material to identify the Disclosure or Discovery Material and describe its nature to the Court in any motion to compel production of the Disclosure or Discovery Material, consistent with the procedures as set forth in Paragraphs 8 and 9, until further order of the Court.

8.     If the Receiving Party decides to contest the Producing Party's assertion of privilege or other protection, it must do so within seven (7) business days from receipt of the Clawback Notice by serving upon the Producing Party a written "Notice of Clawback Challenge" providing the reason(s) for challenging the assertion of privilege or protection. The Producing Party will have seven (7) business days to respond to the Notice of Clawback Challenge in writing by either: agreeing to withdraw the claim of privilege or other protection or stating the reasons for the claim. If the Producing Party's response to the Notice of Clawback Challenge does not resolve the issue, the Parties shall meet and confer within five (5) business days of the Producing Party's response to the Notice of Clawback Challenge. Should the dispute remain unresolved, the Receiving Party may bring a motion for a determination of whether privilege applies and must do so within seven (7) business days of its determination that no resolution will be achieved. The Parties may stipulate to extend or otherwise modify the time periods set forth in this Paragraph.

9. The Producing Party shall provide the item(s) listed in a Clawback Notice to the Court for review *in camera* with its response to a motion for determination of whether privilege applies. Should the Receiving Party's motion contain the content of any item(s) whose claim of privilege or other protection is being challenged, the motion shall be filed under seal. The Receiving Party may not assert the facts or circumstances of the disclosure as a ground for compelling disclosure.

10. If, during a deposition, a Producing Party claims that a document being used in the deposition (e.g., marked as an exhibit or shown to the witness) contains material that is subject to the attorney-client privilege, the attorney work product doctrine or any other privilege or protection, the Producing Party may (a) allow the document to be used during the deposition without waiver of any claim of privilege or other protection; or (b) instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material. If the Producing Party allows the examination concerning the document to proceed consistent with this paragraph, all Parties shall sequester all copies of the inadvertently produced document. As to any testimony subject to a claim of privilege or other protection, the Producing Party shall serve a Clawback Notice within seven (7) business days of the deposition's conclusion. In either case, the Receiving Party may challenge the assertion of privilege or other protection consistent with the procedures as set forth in Paragraphs 6 and 7 herein. If a Clawback Notice concerning any such document or testimony upon which a privilege or protection is asserted is not timely served as set forth in this Paragraph, i.e., more than seven (7) business days after the conclusion of the deposition, the Receiving Party may challenge that the document or testimony is no longer protected under Paragraph 2 herein, and that Federal Rule of Evidence 502(b) applies instead. Paragraph 5 shall apply pending resolution of the privilege dispute as to the relevant document or

testimony to all Parties with access to the deposition transcript. Should the Court decide the dispute in the Receiving Party's favor, i.e., that the document or testimony is not privileged or protected, and the Receiving Party was denied the opportunity to depose the witness as to the Information subject to the dispute, the Parties shall work in good faith to make the witness available for deposition within fourteen (14) days of the Court's resolution of the dispute, at the expense of the Party who served the Clawback Notice, i.e., the Party who asserted the claim of privilege or other protection.

11. This Order does not override any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

12. Nothing in this Order precludes a Party from voluntarily or intentionally waiving any claim of privilege or protection. Should a Party use privileged or otherwise protected information to support a claim or defense, Federal Rule of Evidence 502(a) shall apply.

### III. PRIVILEGE LOG

13. Except as set forth otherwise in this Order, any document or ESI that is withheld on the basis of a claim of attorney-client privilege, attorney work product doctrine, or any other claim of privilege or immunity is to be identified by the Producing Party on a privilege log, which shall be produced in an Excel format that permits electronic sorting and searching.

14. After completing its production of documents or ESI, and with a good faith effort within sixty (60) days, the Producing Party shall provide a privilege log or logs concerning any Information that has been redacted or withheld in whole or in part from its production(s). To the extent any previous designations are subsequently modified or withdrawn, they shall be so noted

within fifteen (15) days of any decision to modify or withdraw any previous designations in an amended log to ensure clarity.

15. Privilege logs shall be detailed enough to enable other Parties to assess the applicability of the privileges or protection asserted. The privilege log shall set forth the privilege or protection relied upon and specify separately for each document:

    a. Bates-number range, or if no Bates-number range, a unique document identifier;

    b. Family relationship, if applicable (e.g., identification of parent emails and all attachments);

    c. The document title to the extent contained in metadata, including in the case of emails, the subject line of the email, unless that information is itself subject to a claim of privilege (in which case that withholding shall be indicated on the log);

    d. Sufficient factual basis to support the claim of privilege or protection;

    e. The names of the author(s)/sender(s);

    f. The names of all addressees and recipients, including CC's and BCC's;

    g. The document date, which shall be defined as the date sent for correspondence such as emails, memos and letters and the date last modified for other documents;

    h. Whether the document has been produced in redacted form or withheld in its entirety; and

    i. The designation of the privilege or protection relied upon (e.g., attorney-client privilege or attorney work product).

16. Each member of a family of documents (i.e., each member of a set of documents in parent-child relationship to each other) to the extent such members are also being withheld for the same privilege, may be logged together as a single entry in the privilege log. In instances where multiple documents in a family are logged together as a single entry in a privilege log, the privilege log description shall clearly reflect that the entry relates to more than one document (e.g., "email attaching memorandum") and shall provide sufficient information to satisfy Federal Rule of Civil Procedure 26(b)(5)(A) as to all attachments.

17. For the avoidance of doubt, each such document shall be logged on the basis of the metadata (author(s) or sender(s) and recipient(s)) of the individual document, where available. Email addresses may be included in the log, rather than full names of authors, senders, and recipients, provided that the email addresses contain sufficient information to identify the individual.

18. Partially privileged documents need not be logged so long as the reason for the redaction is provided on the document (e.g., "Redacted: Attorney-Client Privilege"). Upon reasonable request, the Producing Party agrees to provide additional information supporting the claim of privilege if it is not clear from the face of the redacted document.

19. Materials relating to activities undertaken in compliance with the duty to preserve information (including, but not limited to, litigation hold letters) which are protected from Federal Rules of Civil Procedure 26(b)(3)(A) and (B) need not be logged.

20. Attorneys or their staff must be identified on the log with an asterisk or similar notation.

21. When multiple email messages ("thread members") are part of a single email chain or thread, a Party is only required to include on a privilege log the most inclusive, i.e., last in time,

email and need not log earlier, less inclusive email messages that are otherwise fully contained within the thread, provided that log entry includes the names of the authors, addressees, recipients (including CCs and BCCs) for all thread members, and that the description of the email chain or thread include sufficient factual bases sufficient to support the claim of privilege for each email or thread member a privilege or protection is claimed.  The Party claiming a privilege or protection over an email or thread member shall identify which specific email or thread member within the email chain or thread the privilege or protection is being asserted.  The asserting Party must also indicate whether the email chain or thread has been produced in redacted form or withheld in its entirety.

22.     After receipt of a privilege log, any Party may dispute a claim of privilege.  Prior to seeking Court intervention, the Party disputing or objecting to a claim of privilege shall provide in writing the identification of the documents or category of documents for which the claim of privilege or protection is being challenged and the reasons for disputing or objecting to the privilege designation.  Within twenty-one (21) days, the Party that designated the documents for which the privilege or protection is being asserted will provide a written response setting forth the basis for its claim of privilege or de-designating the challenged documents and producing those documents in accordance with this Order.  If the dispute is not resolved, the Parties shall meet and confer in good faith as to the claims of privilege or protection.  If no agreement has been reached after 21 days after the meet and confer, the Parties shall submit the dispute by motion to the Court consistent with the Court, Magistrate Judge, or Special Master's procedures for raising discovery disputes.

**DONE AND ORDERED** in Miami, Florida, on this 13th day of July, 2021.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

Dated: July 9, 2021

*/s/ Joseph R. Saveri*
**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (CA SBN 130064)
Steven N. Williams (CA SBN 175489)
Anupama K. Reddy (CA SBN 324873)
Christopher K.L Young (CA SBN 318371)
601 California Street, Suite 1000
San Francisco, CA 94108
Tel: (415) 500-6800
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
areddy@saverilawfirm.com
cyoung@saverilawfirm.com

*/s/ Peter Safirstein*
**SAFIRSTEIN METCALF LLP**
Peter Safirstein (NY SBN 2044550)
Elizabeth S. Metcalf (NY SBN 4644431)
1345 Avenue of the Americas, 2nd Floor
New York, NY 10105
Tel: (212) 201-5845
psafirstein@safirsteinmetcalf.com
emetcalf@safirsteinmetcalf.com

Respectfully submitted,

*/s/ Frank Schirripa*
**HACH ROSE SCHIRRIPA & CHEVERIE LLP**
Frank Schirripa (NY SBN 4103750)
Kathryn Hettler (NY SBN 5126065)
Seth Pavsner (NY SBN 4969689)
112 Madison Ave, 10th Floor
New York, New York 10016
Tel: (212) 213-8311
fschirripa@hrsclaw.com
khettler@hrsclaw.com
SPavsner@hrsclaw.com

*/s/ Natalia M. Salas*
**THE FERRARO LAW FIRM, P.A.**
Natalia M. Salas (FBN 44895)
James L. Ferraro (FBN 381659)
James Ferraro, Jr. (FBN 107494)
Bruce S. Rogow (FBN 067999)
Sean A. Burstyn (FBN 1028778)
600 Brickell Avenue, Suite 3800
Miami, FL 33131
Tel: (305) 375-0111
nms@ferrarolaw.com
jlf@ferrarolaw.com
jjr@ferrarolaw.com
bsr@ferrarolaw.com
sab@ferrarolaw.com

*Plaintiffs' Lead Counsel*

CASE NO. 21-2989-MDL-ALTONAGA/Torres

*/s/ Gabriel Amin Assaad*
**MCDONALD WORLEY, P.C.**
Gabriel Amin Assaad (TX SBN 24076189)
Matthew Yezierski (TX SBN 24076989)
McDonald Worley
1770 St. James Place, Suite 100
Houston, TX 77056
Tel: (713) 523-5500
gassaad@mcdonaldworley.com
matt@mcdonaldworley.com
don@mcdonaldworley.com

*/s/ Jeffrey A. Klafter*
**KLAFTER LESSER, LLP**
Jeffrey A. Klafter (NY SBN 1662428)
Amir Alimehri (NY SBN 5631262)
Two International Drive Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
jak@klafterlesser.com
amir.alimehri@klafterlesser.com

*/s/ Maurice D. Pessah*
**Pessah Law Group, PC**
Maurice D. Pessah (CA SBN 275955)
Michael Morris-Nussbaum (CA SBN 317146)
Summer E. Benson (CA SBN 326398)
Jason Sunshine (CA SBN 336062)
Stuart Neil Chelin (CA SBN 320357)
661 N Harper Avenue, Suite 208
West Hollywood, California 90048
Tel: (310) 772-2261
maurice@pessahgroup.com
mmnussbaum@pessahgroup.com
sbenson@pessahgroup.com
jsunshine@pessahgroup.com
stuart@chelinlaw.com

*/s/ Roy T. Willey, IV*
**ANASTOPOULO LAW FIRM**
Roy T. Willey, IV (SC SBN 101010)
Eric M. Poulin (SC SBN 100209)
Blake Abbott (SC SBN 104423)
32 Ann Street
Charleston, SC 29403
Tel: (843) 614-8888
roy@akimlawfirm.com
eric@akimlawfirm.com
blake@akimlawfirm.com

| | |
|---|---|
| */s/ Kevin J. Orsini* | */s/ Marc De Leeuw* |
| **HUNTON ANDREWS KURTH LLP** | **SULLIVAN & CROMWELL LLP** |
| Samuel A. Danon (FBN 892671) | Marc De Leeuw |
| Gustavo Javier Membiela (FBN 513555) | 125 Broad Street |
| María Castellanos Alvarado (FBN 116545) | New York, New York 10004 |
| 333 S.E. 2 Avenue, Suite 2400 | Telephone: (212) 558-4000 |
| Miami, FL 33131 | Facsimile: (212) 558-3588 |
| Telephone: (305) 810-2500 | deleeuwm@sullcrom.com |
| Facsimile: (305) 810-2460 | |
| sdanon@huntonak.com | |
| gmembiela@huntonak.com | |
| mcastellanos@hunton.com | |

| | |
|---|---|
| **CRAVATH, SWAINE & MOORE LLP** | **SULLIVAN & CROMWELL LLP** |
| Antony L. Ryan | Adam S. Paris |
| Kevin J. Orsini | 1888 Century Park East |
| Brittany L. Sukiennik | Los Angeles, CA 90067 |
| New York, NY 10019 | Telephone: (310) 712-6600 |
| Telephone: (212) 474-1000 | Facsimile: (310) 712-8800 |
| Facsimile: (212) 474-3700 | parisa@sullcrom.com |
| aryan@cravath.com | |
| korsini@cravath.com | **SHOOK, HARDY & BACON L.L.P.** |
| bsukiennik@cravath.com | Jennifer A. McLoone (Fla. Bar No. 0029234) |
| | Citigroup Center Suite 3200 |
| *Counsel for Defendants Robinhood Financial LLC, Robinhood Securities, LLC, Robinhood Markets, Inc. and Robinhood Crypto, LLC* | 201 South Biscayne Boulevard |
| | Miami, Florida 33131 |
| | Telephone: 305-358-5171 |
| | |
| | *Counsel for Defendant Ally Financial, Inc.* |

| | |
|---|---|
| */s/ Justina K. Sessions* | */s/ Christopher D. Kercher* |
| **WILSON SONSINI GOODRICH & ROSATI** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| Justina K. Sessions | Christopher D. Kercher |
| One Market Plaza | 51 Madison Avenue, 22nd Floor, |
| Spear Tower, Suite 3300 | New York, New York, 10010 |
| San Francisco, California 94105 | Telephone: (212) 849-7000 |
| Telephone: (415) 947-2197 | Facsimile: (212) 849-7100 |
| Facsimile: (415) 947-2099 | christopherkercher@quinnemanuel.com |
| jsessions@wsgr.com | |
| | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| **WILSON SONSINI GOODRICH & ROSATI** | Marina E. Lev |
| Kenneth R. O'Rourke | 865 South Figueroa Street, 10th Floor |
| Brendan J. Coffman | Los Angeles, California 90017 |
| 1700 K Street NW, 5th Floor | Telephone: (213) 443-3000 |
| Washington, DC 20006 | Facsimile: (213) 443-3100 |
| Telephone: (202) 973-8800 | marinalev@quinnemanuel.com |
| Facsimile: (202) 973-8899 | |
| korourke@wsgr.com | **BARTLIT BECK LLP** |
| bcoffman@wsgr.com | Adam L. Hoeflich |
| | Dawson Robinson |
| *Counsel for Defendant Open to the Public Investing, Inc.* | 54 W. Hubbard St., Ste. 300 |
| | Chicago, IL 60654 |
| | Telephone: (312) 494-4400 |
| | Facsimile: (312) 494-4440 |
| | adam.hoeflich@bartlitbeck.com |
| | dawson.robinson@bartlitbeck.com |
| | |
| | *Counsel for Defendants Citadel Enterprise Americas, LLC and Citadel Securities LLC* |

CASE NO. 21-2989-MDL-ALTONAGA/Torres

*/s/ Daniel J. Kramer*
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Daniel J. Kramer
Richard Tarlowe
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
dkramer@paulweiss.com
rtarlowe@paulweiss.com

*Counsel for Defendant Point72 Asset Management, L.P.*

*/s/ Harry A. Olivar, Jr.*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Harry A. Olivar, Jr.
Korinna S. Anderson
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
harryolivar@quinnemanuel.com
korinnaanderson@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Linda J. Brewer
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
lindabrewer@quinnemanuel.com

*Counsel for Defendant Sequoia Capital Operations LLC*

| | |
|---|---|
| */s/ Jason J. Mendro* | */s/ Shari Ross Lahlou* |
| **GIBSON, DUNN & CRUTCHER LLP** | **DECHERT LLP** |
| Jason J. Mendro | Shari Ross Lahlou |
| Russell B. Balikian | 1900 K Street, NW |
| 1050 Connecticut Ave., NW | Washington, D.C. 20006 |
| Washington, DC 20036 | Telephone: (202) 261-3300 |
| Telephone: (202) 887-3726 | Facsimile: (202) 261-3333 |
| jmendro@gibsondunn.com | shari.lahlou@dechert.com |
| rbalikian@gibsondunn.com | |
| | **Dechert LLP** |
| *Counsel for Defendants Charles Schwab & Co., Inc.; TD Ameritrade, Inc.; TD Ameritrade Clearing, Inc.; TD Ameritrade Holding Corporation; and The Charles Schwab Corporation* | Andrew J. Levander |
| | Three Bryant Park |
| | 1095 Avenue of the Americas |
| | New York, NY 10036 |
| | Telephone: (212) 698 3500 |
| | Facsimile: (212) 698 3599 |
| | andrew.levander@dechert.com |
| | |
| | **DECHERT LLP** |
| | Steven Bizar |
| | Cira Centre |
| | 2929 Arch Street |
| | Philadelphia, PA 19104 |
| | Telephone: (215) 994 4000 |
| | Facsimile: (215) 994 2222 |
| | steven.bizar@dechert.com |
| | |
| | *Counsel for Defendant Interactive Brokers LLC* |

CASE NO. 21-2989-MDL-ALTONAGA/Torres

| | |
|---|---|
| */s/ Robin Nunn* <br> **MORGAN, LEWIS & BOCKIUS LLP** <br> Robin Nunn <br> 101 Park Avenue <br> New York, NY 10178-0060 <br> Telephone: (212) 309-6000 <br> Facsimile: (212) 309-3001 <br> robin.nunn@morganlewis.com <br><br> *Counsel for Defendant Stash Financial, Inc.* | */s/ Thomas E. Redburn, Jr.* <br> **LOWENSTEIN SANDLER LLP** <br> Thomas E. Redburn, Jr. <br> Maya Ginsburg <br> 1251 Avenue of the Americas <br> New York, NY 10020 <br> Telephone: (212) 262-6700 <br> Facsimile: (973) 597-2457 <br> tredburn@lowenstein.com <br> mginsburg@lowenstein.com <br><br> **LOWENSTEIN SANDLER LLP** <br> Zarema Arutyunova Jaramillo <br> 2200 Pennsylvania Avenue, NW <br> Washington, DC 20037 <br> Telephone: (202) 753-3800 <br> Facsimile: (202) 753-3838 <br> zjaramillo@lowenstein.com <br><br> *Counsel for Defendants Melvin Capital Management LP and Candlestick Capital Management LP* |

CASE NO. 21-2989-MDL-ALTONAGA/Torres

*/s/ Peter W. Homer*
**HOMER BONNER JACOBS ORTIZ, P.A.**
Peter W. Homer (Florida Bar No. 291250)
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 350-5139
Facsimile: (305) 372-2738
phomer@homerbonner.com

**DAVIS POLK & WARDWELL LLP**
Brian S. Weinstein
Gina Cora
Janet Jones-Duffey
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5972
brian.weinstein@davispolk.com
gina.cora@davispolk.com
janet.jones-duffey@davispolk.com

*Counsel for Defendants Morgan Stanley Smith Barney LLC, E*TRADE Financial Corporation, E*TRADE Securities LLC and E*TRADE Financial Holdings, LLC*

*/s/ Patrick Gibbs*
**COOLEY LLP**
Patrick Gibbs
Brett De Jarnette
Rebecca Ferrari
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
pgibbs@cooley.com
bdejarnette@cooley.com
rferrari@cooley.com

*Counsel for Defendant M1 Finance, LLC*

CASE NO. 21-2989-MDL-ALTONAGA/Torres

*/s/ Thomas G. Haskins, Jr.*
**BARNES & THORNBURG LLP**
Thomas G. Haskins, Jr.
Allison Gerard
2121 N. Pearl Street, Suite 700
Dallas, TX 75201
Telephone: (214) 258-4200
Facsimile: (214) 258-4199
thaskins@btlaw.com
allison.gerard@btlaw.com

**BARNES & THORNBURG LLP**
Kevin Rising
2029 Century Park E, Suite 300
Los Angeles, CA 90067-2904
Telephone: (310) 284-3888
Facsimile: (310) 284-3894
krising@btlaw.com

**BARNES & THORNBURG LLP**
Paul Olszowka
One North Wacker Drive, Suite 4400
Chicago, IL 60606-2833
Telephone: (312) 214-5612
Facsimile: (312) 759-5646
paul.olszowka@btlaw.com

*Counsel for Defendants Dough, LLC and tastyworks, Inc.*

*/s/ Jack E. Pace III*
**WHITE & CASE LLP**
Jack E. Pace III
Bryan D. Gant
1221 Avenue of the Americas
New York, NY 10020-1095
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
bgant@whitecase.com

**WHITE & CASE LLP**
J. Mark Gidley
701 Thirteenth Street, NW
Washington, DC 20005-3807
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
mgidley@whitecase.com

**WHITE & CASE LLP**
Angela Daker
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131-2352
Telephone: (305) 995-5297
Facsimile: (305) 358-5744
adaker@whitecase.com

*Counsel for Defendant Apex Clearing Corp.*

*/s/ Alfred C. Pfeiffer, Jr.*
**LATHAM & WATKINS LLP**
Alfred C. Pfeiffer, Jr.
Belinda S Lee
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
al.pfeiffer@lw.com
belinda.lee@lw.com

*Counsel for Defendants Square, Inc. and Cash App Investing LLC*

*/s/ Gregory M. Boyle*
**JENNER & BLOCK, LLP**
Gregory M. Boyle
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 923-2651
gboyle@jenner.com

*Counsel for Defendants The Depository Trust & Clearing Corporation; The Depository Trust Company*

*/s/ Leiv H. Blad, Jr.*
**LOWENSTEIN SANDLER LLP**
Leiv H. Blad, Jr.
Allison M. Vissichelli
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 753-3800
Facsimile: (202) 753-3838
lblad@lowenstein.com
avissichelli@lowenstein.com

**LOWENSTEIN SANDLER LLP**
H. Gregory Baker
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
Facsimile: (973) 597-2457
hbaker@lowenstein.com

*Counsel for Defendants Alpaca Securities LLC,*
*eToro USA Securities Inc., WeBull Financial LLC*
*and Fumi Holdings, Inc.*


*/s/ Evangeline A.Z. Burbidge*
**Lewis & Llewellyn LLP**
Evangeline A.Z. Burbidge
Paul T. Llewellyn
601 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 800-0590
Facsimile: (415) 390-2127
eburbidge@lewisllewellyn.com
pllewellyn@lewisllewellyn.com

*Counsel for Defendant FF Trade Republic Growth, LLC*