UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

In re:

**JANUARY 2021 SHORT SQUEEZE**
**TRADING LITIGATION**

_____/

This Document Relates to the Non-Federal Securities Actions

### PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Fed. R. Civ. P. 5.2(d), Local Rule 5.4(b), CM/ECF Administrative Procedure 9B, and Section 12.3 of the parties' operative Stipulated Protective Order entered by the Court [ECF 329] ("Protective Order"), the Antitrust Plaintiffs, Robinhood Plaintiffs, and Other Broker-Dealer Plaintiffs (collectively, for purposes of this motion, the "Plaintiffs") seek leave to file under seal an unredacted version of Plaintiffs' Master Complaints ("the Complaints"), along with the documents which are referenced and attached as Exhibits to the Complaints and have been marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Defendants Robinhood Markets, Inc., Robinhood Financial LLC, Robinhood Securities, LLC, Apex Clearing Holdings LLC, Apex Clearing Corporation, PEAK6 Investments LLC, E*Trade Securities LLC, E*Trade Financial Holdings, LLC, and Citadel Enterprise Americas LLC, Citadel Securities LLC, and non-parties The Charles Schwab Corporation, Charles Schwab & Co. Inc., and TD Ameritrade Clearing Inc. (collectively the "Non-Movants"), and that such documents remain under seal until the conclusion of this litigation. S.D. Fla. L.R. 5.4(b). In support thereof, Plaintiffs state the following:

1. The allegations asserted in Plaintiffs' forthcoming Complaints reference multiple documents which Non-Movants have produced to Plaintiffs under the designation

1

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the Protective Order.

2. The subject documents were produced by Non-Movants pursuant to the Court's June 3, 2021 Order [ECF 323] requiring the Non-Movants to provide, upon request by Plaintiffs, "[r]ecords already produced by Defendants to Congress and other government entities." *See id.* at p. 2 ¶ 6. The documents Plaintiffs seek to file under seal are as follows:

   a. Internal messages between employees and/or different defendants or non-parties regarding their understanding of the circumstances leading to the restrictions at issue in this case and their responses thereto.

3. The Protective Order prohibits Plaintiffs from filing the documents and the portions of the Complaints that reference the documents in unredacted form on the public record "[w]ithout first receiving written permission from the Designating Party or a court order secured after appropriate notice to all interested persons." *See* ECF 329 at Section 12.3. The Protective Order further provides, in pertinent part:

   > If prior to the issuance of a ruling on the motion to file under seal, the moving party elects or is required to publicly file a pleading, motion, memorandum, or other document that attaches or reveals the content of the proposed sealed material, then the moving party must redact from the public filing all content that is the subject of the motion to file under seal.

   *Id.*

4. Plaintiffs do not concede that the Complaints and materials cited therein contain confidential information requiring them to be filed under seal. *See Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016). There is a strong presumption of public access to judicial documents. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). Further, the Eleventh Circuit has held that a

complaint and its exhibits are "integral to the 'judicial resolution of the merits'" of this action and are thereby presumptively "subject to the common-law right" of public access. *See, e.g., F.T.C. v. AbbVie Products LLC*, 713 F.3d 54, 64 (11th Cir. 2013) (noting same).

5. Absent a contrary Order from this Court, the Court's Protective Order in this case requires that the above-referenced documents, which are pivotal to the allegations in Plaintiffs' Complaint, be filed under seal, and that the portions of the Complaint which reference the documents be redacted. Non-Movants designated the material at issue CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." As Plaintiffs do not concede the propriety of maintaining these documents under seal, "[t]he burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action, in this case [D]efendants." *DiRussa v. Dean Winter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *see also AbbVie Prods.*, 713 F.3d at 66.

6. Once the Complaints are finalized and redacted copies of same are filed, Plaintiffs will then provide unredacted copies to the Non-Movants so that they may see the final set of documents that Plaintiffs chose to cite in the pleadings and reevaluate their designations.

7. Plaintiffs have conferred with those Non-Movants whose designated documents are at issue, and those Non-Movants do not oppose the motion insofar as it seeks an order permitting the unredacted Complaints and accompanying Exhibits to be filed under seal.

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the unredacted Complaints and their accompanying Exhibits under seal and that they remain under seal until the conclusion of this litigation. S.D. Fla. L.R. 5.4(b).

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), on July 23, 2021 and July 25, 2021, Plaintiffs' lead counsel conferred separately with all parties and non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and those parties and non-parties do not oppose the motion insofar as it seeks an order permitting the unredacted Complaints and accompanying Exhibits to be filed under seal.

Dated: July 26, 2021                                    Respectfully submitted,

| | |
|---|---|
| */s/ Peter Safirstein* | */s/ Natalia M. Salas* |
| **SAFIRSTEIN METCALF LLP** | **THE FERRARO LAW FIRM, P.A.** |
| Peter Safirstein (NY SBN 2044550) | Natalia M. Salas (FBN 44895) |
| 1345 Avenue of the Americas, 2nd Floor | James L. Ferraro (FBN 381659) |
| New York, NY 10105 | James Ferraro, Jr. (FBN 107494) |
| Tel: (212) 201-5845 | Bruce S. Rogow (FBN 067999) |
| psafirstein@safirsteinmetcalf.com | Sean A. Burstyn (FBN 1028778) |
| | 600 Brickell Avenue, Suite 3800 |
| | Miami, FL 33131 |
| | Tel: (305) 375-0111 |
| | nms@ferrarolaw.com |
| | jlf@ferrarolaw.com |
| | jjr@ferrarolaw.com |
| | bsr@ferrarolaw.com |
| | sab@ferrarolaw.com |
| | |
| */s/ Joseph R. Saveri* | */s/ Frank Schirripa* |
| **JOSEPH SAVERI LAW FIRM, LLP** | **HACH ROSE SCHIRRIPA & CHEVERIE LLP** |
| Joseph R. Saveri (CA SBN 130064) | Frank Schirripa (NY SBN 4103750) |
| Steven N. Williams (CA SBN 175489) | Kathryn Hettler (NY SBN 5126065) |
| Anupama K. Reddy (CA SBN 324873) | Seth Pavsner (NY SBN 4969689) |
| Christopher K.L Young (CA SBN 318371) | 112 Madison Ave, 10th Floor |
| 601 California Street, Suite 1000 | New York, New York 10016 |
| San Francisco, CA 94108 | Tel: (212) 213-8311 |
| Tel: (415) 500-6800 | fschirripa@hrsclaw.com |
| jsaveri@saverilawfirm.com | khettler@hrsclaw.com |
| swilliams@saverilawfirm.com | SPavsner@hrsclaw.com |
| areddy@saverilawfirm.com | |
| cyoung@saverilawfirm.com | |

*Plaintiffs' Lead Counsel*

/s/*Rachel W. Furst*
**GROSSMAN ROTH YAFFA COHEN, P.A.**
Rachel W. Furst (FBN 45155)
2525 Ponce de Leon Blvd., Ste 1150
Coral Gables, FL 33134-6040
Tel: 305-442-8666
rwf@grossmanroth.com

*Plaintiffs' Liaison Counsel*

*/s/ Gabriel Amin Assaad*
**MCDONALD WORLEY, P.C.**
Gabriel Amin Assaad (TX SBN 24076189)
Matthew Yezierski (TX SBN 24076989)
McDonald Worley
1770 St. James Place, Suite 100
Houston, TX 77056
Tel: (713) 523-5500
gassaad@mcdonaldworley.com
matt@mcdonaldworley.com
don@mcdonaldworley.com

*/s/ Jeffrey A. Klafter*
**KLAFTER LESSER, LLP**
Jeffrey A. Klafter (NY SBN 1662428)
Amir Alimehri (NY SBN 5631262)
Two International Drive Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
jak@klafterlesser.com
amir.alimehri@klafterlesser.com

*/s/ Maurice D. Pessah*
**Pessah Law Group, PC**
Maurice D. Pessah (CA SBN 275955)
Michael Morris-Nussbaum (CA SBN 317146)
Summer E. Benson (CA SBN 326398)
Jason Sunshine (CA SBN 336062)
Stuart Neil Chelin (CA SBN 320357)
661 N Harper Avenue, Suite 208
West Hollywood, California 90048
Tel: (310) 772-2261
maurice@pessahgroup.com
mmnussbaum@pessahgroup.com
sbenson@pessahgroup.com
jsunshine@pessahgroup.com
stuart@chelinlaw.com

*/s/ Roy T. Willey, IV*
**ANASTOPOULO LAW FIRM**
Roy T. Willey, IV (SC SBN 101010)
Eric M. Poulin (SC SBN 100209)
Blake Abbott (SC SBN 104423)
32 Ann Street
Charleston, SC 29403
Tel: (843) 614-8888
roy@akimlawfirm.com
eric@akimlawfirm.com
blake@akimlawfirm.com

*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on July 26, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system. I further certify that this motion was served on all counsel of record via transmission of the Notice of Electronic Filing generated by the Court's CM/ECF system.

By: */s/ Rachel Wagner Furst*
Rachel Wagner Furst