**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  21-2989-MDL-ALTONAGA/Torres**

In re:

**JANUARY 2021 SHORT SQUEEZE**
**TRADING LITIGATION**
_____/

This Document Relates to the Non-Federal Securities Actions

**ORDER**

    **THIS CAUSE** came before the Court upon Plaintiffs' Unopposed Motion for Leave to File Under Seal [ECF No. 357], filed on July 26, 2021.  Pursuant to Local Rule 5.4(b) and Section 12.3 of the parties' Stipulated Protective Order [ECF No. 329], Plaintiffs in the non-federal securities actions request leave to file under seal the unredacted versions of the Master Complaints [ECF Nos. 358, 359], with exhibits that have been produced by Defendants and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The content Plaintiffs seek to file under seal consists of "[i]nternal messages between employees and/or different defendants or non-parties regarding their understanding of the circumstances leading to the restrictions at issue in this case and their responses thereto."  (Mot. 2 (alteration added)). Despite Defendants' confidentiality designations, Plaintiffs do not concede the cited documents contain confidential information requiring that the information be filed under seal, but advise they are nonetheless filing the instant Motion in compliance with the parties' Stipulated Protective Order.  (*See id.* 2–3).

    Courts "have discretion to determine which portions of the record should be placed under seal, but [such] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (alteration added).

Public or judicial records are presumptively public, while documents which are not considered public or judicial records, such as discovery documents, are not.  *See F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013).  It is well settled that complaints and attached exhibits are judicial records to which the presumption of public access applies.  *See id.* at 62–64.  "Judges deliberate in private but issue public decisions after public arguments based on public records . . . .  Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification."  *Perez-Guerrero*, 717 F.3d at 1235 (alteration in original) (quoting *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogation on other grounds recognized by RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689 (7th Cir. 2016)).  Moreover, the fact the parties have agreed to seal a document is irrelevant. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (stating it is "immaterial" whether the parties have agreed to seal the record when determining whether a document should be publicly filed).

Upon review of the Motion, the Court is left unconvinced the presumption in favor of public access should be cast aside.  While Plaintiffs state the Stipulated Protective Order requires them to file the Master Complaints under seal (*see* Mot. 2–3), the parties fail to explain why it is necessary to deprive the public of access to allegations that form the foundation of the several cases in this MDL.  *See Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (stating "the parties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court[;]" but instead "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the Court's] decision-making process." (alterations added)).  Although portions of the Master Complaints may contain the type of confidential information that should be shielded from public

CASE NO.  21-2989-MDL-ALTONAGA/Torres

disclosure, there is no apparent reason to seal the Master Complaints other than the parties' agreement, which is insufficient.   Redaction of those portions which contain confidential information, as Plaintiffs have already done, is more appropriate.   If redaction will impair Plaintiffs' ability to defend a forthcoming motion to dismiss, Plaintiffs should include the "confidential" information in the pleadings filed on the public docket.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Unopposed Motion for Leave to File Under Seal **[ECF No. 357]** is **DENIED**.  This Order does not otherwise modify the Stipulated Protective Order [ECF No. 329].

**DONE AND ORDERED** in Miami, Florida, this 27th day of July, 2021.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:  counsel of record;
     *Pro Se* Plaintiffs