**EXHIBIT B**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JI KWON**, <br> Plaintiff, <br> v. <br> **ROBINHOOD FINANCIAL LLC, ET. AL.**, <br> Defendants. | Case No. 4:20-cv-09328-YGR <br><br> **ORDER GRANTING PLAINTIFF JI KWON'S MOTION FOR CONSOLIDATION OF ACTIONS; APPOINTMENT OF LEAD PLAINTIFF; AND APPROVAL OF LEAD COUNSEL** <br><br> Re: Dkt. No. 30 |
| **EDUARDO LUPARELLO**, <br> Plaintiff, <br> v. <br> **ROBINHOOD FINANCIAL LLC, ET. AL.**, <br> Defendants. | Case No. 4:21-cv-00415-YGR |
| **SARKHAN NABI**, <br> Plaintiff, <br> v. <br> **ROBINHOOD FINANCIAL LLC, ET. AL.**, <br> Defendants. | Case No. 4:21-cv-00755-YGR |
| **ROBEL GHEBREHIWET**, <br> Plaintiff, <br> v. <br> **ROBINHOOD FINANCIAL LLC, ET. AL.**, <br> Defendants. | Case No. 4:21-cv-01739-YGR |

|  |  |
|---|---|
| **ISAAC LANDRETH**,<br><br>Plaintiff,<br><br>v.<br><br>**ROBINHOOD FINANCIAL LLC, ET. AL.**,<br><br>Defendants. | Case No. 4:21-cv-02010-YGR |

Before the Court is the unopposed[1] motion of plaintiff Ji Kwon requesting: (1) consolidation of the related actions;[2] (2) appointment as Lead Plaintiff; and (3) approval of Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B). (Dkt. No. 30.) The Related Actions challenge the actions of defendants Robinhood Financial LLC, Robinhood Securities, LLC, and Robinhood Markets, Inc. relating to the failure to disclose the processes of payment for order flow.

Having considered the papers filed in support of the motion, and for good cause shown therein, the Court **GRANTS** the motion and **HEREBY ENTERS** the following Order:[3]

## I. CONSOLIDATION OF RELATED ACTIONS

The above-captioned class actions pending in this federal judicial district are **HEREBY CONSOLIDATED** for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Any actions that have been filed, or may be filed, which are related and which may be considered

---

[1] Defendants do not oppose the motion (Dkt. No. 42), and plaintiffs in the related actions discussed herein further do not oppose the motion. (*See* Dkt. Nos. 41 (notice of withdraw of competing motion to consolidate), 43 (non-opposition).)

[2] The related actions include: (i) *Kwon v. Robinhood Financial LLC*, No. 4:20-cv-09328-YGR (N.D. Cal.); (ii) *Luparello v. Robinhood Financial LLC*, No. 4:21-cv-00415-YGR (N.D. Cal.); (iii) *Nabi v. Robinhood Financial LLC*, No. 4:21-cv-0755-YGR (N.D. Cal.); and (iv) *Ghebrehiwet v. Robinhood Financial LLC*, No. 4:21-cv-01739 (N.D. Cal.). The Court also includes in this Order the later related case, *Landreth v. Robinhood Financial*, No. 4:21-cv-02010-YGR (N.D. Cal.). All together, *Kwon*, *Luparello*, *Nabi*, *Ghebrehiwet*, and *Landreth* are defined as the "Related Actions."

[3] The Court has reviewed the papers submitted by the parties in connection with Kwon's motion, and has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728-29 (9th Cir. 1991). Accordingly, the hearing set for April 13, 2021 is **VACATED**.

herewith, are consolidated under Case No. 4:20-cv-09328-YGR (the "Consolidated Action").

A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The docket number for the Master File shall be Master File No. 4:20-cv-09328-YGR. The original of this Order shall be filed by the Clerk in the Master File. Given the limitations imposed by the COVID-19 pandemic and limited court staff, notice to counsel of record shall be by posting of this Order in the Related Actions on ECF. Lead Counsel shall ensure that all parties have been notified and shall file a Notice to the Court confirming the same. All filings in the future shall be made solely within the Master File. The Clerk of the Court is further directed to administratively close the following actions:

1. *Luparello v. Robinhood Financial LLC*, No. 4:21-cv-00415-YGR (N.D. Cal.);
2. *Nabi v. Robinhood Financial LLC*, No. 4:21-cv-0755-YGR (N.D. Cal.);
3. *Ghebrehiwet v. Robinhood Financial LLC*, No. 4:21-cv-01739 (N.D. Cal.); and
4. *Landreth v. Robinhood Financial*, No. 4:21-cv-02010-YGR (N.D. Cal.)

Every pleading filed in the Consolidated Action shall bear the following caption: *In re Robinhood Order Flow Litigation*, Master File No. 4:20-cv-09328-YGR.

## II. APPOINTMENT OF LEAD COUNSEL AND LEAD PLAINTIFF

Kwon has moved this Court to be appointed as Lead Plaintiff in the Related Actions and to approve the counsel they retained to be Lead Counsel.

Having considered the provisions of Section 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that Kwon is the most adequate lead plaintiff and satisfies the requirements of the PSLRA. The Court **HEREBY APPOINTS** Kwon as Lead Plaintiff in the Related Actions to represent the interests of the class.

Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Kwon has selected and retained the law firms Ahdoot & Wolfson, PC, Bursor & Fisher, PA, and Liddle & Dubin PC to serve as Lead Counsel. The Court **APPROVES** Kwon's selection of Counsel for the Related Actions. That said, the Court is concerned that the leadership structure is too top heavy and may result in extra fees and costs. Within **five (5) business days**, Lead Counsel shall file with the Court an outline of the structure and anticipated lead on responsibilities and shall identify how

3

Lead Counsel intend to ensure that this structure will not result in inefficiencies and duplicative fees and costs.

Lead Counsel shall have the authority to speak for all plaintiffs and class members in all matters regarding the litigation of the Related Actions, including, but not limited to, pretrial proceedings, motion practice, trial and settlement. Lead Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort. Additionally, Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

1. to coordinate the briefing and argument of any and all motions;
2. to coordinate the conduct of any and all discovery proceedings;
3. to coordinate the examination of any and all witnesses in depositions;
4. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;
5. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;
6. to coordinate all settlement negotiations with counsel for defendants;
7. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;
8. to coordinate the preparation and filings of all pleadings;
9. to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Related Actions; and
10. to perform such other duties as may be expressly authorized by further Order of this Court.

No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of the

4

Lead Counsel.

Service upon any plaintiff of all pleadings, motions, or other papers in the Related Actions, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Lead Counsel. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

### III. NEWLY FILED OR TRANSFERRED ACTIONS

When a case that arises out of the subject matter of the Related Actions is hereinafter filed in this Court or transferred from another Court, Lead Counsel shall advise the Court and the parties in such so that the Clerk of this Court can:

1. post a copy of this Order in the separate file for such action;

2. by posting, advise the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case of this action; and

3. make the appropriate entry on the docket for this action.

Each new case that arises out of the subject matter of the action that is filed in this Court or transferred to this Court shall be consolidated with the Related Actions and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

### IV. CONCLUSION

For the foregoing reasons, the motion is **GRANTED**.

The Court **ORDERS** Kwon to file an amended consolidated complaint on or before **May 17, 2021**, which shall be the operative complaint in the Consolidated Action and shall supersede all previous complaints filed in any of the Related Actions or any other action subsequently therewith consolidated. Defendants therefore need not answer, move, or otherwise respond to the complaints currently filed in the other Related Actions (not including the Consolidated Action), which shall be administratively closed as ordered below.

Moreover, as previously discussed, Lead Counsel shall file with the Court within **five (5) business days** an outline of the structure and anticipated lead on responsibilities and shall identify how Lead Counsel intend to ensure that this structure will not result in inefficiencies and duplicative fees and costs. Lead Counsel shall ensure that all parties have been notified and shall file a Notice to the Court confirming the same as soon as reasonably practicable.

The Clerk of the Court is directed to consolidate the Related Actions, and name the Consolidated Action under the following caption: *In re Robinhood Order Flow Litigation*, Master File No. 4:20-cv-09328-YGR.

The Clerk of the Court is further directed to administratively close the following cases:

1. *Luparello v. Robinhood Financial LLC*, No. 4:21-cv-00415-YGR (N.D. Cal.);
2. *Nabi v. Robinhood Financial LLC*, No. 4:21-cv-0755-YGR (N.D. Cal.);
3. *Ghebrehiwet v. Robinhood Financial LLC*, No. 4:21-cv-01739 (N.D. Cal.); and
4. *Landreth v. Robinhood Financial*, No. 4:21-cv-02010-YGR (N.D. Cal.).

This Order terminates Docket Number 30.

**IT IS SO ORDERED.**

Dated: April 12, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**