# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION                                                                              MDL No. 2989

## TRANSFER ORDER

**Before the Panel**: Plaintiff in the Central District of California *Thompson* action moves under Panel Rule 7.1 to vacate our order that conditionally transferred *Thompson* to the Southern District of Florida for inclusion in MDL No. 2989. Defendant Robinhood Financial LLC opposes the motion.

In support of his motion to vacate, plaintiff argues that federal subject matter jurisdiction over *Thompson* is lacking, and that his pending motion for remand to state court should be decided before transfer. We are not persuaded by these arguments. The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[1] *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").[2]

Therefore, after considering the parties' arguments, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2989, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Southern District of Florida was an appropriate Section 1407 forum for actions

---

[1] The Sixth Circuit decision in *BancOhio Corp. v. Fox*, 516 F.2d 29 (6th Cir. 1975), which plaintiff cites in support of his motion, is not to the contrary. The Sixth Circuit has declined to read *BancOhio* as preventing Section 1407 transfer when a jurisdictional objection is pending. *See In re McConnell*, No. 11-4265, slip op. at 2 (6th Cir. Apr. 26, 2012) (denying mandamus petition objecting to Panel transfer while a jurisdictional motion was pending; "The writ in *BancOhio* was addressed to the transferor judge, not the MDL Panel. . . , and was issued after the transferor judge had ruled on the merits of the petitioners' motion to dismiss for lack of jurisdiction. The court was not asked, and did not consider, whether the MDL Panel is authorized to transfer a case *before* the transferor court has ruled on a pending jurisdictional issue.") (emphasis in original).

[2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

- 2 -

sharing factual questions arising from trading restrictions imposed by Robinhood and other brokers in late January 2021 in response to a dramatic rise in trading and share prices for a group of "meme stocks."[3] *See In re January 2021 Short Squeeze Trading Litig.*, MDL No. 2989, __ F. Supp. 3d __, 2021 WL 1258399 (J.P.M.L. Apr. 1, 2021). Like many of the cases already in the MDL, plaintiff in *Thompson* alleges that Robinhood imposed restrictions on his ability to purchase shares of AMC and asserts various state common law and consumer protection law claims. Additionally, the question of federal jurisdiction in *Thompson* is intertwined with a common factual and legal question raised in the MDL—whether the Securities Litigation Uniform Standards Act preempts plaintiffs' state law claims. Transfer will yield significant efficiencies.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Cecilia M. Altonaga for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Catherine D. Perry    Nathaniel M. Gorton
Matthew F. Kennelly   David C. Norton
Roger T. Benitez      Dale A. Kimball

---

[3] These meme stocks allegedly include: GameStop Corp. (GME); AMC Entertainment Holdings Inc. (AMC); American Airlines Group Inc. (AAL); Bed Bath & Beyond Inc. (BBBY); BlackBerry Ltd. (BB); Express, Inc. (EXPR); Koss Corporation (KOSS); Naked Brand Group Ltd. (NAKD); Nokia Corp. (NOK); Sundial Growers Inc. (SNDL); Tootsie Roll Industries, Inc. (TR); and Trivago N.V. (TRVG).

**IN RE: JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION**  MDL No. 2989

## SCHEDULE A

<u>Central District of California</u>

THOMPSON v. ROBINHOOD FINANCIAL LLC, C.A. No. 2:21-02230