UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

IN RE: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

This Document Relates to: All Actions Involving Federal Securities Laws

**MOVANTS ABE KURDI AND TEODORO RUSSELL PUEYRREDON'S MEMORANDUM OF LAW IN OPPOSITION TO MOVANT BLUE LAINE-BEVERIDGE'S MOTION TO APPOINT LEAD PLAINTIFF AND APPROVE HIS SELECTION OF LEAD COUNSEL**

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 2

ARGUMENT ......................................................................................................................... 3

    I.    MR. LAINE-BEVERIDGE'S MOTION SHOULD BE DENIED BECAUSE HE DOES NOT MEET THE REQUIREMENTS OF RULE 23 AND IS SUBJECT TO UNIQUE DEFENSES ................................................................ 3

        A.    Legal Standard ................................................................................................. 3

        B.    Mr. Laine-Beveridge Is Not Entitled To The PSLRA Most-Adequate-Plaintiff Presumption Because He Does Not Satisfy The Requirements Of Rule 23 ....................................................................................................... 4

        C.    Even If Mr. Laine-Beveridge Were Entitled To The Most-Adequate-Plaintiff Presumption, Movants Rebut The Presumption Because He Is Subject To Unique Defenses ......................................................................... 7

    II.    MOVANTS' MOTION SHOULD BE GRANTED BECAUSE THEY COMPLIED WITH THE PSLRA AND MEET THE REQUIREMENTS OF RULE 23 ........................................................................................................... 8

CONCLUSION ...................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**P**AGE(S)

**C**ASES

*Campos v. ChoicePoint, Inc.*,
    237 F.R.D. 478 (N.D. Ga. 2006) ............................................................................................. 6

*Fischler v. AMSouth Bancorporation*,
    1997 WL 118429 (M.D. Fla. Feb. 6, 1997) ............................................................................ 5

*In re HealthSouth Corp. Sec. Litig.*,
    261 F.R.D. 616 (N.D. Ala. 2009) ........................................................................................ 1, 6

*In re Netflix, Inc., Sec. Litig.*,
    2012 WL 1496171 (N.D. Cal. Apr. 27, 2012) ................................................................ 1, 7, 8

*Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*,
    762 F.3d 1248 (11th Cir. 2014) ........................................................................................... 1, 5

*Piazza v. Ebsco Indus., Inc.*,
    273 F.3d 1341 (11th Cir. 2001) ............................................................................................... 6

*Plymouth Cty. Ret. Sys. v. Carter's, Inc.*,
    2009 WL 692141 (N.D. Ga. Mar. 13, 2009) .......................................................................... 5

*Prado-Steiman ex rel. Prado v. Bush*,
    221 F.3d 1266 (11th Cir. 2000) ............................................................................................... 5

**S**TATUTES

15 U.S.C. § 78u–4 ................................................................................................................ 1, 4, 8

**R**ULES

Federal Rule of Civil Procedure 23 ................................................................................... *passim*

# INTRODUCTION

On July 27, 2021, Movants Abe Kurdi and Teodoro Russell Pueyrredon ("Movants") filed a motion, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4, to be appointed as lead plaintiffs in this action and approve their selection of counsel, Bursor & Fisher, P.A., as lead counsel to pursue claims for violations of federal securities laws against Defendants Robinhood Financial, LLC, Robinhood Securities, LLC, and Robinhood Markets, Inc. (collectively, "Robinhood").  *See* Motion To Appoint Lead Plaintiff Abe Kurdi and Teodoro Russell Pueyrredon ("Movants' Motion") (ECF No. 365).  Mr. Blue Laine-Beveridge filed a competing motion on the same day seeking appointment as lead plaintiff and approval of his selection of counsel, The Rosen Firm, P.A., as lead counsel.  *See* Motion To Appoint Lead Plaintiff Blue Laine-Beveridge ("BLB Motion") (ECF No. 366).  As set forth herein, Movants' Motion should be granted and Mr. Laine-Beveridge's motion should be denied because, while Mr. Laine-Beveridge purports to have the largest financial interest in the action, his claims are not typical to those of other class members, he is not an adequate representative for all class members, and his claims are subject to unique defenses because he reaped a substantial gain on his investment in one of the Stocks[1], AMC Entertainment Holdings Inc. (NYSE: AMC).  Thus, Mr. Blue-Laine Beveridge was not damaged with regard to AMC.  *In re HealthSouth Corp. Sec. Litig.*, 261 F.R.D. 616, 649 (N.D. Ala. 2009) ("If an investor cannot prove damage, it is not a class member by definition."); *In re Netflix, Inc., Sec. Litig.*, 2012 WL 1496171, at *5 (N.D. Cal. Apr. 27, 2012) (rejecting a lead plaintiff application based on potential standing issues that "could subject the class to the burden of litigation focused on her standing"); *Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 762 F.3d 1248, 1259 (11th Cir. 2014) (explaining

---

[1] "Stocks" has the same definition as set forth in Movants' Motion, at 2.

"District Courts have found that an investor who suffers no net losses thanks to sales during the class period is subject to an atypical standing defense"). Because Mr. Laine-Beveridge did not suffer a loss on AMC, he is not even a class member based on the class definition proposed by the Rosen Firm: "Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants sold the Affected Securities on the Robinhood trading platform on or after January 28, 2021, **and who were damaged thereby** (the "Class")" (emphasis added). *See* Class Action Complaint For Violations Of The Federal Securities Laws (ECF No. 1), *Muncy v. Robinhood Financial, LLC, et al.*, Case No. 2:21-cv-01729 (D.N.J.) at ¶ 26. By contrast, Movants sustained losses in each of the Stocks that they purchased, and therefore they are not subject to any unique defenses and will be adequate representatives for holders of each of the Stocks. Therefore, Movants respectfully request that the Court deny Mr. Laine-Beveridge's motion to appoint him as lead plaintiff and approve his selection of counsel.

## BACKGROUND

AMC was one of the main Stocks at the center of the short squeeze, and was one of the Stocks on Robinhood for which trading was restricted.[2] *See* Movants' Motion at 3-4. On January 28, 2021, AMC stock dropped "61% an hour into trading. The drop c[ame] after AMC's share price rocketed higher a day earlier, moving from about $5 per share to nearly $20, and also after Robinhood [. . .] restricted users' ability to trade the company."[3] Mr. Laine-Beveridge himself states in his motion that "AMC shares fell $11.27 per share, or 56%, to close at $8.63 per share."

---

[2] https://www.thewrap.com/amc-stock-gamestop-robinhood-ameritrade-restrict-trading/ (last visited 8/9/2021).
[3] https://www.thewrap.com/amc-stock-gamestop-robinhood-ameritrade-restrict-trading/ (last visited 8/9/2021).

BLB Motion, at 4.

Movants both suffered losses on their respective AMC investments during the class period. As indicated in their respective loss charts, Movant Abe Kurdi lost $376.91 on his AMC investment (ECF No. 365-2[4]), and Movant Teodoro Russell Pueyrredon lost $2.49 on his AMC investment (ECF No. 365-2).

By contrast, Mr. Laine-Beveridge did not suffer any loss at all as it relates to his AMC investment; in fact, he reaped a substantial gain of $12,443.51. *See* Blue Laine-Beveridge Loss Chart (ECF No. 366-4). As such, whereas Movants and other putative class members suffered a loss on AMC, Mr. Laine-Beveridge reaped a substantial gain on his investment in AMC.

## ARGUMENT

**I.   MR. LAINE-BEVERIDGE'S MOTION SHOULD BE DENIED BECAUSE HE DOES NOT MEET THE REQUIREMENTS OF RULE 23 AND IS SUBJECT TO UNIQUE DEFENSES**

Mr. Laine-Beveridge's motion to appoint lead plaintiff and approve his selection of counsel should be denied for two reasons. First, his claims are subject to an atypical standing defense due to his substantial gain on AMC. Next, his gain on AMC casts doubt on his adequacy to represent investors who suffered substantial losses in AMC. By contrast, Movants face no such individualized arguments, having suffered a loss in each of the Stocks subject to restriction. As such, Movants' Motion should be granted and the BLB Motion should be denied.

**A. Legal Standard**

The PSLRA creates a rebuttable presumption "that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—"

---

[4] ECF No. 365-2 is Exhibit A to the Declaration of Sarah N. Westcot submitted along with Movants' Motion, which contains loss charts and PSLRA certifications for Movants.

3

> **(aa)** has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> **(bb)** in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> **(cc)** otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

This presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—"

> **(aa)** will not fairly and adequately protect the interests of the class; or
>
> **(bb)** is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

### B. Mr. Laine-Beveridge Is Not Entitled To The PSLRA Most-Adequate-Plaintiff Presumption Because He Does Not Satisfy The Requirements Of Rule 23

Mr. Laine-Beveridge argues in his motion that he "is entitled to the presumption that he is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff." BLB Motion, at 5. That is wrong because Mr. Laine-Beveridge does not satisfy "the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(cc).

In determining whether the most-adequate-plaintiff presumption applies, courts typically focus the inquiry on the Rule 23(a) factors of typicality and adequacy. These considerations are relevant both to whether the presumption applies and also whether the presumption has been rebutted. As one Florida federal court explained:

> A wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification. This inquiry, therefore, focuses on the qualities of the class representatives enumerated in 23(a)(3) and 23(a)(4), that is, typicality and adequacy. Fed. Rule Civ. P. 23. The language of the

> Act envisions this delineation, which directs attention to "unique defenses" that may apply to a presumptive "most adequate" plaintiff and whether that plaintiff will "adequately represent" the class. The analysis inevitably comes down to the one question of whether Movant will fairly and adequately represent the interests of the class. The Court must determine whether Movant is entitled to the presumption, whether Plaintiff has rebutted that presumption, or whether Plaintiff demonstrated a reasonable basis for taking discovery.

*Fischler v. AMSouth Bancorporation*, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997).

"Under Rule 23, typicality is present when the lead plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of other class members." *Plymouth Cty. Ret. Sys. v. Carter's, Inc.*, 2009 WL 692141, at *2 (N.D. Ga. Mar. 13, 2009). Individual standing is relevant to the typicality analysis; if the named class representative lacks individual standing, his or her claim is atypical to the rest of the class. *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) ("Without individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class."). If an investor did not suffer a loss, he or she is subject to "an atypical standing defense." *Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund*, 762 F.3d at 1259.

Here, Mr. Laine-Beveridge is atypical because unlike other class members, he actually reaped a financial gain related to his investment in AMC (ECF No. 366-4), whereas other class members, including but not limited to Movants (ECF No. 365.2), suffered losses as it relates to their investment in AMC. Because Mr. Laine-Beveridge did not suffer a loss on AMC, he is not even a class member based on the class definition proposed by the Rosen Firm: "Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants sold the Affected Securities on the Robinhood trading platform on or after January 28, 2021, **and who were damaged thereby** (the

5

"Class")."  *See Muncy*, Case No. 2:21-cv-01729, at ¶ 26 (emphasis added); *see also In re HealthSouth Corp. Sec. Litig.*, 261 F.R.D. at 649 ("If an investor cannot prove damage, it is not a class member by definition.").  This is no small matter because, as discussed in the Background section, *supra*, AMC was one of the main securities that was subject to the short squeeze and resulted in substantial investor loss.  As such, Mr. Laine-Beveridge would be atypical of a large percentage of the class, and therefore is not entitled to the presumption of most adequate plaintiff under the PSLRA.  By contrast, Movants satisfy the typicality requirement because they each suffered a loss related to their AMC investments as a result of Robinhood's conduct.

Further, Mr. Laine-Beveridge is inadequate as it relates to AMC because due to his financial gain, rather than loss, in his AMC investment, he is less likely to vigorously pursue claims related to AMC losses (even assuming he had standing to do so) than Movants, who suffered a loss related to their AMC investments.  "'Adequacy of representation' means that the class representative has common interests with unnamed class members and will vigorously prosecute the interests of the class through qualified counsel." *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001).  Here, as discussed above, Mr. Laine-Beveridge lacks common interests with other AMC investors because while he realized a gain on his AMC investments, other investors, such as Movants, suffered a loss.  Courts in the Eleventh Circuit have found that individuals who actually suffer a loss are more incentivized to prosecute a claim than those who do not suffer a loss. *See, e.g., Campos v. ChoicePoint, Inc.*, 237 F.R.D. 478, 487–88 (N.D. Ga. 2006) ("[T]he Court assumes, and in the absence of any information provided by Plaintiffs can only assume, that adversely affected consumers may have suffered actual injury and may seek to vindicate a violation of their rights more vigorously, as well as seek damages above and beyond those sought by simply curious consumers. The Court's experience in litigation brought by

adversely affected consumers is they are more emotionally and personally invested in the litigation they instituted.").

Because Mr. Laine-Beveridge does not satisfy the typicality and adequacy requirements under Rule 23(a) as it relates to AMC, he is not entitled to the most-adequate-plaintiff presumption.

### C. Even If Mr. Laine-Beveridge Were Entitled To The Most-Adequate-Plaintiff Presumption, Movants Rebut The Presumption Because He Is Subject To Unique Defenses

Even if this Court were to find that Mr. Laine-Beveridge is entitled to the most-adequate-plaintiff presumption, Movants rebut the presumption because Mr. Laine-Beveridge is subject to unique defenses. In determining whether unique defenses exist, this Court "need not decide whether this fact would result in a valid defense, only whether it is substantially likely that [Mr. Laine-Beveridge]—and hence, the putative class—could be forced to litigate against defenses arising from it." *In re Netflix*, 2012 WL 1496171, at *5. Here, as discussed above, if appointed lead plaintiff, Mr. Laine-Beveridge would be subject to unique defenses, namely standing to represent purchasers of AMC stock because he realized a gain rather than suffering a loss. As it relates to AMC, one of the main stocks involved in the short squeeze and a main stock at issue in this litigation, Mr. Laine-Beveridge, and the putative class, are likely to be subject to standing defenses due to his individual facts. This is potentially detrimental to the class because it would unnecessarily jeopardize the class claims and multiply costs associated with litigating the same. *Id.* (explaining "[t]he point of th[e unique defenses] requirement is not to adjudicate the case before it has even begun, but rather to protect the absent class members from the expense of litigating defenses applicable to lead plaintiffs but not to the class as a whole"). Indeed, as discussed above, Mr. Laine-Beveridge would not fall into the putative class (*i.e.* is not a class member) in the proposed class set forth by his counsel in the complaint they filed (and which Mr. Laine-Beveridge claims to have reviewed prior to signing his PSLRA certification). Given the foregoing, Mr. Laine-

Beveridge is subject to unique defenses and Movants have successfully rebutted any presumption in favor of Mr. Laine-Beveridge.

Because Mr. Laine-Beveridge is subject to unique defenses, "the Court looks to the movant with the next-largest financial interest in the litigation," *see id.*, which in this case is Movants.

## II. MOVANTS' MOTION SHOULD BE GRANTED BECAUSE THEY COMPLIED WITH THE PSLRA AND MEET THE REQUIREMENTS OF RULE 23

Movants' motion to appoint them as lead plaintiffs and approve their selection of counsel (ECF No. 365) should be granted. As indicated therein, Movants complied with 15 U.S.C. § 78u-4(a)(3)(B)(iii) in all respects by 1) making a timely motion in response to the republished notice ordered by this Court, 2) demonstrating a significant financial loss in a number of the Stocks (including GME, AMC, KOSS, and NOK), and 3) both Movants *prima facie* satisfy the requirements of Rule 23, namely typicality and adequacy.

Unlike Mr. Laine-Beveridge, Movants suffered losses on each of the Stocks that they purchased, which eliminates any issues as to standing and makes their claims typical of those of other purchasers of the Stocks. Movants, having suffered a loss, are incentivized to and will in fact vigorously prosecute this action on behalf of all class members. Therefore, Movants' Motion should be granted.

## **CONCLUSION**

For all of the foregoing reasons, Movants respectfully request that the Court deny the BLB Motion and grant Movants' Motion.

Dated: August 10, 2021                              Respectfully submitted,

[signature block on following page]

8

**BURSOR & FISHER, P.A.**

By:    */s/ Sarah N. Westcot*
       Sarah N. Westcot

Sarah N. Westcot (FBN: 1018272)
Rachel L. Miller (FBN: 119778)
Stephen A. Beck (FBN: 1010183)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com
       rmiller@bursor.com
       sbeck@bursor.com

*Attorneys for Movants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 10, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     */s/ Sarah N. Westcot*
                 Sarah N. Westcot