UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

IN RE:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**

_____/

**JOINT ADDENDUM TO STIPULATED ORDER REGARDING
ESI PROTOCOL AND FORMAT OF PRODUCTIONS**

**WHEREAS,** the Court entered the Stipulated Order Regarding ESI Protocol and Format of Productions (the "ESI Protocol" or "Protocol") on July 13, 2021 [ECF No. 341];

**WHEREAS,** Plaintiffs and Defendants in the cases not governed by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, et seq. (collectively, the "Parties"), agreed to meet and confer concerning certain items in the ESI Protocol and to report back to the Court within thirty (30) days of the entry of the ESI Protocol;

**WHEREAS,** the Parties have met and conferred and have reached mutual agreement as to those items;

**NOW THEREFORE,** the Parties, by and through their undersigned counsel, hereby stipulate and agree to this Addendum to the ESI Protocol (the "Addendum").

**I.     SCOPE**

A.     This Addendum is meant to be read in conjunction with the ESI Protocol and is incorporated fully as if stated therein. Unless otherwise indicated, nothing in this Addendum supersedes or otherwise modifies the terms of the ESI Protocol.

**II.    SCOPE OF DISCOVERY**

This Part supersedes Part III of the ESI Protocol (Rule 26(a) ESI Disclosures).

In the interest of facilitating productive meet-and-confers regarding the scope of discovery, each Party shall disclose beginning at the commencement of discovery[1] the following information:

A. **Custodians.** A list of the custodians most likely to have discoverable ESI in their possession, custody, or control (hereinafter, "Custodians"), identified by name and title. The Parties agree to meet and confer on the list of Custodians. The Parties expressly reserve the right to request inclusion of additional Custodians as discovery progresses.

B. **Non-Custodial Data Sources.** A list of known non-custodial data sources (e.g., shared drives, servers, etc.), if any, likely to contain discoverable ESI, including, but not limited to, databases that contain "structured data," as described in Part VIII of the ESI Protocol, and any readily available user manuals, training manuals, or explanations of the type of data contained in such structured databases, to the extent those documents exist.

C. **Custodial Data Sources.** The custodial data sources (e.g., cell phones, notebook computers, laptops, tablets, etc. that are likely to contain discoverable ESI) that the Producing Party will search for each Custodian, with sufficient information for the Requesting Party to evaluate the reasonableness of each data source selection.

D. **Third-Party Data Sources.** Subject to applicable confidentiality obligations, a list of known third-party data sources, if any, used by a Party and likely to contain discoverable ESI and, for each such source, the extent to which a Party is (or is not) able to preserve information stored in third-party data source.

F. **Preservation of Phone Records & Cell Phones.** The Producing Party will take steps, consistent with the obligations under the Federal Rules of Civil Procedure, to preserve

---

[1] For the sake of this Addendum, the commencement of discovery is understood to occur at the earlier of the Court ordering the lifting of the discovery stay in its entirety as to all Defendants or after all Defendants in the Non-Federal Securities Actions have entered timely answers to the respective operative complaints.

potentially relevant phone records and cell phone data that is in the Producing Party's custody and control. The Parties agree to meet and confer regarding such steps. The Producing Party will disclose whether notification has been provided to the phone carrier(s) for potential individual custodians' work phone numbers (e.g., office phone and fax number(s)) and cell phone numbers used from January 1, 2020, to the present, and/or whether any available internally maintained phone record logs or phone bills have been preserved. The Producing Party will also disclose if they have preserved and/or collected data from any potential custodian's cell phones used from January 1, 2020 to the present.

G. **Inaccessible Data.** The Parties agree to preserve known inaccessible data sources likely to contain discoverable ESI, to the extent reasonably practicable, until they reach an agreement on whether these sources are unreasonably cumulative, duplicative, burdensome or expensive pursuant to Fed. R. Civ. P. 26(b)(2)(C)(i).

## III. FORMAT OF PRODUCTIONS

A. **Production Materials that Cannot be Processed.** This Part supersedes Part V.I of the ESI Protocol (Exception Logs).

If a Producing Party discovers ESI that (1) possesses metadata or a parent/attachment file that hits on an agreed upon search term or (2) is otherwise known by the Producing Party to be responsive to a discovery request, but cannot be reviewed, produced and/or imaged because of technical issues, the Producing Party shall produce (1) a slip sheet stating the document could not be produced and (2) any available associated metadata. If the Receiving Party requests production of any file for which a slip sheet is produced, the Parties will meet and confer on a reasonable and cost-effective means for attempting to provide the requested file or an equivalent file.

B.  **Additional Production Specifications.** This Part modifies Part V.K.8 of the ESI Protocol (Additional Production Specifications) to include the following.

All productions will include these additional specifications:

- **Time Zone.** ESI items shall be processed based on the Coordinated Universal Time ("UTC") time zone, unless otherwise unavailable, under which circumstance the Parties will meet and confer on a reasonable and cost-effective means for attempting to specify the time zone for the ESI. This provision shall apply to all relevant metadata fields in Exhibit 1 to the ESI Protocol.

IV. **PARAMETERS FOR CUSTODIAL ESI COLLECTION**

This Part supersedes Part IX of the ESI Protocol (Parameters for Custodial ESI Collection).

For each of a Producing Party's current or former employees identified as a Custodian, the Producing Party will, consistent with the Federal Rules of Civil Procedure, do the following:

A.  **Email.** Collect all emails in the possession of a Custodian from the relevant time period.

B.  **Cell Phone Data.** Collect data from current or previous cell phone devices likely to contain responsive information from the relevant time period, if any. The Producing Party will identify for each Custodian a list of devices identified for collection, if any.

**Plaintiffs' Proposed Language: Phone Records**

C.  **Phone Records.** Producing Party will either obtain billing statements for all phone number used by Custodians or provide signed written authorizations for the release of such phone

records from the applicable phone carriers (including facilitating the receipt of such authorizations on behalf of their employees where applicable).

**Defendants' Proposed Language: Phone Records**

Defendants object to the inclusion of subpart C. in its entirety.

      D.    **Personal Computer-Based ESI.** Collect data from all personal computers or backup devices likely to contain responsive information from the relevant time period. The Producing Party will identify for each Custodian a list of devices identified for collection.

      E.    **Tablets.** Collect data from tablet computer likely to contain responsive information from the relevant time period. The Producing Party will identify for each Custodian a list of devices identified for collection.

**Plaintiffs' Proposed Language: Contacts**

      F.    **"Contacts."** Export each Custodian's contacts (e.g., Outlook, Slack or Microsoft Teams contacts; or cell-phone based contacts) to Excel (or other spreadsheet format agreed upon by the Parties) from the Custodian's email account and/or cell phone, including all Metadata fields. If a Party desires to redact certain personal information (e.g., phone numbers for a custodian's children), then the Parties will meet and confer regarding the categories of such information to be redacted and how such information will be redacted/excluded from the responsive spreadsheet.

**Defendants' Proposed Language: Contacts**

Defendants object to the inclusion of subpart F. in its entirety.

      G.    **Cloud-Based ESI.** Collect data from any cloud-based document storage, collaboration or meeting services (e.g., Dropbox, Google Docs, Google Hangouts, Microsoft Teams, Slack, WebEx, Zoom) likely to contain responsive information from the relevant time period. To the extent a custodian backed up a cell phone or tablet to a cloud-based storage system

(e.g., iCloud), the Producing Party shall collect such data if it believes it is likely to contain responsive and unique information not available from the cell phone or device itself.

      H.      **Administrative Assistants.** An agreement to collect documents for a particular Custodian shall include the collection of that Custodian's current and/or former administrative assistants, if the Producing Party reasonably determines that the current and/or former administrative assistant is likely to possess responsive and unique information from the relevant time period not available from the Custodian's files.

**DONE AND ORDERED** in Miami, Florida, on this ___ day of August, 2021.

                                                  _____
                                                 **CECILIA M. ALTONAGA**
                                                 **UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Dated: August 14, 2021 | Respectfully Submitted, |
| /s/ *Joseph R. Saveri* | /s/ *Peter Safirstein* |
| **JOSEPH SAVERI LAW FIRM, LLP** | **SAFIRSTEIN METCALF LLP** |
| Joseph R. Saveri (CA SBN 130064) | Peter Safirstein (NY SBN 2044550) |
| Steven N. Williams (CA SBN 175489) | Elizabeth S. Metcalf (NY SBN 4644431) |
| Christopher K.L. Young (CA SBN 318371) | 1345 Avenue of the Americas, 2nd Floor |
| Anupama K. Reddy (CA SBN 324873) | New York, NY 10105 |
| 601 California Street, Suite 1000 | Tel: (212) 201-5845 |
| San Francisco, California 94108 | psafirstein@safirsteinmetcalf.com |
| Telephone: (415) 500-6800 | emetcalf@safirsteinmetcalf.com |
| Facsimile: (415) 395-9940 | |
| Email: jsaveri@saverilawfirm.com | |
| swilliams@saverilawfirm.com | |
| cyoung@saverilawfirm.com | |
| areddy@saverilawfirm.com | |

| | |
|---|---|
| /s/ *Natalia M. Salas* | /s/ *Frank Schirripa* |
| **THE FERRARO LAW FIRM, P.A.** | Frank Schirripa (NY SBN 4103750) |
| Natalia M. Salas (FBN 44895) | Kathryn Hettler (NY SBN 5126065) |
| James L. Ferraro (FBN 381659) | Seth Pavsner (NY SBN 4969689) |
| James Ferraro, Jr. (FBN 107494) | Eugene Zaydfudim (NY SBN 5204334) |
| Bruce S. Rogow (FBN 067999) | **HACH ROSE SCHIRRIPA & CHEVERIE LLP** |
| Sean A. Burstyn (FBN 1028778) | 112 Madison Ave, 10th Floor |
| 600 Brickell Avenue, Suite 3800 | New York, New York 10016 |
| Miami, FL 33131 | Tel: (212) 213-8311 |
| Tel: (305) 375-0111 | fschirripa@hrsclaw.com |
| nms@ferrarolaw.com | khettler@hrsclaw.com |
| jlf@ferrarolaw.com | spavsner@hrsclaw.com |
| jjr@ferrarolaw.com | ezaydufim@hrsclaw.com |
| bsr@ferrarolaw.com | *Co-Lead Counsel for the Antitrust Tranche* |
| sab@ferrarolaw.com | |

*Plaintiffs' Lead Counsel*

*/s/ Kevin J. Orsini*
**HUNTON ANDREWS KURTH LLP**
Samuel A. Danon (FBN 892671)
Gustavo Javier Membiela (FBN 513555)
María Castellanos Alvarado (FBN 116545)
333 S.E. 2 Avenue, Suite 2400
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
sdanon@huntonak.com
gmembiela@huntonak.com
mcastellanos@hunton.com

**CRAVATH, SWAINE & MOORE LLP**
Antony L. Ryan
Kevin J. Orsini
Brittany L. Sukiennik
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
aryan@cravath.com
korsini@cravath.com
bsukiennik@cravath.com

*Counsel for Defendants Robinhood Financial LLC, Robinhood Securities, LLC, and Robinhood Markets, Inc.*

*/s/ Marc De Leeuw*
**SULLIVAN & CROMWELL LLP**
Marc De Leeuw
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
deleeuwm@sullcrom.com

**SULLIVAN & CROMWELL LLP**
Adam S. Paris
1888 Century Park East
Los Angeles, CA 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800
parisa@sullcrom.com

**SHOOK, HARDY & BACON L.L.P.**
Jennifer A. McLoone (Fla. Bar No. 0029234)
Citigroup Center Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-358-5171

*Counsel for Defendant Ally Financial, Inc.*

*/s/ Christopher D. Kercher*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Christopher D. Kercher
51 Madison Avenue, 22nd Floor,
New York, New York, 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
christopherkercher@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Marina E. Lev
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
marinalev@quinnemanuel.com

**BARTLIT BECK LLP**
Adam L. Hoeflich
Dawson Robinson
54 W. Hubbard St., Ste. 300
Chicago, IL 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
adam.hoeflich@bartlitbeck.com
dawson.robinson@bartlitbeck.com

*Counsel for Defendants Citadel Enterprise Americas, LLC and Citadel Securities LLC*

*/s/ Shari Ross Lahlou*
**DECHERT LLP**
Shari Ross Lahlou
1900 K Street, NW
Washington, D.C. 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333
shari.lahlou@dechert.com

**DECHERT LLP**
Andrew J. Levander
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698 3500
Facsimile: (212) 698 3599
*andrew.levander@dechert.com*

**DECHERT LLP**
Steven Bizar
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994 4000
Facsimile: (215) 994 2222
steven.bizar@dechert.com

*Counsel for Defendant Interactive Brokers LLC*

*/s/ Peter W. Homer*
**HOMER BONNER JACOBS ORTIZ, P.A.**
Peter W. Homer (Florida Bar No. 291250)
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 350-5139
Facsimile: (305) 372-2738
phomer@homerbonner.com

**DAVIS POLK & WARDWELL LLP**
Brian S. Weinstein
Gina Cora
Janet Jones-Duffey
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5972
brian.weinstein@davispolk.com
gina.cora@davispolk.com
janet.jones-duffey@davispolk.com

***E\*TRADE Securities LLC and E\*TRADE Financial Holdings, LLC***

*/s/ Jack E. Pace III*
**WHITE & CASE LLP**
Jack E. Pace III
Bryan D. Gant
1221 Avenue of the Americas
New York, NY 10020-1095
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
bgant@whitecase.com

**WHITE & CASE LLP**
J. Mark Gidley
701 Thirteenth Street, NW
Washington, DC 20005-3807
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
mgidley@whitecase.com

**WHITE & CASE LLP**
Angela Daker
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131-2352
Telephone: (305) 995-5297
Facsimile: (305) 358-5744
adaker@whitecase.com

***Counsel for Defendant Apex Clearing Corp., ETC & Peak 6***