UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

IN RE: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

This Document Relates to: All Actions Involving Federal Securities Laws

**REPLY MEMORANDUM OF LAW OF MOVANTS ABE KURDI AND TEODORO
RUSSELL PUEYRREDON IN FURTHER SUPPORT OF THEIR MOTION TO
APPOINT THEM AS LEAD PLAINTIFFS AND APPROVE THEIR SELECTION OF
LEAD COUNSEL**

# **TABLE OF CONTENTS**

PAGE(S)

INTRODUCTION ........................................................................................................................ 1

BACKGROUND .......................................................................................................................... 3

ARGUMENT ................................................................................................................................ 4

    A.    Legal Standard ................................................................................................. 4

    B.    Mr. Laine-Beveridge Is Not Entitled To The PSLRA Most-Adequate-Plaintiff Presumption And Is Subject To Unique Defenses .................................................... 5

    C.    Movants' *Prima Facie* Satisfy The Typicality And Adequacy Requirements ....... 7

CONCLUSION ............................................................................................................................ 12

i

## **TABLE OF AUTHORITIES**

**P**AGE(S)

**C**ASES

*Campos v. ChoicePoint, Inc.*,
   237 F.R.D. 478 (N.D. Ga. 2006) .................................................................................................... 6

*Carvelli v. Ocwen Fin. Corp.*,
   2017 WL 11068524 (S.D. Fla. July 14, 2017) .............................................................................. 9

*Carvelli v. Ocwen Fin. Corp.*,
   2017 WL 3473482 (S.D. Fla. Aug. 14, 2017) ............................................................................... 9

*Eastwood Enterprises v. Farha*,
   2008 WL 687351 (M.D. Fla. Mar. 11, 2008) ............................................................................... 9

*Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharmaceutical Industries Ltd.*,
   2021 WL 1217395 (E.D.Pa., 2021) ............................................................................................. 11

*In re HealthSouth Corp. Sec. Litig.*,
   261 F.R.D. 616 (N.D. Ala. 2009) .................................................................................................. 5

*In re Netflix, Inc., Sec. Litig.*,
   2012 WL 1496171 (N.D. Cal. Apr. 27, 2012) ..................................................................... 1, 2, 7

*Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*,
   762 F.3d 1248 (11th Cir. 2014) ................................................................................................. 2, 5

*Newman v. Eagle Bldg. Techs.*,
   209 F.R.D. 499 (S.D. Fla. 2002) ............................................................................................... 8, 9

*Piazza v. Ebsco Indus., Inc.*,
   273 F.3d 1341 (11th Cir. 2001) .................................................................................................... 6

**S**TATUTES

15 U.S.C. § 78u–4 .............................................................................................................. 1, 4, 8, 10

**R**ULES

Federal Rule of Civil Procedure 23 ...................................................................................... *passim*

**INTRODUCTION**

Mr. Blue Laine-Beveridge opposes Movants Abe Kurdi and Teodoro Russell Pueyrredon ("Movants") motion, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4, to be appointed as lead plaintiffs in this action and approve their selection of counsel, Bursor & Fisher, P.A., as lead counsel to pursue claims for violations of federal securities laws against Defendants Robinhood Financial, LLC, Robinhood Securities, LLC, and Robinhood Markets, Inc. (collectively, "Robinhood"). *See* Motion To Appoint Lead Plaintiff Abe Kurdi and Teodoro Russell Pueyrredon ("Movants' Motion") (ECF No. 365). Mr. Laine-Beveridge's principal argument is that he is entitled to the most-adequate-plaintiff presumption because he "has the largest financial interest in this litigation as he has the largest losses of all the movants" and that "he has made a *prima facie* showing of adequacy and typicality." *See* Memorandum of Law of Movant Blue Laine-Beveridge in Opposition to Competing Lead Plaintiff Motion ("BLB Opp.") (ECF No. 378), at 2. That is wrong. Mr. Laine-Beveridge does not satisfy the typicality requirement because he, unlike other class members, reaped a substantial gain with regard to his investment in AMC Entertainment Holdings Inc. (NYSE: AMC), which makes him susceptible to an atypical standing defense. AMC is one of the main Stocks[1] at issue in this case and investors in AMC represent a large portion of the putative class. Appointment of Mr. Laine-Beveridge would jeopardize a large percentage of the putative class, or at minimum subject the class to expensive and protracted litigation on individual issues with the claim of the named plaintiff. *In re Netflix, Inc., Sec. Litig.*, 2012 WL 1496171, at *5 (N.D. Cal. Apr. 27, 2012) (rejecting a lead plaintiff application based on potential standing issues that "could subject the class to the burden of litigation focused on her standing").

---

[1] "Stocks" has the same definition as set forth in Movants' Motion, at 2.

In short, while Mr. Laine-Beveridge purports to have the largest financial interest in the action, his claims are not typical to those of other class members, he is not an adequate representative for all class members, and his claims are subject to unique defenses because he reaped a substantial gain on his investment in AMC. *Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 762 F.3d 1248, 1259 (11th Cir. 2014) (explaining "District Courts have found that an investor who suffers no net losses thanks to sales during the class period is subject to an atypical standing defense"). As such, he is not entitled to the most-adequate-plaintiff presumption under the PSLRA.

In fact, Mr. Laine-Beveridge is not even a class member in the proposed class that he seeks to represent. In a prior complaint filed by his counsel, the proposed class is defined as follows: "Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants sold the Affected Securities on the Robinhood trading platform on or after January 28, 2021, **and who were damaged thereby** (the "Class")" (emphasis added). *See* Class Action Complaint For Violations Of The Federal Securities Laws (ECF No. 1), *Muncy v. Robinhood Financial, LLC, et al.*, Case No. 2:21-cv-01729 (D.N.J.) at ¶ 26. Mr. Laine-Beveridge did not suffer damage as it relates to his AMC investment, and therefore is not a class member. Mr. Laine-Beveridge's counsel seeks to gloss over this fact by asserting that "Mr. Laine-Beveridge sold certain of the Affected Securities[] after Robinhood's restrictions and was damaged thereby." BLB Opp., at 4. But that contention is belied by Mr. Laine-Beveridge's loss chart, which clearly indicates a gain of $12,443.51 as it relates to AMC. *See* Blue Laine-Beveridge Loss Chart (ECF No. 366-4).

Because Mr. Laine-Beveridge is subject to unique defenses, "the Court looks to the movant with the next-largest financial interest in the litigation," *see In re Netflix, Inc., Sec. Litig.*, 2012

2

WL 1496171, at *5, which in this case is Movants.

This segues into the next line of argument raised by Mr. Laine-Beveridge, specifically that Movants are inadequate or atypical. BLB Opp., at 7. That argument fails. Mr. Laine-Beveridge accuses Movants of failing to comply with a morass of procedural hurdles that are 1) not contemplated by the PSLRA and 2) are derived almost exclusively from out-of-circuit case law that is not in accordance with Eleventh Circuit law. Movants are adequate and their claims are typical to those of other class members because they invested in several of the affected Stocks and suffered an actual loss as a result of Robinhood's market-manipulative conduct. As such, Movants *prima facie* satisfy the typicality and adequacy requirements.

## BACKGROUND

AMC was one of the main Stocks at the center of the short squeeze, and was one of the Stocks on Robinhood for which trading was restricted.[2] *See* Movants' Motion at 3-4. On January 28, 2021, AMC stock dropped "61% an hour into trading. The drop c[ame] after AMC's share price rocketed higher a day earlier, moving from about $5 per share to nearly $20, and also after Robinhood [. . .] restricted users' ability to trade the company."[3] Mr. Laine-Beveridge himself states in his motion that "AMC shares fell $11.27 per share, or 56%, to close at $8.63 per share." BLB Motion, at 4.

Such volatility resulted in losses for countless Robinhood account holders. For example, Movants both suffered losses on their respective AMC investments during the class period. As indicated in their respective loss charts, Movant Abe Kurdi lost $376.91 on his AMC investment (ECF No. 365-2[4]), and Movant Teodoro Russell Pueyrredon lost $2.49 on his AMC investment

---

[2] https://www.thewrap.com/amc-stock-gamestop-robinhood-ameritrade-restrict-trading/ (last visited 8/9/2021).
[3] https://www.thewrap.com/amc-stock-gamestop-robinhood-ameritrade-restrict-trading/ (last visited 8/9/2021).
[4] ECF No. 365-2 is Exhibit A to the Declaration of Sarah N. Westcot submitted along with Movants' Motion, which contains loss charts and PSLRA certifications for Movants.

(ECF No. 365-2).

By contrast, Mr. Laine-Beveridge did not suffer any loss at all as it relates to his AMC investment; in fact, he reaped a substantial gain of $12,443.51. *See* Blue Laine-Beveridge Loss Chart (ECF No. 366-4). As such, whereas Movants and other putative class members suffered a loss on AMC, Mr. Laine-Beveridge reaped a substantial gain on his investment in AMC.

## ARGUMENT

Movants' Motion should be granted because they satisfy the requirements of the PSLRA and because Mr. Laine-Beveridge is an inadequate and atypical lead plaintiff, and is subject to unique defenses.

### A. Legal Standard

The PSLRA creates a rebuttable presumption "that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—"

> **(aa)** has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> **(bb)** in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> **(cc)** otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

This presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—"

> **(aa)** will not fairly and adequately protect the interests of the class; or
>
> **(bb)** is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

4

### B. Mr. Laine-Beveridge Is Not Entitled To The PSLRA Most-Adequate-Plaintiff Presumption And Is Subject To Unique Defenses

Mr. Blue Laine-Beveridge argues that he has "triggered the PSLRA's most adequate plaintiff presumption." BLB Opp., at 4. That is wrong. Movants set forth substantial argument in their opposition to Mr. Laine-Beveridge's affirmative motion as to why he is not entitled to the most-adequate-plaintiff presumption (ECF No. 377), and therefore Movants will not belabor the point here. In short, Mr. Laine-Beveridge is not entitled to the most-adequate-plaintiff presumption because his claims are atypical and he is inadequate because he reaped a substantial gain in regards to his AMC investment.

First, Mr. Laine-Beveridge is atypical because he realized a large gain on his AMC investment and sustained no damages. Because he suffered no damages, he is not a class member as it relates to AMC. *In re HealthSouth Corp. Sec. Litig.*, 261 F.R.D. 616, 649 (N.D. Ala. 2009) ("If an investor cannot prove damage, it is not a class member by definition."); *Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund*, 762 F.3d at 1259 (explaining "District Courts have found that an investor who suffers no net losses thanks to sales during the class period is subject to an atypical standing defense"). Because Mr. Laine-Beveridge did not suffer a loss on AMC, he is not even a class member based on the class definition proposed by the Rosen Firm: "Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants sold the Affected Securities on the Robinhood trading platform on or after January 28, 2021, **and who were damaged thereby** (the "Class")." *See Muncy*, Case No. 2:21-cv-01729, at ¶ 26 (emphasis added). AMC was one of the main securities that was subject to the short squeeze and resulted in substantial investor loss. As such, Mr. Laine-Beveridge would be atypical of a large percentage of the class, and therefore is

5

not entitled to the presumption of most adequate plaintiff under the PSLRA. By contrast, Movants satisfy the typicality requirement because they each suffered a loss related to their AMC investments as a result of Robinhood's conduct.

<u>Second</u>, Mr. Laine-Beveridge fails to satisfy the adequacy requirement because, as someone who reaped a gain rather than a loss, he is less incentivized to vigorously represent AMC investors, who comprise a substantial portion of the putative class. "'Adequacy of representation' means that the class representative has common interests with unnamed class members and will vigorously prosecute the interests of the class through qualified counsel." *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001). Here, as discussed above, Mr. Laine-Beveridge lacks common interests with other AMC investors because while he realized a gain on his AMC investments, other investors, such as Movants, suffered a loss. Courts in the Eleventh Circuit have found that individuals who actually suffer a loss are more incentivized to prosecute a claim than those who do not suffer a loss. *See, e.g., Campos v. ChoicePoint, Inc.*, 237 F.R.D. 478, 487–88 (N.D. Ga. 2006) ("[T]he Court assumes, and in the absence of any information provided by Plaintiffs can only assume, that adversely affected consumers may have suffered actual injury and may seek to vindicate a violation of their rights more vigorously, as well as seek damages above and beyond those sought by simply curious consumers. The Court's experience in litigation brought by adversely affected consumers is they are more emotionally and personally invested in the litigation they instituted.").

Because Mr. Laine-Beveridge does not satisfy the typicality and adequacy requirements under Rule 23(a) as it relates to AMC, he is not entitled to the most-adequate-plaintiff presumption.

Even if this Court were to find that Mr. Laine-Beveridge is entitled to the most-adequate-plaintiff presumption, Movants rebut the presumption because Mr. Laine-Beveridge is subject to

unique defenses. In determining whether unique defenses exist, this Court "need not decide whether this fact would result in a valid defense, only whether it is substantially likely that [Mr. Laine-Beveridge]—and hence, the putative class—could be forced to litigate against defenses arising from it." *In re Netflix*, 2012 WL 1496171, at *5. Here, as discussed above, if appointed lead plaintiff, Mr. Laine-Beveridge would be subject to unique defenses, namely standing to represent purchasers of AMC stock because he realized a gain rather than suffering a loss. As it relates to AMC, one of the main stocks involved in the short squeeze and a main stock at issue in this litigation, Mr. Laine-Beveridge, and the putative class, are likely to be subject to standing defenses due to his individual facts. This is potentially detrimental to the class because it would unnecessarily jeopardize the class claims and multiply costs associated with litigating the same. *Id.* (explaining "[t]he point of th[e unique defenses] requirement is not to adjudicate the case before it has even begun, but rather to protect the absent class members from the expense of litigating defenses applicable to lead plaintiffs but not to the class as a whole"). Indeed, as discussed above, Mr. Laine-Beveridge would not be a class member in the proposed class set forth by his counsel in the complaint they filed (and which Mr. Laine-Beveridge claims to have reviewed prior to signing his PSLRA certification). Given the foregoing, Mr. Laine-Beveridge is subject to unique defenses and Movants have successfully rebutted any presumption in favor of Mr. Laine-Beveridge.

Because Mr. Laine-Beveridge is subject to unique defenses, "the Court looks to the movant with the next-largest financial interest in the litigation," *see id.*, which in this case is Movants.

### C. Movants' *Prima Facie* Satisfy The Typicality And Adequacy Requirements

Mr. Laine-Beveridge argues that Movants' Motion should be denied because they are "an improper lawyer-made group of unrelated investors." BLB Opp., at 7. In seeking to support this

7

argument, Mr. Blue-Laine Beveridge seeks to erect numerous hurdles for Movants that are neither supported by the plain text of the PSLRA nor by prevailing case law in the Eleventh Circuit. In short, there is no requirement under the PSLRA that Movants make an "evidentiary showing to justify its grouping" or "provide background information." BLB Opp., at 7-10.

The PSLRA states:

> Subject to subclause (II), for purposes of clause (i), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person **or group of persons** that—
> 
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> 
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> 
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii) (emphasis added). Here, Movants are a "group of persons" who have filed a timely motion in response to the republished notice ordered by the Court. Movants also *prima facie* satisfy the requirements of Rule 23 because they, like other members of the putative class, suffered a loss on their investment in the Stocks as a result of Robinhood's conduct. As investors who suffered a loss, Movants intend to vigorously pursue this action on behalf of the class, and have retained qualified counsel to do so.

Mr. Laine-Beveridge relies on out-of-district, and otherwise unpublished district court case law to argue that Movants must establish a "pre-litigation relationship." BLB Opp., at 7. That is not the law in the Eleventh Circuit. In fact, Florida District courts have expressly declined requiring such a showing because it is not required by the plain text of the PSLRA. *See Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 503-04 (S.D. Fla. 2002) (explaining "[t]here is no requirement contained in the PSLRA that the group of persons serving as lead plaintiff have a

8

relationship among themselves. Instead, the PSLRA focuses on whether the person or group that is the proposed lead plaintiff can fairly and adequately serve as the lead plaintiff"); *Eastwood Enterprises v. Farha*, 2008 WL 687351, at *2 (M.D. Fla. Mar. 11, 2008) ("We note at this juncture that we disagree with those courts that have held that the statute invariably precludes a group of 'unrelated individuals' from serving as a lead plaintiff. The statute contains no requirement mandating that the members of a proper group be 'related' in some manner; it requires only that any such group 'fairly and adequately protect the interests of the class.'"). Mr. Laine-Beveridge makes an unconvincing attempt to distinguish the various cases from Florida federal courts cited by Movants applying this rule to appoint a group of investors, but cannot escape the fundamental reality that both the PSLRA and Florida courts allow otherwise unrelated groups to band together and serve as lead plaintiffs in securities class actions. *See Newman*, 209 F.R.D. at 502 (appointing a group comprised of banks and individuals to serve as lead plaintiffs).

Mr. Laine-Beveridge's citation to *Carvelli v. Ocwen Fin. Corp.*, 2017 WL 11068524, at *1 (S.D. Fla. July 14, 2017), *objections overruled*, 2017 WL 3473482 (S.D. Fla. Aug. 14, 2017) does not change the analysis. First, *Carvelli* cites *Newman* and concedes that aggregation among a group is appropriate and that there need not be a relationship among the members of the group. *Id.* at *5. To the extent *Carvelli* seeks to impose requirements contrary to these principles, Movants respectfully assert that such analysis is incorrect and not in accordance with the weight of decisions in this District. Second, in *Carvelli* the court made a determination after undergoing an evidentiary hearing, not based on the unsupported and self-serving suppositions of a rival movant. *Id.* at *1-2. Third, *Carvelli* is distinguishable because this is not a case where "cooperating counsel" seek to generate a group to meet the largest financial interest threshold. *See id.* at *5; BLB Opp., at 7. By contrast, more than one retail investor retained one law firm, Bursor

& Fisher, to prosecute claims for violation of federal securities laws against Robinhood on their behalf.

Further, in this specific matter there is good reason to appoint a group of investors, specifically because here there are over ten Stocks at issue with investors who have suffered losses in each, as compared to a more traditional case where there is one security at issue. Movants sustained losses in four of the Stocks at issue. Further, this case involves retail investors who banded together to effectuate the short squeeze. Both Mr. Laine-Beveridge and Movants are retail investors who used the Robinhood platform. As such, this is not a case where there is an experienced institutional investor versus an inexperienced individual. The only difference is that Movants actually suffered losses on each of their investments in the Stocks, whereas Mr. Laine-Beveridge atypically reaped a large financial gain on his AMC investment, subjecting him to unique defenses. Because Movants, like other retail investors, suffered a loss as a result of Robinhood's conduct, they satisfy both the typicality and adequacy requirements. Movants are willing to work together and there is nothing beyond pure speculation by Mr. Laine-Beveridge to suggest otherwise. Movants complied with the letter of the PSLRA as set forth in the statute, and submitted appropriate PSLRA certifications. *See* 15 U.S.C. § 78u–4(a)(2)(A).

### D. Movants' Counsel Will Protect The Interests Of The Class

Mr. Laine-Beveridge argues that Plaintiffs' Counsel, Bursor & Fisher, P.A., will not adequeately represent the interests of the class and that conflicts exist with another pending case, *In re Robinhood Order Flow Litigation*, Case No. 4:20-cv-09328-YGR (N.D. Cal.) ("Order Flow Litigation") in which B&F was recently appointed as co-lead counsel by Judge Yvonne Gonzalez Rogers. That is wrong.

Contrary to Mr. Laine-Beveridge's assertions, no conflict exists between the two matters, as there is no overlap between class periods in the two actions. The class period in the Order Flow Litigation spans from September 1, 2016 through June 30, 2019, while the current action concerns market manipulations and restrictions that occurred in January 2021. *See* Case No. 4:20-cv-09328-YGR ECF No. 7 ¶ 97; *Quat* Complaint ¶ 68. Mr. Laine-Beveridge's claim that B&F may have to make conflicting damages arguments in equally unavailing. His citation to *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharmaceutical Indus. Ltd.* is misplaced, as that case involved the denial of a lead plaintiff motion where counsel was making damages arguments in two litigations *covering an overlapping time-period*. *See* 2021 WL 1217395 at *9-*10 (E.D. Pa. 2021) (denying lead plaintiff motion and finding disabling conflict of interest where counsel would be required to make conflicting damages arguments in a different litigation covering an overlapping time-period.).

Unable to identify any concrete conflicts, Mr. Laine-Beveridge argues that hypothetically, a conflict could arise if two competing classes were "both vying for a limited pool of resources from the same defendants." ECF No. 378, at 15. Such worries are unwarranted and have not materialized. Robinhood is a multibillion-dollar company, and no evidence has been presented to suggest it would be unable to fulfill financial obligations.[5]

If anything, B&F's experience litigating against Robinhood weighs in favor of appointment as lead counsel.

---

[5] https://www.cnbc.com/2021/07/28/robinhood-valued-at-32-billion-after-selling-shares-in-ipo-at-38-per-share-source-says.html (last accessed 8/16/21).

## **CONCLUSION**

For the foregoing reasons, Movants respectfully request that the Court appoint them as Lead Plaintiffs and their counsel, Bursor & Fisher, P.A., as Lead Counsel.

Dated: August 17, 2021

Respectfully submitted,
**BURSOR & FISHER, P.A.**

By: <u>  */s/ Sarah N. Westcot*  </u>
   Sarah N. Westcot

Sarah N. Westcot (FBN: 1018272)
Stephen Beck (FBN: 1010183)
Rachel Miller (FBN 119778)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com
   sbeck@bursor.com
   rmiller@bursor.com

*Attorneys for Movants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 17, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   */s/ Sarah N. Westcot*
      Sarah N. Westcot