**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-2989-MDL-ALTONAGA/Torres**

In re: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

**This Document Relates to: All Actions Involving the Federal Securities Laws**

**REPLY MEMORANDUM OF LAW OF MOVANT BLUE LAINE-BEVERIDGE IN**
**FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION**

1

## TABLE OF AUTHORITIES

**Cases**

*Brustein v. Lampert*, 2005 WL 8154797 (S.D. Fla. June 16, 2005) .......................................... 1, 6

*Cambridge Ret. Sys. v. Mednax, Inc.*, 2018 WL 8804814 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted,* 2018 WL 6978626 (S.D. Fla. Dec. 21, 2018)................................. 4

*City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.,* 269 F.R.D. 291 (S.D.N.Y. 2010)............................................................................................................................................. 4

*Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319 (S.D.N.Y. 2004) .................................. 1

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 903 F.2d 176 (2d Cir.1990) ....................................................................................................................................... 4

*Grand Lodge of Pennsylvania v. Peters*, 560 F. Supp. 2d 1270 (M.D. Fla. 2008)......................... 2

*Hevesi v. Citigroup Inc.*, 366 F.3d 70 (2d Cir. 2004) .................................................................. 2, 5

*In re HealthSouth Corp. Sec. Litig.*, 261 F.R.D. 616 (N.D. Ala. 2009)....................................... 2, 5

*In re Mersho*, 6 F.4th 891, 2021 WL 3121385 (9th Cir. 2021) ...................................................... 1

*In re Netflix, Inc., Sec. Litig.*, 2012 WL 1496171 (N.D. Cal. Apr. 27, 2012)................................ 5

*In re Sci.-Atlanta, Inc. Sec. Litig*., 571 F. Supp. 2d 1315 (N.D. Ga. 2007) ................................... 4

*Jaffe Pension Plan v. Household Intern., Inc*., 756 F. Supp. 2d 928 (N.D. Ill. 2010);................... 4

*Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 762 F.3d 1248 (11th Cir. 2014) .......................................................................................................................... 3, 6

*Miller v. Dyadic Int'l, Inc.*, 2008 WL 2465286 (S.D. Fla. Apr. 18, 2008) .................................... 3

*Pritchard v. Apyx Med. Corp.*, 2019 WL 9093486 (M.D. Fla. July 16, 2019).............................. 1

*Sofran v. LaBranche & Co.*, 220 F.R.D. 398 (S.D.N.Y.2004) .............................................................................................. 2

*Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, 2016 WL 1625774 (N.D. Tex. Apr. 25, 2016)......................................................................................................................................... 1

*Tsiredike v. Syntax-Brillian Corp.*, 2009 WL 2151838 (D. Ariz. July 17, 2009).......................... 2

**Statutes**

15 U.S.C. §78u-4(a) ........................................................................................................................ 1, 2

Lead Plaintiff Movant Blue Laine-Beveridge ("Mr. Laine-Beveridge" or "Movant") respectfully submits this reply memorandum of law in further support of his lead plaintiff motion. Dkt. No. 366.

Mr. Laine-Beveridge is the presumptive lead plaintiff under the PSLRA. He has the largest financial interest as he lost $122,383.49. Dkt. Nos. 366 at 9 and 366-4. He also made a *prima facie* showing of adequacy and typicality. Dkt. Nos. 366 at 9-10 and 366-3. Therefore, he is the presumptive lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Brustein v. Lampert*, 2005 WL 8154797, at *7 (S.D. Fla. June 16, 2005); *Pritchard v. Apyx Med. Corp.*, 2019 WL 9093486, at *2 (M.D. Fla. July 16, 2019).

It is at the next step, the presumption rebuttal stage where the Court considers arguments from competing lead plaintiffs regarding a movant's Rule 23 compliance. *In re Mersho*, 6 F.4th 891, 2021 WL 3121385, at *5 (9th Cir. 2021) ("At step three, the process turns adversarial."); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (same).

Therefore, under the PSLRA, the Group must come forward with *proof* that Mr. Laine-Beveridge is inadequate or atypical. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Speculative challenges do not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff, here Mr. Laine-Beveridge, will not adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, 2016 WL 1625774, at *5 (N.D. Tex. Apr. 25, 2016) ("speculative assertions are insufficient to rebut the presumption that [Mr. Laine-Beveridge] is the most adequate plaintiff."); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …"); *Sofran v.*

1

*LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere "speculation").

In opposition, the Group attempts to rebut the presumption in favor Mr. Laine-Beveridge by arguing that Mr. Laine-Beveridge is inadequate and/or subject to unique defenses because he had a relatively modest gain in connection with his purchase and sale of AMC stock on the Robinhood platform. Dkt. No. 377, at 5-11. This argument is without merit on several levels.

First, the Group variously argues that Mr. Laine-Beveridge lacks individual standing to represent AMC investors because he a made profit on his trades in AMC stock. *Id*. This argument is without merit. Mr. Laine-Beveridge need not have standing (or a loss) on every claim to be lead plaintiff. *See In re HealthSouth Corp. Sec. Litig.*, 261 F.R.D. 616, 648 (N.D. Ala. 2009) ("However, the fact that [the Retirement Systems of Alabama] does not have standing to pursue the Section 11 claims does not render class certification improper. Inevitably, in cases where a lead plaintiff has been selected under the requirements of the PSLRA, a lead plaintiff may not have standing to sue on every available claim. [] In such cases, as here, additional named plaintiffs may be needed to aid the lead plaintiff in representing the class.") (internal citation omitted); *Tsiredike v. Syntax-Brillian Corp.*, 2009 WL 2151838, at * 2 (D. Ariz. July 17, 2009) ("Nothing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action."). Indeed, it is well settled that additional named plaintiffs can be added to an amended complaint to round out any standing issues. *In re HealthSouth*, 261 F.R.D. at 648; *Grand Lodge of Pennsylvania v. Peters*, 560 F. Supp. 2d 1270, 1273 (M.D. Fla. 2008); *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004) ("Nothing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action. Rather, because the PSLRA mandates that courts must choose a party who has, among other things, the largest

2

financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim.").

The Group implicitly acknowledges this reality, since its members *do not have standing* to represent all the Affected Securities. Indeed, Group members themselves lack standing and did not transact in American Airlines Group Inc. (NASDAQ: AAL), BlackBerry Limited (NYSE: BB), Bed Bath & Beyond Inc. (NASDAQ: BBBY), Express (NYSE: EXPR), Naked Brand Group (NASDAQ: NAKD), Sundial Growers, Inc. (NASDAQ: SNDL), Tootsie Roll Industries (NYSE: TR), nor Trivago NV (NASDAQ: TRVG). *Compare* Dkt. Nos. 365 at 6, 366 at 5, *with* 365-2.

Second, the Group speculates that "Mr. Laine-Beveridge is … less likely to vigorously pursue claims related to AMC losses" because he had a gain and lacks standing. This speculation is without merit. As noted in Mr. Laine-Beveridge's opening brief, he "intends to add additional named plaintiffs to represent securities Movant did not purchase to ensure all the Affected Securities are covered." Dkt. No. 366 at 11 n.2. Additionally, Mr. Laine-Beveridge has the same incentive to prove the alleged manipulative conduct. The alleged trading restrictions and the reasons behind them were applied across the Affected Securities. Dkt. No. 366 at 6 -7. Therefore, any investor of the Affected Securities must prove the *same underlying* conduct to support their claims—irrespective of the stock. *Miller v. Dyadic Int'l, Inc.*, 2008 WL 2465286, at *6 (S.D. Fla. Apr. 18, 2008) ("As stated in [his] brief, [Mr. Laine-Beveridge] satisfies the typicality requirement because [his] claims share the same 'essential characteristics as the class at large.'") (citing *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1278–79 n. 14 (11th Cir. 2000)).

Third, there is no dispute that Mr. Laine-Beveridge has a net loss—over $122,383. Courts routinely appoint lead plaintiff movants that have *net losses*. *Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 762 F.3d 1248, 1260 (11th Cir. 2014) (affirming

3

finding of typicality of a lead plaintiff at class certification who suffered a net loss of approximately $677,000, even though it sold over $250,000 worth of shares during the class period); *Cambridge Ret. Sys. v. Mednax, Inc.*, 2018 WL 8804814, at \*6 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted,* 2018 WL 6978626 (S.D. Fla. Dec. 21, 2018) (analyzing and adopting *Jaffe Pension Plan*'s reasoning that "Finding that several circuit courts of appeal already had adopted a damages model that required plaintiffs' losses to be netted against profits attributable to the same fraud [which Mr. Laine-Beveridge provided], the court held that 'out-of-pocket damages should be limited to actual damages because it is a better measurement of the true economic loss sustained by plaintiffs due to defendants' fraud.'" (quoting *Jaffe Pension Plan v. Household Intern., Inc.*, 756 F. Supp. 2d 928, 935 (N.D. Ill. 2010); *see, also City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.,* 269 F.R.D. 291, 295-96 (S.D.N.Y. 2010) ("consistent with the majority of courts in this district, we find that LIFO [which Mr. Laine-Beveridge utilized] is the most accurate measure of actual losses suffered by stockholders in that it takes into account any gains accrued from sales"). It undisputed that Mr. Laine-Beveridge has a *net loss* of $122,383.49 after deducting any profits he made. Dkt. No. 366-4.

Fourth, that Mr. Laine-Beveridge had a gain in AMC stock but an overall net loss is not a "unique defense." For a defense to be a disabling "unique defense," it has to be unique to a lead plaintiff movant and not something other class members are subject to. *In re Sci.-Atlanta, Inc. Sec. Litig.*, 571 F. Supp. 2d 1315, 1327 (N.D. Ga. 2007) ("a defense which is unique to the class representative and which has the potential to become 'the focus of the litigation' may suffice to destroy typicality.") (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir.1990)). Here, there is nothing unique about an investor with

gains and losses in the Affected Securities.  Many investors traded these same "meme" stocks[1] and

other members of the class had losses in some of the Affected Securities and gains in others.[2]

Fifth, the Group's cases are off the mark.  The Group cites *In re HealthSouth,* yet that court

certified a class of bondholders noting "the fact that [the Retirement Systems of Alabama] does

not have standing to pursue the Section 11 claims does not render class certification improper.

Inevitably, in cases where a lead plaintiff has been selected under the requirements of the PSLRA,

a lead plaintiff may not have standing to sue on every available claim." 261 F.R.D. at 648 (citing

*Hevesi*, 366 F.3d at 82).  Mr. Laine-Beveridge has stated he will add additional named plaintiffs

to cover the Affected Securities (as the Group would have to do).  Dkt. No. 366 at 8 n.2.

*In re Netflix, Inc., Sec. Litig.*, actually undermines the Group itself. The *Netflix* court

"determine[d] that the Fish Group is an unrelated group of individuals and accordingly declines to

aggregate their individual losses. The Fish Group has made no showing of former ties or current

cohesion. … and finds it to be a sufficient reason to decline to aggregate the individual claims of

the Fish Group's members." 2012 WL 1496171, at *4 (N.D. Cal. Apr. 27, 2012).  Then, due to

one group member *not controlling* the relevant securities and therefore having no standing (the

securities were instead controlled by a related trust which would have standing), the group was

found inadequate and the *Netflix* court also found that the potential issue "could subject the class

to the burden of litigation focused on her standing." *Id*. at 5.

---

[1] Indeed, the Group members themselves traded in at least a few of the Affected Securities.  Dkt. No. 365-2.

[2] Ponczek, Sarah, Katharine Gemmell, and Charlie Wells, "Meme Stocks Lose $167 Billion as Reddit Crowd Preaches Defiance", *Bloomberg*, February 2, 2021, https://web.archive.org/web/20210209130419/https://www.bloomberg.com/news/articles/2021-02-02/moonshot-stocks-lose-167-billion-as-crowd-preaches-defiance (noting that individual investors invested in more than one security and that some realized some gains).

In *Regions* the court observed that some courts find that "an investor who suffers no net losses thanks to sales during the class period is subject to an atypical standing defense," however the Court explained that when investor makes gains but suffers a net loss the investor is adequate and typical.  762 F.3d 1248, 1259 (11th Cir. 2014).

In short, the Group has failed to rebut the presumption in favor of Mr. Laine-Beveridge with proof that he is inadequate or atypical.  *Brustein*, 2005 WL 8154797, at *7 ("Because the Court finds no proof in the record that challenges Mr. [Laine-Beveridge's] satisfaction of the typicality and adequacy requirements, it finds that Mr. [Laine-Beveridge] has satisfied this third requirement.").  As such, the Court should grant Mr. Laine-Beveridge's motion in its entirety and deny the Group's motion.

## CONCLUSION

For the foregoing reasons, Mr. Laine-Beveridge's motion should be granted in its entirety and the competing motion should be denied.

Dated: August 17, 2021                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/Laurence M. Rosen
Laurence M. Rosen, Esq., Fla. Bar No. 0182877
Phillip Kim, Esq.
Michael Cohen, Esq.
Erica Stone, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: mcohen@rosenlegal.com
Email: estone@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff*

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Laurence M. Rosen