UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

IN RE:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**

_____/

This Document Relates to All Claims Included

In the Other Broker Tranche

### DECLARATION OF JACK E. PACE III IN SUPPORT OF APEX MOTION TO DISMISS PURSUANT TO RULES 12(B)(1), 12B(2), 12(B)(5), AND 12(B)(6)

I, Jack E. Pace III, hereby declare as follows:

1. I am an attorney duly authorized to practice law in the State of New York and am authorized to appear in the above-captioned litigation pursuant to this Court's Pretrial Order #1 (Doc. No. 46) having filed a Certificate of Understanding on April 12, 2021 (Doc. No. 81). I am a Partner in the law firm of White & Case LLP, counsel for Defendant Apex Clearing Corporation ("Apex"). I submit this Declaration in support of Apex's Motion to Dismiss Complaint Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). I am familiar with the facts set forth herein, based on my personal knowledge of the material referenced herein.

2. On August 16, 2021, my colleague Kelly Newman emailed Plaintiffs' lead counsel for the Other Broker Tranche Peter Safirstein, as well as Plaintiffs' Liaison Counsel Rachel Furst, to notify them that the Apex Plaintiffs' negligence action claim improperly was brought for the first time in the MDL court, having no home forum from which the action was transferred, and that the Apex Plaintiffs failed to effect service of process on Apex of their negligence action.

3. On August 18, 2021, I held a telephonic conference with Mr. Safirstein and Ms. Furst, which Mr. Sean Burstyn and Mr. Daniel Matteo, counsel for the Robinhood Tranche Plaintiffs, also attended.

4. In the August 18, 2021 conference, I explained Apex's position that the court lacked subject matter jurisdiction over the Apex Plaintiffs' negligence claim, and that the Apex Plaintiffs' failure to serve Apex with any negligence complaint deprived the court of personal jurisdiction over Apex for Plaintiffs' claims as well. My colleague Kelly Newman further provided Plaintiffs with the cases that supported our position that the court lacks subject matter jurisdiction over the Apex Plaintiffs' negligence claim.

5. On August 23, 2021, I provided Plaintiffs' counsel with additional cases that support Apex's position, via email.

6. Plaintiffs' counsel informed me on August 26, 2021, that they did not plan to try to rectify this procedural error, and that the issue would be best resolved through a motion to dismiss.

7. Attached hereto as Exhibit 1 is a true and correct copy of a letter from Apex Clearing Corporation to the New Jersey Office of the Attorney General's Bureau of Securities, dated February 9, 2021, which Plaintiff quotes and relies on at Paragraph 246 of the Complaint.

8. Attached hereto as Exhibit 2 is a true and correct copy of the standard Customer Account Agreement that Apex enters into with the customers of Introducing Brokers who use Apex's clearing services.

9. Attached hereto as Exhibit 3 is a true and correct copy of a stock price chart taken from Google Finance on August 30, 2021, tracking the stock price of GameStop ("GME") from February 15, 2002 to the present.

10. Attached hereto as Exhibit 4 is a true and correct copy of a stock price chart taken from Google Finance on August 30, 2021, tracking the stock price of AMC from August 30, 2020 to the present.

11. Attached hereto as Exhibit 5 is a true and correct copy of a stock price chart taken from Google Finance on August 30, 2021, tracking the stock price of KOSS stock from March 27, 1986 to the present.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed in New York, New York on August 30, 2021.

/s/ *Jack E. Pace III*
Jack E. Pace III