UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

IN RE:

**JANUARY 2021 SHORT SQUEEZE**
**TRADING LITIGATION**
_____/

This Document Relates to:

ALL ANTITRUST ACTIONS

**ANTITRUST PLAINTIFFS' MOTION TO STRIKE DEFENDANT CITADEL SECURITIES LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE ANTITRUST TRANCHE COMPLAINT**

1

Antitrust Plaintiffs respectfully submit this Motion to Strike Defendant Citadel Securities LLC's Notice of Supplemental Authority in Support of Defendants' Motion to Dismiss the Antitrust Tranche Complaint [ECF No. 430] (the "Citadel Notice"). Plaintiffs request that the Court strike the Notice to the extent it advances or expands on any arguments in Defendants' Motion to Dismiss. Plaintiffs do not object to the Court considering the Staff Report on Equity and Options Market Structure Conditions in Early 2021 (the "Staff Report") appended to the Notice as supplemental authority. In line with the Court's order dated November 5, 2021 (ECF No. 434), and pursuant to Local Rule 7.1(a)(3)(A), Plaintiffs' Co-Lead Counsel for the Antitrust Tranche met and conferred with counsel of record for Citadel Securities on November 11, 2021. The parties were unable to come to a resolution on the instant motion.

"[S]upplemental filings should direct the Court's attention to legal authority or evidence that was not available to the filing party at the time that that party filed the original brief to which the subsequent supplemental filing pertains. They should further note the argument to which the legal authorities or evidence relate. Beyond that, however, supplemental filings should do nothing more. Put simply, notices of supplemental authority should not make legal argument." *Minus v. Miami-Dade Cnty.*, 19-cv-25113-BLOOM/Louis, 2021 WL 1185683, at *1 (S.D. Fla. Mar. 26, 2021) (quoting *Girard v. Aztec RV Resort Inc.*, No. 10-62298-CIV, 2011 WL 4345443, at *2 (S.D. Fla. Sept. 16, 2011)). While the Citadel Notice submits the Staff Report as supplemental authority, even the most superficial review of the Citadel Notice reveals that it also contains supplemental arguments that raise or expand on arguments they did not make in Defendants' Motion to Dismiss. Therefore, to the extent the Citadel Notice includes any arguments, it should be stricken. *Girard*, 2011 WL 4345443, at *3 ("Even the most superficial review of the notices

reveals that they contain argument. . . Because they engage in argument in support of Defendant's Motion to Dismiss, the notices contained in Defendant's . . . Supplemental Filings constitute memoranda of law.). In addition, the Notice is incomplete and misleading.

*First,* Citadel mischaracterizes the Staff Report, cherry picks portions that expand its arguments in Defendants' Motion to Dismiss, and omits key portions of the Staff Report. Citadel references page 43 of the Staff Report to argue that the SEC concluded that broker-dealers restricted trading due to intraday margin calls from a clearinghouse. Citadel Notice at 2. This argument mischaracterizes the Staff Report's findings. Citadel omits that this statement was included by the Staff under the subsection "*Forces that **may** cause a brokerage to restrict trading.*" Staff Report at 43 (emphasis added). Further, the Staff Report's Disclaimer, as described in greater detail below, states that the SEC, "expressed no view regarding the analysis, findings, or conclusions contained [t]herein." Staff Report at 1.[1] Therefore, the Staff Report has no factual, evidentiary, or precedential value for this action.

*Second*, the Staff Report expressly disclaims any legal or factual effect:

> DISCLAIMER: This is a report of the Staff of the U.S. Securities and Exchange Commission. Staff Reports, Investor Bulletins, and other staff documents (including those cited herein) represent the views of Commission staff and ***are not a rule, regulation, or statement of the Commission***. The Commission has neither approved nor disapproved the content of these documents and, like all staff statements, ***they have no legal force or effect***, ***do not alter or amend applicable law***, and create no new or additional obligations

---

[1] *See also*, *e.g.*, Citadel Notice at 2 ("Although the SEC noted '[o]ne narrative' that 'attributed the broker-dealer trading restrictions to pressure from hedge funds and their commercial partners,' the SEC instead concluded: 'A number of clearing brokers experienced intraday margin calls from a clearinghouse. In reaction, some broker-dealers decided to restrict trading in a limited number of individual stocks in a way that some investors may not have anticipated'").

for any person. ***The Commission has expressed no view regarding the analysis, findings, or conclusions contained herein.***

Staff Report at 1 (emphasis added). Thus, no legal conclusions can be drawn from the Staff Report and it has no preclusive effect with respect to any factual matter addressed by Defendants in their motion papers. To the extent that Citadel attempts to introduce the Staff Report as a means to show conflict between the Securities Exchange Act and the Sherman Act, the Staff Report does no such thing as, by its terms, it has "no legal force or effect." *Id.*

"Because [Citadel] engage[s] in argument in support of Defendants' Motion to Dismiss, the [Citadel Notice] contained in [Citadel's] . . . Supplemental Filing[ ] constitute[s a] memoranda of law." *Girard*, at *3. Therefore, the Citadel Notice does not comport with the rules governing supplemental filings, and, to the extent that the Notice offers any arguments, it should be stricken. *See id.*; *see also Minus*, at *1 (notice of supplemental authority should not include improper legal argument).

***Third***, the Staff Report does not report on collusion by or between Robinhood, Citadel or other market participants. Likewise, and consistent with the above, by its terms the Staff Report does not reach any conclusions on the subject.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), Plaintiffs' Co-Lead Counsel for the Antitrust Tranche hereby certifies that it met and conferred via telephone with counsel of record for Citadel Securities on November 11, 2021. During this conference, despite making a good-faith effort to resolve the issues by agreement, the parties were unable to come to a resolution on the instant motion.

Dated: November 12, 2021

By:  /s/ *Joseph R. Saveri*
         Joseph R. Saveri

Joseph R. Saveri (CA SBN 130064)
Steven N. Williams (CA SBN 175489)
Christopher K.L. Young (CA SBN 318371)
Anupama K. Reddy (CA SBN 324873)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
cyoung@saverilawfirm.com
areddy@saverilawfirm.com

Respectfully submitted,

By:  /s/ *Frank R. Schirripa*
         Frank R. Schirripa

Frank R. Schirripa (NY SBN 4103750)
Kathryn Hettler (NY SBN 5126065)
Seth Pavsner (NY SBN 4969689)
Eugene Zaydfudim (NY SBN 5204334)
**HACH ROSE SCHIRRIPA & CHEVERIE LLP**
112 Madison Ave, 10th Floor
New York, New York 10016
Tel: (212) 213-8311
fschirripa@hrsclaw.com
khettler@hrsclaw.com
spavsner@hrsclaw.com
ezaydufim@hrsclaw.com

*Co-Lead Counsel for the Antitrust Tranche*