UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

IN RE:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**
_____/

This Document Relates to the Federal Securities Actions

## STIPULATED RULE 502(d) AND PRIVILEGED MATERIALS ORDER

Plaintiffs and Defendants (collectively, the "Parties"), by and through their respective counsel, hereby stipulate and agree to the terms of this Rule 502(d) and Privileged Materials Order. All capitalized terms that are not defined herein have the same meaning as those terms set forth in the Stipulated Protective Order for the Federal Securities Actions.

**I.      SCOPE**

1.      This Order shall be applicable to any privileged or otherwise protected or exempted information disclosed during the course of this litigation, including, but not limited to, deposition transcripts (including exhibits) or videotapes, responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, electronically storedinformation ("ESI"), testimony or evidence adduced at trial or during any hearing, and all other information or material produced or made available for inspection or otherwise submitted by anyof the parties in this litigation pursuant to the Federal Rules of Civil Procedure or otherwise (collectively, "Information").

**II.     PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION**

2. Pursuant to Federal Rule of Evidence 502(d), the inadvertent disclosure of any privileged or otherwise protected or exempted Information in this case, shall not be deemed a waiver or forfeiture of any claim of privilege or other protection — in this case or in any other federal, state, regulatory, or congressional proceeding, or a proceeding before a self-regulatory organization — that the producing Party would otherwise be entitled to assert with respect to the Information and its subject matter.

3. Nothing contained herein is intended to or shall serve to limit a Party's duty to conduct a review of documents, ESI (including metadata), or other Information for responsiveness or segregation of privileged or protected information before production.

4. The Party disclosing Information (the "Producing Party") must promptly notify the Party receiving the Information (the "Receiving Party") in writing if it discovers that Information has been produced for which the Producing Party asserts privilege or other protection. The notice should be in the form of a "Clawback Notice," and shall include:

   a. The Bates range of the produced materials; and

   b. A privilege log listing the item(s) produced in the form set forth in Paragraphs 13–22 herein.

5. The Producing Party shall make a good faith effort to produce a new copy of the material (using the same Bates number as the original material) within seven (7) days after serving the Clawback Notice with the privileged or protected Information redacted if the Producing Party claims only a portion of the document contains privileged or otherwise protected Information, or, if the Producing Party claims that the entire document is privileged or protected, a slip sheet noting that the entire document is privileged.

6. Upon receipt of a Clawback Notice, the Receiving Party shall make good faith efforts to immediately destroy or return all such Information, all copies thereof, and not use such Information for any purpose. The Receiving Party shall certify to the Producing Party that all of the inadvertently disclosed Information has been returned or destroyed in conformance with mutually agreed standards.

7. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Disclosure or Discovery Material to identify the Disclosure or Discovery Material and describe its nature to the Court in any motion to compel production of the Disclosure or Discovery Material, consistent with the procedures as set forth in Paragraphs 8 and 9, until further order of the Court.

8. If the Receiving Party decides to contest the Producing Party's assertion of privilege or other protection, it must do so within seven (7) business days from receipt of the Clawback Notice by serving upon the Producing Party a written "Notice of Clawback Challenge" providing the reason(s) for challenging the assertion of privilege or protection. The Producing Party will have seven (7) business days to respond to the Notice of Clawback Challenge in writing by either: agreeing to withdraw the claim of privilege or other protection or stating the reasons for the claim.  If the Producing Party's response to the Notice of Clawback Challenge does not resolve the issue, the Parties shall meet and confer within five (5) business days of the Producing Party's response to the Notice of Clawback Challenge. Should the dispute remain unresolved, the Receiving Party may bring a motion for a determination of whether privilege applies and must do so within seven (7) business days of its determination that no resolution will be achieved. The Parties may stipulate to extend or otherwise modify the time periods set forth in this Paragraph.

9. The Producing Party shall provide the item(s) listed in a Clawback Notice to the Court for review *in camera* with its response to a motion for determination of whether privilege applies. Should the Receiving Party's motion contain the content of any item(s) whose claim of privilege or other protection is being challenged, the motion shall be filed under seal. The Receiving Party may not assert the facts or circumstances of the disclosure as a ground for compelling disclosure.

10. If, during a deposition, a Producing Party claims that a document being used in the deposition (e.g., marked as an exhibit or shown to the witness) contains material that is subject to the attorney-client privilege, the attorney work product doctrine or any other privilege or protection, the Producing Party may (a) allow the document to be used during the deposition without waiver of any claim of privilege or other protection; or (b) instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material. If the Producing Party allows the examination concerning the document to proceed consistent with this paragraph, all Parties shall sequester all copies of the inadvertently produced document. As to any testimony subject to a claim of privilege or other protection, the Producing Party shall serve a Clawback Notice within seven (7) business days of the deposition's conclusion. In either case, the Receiving Party may challenge the assertion of privilege or other protection consistent with the procedures as set forth in Paragraphs 6 and 7 herein. If a Clawback Notice concerning any such document or testimony upon which a privilege or protection is asserted is not timely served as set forth in this Paragraph, i.e., more than seven (7) business days after the conclusion of the deposition, the Receiving Party may challenge that the document or testimony is no longer protected under Paragraph 2 herein, and that Federal Rule of Evidence 502(b) applies instead. Paragraph 5 shall apply pending resolution of the privilege dispute as to the relevant document or

testimony to all Parties with access to the deposition transcript. Should the Court decide the dispute in the Receiving Party's favor, i.e., that the document or testimony is not privileged or protected, and the Receiving Party was denied the opportunity to depose the witness as to the Information subject to the dispute, the Parties shall work in good faith to make the witness available for deposition within fourteen (14) days of the Court's resolution of the dispute, at the expense of the Party who served the Clawback Notice, i.e., the Party who asserted the claim of privilege or other protection.

11. This Order does not override any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

12. Nothing in this Order precludes a Party from voluntarily or intentionally waiving any claim of privilege or protection. Should a Party use privileged or otherwise protected information to support a claim or defense, Federal Rule of Evidence 502(a) shall apply.

### III. PRIVILEGE LOG

13. Except as set forth otherwise in this Order, any document or ESI that is withheld on the basis of a claim of attorney-client privilege, attorney work product doctrine, or any other claim of privilege or immunity is to be identified by the Producing Party on a privilege log, which shall be produced in an Excel format that permits electronic sorting and searching.

14. After completing its production of documents or ESI, and with a good faith effort within sixty (60) days, the Producing Party shall provide a privilege log or logs concerning any Information that has been redacted or withheld in whole or in part from its production(s). To the extent any previous designations are subsequently modified or withdrawn, they shall be so noted

within fifteen (15) days of any decision to modify or withdraw any previous designations in an amended log to ensure clarity.

15. Privilege logs shall be detailed enough to enable other Parties to assess the applicability of the privileges or protection asserted. The privilege log shall set forth the privilege or protection relied upon and specify separately for each document:

   a. Bates-number range, or if no Bates-number range, a unique document identifier;

   b. Family relationship, if applicable (e.g., identification of parent emails and all attachments);

   c. The document title to the extent contained in metadata, including in the case of emails, the subject line of the email, unless that information is itself subject to a claim of privilege (in which case that withholding shall be indicated on the log);

   d. Sufficient factual basis to support the claim of privilege or protection;

   e. The names of the author(s)/sender(s);

   f. The names of all addressees and recipients, including CCs and BCCs;

   g. The document date, which shall be defined as the date sent for correspondence such as emails, memos and letters and the date last modified for other documents;

   h. Whether the document has been produced in redacted form or withheld in its entirety; and

   i. The designation of the privilege or protection relied upon (e.g., attorney-client privilege or attorney work product).

16. Each member of a family of documents (i.e., each member of a set of documents in parent-child relationship to each other) to the extent such members are also being withheld for the same privilege, may be logged together as a single entry in the privilege log. In instances where multiple documents in a family are logged together as a single entry in a privilege log, the privilege log description shall clearly reflect that the entry relates to more than one document (e.g., "email attaching memorandum") and shall provide sufficient information to satisfy Federal Rule of Civil Procedure 26(b)(5)(A) as to all attachments.

17. For the avoidance of doubt, each such document shall be logged based on the metadata (author(s) or sender(s) and recipient(s)) of the individual document, where available. Email addresses may be included in the log, rather than full names of authors, senders, and recipients, provided that the email addresses contain sufficient information to identify the individual.

18. Partially privileged documents need not be logged so long as the reason for the redaction is provided on the document (e.g., "Redacted: Attorney-Client Privilege"). Upon reasonable request, the Producing Party agrees to provide additional information supporting the claim of privilege if it is not clear from the face of the redacted document within fifteen (15) days.

19. Materials relating to activities undertaken in compliance with the duty to preserve information (including, but not limited to, litigation hold letters) which are protected from Federal Rules of Civil Procedure 26(b)(3)(A) and (B) need not be logged.

20. Attorneys or their staff must be identified on the log with an asterisk or similar notation.

21. When multiple email messages ("thread members") are part of a single email chain or thread, a Party is only required to include on a privilege log the most inclusive, i.e., last in time,

email and need not log earlier, less inclusive email messages that are otherwise fully contained within the thread, provided that log entry includes the names of the authors, addressees, recipients (including CCs and BCCs) for all thread members, and that the description of the email chain or thread include sufficient factual bases sufficient to support the claim of privilege for each email or thread member a privilege or protection is claimed. The Party claiming a privilege or protection over an email or thread member shall identify which specific email or thread member within the email chain or thread the privilege or protection is being asserted. The asserting Party must also indicate whether the email chain or thread has been produced in redacted form or withheld in its entirety.

22. After receipt of a privilege log, any Party may dispute a claim of privilege. Prior to seeking Court intervention, the Party disputing or objecting to a claim of privilege shall provide in writing the identification of the documents or category of documents for which the claim of privilege or protection is being challenged and the reasons for disputing or objecting to the privilege designation. Within twenty-one (21) days, the Party that designated the documents for which the privilege or protection is being asserted will provide a written response setting forth the basis for its claim of privilege or de-designating the challenged documents and producing those documents in accordance with this Order. If the dispute is not resolved, the Parties shall meet and confer in good faith as to the claims of privilege or protection. If no agreement has been reached after 21 days after the meet and confer, the Parties shall submit the dispute by motion to the Court consistent with the Court, Magistrate Judge, or Special Master's procedures for raising discovery disputes.

Respectfully submitted,

| | |
|---|---|
| /s/ Laurence M. Rosen<br>**THE ROSEN LAW FIRM, P.A**.<br>Laurence M. Rosen, Esq. (FBN 0182877)<br>Phillip Kim, Esq.<br>Robin Howald, Esq.<br>Erica Stone, Esq.<br>Michael Cohen, Esq.<br>275 Madison Avenue, 40th Floor<br>New York, New York 10016<br>Telephone: (212) 686-1060<br>Facsimile: (212) 202-3827<br>lrosen@rosenlegal.com<br>pkim@rosenlegal.com<br>rhowald@rosenlegal.com<br>estone@rosenlegal.com<br>mcohen@rosenlegal.com<br><br>*Counsel for Lead Plaintiff* | /s/ Samuel A. Danon<br>**HUNTON ANDREWS KURTH LLP**<br>Samuel A. Danon (FBN 892671)<br>Gustavo Javier Membiela (FBN 513555)<br>María Castellanos Alvarado (FBN 116545)<br>333 S.E. 2 Avenue, Suite 2400 Miami, FL 33131<br>Telephone: (305) 810-2500<br>Facsimile: (305) 810-2460<br>sdanon@huntonak.com<br>gmembiela@huntonak.com<br>mcastellanos@hunton.com<br><br>**CRAVATH, SWAINE & MOORE LLP**<br>Antony L. Ryan<br>Kevin J. Orsini<br>Brittany L. Sukiennik<br>825 Eighth Avenue<br>New York, NY 10019<br>Telephone: (212) 474-1000<br>Facsimile: (212) 474-3700<br>aryan@cravath.com<br>korsini@cravath.com<br>bsukiennik@cravath.com<br><br>*Counsel for Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC* |

**SO ORDERED** this ___ day of _____, 2021.

_____
**The Honorable Cecilia M. Altonaga**
**Chief United States District Judge**