# EXHIBIT A

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 22-10669-JJ

_____

In re: JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION,

_____

ANDREA JUNCADELLA,
EDWARD GOODAN,
WILLIAM MAKEHAM,
MARK SANDERS,
JAIME RODRIGUEZ, et al.,

                                                Plaintiffs-Appellants,

PATRICK YOUNG, et al.,

                                                Plaintiffs,

versus

ROBINHOOD FINANCIAL LLC,
ROBINHOOD SECURITIES, LLC,
ROBINHOOD MARKETS, INC.,

                                                Defendants-Appellees,

CITADEL LC,
d.b.a. Citadel Securities, et al.,

                                                Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before:  WILSON and LUCK, Circuit Judges.

BY THE COURT:

The appellants' motion to amend the jurisdictional pleadings, incorporated in the parties' joint response to the jurisdictional question, is GRANTED.  As amended, the pleadings will allege that the named plaintiffs were citizens of, *inter alia*, Florida, Missouri, Illinois, Texas, California, and South Carolina;[1] defendants Robinhood Markets, Inc. and Robinhood Financial LLC were Delaware companies with their principal places of business in California; and defendant Robinhood Securities, LLC was a Delaware company with its principal place of business in Florida.  See 28 U.S.C. § 1332(c)(1), (d)(10); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).  We deem the pleadings, as amended, sufficient to demonstrate that at least one plaintiff in this putative class action was diverse from one defendant, satisfying the requirements of diversity jurisdiction.  See 28 U.S.C. § 1332(d)(2).

This appeal may therefore proceed.  The parties shall notify the district court of this order by filing copies of the order and the complaint, as amended, with that court.

---

[1] The proposed amendments also update the diversity allegations with respect to a plaintiff who formerly resided in Michigan but later became a domiciliary of Ontario, Canada.  Because citizenship is determined at the time the relevant pleadings are filed, subsequent changes to a party's citizenship generally are not important. See *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  In any event, only "minimal diversity" is required here, and the citizenship of other plaintiffs is properly alleged.  See *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).