**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

FILED BY____PE____D.C.

Jun 2, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

IN RE: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION                                                              MDL No. 2989

**TRANSFER ORDER**

**Before the Panel**: Plaintiffs in the Southern District of New York *Chavez* action move under Panel Rule 7.1 to vacate our order that conditionally transferred *Chavez* to the Southern District of Florida for inclusion in MDL No. 2989. Defendant Apex Clearing Corporation (Apex) and interested parties Robinhood Financial LLC, Robinhood Securities, LLC, and Robinhood Markets, Inc. (collectively, Robinhood) oppose the motion.

MDL No. 2989 arises from a massive "short squeeze" that occurred in January 2021 affecting several stocks, and various brokers' decision to restrict the ability of retail investors to purchase the relevant securities on or about January 28, 2021, which led to a massive selloff of those securities. *See In re January 2021 Short Squeeze Trading Litigation*, MDL No. 2989, 2021 WL 1258399, at *2 (J.P.M.L. Apr. 2, 2021). In support of their motion to vacate, plaintiffs argue that *Chavez* does not present common questions of fact with the actions remaining in MDL No. 2989. *Chavez* involves claims that Apex restricted trading in three of the affected securities for a period of approximately three hours and twenty-five minutes on January 28, 2021. Plaintiffs contend that Apex is not a defendant in any action pending in the MDL, that the claims against other defendants in the MDL (such as Robinhood) involve different trade restrictions and different stocks, and that, in any event, the transferee court has dismissed the state law claims against Robinhood. Plaintiffs also argue that New York is more convenient for the parties and witnesses in this Apex-centered action, and that transfer would introduce new claims under different state laws into the consolidated litigation.

The reason why there are no claims currently pending in the MDL against Apex, however, is telling. Following centralization, the transferee court divided the claims into four tranches: (1) antitrust claims directed at numerous brokers, funds and clearinghouses; (2) federal securities law claims against Robinhood and others; (3) state law claims against Robinhood and related entities; and (4) state law claims against other brokers. *See* Order at 1–2, *In re January 2021 Short Squeeze Trading Litig.*, C.A. No. 1:21-md-02989 (S.D. Fla. May 18, 2021), ECF No. 310. A master complaint was filed in the "other broker" tranche, which named only Apex as a defendant and was brought by only two plaintiffs—the same two plaintiffs who bring the *Chavez* action. The transferee court dismissed the "other broker" master complaint because the plaintiffs named in that complaint had not filed a separate civil action, either in the transferee court or in a transferor court. *See* Order, *In re January 2021 Short Squeeze Trading Litig.*, C.A. No. 1:21-md-02989 (S.D. Fla.

- 2 -

Jan. 10, 2022), ECF No. 450. Instead, plaintiffs first appeared in a master complaint filed in the master MDL docket. The transferee court held that it lacked subject matter jurisdiction over plaintiffs' claims and allowed plaintiffs in the "other broker" tranche to file an amended complaint by February 14, 2022. *Id.* at 17. No amended complaint in the "other broker" tranche appears to have been filed in the MDL. Instead, plaintiffs filed *Chavez* in the Southern District of New York.

Plaintiffs suggest the MDL has reached a point at which transfer of *Chavez* is not appropriate. Yet the MDL remains at the pleading stage, and the only reason no action against Apex is currently pending is because: (a) the transferee court dismissed plaintiffs' prior attempt to bring such claims without first instituting a separate civil action; and (b) lead counsel for the "other broker" tranche did not file an amended master complaint in the MDL, but instead filed the *Chavez* action in New York. Plaintiffs seemingly seek to take advantage of the dismissal of the "other broker" master complaint to reestablish that tranche outside the auspices of the MDL. But the transferee court did not dismiss plaintiffs' claims in the MDL because those claims were not related to the subject-matter of the centralized litigation. Given that plaintiffs were selected for inclusion in a master complaint filed in the MDL that asserted substantially identical claims as presented in *Chavez*, there is no question that *Chavez* shares common factual questions with the actions in the MDL. Like all the actions in the MDL, *Chavez* involves "factual questions arising from trading restrictions imposed by Robinhood and other brokers in late January 2021 in response to a dramatic rise in trading and share prices for a group of 'meme stocks.'" *In re January 2021 Short Squeeze Trading Litig.*, 2021 WL 1258399, at *2.

Moreover, the transferee court already has considered a motion to dismiss pertaining to the *same parties and claims* as in *Chavez*. The court also recently decided a motion to dismiss pertaining to state law claims against Robinhood. Although plaintiffs contend that decision involves different state law than will be at issue in *Chavez*, the claims in the Robinhood tranche were markedly similar. We have little doubt that the transferee court's familiarity with the allegations, issues, parties, and counsel involved in this docket will further the expeditious resolution of the litigation taken as a whole. And the transferee court "is best able to determine whether the state law claims" against Apex or other brokers should continue to be litigated in the MDL. *In re Merscorp Inc., et al., Real Estate Settlement Procedures Act (RESPA) Litig.*, 560 F. Supp. 2d 1371, 1372 (J.P.M.L. 2008). Should the transferee court deem remand of *Chavez* to be warranted, procedures are available whereby this may be accomplished with a minimum of delay. *See* Panel Rules 10.1–10.3.

Therefore, after considering the parties' arguments, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2989, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Southern District of Florida was an appropriate Section 1407 forum for actions sharing factual questions arising from trading restrictions imposed by Robinhood and other brokers in late January 2021 in response to a dramatic rise in trading and share prices for a group of "meme

- 3 -

stocks."[1] *See In re January 2021 Short Squeeze Trading Litig.*, 2021 WL 1258399, at *2. Like many of the cases in the MDL, plaintiffs in *Chavez* allege that they suffered injury due to restrictions imposed upon their ability to purchase shares of certain securities and assert various state common law claims. That the claims are directed against Apex is of no moment, as the MDL was intended from the outset to encompass such claims. *See id.* at *2–3. Transfer will yield significant efficiencies.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Cecilia M. Altonaga for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton      Matthew F. Kennelly
David C. Norton          Roger T. Benitez
Dale A. Kimball          Madeline Cox Arleo

---

[1] These meme stocks allegedly include: GameStop Corp. (GME); AMC Entertainment Holdings Inc. (AMC); American Airlines Group Inc. (AAL); Bed Bath & Beyond Inc. (BBBY); BlackBerry Ltd. (BB); Express, Inc. (EXPR); Koss Corporation (KOSS); Naked Brand Group Ltd. (NAKD); Nokia Corp. (NOK); Sundial Growers Inc. (SNDL); Tootsie Roll Industries, Inc. (TR); and Trivago N.V. (TRVG).

**IN RE: JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION**  MDL No. 2989

## SCHEDULE A

<u>Southern District of New York</u>

CHAVEZ, ET AL. v. APEX CLEARING CORPORATION, C.A. No. 1:22−01233