UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

IN RE: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

This Document Relates to the Other Broker Tranche.

## DEFENDANT APEX CLEARING CORPORATION'S MOTION FOR EXPANSION OF PAGE LIMITATIONS FOR BRIEFING ON ITS MOTION TO DISMISS PLAINTIFFS CHAVEZ AND JANG'S CLASS ACTION COMPLAINT

Defendant Apex Clearing Corporation ("Apex"), by and through undersigned counsel, respectfully submits this motion requesting an order granting an expansion of the page limits set forth in Local Rule 7.1(c)(2) and leave to file, in response to Plaintiffs' Class Action Complaint filed June 10, 2022 (ECF No. 479 Ex. A) (the "Third Complaint"): (1) a memorandum of law in support of Apex's Fed. R. Civ. P. 12(b)(6) motion to dismiss the Third Complaint, not to exceed fifty (50) pages; and (2) a reply brief not to exceed thirty (30) pages. Apex also proposes that Plaintiffs be permitted to file a response to Apex's motion to dismiss not to exceed fifty (50) pages in length.

Apex proposed to Plaintiffs that the parties be bound by the same page limits applicable to the parties' earlier motion-to-dismiss briefing (*see* Order dated September 23, 2021 (ECF No. 417)), even though Plaintiffs' latest complaint reflects a new claim and new allegations not present in Plaintiffs' earlier complaint. But Plaintiffs opposed Apex's request, necessitating this motion.

<u>In support of this request, Apex states as follows:</u>

1. On June 3, 2021, this Court set forth a schedule including special page limits for briefing including joint Motions to Dismiss in the Robinhood, Other Broker, and Antitrust Tranches. ECF No. 323.

2. On September 23, 2021, this Court amended the briefing schedule for the Robinhood and Other Broker Tranches, expanding the page limits for the joint Motion to Dismiss and Plaintiffs' responses to no more than 50 pages each and Defendants' reply to no more than 30 pages each. ECF No. 417.

3. Defendant Apex filed its Motion to Dismiss Plaintiffs' Amended Consolidated Class Action Complaint as to the Other Broker Tranche on October 15, 2021. ECF No. 422. The Court granted Apex's Motion to Dismiss without prejudice on January 10, 2022. ECF No. 450.

4. On February 15, 2022, Plaintiffs filed a complaint nearly identical to the complaint previously dismissed by this Court, but Plaintiffs filed in the Southern District of New York and added a claim and additional allegations. Specifically, Plaintiffs added a claim for Breach of the Implied Covenant of Good Faith and Fair Dealing, added allegations regarding an alleged Breach of Fiduciary Duty (new paragraphs) and Apex's Customer Agreements (new subsection), and inserted various bolstering citations. Docket No. 1:22-cv-01233 (S.D.N.Y. Feb. 14, 2022) (ECF No. 4).

5. On June 9, 2022, the Judicial Panel on Multidistrict Litigation ruled that Plaintiffs' recently-filed complaint should be transferred back to this Court. *See* Transfer Order and Notice of Filing of Complaint (ECF Nos. 478 and 479).

6. On June 9, 2022, this Court directed the parties in briefing any motion to dismiss to adhere to the requirements of the Local Rules and more broadly "[to] assum[e] the same positions that

they occupied prior to the January 10, 2022 Order [ECF No. 450] dismissing the case without prejudice [and] . . . to comply with all previously entered Orders on the MDL docket." Order dated June 9, 2022 (ECF No. 478).

7. On June 12, 2022, Apex counsel contacted Plaintiffs' counsel to propose that the briefing on Apex's motion to dismiss Plaintiffs' Third Complaint be governed by the same page limits as applied to the parties' motion-to-dismiss briefing regarding the Plaintiffs' nearly identical complaint last before this Court, i.e., 50 pages for Defendant's motion, 50 pages for Plaintiffs' opposition, and 30 pages for Defendant's reply. Plaintiffs responded that they will oppose Apex's request. *See* Certificate of Good Faith, *infra*.

8. Grant of Apex's requested extension is also supported by the nature and scope of Plaintiffs' Third Complaint. Plaintiffs' Third Complaint (ECF No. 479 Ex. A) asserts numerous claims to which Apex individually must respond, i.e., state common law claims of negligence, breach of fiduciary duty, tortious interference with a business relationship, and a new claim for breach of the implied covenant of good faith and fair dealing. Plaintiffs' Third Complaint involves a complex factual background, as set forth in Plaintiffs' 40-page complaint (ECF No. 479 Ex. A) containing 136 paragraphs. While this Court is well familiar with the factual background of the "meme stock" trading and trading restrictions giving rise to Plaintiffs' claims, the factual background underlying Plaintiffs' claims is complex and requires at least a brief discussion of, among other things, the market dynamics and mechanisms leading to a so-called "short squeeze" and the resulting impact on clearing operations, the regulatory regime governing clearing operations, and the role, obligations, and operating procedures of clearing brokers and other broker-dealers—both in the ordinary course of business and during periods of market

volatility. Apex's responsive pleading requires additional pages to adequately address and distill these complex topics.

9. This action also contains an additional layer of complexity in that there is an apparent dispute as to whether Texas or New York law governs, given the forum of filing. Thus Apex will be required to apply and argue the laws of both jurisdictions (though they are similar in material respects) in its motion to dismiss.

10. Apex's request is reciprocal and would allow Plaintiffs a corresponding expansion of the Local Rules' page limit for Plaintiffs' opposition memorandum.

## CONCLUSION

For these reasons, Defendant Apex respectfully requests that this Court enter an order setting a limit of fifty (50) pages for the opening memorandum of law and opposition regarding the motion to dismiss and a limit of thirty (30) pages for the reply memorandum.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A) and (B), undersigned counsel attempted to confer with Plaintiffs' counsel of record by email on June 12, 2022, noting their intent to request that the Court impose the same page limits on the motion to dismiss briefing regarding Plaintiffs' Third Complaint as were in place for the earlier briefing regarding Plaintiffs' earlier, nearly identical complaint. Plaintiffs' counsel responded they would oppose Apex's request.

Dated: June 13, 2022

*/s/ Jack E. Pace III*
Jack E. Pace III
Bryan D. Gant
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020
Tel.: (212) 819-8200
Fax: (212) 354-8113
E-mail: jpace@whitecase.com

J. Mark Gidley
**WHITE & CASE LLP**
701 Thirteenth Street, NW
Washington, DC 20005
Tel.: (202) 626-3600
Fax: (202) 639-9355
Email: mgidley@whitecase.com

Angela Daker
**WHITE & CASE LLP**
200 South Biscayne Blvd.
Suite 4900
Miami, FL 33131
Tel: (305) 371-2700
Fax: (305) 358-5744
adaker@whitecase.com

*Counsel for Defendant Apex Clearing Corp.*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on June 13, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I further certify that this motion was served on all counsel of record via transmission of the Notice of Electronic Filing generated by the Court's CF/ECF System.

*/s/ Jack E. Pace III*_____
Jack E. Pace III