UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

In re:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**
_____/

This Document Relates to the Other Broker Tranche

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Stated differently, it is the Court's responsibility to "zealously insure that jurisdiction exists over a case[.]" *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (alteration added; citations omitted).

Plaintiffs, Erik Chavez and Peter Jang, allege subject matter jurisdiction exists under 28 U.S.C. section 1332(d)(2). (*See* Notice of Filing of Compl. in *Chavez, et al. v. Apex Clearing Corporation Matter*, Ex. A., Compl. [ECF No. 479] ¶ 9). Under section 1332, federal courts have diversity jurisdiction over civil actions between citizens of different states or foreign countries where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Plaintiffs seek damages well in excess of $75,000.00 (*see* Compl. ¶ 9) but make insufficient allegations to show complete diversity of citizenship exists.

The Complaint alleges that "[m]any members of the proposed Class are citizens of a state different from Defendant." (*Id.* (alteration added)). But it does not specifically allege that the two named Plaintiffs are citizens of *any* state. (*See id.* ¶¶ 13–21). It alleges only that Erik Chavez is a

"resident" of Arizona (*id.* ¶ 13) and that Peter Jang is a "resident" of Maryland (*id.* ¶ 17). These statements are not enough.

"Standing alone, an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state." *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971) (collecting cases). To adequately plead citizenship, Plaintiffs must allege that they are *domiciled* in their respective states, or that each Plaintiff's state is "the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom[.]" *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (alteration added; citation and quotation marks omitted). Before the Court may determine whether there is subject matter jurisdiction under section 1332, Plaintiffs must submit allegations detailing each party's *citizenship*. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs, Erik Chavez and Peter Jang shall file an amended complaint clarifying their citizenship by June 15, 2022. Failure to do so will result in dismissal without prejudice without further notice.

**DONE AND ORDERED** in Miami, Florida, this 13th day of June, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record