UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/TORRES

In re:

**JANUARY 2021 SHORT SQUEEZE**

**TRADING LITIGATION**

_____/

This Document Relates to the Other Broker Tranche

**PLAINTIFFS' OPPOSITION TO DEFENDANT APEX CLEARING CORPORATION'S MOTION FOR EXPANSION OF PAGE LIMITATIONS FOR BRIEFING ON ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

Plaintiffs Peter Jang and Erik Chavez oppose the motion of defendant Apex Clearing Corporation ("Apex") to expand the page limits set forth in Local Rule 7.1(c)(2) regarding its anticipated Motion to Dismiss regarding Plaintiffs' Class Action Complaint filed June 10, 2022 ("Complaint"). There exists no good cause as to why Apex is unable to efficiently argue its positions in accordance with the Court's Order of June 3, 2021 wherein the Court already ordered "special page limits" of 40 pages for the motion to dismiss, 40 pages for the opposition and 20 pages for reply. (ECF 323). Importantly, Apex's counsel has already demonstrated its ability to efficiently argue its position well within the page limits set by the Court in its Order of June 3rd. In fact, Apex's initial memorandum in support of its motion to dismiss a similar complaint did not even fill 36 pages – below the page limit set by the court. (*See* ECF 405).

The Court granted a later consented-to request by Apex (and other defendants in the consolidated action) to expand the page limits for Apex's motion to dismiss and opposition to 50 pages each and reply to 30 pages (ECF 417) in connection with Defendant's motion to dismiss filed October 15, 2021. (ECF 422). That round of briefing, however, unlike the current round,

contained extensive argument regarding the Court's subject matter jurisdiction. That issue has been resolved and no longer requires briefing.

Moreover, having been granted 10 additional pages (from 40 to 50), Apex proceeded on October 15, 2021 to submit a bloated repetitive brief rife with factual and legal inaccuracies. True to form, Apex cannot even file its 6 page brief in support of its motion for expanded briefing without setting forth the misleading argument that "the Court granted Apex's Motion to Dismiss without prejudice on January 10, 2022" (Def. Motion at 2) while failing to acknowledge that the Court's opinion **did not** reach any of Apex's remaining arguments after finding that the Court lacked "subject matter jurisdiction." (ECF 450 at 4). While it is true that the operative complaint is not identical to the previously filed complaint and adds allegations and one claim, counsel as skilled as Apex's counsel should be able to efficiently address the entirety of the Complaint in the allotted 40 pages (with 20 pages for reply).

Accordingly, Apex's motion should be denied.

Dated:  June 14, 2022                                           Respectfully submitted,


/s/ Peter Safirstein
Peter Safirstein*
**SAFIRSTEIN LAW LLC**
45 N. Broad Street
Suite 100
Ridgewood, NJ 07450
Tel: (917) 952-9458
psafirstein@safirsteinlaw.com

Gary S. Graifman*
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
16 Squadron Boulevard
New City, New York 10956

Phone: (845) 356-2570
Fax: (845) 356-4335
ggraifman@kgglaw.com

***Plaintiffs' Counsel in the
Other Broker Tranche***

Rachel W. Furst
**GROSSMAN ROTH TAFFA COHEN, P.A.**
2525 Ponce de Leon Blvd., Ste 1150
Coral Gables, FL 33134-6040
Tel: 305-442-8666
rwf@gossmanroth.com

***Plaintiffs' Liaison Counsel***

*\*Counsels' Certificates of Understanding
have previously been filed*