UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

IN RE: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

This Document Relates to the Other Broker Tranche.

**DEFENDANT APEX CLEARING CORPORATION'S MOTION FOR EXPANSION OF PAGE LIMITATIONS FOR BRIEFING ON ITS MOTION TO DISMISS PLAINTIFFS CHAVEZ AND JANG'S AMENDED CLASS ACTION COMPLAINT**

Defendant Apex Clearing Corporation ("Apex"), by and through undersigned counsel, respectfully submits this motion requesting an order granting an expansion of the page limits set forth in Local Rule 7.1(c)(2) and leave to file, in response to Plaintiffs' Amended Class Action Complaint filed June 15, 2022 (ECF No. 483) (the "Fourth Complaint"): (1) a memorandum of law in support of Apex's Fed. R. Civ. P. 12(b)(6) motion to dismiss the Fourth Complaint, not to exceed fifty (50) pages; and (2) a reply brief not to exceed thirty (30) pages. Apex also proposes that Plaintiffs be permitted to file a response to Apex's motion to dismiss not to exceed fifty (50) pages in length.

Apex respectfully submits the present motion based on the same circumstances as Apex's motion filed on June 13, 2022 (ECF No. 480) relating to Plaintiffs' (transferred) Class Action Complaint (the "Third Complaint") (ECF No. 479 Ex. A), which this Court denied as moot following Plaintiffs' court-ordered filing of their Amended Class Action Complaint (*see* Order dated June 13, 2022 (ECF No. 481) (directing Plaintiffs to file an amended complaint curing jurisdictional defects) and Order dated June 15, 2022 (ECF No. 484) (denying Apex's prior motion as moot in light of subsequent Order)).

Apex proposed to Plaintiffs that the parties be bound by the same page limits applicable to the parties' earlier motion-to-dismiss briefing (*see* Order dated September 23, 2021 (ECF No. 417)), even though Plaintiffs' latest Third Complaint (ECF No. 479 Ex. A)) (and subsequently, the Fourth Complaint (ECF No. 483)) reflected a new claim and new allegations not present in Plaintiffs' earlier complaint. But Plaintiffs opposed Apex's request, necessitating this motion.

In support of this request, Apex states as follows:

1. On June 3, 2021, this Court set forth a schedule including special page limits for briefing including joint Motions to Dismiss in the Robinhood, Other Broker, and Antitrust Tranches. ECF No. 323.

2. On September 23, 2021, this Court amended the briefing schedule for the Robinhood and Other Broker Tranches, expanding the page limits for the joint Motion to Dismiss and Plaintiffs' responses to no more than 50 pages each and Defendants' reply to no more than 30 pages each. ECF No. 417.

3. Defendant Apex filed its Motion to Dismiss Plaintiffs' Amended Consolidated Class Action Complaint as to the Other Broker Tranche on October 15, 2021. ECF No. 422. The Court granted Apex's Motion to Dismiss without prejudice on January 10, 2022. ECF No. 450.

4. On February 15, 2022, Plaintiffs filed a complaint nearly identical to the complaint previously dismissed by this Court, but Plaintiffs filed in the Southern District of New York and added a claim and additional allegations. Specifically, Plaintiffs added a claim for Breach of the Implied Covenant of Good Faith and Fair Dealing, added allegations regarding an alleged Breach of Fiduciary Duty (new paragraphs) and Apex's Customer Agreements (new subsection), and inserted various bolstering citations. Docket No. 1:22-cv-01233 (S.D.N.Y. Feb. 14, 2022) (ECF No. 4).

5. On June 9, 2022, the Judicial Panel on Multidistrict Litigation ruled that Plaintiffs' recently-filed complaint should be transferred back to this Court. *See* Transfer Order and Notice of Filing of Complaint (ECF Nos. 478 and 479).

6. On June 9, 2022, this Court directed the parties in briefing any motion to dismiss to adhere to the requirements of the Local Rules and more broadly "[to] assum[e] the same positions that they occupied prior to the January 10, 2022 Order [ECF No. 450] dismissing the case without prejudice [and] . . . to comply with all previously entered Orders on the MDL docket." Order dated June 9, 2022 (ECF No. 478).

7. On June 12, 2022, Apex counsel contacted Plaintiffs' counsel to propose that the briefing on Apex's motion to dismiss Plaintiffs' Third Complaint (ECF No. 479 Ex. A) (prior to Plaintiffs' filing of the near-identical Fourth Complaint (ECF No. 483)) be governed by the same page limits as applied to the parties' motion-to-dismiss briefing regarding the Plaintiffs' nearly identical complaint last before this Court, i.e., 50 pages for Defendant's motion, 50 pages for Plaintiffs' opposition, and 30 pages for Defendant's reply. Plaintiffs responded that they would oppose Apex's request. *See* Certificate of Good Faith, *infra*. Plaintiffs indeed opposed this request on June 14, 2022 (*see* Plaintiffs' Response in Opposition (ECF No. 482)).

8. On June 13, 2022, Apex filed its Motion and Proposed Order for Expansion of Page Limitations for Briefing on its Motion to Dismiss Plaintiffs Chavez and Jang's Class Action Complaint (ECF No. 480) (the "June 13, 2022 Motion for Expansion of Page Limitations") regarding Plaintiffs' Third Complaint (ECF No. 479 Ex. A) and requesting the same page limitations contained in the present motion.

9. On June 13, 2022, after Apex filed its Motion, this Court issued an Order directing Plaintiffs to file an amended complaint curing jurisdictional defects noted by the Court. ECF No. 481.

10. On June 15, 2022, Plaintiffs filed their Amended Class Action Complaint (ECF No. 483) updating venue and citizenship allegations but retaining all other allegations as appeared in the Third Complaint (ECF No. 479 Ex. A).

11. On June 15, 2022, this Court denied Apex's June 13, 2022 Motion for Expansion of Page Limitations (ECF No. 480) as moot in light of Plaintiffs' court-ordered filing of their Amended Class Action Complaint. *See* Order dated June 15, 2022 (ECF No. 484).

12. Grant of Apex's requested extension is also supported by the nature and scope of Plaintiffs' Fourth Complaint (as incorporated from the prior Third Complaint). Plaintiffs' Fourth Complaint (ECF No. 483) asserts numerous claims to which Apex individually must respond, i.e., state common law claims of negligence, breach of fiduciary duty, tortious interference with a business relationship, and a new claim for breach of the implied covenant of good faith and fair dealing. Plaintiffs' Fourth Complaint involves a complex factual background, as set forth in Plaintiffs' 40-page complaint (ECF No. 483) containing 136 paragraphs. While this Court is well familiar with the factual background of the "meme stock" trading and trading restrictions giving rise to Plaintiffs' claims, the factual background underlying Plaintiffs' claims is complex and requires at least a brief discussion of, among other things, the market dynamics and mechanisms leading to a so-called "short squeeze" and the resulting impact on clearing operations, the regulatory regime governing clearing operations, and the role, obligations, and operating procedures of clearing brokers and other broker-dealers—both in the ordinary course of business and during periods of market volatility. Apex's responsive pleading requires additional pages to adequately address and distill these complex topics.

13. This action also contains an additional layer of complexity in that there is an apparent dispute as to whether Texas or New York law governs, given the forum of filing. Thus Apex will be

required to apply and argue the laws of both jurisdictions (though they are similar in material respects) in its motion to dismiss.

14. Apex's request is reciprocal and would allow Plaintiffs a corresponding expansion of the Local Rules' page limit for Plaintiffs' opposition memorandum.

## CONCLUSION

For these reasons, Defendant Apex respectfully requests that this Court enter an order setting a limit of fifty (50) pages for the opening memorandum of law and opposition regarding the motion to dismiss and a limit of thirty (30) pages for the reply memorandum.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A) and (B), undersigned counsel attempted to confer with Plaintiffs' counsel of record by email on June 12, 2022, noting their intent to request that the Court impose the same page limits on the motion to dismiss briefing regarding Plaintiffs' Third Complaint (prior to Plaintiffs' filing of the near-identical Fourth Complaint) as were in place for the earlier briefing regarding Plaintiffs' earlier, nearly identical complaint. Plaintiffs' counsel responded they would oppose Apex's request and subsequently filed their Response in Opposition (ECF No. 482) to Apex's June 13, 2022 Motion for Expansion of Page Limitations (ECF No. 480).

Dated: June 15, 2022

*/s/ Jack E. Pace III*
Jack E. Pace III
Bryan D. Gant
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020
Tel.: (212) 819-8200
Fax: (212) 354-8113
E-mail: jpace@whitecase.com

J. Mark Gidley
**WHITE & CASE LLP**
701 Thirteenth Street, NW
Washington, DC 20005
Tel.: (202) 626-3600
Fax: (202) 639-9355
Email: mgidley@whitecase.com

Angela Daker
**WHITE & CASE LLP**
200 South Biscayne Blvd.
Suite 4900
Miami, FL 33131
Tel: (305) 371-2700
Fax: (305) 358-5744
Email: adaker@whitecase.com

*Counsel for Defendant Apex Clearing Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on June 15, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I further certify that this motion was served on all counsel of record via transmission of the Notice of Electronic Filing generated by the Court's CF/ECF System.

*/s/ Jack E. Pace III*_____
Jack E. Pace III
