UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

In re: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

**This Document Relates to: All Actions Involving the Federal Securities Laws**

**MOTION AND MEMORANDUM OF LAW
REQUESTING ENTRY OF A SCHEDULING ORDER RE:
AMENDMENT OF COMPLAINT**

## **MOTION**

Lead Plaintiff Blue Laine-Beveridge, named Plaintiffs Abraham Huacuja, Ava Bernard, Brandon Martin, Brendan Clarke, Brian Harbison, Cecilia Rivas, Garland Ragland Jr., Joseph Gurney, Santiago Gil Bohórquez, and Trevor Tarvis (collectively "Plaintiffs"), based on newly discovered evidence, hereby move this honorable Court for entry of a scheduling order setting a date for Plaintiffs to propose an amended pleading to Defendants and for alternative briefing schedules – for a motion to dismiss, should Defendants consent to the proposed amended pleading, and for a motion to amend, should Defendants refuse to consent.

In support of this Motion, Plaintiffs submit herewith a Memorandum of Law, the Declaration of Laurence M. Rosen, and a [Proposed] Order.

## I.  SUMMARY OF AND BASIS FOR THE REQUESTED RELIEF

On June 24, 2022, the House Committee on Financial Services' Majority Staff issued a report entitled: "GAME STOPPED: How the Meme Stock Market Event Exposed Troubling Business Practices, Inadequate Risk Management, and the Need for Regulatory and Legislative Reform." ("Report") (attached as Exhibit A to the Declaration of Laurence M. Rosen). The Report is the product of a 16-month congressional investigation into the events that are the focal point of this litigation. The Report cites to, *inter alia*, extensive documentary evidence and testimony from those persons and entities that have personal knowledge of the relevant events.

Based upon this newly discovered evidence, Plaintiffs intend to amend the operative Consolidated Class Action Complaint (the "Complaint") (Dkt. 446) to add new allegations further supporting Plaintiffs' right to recovery under the Exchange Act claims alleged. Whereas the Court had not yet ruled on the pending motion to dismiss, in the interest of judicial efficiency, Plaintiffs respectfully request that the Court instead enter a scheduling order for Plaintiffs to propose a new pleading to Defendants and for briefing on either a motion to dismiss should Defendants consent to its filing or on a motion to amend should Defendants oppose its filing.

## II.  NEWLY RELEASED EVIDENCE SUPPORTS AMENDMENT OF THE OPERATIVE COMPLAINT

Pursuant to the Court's June 3, 2021, Order, in advance of filing their amended complaints, the plaintiffs in the Antitrust, Robinhood, and Other Brokers tranches of this multidistrict litigation were granted access, upon request, to documents previously produced by various defendants to Congress and other government entities. *See* Dkt. No. 323 at ¶6; *see also* Dkt. No. 384 (later permitting other-tranche plaintiffs to issue Rule 45 subpoena to former defendant DTCC). On July

27, 2021, plaintiffs in the other tranches filed amended complaints incorporating evidence from the various document productions. Dkt. Nos. 358 and 359.

On October 14, 2021, the Court appointed Blue Laine-Beveridge as Lead Plaintiff and the Rosen Law Firm, P.A. as Lead Counsel in this federal securities action. Dkt. No. 420 at ¶2. In accordance with the Private Securities Litigation Reform Act's statutory stay on discovery, prior to filing the Complaint on November 30, 2021, Lead Plaintiff and Lead Counsel *did not* obtain access to any of the documents available to the plaintiffs in the other tranches. *See* Dkt. No. 420 at ¶5; Dkt. No. 323 at ¶6.[1]

On June 24, 2022, the House Committee on Financial Services' Majority Staff issued a report entitled: "GAME STOPPED: How the Meme Stock Market Event Exposed Troubling Business Practices, Inadequate Risk Management, and the Need for Regulatory and Legislative Reform." In addition to three days of public hearings, with testimony from participants in the events as well as from experts and advocates, and three market oversight hearings, "[t]he Committee … [conducted] more than 50 interviews with 20 institutions and review[ed] more than 95,000 pages of responsive material received from stock trading platforms, clearing brokers, regulators, social media companies, and other related parties in response to our numerous information requests."[2] Report at 14. Although Robinhood is referenced throughout the Report's 138 pages and 698 footnotes, "Key Finding #1," comprising 60 pages and 340 footnotes, is solely devoted to an in-depth analysis of Robinhood's statements and actions. *Id.* at 15-76 & nn. 26-366.

The Report cites to relevant evidence heretofore unknown to Lead Counsel – *e.g.*,

---

[1] Internal Robinhood communications referenced in the Complaint had been quoted and/or reproduced in the complaints filed in the other tranches.

[2] The joint document production by Robinhood Markets, Robinhood Financial, and Robinhood Securities ("Robinhood"), Bates-stamped "RH_HFSC_," exceeds 43,000 pages. Letters from Robinhood's counsel were also referenced as the basis for facts cited in the Report.

3

screenshots of Robinhood texts and Slack chains, quotations from internal Robinhood documents, witness testimony, interviews with senior Robinhood and DTCC executives, letters to the Committee from Robinhood's counsel, and a Committee briefing by the DTCC – which provide support to the price manipulation and scheme claims asserted herein. Lead Counsel is diligently analyzing the Report and intends to propose amendments to the Complaint – the first and only complaint filed by Lead Plaintiff – by August 5, 2022. As the Court has not yet ruled on Robinhood's motion to dismiss the Complaint, Lead Plaintiff seeks to conserve judicial resources by requesting that the Court instead enter an order setting a schedule for Lead Plaintiff to file/move to file a First Amended Complaint ("FAC").

### III. THE PROPOSED ORDER PROMOTES EFFICIENT DISPOSITION OF THE SECURITIES CASE

"This Court has the inherent authority to control and manage its own docket to allow the expeditious disposition of cases." *Ziegler v. M/V Intermission*, No. 17-cv-60693-BLOOM/Valle, 2017 WL 4119410, at *3 (S.D. Fla. Sept. 18, 2017) (citing cases). To this end, the Order appointing Lead Plaintiff and Lead Counsel provided: "To better manage the orderly progress of the case [counsel] shall confer and file a joint status report … proposing procedural and/or other next steps the Court should take to ensure the just and efficient disposition of the federal securities cases in this MDL."  Dkt. No. 420 at ¶6. Thereafter, Lead Counsel and Robinhood's counsel agreed upon a schedule for the filing of the Complaint and the briefing on Robinhood's motion to dismiss (Dkt. No. 428), and negotiated and executed ESI protocols, a Privileged Materials Order, and a Protective Order similar to those filed in the other tranches. Dkt. Nos. 441-443.

To ensure a "just and efficient disposition" of the case and to promote judicial economy, Lead Plaintiff seeks entry of a scheduling order regarding amendment to avoid the expenditure of the Court's resources to resolve the pending motion to dismiss, especially where leave to amend

4

would likely have been granted regardless of the existence of new evidence.

### IV. REQUESTED RELIEF

Plaintiffs request the Court enter an order setting the following schedule with respect to the proposed FAC:

1. Plaintiffs, through Lead Counsel, shall provide to Defendants a copy of the proposed FAC by August 5, 2022.

2. Defendants shall advise Lead Counsel by August 12, 2022, whether they consent to the filing of the FAC.

3. If Defendants consent to the filing of the FAC, Plaintiffs will file the FAC no later than August 17, 2022; Defendants shall file a motion to dismiss the FAC by September 14, 2022; Lead Plaintiff shall file an opposition to the motion to dismiss by October 12, 2022; and Defendants shall file their reply in further support of the motion to dismiss by October 26, 2022.

4. If Defendants do not consent to the filing of the FAC, Plaintiffs shall file a motion for leave to file the FAC by August 19, 2022, Defendants shall file their opposition brief by August 26, 2022, and Plaintiffs shall file a reply brief by September 2, 2022.

### V. CONCLUSION

For the reasons stated above and to promote judicial efficiency, Lead Plaintiff requests that the Court enter the proposed scheduling order.

### **CERTIFICATION IN ACCORDANCE WITH LOCAL RULE 7.1(a)(3)**

On July 1, 2022, via letter and a proposed stipulation, and on July 7, 2022, in an email exchange, Lead Counsel conferred in good faith with Robinhood's counsel, but the parties were unable to resolve the matter.

5

Dated:  July 12, 2022                                Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, FBN# 0182877
Robin Bronzaft Howald
Michael A. Cohen
By: /s/Laurence M. Rosen
Laurence M. Rosen, Esq.
275 Madison Avenue 40th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*Counsel for Lead Plaintiff Blue Laine-Beveridge and Named Plaintiffs Abraham Huacuja, Ava Bernard, Brandon Martin, Brendan Clarke, Brian Harbison, Cecilia Rivas, Garland Ragland Jr., Joseph Gurney, Santiago Gil Bohórquez, and Trevor Tarvis*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Laurence M. Rosen