UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 21-MD-2989-ALTONAGA/TORRES

In re:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**
_____/

This Document Relates to the Federal Securities Tranche

### ROBINHOOD'S RESPONSE TO PLAINTIFFS' MOTION FOR ENTRY OF A SCHEDULING ORDER FOR LEAVE TO AMEND

Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC (collectively, "Robinhood") respectfully submit this response to Plaintiffs' Motion For Entry of a Scheduling Order for Leave to Amend. (ECF No. 495.) Plaintiffs have not provided Robinhood with a copy of their proposed First Amended Complaint and have not articulated (in their Motion filed with the Court or their discussions with Robinhood) what their new allegations will be. To amend their pleadings, Plaintiffs must file both a motion for leave to amend and their proposed amended pleading for the Court's review. S.D. Fla. Local Rule 15.1. Robinhood opposes the present Motion as procedurally improper and intends to oppose Plaintiffs' forthcoming motion for leave to amend the Federal Securities Tranche consolidated complaint.

As Robinhood demonstrated in the briefing on its pending Motion to Dismiss, Plaintiffs do not allege that Robinhood engaged in any conduct that would state a claim for securities fraud or market manipulation under Sections 9(a) or 10(b) of the Securities Exchange Act. (*See generally* ECF Nos. 449 and 455.) By filing the present Motion, Plaintiffs apparently recognize that their existing complaint (ECF No. 446) is defective.

Rather than wait for the Court's resolution of Robinhood's Motion, Plaintiffs propose that they be permitted to move for leave to amend to include material from the House Committee on Financial Services' June 24, 2022 Report (the "House Report") that will purportedly support their claims. Plaintiffs leave Robinhood and the Court in the dark as to what their new allegations will be or how any material from the House Report will support those allegations. Instead, Plaintiffs assert in general terms that some of this material "provide[s] supports to [Plaintiffs'] price manipulation and scheme claims," conceding that this material does not provide support to their misrepresentation claims. (ECF No. 495, at 4.) But there is nothing in the House Report that could save Plaintiffs' flawed market manipulation claims (or their misrepresentation claims). Nor are the internal Robinhood communications cited in the House Report any different in nature from those Plaintiffs already have from the complaints in other tranches,[1] many of which Plaintiffs already included in their existing complaint.

Accordingly, because Plaintiffs do not articulate what their new allegations will be and because any amendment would be futile, the Court should deny Plaintiffs' request for relief.

---

[1] Pursuant to the Court's Order (ECF No. 323), Robinhood previously made a production of documents to plaintiffs in the Robinhood Tranche and the Antitrust Tranche. Before filing their existing complaint (ECF No. 446), Plaintiffs here had the opportunity to review the complaints in those tranches (ECF Nos. 409 and 416) and incorporated many of those documents into their existing complaint.

| | |
|---|---|
| Dated:  July 26, 2022 | /s/ Samuel A. Danon |

**HUNTON ANDREWS KURTH LLP**
Samuel A. Danon (FBN 892671)
María Castellanos Alvarado (FBN 116545)
333 S.E. 2 Avenue, Suite 2400
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
sdanon@HuntonAK.com
mcastellanos@HuntonAK.com

**CRAVATH, SWAINE & MOORE LLP**
Antony L. Ryan
Kevin J. Orsini
Brittany L. Sukiennik
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
aryan@cravath.com
korsini@cravath.com
bsukiennik@cravath.com

*Counsel for Defendants Robinhood Financial LLC, Robinhood Securities, LLC and Robinhood Markets, Inc.*