**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-2989-MDL-ALTONAGA/Torres**

IN RE:
JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION
_____/

This Document Relates to:
The Federal Securities Tranche

**ROBINHOOD'S ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION
COMPLAINT**

Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC (together "Robinhood" or "Defendants") hereby answer the Consolidated Class Action Complaint (the "Complaint") filed by Lead Plaintiff Blue Laine-Beveridge and named Plaintiffs Abraham Huacuja, Ava Bernard, Brandon Martin, Brendan Clarke, Brian Harbison, Cecilia Rivas, Garland Ragland Jr., Joseph Gurney, Santiago Gil Bohórquez, and Trevor Tarvis (collectively "Plaintiffs"), and assert their affirmative and other defenses. Except as otherwise expressly set forth below, Robinhood denies each and every allegation contained in the Complaint, including, without limitation, the Table of Contents, headings, sub-headings, footnotes and non-numbered paragraphs contained in the Complaint. Unless otherwise stated, Robinhood uses the defined terms and phrases set forth in the Complaint. In doing so, however, Robinhood does not admit that the definitions set forth in the Complaint are proper.

Robinhood answers only as to allegations directed at Robinhood. Robinhood states that no response is required to the allegations regarding persons or entities other than Robinhood pursuant to Fed. R. Civ. P. 8(b)(1)(B). To the extent that a response is required to such allegations, Robinhood states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding persons or entities other than Robinhood.

Robinhood states that no response is required to allegations related to Count I's misrepresentation claim under 15 U.S.C. § 78i(a)(4), which was dismissed pursuant to the Court's Order dated August 11, 2022 (ECF No. 503) (the "MTD Order").

Robinhood further states that no response is required to allegations related to Count II's misrepresentation claim under 15 U.S.C. § 78j(b) and SEC Rule 10b-5(b), which Plaintiffs abandoned in their Opposition to Robinhood's Motion to Dismiss the Consolidated Complaint (ECF No. 454; *see also* MTD Order at 50).

## SUMMARY OF THE ACTION

1.      Robinhood denies the allegations in Paragraph 1, except states that Plaintiffs purport to bring a class action on behalf of a "Class" of all persons or entities who held common stock in AMC Entertainment Holdings, Inc. ("AMC"), Bed Bath & Beyond, Inc. ("BBBY"), BlackBerry Ltd. ("BB"), Express Inc. ("EXPR"), GameStop Corp. ("GME"), Koss Corp. ("KOSS"), Tootsie Roll Industries Inc. ("TR"), or American Depositary Shares of foreign-issuers Nokia Corp. ("NOK") and trivago N.V. ("TRVG") (collectively "the Affected Stocks") as of the close of trading on January 27, 2021, sold such shares between January 28, 2021 and February 4, 2021, and who were purportedly damaged thereby.

2.      Robinhood denies the allegations in Paragraph 2, except states that:  (i) there exists a legend concerning an individual referred to as Robin Hood; (ii) one of Robinhood's stated goals is to "democratize finance for all"; (iii) Robinhood developed and maintains an application for use on mobile devices.

3.      Robinhood denies the allegations in Paragraph 3, except states that Robinhood founders, Messrs. Vlad Tenev and Baiju Bhatt, formerly owned and operated a company that developed software solutions, which could be implemented by financial firms.

4.      Robinhood denies the allegations in Paragraph 4, except states that:   (i) on January 28, 2021, Robinhood put in place temporary purchasing restrictions on certain stocks; (ii) Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (iii) between January 29 and February 1, 2021, Robinhood entered into agreements with private investors to receive approximately $3.4 billion in additional investment funding.  Robinhood further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations

in the first and second bullets of Paragraph 4 concerning stock purchasing restrictions and/or limitations imposed by other brokers, and on that basis, denies those allegations.

5.     Robinhood states that the allegations in Paragraph 5 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 5, except states that:  (i) Robinhood Markets, Inc. filed its initial Form S-1 Registration Statement on July 1, 2021, and refers the Court to that document for its contents; and (ii) Robinhood Markets, Inc. filed its second amended Form S-1 Registration Statement on July 27, 2021, and refers the Court to that document for its contents.  Robinhood further refers the Court to *The Wall Street Journal* article cited by Plaintiffs in footnote 2 to Paragraph 5 for its contents.

6.     Robinhood denies the allegations in Paragraph 6.

7.     Robinhood states that the allegations in Paragraph 7 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 7.  Robinhood further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 3 to Paragraph 7, and on that basis, denies those allegations.  Robinhood further refers the Court to *The New York Times* article cited in footnote 3 to Paragraph 7 for its contents.

8.     Robinhood denies the allegations in Paragraph 8.

9.     Robinhood denies the allegations in Paragraph 9, except states that between January 29 and February 1, 2021, Robinhood entered into agreements with private investors to receive approximately $3.4 billion in additional investment funding.  Robinhood further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 9, and on that basis, denies those allegations.

10.     Robinhood denies the allegations in Paragraph 10 and footnote 4 to Paragraph 10, except states that:  (i) investigations of Robinhood by certain regulatory entities are ongoing; and (ii) putative class actions filed against Robinhood and other defendants were centralized by the Judicial Panel on Multidistrict Litigation before this Court, and this Court consolidated those actions for coordinated pretrial proceedings.  Defendants further refer the Court to the briefing cited in the third sentence of Paragraph 10 and footnote 4 to Paragraph 10 for its contents.

11.     Robinhood denies the allegations in Paragraph 11, except states that:  (i) Mr. Tenev delivered public remarks at the 2014 LAUNCH Festival, and refers the Court to those remarks for their contents.  Robinhood further states that the allegations in the last sentence of Paragraph 11 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies those allegations.

12.     Robinhood denies the allegations in Paragraph 12.  Robinhood further states that the allegations in the last sentence of Paragraph 12 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies those allegations.

(a)     Robinhood denies the allegations in Paragraph 12(a), except states that: (i) on January 28, 2021, Robinhood put in place temporary purchasing restrictions on certain stocks; (ii) Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; (iii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website; and (iv) on January 28, 2021, Robinhood received a collateral deposit deficit notice from the National Securities Clearing Corporation ("NSCC") that included an Excess Capital Premium charge.  Robinhood further refers the Court to the communications cited in the first

sentence of Paragraph 12(a) for their contents.  Robinhood further states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 12(a), and on that basis, denies those allegations.

(b)     Robinhood denies the allegations in Paragraph 12(b), except states that: (i) between January 29 and February 1, 2021, Robinhood entered into agreements with private investors to receive approximately $3.4 billion in additional investment funding; (ii) Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (iii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website.  Robinhood further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and last sentences of Paragraph 12(b) concerning stock purchasing restrictions and/or limitations imposed by other brokers following January 28, 2021, and on that basis, denies those allegations.

(c)     Robinhood denies the allegations in Paragraph 12(c), except states that: (i) between January 29 and February 1, 2021, Robinhood entered into agreements with private investors to receive approximately $3.4 billion in additional investment funding; (ii) Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (iii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website.

13.     Robinhood states that the allegations in Paragraph 13 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 13.

(a)     Robinhood states that the allegations in Paragraph 13(a) purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 13(a).

(b)     Robinhood states that the allegations in Paragraph 13(b) purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 13(b), except refers the Court to the communications cited in the first sentence of Paragraph 13(b) for their contents.

14.     Robinhood states that the allegations in Paragraph 14 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 14.  Robinhood further refers the Court to the testimony cited in the third sentence of Paragraph 14 for its contents.

15.     Robinhood states that the allegations of Paragraph 15 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 15.  Robinhood further refers the Court to the interview cited in the second and third sentences of Paragraph 15 for its contents.

16.     Robinhood denies the allegations in Paragraph 16.

**<u>JURISDICTION AND VENUE</u>**

17.     Robinhood states that the allegations of Paragraph 17 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 17, and states that Plaintiffs do not state a claim under Sections 9(a) or 10(b) of the Securities Exchange Act, and SEC Rule 10b-5 promulgated thereunder.

6

Robinhood further states that in its Order entered on the docket on August 11, 2022, the Court dismissed Count I's misrepresentation claim under 15 U.S.C. § 78i(a)(4), and therefore no response is required to the allegations of Paragraph 17, concerning such claim. Robinhood further states that Plaintiffs abandoned their Count II's misrepresentation claim under 15 U.S.C. § 78j(b) and SEC Rule 10b-5(b) in their Opposition to Robinhood's Motion to Dismiss the Consolidated Complaint (ECF No. 454; *see also* MTD Order at 50), and therefore no response is required to allegations related to such claim.

18. Robinhood admits the allegations in Paragraph 18.

19. Robinhood admits the allegations in Paragraph 19.

20. Robinhood states that the allegations in Paragraph 20 purport to state a legal conclusion to which no response is required. To the extent a response is required, Robinhood denies the allegations in Paragraph 20.

## **PARTIES**

21. Robinhood states that it is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21, except states that, on October 14, 2021, this Court appointed Plaintiff Blue Laine-Beveridge as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (ECF No. 420).

22. Robinhood denies the allegations in Paragraph 22, except states that several of the "Named Plaintiffs," as defined in the Complaint, were Robinhood customers on January 28, 2021. Robinhood further states that Plaintiffs attached documents to the Complaint purporting to show securities transactions in certain Affected Stocks, as defined in the Complaint, but Robinhood lacks knowledge or information sufficient to form a belief as to the truth or accuracy concerning such purported transactions, and on that basis, denies the allegations concerning those transactions.

23.     Robinhood denies the allegations in Paragraph 23, except states that Robinhood Financial LLC ("Robinhood Financial") is an introducing broker registered as a broker-dealer with the SEC, through which Robinhood customers may submit trade orders through the Robinhood trading platform.  Robinhood further states that Robinhood Financial's business address is 500 Colonial Center Parkway, Suite 100, Lake Mary, FL 32746.

24.     Robinhood admits the allegations in Paragraph 24.

25.     Robinhood admits the allegations in Paragraph 25.

26.     Robinhood denies the allegations of Paragraph 26, except states that:  (i) Robinhood Markets, Inc. filed its initial Form S-1 Registration Statement on July 1, 2021, and refers the Court to that document for its contents; and (ii) Robinhood Markets, Inc. filed its second amended Form S-1 Registration Statement on July 27, 2021, and refers the Court to that document for its contents.

27.     Robinhood admits the allegations of Paragraph 27, and further states that Robinhood Financial and Robinhood Securities are single member limited liability companies, which are treated as disregarded entities for income tax purposes.  All tax effects of Robinhood Financial's and Robinhood Securities' income or losses are included in the tax returns of the Parent, Robinhood Markets Inc..

28.     Robinhood states that the allegations in Paragraph 28 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 28, except states that:  (i) Robinhood Markets, Inc. filed its initial Form S-1 Registration Statement on July 1, 2021, and refers the Court to that document for its contents; (ii) Robinhood Markets, Inc. filed its second amended Form S-1 Registration Statement on July 27, 2021, and refers the Court to that document for its contents.

29.     Robinhood states that no response is required to the allegation in Paragraph 29, but to the extent a response is required, Robinhood admits that, for purposes of the Complaint and this Answer, Robinhood Markets, Robinhood Financial and Robinhood Securities will be collectively referred to as "Robinhood."

## SUBSTANTIVE ALLEGATIONS

30.     Robinhood denies the allegations in Paragraph 30, except states that:  (i) Messrs. Tenev and Bhatt previously were involved in Chronos Research; (ii) Chronos Research developed a software product known as Zardoz; and (iii) Chronos Research developed software solutions, which may be implemented by financial firms.  Robinhood further states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 5 to Paragraph 30, and on that basis, denies those allegations.

31.     Robinhood denies the allegations in Paragraph 31, except states that:  (i) Messrs. Tenev and Bhatt founded Robinhood in 2013; and (ii) one of Robinhood's stated goals is to "democratize finance for all."  Robinhood further refers the Court to the document from which the quotation cited in the second sentence of Paragraph 31 appears for its contents.

32.     Robinhood denies the allegations in Paragraph 32, except states that:  (i) Robinhood earns revenue from payment for order flow from a number of market makers; and (ii) on December 17, 2020, the SEC issued an Order Instituting Administrative and Cease-and-Desist Proceedings to Robinhood Financial, and Robinhood refers the Court to that document for its contents.

(a)     Robinhood admits the allegation in Paragraph 32(a), and refers the Court to the "frequently asked question," or "FAQ," article for its contents.  Robinhood further refers the Court to the order cited in footnote 6 to Paragraph 32(a) for its contents.

9

     (b)     Robinhood denies the allegations of Paragraph 32(b) and refers the Court to the document cited in the first sentence of footnote 7 to Paragraph 32(b) for its contents. Robinhood further refers the Court to the document cited in the second and third sentences of footnote 7 to Paragraph 32(b) for its contents.

     (c)     Robinhood denies the allegations of Paragraph 32(c), except states Robinhood earns revenue from payment for order flow from a number of market makers. Robinhood further refers the Court to the document cited in footnote 8 to Paragraph 32(c) for its contents.

33.     Robinhood denies the allegations of Paragraph 33, except refers the Court to the document cited in Paragraph 33 and the first sentence of footnote 9 to Paragraph 33 for its contents. Defendants further refer the Court to the website cited in the second through fourth sentences of footnote 9 to Paragraph 33 for its contents.

34.     Robinhood states that the allegations in Paragraph 34 are legal conclusions to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 34.  Robinhood further denies the allegations in footnote 11 of Paragraph 34, except states that so-called "gamification" is a subject of ongoing regulatory discussions and analysis.

35.     Robinhood denies the allegations of Paragraph 35 and footnotes 12 and 13 to Paragraph 35, except states that:  (i) in 2020, the United States government issued checks to certain qualified individuals; (ii) there exist online forums called "WallStreetBets" and "Stockwit," and Robinhood refers the Court to those forums for their contents; (iii) in 2020, Robinhood's trading platform suffered from service outages; (iv) in or around September 2021, Robinhood disclosed that the median age of its customers is 31; and (v) in 2021, Robinhood conducted various marketing campaigns, which included potential enrollment incentives for new users.  Robinhood

further refers the Court to *The New York Times* article cited in footnote 12 to Paragraph 35 for its contents and to the order cited in footnote 13 to Paragraph 35 for its contents.

36.     Robinhood denies the allegations in Paragraph 36, and further refers the Court to the SEC Staff Report cited in Paragraph 36 for its contents.

       (a)     Robinhood states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36(a), and on that basis, denies those allegations, and further refers the Court to the SEC Staff Report cited in Paragraph 36(a) for its contents.

       (b)     Robinhood states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36(b), and on that basis, denies those allegations, and further refers the Court to the SEC Staff Report cited in Paragraph 36(b) for its contents.

       (c)     Robinhood states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36(c), and on that basis, denies those allegations, and further refers the Court to the SEC Staff Report cited in Paragraph 36(c) for its contents.

37.     Robinhood denies the allegations of Paragraph 37, except states that the Financial Industry Regulatory Authority ("FINRA") is a self-regulatory organization overseen by the SEC that develops and enforces rules governing registered brokers and broker-dealer firms in the United States.  Robinhood further states that the allegations in the third sentence of Paragraph 37 are legal conclusions to which no response is required.  To the extent a response is required, Robinhood denies the allegations in the third sentence of Paragraph 37, and refers the Court to FINRA R. 2111 for its contents.

38.     Robinhood denies the allegations in Paragraph 38 and footnote 17 to Paragraph 38, except states that Robinhood provides brokerage services, and most customer trading on Robinhood is self-directed.  Robinhood further refers the Court to the documents cited in the third sentence of Paragraph 38 and footnotes 18 and 19 to Paragraph 38 for their contents.

39.     Robinhood denies the allegations of Paragraph 39, except states that:  (i) Robinhood reported approximately 12.5 million Net Cumulative Funded Accounts as of December 31, 2020; and (ii) Goldman Sachs was selected as an underwriter for Robinhood's Initial Public Offering. Robinhood further refers the Court to the *Reuters* and *Yahoo! Finance* reports cited in footnote 20 to Paragraph 39 for their contents.

40.     Robinhood states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and on that basis, denies those allegations.

41.     Robinhood states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and on that basis, denies those allegations.

42.     Robinhood states that the allegations in Paragraph 42 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 42, and further refers the Court to the message cited in Paragraph 42 for its contents.

43.     Robinhood is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and on that basis, denies those allegations.

44.     Robinhood denies the allegations of Paragraph 44 and footnote 23 to Paragraph 44, and further refers the Court to the interviews and articles cited in Paragraph 44 and footnote 23 to Paragraph 44 for their contents.

45.     Robinhood denies the allegations of Paragraph 45, and further refers the Court to the interview cited in Paragraph 45 for its contents.

46.     Robinhood denies the allegations of Paragraph 46, and further refers the Court to the interview cited in Paragraph 46 for its contents.

47.     Robinhood denies the allegations of Paragraph 47 and footnote 24 to Paragraph 47, except states that:  (i) in light of market volatility, Robinhood set initial and maintenance margin requirements for GameStop, Inc. stock to 80% on January 26, 2021; and (ii) in light of market volatility, Robinhood set initial and maintenance margin requirements for GameStop, Inc. stock to 100% on January 27, 2021.  Robinhood further refers the Court to the interviews and report cited in Paragraph 47 and footnote 24 to Paragraph 47 for their contents.

48.     Robinhood denies the allegations in Paragraph 48.

49.     Robinhood denies the allegations in Paragraph 49, except states that:  (i) Robinhood Markets, Inc. filed its initial Form S-1 Registration Statement on July 1, 2021, and refers the Court to that document for its contents; (ii) Robinhood Markets, Inc. filed its second amended Form S-1 Registration Statement on July 27, 2021, and refers the Court to that document for its contents.

50.     Robinhood denies the allegations in Paragraph 50, and further refers the Court to the communications cited in Paragraph 50 and footnotes 28 and 29 to Paragraph 50 for their contents.

51.     Robinhood denies the allegations in Paragraph 51 and footnote 31 to Paragraph 51, and further refers the Court to the communications cited in Paragraph 51 and footnotes 30 and 31 to Paragraph 51 for their contents.

52.     Robinhood denies the allegations of Paragraph 52, and further refers the Court to the communication cited in Paragraph 52 for its contents.

53.     Robinhood denies the allegations of Paragraph 53, and further refers the Court to the communication cited in Paragraph 53 for its contents.

54.     Robinhood denies the allegations in Paragraph 54.

55.     Robinhood denies the allegations in Paragraph 55 and footnote 32 to Paragraph 55, except states that Robinhood Securities President and COO James Swartwout submitted a sworn declaration in support of Robinhood's Opposition to Plaintiff's *Ex Parte* Application for a Temporary Restraining Order in an action captioned *Cobos v. Robinhood Financial LLC, et al.*, No. 21-cv-00843-VAP-MRWx (C.D. Cal.), and refers the Court to the declaration cited in Paragraph 55 and in footnote 32 to Paragraph 55 for its contents.

56.     Robinhood denies the allegations in Paragraph 56, and further refers the Court to the opinion piece cited in Paragraph 56 for its contents.

57.     Robinhood denies the allegations in Paragraph 57, except states that Robinhood Securities President and COO James Swartwout submitted a sworn declaration in support of Robinhood's Opposition to Plaintiff's *Ex Parte* Application for a Temporary Restraining Order in an action captioned *Cobos v. Robinhood Financial LLC, et al.*, No. 21-cv-00843-VAP-MRWx (C.D. Cal.), and refers the Court to the declaration cited in Paragraph 57 and in footnote 33 to Paragraph 57 for its contents.

58.     Robinhood denies the allegations in Paragraph 58, except states that: (i) Robinhood Securities received a collateral deposit notice from the National Securities Clearing Corporation ("NSCC") at approximately 5:11 a.m. EST on January 28, 2021; (ii) the January 28, 2021 NSCC notice received by Robinhood Securities required a deposit of approximately $3 billion; (iii) the January 28, 2021 NSCC notice received by Robinhood Securities included an Excess Capital Premium charge; and (iv) the NSCC collateral deposit requirement is comprised of several

charges, including a charge calculated based on the "value-at-risk."  Robinhood further refers the Court to the document cited in footnote 34 to Paragraph 58 for its contents.

59.     Robinhood denies the allegations in Paragraph 59 and footnote 36 to Paragraph 59, except states that:  (i) on January 28, 2021, Robinhood put in place temporary purchasing restrictions on certain stocks; and (ii) Robinhood Markets Head of Treasury Shiv Verma submitted a sworn declaration in support of Robinhood's Opposition to Plaintiff's *Ex Parte* Application for a Temporary Restraining Order in an action captioned *Cobos v. Robinhood Financial LLC, et al.*, No. 21-cv-00843-VAP-MRWx (C.D. Cal.), and refers the Court to the declaration cited in Paragraph 59 and in footnote 36 to Paragraph 59 for its contents.  Robinhood further refers the Court to the communications cited in Paragraph 59 and footnote 35 to Paragraph 59 for their contents.

60.     Robinhood denies the allegations in Paragraph 60 and footnotes 37 through 39 to Paragraph 60, except states that:  (i) Robinhood employees contacted NSCC employees after Robinhood Securities received the January 28, 2021 NSCC collateral deposit notice; (ii)  on January 28, 2021, Robinhood put in place temporary purchasing restrictions on certain stocks; (iii) on January 28, 2021, Robinhood Securities was informed of a revised NSCC collateral deposit requirement that reduced the Excess Capital Premium charge; (iv) on January 28, 2021, Robinhood Securities subsequently received a second revised NSCC collateral deposit requirement that eliminated the Excess Capital Premium Charge; and (v) Robinhood Markets Head of Treasury Shiv Verma submitted a sworn declaration in support of Robinhood's Opposition to Plaintiff's *Ex Parte* Application for a Temporary Restraining Order in an action captioned *Cobos v. Robinhood Financial LLC, et al.*, No. 21-cv-00843-VAP-MRWx (C.D. Cal.), and refers the Court to the declaration cited in Paragraph 60 and in footnote 37 to Paragraph 60 for its contents.  Robinhood

further refers the Court to the testimony and articles cited in footnotes 38 and 39 to Paragraph 60 for their contents.

61.     Robinhood denies the allegations in Paragraph 61, except states that:  (i) on January 28, 2021, David Dusseault was Robinhood Financial's President and COO, and refers the Court to the communications cited in Paragraph 61 for their contents; and (ii) between January 29 and February 1, 2021, Robinhood entered into agreements with private investors to receive approximately $3.4 billion in additional investment funding.  Robinhood further refers the Court to the *Reuters* article cited in Paragraph 61 for its contents.

62.     Robinhood denies the allegations in Paragraph 62 and footnote 41 to Paragraph 62, except states that on January 28, 2021 Robinhood sent a message to its customers prior to market open, and further refers the Court to the article cited in Paragraph 62 and footnote 41 to Paragraph 62 for its contents.

63.     Robinhood denies the allegations in Paragraph 63, except states that:  (i) on January 28, 2021, Robinhood put in place temporary purchasing restrictions on certain stocks; and (ii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website.  Robinhood further refers the Court to the communication cited in Paragraph 63 for its contents and the article cited in footnote 42 to Paragraph 63 for its contents.

64.     Robinhood denies the allegations in Paragraph 64, except states that Mr. Tenev participated in a podcast interview on February 12, 2021, and refers the Court to that interview for its contents.

65.     Robinhood denies the allegations in Paragraph 65, except states that Mr. Tenev participated in a podcast interview on February 12, 2021, and refers the Court to that interview for its contents.

66.     Robinhood denies the allegations in Paragraph 66 and footnote 44 to Paragraph 66, except states that Mr. Tenev participated in a podcast interview on February 12, 2021, and refers the Court to that interview for its contents.   Robinhood further refers the Court to the communications cited in Paragraph 66 for their contents.

67.     Robinhood denies the allegations in Paragraph 67, except states that:  (i) between January 29 and February 1, 2021, Robinhood entered into agreements with private investors to receive approximately $3.4 billion in additional investment funding; and (ii) Mr. Tenev participated in a podcast interview on February 12, 2021, and refers the Court to that interview for its contents.

68.     Robinhood states that the allegations in Paragraph 68 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 68.

69.     Robinhood states that the allegations in Paragraph 69 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 69 and footnote 45 to Paragraph 69, except states that public officials, including certain politicians, made comments concerning Robinhood, and Robinhood refers the Court to those comments for their contents.  Robinhood further states that it is without knowledge or information sufficient to form a belief as to the truth or accuracy of the Antitrust Complaint charts cited in footnote 45 to Paragraph 69, and on that basis, denies those allegations.

70.     Robinhood denies the allegations in Paragraph 70 and footnote 46 to Paragraph 70, except states that:  (i) Robinhood earns revenue from payment for order flow from a number of market makers;  and (ii) Robinhood reports revenue earned from payment for order flow on Rule 606 and Rule 607 disclosure forms, and refers the Court to those documents for their contents. Robinhood further refers the Court to the document cited in footnote 46 to Paragraph 70 for its contents.

71.     Robinhood denies the allegations in Paragraph 71, except states that:  (i) Robinhood earns revenue from payment for order flow from a number of market makers; and (ii)  on January 28, 2021, Robinhood put in place temporary purchasing restrictions on certain stocks.

72.     Robinhood denies the allegations in Paragraph 72, except states that on January 28, 2021, Robinhood put in place temporary purchasing restrictions on certain stocks. Robinhood further refers the Court to the communication cited in Paragraph 72 for its contents.

73.     Robinhood states that James Swartwout is Robinhood Securities President and COO.  Defendants further state that Mr. Swartwout submitted a sworn declaration in support of Robinhood's Opposition to Plaintiff's *Ex Parte* Application for a Temporary Restraining Order in an action captioned *Cobos v. Robinhood Financial LLC, et al.*, No. 21-cv-00843-VAP-MRWx (C.D. Cal.), and refers the Court to that declaration cited in footnote 47 to Paragraph 73 for its contents.

74.     Robinhood denies the allegations in Paragraph 74, and further refers the Court to the communications cited in Paragraph 74 for their contents.

75.     Robinhood denies the allegations in Paragraph 75, and further refers the Court to the communications cited in Paragraph 75 for their contents.

76.     Robinhood denies the allegations in the first sentence in Paragraph 76.  Robinhood further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 76, and on that basis, denies those allegations.

77.     Robinhood denies the allegations in Paragraph 77 and footnote 49 to Paragraph 77, and further refers the Court to the interview cited in Paragraph 77 and footnote 49 to Paragraph 77 for its contents.

78.     Robinhood denies the allegations in Paragraph 78, and further refers the Court to the interview cited in Paragraph 78 for its contents.

79.     Robinhood denies the allegations in Paragraph 79, and further refers the Court to the interview cited in Paragraph 79 for its contents.

80.     Robinhood states that the allegations in Paragraph 80 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 80.

(a)     Robinhood denies the allegations in Paragraph 80(a), and further refers the Court to the communications cited in Paragraph 80(a) for their contents.

(b)     Robinhood denies the allegations in Paragraph 80(b).

(c)     Robinhood denies the allegations in Paragraph 80(c), and further refers the Court to the interview cited in Paragraph 80(c) for its contents.

(d)     Robinhood denies the allegations in Paragraph 80(d), and further refers the Court to the interview cited in Paragraph 80(d) and footnote 50 to Paragraph 80(d) for its contents.

81.     Robinhood denies the allegations in Paragraph 81, and further refers the Court to the interview cited in Paragraph 81 for its contents.

82.     Robinhood denies the allegations in Paragraph 82, and further refers the Court to the interview cited in Paragraph 82 for its contents.

83.     Robinhood denies the allegations in Paragraph 83, and further refers the Court to the CNBC article cited in Paragraph 83 for its contents.

84.     Robinhood denies the allegations in Paragraph 84, except states that:  (i) Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (ii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website.  Robinhood further refers the Court to the website cited in Paragraph 84 for its contents.

85.     Robinhood denies the allegations in Paragraph 85, except states that:  (i) Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (ii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website.  Robinhood further refers the Court to the website cited in Paragraph 85 for its contents.

86.     Robinhood denies the allegations in Paragraph 86, except states that:  (i) Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (ii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website.  Robinhood further refers the Court to the website cited in Paragraph 86 for its contents.

87.     Robinhood denies the allegations in Paragraph 87, except states that:  (i) Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (ii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website.  Robinhood further refers the Court to the CNBC article cited in Paragraph 87 for its contents.  Robinhood further refers to the website cited in footnote 51 to Paragraph 87 for its contents.

88.     Robinhood denies the allegations in Paragraph 88, except states that:  (i) Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (ii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website.

89.     Robinhood denies the allegations in Paragraph 89, except states that:  (i) Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (ii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website.  Robinhood further refers the Court to the CNBC article cited in Paragraph 89 for its contents.  Robinhood further states that it is without knowledge or information sufficient to form a belief as to the truth or accuracy of the Antitrust Complaint charts cited in footnote 52 to Paragraph 89, and on that basis, denies those allegations.

90.     Robinhood states that the allegations in Paragraph 90 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 90 and footnote 53 to Paragraph 90, except states that:

(i) Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (ii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website.   Robinhood further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 90 concerning stock purchasing restrictions and/or limitations imposed by other brokers following January 28, 2021, and on that basis, denies those allegations.   Robinhood further refers the Court to the communications cited in footnote 53 to Paragraph 90 for their contents.

91.     Robinhood denies the allegations in Paragraph 91, except states that the NSCC has authority over its collateral deposit charges to member firms.   Robinhood further refers the Court to the interview cited in Paragraph 91 for its contents.

92.     Robinhood denies the allegations in Paragraph 92, and further refers the Court to Tenev's statements cited in Paragraph 92 and footnote 54 to Paragraph 92 for their contents.

93.     Robinhood denies the allegations in Paragraph 93, and further states that it is without knowledge or information sufficient as to the truth of the allegations in Paragraph 93 concerning the activities of other brokers following January 28, 2021, and on that basis, denies those allegations.

(a)     Robinhood states that it is without knowledge or information sufficient  as to the truth of the allegations in Paragraph 93(a) concerning stock purchasing restrictions and/or limitations imposed by other brokers across all equities available to trade on their platforms, and on that basis, denies those allegations.

(b)     Robinhood states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93(b) concerning stock

purchasing restrictions and/or limitations imposed by other brokers, and on that basis, denies those allegations.

(c)     Robinhood states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93(c) concerning stock purchasing restrictions and/or limitations imposed by other brokers, and on that basis, denies those allegations.

(d)     Robinhood states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93(d) and footnote 56 to Paragraph 93(d) concerning stock purchasing restrictions and/or limitations imposed by other brokers, and on that basis, denies those allegations.

94.     Robinhood denies the allegations in Paragraph 94, and further refers the Court to *The New York Times* article cited in Paragraph 94 and footnote 57 to Paragraph 94 for its contents.

95.     Robinhood denies the allegations in Paragraph 95, and further refers the Court to *The Wall Street* article cited in Paragraph 95 and footnote 58 to Paragraph 95 for its contents. Robinhood further states that the last sentence of Paragraph 95 purports to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in the last sentence of Paragraph 95.

96.     Robinhood denies the allegations in Paragraph 96, and further refers the Court to the interview cited in Paragraph 96 for its contents.  Robinhood further states that the first sentence of Paragraph 96 purports to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in the first sentence of Paragraph 96.

97.     Robinhood denies the allegations in Paragraph 97, and further refers the Court to the interview cited in Paragraph 97 for its contents.  Robinhood further states that the allegations

23

in the second sentence of Paragraph 97 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in the second sentence of Paragraph 97.

98.     Robinhood denies the allegations of Paragraph 98 and footnote 59 to Paragraph 98, and further refers the Court to the communications cited in Paragraph 98 and footnote 59 to Paragraph 98 for their contents.

99.     Robinhood denies the allegations in Paragraph 99, and further refers the Court to the article cited in Paragraph 99 for its contents.

100.    Robinhood denies the allegations in Paragraph 100, except states that on January 31, 2021, Mr. Tenev participated in an interview with Elon Musk, and refers the Court to that interview for its contents.  Robinhood further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 concerning stock purchasing restrictions and/or limitations imposed by other brokers following January 28, 2021, and on that basis, denies those allegations.  Robinhood further states that the allegations in the sixth sentence of Paragraph 100 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in the sixth sentence of Paragraph 100.

101.    Robinhood denies the allegations in Paragraph 101, and further refers the Court to the interview cited in Paragraph 101 for its contents.

102.    Robinhood denies the allegations in Paragraph 102, and further refers the Court to the communications cited in Paragraph 102 and footnote 60 to Paragraph 102 for their contents.

103.    Robinhood denies the allegations in Paragraph 103, and further refers the Court to the interview cited in Paragraph 103 for its contents.

104.     Robinhood denies the allegations in Paragraph 104, except states that:  (i) the SEC approved a Limit Up/Limit Down Plan, defined as the "LULD Plan" in the Complaint, which exchanges implement during periods of market volatility under specified conditions; and (ii) there are certain rules and regulations concerning the Limit Up/Limit Down Plan.

105.     Robinhood states that the allegations in Paragraph 105 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies those allegations, and refers the Court to the "LULD Plan," as defined in the Complaint, for its contents.

106.     Robinhood denies the allegations in Paragraph 106.  Robinhood further states that it without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 106, and on that basis denies those allegations, and further refers the Court to the report cited in Paragraph 106 and footnote 61 to Paragraph 106 for its contents. Robinhood further states that the allegations in the third sentence of Paragraph 106 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in the third sentence of Paragraph 106.

107.     Robinhood denies the allegations in Paragraph 107, except states that: (i) Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (ii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website; and (iii) between January 29 and February 1, 2021, Robinhood entered into agreements with private investors to receive approximately $3.4 billion in additional investment funding.  Robinhood further refers the Court to the CNBC article cited in Paragraph 107 for its contents.

108.     Robinhood denies the allegations in Paragraph 108, and further refers the Court to *The Wall Street Journal* article and *The Motley Fool* article cited in Paragraph 108 for their contents.  Robinhood further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of Paragraph 108, and on that basis, denies those allegations.

109.     Robinhood denies the allegations in Paragraph 109, except states that: (i) between January 29 and February 1, 2021, Robinhood entered into agreements with private investors to receive approximately $3.4 billion in additional investment funding, and (ii) Robinhood announced the new private investment agreements in a blog post on the Robinhood website, and refers the Court to that blog post for its contents.

110.     Robinhood denies the allegations in Paragraph 110, except states that: (i) Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (ii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website.

111.     Robinhood denies the allegations in Paragraph 111, except states that on February 18, 2021, Mr. Tenev testified before the United States House of Representatives' Financial Services Committee.  Robinhood further refers the Court to the *Politico* article cited in Paragraph 111 for its contents.

112.     Robinhood denies the allegations in Paragraph 112, except states that Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (ii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the

Robinhood website.  Defendants further refer the Court to the CNBC article cited in Paragraph 112 for its contents.

113.    Robinhood denies the allegations in Paragraph 113, except states that Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (ii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website.    Robinhood further refers the Court to the CNBC article cited in Paragraph 113 for its contents.

114.    Robinhood denies the allegations in Paragraph 114, and further refers the Court to Mr. Tenev's blog post for its contents.  Robinhood further refers the Court to the *Reuters* article cited in Paragraph 114 for its contents.

115.    Robinhood denies the allegations in Paragraph 115, and further refers the Court to Mr. Tenev's written testimony cited in Paragraph 115 for its contents.

116.    Robinhood states it is without knowledge or information sufficient to form a belief as to the truth or accuracy of the testimony cited in Paragraph 116, and on that basis, denies the allegations, and further refers the Court to the testimony cited in Paragraph 116 for its contents.

117.    Robinhood denies the allegations in Paragraph 117, except states that: (i) Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (ii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website.

118.    Robinhood denies the allegations in Paragraph 118, except states that: (i) Robinhood put in place certain securities purchasing limits from January 29, 2021 through

February 4, 2021 and modified those limits from time to time during that period; (ii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website; and (iii) Robinhood aired an advertisement during the 2021 Super Bowl presentation.

119.    Robinhood denies the allegations in Paragraph 119, and further refers the Court to the CNBC article cited in Paragraph 119 for its contents.   Robinhood further states that the allegations in the penultimate sentence of Paragraph 119 purport to state a legal conclusion to which no response is required.   To the extent a response is required, Robinhood denies the allegations in the penultimate sentence of Paragraph 119.

120.    Robinhood states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 about the views or opinions of third parties, and on that basis, denies those allegations.   Robinhood further refers the Court to the article cited in Paragraph 120 and footnote 62 to Paragraph 120 for its contents.

121.    Robinhood denies the allegations in Paragraph 121, except states that: (i) Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (ii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website.   Robinhood further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 concerning certain stock trading prices, and on that basis, denies those allegations.   Robinhood further refers the Court to the Robinhood website post cited in the last sentence of Paragraph 121 for its contents.

122.    Robinhood denies the allegations in Paragraph 122.

123.    Robinhood denies the allegations in Paragraph 123, except states that: (i) Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (ii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website.

124.    Robinhood denies the allegations in Paragraph 124, except states that: (i) Robinhood put in place certain securities purchasing limits from January 29, 2021 through February 4, 2021 and modified those limits from time to time during that period; and (ii) Robinhood notified its customers of the purchasing restrictions and/or limits, including through blog posts on the Robinhood website.  Robinhood further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 concerning certain stock trading prices, and on that basis, denies those allegations.

125.    Robinhood states that the allegations in Paragraph 125 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies those allegations, except states that, in response to footnote 63 to Paragraph 125, individuals holding a particular stock on margin must have sufficient collateral to meet the requisite initial and maintenance margin requirements to continue possessing such stock.

126.    Robinhood denies the allegations in Paragraph 126, except states that: (i) Robinhood launched its initial public offering on July 29, 2021; and (ii) Robinhood's IPO price was $38 per share of Class A common stock.  Robinhood further refers the Court to the interview cited in Paragraph 126 for its contents.

127.    Robinhood denies the allegations in Paragraph 127, except states that on February 18, 2021, Mr. Tenev testified to the House Committee on Financial Services, and refers the Court to Mr. Tenev's testimony for its contents.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

128.    Robinhood denies the allegations in Paragraph 128, except state that Plaintiffs purport to bring a class action on behalf of a "Class," as defined in the complaint, comprised of persons or entities who held common stock in AMC Entertainment Holdings, Inc. ("AMC"), Bed Bath & Beyond, Inc. ("BBBY"), BlackBerry Ltd. ("BB"), Express Inc. ("EXPR"), GameStop Corp. ("GME"), Koss Corp. ("KOSS"), Tootsie Roll Industries Inc. ("TR"), or American Depositary Shares of foreign-issuers Nokia Corp. ("NOK") and trivago N.V. ("TRVG") (collectively "the Affected Stocks") as of the close of trading on January 27, 2021, and sold such shares at a loss between January 28, 2021, and February 4, 2021.

129.    Robinhood states that the allegations in Paragraph 129 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 129.

130.    Robinhood states that the allegations in Paragraph 130 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 130.

131.    Robinhood states that the allegations in Paragraph 131 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 131.

132.    Robinhood states that the allegations in Paragraph 132 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 132.

133.    Robinhood states that the allegations in Paragraph 133 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 133.

134.    Robinhood states that the allegations in Paragraph 134 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 134.

135.    Robinhood states that the allegations in Paragraph 135 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 135.

**COUNT I**
**Violations of Section 9(a) of the Exchange Act**
**Against Defendants**

136.    Robinhood denies the allegations in Paragraph 136.

137.    Robinhood states that the allegations in Paragraph 137 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 137.

138.    Robinhood states that the allegations in Paragraph 138 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 138.

139.    Robinhood states that the allegations in Paragraph 139 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 139.  Robinhood further states that in its Order entered on the docket on August 11, 2022, the Court dismissed Count I's misrepresentation claim under 15 U.S.C. § 78i(a)(4), and therefore no response is required to the allegations of Paragraph 139 concerning such claim.

140.   Robinhood states that the allegations in Paragraph 140 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 140.

141.   Robinhood states that the allegations in Paragraph 141 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 141.  Robinhood further states that in its Order entered on the docket on August 11, 2022, the Court dismissed Count I's misrepresentation claim under 15 U.S.C. § 78i(a)(4), and therefore no response is required to the allegations of Paragraph 141 concerning such claim.

### COUNT II
**Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants**

142.   Robinhood denies the allegations in Paragraph 142.

143.   Robinhood states that the allegations in Paragraph 143 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 143.  Robinhood further states that Plaintiffs abandoned their Count II misrepresentation claim under 15 U.S.C. § 78j(b) and SEC Rule 10b-5(b) in their Opposition to Robinhood's Motion to Dismiss the Consolidated Complaint (ECF No. 454; *see also* MTD Order at 50), and therefore no response is required to allegations related to such claim.

144.   Robinhood states that the allegations in Paragraph 144 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 144.

145.   Robinhood states that the allegations in Paragraph 145 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 145.  Robinhood further states that Plaintiffs abandoned their

Count II misrepresentation claim under 15 U.S.C. § 78j(b) and SEC Rule 10b-5(b) in their Opposition to Robinhood's Motion to Dismiss the Consolidated Complaint (ECF No. 454; *see also* MTD Order at 50), and therefore no response is required to allegations related to such claim.

146.    Robinhood states that the allegations in Paragraph 146 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 146.

147.    Robinhood states that the allegations in Paragraph 147 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 147.  Robinhood further states that Plaintiffs abandoned their Count II misrepresentation claim under 15 U.S.C. § 78j(b) and SEC Rule 10b-5(b) in their Opposition to Robinhood's Motion to Dismiss the Consolidated Complaint (ECF No. 454; *see also* MTD Order at 50), and therefore no response is required to allegations related to such claim.

148.    Robinhood states that the allegations in Paragraph 148 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 148.

149.    Robinhood states that the allegations in Paragraph 149 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Robinhood denies the allegations in Paragraph 149.  Robinhood further states that Plaintiffs abandoned their Count II misrepresentation claim under 15 U.S.C. § 78j(b) and SEC Rule 10b-5(b) in their Opposition to Robinhood's Motion to Dismiss the Consolidated Complaint (ECF No. 454; *see also* MTD Order at 50), and therefore no response is required to allegations related to such claim.

## PLAINTIFFS' PRAYER FOR RELIEF

Robinhood denies the allegations in the unnumbered "Wherefore" clause, and further denies that Plaintiffs or the putative Class are entitled to any of the relief sought in the lettered clauses under the "Wherefore" clause.

## AFFIRMATIVE AND OTHER DEFENSES

Robinhood asserts the following affirmative and other defenses.  By alleging the matters set forth below, Robinhood does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that Plaintiffs are relieved of their burden to prove each and every element of their claim and the damages, if any, to which they are entitled.  Robinhood expressly reserves the right to supplement, amend or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require. Each defense herein is asserted against both Plaintiffs and the members of the putative Class.

### FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted, including for the reasons set forth in Robinhood's previously filed motion to dismiss and reply in support.

### SECOND DEFENSE

Plaintiffs' claims are barred because Plaintiffs have not suffered any legally cognizable injury and do not have standing to assert their claims.

### THIRD DEFENSE

This action may not properly be maintained as a class action.

### FOURTH DEFENSE

Robinhood is not liable because it did not engage in any allegedly manipulative acts.

## FIFTH DEFENSE

Robinhood is not liable because it did not engage in any device, scheme contrivance or artifice sending false pricing signals to the market.

## SIXTH DEFENSE

Robinhood is not liable because its alleged acts were fully disclosed to the market.

## SEVENTH DEFENSE

Robinhood is not liable because the "fraud on the market" theory of reliance is unavailable and Plaintiffs cannot prove reliance.

## EIGHTH DEFENSE

The Complaint fails to state a claim because it does not allege scienter with the requisite level of particularity.

## NINTH DEFENSE

Robinhood is not liable because it did not act with scienter (either knowingly or recklessly) with respect to any alleged conduct.

## TENTH DEFENSE

Robinhood is not liable because it did not willfully engage in any transactions for the purpose of inducing the sale or purchase of any security by others.

## ELEVENTH DEFENSE

Robinhood is not liable because it did not act with the purpose of reducing the price of any of the Affected Stocks.

## TWELFTH DEFENSE

Robinhood is not liable because its actions did not affect the price of the Affected Stocks.

**THIRTEENTH DEFENSE**

Robinhood is not liable because there are one or more intervening and/or superseding causes of the Plaintiffs' claimed injuries.  Those intervening and/or superseding causes include but are not limited to the manipulative, anti-competitive, or otherwise wrongful conduct of other market participants or other persons or entities over whom Robinhood exercised no control, and/or events outside Robinhood's control.

**FOURTEENTH DEFENSE**

Robinhood is not liable because Plaintiffs sustained no damages as a result of the conduct alleged in the Complaint, and/or failed to mitigate any damages sustained as a result of the conduct alleged in the Complaint.

**FIFTEENTH DEFENSE**

The Complaint fails to state a claim to the extent the claims would permit the Plaintiffs to obtain double recovery for the same alleged injuries.

**SIXTEENTH DEFENSE**

Plaintiffs cannot establish that they are entitled to any damages for their claims because their alleged damages are too speculative to be calculated for relief to be granted.

**SEVENTEENTH DEFENSE**

To the extent Plaintiffs suffered damages, if at all, such damages must be offset by Plaintiffs' gains.

**EIGHTEENTH DEFENSE**

Robinhood denies that Plaintiffs are entitled to recovery of counsel fees, costs or expenses.

## NINETEENTH DEFENSE

This Complaint, and each cause of action therein contained, is barred by virtue of Plaintiffs' conduct in causing the damages alleged by Plaintiffs under the doctrine of unclean hands.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver, because Plaintiffs acquiesced to the conduct alleged in the Complaint.

## TWENTY-FIRST DEFENSE

Robinhood is not liable because Plaintiffs challenge alleged acts, conduct or statements that were permitted by the laws of the United States, the regulations of the Securities and Exchange Commission and other regulatory and self-regulatory entities.

## TWENTY-SECOND DEFENSE

Robinhood has insufficient knowledge or information upon which to form a belief about whether they may be as yet unstated affirmative defenses available, and therefore expressly (i) reserves the right to supplement its Answer, defenses and all other pleadings; and (ii) reserves the right to (a) assert any and all defenses under any applicable federal, state, common, or foreign law if discovery shows that such defense would be appropriate; and (b) assert any counterclaims, cross-claims, and third-party claims when and if they become appropriate in this action.

## PRAYER FOR RELIEF

WHEREFORE, Robinhood prays for judgment against Plaintiffs as follows:

1.    Dismissing the entire action with prejudice;

2.    Granting Robinhood its reasonable costs, expenses and attorneys' fees; and

3.    Awarding Robinhood such other, further and different relief as the Court deems just and proper.

Dated:  September 12, 2022

Respectfully submitted,

*/s/ Samuel A. Danon*

**HUNTON ANDREWS KURTH LLP**
Samuel A. Danon (FBN 892671)
María Castellanos Alvarado (FBN 116545)
333 S.E. 2 Avenue, Suite 2400
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
sdanon@huntonak.com
mcastellanos@hunton.com

**CRAVATH, SWAINE & MOORE LLP**
Antony L. Ryan
Kevin J. Orsini
Brittany L. Sukiennik
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
aryan@cravath.com
korsini@cravath.com
bsukiennik@cravath.com

*Counsel for Defendants Robinhood Markets,*
*Inc., Robinhood Financial LLC and*
*Robinhood Securities, LLC*