UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

IN RE:
JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION
_____/

This Document Relates to:
The Federal Securities Tranche

## JOINT PLANNING AND SCHEDULING REPORT

Pursuant to Rules 26(f) and 16(b) of the Federal Rules of Civil Procedure, Rule 16.1(b) of the Local Rules of the United States District Court for the Southern District of Florida Lead Plaintiff Blue Laine-Beveridge, named Plaintiffs Abraham Huacuja, Ava Bernard, Brandon Martin, Brendan Clarke, Brian Harbison, Cecilia Rivas, Garland Ragland Jr., Joseph Gurney, Santiago Gil Bohórquez, and Trevor Tarvis, ("Plaintiffs"), and defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC ("Defendants;" together with Plaintiffs, the "Parties"), hereby submit this Joint Planning and Scheduling Report.  The dates set forth herein assume the Court enters the Scheduling Order on October 18, 2022.

## INFORMATION REQUIRED LOCAL RULE 16.1

A.      **The Likelihood of Settlement**

The Parties believe that settlement is unlikely at this time given their divergent views on the underlying factual and legal issues.  The Parties agree settlement discussions may be beneficial in the future.

B.     **The likelihood of appearance in the action of additional parties**

Plaintiffs anticipate that, to the extent that discovery produces evidence that additional individuals or entities participated in the fraudulent conduct alleged in the complaint, joinder of additional defendants may be necessary. In addition to the Lead Plaintiff and the named plaintiffs, Plaintiffs anticipate proposing several additional class representatives.

C.     **Proposed deadlines for joinder of other parties and to amend the pleadings, to file and hear motions and to complete discovery.**

Plaintiffs' Position: Plaintiffs respectfully propose the schedule set forth in Exhibit 1, which has all fact discovery completed in 12 months from the date of the Scheduling Order (assuming its entry on October 18, 2022). As the Court noted in its opinion on the Motion to Dismiss, this case presents novel issues and is unique among market manipulation cases under the PSLRA. On September 30, 2022, Plaintiffs served on a Robinhood a First Request for the Production of Documents. The request seeks, among other things, voluminous trading records in the nine Affected Stocks. Plaintiffs also plan to issue third-party document subpoenas to, *inter alia*, Robinhood's six market makers and to the Depositary Trust Clearing Corporation ("DTCC") seeking voluminous trading records, communications, and related information for the nine Affected Stocks. Plaintiffs anticipate that it will take at least five to six months to obtain these critical documents and then another three or four months to analyze them with the assistance of one or more consultants. Following their analysis, Plaintiffs will need at least three months to take at least 10 depositions. Plaintiffs also anticipate that they will have to deal with discovery objections and may have to file motions to compel which could further delay receipt and analysis of these necessary documents. Plaintiffs anticipate serving these third-party subpoenas by November 1, 2022.

Plaintiffs respectfully request six months from *full* completion of Defendants' and third-parties' production of documents to complete fact discovery.[1]  This will allow Plaintiffs three to four months to review the documents and three months to take depositions.  If we anticipate that document production will be completed by April 18, 2023, Plaintiffs request that fact discovery close six months later on October 18, 2023.

Under Plaintiffs' proposed schedule, all expert and fact discovery will conclude approximately 60 days later than Defendants' proposed schedule (April 16, 2024, vs. February 16, 2024).  The breadth of document discovery in this matter (detailed and voluminous trading records in nine Affected Stocks from market makers, Robinhood, and DTCC, at least, necessitate permitting  Plaintiffs sufficient time to issue discovery requests, respond to discovery objections, file motions to compel, review voluminous document productions, identify relevant documents and conduct more than 10 fact depositions.

Defendants' Position:  Robinhood respectfully proposes the schedule set forth in Exhibit 2, which has all expert and fact discovery completed in 16 months as opposed to the 18 months proposed by Plaintiffs.  Robinhood respectfully submits that 16 months is more than enough time to prepare this case for dispositive motions and trial if necessary.  It is critical to all parties to move this matter forward as expeditiously as reasonably possible and Robinhood submits that its proposed schedule does so.

---

[1]  As Defendants anticipate a rolling production, proposed Local Rule 26.1 (e)(7) provides that parties must provide a certification that all documents have been produced at the point that no further responsive documents will be forthcoming. Defendants' suggestion of a deadline for "substantial completion" of document discovery underscores Plaintiffs' concern that Defendants' schedule could pose logistical problems for Plaintiffs.

i. **To join other parties and to amend the pleadings:**

Plaintiffs' Position: Plaintiffs respectfully request thirty days from entry of a scheduling order to identify additional proposed class representatives and add them to the operative complaint via a limited amendment.

Within the past month Defendants produced documents provided to the plaintiffs in the other tranches of the MDL; earlier this week, Defendants turned over documents produced by other entities in those actions. Plaintiffs request 120 days to review these documents, as well as any Robinhood produces in response to Plaintiffs' initial set of document requests, before determining whether adding new defendants is appropriate. Plaintiffs do not wish to delay the resolution of this action with additional pleading motions if it is not necessary; nor do Plaintiffs desire to seek leave to amend the Scheduling Order late in the fact discovery period. The proposed date is a reasonable compromise that acknowledges that a significant quantity of documents have been produced while still allowing Plaintiffs time to obtain some additional documents from Robinhood and other sources that might lead to a decision to add new defendants.

Defendants' Position: Defendants respectfully request 60 days *from the entry of the proposed scheduling order* attached hereto to join other parties and file motions to amend the pleadings. Plaintiffs have already received more than eighteen thousand pages of documents from Robinhood, as well as almost ten thousand pages of productions originally made by the other now-dismissed parties to the Multi-District Litigation. The events in question occurred more than 20 months ago, have been the subject of extensive media coverage and congressional reports[2] and

---

[2] Indeed, almost three months ago Plaintiffs sought leave to amend the Consolidated Class Action Complaint in light of certain congressional reports (ECF No. 495), and therefore have had this information at their disposal for a significant period of time.  (*See also* ECF No. 505 ("Plaintiffs intend to stand on the operative complaint and proceed on the claims that have survived the Court's Order on the motion to dismiss.").)

there have been extensive sets of pleadings, motions and decisions in all of the related proceedings in the Multi-District Litigation. An orderly progression of this case requires certainty as to all the parties at issue, and there is simply no reason that Plaintiffs need to wait another four months to identify relevant parties. In the highly unlikely event that Plaintiffs identify good cause and lack of prejudice to add additional parties four months from now, they can seek particularized relief from the schedule at that time that will allow Robinhood and the Court to assess whether any such delay was truly warranted.

### ii. To file and hear motions:

Plaintiffs' Position:

Class Certification: Plaintiffs respectfully request that the Court adopt the more standard schedule for filing and briefing motions for class certification in securities class actions under the PSLRA. The most common practice for securities class actions is that Plaintiffs file a motion for class certification, including any supporting expert report(s), approximately three months from entry of the scheduling order. Defendants will then have 90 days to (i) take the depositions of all proposed class representatives, (ii) take the deposition of plaintiffs' expert(s) submitting a report, and (iii) file an opposition brief with supporting expert report(s). Plaintiffs have no objection to Defendants taking more than 90 days to respond to Plaintiffs motion for class certification. Indeed, if Plaintiffs submit an expert report and the issues are so complex Defendants believe they need additional time, Plaintiffs would likely consent to giving Defendants additional time to oppose the motion. However, we do not believe that any expert report(s) Plaintiffs may file will raise any novel or complex issues requiring more than 90 days to respond. Plaintiffs intend to file their motion for class certification no later than January 13, 2023. Defendants would submit their opposition including any expert report(s) ninety days later. Plaintiffs would then submit their reply papers and

rebuttal expert report(s) 45 days after that. This schedule is fair and reasonable because Plaintiffs have the burden of proof on class certification and are entitled to provide a rebuttal expert report addressing any perceived deficiencies Defendants' expert identifies in Plaintiffs' opening expert report(s).

Defendants request to have the parties conduct expert discovery for class certification prior to Plaintiffs filing their class certification motion unnecessarily extends the time frame for the class certification motion. In a recent securities class action in this District (*State of Alaska, v. Ryder System, Inc.*, 0-22109-CIV-CANNON/Otazo-Reyes), the court set the same schedule for class certification that Plaintiffs request here: Defendants file oppositions to class certification (including expert reports) 90 days after plaintiffs file their motion for class certification and plaintiffs file reply papers (including expert rebuttal reports) 45 days after that. The *Ryder* court did not have the parties exchange class certification expert reports prior to filing the class certification motion. This is the most common class certification schedule for securities class actions and avoids unnecessary delay.

If the Court were inclined to entertain Defendants' proposed class certification schedule, Plaintiffs respectfully submit that the Court should have both parties exchange affirmative and rebuttal expert reports at the same time. This is the schedule the court ordered in *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case No. 19-cv-21551 (ECF No. 308) and in *Krukever et al. v. TD Ameritrade, Inc. et al.* Case No 18-cv-21399 (ECF No. 32) (both cases cited by Defendants). Lastly, Defendants' proposed schedule provides plaintiffs only 23 days to

submit a reply brief. Typically, Plaintiffs have 45 days to file a reply on class certification given the myriad arguments against class certification that Plaintiffs will have to address.

(b) Summary Judgment, *Daubert* Motions, and Motions *In Limine*: Plaintiffs request that Summary Judgment and *Daubert* motions be filed sixty days after completion of expert discovery which under Plaintiffs proposed schedule is July 17, 2024. Plaintiffs propose the deadline to file remaining motions *in limine* directed to trial evidence be 14 days before the commencement of trial.

Defendants' Position: Defendants respectfully request that the deadline for Plaintiffs to file a motion for class certification be April 28, 2023, and the deadline to file motions for summary judgment and *Daubert* motions be April 16, 2024. Defendants agree with Plaintiffs' position regarding motions *in limine*.

The primary structural difference between the Parties' proposed schedules relates to the order of class certification discovery and briefing. While Plaintiffs seem to suggest that Robinhood's concern is that it needs more than 90 days to oppose Plaintiffs' motion for class certification, that is simply not true. Instead, Robinhood proposes that all expert discovery on class certification be completed before the motion for class certification is briefed, whereas Plaintiffs' schedule would force Robinhood to oppose class certification before it even sees a rebuttal expert report from Plaintiffs. That is simply unfair. Robinhood proposes that all expert discovery on class certification should be completed before the motion for class certification is briefed. This proposal that class certification expert discovery precede class certification briefing matches the approach the Court took in *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case No. 19-cv-21551 (ECF No. 308) and in *Krukever et al. v. TD Ameritrade, Inc. et al.* Case No 18-cv-

21399 (ECF No. 32).³  Because, as Plaintiffs concede, they bear the burden on class certification, Defendants respectfully propose a slight modification to the expert report schedule in those cases that provides for Plaintiffs to get both opening and rebuttal reports.

As the Court has noted in various decisions in the related cases, the market events of January 2021 were unique.  (*See, e.g.*, Order on Defendants' Motion to Dismiss (ECF No. 503) (transactions at issue "occurred in a context that hardly mirrors run-of-the-mill market manipulation claims".)   The trading volume and price movement of the relevant securities during the so-called short squeeze were unprecedented and driven by factors unrelated to changes in value of the underlying companies.  As a result, this case will present unique issues concerning market structure and efficiency that will be critical to class certification.  Robinhood's proposed approach would, as in the other cases before this Court cited in the preceding paragraph, allow all parties a fair opportunity to review the complete expert analyses and take depositions *before* class certification briefing takes place.  By contrast, Plaintiffs' approach will prejudice Robinhood's ability to address the critical issue of class certification and detract from the most efficient and effective presentation of the issues to the Court.

Robinhood's proposed schedule also does not delay anything.  To the contrary, Robinhood's proposal will have all briefing on class certification and related *Daubert* motions completed one day *before* Plaintiff's proposal.  And, as noted, Robinhood's overall schedule results in the completion of all fact and expert discovery two months *faster* than Plaintiffs' approach.

---

³ Upon the plaintiffs' motion in *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, this Court ultimately ordered a revised schedule due in part to delays associated with the defendants' document productions that impacted the plaintiffs' ability to complete their expert report before briefing.  (*See* ECF No. 498.)  That order was based on the particular issues that arose in that case and does not undermine this Court's original order recognizing the benefits of proceeding with class certification discovery prior to briefing.

### iii. To complete discovery:

Plaintiffs' Position: Plaintiffs anticipate that fact discovery will take 15 months to complete given the substantial volume of documents and trading records that must be obtained from Robinhood and multiple third parties and then carefully analyzed. Nonetheless, because Local Rule 16.1(a)(2)(C) does not contemplate more than 12 months to complete fact discovery in complex cases, Plaintiffs respectfully request that a deadline to complete fact discovery be set for 12 months from the date the Court enters the proposed Scheduling Order attached hereto and that Plaintiffs be permitted to request additional time for fact discovery upon a showing of good cause. Plaintiffs further respectfully request that the deadline for Plaintiffs to provide expert reports be set for 60 days following the close of fact discovery to allow Plaintiffs experts sufficient time to analyze the documents and deposition testimony developed in discovery, the deadline for Defendants to provide expert reports be 60 days from the deadline for Plaintiffs' affirmative expert reports, the deadline for Plaintiffs to provide rebuttal expert reports be 45 days after Defendants' expert reports, and that all expert depositions be completed 60 days from the deadline for Defendants to provide expert reports.

Defendants' Position: Defendants respectfully request that a deadline to complete fact discovery be set for 11 months from the date the Court enters the proposed scheduling order attached hereto. This approach aligns more closely with Local Rule 16.1(2)(C) for a Complex Track case by providing for the completion of all fact discovery within 365 days of the date of the Scheduling Order. Defendants propose that the deadline for Plaintiffs to provide expert reports be set for 30 days following the close of fact discovery, the deadline for Defendants to provide expert reports be 60 days from the deadline for Plaintiffs' affirmative expert reports, and that all expert depositions be completed 60 days from the deadline for Defendants to provide expert reports.

**D.      Proposals for formulation and simplification of issues.**

The Parties have not identified any specific proposals and believe that the provisions of the Federal Rules of Civil Procedure are generally adequate to address these issues, except for the following:

- The Parties shall meet and confer as to the number of depositions that Plaintiffs collectively and Defendants collectively shall each be permitted;

- Plaintiffs collectively and Defendants collectively are each allowed 20 interrogatories, and 15 contention interrogatories.

**E.      Necessity or Desirability of Amendments to the Pleadings.**

Plaintiffs anticipate that, to the extent that discovery produces evidence that additional individuals or entities participated in the misconduct alleged in the complaint, amendment of the complaint to join additional defendants may be necessary. Defendants do not believe any further amendments to the complaint should be permitted.

**F.      Possibility of obtaining admissions of fact, and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance ruling from the Court on admissibility of evidence.**

Defendants request that Plaintiffs collectively and Defendants collectively each be allowed 35 requests for admission. Defendants note that Plaintiffs originally proposed a limit of 50 requests for admission for each side, but subsequently retracted that proposal and now urge the Court to impose no limits whatsoever.

Plaintiffs do not believe limits on requests for admission are warranted. Plaintiffs position is that requests for admission are an efficient method to avoid unnecessary adjudication of uncontested facts and are also an efficient method to address admissibility of documents. Requests for admissions should not be limited except as set forth in the Federal Rules of Civil Procedure.

With respect to the production of documents and electronically stored information ("ESI"), the Parties entered into a stipulated ESI order that was filed on November 23, 2021 (Dkt. No. 441). With respect to confidentiality orders, the Parties entered into a stipulated protective order that was filed on November 23, 2021. (Dkt. No. 443). The Parties will confer prior to trial to attempt to stipulate to the authenticity and admissibility of certain documentary evidence to minimize or avoid the need for advance rulings on the admissibility of evidence.

G.   **Suggestions for the avoidance of unnecessary proof and of cumulative evidence.**

The Parties are not aware of any specific issues in this regard, and believe that the provisions of the Federal Rules of Civil Procedure and the Federal Rules of Evidence are adequate to address these issues. After discovery is completed, the Parties will further address this in preparing their Joint Pretrial Stipulation.

H.   **Suggestions on the advisability of referring matters to a Magistrate Judge or Master.**

The Parties will file all discovery motions with the District Court, but agree to the referral of discovery motions to the Magistrate Judge if the District Court decides to refer such motions.

I.   **The projected time necessary for trial**

The Parties currently anticipate that approximately twenty (20) court days will be necessary for trial.

J.   **Proposed approximate dates for final pre-trial conferences and trial.**

The Parties propose that a pre-trial conference be two weeks before the date set for trial. The Parties propose that trial begin 90 to 120 days after the Court issues a decision on the parties' summary judgment motion(s).

Dated:  October 6, 2022