UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Damian

In re:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**
_____/

This Document Relates to the Securities Tranche

## ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE

**THIS CAUSE** is set for trial during the Court's two-week trial calendar beginning on **August 12, 2024**. Calendar call will be held at **9:00 a.m. on Tuesday, August 6, 2024**. No pre-trial conference will be held unless a party requests one and the Court determines that one is necessary. The parties shall adhere to the following schedule:

**October 28, 2022**. The parties shall select a mediator in accordance with Local Rule 16.2; schedule a time, date, and place for mediation; and jointly **file a proposed order scheduling mediation** in the form specified on the Court's website, http://www.flsd.uscourts.gov. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. Within **seven (7) days** of mediation, the parties are required to file a mediation report with the Court. In accordance with the procedures outlined in the CM/ECF Administrative Procedures, the proposed order must be emailed to altonaga@flsd.uscourts.gov in Word format.

**January 17, 2023**. All motions to amend pleadings or join parties are filed.

**February 16, 2023**. Parties exchange expert witness summaries or reports on issues of class certification.[1]

**March 28, 2023**. Parties exchange rebuttal expert witness summaries or reports on issues of class certification.

---

[1] The bifurcation of discovery in this Scheduling Order does not preclude the parties from engaging in merits discovery during the pre-class certification period, unless otherwise agreed to or ordered by the Court.

**April 28, 2023**.  Deadline for completing class certification discovery.

**April 28, 2023**.  Plaintiffs file motion for class certification.

**June 7, 2023**.  Defendants file combined response to motion for class certification.

**June 30, 2023**.  Plaintiffs file their reply memorandum in support of motion for class certification.

**December 18, 2023**.  Parties exchange expert witness summaries or reports.

**February 16, 2024**.  Parties exchange rebuttal expert witness summaries or reports.

**March 15, 2024**.  All discovery, including expert discovery, is completed.[2]

**March 29, 2024**.  Parties must have completed mediation and filed a mediation report.

**April 26, 2024**. All pre-trial motions and *Daubert* motions (which include motions to strike experts) are filed.  Each party is limited to filing one *Daubert* motion.  If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted.  **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.**

**June 14, 2024**.  Parties must file and submit joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine* which may exceed the page limits allowed by the Rules.  **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

**Jury Instructions and Verdict Form**.  The parties shall submit their proposed jury instructions and verdict form jointly, although they need not agree on each proposed instruction. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type.  Instructions proposed only by a plaintiff shall be underlined.  Instructions proposed only by a defendant shall be italicized.  Every instruction must be supported by citation to authority.  The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein.  Proposed jury instructions and verdict form, in typed

---

[2] The parties by agreement, and/or Magistrate Judge Damian, may extend this deadline, so long as such extension does not impact any of the other deadlines contained in this Scheduling Order.

form, including substantive charges and defenses, shall be filed and submitted to the Court prior to calendar call, in Word format, via e-mail to altonaga@flsd.uscourts.gov. Instructions for filing proposed documents may be viewed at http://www.flsd.uscourts.gov.

**Referral to Magistrate Judge**. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all discovery matters are referred to Magistrate Judge Melissa Damian. Furthermore, in accordance with 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge Damian. **The deadline for submitting a consent is April 26, 2024**.

**Discovery**. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be made only with the Court's approval. *See* FED. R. CIV. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with regard to motion practice. *See* S.D. FLA. L.R. 7.1.

**Discovery Disputes**. The parties shall comply with the discovery procedures provided in the document titled, "Discovery Procedures for Magistrate Judge Melissa Damian," available on the Court's website. **No written discovery motions, including motions to compel, for protective order, or related motions for sanctions shall be filed.** Counsel must actually confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking the Court's intervention. The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought or is being withheld in bad faith. If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, the moving party must seek relief within fifteen (15) days of the occurrence of the grounds for relief

by filing a discovery memorandum, seeking, for example, to compel or for protective order. After filing a discovery memorandum, the moving party may request a discovery hearing by sending an email to Damian@flsd.uscourts.gov with the subject line: "Request for Discovery Hearing on [Case Number]." Specific requirements for that email are outlined in the "Discovery Procedures for Magistrate Judge Melissa Damian" document available on the Court's website.

**DONE AND ORDERED** in Miami, Florida, this 7th day of October, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record