UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-MD-2989-ALTONAGA/DAMIAN

In re:

**JANUARY 2021 SHORT SQUEEZE**
**TRADING LITIGATION**

_____/

This Document Relates to the Federal Securities Tranche

**DEFENDANTS ROBINHOOD MARKETS, INC., ROBINHOOD FINANCIAL LLC AND ROBINHOOD SECURITIES, LLC'S DISCOVERY MEMORANDUM REGARDING DEFENDANTS' REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFFS**

Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC (together, "Robinhood") respectfully submit this Discovery Memorandum regarding Robinhood's First Set of Requests for Production directed to Plaintiffs (the "Requests") in the federal securities tranche of the above-captioned multi-district litigation. The parties have reached an impasse on three Requests, and Robinhood seeks relief from the Court.

Robinhood served the Requests on November 4, 2022, and Plaintiffs served their responses on December 5, 2022 (the "Responses"). The relevant Requests and Responses are attached hereto as Exhibit 1. The parties met and conferred on December 23, 2022, and January 17, January 30 and February 10, 2023, and exchanged correspondence on multiple occasions. The parties were able to resolve their disputes with respect to most of the Requests, but reached an impasse on Requests 4, 11 and 12 on February 13, 2023. Robinhood respectfully requests that the Court compel Plaintiffs to produce responsive documents, as described below.

**Request 4:** This Request seeks "[a]ll Documents, Communications or Social Media Posts concerning Robinhood or this Action." Plaintiffs do not dispute that these documents are relevant; rather, the parties' disagreement concerns the period of time for production. Although Robinhood agreed to a general Relevant Time Period of December 1, 2020 to March 5, 2021 for the Requests, Robinhood specifically seeks documents responsive to Request 4 from January 28, 2021 to the present. These communications that Plaintiffs may have had with one another or third parties about Robinhood or the Action surrounding or since the filing of this lawsuit are plainly relevant and should be produced. *See Badger Auctioneers, Inc. v. Ali*, No. 6:16-cv-572, 2017 WL 4423618, at *1-3 (M.D. Fla. Oct. 5, 2017) (compelling production of communications concerning defendants since commencement of lawsuit); *Rich v. City of Jacksonville*, No. 3:09-cv-454-J-32MCR, 2010 WL 4094972, at *2-3 (M.D. Fla. Oct. 18,

2010) (same, and also noting relevance of communications concerning defendants); *Capers v. Noahs Ark Repair Serv., Inc.*, No. 6:11-cv-457-ORL-28, 2012 WL 5266031, at *1-2 & n.4 (M.D. Fla. Oct. 24, 2012) (ordering production of communications concerning the litigation). Any responsive communications may provide insight into Plaintiffs' motivations for bringing this lawsuit, their understanding of the events at issue and their adequacy as class representatives.

As a compromise, Robinhood offered to limit the part of this Request seeking documents concerning Robinhood to the Relevant Time Period if Plaintiffs agreed to produce documents concerning the Action from January 28, 2021 to the present.[1] Plaintiffs rejected this proposal, claiming it was too burdensome and "there has to be a cutoff date." Notwithstanding the parties' discussions, Plaintiffs have failed to explain why this Request is too burdensome or disproportionate to the needs of the case. *See* Discovery Procedures at 2 (requiring objecting party to "explain the specific and particular ways in which a request is . . . unduly burdensome"). Indeed, Plaintiffs' objection—that Plaintiffs may have a significant volume of non-privileged documents regarding this lawsuit—underscores the need for production.[2] Plaintiffs' objection also rings hollow in comparison to the volume of documents and communications Robinhood has produced. Robinhood respectfully requests that the Court compel Plaintiffs to produce documents concerning this Action or Robinhood from January 28, 2021 to the present.

---

[1] At the February 10 meet and confer, Plaintiffs offered to produce documents through June 5, 2021. This date, which is arbitrary and bears no relevance to any event at issue, is insufficient to satisfy Robinhood's Request. This is particularly true given that Plaintiffs amended their Complaint to add new named plaintiffs on January 17, 2023, and many of those individuals may have responsive documents that post-date Plaintiffs' proposed time period.

[2] Plaintiffs' objection rings particularly hollow because Robinhood already agreed to limit the scope of Request 4 to reduce the burden on Plaintiffs. Plaintiffs initially objected to Request 4 to the extent it required the production of irrelevant communications from Robinhood to Plaintiffs (*e.g.*, a "Happy New Year" message sent to all Robinhood customers). In response, Robinhood agreed that communications sent to Plaintiffs by Robinhood that did not concern customer accounts or trading do not need to be produced.

**Request 11:** This Request seeks "[d]ocuments sufficient to identify each of [Plaintiffs'] holdings, investments, and transactions in any securities other than the Relevant Securities during the Relevant Time Period."[3] Plaintiffs refused to produce documents responsive to this Request, asserting that such documents are irrelevant. Plaintiffs are wrong. In a securities case, Plaintiffs' overall portfolios are relevant for multiple reasons, including because they demonstrate Plaintiffs' investment strategies and therefore may be probative of the reasons Plaintiffs traded in the Stocks at Issue. This bears on whether a Plaintiff is atypical or subject to unique defenses, as well as whether the Plaintiff relied on the integrity of the market in trading in the Stocks at Issue (the *Basic* presumption of reliance). Accordingly, while Defendants generally limited their requests to the Relevant Securities, Request 11 is for documents "sufficient to identify" (to reduce the burden) full trading records for a short time period.

It is well established that a named plaintiff in a securities case must produce full trading records. *See, e.g.*, *Luczak v. Nat'l Beverage Corp.*, No. 18-61631-CIV, 2020 WL 10505310, at *3 (S.D. Fla. Nov. 2, 2020) (compelling production, in putative securities class action, of plaintiffs' full trading history in all securities, noting that the records "may demonstrate the Plaintiff's sophistication, the frequency with which he trades, whether other factors may have influenced his trading . . . , the types of investments he made, and whether Plaintiff invested in any other individual stocks"); *In re Allergan, Inc. Sec. Litig.*, No. 14-cv-02004-DOC, 2016 WL 5929250, at *4-5 (C.D. Cal. Oct. 5, 2016) (same, noting that "several other courts have recognized that a plaintiff's prior trading history in other securities can be

---

[3] The Relevant Securities are a group of 50 stocks for which Robinhood put in place position limits during the proposed Class Period, which Plaintiffs set out in Paragraph 87 of the Amended Complaint (Dkt. 527). They include the nine stocks as to which Plaintiffs are suing (the "Stocks at Issue" set out in Paragraph 1 of the Amended Complaint) and others. The "Relevant Time Period" is the five-month period from November 1, 2020 to March 31, 2021.

3

relevant for purposes of rebutting the presumption of reliance"); *Roseman v. Sports & Recreation*, 165 F.R.D. 108, 112 (M.D. Fla. 1996) ("[P]laintiffs' investment or trading history in other publicly held securities is relevant to plaintiffs' ability to adequately represent the proposed class."). The full trading records will be particularly important in this case, where Robinhood intends to explore Plaintiffs' involvement in highly unusual trading activity by retail investors in January 2021, often coordinated through social media (as described by the term "meme stocks").

Moreover, as the party resisting discovery, Plaintiffs bear the burden of showing that the requested discovery is irrelevant or disproportionate to the needs of the case. *Am. Fed'n of State, Cnty. & Mun. Emps. (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 477 (S.D. Fla. 2011). Plaintiffs have failed to articulate any basis for their position that these trading records are irrelevant. Instead, they assert that Robinhood will have sufficient information regarding Plaintiffs' trading because Plaintiffs have agreed to produce documents concerning their trades in the Relevant Securities. This assertion does not make sense. Limiting discovery to trading in securities selected by Plaintiffs would exclude potentially relevant trades. As this Court recognized in *Luczak*, Plaintiffs' entire investment portfolios are relevant to analyzing why Plaintiffs traded in the Stocks at Issue. *Luczak*, 2020 WL 10505310, at *3.

Further, there is little or no burden on Plaintiffs to produce such documents. Indeed, Plaintiffs have already collected the investment account statements Robinhood seeks, but took the additional step to *redact* information regarding trading in securities other than the Relevant Securities before producing them. Robinhood seeks these same documents in unredacted form.[4] Accordingly, Robinhood respectfully requests that the Court compel

---

[4] Robinhood is equally entitled to account statements for any other investment accounts a Plaintiff may have had, with trading in securities other than the Relevant Securities, during the Relevant Time Period.

Plaintiffs to produce documents sufficient to identify their holdings, investments and transactions in securities other than the Relevant Securities during the Relevant Time Period.

**Request 12:** This Request seeks certain schedules to Plaintiffs' income tax returns for the most recent three years. Plaintiffs have refused to produce documents responsive to this Request on the ground that they are irrelevant. In an attempt to compromise, Robinhood has agreed to limit the Request to Schedules B and D of Plaintiffs' federal tax returns, which concern dividends and capital gains, respectively. Plaintiffs rejected that compromise.

The income tax implications of the transactions at issue are relevant to whether Plaintiffs suffered losses or whether tax treatment may have motivated Plaintiffs to trade in the Relevant Securities. *See, e.g.*, *Luczak*, 2020 WL 10505310, at *3-4 (ordering, in putative securities class action, production of Schedules B and D for three-years as they "could show that Plaintiff's trades were motivated by non-market concerns such as selling at a loss for tax purposes to offset capital gains, or could indicate whether Plaintiff suffered any losses during the class period"); *Nature's Prods., Inc. v. Natrol, Inc.*, No. 11-62409-CIV, 2013 WL 12065562, at *5 (S.D. Fla. Feb. 5, 2013) (ordering production of returns as relevant to damages); *Erenstein v. SEC*, 316 F. App'x 865, 869-70 (11th Cir. 2008) (noting returns discoverable when "arguably relevant") (per curiam); *Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997) (same).[5] Accordingly, Robinhood respectfully requests that the Court compel Plaintiffs to produce Schedules B and D of their income tax returns for the prior three years.

---

[5] To the extent Plaintiffs' refusal to produce documents is based on privacy concerns, Plaintiffs may designate their tax returns Confidential or Highly Confidential under the Stipulated Protective Order (Dkt. 443), and may also redact sensitive information, such as social security numbers. *See Jacobi v. Experian Info. Sols., Inc.*, No. 20-CV-60591, 2020 WL 13389310, at *2 n.3 (S.D. Fla. Dec. 23, 2020) (ordering production of tax returns and noting protective order "would adequately address Plaintiff's privacy concerns").

## CERTIFICATE OF PRE-FILING CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Robinhood have conferred with counsel for Plaintiffs in a good faith effort to resolve by agreement the issues raised in this motion and have been unable to do so.

| | |
|---|---|
| Dated:  February 27, 2023 | */s/ Samuel A. Danon* |
| | **HUNTON ANDREWS KURTH LLP** |
| | Samuel A. Danon (FBN 892671) |
| | María Castellanos Alvarado (FBN 116545) |
| | 333 S.E. 2 Avenue, Suite 2400 |
| | Miami, FL 33131 |
| | Telephone: (305) 810-2500 |
| | Facsimile: (305) 810-2460 |
| | sdanon@huntonak.com |
| | mcastellanos@hunton.com |
| | |
| | **CRAVATH, SWAINE & MOORE LLP** |
| | Antony L. Ryan |
| | Kevin J. Orsini |
| | Brittany L. Sukiennik |
| | 825 Eighth Avenue |
| | New York, NY 10019 |
| | Telephone: (212) 474-1000 |
| | Facsimile: (212) 474-3700 |
| | aryan@cravath.com |
| | korsini@cravath.com |
| | bsukiennik@cravath.com |
| | |
| | *Counsel for Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 27, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated:  February 27, 2023

*/s/ Samuel A. Danon*
Samuel A. Danon (FBN 892671)