UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Damian

In re: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

This Document Relates to: All Actions Involving the Federal Securities Laws

**PLAINTIFFS' EXPEDITED MOTION FOR EXPANSION OF PAGE LIMITATIONS
FOR BRIEFING ON THE MOTION FOR CLASS CERTIFICATION
TO BE FILED APRIL 28, 2023**

## MOTION

Lead Plaintiff Blue Laine-Beveridge and Named Plaintiffs Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash ("Plaintiffs") respectfully submit this motion requesting an order granting an expansion of the page limits set forth in Local Rule 7.1(c)(2) for the briefing on Plaintiffs' motion for class certification, due to be filed on April 28, 2023: (1) an opening brief in support of Plaintiffs' motion not to exceed 30 pages; (2) an opposition brief not to exceed 40 pages for the Robinhood defendants ("Robinhood"); and (3) a reply brief not to exceed 30 pages.

## ARGUMENT

For the briefing on Robinhood's motion to dismiss, the Court afforded Robinhood 60 total pages and Plaintiffs 40 pages. ECF 431 (40/40/20 structure). Because class certification is an evidentiary motion on which Plaintiffs have the burden of proof, while proposing the same total number of pages, Plaintiffs asked Robinhood to stipulate to enlarging the page limits to 30/40/30. While Robinhood ultimately agreed to Plaintiffs having 60 total pages, it insisted that the opening brief be 40 pages and the reply brief 20 pages. Plaintiffs offered a compromise of 33/40/27. Robinhood refused, necessitating this Motion. For the following reasons, Plaintiffs respectfully request an order enlarging the parties' respective briefing page limits as requested above.

1. To date, none of the briefing on motions in this complex multidistrict class action litigation has been within the page limitations set forth in Local Rule 7.1.(c)(2). The page limits for motions to dismiss in the other tranches have either been set at 50 pages for the opening and opposition briefs and 30 pages for reply briefs or 40 pages for the opening and opposition briefs and 20 pages for the replies. *See, e.g.,* ECF 323 and 417.

2. Unlike a motion to dismiss, a class certification motion requires the parties to submit and cite to evidence. The amount of evidence potentially pertinent to this motion is rather extensive. Just in connection with this motion, Robinhood noticed seven third-party depositions (that they claim to be relevant to class certification) in addition to taking the depositions of all 12 proposed class representatives. Added to the percipient testimony are three lengthy expert reports, three expert rebuttal reports and three expert depositions. Both sides have also produced a significant quantity of documents, comprising merits and class discovery and experts' supporting materials.

1

3. Apart from the parties' discovery, there have been two highly-relevant government investigations. First, in October 2021, the SEC issued a 44-page report concerning market structure during the events underlying this action. Then, in June 2022, the U.S. House of Representatives Committee on Financial Services Majority Staff issued a 138-page report. The report followed a 16-month investigation, including three full-day hearings on Capitol Hill, 50 witness interviews, and a review of 95,000 pages of documents. A full 60 pages of the report was devoted exclusively to Robinhood. *See* ECF 495-4.

4. Thirty total pages for Plaintiffs and 20 pages for Robinhood would not allow for full exploration of the issues of fact and law relevant to Plaintiffs' two causes of action and each of their multiple elements (overlapping but not identical). What Plaintiffs believed would be a non-controversial request for enlargement of page limits, resulted in nine days of negotiations and a stalemate.

5. In keeping with the motion to dismiss enlargement from 50 total pages of briefing to 100 pages, on April 12, 2023, Plaintiffs proposed the parties stipulate to seek an order enlarging Plaintiffs' two briefs to 30 pages apiece, with Robinhood's opposition brief enlarged to 40 pages. Five days later, Robinhood surprisingly countered with 95 pages of briefing, accepting Plaintiffs' proposal for a 30-page opening brief, followed by a 45-page opposition brief and a 20-page reply brief. Plaintiffs immediately rejected Robinhood's allocation of only five fewer pages of briefing for itself – 50 total for Plaintiffs and 45 for Robinhood.

6. On April 18, 2023, Robinhood agreed to giving Plaintiffs 60 total pages for briefing but proposed the same 40/40/20 structure utilized for the motion to dismiss, knowing that Plaintiffs had no intention of filing a 40-page opening brief and sought to allocate more pages on reply to rebutting Robinhood's arguments with evidence. On April 20, 2023, to avoid a contested motion over Plaintiffs' 30/40/30 proposal, Plaintiffs offered a compromise of 33/40/27 pages, which Robinhood rejected.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court enter an Order with respect to the briefing on Plaintiffs' class certification motion, setting a limit of 30 pages for the opening memorandum, 40 pages for the memorandum in opposition, and 30 pages for the reply memorandum.

**LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERENCE**

      Between April 12 and April 20, 2023, counsel for Plaintiffs conferred with counsel for Robinhood by both telephone and email in an effort to reach an agreement on the briefing structure. Plaintiffs explained that they would file this motion if an impasse was reached.

Dated: April 21, 2023

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, FBN# 0182877
Phillip Kim
Robin Bronzaft Howald
Jonathan Stern
Brent LaPointe
Michael Cohen

By: /s/Laurence M. Rosen
Laurence M. Rosen, Esq.
275 Madison Avenue  40th Floor
New York, New York  10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*Counsel for Lead Plaintiff Blue Laine-Beveridge and Named Plaintiffs Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Laurence M. Rosen