UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Damian

In re: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

This Document Relates to: All Actions Involving the Federal Securities Laws

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR EXPEDITED MOTION FOR
EXPANSION OF PAGE LIMITATIONS FOR BRIEFING ON THE MOTION FOR
CLASS CERTIFICATION TO BE FILED APRIL 28, 2023**

The thrust of Robinhood's opposition to the instant motion is that, given 30 pages to respond to its opposition brief, Plaintiffs will first raise arguments that should have been anticipated and addressed in the opening papers. ECF 556 at 3. (This argument conflates two issues. Whether or not a new argument is raised on reply has nothing to do with the length of the brief.) But what arguments and evidence should Plaintiffs be required to address in their opening papers?

Even though Plaintiffs have the burden of proof on this evidentiary motion, Robinhood is the party that noticed 20 depositions and intends to rely on two experts. While movants must make their case in the opening papers, Robinhood's goal appears to be to flood the zone with a boatload of evidence so as to force Plaintiffs to blunt their cogent arguments in support of class certification with a slew of defensive arguments. Not only did Robinhood produce two expert reports and two expert rebuttal reports (critiquing Plaintiffs' lone expert), but they have taken days of third-party testimony of multiple retail investors unrelated to the twelve proposed representatives (all of whom will have sat for deposition). Plaintiffs cannot know how much of this vast material Robinhood intends to rely upon in its opposition papers and should not be forced to raise matters not necessary to prevail on this motion. Hopefully, Robinhood's opposition will eschew much of the chaff and not necessitate a 30-page reply. However, fairness requires that the proponents of class certification be permitted to make their best affirmative arguments in the opening brief and leave for reply the matters Robinhood chooses to raise.

Dated: April 26, 2023                Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, FBN# 0182877
Phillip Kim
Robin Bronzaft Howald
Jonathan Stern
Brent LaPointe
Michael Cohen

By: /s/Laurence M. Rosen
Laurence M. Rosen, Esq.
275 Madison Avenue  40th Floor
New York, New York  10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*Counsel for Lead Plaintiff Blue Laine-Beveridge and Named Plaintiffs Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/ Laurence M. Rosen</u>