UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Damian

In re: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

This Document Relates to: All Actions Involving the Federal Securities Laws

DECLARATION OF LAURENCE M. ROSEN IN SUPPORT OF THE MOTION FOR CLASS CERTIFICATION

I, Laurence M. Rosen, hereby declare under penalty of perjury:

1. I am the Managing Partner of The Rosen Law Firm, P.A., Lead Counsel for Lead Plaintiff Blue Laine-Beveridge, named plaintiffs Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash (collectively "Plaintiffs"). I make this Declaration in support of Plaintiffs' motion for class certification.

2. I am an attorney duly licensed to practice in the State of Florida and before this Court. I have personal knowledge of the matters set forth herein and, if called upon, I could and would completely testify thereto.

3. The Rosen Law Firm, counsel selected by Lead Plaintiff Laine-Beveridge in 2021, is fully-prepared to prosecute this action. To date, counsel has drafted a complaint that withstood Robinhood's motion to dismiss, communicated with clients on a regular basis, extensively engaged with Robinhood's counsel on written and documentary discovery, taken and defended depositions, engaged experts, and served third-party discovery.

4. The Rosen Law Firm is unaware of individual litigation commenced by any opt-out investors.

5. In completing a quality control check during class certification discovery, the Rosen Law Firm identified errors in certain Plaintiffs' PSLRA Certifications that the Rosen Law Firm had prepared for the clients and filed with the Court. These errors primarily consisted of under-reporting or over-reporting certain Class Period transactions. The six Plaintiffs as described below signed amended Certification forms which are now being filed with the Court as part of their Class Certification Motion and are the operative Certifications. The Rosen Law Firm prepared the list of stock transactions listed in each of the Plaintiffs' original Certifications. Any errors are the fault of the Rosen Law Firm and not any of the Plaintiffs. The amended Certifications represent a complete list of each Plaintiff's transactions in the Affected Stocks within the January 28, 2021 to February 4, 2021 Class Period, and all revisions comport with the brokerage statements that Plaintiffs have produced to Robinhood in discovery. Below is a detailed explanation of the nature of the changes made to each Certification:

   a. Lead Plaintiff Blue Laine-Beveridge executed an amended Certification on April 27, 2023. *See* Ex. 4 at 5-6. The amended Certification lists only transactions within the current January 28, 2021 to February 4, 2021 Class Period and only includes the current list of Affected Stocks. *See id.*

   b. Named Plaintiff Brian Harbison executed an amended Certification on April 11, 2023. *See* Ex. 4 at 7-8. While Mr. Harbison's initial Certification contained transactions before and during the Class Period, his amended Certification lists only transactions within the January 28, 2021 to February 4, 2021 Class Period. *Compare* Dkt. No. 527-1 at 8-9 *with* Ex. 4 at 7-8. In addition, what Mr. Harbison's

    initial Certification listed as a single sale of 200 shares of AMC during the Class Period, Mr. Harbison's amended Certification corrects to three separate sales totaling 201 shares of AMC during the Class Period. *See id*.

c. Named Plaintiff Ava Bernard executed an amended Certification on April 4, 2023. *See* Ex. 4 at 2-3. Ms. Bernard's initial Certification contained transactions in AMC from before and during the Class Period. Her Nokia transactions were mistakenly omitted from her initial Certification. Her amended Certification contains a corrected list of all AMC and NOK transactions within only the Class Period. *Compare* Dkt. No. 527-1 at 4-5 *with* Ex. 4 at 2-3. Ms. Bernard is proceeding under an assignment from her mother, Colleen Cooke. *See* Dkt. No. 527-1. Because the initial assignment referenced only AMC shares, Ms. Cooke signed an amended Assignment on April 4, 2023, assigning to Ms. Bernard her relevant claims in all of the Affected Stocks. *See* Ex. 4 at 4.

d. Named Plaintiff Joseph Gurney executed an amended Certification on April 7, 2023. *See* Ex. 4 at 9-10. While Mr. Gurney's initial Certification contained transactions in BB from both before and during the Class Period, his amended Certification contains a corrected list of all BB and AMC transactions only within the Class Period. *Compare* Dkt. No. 527-1 at 14-15 *with* Ex. 4 at 9-10. In particular, Mr. Gurney's amended Certification includes his single Class Period AMC sale which was mistakenly omitted from his initial certification.

e. Named Plaintiff Santiago Gil Bohórquez executed an amended Certification on April 17, 2023. *See* Ex. 4 at 11-12. While Mr. Gil Bohórquez's initial Certification contained transactions in EXPR, NOK, and BB from before and during the Class

Period, his amended Certification contains a corrected list of all EXPR, NOK, BB and AMC transactions only within the Class Period. *Compare* Dkt. No. 527-1 at 20-21 with Ex. 4 at 11-12. In particular, Mr. Gil Bohórquez's amended Certification includes his Class Period AMC purchases and sales which were mistakenly omitted from his initial certification. *Id*. Mr. Gil Bohórquez's amended Certification also disaggregates two EXPR sales from February 1, 2021 which total 200 shares at the same price. *Id*.

  f. Named Plaintiff Thomas Cash executed an amended Certification on April 11, 2023. *See* Ex. 4 at 13-14. The purpose of the amendment was to add one purchase of five shares of GME during the Class Period and one sale of five shares of GME during the Class Period that were made in a different, infrequently used, account. *Compare* Dkt. No. 527-1 at 22-23 *with* Ex. 4 at 13-14.

6. Attached hereto as Exhibit 1 is a true and correct copy of a report issued on or about June 24, 2022, prepared by the Majority Staff of the Committee on Financial Services, U.S. House of Representatives, entitled *Game Stopped: How the Meme Stock Market Event Exposed Troubling Business Practices, Inadequate Risk Management, and the Need for Regulatory and Legislative Reform*.

7. Attached hereto as Exhibit 2 is a true and correct copy of an article, dated February 22, 2021, written by Joey Klein in CEO World Magazine, entitled *Why Robinhood Should Have Just Told the Truth*.

8. Attached hereto as Exhibit 3 is a true and correct copy of the Rebuttal Report of Dr. Adam Werner.

9. Attached hereto as Exhibit 4 is a true and correct copy of the Plaintiffs' amended Certifications, as explained above.

10. Attached hereto as Exhibit 5 is a true and correct copy of the Corrected Expert Report of Professor Steven Grenadier.

11. Attached hereto as Exhibit 6 is a true and correct copy of the Report of Daniel R. Fischel.

12. Attached hereto as Exhibit 7 is a true and correct copy of an excerpted internal Robinhood chat from January 27, 2021.

13. Attached hereto as Exhibit 8 is a true and correct copy of a tweet posted on January 28, 2021.

14. Attached hereto as Exhibit 9 is a true and correct copy of an excerpted internal Robinhood chat from January 28, 2021.

15. Attached hereto as Exhibit 10 is a true and correct copy of a report issued on October 14, 2021 by the U.S. Securities and Exchange Commission, entitled *Staff Report on Equity and Options Market Structure Conditions in Early 2021*.

16. Attached hereto as Exhibit 11 is a true and correct copy of an excerpt from the testimony of Gary Gensler, Chair of the U.S. Securities and Exchange Commission, before the U.S. House of Representatives' Committee on Financial Services, on May 6, 2021.

17. Attached hereto as Exhibit 12 is a true and correct copy of the Declaration of Dr. Adam Werner.

18. Attached hereto as Exhibit 13 is a true and correct copy of the Declaration of Abraham Huacuja in Support of Class Certification.

19. Attached hereto as Exhibit 14 is a true and correct copy of the Declaration of Ava Bernard in Support of Class Certification.

20. Attached hereto as Exhibit 15 is a true and correct copy of the Declaration of Blue Laine-Beveridge in Support of Class Certification.

21. Attached hereto as Exhibit 16 is a true and correct copy of the Declaration of Brendan Clarke in Support of Class Certification.

22. Attached hereto as Exhibit 17 is a true and correct copy of the Declaration of Brian Harbison in Support of Class Certification.

23. Attached hereto as Exhibit 18 is a true and correct copy of the Declaration of Cecilia Rivas in Support of Class Certification.

24. Attached hereto as Exhibit 19 is a true and correct copy of the Declaration of Doi Nguyen in Support of Class Certification.

25. Attached hereto as Exhibit 20 is a true and correct copy of the Declaration of Joseph Gurney in Support of Class Certification.

26. Attached hereto as Exhibit 21 is a true and correct copy of the Declaration of Marcel Poirier in Support of Class Certification.

27. Attached hereto as Exhibit 22 is a true and correct copy of the Declaration of Sandy Ng in Support of Class Certification.

28. Attached hereto as Exhibit 23 is a true and correct copy of the Declaration of Santiago Gil Bohórquez in Support of Class Certification.

29. Attached hereto as Exhibit 24 is a true and correct copy of the Declaration of the Thomas Cash in Support of Class Certification.

30. Attached hereto as Exhibit 25 is a true and correct copy of an excerpted internal Robinhood chat from January 28, 2021.

31. Attached hereto as Exhibit 26 is a true and correct copy of the January 29, 2021 All-Hands Agenda.

32. Attached hereto as Exhibit 27 is a true and correct copy of an excerpted exchange between Representative Gonzalez and Robinhood CEO Vlad Tenev during Mr. Tenev's testimony before the U.S. House of Representatives' Committee on Financial Services, on February 18, 2021.

33. Attached hereto as Exhibit 28 is a true and correct copy of the Rebuttal Expert Report of Professor Steven Grenadier.

34. Attached hereto as Exhibit 29 is a non-exhaustive list of securities fraud cases in which defendants unsuccessfully argued that plaintiffs' damages model is not tailored to all factual contours of the case.

35. Attached hereto as Exhibit 30 is a true and correct copy of the Rebuttal Report of Daniel R. Fischel.

36. Attached hereto as Exhibit 31 is a true and correct copy of the Report of Daniel R. Fischel, filed on January 20, 2004, in *In re: Initial Public Offering Sec. Lit.*, 21-mc-92, 2004 WL 3943323 (S.D.N.Y.).

37. Attached hereto as Exhibit 32 is a true and correct copy of an excerpt from the deposition testimony of Professor Steven Grenadier, from April 19, 2023.

38. Attached hereto as Exhibit 33 is a true and correct copy of an article, dated May 20, 2014, written by John H. Cochrane in the Chicago Booth Review, entitled *Eugene Fama, Efficient Markets and the Nobel Prize*.

39.     Attached hereto as Exhibit 34 is a true and correct copy of an article, written by Daniel R. Fischel and published in 1989 in the Cornell Law Review, entitled *Efficient Capital Markets, the Crash, and the Fraud on the Market Theory*.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed: April 28, 2023

                                        **THE ROSEN LAW FIRM, P.A.**

                                        /s/Laurence M. Rosen
                                        Laurence M. Rosen, Esq., Fla. Bar No. 0182877

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Laurence M. Rosen