**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-2989-MDL-ALTONAGA/Damian**

In re: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

<u>**This Document Relates to: All Actions Involving the Federal Securities Laws**</u>

**PLAINTIFFS' MOTION TO CONSOLIDATE AND DISCONTINUE**
<u>**THE NOTICED LEAD PLAINTIFF PROCESS AS MOOT**</u>

## <u>TABLE OF CONTENTS</u>

MOTION..................................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES.................................................. 1

    I.    INTRODUCTION ............................................................................... 1

    II.    CHRONOLOGY OF RELEVANT EVENTS....................................... 4

        A.    Activity in the Federal Securities Laws Tranche ....................... 4

        B.    Activity in the Robinhood Tranche............................................ 5

    III.    THE PSLRA VESTS SOLE AUTHORITY IN LEAD PLAINTIFF TO DETERMINE THE CONTOURS OF THE CLAIMS ALLEGED ...... 6

    IV.    LEAD PLAINTIFF'S SOLE AUTHORITY TO PROSECUTE FEDERAL SECURITIES LAW CLAMS SPECIFICALLY INCLUDES HIS DECISION NOT TO BRING CLAIMS ON BEHALF OF OPTIONS TRADERS ............................... 8

    V.    THE SCARBOROUGH ACTION SHOULD BE CONSOLIDATED INTO THE FEDERAL SECURITIES LAWS TRANCHE AND ITS LEAD PLAINTIFF PROCESS DISCONTINUED AS MOOT ...............11

    VI.    CONCLUSION....................................................................................11

LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERENCE................................... 12

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*China Agritech, Inc. v. Resh,*
    138 S. Ct. 1800 (2018) ................................................................. 8

*Hevesi v. Citigroup Inc.,*
    366 F.3d 70 (2d Cir. 2004) ........................................................... 7

*In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.,*
    No. 09 MD 2058, 2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010) ............................... 9, 11

*In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.,*
    No. 09 MD 2058, 2011 WL 4538428 (S.D.N.Y. Sept. 29, 2011) ....................................... 7, 8, 10

*In re Barclays Bank PLC Sec. Litig.,* No. 09 CIV. 1989 (PAC),
    2016 WL 3235290 (S.D.N.Y. June 9, 2016) .......................................... 10

*In re Facebook, Inc., IPO Sec. & Derivative Litig.,*
    No. 12-CV-4081, 2013 WL 4399215 (S.D.N.Y. Aug. 13, 2013) ........................................ 6, 7, 8

*In re Facebook, Inc., IPO Secs. and Deriv. Litig.,*
    343 F. Supp. 3d 394 (S.D.N.Y. 2018) .................................................... 10

*Krukever v. TD Ameritrade, Futures & Forex LLC,*
    328 F.R.D. 649 (S.D. Fla. 2018) ..................................................... 2, 9

*New York State Teachers' Ret. Sys. v. Gen. Motors Co.,*
    315 F.R.D. 226 (E.D. Mich. 2016) .......................................... 10

**Statutes**

15 U.S.C. §78u-4(a)(3) ................................................................. 1, 4

15 U.S.C. §78u-4(a)(3)(B)(ii) .......................................................... 11

## MOTION

Pursuant to 15 U.S.C. §78u-4(a)(3), Court-appointed Lead Plaintiff Blue Laine-Beveridge ("Lead Plaintiff"), joined by Named Plaintiffs in the operative complaint (collectively "Plaintiffs" or "Proposed Class Representatives"),[1] move this Court for an order: (1) consolidating a putative federal securities class action transferred to this Court by the JMDL Panel, styled *Maurice Scarborough et al v. Robinhood Financial LLC et al.*, No. 23-02622, originally filed in the Central District of California on April 6, 2023 (the "Scarborough Action"), with the other cases in the Federal Securities Laws Tranche; and (2) discontinuing as moot the noticed lead plaintiff process with respect to the Scarborough Action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This Court oversaw a well-considered MDL process in which it established four separate tranches to manage and litigate the various state law and federal claims related to each tranche. The  deadline to file a motion to be appointed lead plaintiff in the Federal Securities Laws Tranche was July 27, 2021. Although many attorneys vied to be Lead Counsel or serve on the Steering Committee coordinating the pretrial proceedings in the non-securities-law-tranches of this MDL, only two motions to serve as lead plaintiff for the Federal Securities Laws Tranche were filed by that deadline. On October 15, 2021, the Court appointed Blue Laine-Beveridge as Lead Plaintiff and the Rosen Law Firm as Lead Counsel for the Federal Securities Law Tranche. Under the PSLRA, as set forth in Secs. III and IV, below, the Lead Plaintiff and Lead Counsel have authority to manage the consolidated litigation, including to exercise their judgment as to which class-wide securities claims to bring and the contours of the class to be represented.

After Lead Plaintiff filed his consolidated complaint on November 30, 2021, one that did not bring claims on behalf of options traders, no one rushed to court to seek leave to file a parallel case within the Federal Securities Laws Tranche to vindicate the interests of injured options traders.  Nor did anyone contact Lead Counsel and request that an options subclass be included.[2] Even after the Court ruled, on August 11, 2022, that the consolidated complaint cleared the high

---

[1] Currently pending before the Court is the class certification motion of Abraham Huacuja, Ava Bernard, Blue Laine-Beveridge, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash. ECF 559.

[2]  Declaration of Laurence M. Rosen, served and filed herewith ("Rosen Declaration"), at ¶3.

pleading bar of a motion to dismiss under the Private Securities Litigation Reform Act ("PSLRA"), a decision that received significant press coverage,[3] no one attempted to file a parallel action on behalf of injured options traders. The two reasons for this are related: First, as a matter of law, a court-appointed lead plaintiff has sole discretion to determine the boundaries of the class and is not required to bring every conceivable claim against defendants. Second, this Court in *Krukever v. TD Ameritrade, Futures & Forex LLC*, 328 F.R.D. 649 (S.D. Fla. 2018), declined to certify a 231-member class against a broker that had involuntarily liquidated 888 unique options, finding the proposed damages calculations would be unduly burdensome on the Court and the amount of specific evidence needed to be presented for each class member would render the case unmanageable. *Id.* at 655, 661-63. Here, thousands of distinct options were traded by tens of thousands of investors. Presumably, other investors damaged by Robinhood's actions (and counsel for those injured) recognized that Lead Plaintiff and his counsel made a considered judgment to not attempt to advance claims past a motion to dismiss that would not likely be certified.

Why was the Scarborough Action filed eight months later? When that question was posed to Scarborough's counsel, two of whom sit on the Steering Committee for the non-federal-securities-laws tranches of the MDL, they repeatedly stated that it was irrelevant why they waited so long to file claims on behalf of injured options traders, while simultaneously claiming that they had received a number of inquiries from these same investors.[4] The answer, alas, is the publicly-docketed mediation that was scheduled for May 17, 2023. ECF 523. If the parties were exploring settlement, counsel in the Scarborough Action calculated that the mere existence of new federal securities claims (for an options class) for which Robinhood would seek a global settlement – whether or not those claims would survive a motion to dismiss or ultimately be certifiable as class claims a year or more from now – would prevent an early resolution without them.[5]

---

[3] Articles appeared in, *inter alia*, Bloomberg, Forbes, U.S. News & World Report, and Law 360.

[4] *See* Rosen Declaration at ¶4. Regardless of how many inquiries they received, the named plaintiffs in the Scarborough Action, Messrs. Scarborough and Schiller, are *the same named plaintiffs* in an amended complaint filed by their counsel against Robinhood *on behalf of options traders*, on February 5, 2021. *See Gossett et al. v. Robinhood Fin. LLC, et al.*, No. 1:21-cv-21293 ("Gossett Action"), at ECF 24. With respect to its federal securities laws claim, the Gossett Action was consolidated under the aegis of Lead Plaintiff and Lead Counsel. *See* ECF 420 at 2 & n.4.

[5] Attached as Exhibits A-C to the Rosen Declaration are a series of increasingly-demanding emails concerning the mediation sent by counsel in the Scarborough Action. At first, identifying themselves only as Steering Committee members, counsel sent a request to "coordinate"

Even though the two Scarborough Action plaintiffs were named plaintiffs on behalf of a class that included equities and options claims in one of the first actions filed in this case, to wit, the Gossett Action, which set forth a single securities law claim and eight state court claims, neither they nor their counsel moved for appointment as Lead Plaintiff and Lead Counsel, respectively, in the Federal Securities Law Tranche. Instead, the Scarborough Action plaintiffs and their counsel made the strategic decision to seek redress for options damages via state law claims in the Robinhood Tranche – claims that the Court dismissed with prejudice. ECF 359, 409 and 453. Two weeks after the March 23, 2023, oral argument in the Eleventh Circuit on the appeal of the Court's dismissal was heard,[6] they filed the Scarborough Action in the Central District of California.

*Not once* since the Lead Plaintiff Order was issued on October 15, 2021, did counsel in the Scarborough Action – or counsel for any other injured investors – request that Lead Plaintiff pursue claims in the Federal Securities Laws Tranche on behalf of options traders. Rosen Declaration at ¶3. On the eve of Plaintiffs filing their class certification motion, on April 25, 2023, a docket entry announced: (1) the filing of the Scarborough Action, a nearly-identical federal securities class action on behalf of options traders, on April 6, 2023 (*compare* Amended Consolidated Class Action Complaint (ECF 527), *with* Scarborough Action "Class Action Complaint for Damages," Rosen Declaration, Ex. D); and (2) the transfer of the Scarborough Action from the Central District of California to this Court by the JMDL Panel. *See* ECF 554. Two weeks earlier, on April 10, 2023, shortly after filing that lawsuit, counsel in the Scarborough Action issued a purported PSLRA notice indicating that parties interested in filing a motion to be appointed as lead plaintiff for a federal securities law options class do so by June 9, 2023. *See* Rosen Declaration, Ex. E.

The existence of two parallel actions in the Federal Securities Laws Tranche contravenes the PSLRA's goal to centralize authority over the prosecution of one consolidated case by Lead Plaintiff and Lead Counsel. For the reasons set forth below, Plaintiffs request that the Court

---

concerning the mediation on March 31, 2023 – without any mention that a complaint was about to be filed. On May 5, 2023, counsel warned Plaintiffs not to settle the newly-filed options claims at the mediation. On May 10, 2023, counsel for both Robinhood and Plaintiffs were asked to inform the Court that the parties needed to postpone the mediation until after the lead plaintiff appointment in the Scarborough Action so that options claimants could also participate.

[6] https://www.ca11.uscourts.gov/oral-argument-recordings?title=22-10669&field_oar_case_name_value=&field_oral_argument_date_value%5Bvalue%5D%5Byear%5D=&field_oral_argument_date_value%5Bvalue%5D%5Bmonth%5D=.

consolidate the Scarborough Action into the Federal Securities Laws Tranche led by Lead Plaintiff and discontinue as moot the lead plaintiff process noticed by the Scarborough Action plaintiffs.

## II.  CHRONOLOGY OF RELEVANT EVENTS

### A.  Activity in the Federal Securities Laws Tranche

In April 2021, multiple actions alleging federal securities laws claims were among dozens of actions transferred to this Court by the U.S. Judicial Panel on Multidistrict Litigation for coordination and/or consolidation of pretrial proceedings. *See* ECF 1; ECF 420. Separate and apart from the coordination of pretrial proceedings before a single court in a MDL action, the PSLRA sets forth a detailed procedure by which cases asserting similar claims under the federal securities laws are consolidated for prosecution by a court-appointed Lead Plaintiff and Lead Counsel. *See* 15 U.S.C. §78u-4(a)(3). The operative PSLRA notice was issued on May 28, 2021, setting a July 27, 2021, deadline for those seeking to represent a class of investors injured by Robinhood's violations of the federal securities laws to bring a motion to be appointed as the lead plaintiff. ECF 366-2. Investors were provided sufficient information to locate and review the various complaints already on file and the claims and classes set forth therein. *Id.*

Named plaintiffs in the Scarborough Action were aware that they could move to serve as the lead plaintiff pursuing federal securities laws claims, *but they did not choose to do so*. Specifically, the Gossett Action was referenced as one of the actions consolidated pursuant to the PSLRA because of its single Rule 10b-5 claim that included a class of options traders. *See id.*; Lead Plaintiff Order (ECF 420) at 2 & n.4. Thus, there can be no doubt that Scarborough, Schiller, and their counsel were well aware of the applicable deadline for filing lead plaintiff motions. In addition to Blue Laine-Beveridge, whom the Court appointed as Lead Plaintiff, there was only one other movant, a two-person group, Abe Kurdi and Teodoro Russell Pueyrredon. *See* ECF 420. The Lead Plaintiff Order expressly charged Lead Plaintiff and Lead Counsel with, *inter alia*, "performing such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities in the Federal Securities Tranche," and designated Lead Counsel as the sole conduit of communications with the Court "with respect to the Federal Securities Laws." *Id.* at 13-14.

Following the Lead Plaintiff and Lead Counsel appointments pursuant to the PSLRA, at the Court's direction, Robinhood's counsel and Lead Counsel negotiated a schedule for briefing a motion to dismiss and entered into three stipulations governing discovery. ECF 428, 441-443. On November 30, 2021, Lead Plaintiff and certain named plaintiffs filed the Consolidated Class

Action Complaint in the Federal Securities Laws Tranche. ECF 446. At that time, although at least one initially-filed case that included options, to wit, the Gossett Action, was subsumed under Lead Plaintiff's authority, Lead Counsel researched both the facts and law and determined not to pursue class-wide claims on behalf of investors trading in options. Robinhood's motion to dismiss was fully briefed and submitted on February 11, 2022.  ECF 449, 454, and 455.

In the fall of 2022, following the Court's decision upholding two of Plaintiffs' claims (ECF 503), Robinhood filed an answer (ECF 510), Robinhood and Plaintiffs exchanged initial disclosures, filed a Joint Planning and Scheduling Report (ECF 515), and commenced merits and class discovery. When the operative complaint was filed on January 17, 2023, withdrawing certain named plaintiffs and naming others, again, no options claims were included. ECF 527. Following substantial class discovery, on April 28, 2023, the Proposed Class Representatives moved to certify a seller class including only stock and ADSs. Shortly thereafter, counsel for Robinhood and the Proposed Class Representatives filed submissions and attended a Court-ordered mediation on May 17, 2023, one that had been on calendar since October 31, 2022. ECF 523. Class certification briefing will be completed on June 30, 2023. *See* ECF 517 (Scheduling Order).

**B.      Activity in the Robinhood Tranche**

Although Scarborough's and Schiller's claims in the Gossett Action straddled two tranches, two of Scarborough's and Schiller's current attorneys, Klafter and Pessah, opted to join and vie for leadership in the state law Robinhood Tranche, obtaining a personal appointment to the Steering Committee in the non-federal-securities-action leadership structure.[7] The selection process required counsel to disclose, *inter alia*, any direct or indirect interest in the claims or lawsuits filed by counsel in the other tranches. *See* ECF 286 at 4, Question 3. Not intending to move on behalf of Scarborough, Schiller, or any other damaged options investor to be appointed as Lead Plaintiff in the Federal Securities Laws Tranche, attorneys Klafter and Pessah responded that they did not possess an interest in the claims asserted in any other tranche. ECF 298 and 290. On May 18, 2021, the Court appointed both to the Steering Committing governing the three non-federal-securities-laws tranches. ECF 310. Before master complaints were filed in the other

---

[7] Attorneys Pessah and Chelin were counsel in the hybrid state/federal Gossett Action. Attorney Klafter was counsel in another action alleging state law claims, also on behalf of a class that included options traders, *Krasowski v. Robinhood, et al.,* No. 1:21-cv-21313 (ECF 200-2).

tranches, the Court afforded discovery to those tranches that was not to be shared with parties in the Federal Securities Laws Tranche due to the PSLRA's discovery stay. ECF 323.[8]

Thus, instead of filing a lead plaintiff motion in the Federal Securities Laws Tranche on July 27, 2021, counsel in the Scarborough Action were part of the Robinhood Tranche that filed an amended complaint that day, one which included claims on behalf of options traders. ECF 359. In response to a Robinhood motion to dismiss, the operative complaint in that action was filed on September 21, 2021. ECF 409. After the action was dismissed on January 26, 2022, the Robinhood Tranche plaintiffs appealed the Court's decision. ECF 453 and 457. The Eleventh Circuit heard oral argument on March 23, 2023.

## III. THE PSLRA VESTS SOLE AUTHORITY IN LEAD PLAINTIFF TO DETERMINE THE CONTOURS OF THE CLAIMS ALLEGED

Congress enacted the PSLRA in 1995 to, in part, put an end to lawyer-driven litigation such as the Scarborough Action's attempt carve out niche claims in a case in which a lead plaintiff has already been appointed. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, No. 12-CV-4081, 2013 WL 4399215, at *4 (S.D.N.Y. Aug. 13, 2013) (otherwise, "'any consolidated securities fraud class action [would] carry with it a corresponding ecosystem of separate class actions seeking relief on behalf of securities holders whose claims vary from the lead plaintiffs. [The options plaintiff's] approach invites the type of lawyer-driven litigation that the PSLRA seeks to avoid…'") (bracketed material in original) (citation omitted). In *Facebook*, 29 of the 31 cases initially consolidated brought Securities Act claims, the other two alleged Exchange Act claims. The two plaintiffs who had filed Exchange Act claims unsuccessfully opposed consolidation with the Securities Act cases and were not appointed as lead plaintiff for the consolidated action. *Id.* at *1, 5. Two months after its appointment, the lead plaintiff filed a complaint that did not contain Exchange Act claims. Six weeks later, the plaintiffs who had initially filed Exchange Act claims sought to have their cases severed from the consolidated cases so that they could pursue those claims in a parallel class action. *Id.* at 2. The Court denied the motion for a number of reasons.

First, "courts in [the Second] Circuit have consistently held that … the PSLRA's lead plaintiff provisions are a mandate by Congress to vest the lead plaintiff with authority 'to exercise

---

[8] Should the Court appoint them Lead Counsel in a carve-out options class, Scarborough Action counsel already have access to thousands of pages of documents they would not otherwise have had until after a decision against Robinhood on a motion to dismiss.

control over the litigation as a whole.'" *Id.* at *3 (citing *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 n.13 (2d Cir. 2004), a case cited by the Court in the Lead Plaintiff Order, ECF 420 at 9). Consequently, "any requirement that a different lead plaintiff be appointed to bring every single available claim would contravene the main purpose of having a lead plaintiff – namely to empower one or several investors with a major stake in the litigation to 'exercise control over the litigation as a whole.'" *Id.* Specifically, "tactical decisions [about which claims to assert] are the prerogative of a lead plaintiff." *Id.* at  *4 (citing *In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.,* No. 09 MD 2058, 2011 WL 4538428, at *1 (S.D.N.Y. Sept. 29, 2011) ("*BofA II*")) (bracketed material in original). If the Scarborough Action plaintiffs "are allowed to bring their own separate class action for their claims, it would render the PSLRA's lead plaintiff provisions meaningless." *Facebook*, 2013 WL 4399215 at *4.

The second reason severance was rejected in *Facebook* was a prudential concern: "if a parallel class action were to be permitted … the Exchange Act Plaintiffs and the Lead Plaintiffs would thus necessarily be in destabilizing competition to race to an early resolution." *Id.* at *5.[9] This point is underscored by the sudden filing of the Scarborough Action after their counsel's efforts to inject themselves into a mediation in which their presence was never contemplated did not immediately bear fruit. *Compare* Rosen Decl., Ex. A (email dated March 31, 2023, seeking to "coordinate" prior to the mediation, only identified attorneys Klafter and Pessah as members of the Steering Committee) *with* Rosen Decl., Ex. B (email dated May 5, 2023, identifying attorneys Klafter, Pessah and Chelin as counsel for a newly-filed options class and insisting Lead Counsel not negotiate a release of any options traders claims) *and with* Rosen Decl., Ex. C. (email dated May 10, 2023, seeking to "postpone the Mediation until after Lead Counsel and Lead Plaintiff for the Options Class have been determined so that the Mediation can proceed with the inclusion of Lead Plaintiffs for the Options Class"). The timing of the filing of the Scarborough Action is a

---

[9] The Scarborough Action plaintiffs may argue their options claims do not overlap those of the current class, as did the claims in *Facebook.* Not so. Many investors traded in both equities and options and thus are members of both classes. Moreover, should the Eleventh Circuit reverse the Court's decision on the Robinhood Tranche claims *and* the Court permit a separate options class action within the Federal Securities Laws Tranche, were they to be appointed as Lead Counsel, the Scarborough Action's attorneys could be in two tranches at once, adding a conflict of interest to any potential "destabilizing competition" within this tranche.

transparent effort to interfere in the resolution of the claims consolidated in the Federal Securities Laws Tranche.

Third, even though the Exchange Act Plaintiffs in *Facebook* asserted that they would be bringing their claims on behalf of a broader group of potential class members – here, in addition to options claims, there is a new security (AAL) and the proposed class period is two weeks longer – "variations in class definition do not defeat consolidation or justify a proliferation of overlapping classes." 2013 WL 4399215 at *6. "Lead plaintiffs 'necessarily make[ ] determinations that limit the class of shareholders. Inevitably, any class definition establishes boundaries as to who may recover' as part of the class." *Id.* (citing *BofA II,* 2011 WL 4538428, at *2).

Fourth, as explained by the *Facebook* court, Messrs. Scarborough and Schiller may bring individual actions should they desire, 2013 WL 4399215 at *6, just not pursue claims on behalf of an entire class. As the Supreme Court explained in *China Agritech, Inc. v. Resh,* 138 S. Ct. 1800, 1808 (2018), because Scarborough and Schiller had "notice and the opportunity to participate in the … class litigation, there is little reason to allow plaintiffs who passed up those opportunities to enter the fray several years after class proceedings first commenced."

Here, unlike the losing movants in *Facebook,* Scarborough and Schiller and their counsel *never*: (1) attempted to move the Court for appointment as Lead Plaintiff and Lead Counsel; (2) sought to sever the options claims from the consolidation order, either at the lead plaintiff stage or when options traders were not included in Lead Plaintiff's November 30, 2021, complaint; or (3) requested that Lead Plaintiff add options traders to his class. Having sat on their hands through the filing of two complaints by Lead Plaintiff, briefing on the motion to dismiss, substantial discovery, and the filing of a class certification motion, the Scarborough Action plaintiffs and their counsel do not get to reset the lead plaintiff motion clock to July 27, 2021, so that they can attempt to belatedly join proceedings in the Federal Securities Laws Tranche already in progress.

## IV.   LEAD PLAINTIFF'S SOLE AUTHORITY TO PROSECUTE FEDERAL SECURITIES LAW CLAMS SPECIFICALLY INCLUDES HIS DECISION NOT TO BRING CLAIMS ON BEHALF OF OPTIONS TRADERS

The *Facebook* court relied heavily on successive decisions in another MDL, *In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.*, No. 09 MDL 2058, in which the court faced the precise issued posed here, to wit, whether a later-filed options class can be maintained under the control of its own lead plaintiff alongside the consolidated cases under the purview of the lead plaintiff

initially appointed by the court. The answer, twice, was a definitive "No."

The procedural posture for the initial decision was that several months after the court-appointed lead plaintiffs filed a consolidated complaint that did not include options traders, two sets of new plaintiffs filed complaints on behalf of an options class, moved to consolidate them, and vied for appointment as lead plaintiff in a carve-off class action in motions opposed by the court-appointed lead plaintiff. *In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.*, No. 09 MD 2058, 2010 WL 1438980, at *1-2 (S.D.N.Y. Apr. 9, 2010) ) ("*BofA I*"). Because the PSLRA requires that consolidation must be resolved before lead plaintiff consideration, the court's first ruling was to consolidate the later-filed niche complaints into the main action because they raise the same issues of fact and law and differ only as to damages. *Id.* at *2. (The Scarborough Action having copied the operative complaint here, consolidation is appropriate. *See* Sec. V, below.)

Next, the Court summarily denied appointment of lead plaintiffs and lead counsel for a proposed options class: "Lead Plaintiffs have the authority to decide what claims to assert on behalf of securities holders. Permitting other plaintiffs to bring additional class actions now, with additional lead plaintiffs and additional lead counsel, would interfere with Lead Plaintiffs' ability and authority to manage the Consolidated Securities Actions." *Id.* The court noted that among the lead plaintiffs were those who suffered debt securities losses (another niche plaintiff class also seeking carve-out status), so that there would be an incentive for lead plaintiffs to bring such claims "if there is a meritorious basis for doing so." *Id.*[10] Finally, the court noted, should the lead plaintiffs ultimately decide not to bring claims on behalf of debt securities and options, movants were free to pursue their cases as individual claims. *Id.* at *3.

Thereafter, the lead plaintiffs filed an amended complaint adding claims on behalf of traders in put and call options. Following a decision on a motion to dismiss that allowed the case to proceed as to only one type of call contract, one of the two initial options movants again tried

---

[10] As explained above, when determining whether to include claims for options traders here, a case brought on behalf of equity holders of nine issuers, Lead Counsel considered this Court's decision in *Krukever v. TD Ameritrade, Futures & Forex LLC*, 328 F.R.D. 649 (S.D. Fla. 2018), denying class certification in a case with 888 unique option types. Plaintiffs understand that GME alone had more than 2,000 call contract types outstanding during the class period, and that, in total, there are more than 4,500 unique types of call options for the six companies at issue in the Scarborough Action complaint. Rosen Declaration at ¶5. For this reason, although options classes are sometimes certified in single-issuer cases, Lead Plaintiff and Lead Counsel determined not to include class-wide claims on behalf of options traders. *Id.*

to lead a separate options class. In *BofA II*, 2011 WL 4538428 at *1 (S.D.N.Y. Sept. 29, 2011), the court was not persuaded by the argument that a parallel action should *now* be allowed because the movant sought relief for a broader class:

> The lead plaintiffs have not sought leave to add additional class plaintiffs or otherwise attempted to amend the complaint to revive their claims on behalf of options holders. Such tactical decisions are the prerogative of a lead plaintiff … [A] lead plaintiff necessarily makes determinations that limit the class of shareholders. Inevitably, any class definition establishes boundaries as to who may recover. Individuals excluded from the class may pursue individual claims …

*Id.* at *1-2. Both *BofA* decisions firmly establish Lead Plaintiff's authority to include only those injured by their sales of stock and ADSs within the boundaries of the class.

A lead plaintiff's prerogative to determine class membership extends beyond the pleading stage. Granting class certification, one court approved a proposed class representative's decision to voluntarily dismiss a claim under Section 12(a) of the Securities Act in favor of only pursuing Section 11 and 15 class claims. *In re Barclays Bank PLC Sec. Litig.*, No. 09 CIV. 1989 (PAC), 2016 WL 3235290 (S.D.N.Y. June 9, 2016). Before criticizing defendants' self-serving argument (made after the repose period had elapsed) that the lone proposed representative was inadequate due to the dismissal of the Section 12 claim, the court first cited *BofA II* as a matter of settled law: "[L]ead plaintiff [ ] is permitted to make tactical decisions to pursue some claims and not others." 2016 WL 3235290, at *7. Similarly, settlement objections criticizing the scope of the class are routinely rejected. *See, e.g., In re Facebook, Inc., IPO Secs. and Deriv. Litig.*, 343 F. Supp. 3d 394, 410-11 (S.D.N.Y. 2018) (overruling objection that plaintiffs did not pursue Exchange Act claims); *New York State Teachers' Ret. Sys. v. Gen. Motors Co.*, 315 F.R.D. 226, 239 (E.D. Mich. 2016), *aff'd sub nom. Marro v. New York State Teachers' Ret. Sys.*, No. 16-1821, 2017 WL 6398014 (6th Cir. Nov. 27, 2017) (district court cited *Hevesi* and *BofA I* and overruled objection that GM warrant holders were omitted from the class settlement, holding: "the decision whether to include GM warrant holders in this litigation fell within NYSTRS' discretion as lead plaintiff").

Lead Plaintiff having considered and rejected the inclusion of options traders in the instant consolidated action, the Scarborough Action plaintiffs and their counsel have no legal basis for insisting that a separate options class action with its own Lead Plaintiff and Lead Counsel proceed.

## V.  THE SCARBOROUGH ACTION SHOULD BE CONSOLIDATED INTO THE FEDERAL SECURITIES LAWS TRANCHE AND ITS LEAD PLAINTIFF PROCESS DISCONTINUED AS MOOT

In its Lead Plaintiff Order, the Court determined that the JMDL Panel had already consolidated the cases alleging federal securities laws claims in the order transferring to the Court the dozens of cases that were ultimately distributed among four tranches. ECF 420 at 2 & n.4; ECF 1. In non-MDL cases subject to the provisions of the PSLRA, *before* making any determinations concerning the appointment of a lead plaintiff, the Court must first determine whether to consolidate multiple filed actions. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii) ("If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the [lead plaintiff] determination required by clause (i) until after the decision on the motion to consolidate is rendered.")

The standard for consolidation is whether the actions are "asserting substantially the same claim or claims arising under this chapter." *Id.* In *BofA I*, when presented with niche complaints on behalf of debt securities and options classes, claims omitted from the lead plaintiffs' consolidated complaint filed several months earlier, the court's initial order of business was to consolidate the niche complaints into the main action: "First, *Iron Workers* [debt securities' class action]*, Dornfest,* and *Ciullo* [options traders class actions] arise out of the same facts and circumstances relating to BofA's acquisition of Merrill as are at issue in the Consolidated Securities Actions. The cases are substantially similar and, except perhaps with respect to damages, raise the same issues of fact and law. Hence, the three cases should be consolidated into the Consolidated Securities Actions." 2010 WL 1438980, at *2.

Here, because the Scarborough Action complaint is nearly a carbon copy of the operative complaint in the Federal Securities Laws Tranche, with the exception of damages issues, it should be consolidated into the existing action under the auspices of the existing Lead Plaintiff and Lead Counsel thereby mooting any new Lead Plaintiff process.

## VI.  CONCLUSION

For the reasons stated herein, in any reply papers in support of the motion, and at any oral argument the Court may schedule, Plaintiffs respectfully request that the Court consolidate the Scarborough Action into the existing Federal Securities Laws Tranche and discontinue as moot

the proposed lead plaintiff process noticed for that action.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERENCE

On May 18, 2023, counsel for Plaintiffs conferred with counsel for the Scarborough Action in an effort to consolidate the Scarborough Action into the Federal Securities Laws Tranche, with its lead plaintiff process voluntarily discontinued. Plaintiffs' counsel explained that they would file this motion if an impasse was reached. Counsel in the Scarborough Action insisted upon proceeding with a separate action, with additional lead plaintiffs and additional lead counsel.

Counsel for Plaintiffs also informed counsel for Robinhood that this motion would be filed, and that counsel for the Scarborough Action refused to consent to the requested relief. On May 26, 2023, counsel indicated that Robinhood supports the motion to consolidate the Scarborough Action with the other cases in the Federal Securities Laws Tranche and takes no position on the lead plaintiff process.


Dated:  May 26, 2023                    Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**
                                        Laurence M. Rosen, FBN# 0182877
                                        Robin Bronzaft Howald
                                        Michael A. Cohen
                                        By: /s/ Laurence M. Rosen
                                        Laurence M. Rosen, Esq.
                                        275 Madison Avenue 40th Floor
                                        New York, New York 10016
                                        Tel: (212) 686-1060
                                        Fax: (212) 202-3827
                                        Email: lrosen@rosenlegal.com

                                        *Counsel for Lead Plaintiff Blue Laine-Beveridge and Named Plaintiffs Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash*

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Laurence M. Rosen</u>