UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/DAMIAN

In re:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**

_____/

This Document Relates to
Case No. 1:23-cv-21572 -CMA

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
MOVANTS MAURICE SCARBOROUGH AND SCOTT SCHILLER FOR: (1)
APPOINTMENT AS LEAD PLAINTIFFS FOR THE OPTIONS CLASS; AND (2)
APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

MOTION ............................................................................................................................... 1

INTRDOCTION AND BACKROUND……………………………………………………..1

ARGUMENT ........................................................................................................................ 3

I.   MOVANT SHOULD BE APPOINTED AS LEAD PLAITIFFS FOR THE OPTIONS CLASS................................................................................................................................3

    A.   MOVANTS MADE A MOTION IN RESPONSE TO THE PUBLISHED PSLRA NOTICE…………………………………………………………………………...3

    B.   MOVANTS HAVE THE LARGEST FINANCIAL INTEREST IN THE ACTION ................................................................................................................... 4

    C.   MOVANTS SATISFY THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE ....................................................... 5

        1.   Movants' Claims are Typical of the Claims of the Members of the Options Class……………………………………………………………………….5

        2.   Movants Are Adequate Representatives of the Options Class ....................... 6

    D.   MOVANTS ARE PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFFS…………………………………………………………………...6

II.  MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED ......................... 7

CONCLUSION..................................................................................................................... 7

# TABLE OF AUTHORITIES

*Eastwood Enters., LLC v. Farha,*
  2008 U.S. Dist. LEXIS 19127 (M.D. Fla. Mar. 11, 2008) ...................................................... 4, 5

*Fischler v. Amsouth Bancorporation,*
  1997 U.S. Dist. LEXIS 2875 (M.D.F.L. Feb. 6, 1997) ............................................................... 5

*In re 21st Century Holding Co. Sec. Litig.,*
  2007 U.S. Dist. LEXIS 103464 (S.D.F.L Nov. 20, 2007) ........................................................... 4

*In re January 2021 Short Squeeze Trading Litig.*,
  2021 U.S. Dist. LEXIS 199545 (S.D. Fl. Oct. 15, 2021) ........................................................... 3

*Miller v. Dyadic Int'l, Inc.*,
  2008 U.S. Dist. LEXIS 32271 (S.D. Fla. Apr. 18, 2008)……………………………………...4

*Newman v. Eagle Bldg. Techs.*,
  209 F.R.D. 499 (S.D. Fla. 2002) ............................................................................................ 4, 5

*Plumbers & Pipefitters Local 51 Pension Fund v. Darden Rests., Inc.,*
  2008 U.S. Dist. LEXIS 111155 (M.D.F.L. July 1, 2008)……………………………………....4

Fed. R. Civ. P. 23 ................................................................................................................... 3,5, 6

15 U.S.C. § 78u4 ................................................................................................................. *passim*

## MOTION

Movants Maurice Scarborough and Scott Schiller ("Movants"), pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), hereby move this honorable Court on a date and at such time as may be designated by the Court, for an Order: (1) appointing Movants as Lead Plaintiffs on behalf of a class consisting of persons or entities who held call options (collectively the "Affected Options") to purchase common stock in AMC Entertainment Holdings, Inc., GameStop Corp. ("GME"), American Airlines Group Inc. (NASDAQ: AAL), Bed Bath & Beyond Inc. ("BBBY"), BlackBerry Ltd. ("BB"), or American Depositary Shares of foreign-issuers Nokia Corp. ("NOK") (collectively the "Affected Stocks"), as of the close of trading on January 27, 2021, and who sold such Affected Options at a loss, or whose Affected Options expired between January 28, 2021 and February 19, 2021 (the "Options Class") as a result of Robinhood's trading restrictions which allegedly violated the federal securities laws; (2) approving Movants' selection of Klafter Lesser LLP (the "Klafter Lesser Firm" and Pessah Law Group, PC (the "Pessah Firm") as Lead Counsel; and (3) granting such other and further relief the Court may deem just and proper.

In support of this Motion, Movants submit herewith a Memorandum of Law and the Declaration of Jeffrey A. Klafter ("Klafter Decl."), both dated June 9, 2023. Movants have also filed and emailed a proposed Order to the Court.

## INTRODUCTION AND BACKGROUND

Under the PSLRA, the lead plaintiff has the authority to bring claims under the federal securities laws with regard to the class or classes set forth in the notice mandated by the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I) ("[n]ot later than 20 days after the date on which the complaint is filed," notice must be published in a national business publication or wire service **describing and advising the members of the purported class**, of the pendency of the action, claims asserted, and class period. On April 10, 2023, in compliance with this provision of the PSLRA, the Klafter Lesser Firm caused the notice, attached as Exhibit A to the Klafter Decl. to be published via *PRNewswire* (the "PSLRA Options Notice"). That PSLRA Options Notice described the class at issue as follows:

> investors who held call options on the Robinhood Trading Platform as of the close on January 27, 2021 to purchase any of the following stocks: American Airlines Group Inc. (NASDAQ: AAL), AMC Entertainment Holdings Inc. (NYSE: AMC),

1

BlackBerry Limited (NYSE: BB), Bed Bath & Beyond Inc. (NASDAQ: BBBY), GameStop Corp. (NYSE: GME), or Nokia Corporation (NYSE: NOK) (the "Affected Options"), sold such options or such options expired, during the period January 28, 2021 through and including February 19, 2021 (the "Class Period"), and thereby suffered a loss.

This PSLRA Options Notice also informed investors who held the Affected Options of their right to move to serve as lead plaintiff no later than June 9, 2023. No prior notice published in accordance with the PSLRA ever advised members of this Options Class that class claims had been asserted on their behalf or invited them to move to be appointed as lead plaintiff.

Commencing on January 28, 2021, Robinhood suddenly imposed unprecedented "position closing only" (i.e. buy-side) trading restrictions across its brokerage on a basket of stocks ("Affected Stocks")[1]. The result was a precipitous decline in the values of those stocks but also in the values of the Affected Options, which options values are derivative of the values of the underlying stocks. At the time of the restrictions, there was an enormous volume of trading, particularly by relatively unsophisticated retail investors, in both the Affected Stocks and the Affected Options. Both stockholders and options holders suffered significant damages as a result of Robinhood's market manipulation. After decimating the market for the Affected Stocks and the Affected Options through their trading restrictions, a flurry of approximately fifty-three (53) class actions were filed against Robinhood (and others). The Judicial Panel for Multidistrict Litigation ("JPML") consolidated the multiplicity of class actions into this MDL No. 2989 ("MDL"). This Court subsequently entered an Order (ECF No. 420) approving Blue Laine-Beveridge as Lead Plaintiff and its counsel and the Rosen Law Firm as Lead Counsel, but that Order was circumscribed by Blue-Laine Beverage's lead plaintiff motion, which only sought appointment to pursue federal securities claims only concerning the Affected Stocks. *See* ECF No. 366. Consistent with that limited appointment, Lead Plaintiff Blue Laine-Beverage and the Rosen Law Firm have done absolutely nothing to advance the interests of investors whose

---

[1] The thirteen (13) "Affected Stocks" included in Lead Plaintiff's and Lead Counsel's motion for appointment were: American Airlines Group Inc. (NASDAQ: AAL), AMC Entertainment Holdings Inc. (NYSE: AMC), BlackBerry Limited (NYSE: BB), Bed Bath & Beyond Inc. (NASDAQ: BBBY), GameStop Corp. (NYSE: GME), Express (NYSE: EXPR), Koss Corporation (NASDAQ: KOSS), Naked Brand Group (NASDAQ: NAKD), Nokia Corporation (NYSE: NOK), Sundial Growers, Inc. (NASDAQ: SNDL), Tootsie Roll Industries (NYSE: TR), and Trivago NV (NASDAQ: TRVG).

investments in the Affected Options were decimated by Robinhood's trading restrictions. No notice under the PSLRA prior to the PSLRA Options Notice informed any Options Class member that any class claims had been brought on their behalf or that invited them to move to become lead plaintiff on behalf of any Options Class.

## ARGUMENT

I.  **MOVANTS SHOULD BE APPOINTED AS LEAD PLAINTIFFS FOR THE OPTIONS CLASS**

The PSLRA sets forth procedures for the selection of the Lead Plaintiff in class actions brought under the federal securities laws. The PSLRA requires the Court to appoint a member of the class described in the PSLRA notice who timely moves in response to that notice "that the court determines to be most capable of adequately representing the interests of class members." In making this determination, the PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group … " that:

(aa)    has either filed the complaint or made a motion in response to a notice …;

(bb)    in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re January 2021 Short Squeeze Trading Litig.,* 2021 U.S. Dist. LEXIS 199545, *22 (S.D. Fl. Oct. 15, 2021) ("October 15, 2021 Order"). As set forth below, Movants satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate representatives of the Option Class and, therefore, should be appointed Lead Plaintiffs for that class.

### A. MOVANTS MADE A MOTION IN RESPONSE TO THE PUBLISHED PSLRA NOTICE

Movants have brought the present motion in response to the published PSLRA Options Notice and have filed in connection with the filing of their Complaint brought on behalf of the Options Class (ECF No. 1 in Case No. 1:23-cv-21572 -CMA) PSLRA certifications attesting that they are willing to serve as representatives of the Options Class, are willing to assume the duties and responsibilities of being Options Class representatives and are willing to provide testimony

3

at deposition and at trial, as necessary. These Certifications for the convenience of the Court are attached as Exhibit B to the Klafter Decl.. As such, Movants satisfy the first requirement to serve as Lead Plaintiffs for the Options Class.

### B. MOVANTS HAVE THE LARGEST FINANCIAL INTEREST IN THE ACTION

In determining the movant with the largest financial interest, this Court has applied the following factors:

> (1) the number of shares purchased during the class period, (2) the amount of the investment or net funds expended during the class period, and (3) the estimated losses suffered.

October 15, 2021 Order, 2021 U.S. Dist. LEXIS 199545, *24 citing *Miller v. Dyadic Int'l, Inc.*, No. 07-80948-Civ., 2008 U.S. Dist. LEXIS 32271, 2008 WL 2465286 at *3 (S.D. Fla. Apr. 18, 2008) (citation omitted). This Court has also noted that "most courts accord the third factor, the estimated losses, the greatest weight." October 15, 2021 Order, 2021 U.S. Dist. LEXIS 199545, *24.

In this District and the Eleventh Circuit more generally, it is well settled that investors may aggregate their losses into a group to show the largest financial interest. *See Newman v. Eagle Bldg. Techs.,* 209 F.R.D. 499, 503 (S.D. Fla. 2002). ("The idea that plaintiffs may aggregate their losses into a group to show the derives from the language of the PSLRA which states that the most adequate plaintiff is the 'person or group of persons.'") (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)); *id.* at 503-04 ("This Court adopts the reasoning of the Third Circuit and finds that aggregation is acceptable for the purposes of lead plaintiff in private securities litigation."); *In re 21st Century Holding Co. Sec. Litig.,* 2007 U.S. Dist. LEXIS 103464 at *11 (S.D.F.L Nov. 20, 2007)("When moving for lead plaintiff, aggregation of individual losses to form a small group is acceptable and derives from the language of the PSLRA which states that the most adequate plaintiff is the person or group of persons.") (Internal citations omitted); *Plumbers & Pipefitters Local 51 Pension Fund v. Darden Rests., Inc.,* 2008 U.S. Dist. LEXIS 111155 (M.D.F.L. July 1, 2008) (permitting two pension funds to aggregate their losses and appointing them as a group of lead plaintiffs);*Eastwood Enters., LLC v. Farha,*2008 U.S. Dist. LEXIS 19127 at *7 (M.D. Fla. Mar. 11, 2008) ("District courts within the Eleventh Circuit have allowed aggregation of a group's loss in order to determine whether the group is the

presumptively most adequate plaintiff."). Further, "[t]here is no requirement contained in the PSLRA that the group of persons serving as lead plaintiff have a relationship among themselves. Instead, the PSLRA focuses on whether the person or group that is the proposed lead plaintiff can fairly and adequately serve as the lead plaintiff." *Newman*, 209 F.R.D. at 503–04; *see also Eastwood Enterprises*, at *9 ("We note at this juncture that we disagree with those courts that have held that the statute invariably precludes a group of 'unrelated individuals' from serving as a lead plaintiff. The statute contains no requirement mandating that the members of a proper group be 'related' in some manner.") (citations omitted).

Movants collectively lost $5,745.06 on their investments in the Affected Options at the close on January 27, 2021, that they sold at a loss, or that expired, between January 28, 2021, and February 19, 2021, as a result of the alleged manipulation and fraud. Movants' individual and collective losses are shown in the spreadsheet attached as Exhibit C to the Klafter Decl.. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the Option Class.

### C. MOVANTS SATISFY THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The last requirement for being entitled to the presumption of being the most adequate plaintiff is that the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc). *See* October 15, 2021 Order, 2021 U.S. Dist. LEXIS 199545, *25. Only the typicality and adequacy requirements of Rule 23 are relevant for purposes of a lead plaintiff appointment. *Id.* Further, only a *prima facie* showing is necessary. *Fischler v. Amsouth Bancorporation,* 1997 U.S. Dist. LEXIS 2875, at * 1 (M.D.F.L. Feb. 6, 1997)

1. Movants' Claims are Typical of the Claims of the Members of the Options Class

The Rule 23(a) typicality requirement is satisfied where "the claims and defenses of the class and the [proposed lead plaintiff is established a plaintiff's claims arise from the same event or pattern or practice and are based on the same legal theory." October 15, 2021 Order, 2021 U.S. Dist. LEXIS 199545, * 25. An identity of claims and facts, however, is not necessary. *Id.*

Here, Movants claims are typical of the claims of the Options Class because each Movant, like every member of the Options Class, held an Affected Option at the close on January 27, 2021, and sold those Affected Options at a loss, or whose Affected Options expired.

5

Between January 28, 2021, and February 19, 2021, due to the same restrictions on trading imposed by Robinhood, and all suffered damages as a result.

2. <u>Movants Are Adequate Representatives of the Options Class</u>

The adequacy of representation of Rule 23 is satisfied where no "substantial conflicts of interest exist between the [presumptive lead plaintiff] and where the presumptive lead plaintiff "will adequately prosecute the action." October 15, 2021 Order, 2021 U.S. Dist. LEXIS 199545, * 25-26. Movants have each signed Certifications affirming their willingness to serve as lead plaintiff and vigorously prosecute the claims of the Options Class. *See* Klafter Decl. Ex B. Movants have also retained counsel with significant experience in securities or other complex litigation . *See* the Firm Resumes of the Klafter Lesser Firm and the Pessah Firm, attached as Exhibits D and E, respectively, to the Klafter Decl. Lastly, Movants are not aware that any conflict exists between Movants' claims and those asserted on behalf of the Options Class. Movant also sustained substantial financial losses for them from investments in the Affected Options Securities by means of the Robinhood trading platform and are therefore, extremely motivated to pursue the claims on behalf of the members of the Options Class.

**D. MOVANTS ARE PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFFS**

Movants are therefore entitled to the presumption that they are the most adequate investors to represent the Options Class. This presumption may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly adequately protect the interest of the class; or
> 
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); October 15, 2021 Order, 2021 U.S. Dist. LEXIS 199545, * 26-27.

The presumption that Movants are the most adequate Lead Plaintiff is not subject to rebuttal here as there is no basis for proving either infirmity. The ability of Movants to represent the Options Class fairly and adequately is discussed above. Movants are also not aware of any unique defenses Defendants could raise against any of them that would render any Movant inadequate to represent the Options Class. The close alignment of interests between Movants and the members of the Options Class, as well as their strong desire to prosecute the claims of the Options Class, provide ample reason to grant Movants' motion to serve as Lead Plaintiff.

6

## II. MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to "select and retain counsel to represent the class," subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); October 15, 2021 Order, 2021 U.S. Dist. LEXIS 199545, * 33. A court should "generally employ a deferential standard in reviewing the lead plaintiff's choice[]" and "should not interfere with the lead plaintiff's selection of counsel unless necessary to 'protect the interests of the class[.]" *Id.*; 15 U.S.C. § 78u4(a)(3)(B)(iii)(II)(aa).

Movants have selected the Klafter Lesser Firm and the Pessah Firm to serve as Lead Counsel. Proposed Lead Counsel have extensive experience in prosecuting claims for securities fraud and/or other types of complex class actions. They are both intimately familiar with the facts and claims at issue having been involved in this MDL since its commencement. Additionally, Mr. Klafter has over 50 years of experience during which he has successfully prosecuted as Lead Counsel numerous security fraud class actions resulting in substantial recoveries for the classes he has represented. Mr. Pessah has extensive experience in high-stake complex litigation and class actions. *See* the Firm Resumes of the Klafter Lesser Firm and the Pessah Firm, attached as Exhibits D and E, respectively, to the Klafter Decl.

As a result of proposed Lead Counsel's experience, Movants' proposed counsel has the skill and knowledge to prosecute the claims of the Options Class effectively and expeditiously. Thus, the Court may be assured that by approving Movants' selection of Lead Counsel, the members of the Options Class will receive the best legal representation available.[2]

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) appointing Movants as Lead Plaintiff for the Options Class; (2) approving Movants' selection of

---

[2] That Mr. Klafter and Mr. Pessah were appointed as members of the Steering Committee by this Court's May 18, 2021 Order (ECF No. 310) presents no issue that would prevent either from zealously representing the interests of the Option Class. This Court established the Steering Committee for the Antitrust Tranche, Robinhood Tranche, and Other Broker Tranche and empowered the Steering Committee to "ensure that all [of these] tranche members' interests and positions are represented in decision making." This Court, however, has dismissed the complaints of each of these tranches with prejudice so the Steering Committee has no function at this time. Nevertheless, given the possibility that the Eleventh Circuit could reinstate the claims of one or more of these tranches, to avoid the appearance of any conflict, Mr. Klafter and Mr. Pessah will promptly resign from the Steering Committee if appointed as Lead Counsel for the Options Class.

7

the Klafter Lesser Firm and the Pessah Firm as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

## COMPLIANCE WITH CIVIL LOCAL RULE 7.1(A)(3)

Local Rule 7.1(a)(3) requires a conference of counsel prior to filing motions. Due to the lead plaintiff procedure of the PSLRA, however, Movants do not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of Local Rule 7.1(a)(3) be waived.

Dated: June 9, 2023                    Respectfully submitted,

**KLAFTER LESSER LLP**

_/s/ Jeffrey Klafter_
Jeffrey A. Klafter
2 International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
Fax: (914) 934-9220
Email: jak@klafterlesser.com

**PESSAH LAW GROUP, PC**

_/s/ Maurice Pessah_
Maurice D. Pessah
9100 Wilshire Boulevard, Suite 850E
Beverly Hills, CA 90212
Tel. (310) 772-2261
maurice@pessahgroup.com

*[Proposed] Lead Counsel for Lead Plaintiffs and the Options Class*

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 9, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Jeffrey Klafter