UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Damian

In re: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

This Document Relates to the Federal Securities Tranche

**PLAINTIFFS' DISCOVERY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ATTENDANCE OF DEFENDANT ROBINHOOD MARKETS INC. AT PROPERLY NOTICED 30(B)(6) DEPOSITION**

Lead Plaintiff Blue Laine-Beveridge, and named Plaintiffs Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash (collectively "Plaintiffs"), respectfully submit this discovery memorandum seeking the Court's aid in compelling defendant Robinhood Markets, Inc. ("Robinhood") to appear for a properly noticed 30(b)(6) deposition. Robinhood has refused to offer designees for the 30(b)(6) deposition for a majority of the topics plaintiffs identified on the grounds that plaintiffs refused to agree to Robinhood's legally unsupported demand that Plaintiffs at the same time depose those designees in their personal capacity.[1]

On May 5, 2023, Plaintiffs noticed the 30(b)(6) deposition of defendants Robinhood Markets, Inc., Robinhood Securities LLC and Robinhood Financial LLC (collectively "Defendants") for June 5, 2021. Surprised at not having received any response or objections, on June 1, 2023, Plaintiffs' counsel requested counsel for Defendants notify them of the number of attendees to be expected at the June 5 deposition in Plaintiffs' counsel's office. On Friday, June 2, 2023, Defendants served responses and objections to the deposition notice and stated in an email that Defendants would not appear for deposition on Monday, June 5, but Defendants *never* provided or offered any alternative dates for the deposition.

On July 17, 2023, Plaintiffs served a revised 30(b)(6) deposition notice on Robinhood Markets Inc. setting a date of August 25, 2023 for the deposition. The revised deposition notice only named Robinhood Markets, the parent company as a deponent, and excluded the two

---

[1] Attached as Exhibit A is Plaintiffs' Revised Notice of 30(b)(6) deposition; Exhibit B is Robinhood's Objections and Responses to the Revised Notice of 30(b)(6) deposition; Exhibit C is Plaintiffs Notice of 30(b)(6) deposition; and Exhibit D is Robinhood's Objections and Responses to Notice of 30(b)(6) Deposition.

subsidiary defendants. In addition, the revised notice eliminated certain deposition topics and clarified others. Robinhood Markets served responses and objections to the revised deposition notice on August 1, 2023. Counsel for all parties met and conferred on August 2, 2023 concerning the noticed 30(b)(6) deposition. Plaintiffs' counsel informed Robinhood's counsel that it was acceptable to reschedule the deposition on any convenient date so long as it occurred no later than September 8, as it was originally noticed for June 5. This provided Robinhood a 93-day delay and allowed it more than 120 days from the date first noticed to prepare necessary witnesses for the deposition.

The crux of this dispute is that Robinhood refuses to sit for a 30(b)(6) deposition for 53 of the 57 noticed topics. Robinhood agreed only to provide a witness to testify as to four topics (41, 42, 44 and 45). These 4 topics relate solely to the existence of insurance policies, employee stock trading policies, its human resources management system, and the nature of its data analytics platform. Robinhood refuses to testify on any of the substantive issues in the case. The *only* basis for Robinhood's refusal to testify as to the 53 other topics is that it insists that Plaintiffs must depose Robinhood's designated 30(b)(6) witnesses in their personal capacity as fact witnesses on the same date that these witnesses provide 30(b)(6) testimony as corporate designees of Robinhood. Robinhood states it will not let Plaintiffs take the depositions of these people twice, once as a 30(b)(6) designee and then again as fact witnesses.

Defendants have not produced the bulk of documents requested, particularly emails, and Plaintiff intends to use the 30(b)(6) deposition to aid in the discovery process as well as to understand Robinhood's positions as to the important elements of the claims and defenses at issue. Thus, an early 30(b)(6) is essential to Plaintiff's roadmap for discovery and preparing its case for trial. Combining the 30(b)(6) deposition with fact witness depositions will force Plaintiff to delay

2

the 30(b)(6) until Robinhood completes its production of documents, so that relevant documents can be shown to specific fact witnesses.[2] This will prevent Plaintiff from learning at an early stage what exactly Robinhood's positions are as to the relevant claims and defenses. It also prevents Plaintiff from learning what potential sources of documents and other evidence may exist and who potential witnesses may be. This will prejudice Plaintiffs by denying them the ability to engage in discovery in the most effective and efficient manner.

There is no prohibition on deposing a witness in their individual and corporate capacities on separate dates. A 30(b)(6) deposition is separate from a fact witness deposition and a party is entitled to take a corporation's testimony separate and apart from any testimony from the corporate designee in his or her individual capacity. *Commodity Futures Trading Comm'n v. Midland Rare Coin Exch. Inc*., No. 97-7422-CIV, 1999 WL 35148749, at *3 (S.D. Fla. July 30, 1999) ("[U]nder both Local Rule 26.1.K, and Rule 30 of the Federal Rules of Civil Procedure, Plaintiff has the right to depose Modist for six hours in a deposition under 30(b)(6), and subsequently depose Modist under 30(b)(1) in his individual capacity for an additional six hours."). This rule has been followed extensively in the Southern District of Florida. *DHL Express (USA), Inc. v. Express Save Indus. Inc*., No. 09-60276-CIV-COHN, 2009 WL 3418148, at *4 (S.D. Fla. Oct. 19, 2009)(protective order denied because party did not show that the Rule 30(b)(6) deposition would be a waste of time or duplicative of the individual deposition); *Provide Com., Inc. v. Preferred Com., Inc.*, No. 07-80185-CIV, 2008 WL 360588, at *3 (S.D. Fla. Feb. 8, 2008)(protective order denied on grounds that corporate deposition under Rule 30(b)(6) is distinct from individual deposition because both serve two different purposes"); *Ironshore Indem., Inc. v. Banyon 1030-32, LLC,* No. 12-CV-61678,

---

[2] In response to correspondence and at the August 2, meet and confer Robinhood was unable to provide any date as to when it will complete document production.

2014 WL 11531915, at *2 (S.D. Fla. Feb. 28, 2014) (Party must produce a Rule 30(b)(6) representative for deposition, whether or not the prior individual testimony is adopted as corporate testimony at such a deposition"). *See also Smith v. General Mills*, 2006 WL 7276959 (S.D. Ohio Apr. 13, 2006) ("Courts have soundly rejected [the] argument that prior deposition testimony from individual fact witnesses relieves a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition."). Nor does Robinhood's offer to provide a 30(b)(6) witness as to four of the 57 topics excuse its obligation to provide a witness for the remaining topics. "While corporations are permitted to appear through multiple witnesses, Rule 30(b)(6) does not permit a corporate defendant to unilaterally continue a properly noticed deposition by failing to bring all designated witnesses on the date noticed." *Kartagener v. Carnival Corp.*, 380 F. Supp. 3d 1290, 1294 (S.D. Fla. 2019).

Moreover, there is no reason to believe that the testimony of particular employees as fact witnesses would be duplicative or cumulative of Robinhood's 30(b)(6) designee. Here there are three affiliated, but separate, corporate defendants with different management and reporting structures that were involved in the events at issue here. Thus, a 30(b)(6) deposition of the corporate defendant will provide the corporation's testimony on important topics which may vary from the testimony of individual employees, particularly where an employee works for a different subsidiary than Robinhood Markets. Robinhood is not a closely held company. At the time of the relevant events it had over 2,100 employees and is now publicly traded with over $28 billion of assets. Unlike small closely held entities, the knowledge and beliefs of individual Robinhood officers and employees will not directly overlap with the knowledge and beliefs of the corporation as a whole, particularly here where there are three corporate defendants and employees of each are potential fact witnesses. *See DHL Express (USA), Inc. v. Express Save Indus. Inc.*, No. 09-60276-

4

CIV-COHN, 2009 WL 3418148, at *3 (S.D. Fla. Oct. 19, 2009) citing, *Sabre v. First Dominion Capital, LLC,* No. 01 Civ. 2145(BSJ)(HBP), 2001 U.S. Dist. LEXIS 20637 at *18 (S.D.N.Y Dec. 10, 2001).

To the extent that Defendants claim that it is unduly burdensome on a witness to be required to appear on two separate dates, once as a fact witness and once as a 30(b)(6) witness, it is a burden that Defendants themselves create in their choice of individuals who are likely to appear as fact witnesses as their 30(b)(6) designees. A 30(b)(6) deponent need not have personal knowledge of the facts to which they testify. *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *3 (M.D. Fla. Oct. 6, 2014); *Fed. Deposit Ins. Corp. v. Hutchins*, No. 1:11-CV-1622-AT, 2013 WL 12109446, at *3 (N.D. Ga. Oct. 25, 2013). Defendants can therefore simply avoid the claimed burden by designating a person for the 30(b)(6) deposition who is not a potential fact witness.

Sanctions are appropriate under FRCP 37 if a party fails, after being served with a proper 30(b)(6) notice, to appear for deposition. *Consumer Fin. Prot. Bureau v. Brown*, 69 F.4th 1321, 1327–28 (11th Cir. 2023).

Plaintiff requests the Court compel Robinhood Markets to appear for its 30(b)(6) deposition on August 25, 2023 or on an agreed date within two weeks thereafter and to be fully prepared to testify as to all of the 57 topics listed in the deposition notice. Plaintiff also requests the Court impose appropriate sanctions on Robinhood in its discretion, including $10,000 in legal fees to compensate Plaintiff for failing to appear at the properly noticed June 5th 30(b)(6) deposition, causing an unnecessary 90-day delay in discovery, and for the time and effort in filing and arguing this motion to compel Robinhood to testify as to all 57 topics listed in the August 25th properly noticed 30(b)(6) deposition.

Dated: August 7, 2023 Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, FBN# 0182877
Phillip Kim
Robin Bronzaft Howald
Jonathan Stern
Brent LaPointe
Michael Cohen

By: _/s/ Laurence M. Rosen_
Laurence M. Rosen, Esq.
275 Madison Avenue  40th Floor
New York, New York  10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*Counsel for Lead Plaintiff Blue Laine-Beveridge and Named Plaintiffs Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), on August 2, 2023, undersigned Plaintiffs' counsel conferred separately with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and have been unable to do so.

/s/ *Laurence M. Rosen*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Laurence M. Rosen*