# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION | Case No. 21-2989-MDL-ALTONAGA/Damian |

This Document Relates to the Federal Securities Tranche

**DEFENDANTS' RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' REVISED RULE 30(b)(6) DEPOSITION NOTICE**

Pursuant to Federal Rule of Civil Procedure 30, the Local Civil Rules for the

Southern District of Florida ("Local Rules") and any other applicable laws or rules, Robinhood

Markets, Inc. ("RHM"), Robinhood Financial LLC ("RHF") and Robinhood Securities, LLC

("RHS") (collectively, "Defendants") hereby submit the following responses and objections

("Responses") to Lead Plaintiff Blue Laine-Beveridge, named Plaintiffs Abraham Huacuja,

Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney,

Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez and Thomas Cash's (collectively

"Plaintiffs") Revised Notice of Rule 30(b)(6) Deposition of Robinhood Markets, Inc. dated

July 17, 2023 (the "Notice"), inclusive of the Topics for Robinhood 30(b)(6) Deposition in

Schedule A of the Notice (the "Topics"), in the above-captioned litigation ("Action").

**GENERAL OBJECTIONS**

The General Objections set forth below are incorporated in Defendants' Specific

Responses to each Topic set forth in Schedule A of the Notice.  Defendants' response to any

Topic is not and shall not be deemed a waiver of Defendants' General Objections.

1.     Defendants object generally to the Notice to the extent it seeks information from

RHM that is more appropriately sought from subsidiaries RHF or RHS.  Subject to and without

1

waiving any General or Specific Objections and in response to this Notice, Defendants will make available designated witnesses from RHM, RHF or RHS to testify with respect to those Topics for which RHM, RHF or RHS is in possession of information sufficient to respond.

2.     Defendants object generally to the Notice, including, without limitation, the Definitions therein, on the ground and to the extent that they purport to impose duties and obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of Florida and/or any applicable rule or law (together, the "Applicable Rules").  Subject to and without waiving any General or Specific Objections, to the extent Defendants provide information in response to the Notice, Defendants will construe the Topics in accordance with the Applicable Rules.

3.     Defendants object generally to the Notice, including the Definitions set forth therein, to the extent that it seeks information that is cumulative or duplicative, including of Plaintiffs' First Requests for Production of Documents, dated September 30, 2022.  It would be premature to offer 30(b)(6) testimony on any Topics cumulative or duplicative of document requests for which Defendants will apply search terms to identify responsive material. Plaintiffs have failed to respond to Defendants' proposed search terms for more than three months, which has substantially delayed Defendants' review of custodial documents.

4.     Defendants object generally to the Notice to the extent it requires Defendants to designate a witness from a particular corporate entity to testify with respect to Topics about which it has no knowledge or requires Defendants to designate duplicative witnesses from different corporate entities to testify with respect to the same Topic.

5.     Defendants object generally to the Notice, including the Definitions set forth therein, to the extent that it would require disclosure of information that comes within the scope

of the attorney-client privilege; the common interest or joint defense privilege; the attorney

work product doctrine; privilege from disclosure of communications with litigation consultants

and insurers to the extent recognized by applicable law; or any other applicable privilege,

protection or immunity (collectively, "Privilege").  Defendants hereby claim such Privilege to

the extent implicated by each Topic and, to the extent Defendants provide information in

response to the Notice, will exclude such privileged information from its Responses.

Defendants' Response to any Topic should not be construed as an acknowledgement by

Defendants that the Topic is proper or calls for anything other than privileged information.

Further, any inadvertent disclosure of information protected by any Privilege shall not be

deemed a waiver of that Privilege.

6.      Defendants object generally to the Notice, including the Definitions set forth

therein, to the extent that it assumes disputed facts or purports to characterize facts in

describing the Topics.  Defendants hereby deny any such disputed facts or characterizations to

the extent assumed by any of the Topics.  Any provision of information in response to the

Notice with respect to any such Topic is without prejudice to this Objection.

7.      Defendants object generally to the Notice, including the Definitions set forth

therein, to the extent that it contains inaccurate, incomplete or misleading descriptions of the

facts, persons, relationships and/or events underlying the Action.  Defendants further object to

the Notice, including the Definitions set forth therein, to the extent that it assumes the existence

of facts that do not exist or the occurrence of events that did not take place.  Any provision of

information in response to the Notice is not intended to provide, and shall not constitute or be

construed as providing, an admission that any factual predicates stated in the Notice are

accurate.

3

8.      Defendants object generally to the Notice, including the Definitions set forth therein, as overbroad and unduly burdensome to the extent it seeks or inquires as to "any", or "all", documents related to a Topic.

9.      Defendants object generally to the Notice, including the Definitions set forth therein, as overbroad to the extent that it seeks information unrelated to Counts I and II alleged in Plaintiffs' Amended Consolidated Class Action Complaint ("Claims") in the Federal Securities Tranche.  To the extent Defendants agree to provide information, they will do so only to the extent such information relates to the Claims currently pending in the Southern District of Florida.  Defendants further object to the Notice to the extent it seeks information related to other claims alleged in the Antitrust Tranche.

10.     Defendants object generally to the Notice, including the Definitions set forth therein, to the extent that it is vague and ambiguous, overly broad, unduly burdensome, lacking in particularity, unreasonable or seeks the discovery of information that is not relevant to the claims or defenses of any party to the pending Action, as well as to the extent that it is unduly burdensome because it imposes a significant expense and inconvenience on Defendants.

11.     Defendants object generally to the Notice to the extent it calls for discovery that is more easily available through other, less burdensome means, including other discovery devices such as document requests, interrogatories and individual depositions.

12.     Defendants object generally to the Notice to the extent that any Topic set forth therein calls for expert testimony.

13.     Defendants object generally to the Notice to the extent that it calls for legal conclusions as to Defendants' beliefs or is predicated on legal conclusions or arguments.

14.     Defendants object generally to the Notice, including the Definitions set forth therein, to the extent that it purports to require Defendants to designate and produce for examination a witness to testify about matters:  (i) beyond those that are known or reasonably available to Defendants, (ii) that are more appropriate for examination of individual witnesses in their individual capacities or (iii) about which Plaintiffs will have the opportunity to examine individual witnesses in their individual capacities.  For any witnesses designated to testify regarding a Topic in the Notice, Defendants will object to any attempt by Plaintiffs to depose that witness in their personal capacity at a later date; Defendants only agree to make witnesses available for a deposition on one occasion.

15.     Defendants object generally to the Notice to the extent that it seeks information from a time period that is overbroad and disproportionate to the needs of this case.  Defendants further object to the Notice to the extent that it purports to require Defendants to search for information not centrally maintained by, or on behalf of, persons believed to have had a significant connection to the parties' claims or defenses in this Action.

16.     Defendants object generally to the Notice to the extent that it seeks testimony without limitation as to time.  Subject to and without waiving any General or Specific Objections, Defendants will apply the Relevant Period to each Topic unless otherwise specified.

17.     To the extent Defendants provide information in response to the Notice, Defendants do so without waiver of or prejudice to (a) their rights at any later time to raise objections as to the competence, relevance, materiality, privilege, work product character and admissibility as evidence, for any purpose, of (i) the Notice or any part thereof or (ii) statements made in response to the Notice or any part thereof; or (b) the right to object to the use of any of the information disclosed in any subsequent proceedings or the trial of this or any other Action;

or (c) the right to object on any ground at any time to a demand for further response to these or other discovery requests in this Action. Any response or objection to an individual Topic is not an acknowledgement that the information requested therein exists or is in Defendants' possession, custody or control.

18.     Defendants provide the General Objections subject to further discovery in this Action as well as further verification and research. Defendants reserve the right to modify, supplement or amend any or all of the General Objections, if necessary or appropriate, and to produce additional non-privileged information. Moreover, any purported failure on Defendants' part to provide information, or to set forth a particular legal argument, in response to the Notice shall not constitute any waiver or forfeiture of Defendants' right to identify or rely upon additional relevant facts, documents and/or witnesses, or to make specific legal arguments, as this litigation progresses.

19.     Defendants reserve the right, but do not assume any obligation, to revise, correct, supplement or clarify the content of the Responses herein.

## **OBJECTIONS TO DEFINITIONS**

1.     Defendants object to the Definitions and any directions, definitions or instructions contained in the Notice to the extent that they alter the generally understood definitions under the Federal Rules or seek to impose on Defendants obligations beyond those required by the Applicable Rules.

2.     Defendants object to the Notice's definition of "Alleged Omissions and Half-Truths" because the statements referred to in Topics 24, 25 and 26 do not contain actionable omissions and are not "half-truths".

3.      Defendants object to the Notice's definition of "Email" to the extent that it purports to impose any obligation on Defendants to search particular "personal computing devices, smartphones, [or] tablets" not used by potential custodians in the regular course of business.

4.      Defendants object to the Notice's definition of "Employee" as vague and ambiguous as to the terms "agents" and "representatives", and overbroad, unduly burdensome and not proportional to the needs of this case to the extent the definition includes "any Person acting or authorized to act on behalf of an entity". For purposes of responding to this Notice, Defendants will construe "Employee" to refer to individuals employed by Defendants, and will exclude from the definition agents or representatives who are not directly employed by Defendants.

5.      Defendants object to the Notice's definition of "Financial Statements" as vague and ambiguous as to the terms "budget plans", "commentary" and "workpapers". Defendants further object to this definition as overbroad, unduly burdensome and not proportional to the needs of this case to the extent this definition includes "all notes or other commentary" and "all underlying work papers and all drafts" related to Financial Statements.

6.      Defendants object to the Notice's definition of "'Identify' when used to refer to a Document" as overbroad, unduly burdensome and not proportional to the needs of the case as to subparts (ii)-(iv), which would require an impossible, impracticable or unreasonable amount of preparation or memorization of information to permit any witness or group of witnesses to be able to address comprehensively.

7.      Defendants object to the Notice's definition of "'Identify' when used to refer to a natural person" as overbroad, unduly burdensome and not proportional to the needs of the

case as to subparts (ii)-(iv), which would require an impossible, impracticable or unreasonable amount of preparation or memorization of information to permit any witness or group of witnesses to be able to address comprehensively.

8.      Defendants object to the Notice's definition of "Meme Stock Market Event" as vague and ambiguous as to the terms "facts and circumstances" and "gave rise to".  Defendants further object to this definition as overbroad, unduly burdensome and not proportional to the needs of this case to the extent this definition includes no time limitation and goes beyond information related to the claims and defenses in this Action.  For purposes of responding to this Notice, Defendants will construe "Meme Stock Market Event" to refer to the volatility experienced in the pricing and trading of volatile stocks, including the Later-Restricted Stocks, between December 2020 and February 2021, and the trading restrictions implemented by various broker-dealers, relevant to the claims and defenses in this Action.

9.      Defendants object to the Notice's definition of "Regard", "regarding", "refer", "referring", "relate", "relating", "pertain" or "pertaining" as vague and ambiguous.  Defendants further object to this definition as overbroad, unduly burdensome and not proportional to the needs of this case to the extent this definition includes documents that "implicitly refer to" or were "reviewed in conjunction with" the "subject matter of the Request".

10.      Defendants object to the Notice's definition of "Restrictions" as overbroad, unduly burdensome and not proportional to the needs of this case to the extent this definition does not include a specific time period.  Defendants further object to this definition to the extent its assumes that Defendants forced the sale of stocks or options.  For purposes of responding to this Notice, Defendants will construe "Restrictions" as the trading restrictions referenced in the Complaint and that were imposed on the Affected Stocks and Later-Restricted Stocks during the putative Class Period.

11.    Defendants object to the Notice's definition of "Restriction Period" as vague and ambiguous as to the terms "first imposition" and "lifting".  Defendants further object to this definition as overbroad, unduly burdensome and not proportional to the needs of this case to the extent this definition includes "any form of restriction".  For the purposes of responding to this Notice, Defendants will construe "Restrictions Period" as the class period.

12.    Defendants object to the Notice's definition of "Senior Management" as vague and ambiguous as to "managing Robinhood's operations" and "day-to-day responsibility".  Defendants further object to this definition as overbroad, unduly burdensome and not proportional to the needs of this case to the extent the definition includes any "person" with "responsibility for managing Robinhood's operations".  For the purposes of responding to this Notice, Defendants will construe "Senior Management" to mean senior executives employed by the Defendants.

13.    Defendants object to the Notice's definition of "Robinhood" and "Company" as overbroad, unduly burdensome and not proportional to the needs of this case to the extent this definition includes "partners" and "affiliates" of Robinhood.  For the purposes of responding to this Notice, Defendants will construe "Robinhood" to mean Robinhood Markets, Inc., Robinhood Financial LLC and/or Robinhood Securities, LLC, depending which entity possesses information related to the Topic to which testimony is directed.

## SPECIFIC RESPONSES AND OBJECTIONS

Defendants incorporate their General Objections to each of the Responses that follow as if such General Objections were set forth therein.  Any Specific Objections set forth in the Responses are in addition to those General Objections and, unless otherwise specified, Defendants' Responses are limited in accordance with both the General Objections and Specific Objections.

### Topic No. 1.

The communications media, devices, platforms, and applications used by the Relevant Custodians, Robinhood's, Senior Management, and its board of directors for work-related communications

### Response to Topic No. 1.

Defendants object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production No. 79, in response to which Defendants have answered Plaintiffs' questions at the meet and confer on November 28, 2022 and in their March 1, 2023 letter.  Defendants further object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories). Defendants further object to this Topic on the grounds that terms in this Topic such as "communications media", "platforms" and "work-related communications" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it seeks information neither relevant to the claims or defense of the parties nor proportionate to the needs of the case, including seeking information concerning Robinhood's board of directors.  Defendants further object to this Topic on the grounds that it would premature to offer 30(b)(6) testimony on this Topic, as Defendants are still negotiating the Relevant Custodians.

Defendants are willing to provide a response to an interrogatory seeking this information.

10

### Topic No. 2.

The hardware devices used by the Relevant Custodians to perform their work-related functions.

### Response to Topic No. 2.

Defendants object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production No. 79, in response to which Defendants have answered Plaintiffs' questions at the meet and confer on November 28, 2022 and in their March 1, 2023 letter.  Defendants further object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories).  Defendants further object to this Topic on the grounds that terms in this Topic such as "work-related functions" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it seeks information neither relevant to the claims or defense of the parties nor proportionate to the needs of the case.  Defendants further object to this Topic on the grounds that it would premature to offer 30(b)(6) testimony on this Topic, as Defendants are still negotiating the Relevant Custodians.

Defendants are willing to provide a response to an interrogatory seeking this information.

### Topic No. 3.

Robinhood's policies and procedures for the Relevant Custodians, for its Senior Management and its board of directors related to the use of personal communications devices, personal email, personal computing devices or any non-Robinhood maintained device work related communications or any work-related functions, including but not limited to the location and identification of all Documents related to this topic.

**Response to Topic No. 3.**

Defendants object to this Topic on the grounds that it is unreasonably cumulative or duplicative of information that Defendants have previously provided to Plaintiffs in their March 1, 2023 letter.  Defendants further object to this Topic on the grounds that it seeks information more easily available through other, less burdensome discovery means (*e.g.*, interrogatories or document requests).  Defendants further object to this Topic on the grounds that terms in this Topic such as "the location and identification of all Documents related to this topic" are vague, ambiguous and overbroad.  Defendants further object to this Topic on the grounds that it seeks information neither relevant to the claims or defense of the parties nor proportionate to the needs of the case, including seeking information concerning Robinhood's board of directors.  Defendants further object to this Topic on the grounds that it would be premature to offer 30(b)(6) testimony on this Topic, as Defendants are still negotiating the Relevant Custodians.

Defendants are willing to provide a response to an interrogatory seeking this information.

**Topic No. 4.**

Document production:  Robinhood's production of Documents in this litigation, including but not limited to the manner in which Documents responsive to Plaintiffs' Requests For Production of Documents, were searched for, identified, and retrieved, and the databases, hardware, and devices searched.

**Response to Topic No. 4.**

Defendants object to this Topic on the grounds that it would be premature to offer 30(b)(6) testimony on this Topic, as Defendants are waiting on an agreement on search terms to begin their review.  Defendants further object to this Topic on the grounds that it is unreasonably

cumulative or duplicative of information that Defendants have previously provided to Plaintiffs in correspondence and meet and confers regarding Plaintiffs' document requests. Defendants further object to this Topic to the extent Plaintiffs seek information about the format of Defendants' productions to which the parties' ESI protocol requires a specific format. Defendants further object to this Topic on the grounds that terms in this Topic such as "Robinhood's production of Documents" are vague and ambiguous. Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to the production of tens of thousands of documents responsive to dozens of Plaintiffs' document requests. Defendants further object to this Topic on the grounds that it seeks information neither relevant to the claims or defense of the parties nor proportionate to the needs of the case. Defendants further object to this Notice to the extent subsection (b) seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine or any other applicable privileges or immunities.

Defendants are willing to meet and confer with Plaintiffs regarding Topic No. 4.

**Topic No. 5.**

The identity of all employees and agents of Robinhood whose files were searched in connection with this Action or any related action, regulatory investigation, or enforcement proceeding.

**Response to Topic No. 5.**

Defendants object to this Topic on the grounds that it is unreasonably cumulative or duplicative of information that Defendants have previously provided to Plaintiffs, as reiterated in their March 1, 2023 letter. Defendants further object to this Topic on the grounds that terms in this Topic such as "in connection with" are vague and ambiguous. Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "all employees

and agents" and "any related action, regulatory investigation, or enforcement proceeding".

Defendants further object to this Topic on the grounds that it is unreasonably cumulative and or

duplicative of Plaintiffs' request for a list of recipients of the litigation holds issued on

January 30, 2021, which Defendants provided in their July 20, 2023 letter.

Defendants are willing to provide a response to an interrogatory seeking this

information.

**Topic No. 6.**

A full explanation of all of Robinhood's public statements concerning the Meme
Stock Market Event, including but not limited to, the substance of the statements, how and when
and to whom the statements were made, and the location and identification of all Documents and
persons with knowledge related to this topic, the reasons for and objectives of such statements,
and the names, titles, and job functions of all persons who participated in creating, editing,
reviewing, discussing, implementing, authorizing or approving such statements.

**Response to Topic No. 6.**

Defendants object to this Topic on the grounds that it seeks information more

easily available through other, less burdensome means (*e.g.*, interrogatories or document

requests).  Defendants further object to this Topic to the extent that Plaintiffs seek the "location

and identification of all Documents", including those that are publicly available or already in

their possession.  Defendants further object to this Topic on the grounds that terms in this

Topic such as "public statements" and "persons with knowledge" are vague and ambiguous.

Defendants further object to this Topic on the grounds that it is overbroad and unduly

burdensome as to seeking "the substance of the statements, how and when and to whom the

statements were made, and the location and identification of all Documents and persons with

knowledge related to this topic, the reasons for and objectives of such statements, and the

names, titles, and job functions of all persons who participated in creating, editing, reviewing,

discussing, implementing, authorizing or approving such statements".  Defendants further

object to this Topic on the grounds that it seeks information, such as "names, titles and job functions of all persons" with knowledge related to this Topic, which would require an impossible, impracticable or unreasonable amount of preparation or memorization of information to permit any witness or group of witnesses to be able to address comprehensively.

Defendants agree to designate a witness to testify regarding Topic No. 6.

**Topic No. 7.**

A full explanation of all of Robinhood's public statements about the Restrictions it imposed on trading in the Affected Stocks, including but not limited to, the substance of the statements, how and when and to whom the statements were made, and the location and identification of all Documents and persons with knowledge related to this topic, and the reasons for and objectives of such statements, and the names, titles, and job functions of all persons who participated in creating, editing, reviewing, discussing, implementing, authorizing or approving such statements. This includes all statements regarding the restrictions imposed and lifted as shown in RHMDL00047970.

**Response to Topic No. 7.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or document requests). Defendants further object to this Topic to the extent that Plaintiffs seek the "location and identification of all Documents", including those that are publicly available or already in their possession. Defendants further object to this Topic on the grounds that terms in this Topic such as "[a] full explanation", "public statements" and "persons with knowledge" are vague and ambiguous. Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to seeking "the substance of the statements, how and when and to whom the statements were made, and the location of all Documents and persons with knowledge related to this topic, and the reasons for and objectives of such statements, and the names, titles, and job functions of all persons who participated in creating, editing, reviewing, discussing, implementing, authorizing or approving such statements". Defendants further object to this Topic on the grounds

that it seeks information, such as "names, titles and job functions of all persons" with knowledge related to this Topic, which would require an impossible, impracticable or unreasonable amount of preparation or memorization of information to permit any witness or group of witnesses to be able to address comprehensively.

Defendants agree to designate a witness to testify regarding Topic No. 7.

**Topic No. 8.**

A full explanation of all of Robinhood's statements to its customers about the Restrictions it imposed on trading or lifted on the Affected Stocks, including but not limited to, the substance of the statements, how and when and to whom the statements were made, and the location and identification of all Documents and persons with knowledge related to this topic and the names, titles, and job functions of all persons who participated in creating, editing, reviewing, discussing, implementing, authorizing or approving such statements.

**Response to Topic No. 8.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or document requests). Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production Nos. 19-23, for which Defendants agreed to produce a representative sample of customer communications. Defendants further object to this Topic on the grounds that terms in this Topic such as "[a] full explanation", "persons with knowledge" and "statements" are vague and ambiguous. Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to seeking "the substance of the statements, how and when and to whom the statements were made, and the location and identification of all Documents and persons with knowledge related to this topic and the names, titles, and job functions of all persons who participated in creating, editing, reviewing, discussing, implementing, authorizing or approving such statements". Defendants

further object to this Topic on the grounds that it seeks information, such as "names, titles and job functions of all persons" with knowledge related to this Topic, which would require an impossible, impracticable or unreasonable amount of preparation or memorization of information to permit any witness or group of witnesses to be able to address comprehensively.

Defendants agree to designate a witness to testify regarding Topic No. 8.

**Topic No. 9.**

The trading Restrictions Robinhood imposed during the Meme Stock Market Event.  In particular:
- (a)   The nature and extent of each of the Restrictions;
- (b)   The precise time each Restriction was announced, imposed and lifted;
- (c)   The details of the processes by which Robinhood's decision to impose (and lift) each of the Restrictions was discussed, evaluated, approved, implemented, and publicized, including the identities, by job title and specific roles and responsibilities, of any persons involved in such decisions;
- (d)   The reasons Robinhood imposed and lifted each of the trading Restrictions at the various times during the Restrictions Period;
- (e)   The basis for how Robinhood selected the stocks on which to impose and lift Restrictions during the two weeks prior to, and during, the Restrictions Period, including but not limited to each factor Robinhood considered in determining whether or not to impose or lift Restrictions and the sources of information from which those factors were evaluated and determined;
- (f)   Robinhood's consideration of its customers' reactions to the imposition and lifting of the Restrictions;
- (g)   Robinhood's consideration of the possibility that purchasing demand for the Affected Stocks or Later Affected Stocks might decline when Robinhood imposed the Restrictions;
- (h)   Robinhood's consideration of the possibility that selling pressure for the Affected Stocks or Later Affected Stocks might increase when Robinhood imposed the Restrictions;
- (i)   Robinhood's consideration of the possibility that the prices of the Affected Stocks or Later Affected Stocks might decline when Robinhood imposed the Restrictions;
- (j)   Robinhood's consideration and discussion of the impact a decline in the prices of the Affected Stocks or Later Affected Stocks would have on its customers, the market as a whole, market participants with positions in the Later Affected Stocks, Robinhood itself and its business relationships, including the Identity of any participants in any such discussions;
- (k)   The names, titles, functions, and roles of all persons, approving, authorizing, providing input for, responsible for and/or participating in the

17

decisions to implement or lift any such Restrictions, including those persons employer and their direct supervisor(s);

(l)     The location and identification of all Documents related to this topic;

(m)     The sources and bases of information from which any testimony related to this topic derives.

**Response to Topic No. 9.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or document requests). Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of information that Defendants have indicated they will provide to Plaintiffs (*e.g.*, Plaintiffs' Request for Production Nos. 3, 28, 30-31, 48, 57-58, 61-63, which are subject to search terms). Defendants further object to this Topic on the grounds that terms in this Topic such as "providing input for", "nature and extent" and "customers' reactions" are vague and ambiguous. Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to seeking "the identities, by job title and specific roles and responsibilities, of any persons involved in such decisions" in subsections (c), (j) and (k). Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to seeking "location and identification of all Documents related to this topic" in subsection (l) and "[t]he sources and bases of information from which any testimony related to this topic derives" in subsection (m). Defendants further object to this Topic on the grounds that it assumes disputed facts and calls for improper 30(b)(6) testimony on legal theories, contentions or conclusions as to Defendants' consideration of purchasing demand (subsection (g)), Defendants' consideration of selling pressure (subsection (h)) and Defendants' consideration of price decline (subsections (i)-(j)). Defendants further object to this Topic on the grounds that it seeks information that would require an impossible, impracticable or

unreasonable amount of preparation or memorization of information to permit any witness or group of witnesses to be able to address comprehensively.

Defendants are willing to meet and confer with Plaintiffs regarding Topic No. 9.

**Topic No. 10.**

Why Robinhood maintained position limits on several of the Affected Stocks as late as the market close on February 4, 2021, given that "Robinhood's collateral deposit requirements were within manageable levels by January 29, 2021, and the company had raised the capital that its models suggested was sufficient to handle shock scenarios by the end of the day on February 2, 2021", as referenced in the HFSC Report at 75, including but not limited to, the location and identification of all Documents related to this topic, and identity, job title and job function of all witnesses with material information on this topic.

**Response to Topic No. 10.**

Defendants object to this Topic to the extent Plaintiffs seek information regarding a third party's characterization of relevant events.  Defendants further object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or document requests).  Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Topic 9(c)-(d).  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to seeking "the location and identification of all Documents related to this topic" and "the identity, job title and job function of all witnesses with material information on this topic".  Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that "Robinhood maintained position limits on several of the Affected Stocks as late as the market close on February 4, 2021" due to its "collateral deposit requirements".  Defendants further object to this Topic on the grounds that terms in this Topic such as "material information" are vague and ambiguous.

Defendants agree to designate a witness to testify regarding Topic No. 10.

**Topic No. 11.**

All bases for the comment (see RHMDL00077158) that Robinhood's customers represented more than 10% of the market for the Affected Stocks just prior to and/or during the Restrictions Period including but not limited to, the location and identification of all Documents and persons with knowledge related to this topic.

**Response to Topic No. 11.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, a fact deposition of the individual who made the relevant statement). Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that "Robinhood's customers represented more than 10% of the market for the Affected Stocks just prior to and/or during the Restrictions Period". Defendants further object to this Topic to the extent it seeks personal mental impressions or personal knowledge and not Defendants' position, beliefs and opinions or facts within the knowledge of the corporation. Defendants further object to this Topic on the grounds that terms in this Topic such as "persons with knowledge" are vague and ambiguous.

Defendants agree to designate a witness to testify regarding Topic No. 11.

**Topic No. 12.**

The existence, date, place and nature of any testimony or interviews with Robinhood employees regarding the Meme Stock Market Event, including but not limited to, the location and identification of all Documents related to this topic.

**Response to Topic No. 12.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories). Defendants further object to this Topic on the grounds that terms in this Topic such as "nature of" are vague and ambiguous. Defendants further object to this Topic on the grounds that it is overbroad as it

seeks "any testimony or interviews with Robinhood Employees". Defendants further object to this Topic on the grounds that it is partially duplicative of Plaintiffs' Request for Production No. 4, which requested testimony of Vlad Tenev before the House Financial Services Committee that is publicly available, as Defendants noted in their January 5, 2023 letter. Defendants further object to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges or immunities, such as interviews held by legal personnel. Defendants further object to this Topic on the grounds that the term "date and place" is duplicative, and that such information will be evident from the nature of the testimony or interviews.

Defendants are willing to provide a response to an interrogatory seeking this information.

### Topic No. 13.

How the daily amount of PFOF earned by Robinhood from each of its six market makers on each of the Later Restricted Stocks during the Relevant Period affected Robinhood's cash flow, liquidity position, and ability to meets its regulatory collateral requirements, including any communications about this subject that occurred during the Relevant Period, including but not limited to the location and identification of all Documents and persons with knowledge related to this topic.

### Response to Topic No. 13.

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, document requests). Defendants further object to this Topic on the grounds that terms in this Topic such as "this subject" are vague and ambiguous. Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production Nos. 65 and 66. Defendants further object to this Topic on the grounds that it is overbroad as it seeks "any communications about this subject" and "the location and identification of all Documents related

to this topic".  Defendants further object to this Topic on the grounds that PFOF is not relevant to Plaintiffs' allegations, which Defendants noted in the meet and confer on December 15, 2022. Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that Defendants earned PFOF "from each of its six market makers on each of the Later Restricted Stocks during the Relevant Period", that Defendants can provide data on a daily basis as requested by this Topic, that Defendants received PFOF on a daily basis and that PFOF "affected Robinhood's cash flow, liquidity position, and ability to meet its regulatory collateral requirements".  Defendants further object to this Topic on the grounds that it seeks information that would require an impossible, impracticable or unreasonable amount of preparation or memorization of information to permit any witness or group of witnesses to be able to address comprehensively.  Defendants further object to this Topic on that grounds that terms in this Topic such as "person with knowledge" are vague and ambiguous.

Defendants are willing to meet and confer with Plaintiffs regarding Topic No. 13.

**Topic No. 14.**

How Robinhood's PFOF from Citadel and other market makers was calculated during the Relevant Period, any changes, adjustments to the fees paid by Citadel or other brokers for PFOF, how and why the formulas for PFOF changed over that time period, and any contracts pursuant to which they were paid, including but not limited to, the location and identification of all Documents and persons with knowledge related to this topic.

**Response to Topic No. 14.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or document requests).  Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production No. 65.  Defendants further

object to this Topic on the grounds that terms in this Topic such as "calculated", "changes", "adjustments" and "persons with knowledge" are vague and ambiguous.  Defendants further object to this Topic on the grounds that PFOF is not relevant to Plaintiffs' allegations, which Defendants noted in the meet and confer on December 15, 2022.

Defendants are willing to meet and confer with Plaintiffs regarding Topic No. 14.

**Topic No. 15.**

The project or proposal that Robinhood discussed with Citadel beginning on or around January 20, 2021, as referenced in ¶¶ 226-32 of the Antitrust Complaint (Dkt. No 451), including but not limited to, the location and identification of all Documents and persons with knowledge related to this topic.

**Response to Topic No. 15.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, fact depositions or document requests).  Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production No. 56.  Defendants further object to this Topic on the grounds that terms in this Topic such as "project or proposal" and "persons with knowledge" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it seeks information neither relevant to the claims or defense of the parties nor proportionate to the needs of the case, as evidenced by its references to the Antitrust Tranche complaint.

Defendants are willing to meet and confer with Plaintiffs regarding Topic No. 15.

**Topic No. 16.**

The identification and description of the substance, nature and purpose of all Robinhood's communications with Citadel on January 27, 2021, including but not limited to those referenced in the HFSC Report at 47-51, *e.g.*, the 8 p.m. call between Robinhood and Citadel referenced in the HFSC Report at 50-51, and including but not limited to, the location and identification of all Documents and persons with knowledge related to this topic.

23

**Response to Topic No. 16.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, fact depositions or document requests). Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production No. 55. Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to seeking the "location and identification of all Documents related to this topic". Defendants further object to this Topic on the grounds that terms in the Topic such as "persons with knowledge" and "substance, nature and purpose" are vague and ambiguous. Defendants further object to this Topic on the grounds that it seeks information neither relevant to the claims or defense of the parties nor proportionate to the needs of the case. Defendants further object to this Topic to the extent it seeks personal mental impressions or personal knowledge and not Defendants' position, beliefs and opinions or facts within the knowledge of the corporation.

Defendants are willing to meet and confer with Plaintiffs regarding Topic No. 16.

**Topic No. 17.**

The importance to Robinhood's financial performance, liquidity and financial condition of PFOF during the Relevant Period, including the percentage of its revenues that PFOF and in particular PFOF from Citadel had to its financial performance, liquidity and financial condition.

**Response to Topic No. 17.**

Defendants further object to this Topic on the grounds that terms in this Topic such as "importance", "financial performance", "liquidity" and "financial condition" are vague and ambiguous. Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts including "[t]he importance to Robinhood . . . of PFOF".

Defendants further object to this Topic on the grounds that PFOF is not relevant to Plaintiffs' allegations, which Defendants noted at the meet and confer on December 15, 2022.

Defendants are willing to meet and confer with Plaintiffs regarding Topic No. 17.

**Topic No. 18.**

Robinhood's liquidity position and financial condition during the Relevant Period, as it related to its ability to meet its collateral and deposit requirements with all of its regulators during that time period, including but not limited to, the location and identification of all Documents related to this topic, and the identity, job title and job function of all witnesses with material information on this topic.

**Response to Topic No. 18.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or document requests).  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "the location and identification of all Documents related to this topic" and "the identity, job title and job function of all witnesses with material information on this topic". Defendants further object to this Topic on the grounds that terms in this Topic such as "liquidity position", "financial condition" and "material information" are vague and ambiguous.

Defendants agree to designate a witness to testify regarding Topic No. 18.

**Topic No. 19.**

Robinhood's communications with the NSCC and DTCC during the Meme Stock Market Event, including but not limited to, the location and identification of all such communications and all Documents memorializing both any part of the interactions with the NSCC and DTCC, as well as Robinhood's strategy in its dealings with the NSCC and DTCC, and Documents authored and gathered in response to requests by the NSCC and DTCC. Methods by which Robinhood recorded or memorialized these communications.

**Response to Topic No. 19.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or document

requests).  Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production Nos. 9-15, 17.  Defendants further object to this Topic on the grounds that it would be premature to offer 30(b)(6) testimony on this Topic, as Defendants are waiting on an agreement on search terms to begin their review.  Defendants further object to this Topic on the grounds that terms in this Topic such as "strategy", "dealings with", "methods by which Robinhood recorded or memorialized these communications" and "authored and gathered" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "the location and identification of all such communications and all Documents".  Defendants further object to this Topic on the grounds that it seeks information that would require an impossible, impracticable or unreasonable amount of preparation or memorization of information to permit any witness or group of witnesses to be able to address comprehensively.

Defendants agree to designate a witness to testify regarding Topic No. 19.

**Topic No. 20.**

Robinhood's ability or inability to meet the multiple collateral and deposit requirements of the NSCC/DTCC during the Meme Stock Market Event, including the necessity of a capital infusion to meet such requirements, and including but not limited to, the location and identification of all Documents and persons with knowledge related to this topic, *e.g.*, cash or liquidity projections, bank records, financial statements, fundraising efforts, and responses to requests made by the NSCC and DTCC, and the identity, job title and job function of all witnesses with material information on this topic.

**Response to Topic No. 20.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or document requests).  Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production Nos. 12 and 38.  Defendants

further object to this Topic on the grounds that it would be premature to offer 30(b)(6) testimony on this Topic, as Defendants are waiting on an agreement on search terms to begin their review. Defendants further object to this Topic on the grounds that terms in this Topic such as "necessity of a capital infusion", "material information" and "persons with knowledge" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "cash or liquidity projects, bank records, financial statements, fundraising efforts, and responses to requests" and "the identity, job title and job function of all witnesses with material information on this topic".

Defendants agree to designate a witness to testify regarding Topic No. 20.

**Topic No. 21.**

The bases for CEO Vlad Tenev's statement that Robinhood would have continued to allow unrestricted trading in the Later Affected Stocks during the Restrictions Period had Robinhood been more adequately capitalized as stated by CEO Tenev to Dave Portnoy and others.

**Response to Topic No. 21.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, a fact deposition of the individual who made the relevant statement). Defendants further object to this Topic on the grounds that it purports to characterize statements made in the referenced interview. Defendants further object to this Topic on the grounds that terms in this Topic such as "others" are vague and ambiguous.

Defendants agree to designate a witness to testify regarding Topic No. 21.

**Topic No. 22.**

The reasons why Robinhood did not disclose to the market during the Restrictions period the complete detailed set of reasons for imposing, lifting and reimposing Restrictions, including that it did not have adequate capitalization or liquidity to meet the collateral and deposit requirements of the NSCC/DTCC on January 28, 2021, and that had it not maintained the Restrictions during the Restrictions Period it might not have had adequate capitalization or

liquidity to meet the collateral and deposit requirements of the NSCC/DTCC during the entirety of the Restrictions Period.  The identity, job title and job function of all witnesses with material information on this topic.

**Response to Topic No. 22.**

Defendants object to this Topic on the grounds that terms in this Topic such as "adequate capitalization or liquidity", "complete detailed set of reasons" and "material information" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts including that Defendants "did not disclose to the market during the Restrictions period the complete detailed set of reasons for imposing, lifting and reimposing Restrictions" or "did not have adequate capitalization or liquidity to meet the collateral and deposit requirements of the NSCC/DTCC on January 28, 2021" and that had Defendants "not maintained the Restrictions during the Restrictions Period [they] might not have had adequate capitalization or liquidity to meet the collateral and deposit requirements of the NSCC/DTCC during the entirety of the Restrictions Period".  Defendants further object to this Topic to the extent it calls for testimony about a hypothetical.  Defendants further object to this Topic on the grounds that it calls for improper 30(b)(6) testimony on legal theories, contentions or conclusions.  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "[t]he identity, job title and job function of all witnesses with material information on this topic".

Defendants agree to designate a witness to testify regarding Topic No. 22.

**Topic No. 23.**

The reasons why Robinhood did not announce publicly (i) the date when Robinhood intended to fully remove the Restrictions, and (ii) the contingencies affecting when it would fully remove the Restrictions.  The identity, job title and job function of all witnesses with material information on this topic.

**Response to Topic No. 23.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or fact depositions). Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production Nos. 30 and 31.  Defendants further object to this Topic on the grounds that it would be premature to offer 30(b)(6) testimony on this Topic, as Defendants are waiting on an agreement on search terms to begin their review.  Defendants further object to this Topic on the grounds that terms in this Topic such as "reasons why", "contingencies" and "material information" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that Defendants did not contemporaneously announce when they intended to ease or remove restrictions or the factors impacting when they would do so.  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "[t]he identity, job title and job function of all witnesses with material information on this topic".

Defendants agree to designate a witness to testify regarding Topic No. 23.

**Topic No. 24.**

Robinhood's belief or position as to whether the Alleged Omissions and Half-Truths were in fact disclosed and if so the basis for any such belief, and if so the identity of all such disclosures.

**Response to Topic No. 24.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories).  Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs'

Request for Production No. 26.  Defendants further object to this Topic on the grounds that terms in this Topic such as "Alleged Omissions and Half-Truths" and "disclosures" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it calls for legal conclusions as to Defendants' beliefs.  Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that Defendants had any such belief.  Defendants further object to this Topic on the grounds that it calls for improper 30(b)(6) testimony on legal theories, contentions or conclusions.

Defendants agree to designate a witness to testify regarding Topic No. 24.

**Topic No. 25.**

The identity of any facts or evidence, including but not limited to the beliefs, knowledge, discussions, position or statements of Robinhood and/or its employees concerning or related to whether the Alleged Omissions and Half-Truths during the Restrictions Period:  (1) caused or contributed to decreased demand for the purchase of the Affected Stocks, (3) caused or contributed to a sell-off for the Affected Stocks that detrimentally affected the prices of the Affected Stocks (4) caused or contributed to a decrease in the share prices of the Affected Stock, or (3) caused or contributed to damages to Robinhood customers and other investors with positions in the Affected Stocks who sold shares of the Affected Stocks during the Class Period, and (4) the bases for any such beliefs.  This topic includes but is not limited to discussions among Senior Management, all hands meetings, and board meetings.

**Response to Topic No. 25.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories).  Defendants further object to this Topic on the grounds that terms in this Topic such as "Alleged Omissions and Half-Truths", "sell-off", "damages to Robinhood customers", "all hands meetings" and "beliefs, knowledge, discussions, position or statements" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it is the subject of expert testimony.  Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that

there was a decrease in demand for Affected Stocks, that there was a decrease in the share prices of the Affected Stocks, that there was a "sell-off" in the Affected Stocks, that Robinhood customers and other investors experienced damages and that this Topic was the subject of "discussion among Senior Management, all hands meetings, and board meetings". Defendants further object to this Topic on the grounds that it calls for improper 30(b)(6) testimony on legal theories, contentions or conclusions. Defendants further object to this Topic on the grounds that it is overboard and unduly burdensome to the extent it seeks information or documents not in Defendants' control or possession as to "the identity of any facts or evidence". Defendants further object to this Topic to the extent it seeks personal mental impressions or personal knowledge and not Defendants' position, beliefs and opinions or facts within the knowledge of the corporation.

**Topic No. 26.**

The identity of any facts or evidence, including but not limited to the beliefs, knowledge, position, discussions or statements of Robinhood and/or its employees concerning or related to whether during the Restrictions Period the Alleged Omissions and Half-Truths had an effect on: (i) Robinhood customers, (ii) investors with positions in the Affected Stocks, or (iii) the prices of the Affected Stocks, and the bases for any of Robinhood's beliefs or positions related to this topic. This topic includes but is not limited to discussions among Senior Management, all hands meetings, and board meetings.

**Response to Topic No. 26.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories). Defendants further object to this Topic on the grounds that terms in this Topic such as "beliefs, knowledge, position, discussions or statements" and "investors with positions in the Affected Stocks" are vague and ambiguous. Defendants further object to this Topic on the grounds that it is the subject of expert testimony. Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that Defendants had such beliefs or positions, that any Alleged Omissions and Half-Truths could have the effect claimed

and that this Topic was the subject of "discussion among Senior Management, all hands meetings, and board meetings". Defendants further object to this Topic on the grounds that it calls for improper 30(b)(6) testimony on legal theories, contentions or conclusions. Defendants further object to this Topic on the grounds that it is overboard and unduly burdensome to the extent it seeks information or documents not in Defendants' control or possession as to seeking "the identity of any facts or evidence". Defendants further object to this Topic to the extent it seeks personal mental impressions or personal knowledge and not Defendants' position, beliefs and opinions or facts within the knowledge of the corporation.

Defendants agree to designate a witness to testify regarding subsections (i) and (ii) of Topic No. 26.

### Topic No. 27.

Robinhood's awareness of, and methods for, its internal calculations of its deposit and collateral requirements owed to the NSCC and DTCC during the Relevant Period, including but not limited to VaR and ECP charges, and including the location and identification of all Documents related to this topic, the identity, job title and job function of all witnesses with material information on this topic.

### Response to Topic No. 27.

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or document requests). Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production Nos. 13, 14 and 18. Defendants further object to this Topic on the grounds that it would be premature to offer 30(b)(6) testimony on this Topic, as Defendants are waiting on an agreement on search terms to begin their review. Defendants further object to this Topic on the grounds that terms in this Topic such as "awareness", "internal calculation" and "material information" are vague and ambiguous.

Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to seeking "the location and identification of all Documents related to this topic" and the "identity, job title and job function of all witnesses with material information on this topic".

Defendants agree to designate a witness to testify regarding Topic No. 27.

### Topic No. 28.

The specific amounts for Robinhood's collateral deposit and capital charges dues to NSCC and DTCC associated with each of the restricted stocks during each day of the Relevant Period and how those amounts changed during the Relevant Period particularly as compared to other stocks that were heavily bought on Robinhood at the same time and the reasons and calculations therefore including but not limited to, the location and identification of all Documents related to this topic.

### Response to Topic No. 28.

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or document requests).  Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Interrogatory No. 2, dated May 10, 2023.  Defendants further object to this Topic on the grounds that terms in this Topic such as "collateral deposit and capital charges", "how those compared to other stocks", "heavily bought on Robinhood at the same time" and "the reasons and calculations therefore" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it is overbroad for failing to specify the relevant time "during each day of the Relevant Period" and unduly burdensome as to "the location and identification of all Documents related to this topic".  Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that the "restricted stocks" are different from "other stocks that were heavily bought".  Defendants further object to this Topic on the grounds that it seeks information that would require an

33

impossible, impracticable or unreasonable amount of preparation or memorization of information to permit any witness or group of witnesses to be able to address comprehensively. Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that Defendants have information on "how those amounts changed during the Relevant Period as compared to other stocks". Defendants refer Plaintiffs to NSCC for the information this Topic seeks, as NSCC calculates the clearing fund requirements for its broker-dealer members.

Defendants are willing to meet and confer with Plaintiffs regarding Topic No. 28.

**Topic No. 29.**

The day and time Robinhood first discovered the potential for a liquidity problem during the Relevant Period, and how it discovered it, including but not limited to, the location and identification of all Documents and persons with knowledge related to this topic.

**Response to Topic No. 29.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories, fact depositions or document requests). Defendants further object to this Topic on the grounds that terms in this Topic such as "discovered", "the potential for a liquidity problem" and "persons with knowledge" are vague and ambiguous. Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that Defendants "discovered the potential for a liquidity problem" and that Defendants had any such potential liquidity problem. Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "the location and identification of all Documents related to this topic".

Defendants agree to designate a witness to testify regarding Topic No. 29.

**Topic No. 30.**

The nature, scope, causes of the liquidity problem that Robinhood experienced during the Restriction Period, such as that referenced in the HFSC Report at 24, 30, 31, 54, 55, 61, 66, 68 and 69, including but not limited to, the location and identification of all Documents and persons with knowledge related to this topic.

**Response to Topic No. 30.**

Defendants object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production No. 49. Defendants further object to this Topic on the grounds that it would be premature to offer 30(b)(6) testimony on this Topic, as Defendants are waiting on an agreement on search terms to begin their review. Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that Defendants experienced a liquidity problem. Defendants further object to this Topic on the grounds Plaintiffs seek information regarding a third party's characterization of relevant events. Defendants further object to this Topic on the grounds that terms in this Topic such as "nature, scope, causes" are vague and ambiguous.

Defendants agree to designate a witness to testify regarding Topic No. 30.

**Topic No. 31.**

Robinhood's belief that it would not be shut down or forced to liquidate its customers' positions by the NSCC/DTCC because it was "to[o] big to fail," as referenced in the HFSC Report at 65 (citing RH_HFSC_00007111), including but not limited to the location and identification of all documents related to this topic.

**Response to Topic No. 31.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, a fact deposition of the individual who made the relevant statement). Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production No. 50.

Defendants further object to this Topic on the grounds that terms in this Topic such as "shut down or forced to liquidate" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that Robinhood "would not be shut down or forced to liquidate its customers' positions".  Defendants further object to the Topic on the grounds that it improperly characterizes the source document.  Defendants further object to this Topic on the grounds that it calls for improper 30(b)(6) testimony on legal theories, contentions or conclusions.  Defendants further object to this Topic to the extent it seeks personal mental impressions or personal knowledge and not Defendants' position, beliefs and opinions or facts within the knowledge of the corporation.

Defendants agree to designate a witness to testify regarding Topic No. 31.

**Topic No. 32.**

Robinhood's predictions for its customers' daily demand (i.e. likely purchase and sale quantities) for the Affected Stocks in the two weeks prior to, and during, the Restrictions Period, including but not limited to, how such predictions are made, the reasons for the predictions and the location and identification of all Documents and persons with knowledge related to this topic.

**Response to Topic No. 32.**

Defendants further object to this Topic on the grounds that terms in this Topic such as "Robinhood's predictions", "likely purchase and sale quantities" and "Restrictions Period" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to seeking information "in the two weeks prior to . . . the Restrictions Period" and as to "the location and identification of all Documents and persons with knowledge related to this topic".  Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that Defendants have "predictions for [their] customers' daily demand".

Defendants agree to designate a witness to testify regarding Topic No. 32.

**Topic No. 33.**

Robinhood's view that Robinhood's systems were having trouble handling the volume of trades on its platform, *e.g.*, "handling scale", such as those referenced in the HFSC Report at pp. 23-25, 31, 36 and 57, and reasons why, including but not limited to the location and identification of all documents related to this topic.

**Response to Topic No. 33.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, document requests). Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production No. 51. Defendants further object to this Topic on the grounds that it would be premature to offer 30(b)(6) testimony on this Topic, as Defendants are waiting on an agreement on search terms to begin their review. Defendants further object to this Topic on the grounds that terms in this Topic such as "Robinhood's view", "Robinhood's systems", "trouble handling the volume of trades", "handling scale" and "reasons why" are vague and ambiguous. Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including the "view that Robinhood's systems were having trouble". Defendants further object to this Topic to the extent it seeks personal mental impressions or personal knowledge and not Defendants' position, beliefs and opinions or facts within the knowledge of the corporation.

Defendants agree to designate a witness to testify regarding Topic No. 33.

**Topic No. 34.**

Robinhood's awareness that imposing Restrictions on the Affected Stocks could cause a decline in the market price of the Affected Stocks, including but not limited to that referenced in the HFSC Report at 31 (citing RH_HFSC_00029118) ("us PCO will trigger a crash, I am certain"), including but not limited to the location and identification of all Documents and persons with knowledge related to this topic.

**Response to Topic No. 34.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, a fact deposition of the individual who made the relevant statement). Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production No. 48. Defendants further object to this Topic on the grounds that terms in this Topic such as "awareness" are vague and ambiguous. Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to seeking information related to Defendants' "awareness . . . including but not limited to that referenced in the HFSC Report" and as to "the location and identification of all Documents and persons with knowledge related to this topic". Defendants further object to this Topic to the extent it seeks personal mental impressions or personal knowledge and not Defendants' position, beliefs and opinions or facts within the knowledge of the corporation. Defendants further object to this Topic on the grounds Plaintiffs seek information regarding a third party's characterization of relevant events. Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that "Restrictions on the Affected Stocks could cause a decline in the market price of the Affected Stocks" and that Defendants were aware of the same. Defendants further object to this Topic on the grounds that it calls for improper 30(b)(6) testimony on legal theories, contentions or conclusions.

Defendants agree to designate a witness to testify regarding Topic No. 34.

**Topic No. 35.**

Robinhood's consideration of, and its decision to, limit in any way the number or pace of new account sign-ups during the Relevant Period, and the reasons therefor such as those referenced in the HFSC Report at 31, 56, and 58, including but not limited to the location and identification of all documents and persons with knowledge related to this topic.

38

**Response to Topic No. 35.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories, fact depositions or document requests). Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production No. 32. Defendants further object to this Topic on the grounds that terms in this Topic such as "new account sign-ups" and "consideration of, and its decision to" are vague and ambiguous. Defendants will construe the term "new account sign-ups" to mean new accounts opened in the prior 24 hours during the Relevant Period. Defendants further object to this Topic to the extent Plaintiffs seek information regarding a third party's characterization of relevant events. Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that Defendants considered and decided to "limit in any way the number or pace of new account sign-ups". Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to the discussion of "limit[ing] in any way the number or pace of new account sign-ups" and as to "the location and identification of all Documents and persons with knowledge related to this topic".

Defendants agree to designate a witness to testify regarding Topic No. 35.

**Topic No. 36.**

The number of total Robinhood accounts, daily new Robinhood account sign-ups, and the total dollar amount held in Robinhood accounts on a daily basis during the Relevant Period, including but not limited to the location and identification of all Documents and persons with knowledge related to this topic.

**Response to Topic No. 36.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or document

39

requests).  Defendants further object to this Topic on the grounds that it is unreasonably

cumulative or duplicative of Plaintiffs' Request for Production Nos. 33-35.  Defendants further

object to this Topic on the grounds that terms in this Topic such as "new account sign-ups" are

vague and ambiguous.  Defendants will construe the term "new account sign-ups" to mean new

accounts opened in the prior 24 hours during the Relevant Period.  Defendants further object to

this Topic on the grounds that it is overbroad and unduly burdensome as to "the location and

identification of all Documents and persons with knowledge related to this topic".  Defendants

further object to this Topic on the grounds that it seeks information that would require an

impossible, impracticable or unreasonable amount of preparation or memorization of

information to permit any witness or group of witnesses to be able to address comprehensively.

Defendants are willing to provide a response to an interrogatory seeking this information.

**Topic No. 37.**

The volume and type of trading (buys, sells, options, stocks) in the Affected
Stocks by new accounts in the period, including but not limited to the location and identification
of all Documents related to this topic.

**Response to Topic No. 37.**

Defendants object to this Topic on the grounds that it seeks information more

easily available through other, less burdensome means (*e.g.*, interrogatories or document

requests).  Defendants further object to this Topic on the grounds that it is unreasonably

cumulative or duplicative of Plaintiffs' Request for Production Nos. 34-35.  Defendants further

object to this Topic on the grounds that terms in this Topic such as "new accounts in the period"

are vague and ambiguous.  Defendants further object to this Topic on the grounds that it is

overbroad and unduly burdensome as to the lack of a time limitation because the term "the

period" is vague and as to "the location and identification of all Documents and persons with

knowledge related to this topic". Defendants further object to this Topic on the grounds that it seeks information that would require an impossible, impracticable or unreasonable amount of preparation or memorization of information to permit any witness or group of witnesses to be able to address comprehensively.

Defendants are willing to provide a response to an interrogatory seeking this information.

**Topic No. 38.**

The amount and the changes in total daily volume of trading in Robinhood accounts in the stock and options of the Affected Stocks during the Relevant Period, including but not limited to, the location and identification of Documents related to this topic.

**Response to Topic No. 38.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or document requests). Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production Nos. 34-35 and Plaintiffs' Interrogatory No. 1. Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "the location and identification of all Documents related to this topic". Defendants further object to this Topic on the grounds that it seeks information that would require an impossible, impracticable or unreasonable amount of preparation or memorization of information to permit any witness or group of witnesses to be able to address comprehensively.

Defendants are willing to provide a response to an interrogatory seeking this information.

**Topic No. 39.**

Robinhood's efforts to raise capital from investors or any other source of funding during the Relevant Period, including but not limited to the reasons for Robinhood raising

41

capital, the search for and identification of investors, negotiations, and Robinhood's representations of the reasons for the capital infusion, and the terms and nature of the transactions by which Robinhood raised additional capital during the Relevant Period, including but not limited to the location and identification of all Documents and persons with knowledge related to this topic and all persons participating in or approving the raising of additional capital during the Relevant Period.

**Response to Topic No. 39.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories, fact depositions or document requests). Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production No. 38. Defendants further object to this Topic on the grounds that terms in this Topic such as "efforts to raise capital" and "any other source of funding" are vague and ambiguous. Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to covering all potential aspects of fundraising and for seeking "the location and identification of all Documents and persons with knowledge related to this topic" and "all persons participating in or approving the raising of additional capital during the Relevant Period". Defendants further object to this Topic on the grounds that it seeks information neither relevant to the claims or defense of the parties nor proportionate to the needs of the case, including "the search for and identification of investors[ and] negotiations". Defendants further object to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges or immunities.

Defendants agree to designate a witness to testify regarding Topic No. 39.

**Topic No. 40.**

The impact of the Meme Stock Market Event on Robinhood's efforts to pursue and complete an initial public offering, including but not limited to the location and identification of all documents related to this topic.

**Response to Topic No. 40.**

        Defendants object to this Topic on the grounds that terms in this Topic such as "impact" and "efforts to pursue and complete an initial public offering" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that the Meme Stock Market Event impacted Defendants' IPO efforts.  Defendants further object to this Topic on the grounds that it does not specify the information sought with reasonable particularity.  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "the location and identification of all Documents related to this topic."

        Defendants agree to designate a witness to testify regarding Topic No. 40.

**Topic No. 41.**

        Robinhood's insurance policies in place during the Relevant Period covering (i) securities fraud claims, (ii) errors and omissions, and (iii) liability of any kind, including but not limited to the location and identification of all Documents and persons with knowledge related to this topic.

**Response to Topic No. 41.**

        Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or document requests).  Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production No. 70, in response to which Defendants have answered Plaintiffs' questions at the meet and confer on December 15, 2022 and in their January 5, 2023 letter.  Defendants repeat that there is no litigation insurance.  Defendants further object to this Topic on the grounds that terms in this Topic such as "errors" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "the location and identification of all

Documents and persons with knowledge related to this topic" and insurance policies covering "liability of any kind".  Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that Defendants had any such "insurance policies in place".

Defendants agree to designate a witness to testify regarding Topic No. 41.

**Topic No. 42.**

Robinhood's policies governing its employees' trading of stocks and options during the Relevant Period, including but not limited to how Robinhood ensures compliance with the policies and the location and identification of all Documents related to this topic.

**Response to Topic No. 42.**

Defendants object to this Topic on the grounds that terms in this Topic such as "policies governing" and "ensures compliance with the policies" are vague and ambiguous.

Defendants agree to designate a witness to testify regarding Topic No. 42.

**Topic No. 43.**

The identity of any Senior Management that traded in the shares of the Affected Stocks during the period from January 25, 2021 through February 7, 2021.

**Response to Topic No. 43.**

Defendants object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production No. 72.  Defendants further object to this Topic on the grounds that it seeks information neither relevant to the claims or defense of the parties nor proportionate to the needs of the case, including trading by "Senior Management".

Defendants are willing to provide a response to an interrogatory seeking this information.

**Topic No. 44.**

How Robinhood uses Workday, its human resources management system, including its capabilities, the information available on it, and what types of information related to individual custodians and key employees are available on it.

**Response to Topic No. 44.**

Defendants object to this Topic on the grounds that terms in this Topic such as "types of information", "key employees" and "capabilities" are vague and ambiguous. Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "information available" on Workday with no restriction. Defendants further object to this Topic on the grounds that it seeks information neither relevant to the claims or defense of the parties nor proportionate to the needs of the case, including Defendants' "human resources management system". Defendants previously informed Plaintiffs in their March 1, 2023 letter that Defendants do not use Workday to track workflow process or make individual work assignments.

Defendants agree to designate a witness to testify regarding Topic No. 44.

**Topic No. 45.**

The trading Restrictions Robinhood imposed during the Meme Stock Market Event. In particular:
- (a)  a description Looker's capabilities;
- (b)   a description of Looker's functions;
- (c)  The tasks Robinhood uses Looker to perform;
- (d)  how Robinhood uses Looker in its business;
- (e)  The type of data does Robinhood use Looker to analyze;
- (f)  The type of data analyses Looker performs for Robinhood; and;
- (g)  The final product or output Looker produces;
- (h)  Whether and how Looker allows Robinhood to access its data lake;
- (i)  Whether and how Looker can be used to create, identify or obtain any of the documents Plaintiffs have requested from Robinhood in their various Document requests.

**Response to Topic No. 45.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories).  Defendants further object to this Topic on the grounds that terms in this Topic such as "capabilities", "functions", "type of data", "use" and "the final product or output Looker produces" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it seeks information neither relevant to the claims or defense of the parties nor proportionate to the needs of the case, including Defendants' internal "data analytics platform".  Defendants previously informed Plaintiffs in their March 1, 2023 letter that Looker can be programmed with Structured Query Language ("SQL") queries and submits them against databases and that Looker is capable of generating reports.  Defendants further object to this Topic to the extent subsection (i) suggests Defendants are under any obligation to generate documents or information that does not already exist in Defendants' custody or control to satisfy Plaintiffs' document requests.  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to evaluating how Looker could be "used" in connection with Plaintiffs' 88 document requests.  Defendants further object to this Topic on the grounds that it seeks information that would require an impossible, impracticable or unreasonable amount of preparation or memorization of information to permit any witness or group of witnesses to be able to address comprehensively.

Defendants agree to designate a witness to testify regarding Topic No. 45.

**Topic No. 46.**

The nature, purpose, participants, dates, times, and outcome(s) of the scaling meeting(s) described in RHMDL0049839, including but not limited to the location and identification of all other Documents related to this topic.

**Response to Topic No. 46.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories, document requests or a fact deposition of the individual who made the relevant statement).  Defendants further object to this Topic on the grounds that terms in this Topic such as "nature", "purpose" and "outcome" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "the location and identification of all Documents related to this topic".

Defendants agree to designate a witness to testify regarding Topic No. 46.

**Topic No. 47.**

The existence, nature and use of any algorithm or optimization program ("Algorithm") Robinhood used to identify the stocks that are driving the greatest fees as referenced in RHMDL 0072580, including but not limited to:  (i) when it was developed; (ii) when Robinhood first started using it; (iii) whether Robinhood used it during the Relevant Period; (iv) the reasons it was developed; (v) the uses it was put to; (vi) the identify of all persons at Robinhood that analyzed the output of the Algorithm; (vii) the decisions the Algorithm supported; (viii) the decisions the Algorithm affected; (ix) the Identity of all persons at Robinhood that used any aspect of the Algorithm to make decisions during the Relevant Period; (x) the identity and location of all documents and persons with knowledge to this topic.

**Response to Topic No. 47.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories, document requests or a fact deposition of the individual who made the relevant statement).  Defendants further object to this Topic on the grounds that terms in this Topic such as "existence, nature and use", "any algorithm or optimization program", "driving the greatest fees", "decisions the Algorithm supported", "affected" and "used any aspect of the Algorithm" are vague and ambiguous. Defendants further object to this Topic on the grounds that it is overbroad and unduly

burdensome as to the "identif[ication] of all persons . . . that used any aspect of the Algorithm" and "the identity and location of all documents and persons with knowledge".  Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that any such algorithm exists as described.  Defendants further object to the Topic on the grounds that it improperly characterizes facts and the source document.  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "the location and identification of all Documents related to this topic".

Defendants agree to designate a witness to testify regarding Topic No. 47.

**Topic No. 48.**

The process Robinhood undertook to monitor Reddit, WallStreetBets, StockTwits or other social media channels for potential increases in demand for specific stocks, which stocks it monitored and identified, and in what channels during the Relevant Period, including but not limited to which stocks it monitored, the reasons therefore, how it selected such stocks to monitor, and how Robinhood used the information found on these social media channels to determine in which stocks to consider restricting.  The location and identification of all Documents and witnesses related to this topic.

**Response to Topic No. 48.**

Defendants object to this Topic on the grounds that terms in this Topic such as "monitor", "potential increases in demand for specific stocks", "other social media channels" and "witnesses related to this topic" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that Defendants monitored social media, that Defendants monitored for increases in demand of certain stocks and that Defendants "used the information found on these social media channels to determine in which stocks to consider restricting".  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "[t]he location and identification of all Documents related to this topic".

Defendants agree to designate a witness to testify regarding Topic No. 48.

**Topic No. 49.**

The nature, extent and methods by which Robinhood engaged in advertising or postings of any kind on social media linked to WallStreetBets or other social media channels to induce traders to open accounts on Robinhood during or prior to the Class Period.  The location and identification of all Documents and persons with knowledge related to this topic.

**Response to Topic No. 49.**

Defendants object to this Topic on the grounds that terms in this Topic such as "nature, extent and methods", "advertising or postings of any kind", "social media linked to WallStreetBets" and "other social media channels" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "postings of any kind" and "[t]he location and identification of all Documents and persons with knowledge related to this topic".  Defendants further object to this Topic on the grounds that it characterizes "advertising or postings" as "induc[ing] traders to open accounts on Robinhood".  Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that Defendants advertised or posted on social media and that Defendants attempted to induce traders to open Robinhood accounts.

Defendants agree to designate a witness to testify regarding Topic No. 49.

**Topic No. 50.**

When, why and the methods by which Robinhood r removed its advertising or other postings on social media linked to WallStreetBets or other social media channels at any time during or prior to the class period, including the persons authorizing, directing or participating in such actions.  The location and identification of all Documents related to this topic.

**Response to Topic No. 50.**

Defendants object to this Topic on the grounds that terms in this Topic such as "methods", "advertising or other postings", "prior to the class period" and "participating in such

actions" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts, including that Defendants advertised or posted on social media and that Defendants removed any advertising or postings.  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "[t]he location and identification of all Documents and persons with knowledge related to this topic" and "the persons authorizing, directing or participating in such actions".

Defendants agree to designate a witness to testify regarding Topic No. 50.

**Topic No. 51.**

Whether Robinhood possessed any internal company estimates of the impact of changes in Robinhood customer demand for certain stocks on those stocks' prices and what these estimates were for the nine Affected Stocks during the Relevant Period.  If so, the amount and other specifics of these estimates each day and what were the bases for the estimates.  The location and identification of all Documents and witnesses related to this topic.

**Response to Topic No. 51.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or document requests).  Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Topic 10(h).  Defendants further object to this Topic on the grounds that terms in this Topic such as "internal company estimates of the impact of changes", "Robinhood customer demand for certain stocks" and "amount and other specifics of these estimates" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "the location and identification of all Documents and witnesses related to this topic".

Defendants agree to designate a witness to testify regarding Topic No. 51.

**Topic No. 52.**

   The identity of any facts or evidence, including but not limited to the beliefs, knowledge, discussions, position or statements of Robinhood and/or its employees concerning or related to whether a decrease in demand to purchase any of the nine Affected Stocks or an increase in selling pressure for the nine Affected Stocks would lead to lower share prices for such stocks during the Relevant Period. The location and identification of all Documents and witnesses related to this topic.

**Response to Topic No. 52.**

   Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or document requests). Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Topic 10(h). Defendants further object to this Topic on the grounds that terms in this Topic such as "beliefs", "any discussions", "selling pressure" and "witnesses" are vague and ambiguous. Defendants further object to this Topic on the grounds that it is the subject of expert testimony. Defendants further object to this Topic to the extent it calls for testimony about a hypothetical. Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "any discussions". Defendants further object to this Topic on the grounds that it calls for improper 30(b)(6) testimony on legal theories, contentions or conclusions. Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "[t]he location and identification of all Documents and witnesses related to this topic", "positions or statements of [Robinhood's] employees" and to the extent it seeks information or documents not in Defendants' control or possession as to "[t]he identity of any facts or evidence". Defendants further object to this Topic to the extent it seeks personal mental impressions or personal knowledge and not Defendants' position, beliefs and opinions or facts within the knowledge of the corporation.

**Topic No. 53.**

The An explanation of the significance of the data presented in RHMDL4341-4343, RHMLD49725-49726, and each of the three tabs comprising RHMDL98610, including:

(a) The identity(ies) of the person(s) who compiled the data;

(b) The sources of information consulted to obtain the data;

(c) The location and identity of the documents consulted to compile the data;

(d) The reason(s) the data contained in RHMDL98610 appears to conflict (with respect to the overlapping issuers and time periods) with data earlier provided to Plaintiffs, including RHMDL4341-4343 and RHMLD49725-49726;

(e) Whether the early options close out data produced includes involuntary stock or options purchases and/or sales necessary to close out put options written by Robinhood customers, if any.

**Response to Topic No. 53**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or document requests). Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production Nos. 19-23. Defendants further object to this Topic on the grounds that terms in this Topic such as "significance of data", "compiled the data", "involuntary stock or options purchases", and "close out put options written by Robinhood customers" are vague and ambiguous. Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "the location and identity of relevant documents and including a thorough explanation of the meaning, source and completeness" and subsections (a)-(c). Defendants further object to this Topic on the grounds that it assumes disputed facts or purports to characterize facts as provided in subsection (d). Defendants further object to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges or immunities.

Defendants are willing to provide a response to an interrogatory seeking this information.

**Topic No. 54.**

Robinhood's policies for selling out or liquidating positions based on margin calls during the Relevant Period, including any changes in such policies or the implementation or enforcement of the policies and the reasons for such changes including but not limited to the location and identification of all other documents and persons with knowledge related to this topic.

**Response to Topic No. 54.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories or document requests). Defendants further object to this Topic on the grounds that information about "changes in such policies or the implementation of enforcement of the policies" is not limited to a particular timeframe. Defendants further object to this Topic on the grounds that terms in this Topic such as "implementation or enforcement of the policies" are vague and ambiguous. Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to seeking "the location and identification of all documents and persons with knowledge related to this topic".

Defendants agree to designate a witness to testify regarding Topic No. 54.

**Topic No. 55.**

All rules and requirements that Robinhood had for customers seeking to move their assets from Robinhood to other brokerage firms from January 27, 2021 to February 5, 2021, including but not limited to the existence or non-existence of any rules that customers must sell their securities before moving their assets to a new brokerage account, and including but not limited to the location and identification of all Documents and persons with knowledge related to this topic.

**Response to Topic No. 55.**

Defendants object to this Topic on the grounds that terms in this Topic such as "rules" and "requirements" are vague and ambiguous. Defendants further object to this Topic on

the grounds that it is overbroad and unduly burdensome as to "the location and identification of all Documents and persons with knowledge related to this topic" and to the extent Plaintiffs seek proof of the "non-existence of any rules".  Defendants further object to this Topic on the grounds that it calls for improper 30(b)(6) testimony on legal theories, contentions or conclusions concerning regulatory requirements.  Defendants further object to this Topic on the grounds that it seeks information that would require an impossible, impracticable or unreasonable amount of preparation or memorization of information to permit any witness or group of witnesses to be able to address comprehensively.

Defendants agree to designate a witness to testify regarding Topic No. 55.

**Topic No. 56.**

The nature and extent of any proceedings, suits, investigations, regulatory actions of any nature, and enforcement proceedings commenced against Robinhood that are in any way related to the Meme Stock Market Event, including but not limited to, the location and identification of all Documents and persons with knowledge related to this topic.

**Response to Topic No. 56.**

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.*, interrogatories).  Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production Nos. 4-6.  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to "in any way related to the Meme Stock Market Event", "regulatory actions of any nature", "any proceeding" and "the location and identification of all Documents and persons with knowledge related to this topic".  Defendants further object to this Topic on the grounds that it seeks information neither relevant to the claims or defense of the parties nor proportionate to the needs of the case; Plaintiffs do not articulate how other actions or proceedings are relevant to the claims or

defenses of the parties in this Action.  Defendants further object to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine or any other applicable privileges or immunities.

Defendants agree to designate a witness to testify regarding Topic No. 56.

## Topic No. 57.

The organizational structure and the Senior Management structure of the business functions of all three defendants in this Action, sufficient to demonstrate which persons or entities had the ability to directly or indirectly control the actions and statements of each of the defendants in this Action during the Relevant Period, including the names of the heads of relevant departments and their reporting structure up to each of the boards of directors of the three defendants and the financial (including funding, borrowing, dividends and other fund transfers) and reporting interactions and interrelationships between and amongst Robinhood's parent holding company and Robinhood Financial LLC and Robinhood Securities LLC, including whether officers or board members of one entity are officers or board members of others and whether officers or board members of one entity that are not officers or board members of another entity are allowed to give orders to employees of entities for which such officer or director does not work.  The identify and location of all Documents that describe the aforementioned relationships or establish rules, practices or policies related to this topic The location and identity of individuals with knowledge of rules, practices or policies related to this topic during the Relevant Period.

## Response to Topic No. 57.

Defendants object to this Topic on the grounds that it seeks information more easily available through other, less burdensome means (*e.g.,* interrogatories or document requests).  Defendants further object to this Topic on the grounds that it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production No. 8.  Defendants further object to this Topic on the grounds that terms in this Topic such as "business functions", "relevant departments", "give orders", "indirectly control" and "financial (including funding, borrowing, dividends and other fund transfers) and reporting interactions and interrelationships" are vague and ambiguous.  Defendants further object to this Topic on the grounds that it fails to describe the information sought with reasonable particularity such that Defendants could prepare a witness to testify about the entire organizational and management structure.  Defendants further

55

object to this Topic on the grounds that it seeks information neither relevant to the claims or defense of the parties nor proportionate to the needs of the case, as to Defendants' organizational and management structure.  Defendants further object to this Topic on the grounds that it seeks information that would require an impossible, impracticable or unreasonable amount of preparation or memorization of information to permit any witness or group of witnesses to be able to address comprehensively.  Defendants further object to this Topic on the grounds that it is overbroad and unduly burdensome as to seeking "the location and identification of all Documents" and "individuals with knowledge".

Defendants agree to designate a witness to testify regarding Topic No. 57.

Dated: August 1, 2023

Respectfully submitted,

_____ */s/ Antony Ryan*
CRAVATH, SWAINE & MOORE LLP
Antony L. Ryan
Kevin J. Orsini
Brittany L. Sukiennik
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
aryan@cravath.com
korsini@cravath.com
bsukiennik@cravath.com

HUNTON ANDREWS KURTH LLP
Samuel A. Danon (FBN 892671)
María Castellanos Alvarado (FBN 116545)
333 S.E. 2 Avenue, Suite 2400
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
sdanon@HuntonAK.com
mcastellanos@HuntonAK.com

*Attorneys for Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2023, I caused copies of the foregoing Responses and

Objections to Plaintiffs' Rule 30(b)(6) Deposition Topics to be served via electronic mail on the

following parties:

Laurence M. Rosen
Robin Bronzaft Howald
Michael A. Cohen
Phillip C. Kim
Jon Stern
Brent J. LaPointe
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue 40th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
lrosen@rosenlegal.com
rhowald@rosenlegal.com
mcohen@rosenlegal.com
pkim@rosenlegal.com
jstern@rosenlegal.com
blapointe@rosenlegal.com
*Counsel for Plaintiffs*

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

*/s/ Kathleen Young*
_____
Kathleen Young
