# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-2989-MDL-ALTONAGA/Damian

In re:
**JANUARY 2021 SHORT SQUEEZE**
**TRADING LITIGATION**
_____/

This Document Relates to the Federal Securities Tranche

**DEFENDANTS' RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Local Civil Rules for the United States District Court for the Southern District of Florida, Defendants Robinhood Markets, Inc., Robinhood Financial LLC, and Robinhood Securities, LLC (collectively, "Defendants") hereby submit the following responses and objections ("Responses") to Lead Plaintiff Blue Laine-Beveridge, named Plaintiffs Abraham Huacuja, Ava Bernard, Brandon Martin, Brendan Clarke, Brian Harbison, Cecilia Rivas, Garland Ragland Jr., Joseph Gurney, Santiago Gil Bohórquez, and Trevor Tarvis (collectively "Plaintiffs") First Set of Requests for Production ("Requests") in the above-captioned litigation ("Action").

Defendants provide these Responses, and any document produced in response to the Requests, without waiver of or prejudice to (i) their right at any later time to raise objections as to the relevance, materiality, privilege, work-product character or admissibility as evidence, for any purpose, of (a) the Requests or any part thereof, (b) statements made in these Responses to the Requests or any part thereof, or (c) any information disclosed and/or any documents produced as part of Defendants' Responses to the Requests or any part thereof; (ii) their right to

1

object to the use of any of the documents produced in response to these Requests in any subsequent proceedings or the trial of this Action or any other action; or (iii) their right to object on any ground at any time to a demand for further response to these Requests or other discovery requests in this Action.  Any response, objection or agreement to search for documents in response to any Request is not an acknowledgment or concession that the documents sought exist or that such information or documents are either relevant or admissible.

Defendants reserve the right to amend or supplement these Responses to the Requests from time to time as appropriate in accordance with the Federal Rules.

## **GENERAL OBJECTIONS**

The General Objections set forth below apply to the Requests generally and to the Definitions, Instructions and the Individual Requests set forth therein. Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full in response to each Definition, Instruction and Request. Any agreement to search for, or provide documents in response to, any Request is made subject to the General Objections.

1. Defendants object to the Requests, and the Instructions and Definitions set forth therein, to the extent they are contrary to, or purport to impose obligations on Defendants beyond those required by the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of Florida (together, the "Applicable Rules").

2. Defendants object to the Requests to the extent they call for the production of information or documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection. Defendants hereby claim such privileges and protections to the extent that they are implicated by the Requests, and Defendants exclude privileged or protected information and documents from their Responses.

Any disclosure of privileged or protected information or documents by Defendants is inadvertent and is not intended as a waiver of, and shall not waive, any such privilege or protection, and Defendants reserve the right to demand the return of all copies of any such document(s) inadvertently produced in response to the Requests.

3. Defendants object to the Requests to the extent they purport to call for the production of documents that are outside Defendants' possession, custody, or control; that are in the possession of third parties; or that are obtainable from a source that is more convenient, less burdensome, or less expensive, including publicly-available information. Defendants will not search publicly-available information, including court dockets and websites, in responding to the Requests.

4. Defendants object to each Request to the extent that it contains no limitation on the time period, or incorporates an excessive time period, for which responsive information is sought and therefore is overbroad, unduly burdensome, oppressive, not relevant to the claims or defenses asserted in the pending Action, and not proportional to the needs of this case.

5. Defendants object to the Requests to the extent they seek documents concerning allegations dismissed by the Court's August 11, 2022 Order on Defendants' Motion to Dismiss (ECF No. 503).

6. Defendants object to Lead Plaintiffs' definition of "Relevant Time Period" in the Requests, as it goes well beyond the putative Class Period and relevant period of the claims and defenses in this Action. Unless otherwise specified in response to a specific request, in responding to the Requests, Defendants will produce information or documents based on a reasonable search for documents between January 1, 2021 and February 28, 2021.

7. Defendants object to the Requests as overbroad and unduly burdensome and not

proportional to the needs of this case to the extent that they call for the identification and production of "all," "each," or "any and all" documents or communications, including information and documents that are not relevant to the claims or defenses of any party.

8. Defendants object to the Requests to the extent that they seek documents other than those that can be located upon a reasonable search of files where responsive documents reasonably can be expected to be found. Unless otherwise stated, Defendants will limit their search for documents responsive to the Requests, if any, to a mutually agreed upon search protocol, which will include, as appropriate, search terms, date ranges, custodians, and/or separate searches of other repositories.

9. Defendants object to the Requests to the extent they purport to impose obligations on Defendants beyond those as stipulated in the Parties' Stipulated Order Regarding ESI Protocol and Format of Productions (ECF No. 441); Stipulated Rule 502(d) and Privileged Materials Order (ECF No. 442); and Stipulated Protective Order (ECF No. 443). Defendants will conduct the search and production of documents responsive to the Requests in accordance with such stipulations.

10. Defendants object to the Requests as overbroad, unduly burdensome and not proportional to the needs of this case, including because there is substantial overlap between documents responsive to Plaintiffs' Requests and the material produced by Defendants to regulators. To avoid burdensome and duplicative productions, to the extent documents contained in the regulatory productions satisfy a Request, and such documents are produced to Plaintiffs in response to Request Nos. 4-6, and/or in connection with the Court's June 3, 2021 Order (ECF No. 323), Defendants will only produce such documents once in connection with those re-productions.

11.    Defendants object to the Requests' definition of the term "Alleged Omissions and Half-Truths" because the statements identified in Paragraphs 62 and 63 of the Complaint do not contain actionable omissions and are not "half-truths" as alleged in the Complaint.

12.    Defendants object to the Requests' definition of the term "Email" to the extent it purports to impose any obligation on Defendants to search particular "personal computing devices, smartphones, [or] tablets" not used by potential custodians in the regular course of business.

13.    Defendants object to the Requests' definition of the terms "Employee" as vague and ambiguous, overbroad, unduly burdensome and not proportional to the needs of this case. For purposes of responding to these Requests, Defendants will construe "Employee" to refer to individuals employed by Robinhood, and will exclude from the definition agents or representatives who are not directly employed by Robinhood.

14.    Defendants object to the Requests' definition of the terms "Financial Statements" as vague and ambiguous as to the terms "budget plans," "commentary" and "workpapers," and as overbroad, unduly burdensome and not proportional to the needs of this case to the extent this definition includes "all notes or other commentary" and "all underlying work papers and all drafts" related to Financial Statements.

15.    Defendants object to the Requests' definition of the term "Instant Messages" as duplicative or cumulative of the definition of "Text Messages."

16.    Defendants object to the Requests' definition of the terms "Regard," "regarding," "refer," "referring," "relate," relating," "pertain," or "pertaining" as vague and ambiguous and as overbroad, unduly burdensome and not proportional to the needs of this case to the extent this definition includes documents that "implicitly refer to" or were "reviewed in conjunction with"

5

the "subject matter of the Request."

17. Defendants object to the Requests' definition of the term "Restriction Period" on the grounds that terms in this definition such as "first imposition" and "lifting" are vague and ambiguous. Defendants further object to this definition as overbroad, unduly burdensome and not proportional to the needs of this case to the extent this definition includes "any form of restriction," and to the extent this definition does not include a specific time period.

18. Defendants object to the Requests' definition of the term "Robinhood" as overbroad, unduly burdensome and not proportional to the needs of this case to the extent this definition includes "partners" and "affiliates" of Robinhood. Defendants will construe the definition of the term "Robinhood" to mean Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC.

19. Defendants object to Instruction No. 1 as overbroad, unduly burdensome and not proportional to the needs of this case to the extent it purports to include documents that "refer[] or relate[]" to events within "any relevant timeframe," regardless of the date of creation. Unless otherwise stated, Defendants agree to produce documents within the Relevant Period as defined herein.

20. Defendants object to Instruction No. 2 as overbroad, unduly burdensome and not proportional to the needs of this case and beyond the scope and obligations required by the Applicable Rules, to the extent it requires the production of documents that Defendants "have the ability or right to secure" that are not otherwise in the possession, custody or control of Defendants. Defendants further object to Instruction No. 2 to the extent it specifically requires Defendants to produce documents from Robinhood's "affiliates," "partners," "accountants," "representatives" and "agents."

21. Defendants object to Instruction No. 6 to the extent it purports to impose obligations on Defendants beyond those in the Stipulated Rule 502(d) and Privileged Materials Order (ECF No. 442), ¶ 15.

22. Defendants object to Instruction No. 8 to the extent it purports to impose obligations on Defendants beyond those in the Stipulated Order Regarding ESI Protocol and Format of Productions (ECF No. 441), which governs both "the production of relevant electronically stored information and hard copy documents." Defendants further object to Instruction No. 8 to the extent it purports to impose obligations on Defendants that are inconsistent with those in the Stipulated Protective Order (ECF No. 443), ¶ 12.5.

23. Defendants object to the Instructions to the extent they purport to require the production of documents that contain personally identifiable information.

## SPECIFIC RESPONSES AND OBJECTIONS
## TO INDIVIDUAL REQUESTS FOR PRODUCTION

Defendants incorporate their General Objections to each of the Responses that follow as if such General Objections were set forth therein. Any Specific Objections set forth in the Responses are in addition to those General Objections and, unless otherwise specified, Defendants' Responses are limited in accordance with both the General Objections and Specific Objections.

**Document Request No. 1**

Documents evidencing all trades placed by Robinhood customers in the Later-Restricted Stocks in the Relevant Period, organized by stock. This includes but is not limited to the following information:

(a) The buy or sell order;
(b) The posted bid and ask price;
(c) Execution price and quantity;
(d) Market versus limit status;
(e) Margin percentage;
(f) The party initiating the trade;
(g) Whether the trade was pursuant to a margin call;
(h) The market maker to which Robinhood routed the trade.

**Response to Request No. 1**

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of this case to the extent it seeks "all trades placed by Robinhood customers in the Later-Restricted Stocks in the Relevant Period." Defendants further object to this Request as overbroad and unduly burdensome to the extent the information listed in sub-sections (a) to (h) is not stored in the regular course of business by

imposed on and subsequently removed from the Later-Restricted Stocks," if any, located after a reasonable search.

**Document Request No. 4.**

Documents relating to the investigation of the U.S. House of Representatives Committee on Financial Services ("HFSC"), including but not limited to the following:

(a) All subpoenae, document requests, interview requests and other means of information request issued by the HFSC and committee staff.

(b) All correspondence with the HFSC concerning the scope of its information requests and Robinhood's responses, including Robinhood's communications or logs containing any assertion of privilege(s) or other bases for withholding documents from production.

(c) All documents produced in conjunction with the testimony of Vlad Tenev on February 18, 2021.

(d) All documents produced in response to requests for information issued by the HFSC including but not limited to documents (referenced in the HFSC Majority Staff Report issued on June 24, 2022, by Bates-stamp number, starting with RH_HFSC_00000001), transcripts of witness interviews, letters to the HFSC authored by counsel for Robinhood, and any documents produced to the HFSC by third parties which came into Robinhood's possession.

**Response to Request No. 4.**

Defendants object to this Request to the extent it seeks clone discovery of "[a]ll documents produced in conjunction with the testimony of Vlad Tenev on February 18, 2021" and "all documents produced in response to requests for information issued by the HFSC," including documents that are not relevant to any party's claims or defenses in this Action. Defendants further object this Request on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of this case to the extent this Request seeks correspondence "concerning the scope of [HFSC's] information requests," and "any documents produced to the HFSC by third parties which came into Robinhood's possession." Defendants further object to this Request on the grounds that terms in this Request such as the "investigation" of the HFSC

11

and "came into Robinhood's possession" are vague and ambiguous.  Defendants further object to the extent this Request seeks documents also produced to the entities described in Request Nos. 5 and 6.  To the extent a document was produced to more than one regulator, self-regulatory organization or government entity, Robinhood will produce a single copy of such a document.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce non-privileged documents produced to HFSC and transcripts of witness interviews that are relevant to any party's claims or defenses in this Action, located after a reasonable search.

**Document Request No. 5.**

Documents relating to the investigation of the U.S. Securities & Exchange Commission (SEC), including:

(a) All subpoenae, document requests, interview requests and other means of information request issued by the SEC staff.
(b) All correspondence with the SEC concerning the scope of its information requests and Robinhood's responses, including Robinhood's communications or logs containing any assertion of privilege(s) or other bases for withholding documents from production.
(c) All documents produced in conjunction with the SEC's investigation of the allegations at issue in this case.

**Response to Request No. 5.**

Defendants object to this Request to the extent it seeks clone discovery, including of documents that are not relevant to any party's claims or defenses in this Action. Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of this case to the extent this Request seeks correspondence "concerning the scope of [the SEC's] information requests and Robinhood's

12

responses." Defendants further object to this Request on the grounds that terms in this Request such as the "the investigation" of the SEC are vague and ambiguous. Defendants further object to the extent this Request seeks documents also produced to the entities described in Request Nos. 4 and 6. To the extent a document was produced to more than one regulator, self-regulatory organization or government entity, Robinhood will produce a single copy of such a document.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce non-privileged documents produced to the SEC that are relevant to any party's claims or defenses in this Action, located after a reasonable search.

**Document Request No. 6.**

Documents relating to the investigation of any other state, federal or other regulator, including self-regulatory organization, into the allegations at issue in this case, including:

(a) All subpoenae, document requests, interview requests and other means of information request issued by any regulator.

(b) All correspondence with any regulator concerning the scope of the regulator's information requests and Robinhood's responses, including Robinhood's communications or logs containing any assertion of privilege(s) or other bases for withholding documents from production.

(c) All documents produced in conjunction with any regulatory investigation of the allegations at issue in this case.

**Response to Request No. 6.**

Defendants object to this Request to the extent it seeks clone discovery, including of documents that are not relevant to any party's claims or defenses in this Action. Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of this case to the extent this Request seeks

13

correspondence "concerning the scope of the regulator's information requests and Robinhood's responses." Defendants further object to this Request on the grounds that terms in this Request such as the "the investigation," "any other state, federal or other regulator," and "self-regulatory organization" are vague and ambiguous. Defendants further object to the extent this Request seeks documents also produced to the entities described in Request Nos. 4 and 5, and/or to multiple "regulators" or "self-regulatory organizations" as described in this Request. To the extent a document was produced to more than one regulator, self-regulatory organization or government entity, Robinhood will produce a single copy of such a document.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce non-privileged documents produced to regulators that are relevant to any party's claims or defenses in this Action, located after a reasonable search.

**Document Request No. 7.**

All Documents already produced in the Action that came into Robinhood's possession or control, regardless of the party that produced the Document, including communications or logs containing any assertion of privilege(s) or other bases for withholding documents from production.

**Response to Request No. 7.**

Defendants object to this Request to the extent it seeks documents not relevant to any party's claims or defenses in this Tranche. Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of this case to the extent this Request seeks "[a]ll documents already produced in the Action." Defendants further object to this request on the grounds that terms in this Request such as "came into Robinhood's possession" are vague and ambiguous.

after a reasonable search.

**Document Request No. 19.**

Documents evidencing cancellation and/or rejection of purchase orders for shares in the Later-Restricted Stocks during the Relevant Period, including the date and time customers received such notifications.

**Response to Request No. 19.**

Defendants object to this Request to the extent that Request No. 19 is cumulative or duplicative of Requests Nos. 28 and 31. Defendants object to this Request on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of this case to the extent it seeks documents "evidencing cancellation and/or rejection of purchase orders for shares" without limitation to documents related to any party's claims or defenses in this Action. Defendants further object to this request to the extent it seeks personally identifiable information, and to the extent it seeks documents concerning purchase orders canceled by Robinhood customers. Defendants further object to this Request to the extent that the Request seeks documents related to Later-Restricted Stocks for which there was no "cancellation and/or rejection of purchase orders" by Robinhood.

Subject to and without waiving the foregoing General and Specific Objections, Defendants agree to meet and confer regarding the appropriate scope of data responsive to this Request and proportional to the needs of the case.

**Document Request No. 20.**

Documents evidencing involuntary sales of all or part of customers' long positions in the Later-Restricted Stocks during the Relevant Period, including the date and time customers received notifications of Robinhood's action, due to, in Robinhood's words,

"unreasonable risk in brokering the customer's position," *e.g.*, a margin call.

**Response to Request No. 20.**

Defendants object to this Request to the extent that Request No. 20 is cumulative or duplicative of Requests Nos. 21, 22, 28 and 31. Defendants object to this Request on the grounds that terms in this Request such as "involuntary sales" are vague and ambiguous. Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of this case to the extent it seeks documents regarding "involuntary sales of all or part of customers' long positions" without limitation to documents related to any party's claims or defenses in this Action. Defendants further object to this Request to the extent it seeks personally identifiable information, and to the extent it mischaracterizes the quoted statements made by Defendants.

Subject to and without waiving the foregoing General and Specific Objections, Defendants agree to meet and confer regarding the appropriate scope of data responsive to this Request and proportional to the needs of the case.

**Document Request No. 21.**

All Communications to customers during the Relevant Period, informing them of any involuntary trades, including trades occasioned by margin calls and/or insufficient account funds to exercise call option positions.

**Response to Request No. 21.**

Defendants object to this Request to the extent that Request No. 21 is cumulative or duplicative of Requests Nos. 20, 22, 23, 28 and 31. Defendants object to this Request on the grounds that terms in this Request such as "involuntary trades" and "customers" are vague and ambiguous. Defendants further object to this Request on the grounds that it is

23

overbroad, unduly burdensome and not proportional to the needs of this case to the extent it is not limited to Later-Restricted Stocks, and to the extent it seeks communications regarding "involuntary trades" without limitation to documents related to any party's claims or defenses in this Action.

**Document Request No. 22.**

During the Relevant Period, all Documents evidencing involuntary sales of all or a portion of a customer's long positions in the Later-Restricted Stocks, as well as the date, hour and minute the customer was notified of Robinhood's action.

**Response to Request No. 22.**

Defendants object to this Request to the extent that Request No. 22 is cumulative or duplicative of Requests Nos. 20, 21, 28 and 31. Defendants object to this Request on the grounds that terms in this Request such as "involuntary sales" are vague and ambiguous. Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of this case to the extent it seeks documents regarding "involuntary sales" without limitation to documents related to any party's claims or defenses in this Action; and to the extent it seeks the "date, hour and minute the customer was notified," if such information is not readily available on the face of or in metadata of a document as it is kept in the regular course of business. Defendants further object to this request to the extent it seeks personally identifiable information.

Subject to and without waiving the foregoing General and Specific Objections, Defendants agree to meet and confer regarding the appropriate scope of data responsive to this Request and proportional to the needs of the case.

**Document Request No. 23.**

During the Relevant Period, all Documents evidencing involuntary position closing of customers' call options, including, but not limited to, call positions in the Later-Restricted Stocks, prior to their expiration, as well as the date, hour and minute the customer was notified of Robinhood's action.

**Response to Request No. 23.**

Defendants object to this Request to the extent that Request No. 23 is cumulative or duplicative of Requests Nos. 28 and 31.  Defendants further object to this Request on the grounds that terms in this Request such as "involuntary sales" are vague and ambiguous. Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of this case to the extent it is not limited to the Later-Restricted Stocks, and to the extent it seeks documents regarding "involuntary position closing" without limitation to documents related to any party's claims or defenses in this Action.  Defendants further object to this Request to the extent the Request seeks the "date, hour and minute the customer was notified," if such information is not readily available on the face or in metadata of a document as it is kept in the regular course of business.  Defendants further object to this request to the extent it seeks personally identifiable information.

Subject to and without waiving the foregoing General and Specific Objections, Defendants agree to meet and confer regarding the appropriate scope of data responsive to this Request and proportional to the needs of the case.

**Document Request No. 24.**

Documents reflecting Robinhood's policies concerning deadlines by which funds needed to be transferred to customer accounts to fund the exercise of call options, and

25

Dated: October 31, 2022

                                         Respectfully submitted,

                                                */s/ Antony Ryan*

CRAVATH, SWAINE & MOORE LLP
Antony L. Ryan
Kevin J. Orsini
Brittany L. Sukiennik
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
aryan@cravath.com
korsini@cravath.com
bsukiennik@cravath.com

HUNTON ANDREWS KURTH LLP
Samuel A. Danon (FBN 892671)
María Castellanos Alvarado (FBN 116545)
333 S.E. 2 Avenue, Suite 2400
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile:(305) 810-2460
sdanon@HuntonAK.com
mcastellanos@HuntonAK.com

*Attorneys for Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2022, I caused copies of the foregoing Responses and Objections to Plaintiff's First Set of Requests for Production to Defendants to be served via electronic mail on the following parties:

Laurence M. Rosen
Robin Bronzaft Howald
Michael A. Cohen
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue 40th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
lrosen@rosenlegal.com
rhowald@rosenlegal.com
mcohen@rosenlegal.com

*Counsel for Plaintiffs*

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                                                                         */s/Carolyn R.C. Young*
                                                                                         Carolyn R.C. Young