UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-02989-MD-ALTONAGA

In re:

**JANUARY 2021 SHORT SQUEEZE**
**TRADING LITIGATION**
_____/

This Document Relates to the Actions in the Federal Securities Tranche

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*. On May 26, 2023, Plaintiffs in the Federal Securities Tranche filed a Motion to Consolidate and Discontinue the Noticed Lead Plaintiff Process as Moot ("Motion to Consolidate") [ECF No. 565], seeking to consolidate a federal securities class action recently filed by Maurice Scarborough and Scott Schiller on behalf of options traders. Scarborough and Schiller oppose consolidation. (*See generally* Resp. Mot. to Consolidate [ECF No. 571]). The Court requests additional information from the parties to better address their arguments and to better manage the orderly progress of the Federal Securities Tranche.

The consolidation status of the relevant actions is complex. For starters, all the cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, including the *Scarborough* action, have been consolidated into the MDL for pretrial purposes. (*See* Oct. 14, 2021 Order [ECF No. 420] 2); *Scarborough v. Robinhood Fin., LLC*, No. 1:23-cv-21572, Order of Consolidation and Administrative Close-Out [ECF No. 16] filed on Apr. 27, 2023 (S.D. Fla. 2023) ("The above-styled case is consolidated in MDL proceeding 21-2989-MDL for all pretrial purposes[.]" (alteration added)). In addition, the Court entered an Order [ECF No. 310] on May 18, 2021 that established a four-tranche structure as an administrative device to organize the

different categories of actions. (*See id.* 1–2 (designating a tranche for "federal security law claims")). The tranche structure did not, by itself, merge the actions in each tranche, other than for administrative handling. *See Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015) ("Cases consolidated for MDL pretrial proceedings ordinarily retain their separate identities[.]" (alteration added; footnote call number omitted)).

It is typical for securities class actions — even those already consolidated into an MDL — to be further consolidated under Federal Rule of Civil Procedure 42 for all purposes, including trial. *See, e.g.*, *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 757 F. Supp. 2d 260, 284–85 (S.D.N.Y. 2010) (explaining that the court had "consolidated for all purposes" several securities and derivative actions); *In re Glob. Crossing, Ltd. Sec. Litig.*, No. 02-Civ-910, 2004 WL 638389, at *3 (S.D.N.Y. Mar. 30, 2004) (in a case management order, consolidating all pending and similar future actions for all purposes under Rule 42(a)); *In re Sterling Fin. Corp. Sec. Class Action*, No. Civ-07-2171, 2007 WL 4570729, *2, *6–7 (E.D. Pa. Dec. 21, 2007); *In re BP S'holder Derivative Litig.*, No. 10-MD-2185, 2011 WL 4345209, at *1 n.5 (S.D. Tex. Sept. 15, 2011). But here, the parties never requested, and the Court has not ordered, consolidation under Rule 42 beyond the scope of MDL consolidation for pretrial purposes.

On October 14, 2021, the Court appointed a Lead Plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA") along with Lead Plaintiff's choice of Lead Counsel. (*See generally* Oct. 14, 2021 Order). The PSLRA contemplates consolidation and requires courts to consider any request to consolidate actions for pretrial purposes or for trial before appointing a lead plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(B)(ii). But the PSLRA does not mandate consolidation. *See In re Cent. Eur. Distrib. Corp. Sec. Litig.*, No. Civ-11-6247, 2012 WL 5465799,

at *8–9 (D.N.J. Nov. 8, 2012). Here, no party has sought consolidation beyond what is already provided by the MDL framework, either before or at the time of Lead Plaintiff's appointment.

Nonetheless, Lead Plaintiff's filing of a Consolidated Class Action Complaint [ECF No. 446] and then an Amended Consolidated Class Action Complaint ("ACCAC") [ECF No. 527] affect the consolidation status of the underlying actions. Master complaints in an MDL may either serve as an administrative vehicle that summarizes the underlying actions or take on the character of a new operative pleading that supersedes the underlying individual complaints. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 590–91 (6th Cir. 2013); *see also Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 490 (7th Cir. 2020) (describing factors relevant to determining whether a complaint supersedes prior complaints). The latter type of master complaint "merg[es] the discrete actions for the duration of the MDL pretrial proceedings." *Gelboim*, 574 U.S. at 413 n.3 (alteration added; citing *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d at 590–92).

The Court has treated Lead Plaintiff's consolidated complaints as superseding any previously filed complaints. (*See generally* Aug. 10, 2022 Order [ECF No. 503] (considering Robinhood's singular Motion to Dismiss [ECF No. 449] by looking solely to the allegations of the Consolidated Class Action Complaint)).[1] But upon review of the underlying actions in the Federal

---

[1] The Court has also treated the Federal Securities Tranche as one class, including by entering an Order [ECF No. 517] scheduling trial during the Court's two-week trial calendar beginning August 12, 2024. This is not inconsistent with merger for only pretrial proceedings. While an MDL court must typically remand actions consolidated before it back to transferor courts for trial, *see Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998), the MDL court retains jurisdiction over actions filed before it. Two of the underlying actions in the Federal Securities Tranche were originally filed in the Southern District of Florida, assigned to the Undersigned, and would proceed to trial in this Court. *See Quat et al. v. Robinhood Fin., LLC, et al.*, No. 21-cv-21404 (filed Apr. 12, 2021); *Best et al. v. Robinhood Fin., LLC, et al.*, No. 21-cv-21534 (filed Apr. 21, 2021). In any case, the parties may affirmatively waive the right to a remand under 28 U.S.C. section 1407(a), *see In re Carbon Dioxide Indus. Antitrust Litig.*, 229 F.3d 1321, 1325–26 (11th Cir. 2000); and principles of res judicata and collateral estoppel would apply to class members in any subsequent litigation, *see Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 874 (1984).

Securities Tranche and the recent Motion to Consolidate, the Court seeks additional clarification from the parties on the status of consolidation in the Tranche.

Accordingly, it is

**ORDERED** that the parties[2] shall file a joint status report by **August 23, 2023** explaining their position(s) on the status of consolidation of the underlying actions in the Federal Securities Tranche. The status report should, at minimum, answer the following questions:

1. Do the parties disagree with the Court's above characterization of the status of consolidation? If so, please detail any disagreement and include citations to the record and legal authority.

2. What is the complete list of cases that correspond to the Federal Securities Tranche?[3]

3. What is the status of *Eisen v. Apex Clearing Corp, et al.*, No. 21-cv-21665 (filed Apr. 30, 2021), a federal securities class action case brought against Apex Clearing Corporation and Interactive Brokers, LLC?

---

[2] This Order is directed at all Plaintiffs and Defendants named in the underlying actions in the Federal Securities Tranche. In accordance with the Court's appointment of Lead Counsel (*see* Oct. 14, 2021 Order [ECF No. 420]), Lead Counsel is responsible for coordinating communication among all Plaintiffs and their counsel in the underlying actions.

[3] The Court counts the following actions: *Daniels v. Robinhood Financial, LLC, et al.*, No. 21-cv-21261 (filed Jan. 28, 2021); *Days v. Robinhood Markets, Inc., et al.*, No. 21-cv-21310 (filed Jan. 28, 2021); *Diamond v. Robinhood Financial, LLC, et al.*, No. 21-cv-21263 (filed Jan. 29, 2021); *Lagmanson et al. v. Robinhood Markets, Inc., et al.*, No. 21-cv-21298 (filed Jan. 29, 2021); *Gossett et al. v. Robinhood Financial, LLC, et al.*, No. 21-cv-21293 (filed Jan. 29, 2021); *Muncy v. Robinhood Securities, LLC, et al.*, No. 21-cv-21307 (filed Feb. 2, 2021); *Krumenacker v. Robinhood Financial LLC, et al.*, No. 21-cv-21343 (filed Feb. 2, 2021); *Kadin v. Robinhood Financial LLC, et al.*, No. 21-cv-21511 (filed Mar. 25, 2021); *Quat et al. v. Robinhood Financial, LLC, et al.*, No. 21-cv-21404 (filed Apr. 12, 2021); *Best et al. v. Robinhood Financial, LLC, et al.*, No. 21-cv-21534 (filed Apr. 21, 2021); *Eisen v. Apex Clearing Corp, et al.*, No. 21-cv-21665 (filed Apr. 30, 2021); *Carrasco v. Robinhood Financial LLC, et al.*, No. 21-cv-22702 (filed May 25, 2021); and *Scarborough v. Robinhood Financial, LLC*, No. 1:23-cv-21572 (filed Apr. 6, 2023).

The *Diamond* and *Kadin* actions were voluntarily dismissed. (*See* Apr. 20, 2021 Order [ECF No. 214]; Apr. 28, 2021 Order [ECF No. 272]).

4. Apart from the Motion to Consolidate the *Scarborough* action, do the parties intend to seek further consolidation under Rule 42 of actions in the Federal Securities Tranche? If so, which actions and what degree of consolidation?

Competing or differing positions in the joint status report shall be noted separately, such as by using italics or bold text; clearly identify the parties holding that position; cite to the record and legal authority; and not be used to rehash the arguments contained in the briefing on consolidation of the *Scarborough* action (*see* [ECF Nos. 565, 571, 572, 577]).

**DONE AND ORDERED** in Miami, Florida, this 9th day of August, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record