UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Damian

In re: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

**This Document Relates to: All Actions Involving the Federal Securities Laws**

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Fed. R. Civ. P. 5.2(d), Local Rule 5.4(b), CM/ECF Administrative Procedure 9B, and Section 12.3 of the parties' operative Stipulated Protective Order entered by the Court [ECF #443] ("Protective Order"), Lead Plaintiff Blue Laine-Beveridge and the plaintiffs named in the Amended Consolidated Class Action Complaint (collectively "Plaintiffs") respectfully seek leave to file under seal an unredacted version of Exhibit B to the Plaintiffs' Discovery Memorandum Regarding Requests for Production of Documents Directed to Robinhood Markets, Inc., Robinhood Financial LLC, and Robinhood Securities, LLC (together, "Robinhood") (the "Discovery Memorandum")(ECF No. 587), and that such document remain under seal until the conclusion of this litigation. S.D. Fla. L.R. 5.4(b).

In support thereof, Plaintiffs state the following:

1.  The Discovery Memorandum references and attaches Exhibit B, which Robinhood designated "CONFIDENTIAL" in accordance with the Protective Order. Exhibit B is a three-page document reflecting correspondence from a governmental entity to Robinhood. Plaintiffs do not believe they can provide more detailed information concerning the nature of Exhibit B without revealing its content.

2.  The Protective Order prohibits Plaintiffs from filing this document in unredacted form on the public record "[w]ithout first receiving written permission from the Designating Party or a court order secured after appropriate notice to all interested persons." *See* ECF 443 at Section 12.3. The Protective Order further provides, in pertinent part:

> If, prior to the issuance of a ruling on the motion to file under seal, the moving party elects or is required to publicly file a pleading, motion, memorandum, or other document that attaches or reveals the content of the proposed sealed material, then the moving party must redact from the public filing all content that is the subject of the motion to file under seal.

*Id.*

1

3. Plaintiffs do not concede that the Discovery Memorandum and/or any of the materials cited therein contain confidential information requiring them to be filed under seal. *See Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016) (holding in an antitrust class action that the plaintiffs' motion for class certification and defendants' response, along with the exhibits to each—which included expert reports—were improperly sealed). There is a strong presumption of public access to judicial documents. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). See also, *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157,193 (Third Cir. 1993) ("[T]here is a presumptive right of public access to pretrial motions of a non-discovery nature, whether preliminary or dispositive, and the material filed in connection therewith.")

4. Absent a contrary Order from this Court, the Protective Order in this case requires that the above-referenced document be filed under seal. Robinhood Defendants designated the material at issue "CONFIDENTIAL" pursuant to the Protective Order. As Plaintiffs do not concede the propriety of maintaining this material under seal, "[t]he burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action, in this case [D]efendants." *DiRussa v. Dean Winter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). *See generally Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1312 (11th Cir. 2001)*(*stating the rule that "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right."). *See also, Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (stating it is "immaterial" whether the parties have agreed to seal the record when determining whether a document should be publicly filed).

5. Plaintiffs have conferred with counsel for the Robinhood Defendants, and they do not oppose this motion insofar as it seeks an order permitting the designated material to be filed under seal.

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the unredacted Exhibit B to the Discovery Memorandum under seal and that such material remain under seal until the conclusion of this litigation. S.D. Fla. L.R. 5.4(b).

Dated: August 10, 2023

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, FBN# 0182877
Phillip Kim
Robin Bronzaft Howald
Jonathan Stern
Brent LaPointe
Michael Cohen

By: /s/ Laurence M. Rosen
Laurence M. Rosen, Esq.
275 Madison Avenue  40th Floor
New York, New York  10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*Counsel for Lead Plaintiff Blue Laine-Beveridge and Named Plaintiffs Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned Plaintiffs' counsel conferred with counsel for Robinhood Defendants, who do not oppose the relief requested in this motion.

/s/ *Laurence M. Rosen*

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Laurence M. Rosen*