UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-MD-2989-ALTONAGA/DAMIAN

In re:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**

_____/

This Document Relates to the Federal Securities Tranche

**DEFENDANTS ROBINHOOD MARKETS, INC., ROBINHOOD FINANCIAL LLC AND ROBINHOOD SECURITIES, LLC'S OPPOSITION TO PLAINTIFFS' DISCOVERY MEMORANDUM TO COMPEL 30(B)(6) TESTIMONY**

Plaintiffs' assertion that "Robinhood refuses to sit for a 30(b)(6) deposition for 53 of the 57 noticed topics" (Mot. at 2) misrepresents the record in two ways. *First*, there is no live dispute as to 20 topics, to which Robinhood has objected or offered to provide interrogatory responses. *Second*, Robinhood has agreed to provide corporate testimony for the remaining 37 topics and has simply requested, as a common-sense way to litigate the case efficiently, that 30(b)(1) depositions of the individuals designated to cover 30(b)(6) topics should occur at the same time, so as to reduce the burden and inconvenience to the witnesses. Plaintiffs are not entitled to take multiple depositions of the same witnesses, which would be burdensome and harassing. Separately, Plaintiffs' suggestion that Robinhood has delayed discovery in this litigation is meritless—as the record reflects, Plaintiffs are responsible for any delay.[1]

**I.      20 of the 30(b)(6) Topics Are Subject to Ongoing Meet and Confers.**

Plaintiffs served a sweeping 30(b)(6) notice, covering 57 topics—many more if sub-parts are counted separately. Because it would be unduly burdensome and impractical for one witness to testify regarding all of these wide-ranging topics, Robinhood must designate multiple witnesses. While some topics are relevant to the case, others are not. Notwithstanding the burden, Robinhood has been working with Plaintiffs to meet and confer over scope and has agreed to provide witnesses on those topics that are appropriate.

Plaintiffs' Motion should be denied as unripe with respect to nearly half of the 30(b)(6) topics in the Revised Notice (Mot. Ex. A). It would be premature and inappropriate to compel Robinhood to sit for a 30(b)(6) on the 20 Topics that remain the subject of ongoing meet

---

[1] Plaintiffs assert that "Defendants have not produced the bulk of documents requested, particularly emails" (Mot. at 2), but Plaintiffs are to blame for this. Robinhood proposed a list of document custodians more than *seven* months ago. Plaintiffs sat on their hands, however, and only on July 17—after the parties agreed on search terms Robinhood would use for these 23 custodians—proposed *40* additional custodians. On August 4, Plaintiffs revised this list in a second request for 22 of those 40, then filed their Motion the following Monday. Plaintiffs' egregious delay in negotiating custodians necessarily delayed Robinhood's custodial review and productions.

and confers. *First*, when Plaintiffs served the revised notice, they stated they would be amenable to handling many of the topics through interrogatory responses. Robinhood has proposed that ten topics[2] be handled in this fashion. At the August 2 meet and confer, Plaintiffs stated they were generally open to that approach but have not provided a final response.

*Second*, Robinhood objected to, and asked to meet and confer concerning, ten topics[3] to better understand the information sought and their relevance to this litigation:

- Robinhood explained at the August 2 meet and confer that it is not in custody or control of the documentation required to prepare a corporate witness to testify regarding Topic No. 28.
- Robinhood also explained that Plaintiffs have not articulated how Topic Nos. 13-17 are independently relevant.
- The parties have not discussed Topic Nos. 4 and 9, for which Robinhood requested a meet and confer.
- And Plaintiffs never attempted to discuss Robinhood's objections to Topic Nos. 25, 26(iii) and 52, which improperly seek legal conclusions. *See, e.g.*, *Lenz v. Universal Music Corp.*, No. C 07-03783 JF PVT, 2010 WL 1610074, at *3 (N.D. Cal. Apr. 20, 2010)

As such, these topics are not ripe for resolution and the motion should be denied.

## II.     Plaintiffs' Requested Relief Would Be Highly Inefficient and Unduly Burdensome.

Robinhood has agreed to provide 30(b)(6) testimony concerning 37 topics. Four Topics (Nos. 41, 42, 44 and 45) are not at issue. Those depositions will proceed in the coming weeks: because Robinhood's designees for those topics are unlikely to be deposed in their individual capacities, the concerns about multiple harassing depositions are inapplicable, and Robinhood is making witnesses available.

The only ripe dispute hinges upon *when*, not *if*, Robinhood must make corporate designees for the remaining 33 topics available for their depositions. Robinhood plans to

---

[2] Specifically, those are Topic Nos. 1, 2, 3, 5, 12, 36, 37, 38, 43 and 53.

[3] Those are Topic Nos. 4, 9, 13, 14, 15, 16, 17 and 28.

designate witnesses who played central roles in the events at issue (such as Jim Swartwout, the President of RHS) to testify regarding these topics, and anticipates that Plaintiffs will seek to depose these same witnesses individually. The issue squarely before the Court, therefore, is whether the depositions of these witnesses in the two capacities (as individual witnesses under Rule 30(b)(1) and as Rule 30(b)(6) designees) should take place at the same time.

Plaintiffs attempt to address a completely different issue, stating that "the testimony of particular employees as fact witnesses would [not] be duplicative or cumulative of Robinhood's 30(b)(6) designee." (Mot. at 4.) Robinhood, however, has never argued otherwise or taken the position that it need not provide 30(b)(6) testimony on these topics. As such, the cases Plaintiffs cite are beside the point. *See, e.g.*, *Smith v. Gen. Mills, Inc.*, No. C2 04-705, 2006 WL 7276959, at *5 (S.D. Ohio Apr. 13, 2006) (explaining that a litigant cannot "escape its Rule 30(b)(6) obligations by claiming that individual fact witnesses have [testified] or will testify on the same issues"); *Ironshore Indem., Inc. v. Banyon 1030-32, LLC*, No. 12-CV-61678, 2014 WL 11531915, at *2 (S.D. Fla. Feb. 28, 2014) (explaining that a party must produce a 30(b)(6) witness regardless of whether "prior individual testimony is adopted as corporate testimony").

Robinhood has only reasonably requested that, for those witnesses whom Plaintiffs want to depose in both capacities, the deposition occur at the same time, so as to minimize the burden on the witnesses. Permitting Plaintiffs to depose Robinhood's witnesses on multiple occasions would be unduly burdensome and inconvenient.[4] *Uni-Systems, LLC v. U.S. Tennis Ass'n* is instructive on this point. No. 17 CV 147 (KAM) (CLP), 2020 WL 8266015

---

[4] Plaintiffs blame Robinhood for choosing designees that may appear as fact witnesses when "[a] 30(b)(6) deponent need not have personal knowledge of the facts to which they testify." (Mot. at 5.) Plaintiffs thereby attempt to impose a different burden on Robinhood—to teach a corporate witness with no relevant knowledge to testify regarding all 57 topics, rather than to designate already-knowledgeable individuals. Robinhood should be permitted to select as corporate designees knowledgeable individuals of its choosing.

3

(E.D.N.Y. July 6, 2020).  Defendants there, as Robinhood here, "d[id] not object to the depositions, but only request[ed] that the Rule 30(b)(6) depositions occur at the same time as the Rule 30(b)(1) depositions." *Id.* at *4.  The court agreed, finding that "it [was] more efficient for the fact and 30(b)(6) depositions to proceed simultaneously." *Id.* at *5.

This case is therefore entirely distinct from the cases Plaintiffs cite that allow the depositions of corporate designees when the same witnesses were previously deposed in their personal capacities.  *See*, *e.g.*, *DHL Express (USA), Inc. v. Express Save Indus. Inc.*, No. 09-60276-CIV, 2009 WL 3418148, at *1 (S.D. Fla. Oct. 19, 2009) (witness deposed in his individual capacity before a 30(b)(6) deposition was noticed); *Provide Com., Inc. v. Preferred Com., Inc.*, No. 07-80185 CIV, 2008 WL 360588, at *1, *3 (S.D. Fla. Feb. 8, 2008) (same); *Banyon*, 2014 WL 11531915 at *2 (same).  In each of those cases, the noticing party did not know that fact witnesses would later be designated as 30(b)(6) witnesses.  Here, Plaintiffs know now that they may want to take depositions of witnesses such as Mr. Swartwout in two capacities.  (If Plaintiffs want to forgo a later 30(b)(1) of these witnesses, of course, the issue can be resolved that way.)

Plaintiffs also appear to be trying to position themselves to take duplicative 30(b)(6) depositions across the three Robinhood corporate defendants.  As Plaintiffs point out, "[h]ere there are three affiliated, *but separate*, corporate defendants."  (Mot. at 4 (emphasis added).)  Notably, Plaintiffs originally served a 30(b)(6) notice directed to all three defendants but served their Revised Notice on Robinhood Markets alone (*compare* Mot. Ex. A *with* Mot. Ex. C), and now Plaintiffs appear to suggest that they may be entitled to separate 30(b)(6) testimony from each Robinhood entity.  This tactic would be purely harassing and burdensome to Robinhood.  Robinhood wants to proceed efficiently.  Robinhood stated in its Objections that

4

"Defendants will construe 'Robinhood' to mean Robinhood Markets, Inc., Robinhood Financial LLC and/or Robinhood Securities, LLC, depending [on] which entity possesses information related to the Topic to which testimony is directed." (Mot. Ex. B. ¶ 13.) The Court should make clear Plaintiffs are entitled to a single corporate designee for each topic—not three separate ones.

### III. The Request for Sanctions Should Be Denied.

Plaintiffs' request for sanctions is frivolous. The record belies Plaintiffs' suggestions that Robinhood "delayed" providing testimony on the 30(b)(6) topics or that Robinhood failed to inform Plaintiffs that it would not do so on the noticed dates. When serving its first Responses and Objections, Robinhood noted that it was necessary to clarify the information Plaintiffs sought for certain specified topics and proposed that the parties meet and confer the following week, "after which the parties can work out scheduling for the depositions." Robinhood also told Plaintiffs that it would proceed with the deposition if Plaintiffs also agreed to depose the designated witnesses in their personal capacity. Plaintiffs did not respond to this request for a meet and confer, did not follow up on scheduling and did not state their position regarding duplicative depositions. Instead, Plaintiffs, after waiting more than six weeks, seemed to agree with some of Robinhood's positions and served their Revised Notice on July 17.

Robinhood never "fail[ed] to appear" at the deposition. (Mot. at 5.) To the contrary, on a June 2 meet and confer—and in an email sent the same day—Robinhood confirmed it would *not* produce a witness on June 5.[5] Even more egregiously, Plaintiffs *never even responded* to Robinhood's request for a meet and confer intended for the parties to discuss scheduling. Sanctions against Robinhood are not appropriate; if anyone delayed, it is Plaintiffs.

---

[5] Similarly, on July 27, 2023, Robinhood informed Plaintiffs via email that counsel was not available on the re-noticed date of August 25 and offered to discuss dates for September.

5

| | |
|---|---|
| Dated: August 10, 2023 | */s/ Tom K. Schulte* |
| | **HUNTON ANDREWS KURTH LLP** |
| | Samuel A. Danon (FBN 892671) |
| | María Castellanos Alvarado (FBN 116545) |
| | Tom K. Schulte (FBN 1025692) |
| | 333 S.E. 2 Avenue, Suite 2400 |
| | Miami, FL 33131 |
| | Telephone: (305) 810-2500 |
| | Facsimile: (305) 810-2460 |
| | sdanon@huntonak.com |
| | mcastellanos@hunton.com |
| | tschulte@huntonak.com |
| | |
| | **CRAVATH, SWAINE & MOORE LLP** |
| | Antony L. Ryan |
| | Kevin J. Orsini |
| | Brittany L. Sukiennik |
| | 825 Eighth Avenue |
| | New York, NY 10019 |
| | Telephone: (212) 474-1000 |
| | Facsimile: (212) 474-3700 |
| | aryan@cravath.com |
| | korsini@cravath.com |
| | bsukiennik@cravath.com |
| | |
| | *Counsel for Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 10, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated:  August 10, 2023                                              /s/ Tom K. Schulte