UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Damian

In re: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

**This Document Relates to: All Actions Involving the Federal Securities Laws**

**JOINT STATUS REPORT
IN RESPONSE TO THE COURT'S AUGUST 9, 2023 ORDER (ECF 589)**

Pursuant to the Court's August 9, 2023 Order (ECF 589) ("Status Order"), at 4 n.2 and the October 15, 2021, Lead Plaintiff and Lead Plaintiff's Counsel appointment Order (ECF 420), at 14, ¶4 ("LP Order"), Lead Plaintiff and Proposed Class Representative Blue Laine-Beveridge and Named Plaintiffs and proposed Class Representatives Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash, on behalf of the plaintiffs whose cases have been consolidated into the Federal Securities Laws Tranche of this MDL, together with Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC (collectively "Robinhood"), submit this Joint Status Report responding to the four questions posed by the Court, seeking clarification regarding the issue of case consolidation. Status Order at 4-5. The questions are listed below followed by each plaintiff's or group of plaintiffs' as well as Robinhood's response to the question.[1]

1. **Do the parties disagree with the Court's above characterization of the status of consolidation?** [2] **If so, please detail any disagreement and include citations to the record and legal authority.**

Lead Plaintiffs' Counsel for the Federal Securities Laws Tranche, Case No. 21-02989, and plaintiffs' counsel for the following eleven cases: *Gatz v. Robinhood Financial, LLC*, No. 21-cv-00490; *Scarborough v. Robinhood Financial, LLC*, Case No. 23-cv-21572; *Daniels v. Robinhood Financial, LLC, et al.*, No. 21-cv-21261; *Krumenacker v. Robinhood Financial LLC, et al.*, No. 21-cv-21343; *Quat et al. v. Robinhood Financial, LLC, et al.*, No. 21-cv-21404; *Best et al. v. Robinhood Financial, LLC*, et al., No. 21-cv-21534; *Kadin v. Robinhood Financial LLC,* et al.,

---

[1] Following the issuance of the Status Order, Lead Plaintiff's Counsel sent two emails to all plaintiffs' counsel in the cases in the Federal Securities Laws Tranche (including, in an abundance of caution, counsel in the two cases that have been dismissed) to obtain their responses to the questions to be jointly presented to the Court in this filing. *See* Declaration of Laurence M. Rosen at ¶¶ 4-7 and Exhibits A and B thereto. Lead Counsel also sent a draft of the Joint Status Report to all plaintiffs' counsel on August 22, 2023, seeking their comments and suggested changes to the Joint Status Report and asking any counsel who had not yet responded to the two earlier emails to please respond. Rosen Decl. at ¶8. Attached as Exhibit C is the August 22, 2023 email.

[2] The Court explained that the consolidation status of the action is "complex" and that while multiple cases were consolidated for pre-trial purposes in both the MDL and the Federal Securities Laws Tranche, there has not been a formal consolidation order entered pursuant to Rule 42 consolidating the cases for all purposes. Status Order at 1-3; 4 n.3.

Case No. 21-cv-21511; *Gossett et al. v. Robinhood Financial, LLC*, et al., No. 21-cv-21293; *Days v. Robinhood Markets, Inc., et al.*, No. 21-cv-21310; *Eisen v. Apex Clearing Corp*, et al., No. 21-cv-21665 and *Muncy v. Robinhood Securities, LLC, et al.*, No. 21-cv-21307 (in which Lead Plaintiff's Counsel is counsel of record), do not disagree with the Court's above characterization of the status of consolidation.

Counsel for the remaining three cases in this tranche (*Diamond v. Robinhood Financial, LLC, et al.*, No. 21-cv-21263; *Lagmanson et al. v. Robinhood Markets, Inc*., et al., No. 21-cv-21298; and *Carrasco v. Robinhood Financial LLC, et al*., No. 21-cv-22702) have not responded to Lead Plaintiff's Counsel's three requests for their understanding of the current status of consolidation. *See* Rosen Decl., ¶9.

Robinhood agrees with the Court's summary of the status of consolidation and believes that the operative complaint—the Amended Consolidated Class Action Complaint (ECF 527)—supersedes the underlying complaints in the Federal Securities Tranche. *See In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 20-md-2924, 2023 WL 2325536, at *24-25 (S.D. Fla. Mar. 2, 2023) (determining whether an MDL master complaint supersedes prior complaints based on the factors in *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 490 (7th Cir. 2020)).  Robinhood also notes that the newly filed *Scarborough* complaint is duplicative, as the same two named plaintiffs in *Scarborough* (No. 23-cv-21572), represented by the same counsel, previously brought federal securities claims for trading in both stocks and options in the *Gossett* action (No. 21-cv-21293) (listing Maurice Scarborough and Scott Schiller as named plaintiffs), which was transferred to this Court in the original Transfer Order from the JPML (ECF 1) and was subject to the PSLRA lead plaintiff process resulting in the Order appointing Lead Plaintiff (ECF 420).

In short, no party expressed disagreement with the Court's characterization of the current status of consolidation.

2. **What is the complete list of cases that correspond to the Federal Securities Tranche?**

Counsel for Robinhood has identified an additional case alleging violations of SEC Rule 10b-5 against Robinhood that should be included in the Federal Securities Laws Tranche.  The case is *Gatz v. Robinhood Financial, LLC*,  No. 21-cv-00490, originally filed in the Northern District of Illinois.  *See* Rosen Decl., ¶10.  The *Gatz* case was consolidated into the MDL. *See* ECF 1 (Transfer Order).

Attached as Exhibit D to the Rosen Declaration is a list of all fourteen cases consolidated in the MDL that alleged federal securities laws claims, showing the various other types of claims alleged in each complaint (State Law, Antitrust, Other Brokers), a list of the defendants named in the actions, and the names and email addresses of counsel for the parties in these actions.

**Scarborough Plaintiffs' Position**

*The Scarborough Plaintiffs dispute that they have been assigned to the Federal Securities Law Tranche based on the following rationale:*

*The Court has not formally assigned cases to the Federal Securities Tranche. By its order appointing Blue Laine-Beveridge as Lead Plaintiff (ECF No. 420), the Court simply listed the same cases referred to in footnote 3 of its August 10, 2023 order (ECF No. 579), except for Eisen v. Apex Clearing Corp, et al., No. 21-cv-21665 (filed Apr. 30, 2021) and Scarborough v. Robinhood Financial, LLC, No. 1:23-cv-21572 (filed Apr. 6, 2023) ("Scarborough action") as alleging violations of the federal securities laws.*

*The Scarborough action, which was filed April 6, 2023, was not listed in ECF No. 420, and, to date, this Court has not entered any standing Order requiring any subsequently filed actions alleging securities fraud claims to be assigned to the Federal Securities Tranche nor has it entered any Order assigning the Scarborough action to the Federal Securities Tranche. The Scarborough Plaintiffs further maintain that the Court should rename the present Federal Securities Tranche the Federal Stock Securities Tranche and appoint the Scarborough Plaintiffs as Lead Plaintiffs for a new Tranche to be denoted the Federal Option Securities Tranche, or appoint the Scarborough Plaintiffs as separate lead plaintiffs within the Federal Securities Tranche to represent the claims of options holders within that Tranche due to Blue Laine-Beveridge's and Mr. Rosen conflict as set forth in the Scarborough Plaintiffs opposition to their motion to consolidate.*

3. **What is the status of *Eisen v. Apex Clearing Corp.*, et al., No. 21-cv-21665 (filed Apr. 30, 2021), a federal securities class action case brought against Apex Clearing Corporation and Interactive Brokers, LLC?**

Counsel for all parties in *Eisen* informed Lead Plaintiff's Counsel that the parties to that case anticipate a voluntary dismissal of the action. *See* Rosen Decl., ¶¶14-15.

4. **Apart from the Motion to Consolidate the *Scarborough* action, do the parties intend to seek further consolidation under Rule 42 of actions in the Federal Securities Tranche? If so, which actions and what degree of consolidation?**

    a.    <u>Position of Lead Plaintiff's Counsel for Federal Securities Laws Tranche</u>

Because there were only two movants for Lead Plaintiff and no joint leadership structure had been approved under the PSLRA comparable to the steering committee appointments in the other tranches of the MDL, following the Court's issuance of the LP Order, as the Court noted, all parties proceeded as if the actions in this tranche that had already been consolidated for pre-trial proceedings had been consolidated for all purposes under the auspices of Lead Plaintiff Blue Laine-Beveridge, including, but not limited to: the filing of two "consolidated" complaints containing claims under Sections 9 and 10 of the Securities Exchange Act of 1934 and the filing of a motion certifying those two claims for class-wide treatment, and the appointment of Lead Plaintiff and the Named Plaintiffs in the Amended Consolidated Class Action Complaint as Class Representatives and Lead Plaintiff's Counsel as Class Counsel. *See* Status Order at 3 & n.1; *see also* ECF 441-443 (stipulations between Robinhood defendants and Lead Plaintiff) and 563 (status report on mediation between Robinhood defendants and Lead Plaintiff and Named Plaintiffs).

Because the securities law claims alleged in the actions in this tranche are substantially similar,[3] and to properly formalize the understanding and actions of the parties over the past 22 months, Lead Plaintiff for the Federal Securities Tranche intends to move under Rule 42 for consolidation for all purposes, including for pre-trial, trial and appeal, of all federal securities laws claims that arise out of the facts, circumstances, or transactions alleged in the Amended Consolidated Class Action Complaint that are alleged in any of the actions listed in listed in Exhibit D to the Rosen Declaration as well as any subsequently filed actions that are transferred to this MDL. To the extent that the position of *Scarborough*'s counsel, below, cites case law substantively

---

[3] Even though consolidation for all purposes is not mandated, as the Court noted, it is "typical" in PSLRA cases. Status Order at 2-3. Even in the case cited by the Court, where partial consolidation for discovery was deemed optimal, in *In re Central European Distrib. Corp. Secs. Litig.*, 2012 WL 5465799 (D.N.J. Nov. 8, 2012), the two cases that were deconsolidated for all purposes because they alleged "stark[ly]" different claims and class periods from the Lead Plaintiff's complaint, were consolidated with one another for all purposes due to *their* substantial similarity.

opposing Rule 42 consolidation in the future, it is premature and outside the scope of the question posed by the Court.

### b. Position of other plaintiffs in the Federal Securities Laws Tranche

Counsel for *Gatz v. Robinhood Financial, LLC*, No. 1:21-cv-00490; *Daniels v. Robinhood Financial, LLC, et al*., No. 21-cv-21261; *Krumenacker v. Robinhood Financial LLC, et al*., No. 21-cv-21343; *Quat et al. v. Robinhood Financial, LLC, et al*., No. 21-cv-21404; *Best et al. v. Robinhood Financial, LLC*, et al., No. 21-cv-21534; *Kadin v. Robinhood Financial LLC,* et al., Case No. 21-cv-21511; *Gossett et al. v. Robinhood Financial, LLC*, et al., No. 21-cv-21293; *Days v. Robinhood Markets, Inc., et al*., No. 21-cv-21310; *Eisen v. Apex Clearing Corp, et al.,* No. 21-cv-21665*; and Muncy v. Robinhood Securities, LLC, et al*., No. 21-cv-21307 have stated that they do not intend to seek further consolidation, under Rule 42, of the actions in the Federal Securities Laws Tranche.

Counsel for the remaining three cases in this tranche (*Diamond v. Robinhood Financial, LLC, et al*., No. 21-cv-21263; *Lagmanson et al. v. Robinhood Markets, Inc*., et al., No. 21-cv-21298; *Carrasco v. Robinhood Financial LLC, et al*., No. 21-cv-22702) have not responded to Lead Plaintiff's Counsel's three requests as to whether they intend to seek further consolidation. *See* Rosen Decl., ¶9.

### c. Position of Robinhood

Robinhood does not oppose a motion under Rule 42 for consolidation for all purposes of all federal securities laws claims that arise out of the facts, circumstances, or transactions alleged in the Amended Consolidated Class Action Complaint. For discussion of the *Scarborough* case, see Robinhood's response to Question 1, above.

### d. Position of Scarborough Plaintiffs

*Counsel for Scarborough v. Robinhood Financial, LLC, Case No. 1:23-cv-21572 does not intend to seek further consolidation under Rule 42 of actions in the Federal Securities Tranche and has already opposed the consolidation of Scarborough under the mantle of the Court-appointed Lead Plaintiff.*

The Scarborough Plaintiffs also dispute Mr. Rosen's statement that "the Court proceeded as if the actions in this tranche that had already been consolidated for pre-trial proceedings had been consolidated for all purposes under the auspices of Lead Plaintiff Blue Laine-Beveridge,

*including, but not limited to: the filing of two "consolidated" complaints" and his references to "further consolidation." To the contrary, as indicated in the Court's August 10, 2023, Order, this Court did not order any consolidation nor did Mr. Rosen or his client seek it. This Court also stated that it only proceeded on the basis that Blue Laine-Beveridge's complaints "superseded any previously filed complaints." Superseding complaints does not equate in any way to consolidation with those complaints for any purposes.*

*Further. The Scarborough Plaintiffs intend to vigorously oppose any motion, under Rule 42. to consolidate for all purposes Blue Laine-Beveridge's stock action with the Scarborough options action or with any of the other actions included in the Court's fn. 3, to the extent it alleges securities fraud claims on behalf of options holders for the reasons set forth in their opposition to Blue Laine-Beveridge's motion to consolidate under the PSLRA and for the following additional reasons.*

*First, this Court has noted that the PSLRA provides for consolidation for pre-trial or trial purposes, but the consolidation authorized by the PSLRA is class specific.  See Section **§ 78u-4** (a)(3)(B)(ii) ("[I]f more than one action **on behalf of a class** asserting substantially the same claim or claims arising under this chapter has been filed, **and any party has sought to consolidate those actions for pretrial purposes or for trial**, the court shall not make the determination required by clause (i) until after the decision on the motion to consolidate is rendered.") (emphasis added). Here, any consolidation motion after a lead plaintiff appointment should also be class specific and be limited to the Stock Class that Blue Laine-Beveridge sought appointment to represent in his Lead Plaintiff motion. This is the same stock class alleged in the two Master Complaints filed by Blue Laine-Beveridge, and for which Blue Laine-Beveridge has sought class certification pursuant to Fed. R. Civ. Pro. 23.  Given Blue Laine Beveridge's self-imposed limitation on its motion for lead plaintiff to only represent a stock class, and the corresponding limitation on this Court's lead plaintiff appointment, no broader consolidation with a different class—here, the Options Class in the complaint filed in the Scarborough action – would be consistent with the PSLRA, absent agreement by all the parties.*

*Second. such consolidation would also be inappropriate under applicable Rule 42 standards.  See Kaplan v. Gelfond, 240 F.R.D. 88, 90-921 (S.D.N.Y. 2007) ("Each case in which it may appear to be desirable to consolidate complaints in different actions must be evaluated on*

*its own facts with close attention to whether the anticipated benefits of a consolidated complaint outweigh potential prejudice to the parties.")(quoting Katz v. Realty Equities Corp., 521 F.2d 1354, 1360 (2d Cir.1975)). Here, Blue Laine-Beveridge has not only failed to assert any options claims, he and Mr. Rosen have expressed a strong aversion to bringing claims on behalf of options holders. Any consolidation which would afford Blue Laine-Beveridge the authority to bury the Options Class (especially where the Options Class alleged in the Scarborough action asserts the same claims this Court has already ruled were not subject to dismissal on a motion to dismiss) should therefore be rejected, especially where the Options Class alleged in the Scarborough action asserts the same claims this Court has already ruled were not subject to dismissal on a motion to dismiss. See also Scarborough Plaintiffs' Opposition To Lead Plaintiff Blue Laine-Beveridge's Motion To Consolidate And Discontinue The Lead Plaintiff Process For The Options Class As Moot ("Opposition") (discussing all the reasons any consolidation of the Scarborough action with Blue Laine-Beveridge's case would be prejudicial to the Scarborough Plaintiffs and the Options Class they seek to represent (ECF No. 571, Section B. pages 16-19).The prejudice that would result from Rule 42 or any consolidation of the Scarborough action with Blue Laine-Beveridge's action is more than potential; it is actual.*

*Third, any consolidation of the Scarborough action with Blue Laine-Beveridge's action that would vest Blue Laine-Beveridge with the authority to extinguish the claims of the options class should be rejected based on the Eighth Circuit's decision in Horizon Asset Mgmt. Inc. v. H & R Block, Inc., 580 F.3d 755, (8th Cir. 2009). In that case, the Eighth Circuit held that even though the district court had initially consolidated nine securities and derivative claims under Rule 42(a) and appointed one lead plaintiff, it had improperly failed to appoint a separate lead Plaintiff to represent the claims once the lead plaintiff abandoned the derivative claims by refusing to assert the derivative claims in the consolidated complaint. The Eighth Circuit stated that even a consolidated case "retain[s] its independent status," and plaintiffs in a consolidated action, like Iron Workers, are still "entitled to a decision on the merits of **their claims**." <u>DeGraffenreid v. Gen. Motors Assembly Div., St. Louis, 558 F.2d 480, 486 (8th Cir. 1977)</u> (emphasis added). The Eighth Circuit went on to hold that once it became clear that Horizon would not pursue the derivative claims, it was error for the district court to abide by its decision to appoint Horizon as the sole lead plaintiff to prosecute a single consolidated complaint over the consolidated actions and reversed the district court's prior lead plaintiff order, insofar as it designated Horizon as the*

*lead plaintiff for the derivative claims brought by Iron Workers and Momentum Partners and that required a single consolidated complaint. The Eighth Circuit further directed, on remand, that the separate complaint filed by Iron Workers and Momentum Partners be reinstated. Based on the same rationale, this Court should not impose any consolidation that would prevent the Scarborough Plaintiffs from separately pursuing the options claims, Blue Laine-Beveridge and his counsel have refused to assert. Further, if appointed as a separate Lead Plaintiff to pursue the claims of the Options Class alleged in the Scarborough action, the Scarborough Plaintiffs would seek permission to file their own Master Complaint, which filing would supersede any securities claims asserted by options holders in any of the cases presently included in the Federal Securities Tranche.*

Dated: August 23, 2023                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, FBN# 0182877
Robin Bronzaft Howald
Michael A. Cohen
By: /s/Laurence M. Rosen
Laurence M. Rosen, Esq.
275 Madison Avenue 40th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*Counsel for Lead Plaintiff Blue Laine-Beveridge and Named Plaintiffs Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Laurence M. Rosen