UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Damian

In re: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

**This Document Relates to: All Actions Involving the Federal Securities Laws**

**PLAINTIFFS' MOTION TO CONSOLIDATE PURSUANT TO RULE 42**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | PREFATORY STATEMENT ................................................................................................ | 1 |
| II. | PROCEDURAL HISTORY ................................................................................................... | 3 |
| III. | THE INTERESTS OF EFFICIENCY AND JUDICIAL ECONOMY, AS WELL AS THE INTENT OF THE PSLRA'S LEAD PLAINTIFF PROVISIONS, ARE ADVANCED BY THE REQUESTED CONSOLIDATION ............................................... | 4 |
| | A. The Securities Laws Claims Asserted All Arise From Robinhood's Alleged Misconduct With Respect to the Restrictions It Imposed ........................................ | 4 |
| | B. Consolidation Pursuant to Rule 42(a)(3) Avoids Unnecessary Cost and Delay ..... | 5 |
| | C. Consolidation Advances the Goals of the PSLRA ................................................. | 6 |
| | D. There Is No Equitable Basis to Deny Consolidation .............................................. | 8 |
| IV. | CONCLUSION ..................................................................................................................... | 10 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*DeGraffenreid v. Gen. Motors Assembly Div., St. Louis*,
   558 F.2d 480 (8th Cir. 1977) .......................................................................................... 7

*Hevesi v. Citigroup Inc.*,
   366 F.3d 70 (2d Cir. 2004) ............................................................................................. 7

*Horizon Asset Mgmt. Inc. v. H & R Block, Inc.*,
   580 F.3d 755 (8th Cir. 2009) ..................................................................................... 9, 10

*In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*,
   757 F. Supp. 2d 260 (S.D.N.Y. 2010)............................................................................. 4

*In re Bank of America Corp. Secs. Litig.*,
   09 MDL 2058, 2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010) ......................................... 7

*In re Bank of America Corp. Secs. Litig.*,
   09 MDL 2058, 2011 WL 4538428 (S.D.N.Y. Sept. 29, 2011) ....................................... 7

*In re Bank of America Corp. Secs. Litig.*,
   09 MDL 2058, 2012 WL 1308993 (S.D.N.Y. Apr. 16, 2012) ....................................... 7

*In re Central European Distrib. Corp. Secs. Litig.*,
   No. 11-6247, 2012 WL 5465799 (D.N.J. Nov. 8, 2012) ............................................... 8

*In re Facebook, Inc., IPO Secs. and Deriv. Litig.*,
   MDL 12-2389, 2013 WL 4399215 (S.D.N.Y. Aug. 13, 2023) ...................................... 7

*In re New Oriental Educ. & Tech. Grp. Sec. Litig.*, 293 F.R.D. 483 (S.D.N.Y. 2013)..................... 9

*In re Synergy Pharms. Secs. Litig.*,
   No. 18 Civ. 873, 2019 WL 6150713 (E.D.N.Y. Nov. 20. 2019)............................... 7, 8

*Kadel v. Flood*,
   No. 07-61753-CIV, 2008 WL 11333160 (S.D. Fla. Mar. 18, 2008).............................. 6

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ...................................................................................... 8

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
   523 U.S. 26 (1998) .......................................................................................................... 3

*McIntire v. Mariano*,
   No. 18-CV-60075, 2019 WL 78982 (S.D. Fla. Jan. 2, 2019)........................................ 2

*Merck & Co., Inc. v. Reynolds*,
    559 U.S. 633 (2010) ............................................................................................................... 6

*Newman v. Eagle Bldg. Techs.*,
    209 F.R.D. 499 (S.D. Fla. 2002) ............................................................................................ 6

**Statutes**

28 U.S.C. § 1292 .............................................................................................................................. 7

**Rules**

Fed. R. Civ. P. 42 ..................................................................................................................... passim

Fed. R. Civ. P. 42(a) ........................................................................................................................ 4

Fed. R. Civ. P. 42(a)(1) ................................................................................................................ 4, 5

Fed. R. Civ. P. 42(a)(2) .................................................................................................................... 5

Fed. R. Civ. P. 42(a)(3) .................................................................................................................... 5

# MOTION

Lead Plaintiff and proposed Class Representative Blue Laine-Beveridge and Named Plaintiffs and proposed Class Representatives Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash, ("Plaintiffs") hereby move this Court for an order pursuant to Fed. R. Civ. P. 42 ("Rule 42") consolidating through trial the securities laws claims alleged against Robinhood Markets, Inc., Robinhood Financial LLC and/or Robinhood Securities, Inc. ("Robinhood") in the following cases:

*Daniels v. Robinhood Financial, LLC, et al.*, No. 21-cv-21261 (filed Jan. 28, 2021);

*Days v. Robinhood Markets, Inc., et al.*, No. 21-cv-21310 (filed Jan. 28, 2021);

*Gatz v. Robinhood Financial, LLC*, No. 21-cv-00490 (filed Jan. 28, 2021);[1]

*Lagmanson et al. v. Robinhood Markets, Inc., et al.*, No. 21-cv-21298 (filed Jan. 29, 2021);

*Gossett et al. v. Robinhood Financial, LLC, et al.*, No. 21-cv-21293 (filed Jan. 29, 2021);

*Muncy v. Robinhood Securities, LLC, et al.*, No. 21-cv-21307 (filed Feb. 2, 2021);

*Krumenacker v. Robinhood Financial LLC, et al.*, No. 21-cv-21343 (filed Feb. 2, 2021);

*Quat et al. v. Robinhood Financial, LLC, et al.*, No. 21-cv-21404 (filed Apr. 12, 2021);

*Best et al. v. Robinhood Financial, LLC, et al.*, No. 21-cv-21534 (filed Apr. 21, 2021);

*Carrasco v. Robinhood Financial LLC, et al.*, No. 21-cv-22702 (filed May 25, 2021); and

*Scarborough v. Robinhood Financial, LLC*, No. 1:23-cv-21572 (filed Apr. 6, 2023);[2]

along with any other securities laws claims that have been filed or may be filed arising from the facts alleged therein.

I. **PREFATORY STATEMENT**

Plaintiffs seek consolidation of the federal securities laws claims asserted against Robinhood in the various cases filed in this multidistrict litigation ("MDL") to ensure the

---

[1] *Gatz* was likely not previously referenced by the Court as it was filed *pro se*, it is unclear whether it was filed as a class action, and was listed as alleging state law rather than securities law claims. *See* ECF 200-1 at 12.

[2] As the Court noted in its August 9, 2023, Order, *Diamond v. Robinhood Financial, LLC, et al.*, No. 21-cv-21263 (filed Jan. 29, 2021) and *Kadin v. Robinhood Financial LLC, et al.*, No. 21-cv-21511 (filed Mar. 25, 2021) have been dismissed. It is anticipated that *Eisen v. Apex Clearing Corp, et al.*, No. 21-cv-21665 (filed Apr. 30, 2021), will soon be dismissed and, in any event, does not allege claims against the Robinhood defendants.

continued smooth administration of this tranche of the MDL, undeterred by stale, lawyer-driven claims. Due to the unique procedural history of the MDL prior to the filing of lead plaintiff motions (described below), no party sought consolidation pursuant to Rule 42 as part of the lead plaintiff process. That said, the deliberate manner in which the parties to the MDL and the Court approached the structure and organization of the prosecution of the cases has proven successful. Specifically, federal securities law claims were assigned to their own tranche and, following his appointment, Lead Plaintiff, after careful consideration of the substantive and procedural viability of the various claims that potentially could be brought against Robinhood under the federal securities laws, filed a consolidated complaint with respect to those claims.

As in other cases governed by the PSLRA outside of the MDL context, the parties (including those who had filed initial complaints alleging federal securities law claims) proceeded under the assumption that the Lead Plaintiff and Lead Counsel, alone, controlled the conduct of the litigation, including, *inter alia*, filing pleadings, negotiating and entering into stipulations with the Robinhood defendants, making and defending against motions, and conducting discovery. Currently, a class certification motion is fully briefed. The efficient conduct of this litigation should not be thwarted by the *Scarborough* plaintiffs' and their counsels' belated efforts to lead an "options class" long after they failed to respond to a detailed PSLRA notice that covered their options claims. *See* Operative PSLRA Notice, dated May 28, 2021 (ECF 321 and 366-2) (the word "stock" does not appear, only the word "securities" – which includes options).[3]

In response to the Court's concern that the MDL order only consolidates the claims in this

---

[3] Indeed, movants for lead plaintiff in response to a published notice have not viewed themselves as constrained by a type of security or claim set forth in the notice as long as the substance of the claims are substantially similar. *See* "Plaintiffs' Reply in Further Support of Motion to Consolidate, etc." at 5 (and cases and notices cited therein) (ECF 577); *cf. McIntire v. Mariano*, No. 18-CV-60075, 2019 WL 78982, at *6 (S.D. Fla. Jan. 2, 2019) (transferring action to New York, court rejected assertion of plaintiffs in later-filed Florida action that they could not have moved to be appointed lead plaintiff in the New York action because their complaint alleged a different class period: "The Court is unpersuaded by the McIntire Plaintiffs' assertions that it was powerless to participate in the lead plaintiff process in the Gingello Action. Indeed, the McIntire Plaintiffs were not 'deliberately excluded' nor prevented from filing an action in the Southern District of New York, but apparently chose not to.") The *Scarborough* plaintiffs and their counsel, who had already filed an action in the MDL containing options claims (the *Gossett* action), received ECF 321 and 366-2 and did not need the detailed notice – which repeatedly used the term "securities" and expressly noted that various securities and claims were at issue in the multiple cases in the MDL alleging a securities claim – to use the word "options" to invite them to move for appointment.

2

Court through the conclusion of pre-trial proceedings, ECF 589 at 3 n.1 (citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998)), this motion asks the Court to exercise its authority pursuant to Rule 42 to ensure that the federal securities claims remain consolidated and before the Court through trial – as would typically occur in a non-MDL PSLRA case consolidated pursuant to Rule 42.

## II.     PROCEDURAL HISTORY

As the Court observed in its August 9, 2023 Order, "[t]he consolidation status of the relevant actions is complex." ECF at 1. This complexity primarily arises from the fact that the complaints consolidated into the MDL were unusual in that many asserted claims arising under state laws as well as either or both federal antitrust laws and securities laws. *See* ECF 200-1 (list of all cases transferred to the Court as of April 18, 2021, including the types of claims brought in each case). Specifically, of the 13 cases filed prior to the lead plaintiff motion deadline, only three – *Muncy*, *Quat*, and *Gatz* – solely alleged federal securities law claims. *See Quat et al. v. Robinhood Fin., LLC, et al.*, No. 21-cv-21404 (S.D. Fla.), at ECF 1; *Muncy v. Robinhood Securities, LLC, et al.*, No. 21-cv-21307 (D.N.J.) at ECF 1; *Gatz v. Robinhood Financial, LLC*, 21-cv-00490 (N.D. Ill.) at ECF 1.

Due to the wide range of claims asserted in most of the initial complaints and the fact that the lead plaintiff process caused the administration of the federal securities laws claims to proceed behind the other three tranches, a motion to consolidate the *cases* that alleged at least one securities law claim was not possible by July 27, 2021, when the operative lead plaintiff motion was filed. In a Joint Status Report filed June 2, 2021, the plaintiffs in the other three tranches of the MDL agreed that *claims* would be assigned to those tranches, not *entire cases*, and that the amended and consolidated complaints ("Master Complaints") to be filed in each of the three tranches would supersede the original complaints and become the operative pleadings in each tranche. *See* ECF 322 at ¶2; *see also* Joint Status Report filed Aug. 23, 2021, at 4 (ECF 601) (counsel in the *Scarborough* case noted "[t]he Court has not formally assigned cases to the Federal Securities Tranche"). Consequently, by the time Mr. Laine-Beveridge filed his motion to be appointed Lead Plaintiff (ECF 366), several of the Master Complaints in the other tranches had already been filed, with the vast majority of the initial complaints – including those that non-exclusively alleged federal securities laws claims – already superseded. *See* ECF 358 and 359. Thus, even though multiple actions alleged a securities law claim (as referenced by the Court in the led plaintiff order,

ECF 420 at 2 n.4), most of those complaints had already been superseded by the Master Complaints filed in the other tranches.[4]

This motion formally seeks to consolidate the securities laws cases and *claims* that remained thereafter, the belatedly alleged *Scarborough* federal securities laws claims, and any other federal securities law claims arising out of the facts already alleged herein.

## III. THE INTERESTS OF EFFICIENCY AND JUDICIAL ECONOMY, AS WELL AS THE INTENT OF THE PSLRA'S LEAD PLAINTIFF PROVISIONS, ARE ADVANCED BY THE REQUESTED CONSOLIDATION

Rule 42(a) provides:

If actions before the Court involve a common question of law or fact, the court may:
(1) join for hearing or trial any and all matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.

Rule 42 thus vests the Court with broad authority to consolidate the federal securities law *claims* alleged in any and all cases already on file (or to be filed), to be prosecuted under the aegis of the Lead Plaintiff and Lead Counsel. Here, in response to the final question in the Court's August 9, 2023, Order seeking clarification, Robinhood indicated that it does not oppose consolidation and, of all the plaintiffs' counsel queried, only counsel in the *Scarborough* action took the position that further consolidation is not warranted here. *See* Joint Status Report, filed Aug. 23, 2021, at 5-10 (ECF 601). But it most certainly is.

### A. The Securities Laws Claims Asserted All Arise From Robinhood's Alleged Misconduct With Respect to the Restrictions It Imposed

It cannot be disputed that the Court may join for both pretrial and trial, under Rule 42(a)(1),

---

[4] The Court noted: "It is typical for securities class actions – even those already consolidated into an MDL – to be further consolidated under Federal Rule of Civil Procedure 42 for all purposes, including trial" (ECF 589 at 2), citing *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 757 F. Supp. 2d 260, 284‑85 (S.D.N.Y. 2010) ("*BofA MTD*"). As is usually true in cases involving securities, derivative, and/or ERISA claims, it appears that in *BofA MTD* the securities cases were in a separate tranche from the derivative cases: "[T]he Judicial Panel on Multidistrict Litigation transferred various private actions arising out of BofA's acquisition of Merrill to Judge Denny Chin …. In June and July of 2009, Judge Chin consolidated for all purposes a number of securities actions and appointed lead plaintiffs and lead counsel for the Securities Action …. At the same time, Judge Chin consolidated for all purposes several derivative actions and appointed interim lead plaintiffs and co-lead counsel." 757 F. Supp. 2d at 284-85 (citations omitted). That "typical" line-up of securities cases and derivative cases referenced in *BofA MTD*, tranche by tranche, was not present here.

4

the federal securities law claims alleged against Robinhood. Even before lead plaintiff motions were filed, the inclusion of multiple cases in the MDL ensured sufficient commonality to warrant such treatment. Specifically, following a hearing and considering the various qualifications and objections posed by the parties in the dozens of cases that had been filed to date, on April 1, 2021, the United States Judicial Panel on Multidistrict Litigation determined: "The actions listed on Schedule A involve common questions of fact …. arising from trading restrictions imposed by Robinhood … in late January 2021 in response to a dramatic rise in trading and share prices for a group of 'meme stocks.'" ECF 1 at 2.  Included in Schedule A are *Daniels*, *Day*, *Diamond, Gatz*, *Gossett*, *Krumenacker*, *Lagmanson*, and *Muncy*. ECF 1 at 6-7. As the Court noted in the Order appointing Lead Plaintiff Laine-Beveridge (ECF 420 at 2 n.4), the *Quat*, *Best*, and *Carrasco* actions were filed following the April 1, 2021, MDL transfer order. Each contains a federal securities law claim arising under the same facts as the already consolidated and transferred cases. *See Quat*, No. 21-cv-21404, at ECF 1 (Count 1); *Best*, No. 21-cv-21534, at ECF 1 (Count V); and *Carrasco*, No. 21-cv-22702, at ECF 1 (First Cause of Action).

The *Scarborough* complaint, filed in the Central District of California on April 6, 2023, and transferred to this Court (ECF 554), copies verbatim most of the allegations in Lead Plaintiff's operative complaint and also alleges claims pursuant to §§ 9 and 10 of the Exchange Act. *See Scarborough*, 23-cv-21572, ECF 1 (Counts I and II). The Court thus has broad authority to consolidate these claims for trial with the claims already being advanced by Lead Plaintiff.[5]

### B.  Consolidation Pursuant to Rule 42(a)(3) Avoids Unnecessary Cost and Delay

Consolidation is warranted here to avoid any further unnecessary cost or delay arising from the belated efforts of the *Scarborough* plaintiffs to undo the lead plaintiff appointment they could have sought – but expressly declined to seek. The deadline for filing a lead plaintiff motion in the federal securities law tranche of the MDL on behalf of anyone who was injured by Robinhood's conduct with respect to the "Affected Securities" was July 27, 2021 (ECF 366-2 at 2). By seeking to belatedly create a separate options track within the federal securities tranche,[6] and by signaling

---

[5] Although Plaintiffs only seek consolidation of securities laws *claims* with respect to most of the actions, to the extent *Scarborough*, *Muncy, Quat, and Gatz* do not allege non-securities laws claims, with respect to those cases consolidation of claims under Rule 42(a)(1) and consolidation of the entire actions under Rule 42(a)(2) is a distinction without a difference.

[6] Counsel in *Scarborough*, signatories to the June 2, 2021, Joint Status Report agreeing that the initial complaints would be superseded by amended and consolidated complaints in the other three

an intent to "vigorously" oppose Rule 42 consolidation of all federal securities law claims, the *Scarborough* plaintiffs have repeatedly neglected to address the impact of an options track on the dates set forth in the Court's October 11, 2022, Scheduling Order entered in the federal securities law tranche, setting various pre-trial deadlines and a trial date. *See* ECF 517.

This glaring omission is not surprising in light of the fact that *Scarborough* counsel's only excuse for not seeking to earlier vindicate the interests of options holders once such claims were not pled by Lead Plaintiff in his November 30, 2021, consolidated complaint, is that efforts to raise the issue would have fallen on "deaf ears." ECF 571 at 13. That tissue-thin excuse cannot justify the delay that would be visited on the parties and the Court by the addition of a brand-new track within this tranche in September 2023 – with both Rule 12(b)(6) and class certification hurdles to overcome – nearly two years after Plaintiffs' consolidated complaint was first filed.

    **C.**    **Consolidation Advances the Goals of the PSLRA**

As a general matter, "[c]onsolidation of shareholder class actions is recognized as benefitting the court and the parties by expediting pretrial proceedings, reducing case duplication, and minimizing the expenditure of time and money by all persons concerned." *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 501–02 (S.D. Fla. 2002); *see also Kadel v. Flood*, No. 07-61753-CIV, 2008 WL 11333160, at *1 (S.D. Fla. Mar. 18, 2008). Moreover, following the enactment of the PSLRA, Congressional direction to vest sole control of litigation in the hands of the Lead Plaintiff appointed by the Court (*see* "Plaintiffs' Motion to Consolidate, etc." at 6-10 (ECF 565)) provides an even greater basis for consolidating cases alleging substantially similar facts and claims.

---

tranches, recognized that the Court similarly treated the complaints filed by Lead Plaintiff as superseding the federal securities claim remnants of the hybrid actions, and did not merely serve as an administrative vehicle summarizing them. *See* ECF 589 at 3; ECF 601 at 7. Indeed, neither of Lead Plaintiff's complaints read as administrative summaries; nor does either assert claims on behalf of call options holders. With the *Gossett* action's abandoned §10(b) claim superseded by the operative complaint in the federal securities tranche, it appears as if the putative *Scarborough* class action, filed in April 2023, may be time barred under *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 653 (2010). The most recent of the statements upon which the Court relied to find scienter was adequately alleged against Robinhood were in a colloquy between Robinhood CEO Vlad Tenev and sports podcaster Dave Portnoy on February 23, 2021, more than two years before *Scarborough* was filed. *See* ECF 503 at 29-32 (Order on Motion to Dismiss, entered August 11, 2022).

6

In *In re Synergy Pharms. Secs. Litig.*, No. 18 Civ. 873, 2019 WL 6150713 (E.D.N.Y. Nov. 20. 2019), the court consolidated two belatedly-filed cases with existing cases consolidated in an earlier lead plaintiff process. As the court explained, to prevent "lawyer driven" litigation, the PSLRA "sets forth a detailed procedure governing the appointment of a lead plaintiff," including the publication of a notice of the commencement of the putative class action within 20 days of its filing, a 60-day deadline to move to be appointed as lead plaintiff following publication of the operative notice, and court consideration of the lead plaintiff movants. *Id.* at *2. Once that process is followed, the court-appointed "lead plaintiff has the autonomy and authority to direct the course and strategy of the litigation." *Id.*

As in the instant action, the parties and counsel in the belatedly-filed cases argued that the court-appointed Lead Plaintiff and Lead Counsel would not assert or protect their claims. *Id.* at *4. Consolidating the later-filed cases over this objection, the court cited the same cases cited by Plaintiffs in the initial motion to consolidate the *Scarborough* action, 2019 WL 6150713 at *4-5,[7] concluding: "[L]ead plaintiffs have authority and discretion to choose which claims to pursue …. [Others] remain free to pursue ... claims individually." *Id.* at *5 (citing *BofA III*, 2012 WL 1308993, at *2).[8] Where, as here, Plaintiffs and Lead Counsel "put substantial efforts and resources into

---

[7] *Hevesi v. Citigroup Inc.*, 366 F.3d 70 (2d Cir. 2004), *In re Facebook, Inc., IPO Secs. and Deriv. Litig.*, MDL 12-2389, 2013 WL 4399215 (S.D.N.Y. Aug. 13, 2023), and *three* decisions on point in *In re Bank of America Corp. Secs. Litig.*, 09 MDL 2058 – 2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010), 2011 WL 4538428 (S.D.N.Y. Sept. 29, 2011), and 2012 WL 1308993 (S.D.N.Y. Apr. 16, 2012). The last decision, not earlier cited by Plaintiffs, declined to certify for appeal under 28 U.S.C. § 1292 the question proposed by the options plaintiff seeking to certify its own class: "Dornfest now proposes to certify the question of whether, under the PSLRA, 'the court may properly deny a motion for lead plaintiff status to represent a class on the grounds that lead plaintiffs of a separate class object[.]" 2012 WL 1308993, at *1. Determining that there was no separate class for options holders, the court reiterated that "any lead plaintiff necessarily makes determinations that limit a shareholder class." *Id.* at *2.

[8] *Scarborough* counsel's citation to *DeGraffenreid v. Gen. Motors Assembly Div., St. Louis*, 558 F.2d 480, 486 (8th Cir. 1977) in the Aug. 23, 2021, Joint Status Report (ECF 601 at 8), is inapposite. *DeGraffenreid* was an employment discrimination case in which claims were dismissed after the plaintiffs were unable to consolidate them with a pending case. The Eighth Circuit held that a court's decision not to consolidate claims in the interest of judicial economy is an inappropriate basis for dismissal of those claims because parties are entitled to a determination of their claims on their merits – whether or not the claims are consolidated. *Id.* at 486. As the court held in *BofA III,* consolidation will not extinguish the *Scarborough* plaintiffs' individual claims; there is, however, no right to assert class-wide claims outside the properly-conducted lead plaintiff process.

representing the putative class" and have "carefully investigate[d] and evaluate[d]" the ability to successfully prosecute class-wide options claims, 2019 WL 6150713 at *6, there is no basis for denying consolidation. Similarly, in *Kaplan v. Gelfond*, 240 F.R.D. 88 (S.D.N.Y. 2007), a case cited by *Scarborough* counsel in the Aug. 23, 2021, Joint Status Report (ECF 601 at 7-8), the court noted that an objection to consolidation raised during the lead plaintiff process – two groups of cases/movants argued for different class periods – would ultimately be resolved in the lead plaintiff's consolidated complaint and class certification motion. *Id.* at 91–92. Again, consolidation would not be denied due to this difference because the lead plaintiff has the ultimate authority to make such decisions.

### D. There Is No Equitable Basis to Deny Consolidation

In more than 20 pages of combined argument – in the opposition to the motion seeking to consolidate the *Scarborough* action and discontinue the lead plaintiff process and in the recently-filed Joint Status Report (ECF 571 and 601, respectively) – counsel for *Scarborough* has not made any showing that consolidation would be improper in this case. Instead, counsel cited three cases where *deconsolidation* was successfully achieved in a PSLRA case due to unusual facts rendering the initial consolidation inequitable. Here, no such circumstances exist; both law and equity favor consolidation.

In *In re Central European Distrib. Corp. Secs. Litig.*, No. 11-6247, 2012 WL 5465799 (D.N.J. Nov. 8, 2012), the same defendants were sued in two different district courts (in New Jersey and New York), by two sets of plaintiffs that alleged two completely different securities fraud claims. After defendants procured consent to a transfer of the New York cases to New Jersey, instead of coordinating the cases for discovery only, as the New York plaintiffs expected, all cases were consolidated under the New Jersey appointed lead plaintiff. Because the lead plaintiff made it clear that it had no interest in prosecuting the claims alleged in the New York cases *and* after finding that there was a "stark" difference between the factual underpinnings of the claims alleged, the court issued an order pursuant to Rule 42(a)(3) deconsolidating the New York and New Jersey cases but retaining coordination for case management and discovery (to minimize duplication). 2012 WL 5465799 at *9-13 & n.7. *CEDC* therefore only stands for the proposition that the filing of multiple securities fraud cases against a single defendant does not necessitate their complete consolidation into the first case in which a lead plaintiff is appointed when the factual allegations of other cases are starkly different. Here, the *Gossett* action (brought by the *Scarborough* plaintiffs

8

and their counsel) was consolidated by the Judicial Panel on Multidistrict Litigation because it alleged facts similar to those alleged in dozens of other cases, with no one leading the *Gossett* parties and counsel to believe the options claim alleged therein would not ultimately be consolidated with other federal securities law claims under the PSLRA. Furthermore, the *CEDC* plaintiffs timely took action; the *Gossett/Scarborough* plaintiffs did not.

In *In re New Oriental Educ. & Tech. Grp. Sec. Litig.*, 293 F.R.D. 483 (S.D.N.Y. 2013), an options claimant dropped its lead plaintiff motion and joined in seeking a stipulated order of appointment in exchange for a promise that the claims of options purchasers and sellers would be alleged in the consolidated complaint. The consolidated complaint, filed December 10, 2012, did not include such claims; on March 8, 2013, the options plaintiff sought relief from the stipulated lead plaintiff order pursuant to Rule 60(b). *Id.* at 485. Because relief was sought in a Rule 60(b) motion, the means by which the stipulated order was procured and entered was central to the decision to deconsolidate the options case. Had the lead plaintiff motion been litigated, the court would have become aware of the options claim and may have ensured that it was protected; instead, the court-appointed lead plaintiff reneged on an agreement that precluded the airing of that issue. Thus, because of the "course of conduct between the parties," the Rule 60(b) motion was granted and the options claims were deconsolidated. *Id.* at 488. Because the options plaintiff took prompt action, the cases could be coordinated for discovery and case management. *Id.* at 489.

Here, the options class plaintiffs in *Gossett* did not move to be appointed lead plaintiff and did not stipulate to Lead Plaintiff Laine-Beveridge's appointment in exchange for an agreement to assert the options claim. Additionally, the consolidated complaint was filed on November 30, 2021. Rather than bringing unasserted claims of options holders to the Court's attention three months later, as in *New Oriental Educ.*, several of the *Gossett* plaintiffs waited 16 months – 26 months after the events at issue – to file the new *Scarborough* case. Not only is there no equitable basis to deny consolidation, but coordinating discovery and case management of another putative class action at this late date would cause Plaintiffs and Robinhood unnecessary delay and expense.

Finally, in *Horizon Asset Mgmt. Inc. v. H & R Block, Inc.*, 580 F.3d 755 (8th Cir. 2009), the district court consolidated nine securities and derivative actions and indicated that it would appoint two lead plaintiffs that would jointly "'file an amended complaint asserting all claims against Defendants.'" *Id.* at 768. Instead, the court not only appointed a single lead plaintiff that had indicated it would not bring the derivative claims, but also refused to reconsider the appointment

9

on that basis or certify the decision for an immediate appeal because it determined the objector's complaints not to be derivative claims. *Id.* A consolidated complaint that did not contain derivative claims was dismissed. Addressing the consolidation order on appeal, the Eighth Circuit found that derivative claims had been properly alleged; thus, it appeared that the district court had not followed through on its commitment to ensure that all claims against defendants were alleged. *Id.* at 769. Here, the Court did not make any commitment during the lead plaintiff process to ensure that the Lead Plaintiff included the options claims initially alleged in the *Gossett* case (by the *Scarborough* plaintiffs and their counsel).

Although these three cases stand for the proposition that consolidation is not mandated, there is no legal or equitable basis to block consolidation here or to ask the Court to deviate from well-established case law that empowers a Lead Plaintiff not to bring options claims after thoughtful consideration. None of the unusual facts in the three cases cited by *Scarborough*'s counsel – to wit, that defendants, lead plaintiff, or the court had earlier led the plaintiff seeking deconsolidation to believe its claims would be asserted – are present here. To the contrary, the parties seeking to block consolidation sat on their rights while watching the claims in the federal securities law tranche proceed without them. First, they failed to move to be appointed lead plaintiff on July 27, 2021, then they failed to alert either Lead Plaintiff or the Court of their purported concerns once options claims were not brought in the consolidated complaint on November 30, 2021. The inaction of the *Gossett/Scarborough* plaintiffs and their counsel did not end there. As members of the Steering Committee overseeing the other three tranches, counsel received: notice of the Court's order on Robinhood's motion to dismiss on August 11, 2022; notice that the parties' respective positions concerning case management and scheduling were due on October 6, 2022; and notice of the Court's October 11, 2022, Scheduling Order – one which set January 17, 2023, as the deadline for amending pleadings or joining parties within the federal securities laws tranche. The *Gossett/Scarborough* plaintiffs' failure to take any action while discovery and class certification proceeded does not constitute grounds for blocking consolidation.

## IV. CONCLUSION

The parties and counsel within this tranche have proceeded as if the federal securities claims were consolidated under the control of the Lead Plaintiff and Lead Counsel, not litigated by committee pending remand at the conclusion of pre-trial proceedings. Both law and equity favor formal consolidation of these claims under Rule 42(a). For the reasons stated above and in any

10

reply papers that may be filed, Plaintiffs move for the consolidation through trial of the federal securities laws claims already asserted in the MDL and any such claims that may later be filed.

Dated: September 5, 2023

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, FBN# 0182877
Robin Bronzaft Howald
Michael A. Cohen
By: /s/Laurence M. Rosen
Laurence M. Rosen, Esq.
275 Madison Avenue 40th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*Counsel for Lead Plaintiff Blue Laine-Beveridge and Named Plaintiffs Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash*

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERENCE

In compliance with Local Rule 7.1, the undersigned met and conferred with all counsel for all parties that filed securities claims consolidated into this MDL via email on September 1, 2023. Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities LLC consent to this motion. Counsel for the plaintiffs in *Scarborough v. Robinhood Financial, LLC,* No. 1:23-cv-21572 and counsel for the plaintiffs in *Gossett et al. v. Robinhood Financial, LLC, et al.*, No. 21-cv-21293 intend to oppose the motion. All other counsel have taken no position.

By: /s/Laurence M. Rosen
Laurence M. Rosen, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Laurence M. Rosen