UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-02989-MDL-ALTONAGA/Damian

In re:

JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

_____/

This Document Relates to the Actions in the Federal Securities Tranche

**ORDER**

**THIS CAUSE** came before the Court on Plaintiffs' Motion to Consolidate Pursuant to

Rule 42 [ECF No. 605], filed on September 5, 2023.  Plaintiffs seek to consolidate for all purposes,

including trial, all federal securities laws claims against Defendants Robinhood Markets, Inc.,

Robinhood Financial, LLC, and Robinhood Securities, LLC that have been filed or may be filed

in this multidistrict litigation.[1]

Plaintiffs advise that Defendants consent to the relief sought but that counsel for the

Plaintiffs in *Scarborough v. Robinhood Financial, LLC*, No. 23-cv-21572, and *Gossett v.

Robinhood Financial, LLC*, No. 21-cv-21293, oppose the Motion.  (*See* Mot. 15).[2]  Under the

Local Rules, "each party opposing a motion shall serve an opposing memorandum of law not later

than fourteen (14) days after service of the motion.  Failure to do so may be deemed sufficient

---

[1] The actions asserting federal securities laws claims and assigned to the Federal Securities Tranche are:
*Daniels v. Robinhood Financial, LLC, et al.*, No. 21-cv-21261; *Days v. Robinhood Markets, Inc., et al.*, No.
21-cv-21310; *Gatz v. Robinhood Financial, LLC*, No. 21-cv-21296; *Lagmanson et al. v. Robinhood
Markets, Inc., et al.*, No. 21-cv-21298; *Gossett et al. v. Robinhood Financial, LLC, et al.*, No. 21-cv-21293;
*Muncy v. Robinhood Securities, LLC, et al.*, No. 21-cv-21307; *Krumenacker v. Robinhood Financial LLC,
et al.*, No. 21-cv-21343; *Quat et al. v. Robinhood Financial, LLC, et al.*, No. 21-cv-21404; *Best et al. v.
Robinhood Financial, LLC, et al.*, No. 21-cv-21534; *Carrasco v. Robinhood Financial LLC, et al.*, No. 21-
cv-22702; and *Scarborough v. Robinhood Financial, LLC*, No. 23-cv-21572.

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers
of all court filings.

CASE NO. 21-02989-MDL-ALTONAGA/Damian

cause for granting the motion by default." S.D. Fla. L.R. 7.1(c). To date, no party has responded to the Motion or requested an extension of time within which to do so.

Moreover, consolidation for all purposes of the actions in the Federal Securities Tranche is appropriate. Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision to consolidate is committed to the sound discretion of the district court. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1995) (citations omitted). In exercising this discretion, the court must determine:

> [w]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (alteration adopted; other alteration added; quotation marks and citation omitted).

As Plaintiffs explain, the underlying actions in the Federal Securities Tranche assert substantially the same claims against the same Defendants. (*See* Mot. 8–9). Indeed, the federal securities laws claims in the underlying actions are presently merged for the duration of pretrial proceedings by virtue of the Amended Consolidated Class Action Complaint. (*See* Sept. 7, 2023 Order [ECF No. 607] 7 (citing *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 n.3 (2015)). Therefore, consolidation for all purposes, including trial, is unlikely to result in undue prejudice or confusion and would instead conserve party and judicial resources, avoid delays, and avoid inconsistent adjudications.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Consolidate Pursuant to Rule 42 **[ECF No. 605]** is **GRANTED**. All federal securities laws claims that have been filed or

CASE NO. 21-02989-MDL-ALTONAGA/Damian

may be filed against Defendants in this multidistrict litigation are consolidated for all purposes, including trial.

**DONE AND ORDERED** in Miami, Florida, this 21st day of September, 2023.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record