UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Damian

In re: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

**This Document Relates to: All Actions Involving the Federal Securities Laws**

**JOINT MOTION TO AMEND THE SCHEDULING ORDER**

## MOTION

Lead Plaintiff and proposed Class Representative Blue Laine-Beveridge and Named Plaintiffs and proposed Class Representatives Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash, ("Plaintiffs"), and Defendants Robinhood Markets, Inc., Robinhood Financial LLC, and Robinhood Securities, Inc. ("Robinhood" or "Defendants"), (collectively, the "Parties") respectfully submit this Joint Motion to Amend the "Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge" (the "Scheduling Order") (Dkt. No. 517) with respect to certain deadlines as follows:

| Deadline | Current Date | New Date |
| --- | --- | --- |
| Exchange opening expert reports | December 18, 2023 | March 29, 2024 |
| Exchange rebuttal/reply expert reports | February 16, 2024 | May 13, 2024/June 10, 2024[1] |
| Expert discovery completion | March 15, 2024[2] | June 28, 2024 |
| Pre-trial and Daubert motions | April 26, 2024 | July 26, 2024[3] |
| Joint Pre-Trial Stipulation; proposed jury instructions, verdict forms, and findings of fact and conclusions of law; and non-Daubert motions in limine | June 14, 2024 | September 16, 2024 |
| Calendar Call | August 6, 2024 | Court to determine |
| Trial | August 12, 2024 | Court to determine |

Although the Parties have been diligently engaged in discovery since last fall, the requested extension of the above-referenced deadlines is necessary. This is the first extension the Parties

---

[1] The Parties have agreed, subject to the Court's approval, that damages reports will be treated differently than the other expert reports. Since it will be Plaintiffs who are seeking specific damages, the Parties propose that Plaintiffs file an opening report on damages, Defendants only file a rebuttal and Plaintiffs file a reply in advance of the deposition of their damages expert. The Parties believe this is the most efficient way to present the damages issues to one another and, ultimately, the Court.

[2] The Parties propose that the March 15, 2024 deadline remain in place for fact discovery.

[3] The Scheduling Order does not include a briefing schedule for summary judgment motions. Defendants currently envision submitting a Rule 56 motion and reserve their right to request a briefing schedule for that motion following the close of fact and expert discovery.

have requested, and they agree that good cause exists for the Court to grant their motion, as set forth herein.

## I.     PROCEDURAL HISTORY

On August 11, 2022, the Court issued its Order granting in part and denying in part Defendants' Motion to Dismiss Plaintiffs' Complaint in the Federal Securities Law Tranche of this multidistrict litigation ("MDL"). Dkt. No. 503. Defendants filed their Answer on September 12, 2022. Dkt. No. 510. On September 22, 2022, the Court ordered the Parties to file a Joint Scheduling Report on October 6, 2022. Dkt. No. 511.

The Parties filed the reports required by Fed. R. Civ. P. 16 and 26 on October 6, 2022, with separate statements of position with respect to deadlines as to which the Parties could not agree. Dkt. Nos. 515-1, -2 and -3. The Court's Scheduling Order was entered on October 11, 2022, setting a March 15, 2024, discovery cut-off, the approximate mid-point of the Parties' proposed dates. Dkt. No. 517. At the time, the Parties did not yet comprehend the scope of the endeavor that would be undertaken to query Robinhood's data and to obtain potentially relevant data from numerous third parties. As the Parties now know, neither of their estimates allotted sufficient time to conduct fact discovery prior to the current deadlines for experts to analyze the data obtained from these sources and submit opening and rebuttal reports.

On September 30, 2022, Plaintiffs served their First Requests for Production of Documents, consisting of 88 Requests. Joint Decl., ¶4. The Parties commenced the meet-and-confer process with respect to these requests in November 2022 and, after dozens of letters and conferences, through which the Parties have generally been able to reach compromise, it is only now winding down. *Id.* at ¶5. Concurrently, Robinhood has made more than 30 separate productions which, by early November, will comprise nearly 600,000 pages, including hundreds of spreadsheets containing vast quantities of data. *Id.* at ¶6. With Plaintiffs' motion for class certification now pending,[4] the Parties have been focused on fact discovery for the past several months. *Id.* at ¶8. Despite diligent efforts to complete discovery in compliance with the deadlines set forth in the

---

[4] Although the Parties continued the meet-and-confer process in the spring of 2023, and documents continued to be produced on a rolling basis, much of the Parties' attention was focused on class discovery, to wit, the exchange of opening and rebuttal expert reports and supporting documentation, document discovery from the proposed class representatives, and more than 20 depositions taken of plaintiffs, experts, and third parties. *Id.* at ¶7.

Scheduling Order, the Parties have concluded that this will not be possible. *Id.* at ¶¶10-16. For this reason, the Parties jointly and respectfully request that the Court modify the Scheduling Order as set forth herein to allow for the orderly completion of discovery in this complex, data-heavy securities litigation.

## II. GOOD CAUSE EXISTS TO EXTEND THE CLOSE OF DISCOVERY

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." A court determines whether a party has shown good cause by focusing on the diligence of the party seeking the amendment. *See Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Green Island Holdings, LLC v. British Am. Isle of Venice (BVI), Ltd.*, 521 F. App'x 798, 800 (11th Cir. 2013). Good cause is shown if the scheduling order "cannot be reasonably met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, Advisory Committee notes (1983 amendment). District courts have broad discretion in controlling and managing pretrial discovery matters. *See Perez v. Miami–Dade County,* 297 F.3d 1255, 1263 (11th Cir. 2002); *Phipps v. Blakeney,* 8 F.3d 788, 790 (11th Cir. 1993).

Courts regularly grant requests to amend the scheduling order where the parties have been diligent in pursuing discovery, but an extension is still necessary for its completion. *See, e.g., Al-Saadi v. AnnChery Fajas USA, Inc.*, No. 20-cv-23937, 2022 WL 2056802, at *3 (S.D. Fla. May 13, 2022) (Damian, M.J.), *report and recommendation adopted*, 2022 WL 2174237 (S.D. Fla. June 16, 2022); *Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, No. 9:17-CV-80495, 2018 WL 11444948, at *2 (S.D. Fla. Aug. 29, 2018) (granting motion to extend fact and expert discovery deadlines where case is "exceptionally complex, involving a large amount of electronically stored information" and "[b]oth parties appear to have been diligent in pursuing and responding to discovery requests"); *Tatung Co., Ltd. v. Shu Tze Hsu*, No. SA CV 13-1743, 2015 WL 13919140, at *2 (C.D. Cal. Mar. 6, 2015) (granting six-month extension, reasoning: "While discovery has been expansive, so is the breadth of this case.").

While discovery in this case has, at times, proven contentious, the Parties were able to timely complete class certification discovery and have worked diligently to resolve most of their discovery disputes through compromise, with each side seeking Magistrate Judge Damian's intervention once. *See* Dkt. Nos. 540, 597. The nature of the discovery sought by the Parties in this securities litigation, however, requires the collection and processing of large amounts of technical data, particularly trading information—and not just from Robinhood.

3

The Parties have agreed that given the millions of rows of Robinhood data requested by Plaintiffs and the technical complexity of the query tools needed to access it, good cause supports the requested extension of the close of discovery to allow time for the retrieval, production and review of the trading data and other potentially relevant evidence. As discussed in the Joint Declaration, much of the data at issue is not contained in a structured format that is easily queried. A large amount of requested data flows between multiple systems related to order execution, settlement, and clearing, before landing in a "data lake" where it must be plumbed and placed into a more easily queried format. Joint Decl. ¶12. Dealing with this data is time intensive, even for the specialized information technology vendors that are working on this case. *Id*.

With respect to non-parties, Plaintiffs subpoenaed trading data from FINRA earlier this year. *Id*. at ¶13. After a lengthy period in which FINRA researched the practicality, difficulty, and cost of producing the data, as well as a period of extensive negotiations, FINRA agreed to produce certain data that, while somewhat more limited than the initial subpoena, is nonetheless an enormous amount of data. Plaintiffs received 207 gigabytes of compressed data on October 25-26, 2023, and have yet to determine whether it satisfies the parameters of the agreed-upon production or whether it is in a usable or shareable format. *Id*. at ¶14.

The Parties have also subpoenaed trading data from broker-dealers and other relevant third parties. *Id*. at ¶15. Currently, the Parties are meeting and conferring with these third parties regarding the scope of the production of documents, confidentiality provisions, and the nature of non-party depositions. *Id*. at ¶¶15-16. An extension of the close of discovery will provide the Parties with the necessary time to obtain the large amount of data and for their respective experts to review and analyze the data prior to issuing reports. *Id*. at ¶17. Specifically, the Parties believe that if given an extension until March 29, 2024 to complete opening expert reports, which is two weeks after the current discovery deadline of March 15, 2024, the Parties' experts will have sufficient time to analyze the trading data once it is produced (and follow-up depositions taken pertaining to the data, if necessary) and to include findings with respect to that data in their reports. All reports would be exchanged and all expert depositions would be concluded by June 28, 2024.

Because this is the first request to extend discovery, and the request is jointly made, the Parties respectfully request that the Court amend the Scheduling Order as requested.

### III. CONCLUSION

For the foregoing reasons, the Court should grant the Joint Motion to Amend the Scheduling Order. A Proposed Order Granting the Joint Motion to Amend the Scheduling Order to extend discovery is filed herewith.

### LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERENCE

In compliance with Local Rule 7.1, the undersigned conferred with counsel for the Defendants, who concur in the filing of this Joint Motion.

By: /s/ Laurence M. Rosen
Laurence M. Rosen, Esq.

Dated: November 6, 2023

Respectfully submitted,

/s/ Laurence M. Rosen
**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (FBN 0182877)
Phillip Kim, Esq.
Robin Howald, Esq.
Jonathan Stern, Esq.
Brent LaPointe, Esq.
Michael Cohen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
lrosen@rosenlegal.com
pkim@rosenlegal.com
rhowald@rosenlegal.com
jstern@rosenlegal.com
blapointe@rosenlegal.com
mcohen@rosenlegal.com

*Counsel for Plaintiffs*

/s/ Samuel A. Danon
**HUNTON ANDREWS KURTH LLP**
Samuel A. Danon, Esq. (FBN 892671)
María Castellanos Alvarado, Esq. (FBN 116545)
333 S.E. 2 Avenue, Suite 2400
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
sdanon@huntonak.com
mcastellanos@hunton.com

**CRAVATH, SWAINE & MOORE LLP**
Antony L. Ryan, Esq.
Kevin J. Orsini, Esq.
Brittany L. Sukiennik, Esq.
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
aryan@cravath.com
korsini@cravath.com
bsukiennik@cravath.com

*Attorneys for Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Laurence M. Rosen