UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Damian

In re: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

This Document Relates to: All Actions Involving the Federal Securities Laws

**JOINT DECLARATION OF LAURENCE M. ROSEN AND KEVIN J. ORSINI IN SUPPORT OF THE JOINT MOTION TO AMEND THE SCHEDULING ORDER**

The undersigned, under penalties of perjury under the laws of the United States of America, declare as follows:

1. I, Laurence M. Rosen, am the Managing Partner of The Rosen Law Firm, P.A., Lead Counsel for Lead Plaintiff and proposed Class Representative Blue Laine-Beveridge, and Named Plaintiffs and proposed Class Representatives Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash ("Plaintiffs").

2. I, Kevin J. Orsini, am a partner at Cravath, Swaine & Moore, LLP, attorneys for Defendants Robinhood Markets, Inc., Robinhood Financial LLC, and Robinhood Securities LLC ("Robinhood" or "Defendants").

3. We submit this Joint Declaration in support of the concurrently filed Joint Motion to Amend the Scheduling Order, to extend the close of discovery from March 15, 2024, to June 28, 2024, and to reschedule pre-trial deadlines and the trial date in accordance therewith. We each have personal knowledge about the information in this Joint Declaration relating to ourselves and, if called upon, would completely testify thereto.

4. On September 30, 2022, Plaintiffs served Plaintiffs' First Requests for Production of Documents, which consisted of 88 Requests.

5. The Parties' commenced the meet-and-confer process with respect to these requests in November 2022 and, after dozens of letters and conferences, the process is only now winding down.

6. Since Plaintiffs served their First Requests for Production of Documents, Robinhood has made more than 30 separate productions, which, by early November 2023, will comprise nearly 600,000 pages, including hundreds of spreadsheets containing vast quantities of data.

7. While the Parties continued the meet-and-confer process in the spring of 2023, and documents continued to be produced on a rolling basis, much of the Parties' attention was focused upon class discovery, to wit, the exchange of opening and rebuttal expert reports and supporting documentation, document discovery from the proposed class representatives, and more than 20 depositions taken of plaintiffs, experts, and third parties.

8. Following the completion of the class certification briefing, the Parties have been exclusively focused on fact discovery for the past several months.

9. Despite diligent efforts to complete discovery in compliance with the deadlines set in the Scheduling Order a year ago, however, the Parties have concluded that this will not be possible.

10. Plaintiffs' Requests sought, *inter alia*, the production of documents evidencing large amounts of technical trading data. The data on Robinhood customers' trades and option contracts alone that Robinhood has agreed to produce amount to not less than 18 million rows of data.

11. Moreover, because Plaintiffs' Requests are targeted at the trading restrictions at issue in this case, Robinhood's trading data must be sorted using a variety of technical query tools.

12. Both the quality and quantity of the trading data make it hard to query. Plaintiffs have requested data that is not contained in a structured format that is easily queried. A large amount of requested data flows between multiple systems related to order execution, settlement and clearing, before landing in a "data lake" where it must be plumbed and placed into a more easily queried format. This query process is difficult, even for the specialized information technology vendors that are working on this case.

13. Separately, Plaintiffs subpoenaed trading data from third parties, including the Financial Industry Regulatory Authority ("FINRA") on March 7, 2023. Plaintiffs negotiated with FINRA for nearly four months before coming to an agreement on the scope of the production of data by FINRA. Much of that time was spent by FINRA researching the practicality, difficulty and cost of producing the requested data.

14. Given the large quantity of trading data being compiled, FINRA first produced the data on October 25, 2023, on a hard-drive with a PIN pad and produced the PIN the following day. This production comprises 207 gigabytes of data in compressed archive (.gz) format. Plaintiffs have not had the opportunity to review the data to determine whether the data satisfies the parameters of the agreed-upon production or whether it is in a useable or shareable format.

15. The Parties also served subpoenas duces tecum on the DTCC, NSCC, and a number of brokerage firms, including Axos Clearing LLC, Interactive Brokers LLC, and Apex Clearing Corporation, Tradestation Securities, Inc., MooMoo Financial Inc., and E*Trade Financial Corporation.

16. The Parties are still in the process of negotiating the scope of production of documents, confidentiality provisions and depositions with these non-parties.

17. An extension of the close of discovery will provide the Parties the necessary time to obtain the documents and data, for the Parties and their experts to review them and prepare their reports, and for the Parties to take any depositions in conjunction therewith prior to filing pre-trial motions.

We declare under penalty of perjury that the foregoing is true and correct.

Executed: November 6, 2023

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq., Fla. Bar No. 0182877

Executed: November 6, 2023

**CRAVATH, SWAINE & MOORE LLP**

/s/ Kevin J. Orsini
Kevin J. Orsini, Esq.

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 6, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Laurence M. Rosen