UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-02989-MDL-ALTONAGA/Damian

In re:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**
_____/

This Document Relates to the Actions in the Federal Securities Tranche

## ORDER

**THIS CAUSE** came before the Court on Lead Plaintiff, Blue Laine-Beveridge; Named Plaintiffs, Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash; and Defendants, Robinhood Markets, Inc., Robinhood Financial LLC, and Robinhood Securities, LLC's Joint Motion to Amend the Scheduling Order [ECF No. 619], filed on November 6, 2023. The parties request an approximate three-month extension of several remaining pre-trial deadlines in the Court's Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge [ECF No. 517], and a new trial date, to be determined by the Court. (*See* Mot. 2).[1] For the following reasons, the Motion is granted.

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the parties seeking the extension. *See, e.g.*, *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) ("We have recognized that Rule 16[b]'s good cause standard 'precludes modification of the scheduling

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

CASE NO. 21-02989-MDL-ALTONAGA/Damian

order unless the schedule cannot be met despite the diligence of the party seeking the extension." (alteration added; other alteration adopted; citations omitted)); *Roberson v. BancorpSouth Bank, Inc.*, No. 12-0669, 2013 WL 4870839, at *2 (S.D. Ala. Sept. 12, 2013) ("Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry." (citations omitted)).

Here, the parties explain that their experts are unable to sufficiently prepare reports in compliance with the December 18, 2023 expert report deadline, for four reasons: *First*, the parties did not anticipate the substantial undertaking posed by collecting and processing large amounts of technical data produced by Robinhood, which contains "millions of rows of Robinhood data[,]" access and analysis of which require technically complex tools. (Mot. 3, 5 (alteration added)). *Second*, the parties engaged in several conferences to resolve discovery disputes, and although they have "generally been able to reach compromise[,]" production of substantial data is "only now winding down." (*Id.* 2 (alteration added; citation omitted)). *Third*, Plaintiffs just received non-party FINRA's response to a subpoena sent earlier this year; the response contains large amounts of compressed data, and Plaintiffs are still unsure whether the data is sufficiently responsive. (*See id.* 5). *Fourth*, the parties are still conferring with other non-parties regarding responses to outstanding subpoenas. (*See id.*).

Because of the foregoing, the parties believe an extension of the expert report deadline will give their experts "sufficient time to analyze" already produced and to be produced trading data and prepare reports accordingly. (*Id.*). They also seek an extension of the deadlines for rebuttal expert reports, pre-trial and *Daubert* motions, calendar call, and trial; but agree that the current fact discovery deadline should remain. (*See id.* 2, 2 n.2). The Court finds the parties have demonstrated good cause to extend the deadlines as requested. Accordingly, it is

CASE NO. 21-02989-MDL-ALTONAGA/Damian

**ORDERED AND ADJUDGED** as follows:

The parties' Joint Motion to Amend the Scheduling Order **[ECF No. 619]** is **GRANTED**. Trial is rescheduled for the Court's two-week trial calendar beginning **December 16, 2024**. Calendar call will be held at **9:00 a.m. on Tuesday, December 10, 2024**. The parties shall adhere to the following schedule:

**March 15, 2024**.  Fact discovery is completed.[2]

**March 29, 2024**.  Parties exchange expert witness summaries or reports.

**May 13, 2024**.  Parties exchange rebuttal expert witness summaries or reports.

**June 10, 2024**.  Parties exchange reply expert witness summaries or reports.

**June 28, 2024**. Expert discovery is completed.

**July 26, 2024**. All pre-trial motions and *Daubert* motions (which include motions to strike experts) are filed.  Each party is limited to filing one *Daubert* motion.  If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted.  **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.**

**September 16, 2024**.  Parties must file and submit a joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine* which may exceed the page limits allowed by the Rules.  **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

The parties shall refer to the instructions set forth in the Scheduling Order **[ECF No. 517]**, which otherwise remain in full force and effect.

**DONE AND ORDERED** in Miami, Florida, this 9th day of November, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[2] The parties by agreement, and/or Magistrate Judge Damian, may extend this deadline, so long as such extension does not impact any of the other deadlines contained in this Scheduling Order.