**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-MD-2989-ALTONAGA/DAMIAN**

In re:

**JANUARY 2021 SHORT SQUEEZE**
**TRADING LITIGATION**

_____/

This Document Relates to the Federal Securities Tranche

**<u>DEFENDANTS ROBINHOOD MARKETS, INC., ROBINHOOD FINANCIAL LLC AND
ROBINHOOD SECURITIES, LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE A RENEWED MOTION FOR CLASS CERTIFICATION</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

PROCEDURAL BACKGROUND ...................................................................................... 3

ARGUMENT ....................................................................................................................... 6

    A.    Legal Standard. ................................................................................................ 6

    B.    Plaintiffs Are Not Entitled to File a Renewed Motion to Assert Arguments They Could Have Presented on the Schedule Ordered by the Court. ............................. 10

CONCLUSION .................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393 (9th Cir. 1986)...............8

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) ...........................5

*Basic v. Levinson*, 485 U.S. 224 (1988).................................................................1, 4

*Bell v. Ascendant Solutions, Inc.*, 422 F.3d 307 (5th Cir. 2005)....................................8

*Cabrera v. Gov't Emps. Ins. Co.*, No. 12-61390-CIV, 2015 WL 464237 (S.D. Fla. Jan. 16, 2015)..........................................................................6, 7, 8, 10

*Daniel F. v. Blue Shield of Cal.*, No. C 09-2037 PJH, 2015 WL 3866212 (N.D. Cal. June 22, 2015)...........................................................................11

*Desai v. Deutsche Bank Secs. Ltd.*, 573 F.3d 931 (9th Cir. 2009).............................4, 6

*FCOA, LLC v. Foremost Title & Escrow Servs., LLC*, No. 17-23971-CIV, 2019 WL 336469 (S.D. Fla. Jan. 28, 2019) ..........................................................9

*Fezzani v. Bear, Stearns & Co.*, 716 F.3d 18 (2d Cir. 2013).................................6, 11

*Friend v. Hertz Corp.*, No. C-07-5222 MMC, 2014 WL 4415988 (N.D. Cal. Sept. 8, 2014) ................................................................................8

*Gustafson v. BAC Home Loans Servicing, LP*, No. SACV 11-915-JLS, 2014 WL 10988335 (C.D. Cal. Feb. 5, 2014)....................................................13

*Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591 (W.D. Wash. 2013)........................8

*In re Fed. Home Loan Mortg. Corp. (Freddie Mac) Sec. Litig.*, No. 09 Civ. 832 MGC, 2012 WL 4435292 (S.D.N.Y. Sept. 26, 2012) ...........................................12

*Johnson v. Del Monte Fresh Produce Co.*, No. 09-22425-CIV, 2010 WL 11606064 (S.D. Fla. Nov. 23, 2010)...................................................................9

*Katz v. Am. Honda Motor Co.*, No. 15-CV-4410-CBM-RAO, 2017 WL 6554151 (C.D. Cal. Aug. 29, 2017).....................................................................1

*Kerns v. Caterpillar Inc.*, No. 3:06-1113, 2011 WL 1598830 (M.D. Tenn. Apr. 27, 2011) ................................................................................7

*Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270 (M.D. Fla. 2002) .........................9

*Markson v. CRST Int'l, Inc.*, No. 5:17-cv-01261-SB-SP, 2022 WL 1585754 (C.D. Cal. Apr. 6, 2022) ...................................................................................................11

*Mogel v. UNUM Life Ins. Co. of Am.*, 677 F. Supp. 2d 362 (D. Mass. 2009) .................................7

*O'Neill v. Home Depot U.S.A., Inc.*, 243 F.R.D. 469 (S.D. Fla. 2006), *dismissed*, No. 05-61931-CIV, 2007 WL 1718931 (S.D. Fla. Jan. 29, 2007) ......................................9, 10, 11

*Payne v. C.R. Bard, Inc.*, 606 F. App'x 940 (11th Cir. 2015) ........................................................9

*Pinnock-Lee v. Phelan Hallinan, PLC*, No. 14-60154-CIV, 2015 WL 12532742 (S.D. Fla. Jan. 29, 2015) ...............................................................................................................14

*Rensel v. Centra Tech Inc.*, No. 17-24500-Civ, 2019 WL 6170221 (S.D. Fla. Nov. 20, 2019) ................................................................................................................2, 7, 8, 9

*Revival Chiropractic LLC v. Allstate Ins. Co.*, No. 19-cv-445, 2020 WL 8224615 (M.D. Fla. Dec. 8, 2020) ..................................................................................................7, 12

*Scoma Chiropractic, P.A. v. Dental Equities, LLC*, No. 2:16-CV-41-JLB-MRM, 2021 WL 1566668 (M.D. Fla. Apr. 21, 2021) ..................................................................................14

*Shasta Linen Supply, Inc v. Applied Underwriters, Inc.*, No. 2:16-cv-158 WBS AC, 2019 WL 3244487 (E.D. Cal. Apr. 17, 2019) ..................................................................................3

*Signor v. Safeco Ins. Co. of Ill.*, No. 19-61937-CV, 2021 WL 4990312 (S.D. Fla. July 20, 2021) .................................................................................................................7, 1

*Siino v. Foresters Life Ins. & Annuity Co.*, No. 20-CV-02904-JST, 2022 WL 20184654 (N.D. Cal. July 26, 2022) ................................................................................7, 12

*Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir. 1998) ..........................................................9

*Terrill v. Electrolux Home Prods.*, 274 F.R.D. 698 (S.D. Ga. 2013) ......................................8, 14

*Torrent v. Yakult U.S.A.*, No. 15-00124, 2016 WL 6039188 (C.D. Cal. Mar. 7, 2016) .............2, 9

*Washington v. Vogel*, 158 F.R.D. 689 (M.D. Fla. 1994) ....................................................7, 11, 12

*Williams v. Baldwin Cnty. Comm'n*, 203 F.R.D. 512 (S.D. Ala. 2001)...........................................12

**Statutes & Rules**

Fed. R. Civ. P. 16(b)(4)....................................................................................................................9

Fed. R. Civ. P. 23(b)(2)..................................................................................................................12

Fed. R. Civ. P. 23(c)(1).................................................................................................................6, 7

Fed. R. Civ. P. 23(c)(1)(C) ....................................................................................................7

**Other Authorities**

Charles R. Korsmo, *Mismatch: The Misuse of Market Efficiency in Market
    Manipulation Class Actions*, 52 Wm. & Mary L. Rev. 1111 (2011)...................................5, 11

Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC (together, "Robinhood") hereby respond to Plaintiffs' motion for leave to file a renewed motion for class certification (Dkt. No. 624, the "Motion"), pursuant to the Court's *sua sponte* Order (Dkt. No. 626 (the "Order")).

## INTRODUCTION

The Court entered a scheduling order that required completion of all class certification expert discovery and briefing by June 30, 2023.  Consistent with that scheduling order, the parties engaged in extensive fact and expert discovery related to class certification issues.  Defendants deposed all 12 putative class representatives, as well as five third parties who were among the people who participated in the social media-driven trading frenzy at the heart of this case.  The parties exchanged hundreds of pages of expert reports, deposed between them three expert witnesses and submitted voluminous briefs on Plaintiffs' motion for class certification (the "Class Certification Motion") and Defendants' *Daubert* motion.  On November 13, 2023, the Court issued an order denying class certification on the grounds that common issues do not predominate over individualized issues, including because of Plaintiffs' concession that the relevant securities markets were inefficient during the putative class period, thereby precluding Plaintiffs from relying on the presumption of reliance set forth in *Basic v. Levinson*, 485 U.S. 224 (1988).  (Dkt. No. 622 (the "Class Certification Order") at 62.)  The Court also rejected Plaintiffs' three separate arguments for a presumption of reliance as an exception to the requirement of market efficiency in *Basic*—that Plaintiffs could rely on the *Affiliated Ute* presumption for cases based on omissions, that they could establish reliance by demonstrating the existence of a "bona fide" market, and that they could establish reliance based on common-scheme allegations.  (Class Certification Order at 47-48, 53, 58-60, 66-71.)

Plaintiffs now seek a second bite at the apple, requesting leave to file new expert reports and new class certification papers to present a *fifth* argument about reliance that they could have raised, but chose not to raise, in their class certification filings within the time permitted by the scheduling order.  (*See* Motion.)  As Defendants explained during meet and confers following the denial of class certification, however, "[c]ourts are generally reluctan[t] to allow parties to have a second bite at the apple by relitigating issues that have already been decided, thereby incentivizing parties to put their best foot forward at the outset to avoid costly delays to the proceedings."  *Rensel v. Centra Tech Inc.*, No. 17-24500-Civ, 2019 WL 6170221, at *2 (S.D. Fla. Nov. 20, 2019) (quoting *Torrent v. Yakult U.S.A.*, No. SACV 15-00124, 2016 WL 6039188, at *1 (C.D. Cal. Mar. 7, 2016))*.*  Robinhood spent months and expended considerable resources on class certification depositions, extensive opening and rebuttal expert reports, a *Daubert* motion challenging Plaintiffs' expert testimony and expanded legal briefing of class certification.  The Court issued a well-reasoned, detailed opinion denying Plaintiffs' motion.  Providing Plaintiffs with a second chance to present arguments that were fully available to them when they submitted the Class Certification Motion would be fundamentally unfair, inconsistent with the governing law and a waste of judicial resources.

In the Motion, Plaintiffs noted that Defendants oppose any further briefing and expert discovery on class certification based on issues that could have been raised before—which is the entire gravamen of Plaintiffs' proposed renewed motion—and the parties proposed that this issue be addressed in connection with the requested briefing.  Pursuant to the Court's Order, Defendants present those objections here and respectfully request that the Court deny Plaintiffs leave to file a renewed motion for class certification.

## PROCEDURAL BACKGROUND

On October 11, 2022, this Court issued a scheduling order whereby it set February 16, 2023, as the date for exchanging expert witness reports "on issues of class certification," with rebuttal reports due March 28, 2023. (Dkt. No. 517 (the "Scheduling Order") at 1.) The Scheduling Order also set April 28, 2023, as both the deadline "for completing class certification discovery" and Plaintiffs' "motion for class certification" (Dkt. No. 559 (the "Class Certification Motion")). (Scheduling Order at 2.) Defendants' response was submitted on June 7, 2023 (Dkt. Nos. 566 & 567), and Plaintiffs' reply was submitted on June 30, 2023 (Dkt. No. 585 (the "Class Certification Reply")).

The parties conducted extensive class discovery—Robinhood deposed the 12 named plaintiffs, five third-party retail investors and Plaintiffs' expert. The parties fully briefed the motion for class certification, as well as Defendants' *Daubert* motion to exclude testimony by Plaintiffs' class certification expert. The Parties also engaged in extensive expert discovery related to class certification. On February 16, 2023, Plaintiffs submitted a 46-page opening expert report from Dr. Adam Werner in support of class certification, with 156 pages of supporting exhibits and appendices and a 28-page section entitled "Efficiency of the Market For Affected Companies' Securities." (Dkt. No. 559-14, Ex. 12 to Class Certification Motion, at 10-37.) Following challenges from Robinhood's experts, Plaintiffs submitted a 53-page rebuttal expert report, with a further 51 pages of appendices and exhibits. (Dkt. No. 559-5, Ex. 3 to Class Certification Motion.) The rebuttal report discussed the efficiency of the market for the Affected Stocks in depth, with sections such as "The *Cammer* And *Krogman* Factors Compel A Conclusion Of Market Efficiency For Seven Of Nine Affected Companies" (*id.* at 3-6), "An Examination of the *Cammer* and *Krogman* Factors for the January 4, 2021 Through January 27, 2021 Period Demonstrates That the Equity Markets for the Seven Affected Companies Were

Efficient" (*id.* at 6-25), and "The Analyses Presented In The Fischel [and Grenadier] Report[s]

Cannot Establish Market Inefficiency" (*id.* at 38-48).  Market efficiency was also discussed at

great length throughout Dr. Werner's deposition, with the words "efficient" or "efficiency"

appearing over 140 times.  Price impact was discussed over 20 times.  (*See generally* Dkt. 566-1,

Ex. 1 to Defendants' Motion to Exclude Testimony by Dr. Adam Werner.)

    Plaintiffs' class certification briefing similarly discussed market efficiency and

price impact at length.  (Class Certification Motion at 1, 3, 10, 14-22, 24; Class Certification

Reply at 5-13.)  Plaintiffs also extensively briefed why they believed they could rely on modified

presumptions in proving class-wide reliance.  (*See, e.g.*, Class Certification Reply at 10-11

(section titled "Investors assumed they traded in a *bona fide* market, free of manipulation"); *id.* at

12 (section titled "*Basic* market efficiency is not required in manipulation cases").)

    The Court denied class certification on November 13, 2023.  In its Class

Certification Order, the Court noted that "[m]arket efficiency is at the heart of the fraud-on-the-

market theory and the *Basic* presumption, because without it, the stock price does not function as

a reliable proxy for publicly available information."  (Class Certification Order at 51.)  The

Court went on to note the bevy of criticisms leveled at *Basic* before noting that the "Supreme

Court confronted these criticisms and passed on overruling *Basic*."  (*Id.* at 52.)  In assessing the

Parties' arguments, the Court "acknowledged the possibility of new presumptions developing"

and explained that "[t]he question, then, is whether Plaintiffs persuade the Court to accept a

modified presumption:  the *bona fide* market presumption.  The answer is 'No.'"  (*Id.* at 58.)

    In denying class certification, the Court noted that "some have suggested that a

modified Basic presumption is appropriate in cases where a defendant 'directly manipulated [a

security's] price.'"  (Class Certification Order at 62 (quoting *Desai v. Deutsche Bank Secs. Ltd.*,

573 F.3d 931, 945 n.1 (9th Cir. 2009) (O'Scannlain, J., concurring) (alteration added), and citing

Charles R. Korsmo, *Mismatch: The Misuse of Market Efficiency in Market Manipulation Class*

*Actions*, 52 Wm. & Mary L. Rev. 1111, 1174 (2011)).)  The Court went on to note:

> Plaintiffs here assert that Robinhood "block[ed] the mechanism of efficiency"
> (Reply 23 (alteration added)), perhaps presenting the type of case where a
> modified fraud-on-the-market presumption could apply. The Court takes no
> position on whether such a presumption is viable, and the parties have not briefed
> this issue. Plaintiffs do not propose a modification of the presumption, describe
> what showing the modification would entail, or explain how such a modification
> would adequately connect Robinhood's acts with Plaintiffs' decision to sell their
> shares in the Affected Stocks. (*See generally* Mot.; Reply). At this juncture,
> Plaintiffs have not "show[n] that the market . . . could absorb into the [Affected
> Stocks'] price the misinformation communicated by the alleged manipulation[,]"
> precluding any modified fraud-on-the-market presumption. *Desai*, 573 F.3d at
> 945 n.1 (O'Scannlain, J., concurring) (alterations added).

(Class Certification Order at 62-63.)

On November 16, 2023, Plaintiffs contacted counsel for Robinhood and stated

that they "intend to file a renewed class certification motion based on the Court's recent class

certification decision" and that

> [t]he basis for the renewed motion is a renewed request for a presumption of
> reliance based on a modified fraud-on-the-market theory.  Our review of the cases
> and law review article cited by the Court suggest that a showing that the alleged
> fraud had a price impact could be an appropriate basis on which to grant a
> presumption of reliance.

(Ex. 1, Nov. 16, 2023 Email from L. Rosen to K. Orsini.)  When asked for the bases supporting a

renewed motion for class certification, Plaintiffs identified only those cited in the Court's Order:

*ATSI*, *Fezzani*, the *Desai* concurrence and the Korsmo law review article.  (Ex. 2, Nov. 20, 2023

Email from L. Rosen to K. Orsini; Class Certification Order at 53-60, 62-63.)  Each of those

cases had been discussed extensively by Plaintiffs in their class certification briefing within the

time permitted by the Scheduling Order, confirming that Plaintiffs were well aware of any

potential theory based on those cases.  Plaintiffs raised *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,

493 F.3d 87, 101 (2d Cir. 2007) (Class Certification Motion at 3, 12, 14-15, 21; Class

Certification Reply at 10), and *Fezzani v. Bear, Stearns & Co.*, 716 F.3d 18 (2d Cir. 2013) (Class

Certification Motion at 14-15; Class Certification Reply at 11), and discussed both cases

extensively.  In the Class Certification Reply, Plaintiffs distinguished *Desai v. Deutsche Bank*

*Secs. Ltd.*, 573 F. 3d 931 (9th Cir. 2009), which Robinhood had raised in its opposition, at

length.  (Class Certification Reply at 6-7.)  The Korsmo article, cited by the Court, is publicly

available and has been since 2011, is primarily a discussion of the *Desai* decision, and was itself

discussed in *Fezzani*, 716 F.3d at 21 n.2.

## ARGUMENT

Plaintiffs' request to file a renewed motion for class certification to present a fifth

argument as to why they are entitled to a modified presumption of reliance should be denied for

the simple reason that they could have—and should have—made this argument on the schedule

set forth by the Court.  Their strategic choice, or lack of diligence, in not previously pursuing this

argument is an insufficient basis to start the entire class certification process over again,

particularly given the burden it would place on the Court and the prejudice it would cause

Defendants.  The Motion should be denied.

A.     Legal Standard.

Rule 23(c)(1)(C) "is the only appropriate grounds for Plaintiffs' motion [for leave

to file a renewed motion]," and it "do[es] not contemplate multiple Rule 23 motions for class

certification."  *Cabrera v. Gov't Emps. Ins. Co.*, No. 12-61390-CIV, 2015 WL 464237, at *4 n.6

(S.D. Fla. Jan. 16, 2015).  Rule 23(c)(1)(C) does *not* permit Plaintiffs "to file a second class-

certification motion just because [they] received an unfavorable ruling on [their] first one."

*Siino v. Foresters Life Ins. & Annuity Co.*, No. 20-CV-02904-JST, 2022 WL 20184654, at *2

(N.D. Cal. July 26, 2022).  Thus, "[i]n determining whether to revisit the issue of class

certification, Courts have considered whether the movant has identified compelling reasons, such as an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Cabrera*, 2015 WL 464237, at *4; *see also Rensel*, 2019 WL 6170221, at *1 ("While it is true that Rule 23(c)(1) empowers district courts to alter or amend class certification orders at any time prior to a decision on the merits, the rule contemplates new evidence, changed circumstances, or new information about the class members' claims."). In considering whether to permit a second motion, "[c]ourts have also considered the following contravening factors: undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to any party and the interest of proceeding to the merits of the case." *Cabrera*, 2015 WL 464237, at *4.[1]

While the Court retains discretion to alter or amend an order denying class certification, "in the absence of materially changed or clarified circumstances, or the occurrence of a condition on which the initial class ruling was expressly contingent, courts should not condone a series of rearguments on the class issues[.]" *Id.* at *5 (quoting *Washington v. Vogel*, 158 F.R.D. 689, 692-93 (M.D. Fla. 1994)). "District Courts look unfavorably on requests to alter or amend a class certification order which rely on factors or theories which were previously available to parties." *Signor v. Safeco Ins. Co. of Ill.*, No. 19-61937-CV, 2021 WL 4990312, at *3 (S.D. Fla. July 20, 2021); *see also Cabrera*, 2015 WL 464237, at *4; *Mogel v. UNUM Life Ins. Co. of Am.*, 677 F. Supp. 2d 362, 365 (D. Mass. 2009) ("[L]ate amendments to assert new

---

[1] *See also Revival Chiropractic LLC v. Allstate Ins. Co.*, No. 19-cv-445, 2020 WL 8224615, at *3 (M.D. Fla. Dec. 8, 2020) (denying request to file renewed motion for class certification in the absence of materially changed or clarified circumstances and the absence of new evidence); *Kerns v. Caterpillar Inc.*, No. 3:06-1113, 2011 WL 1598830, at *2 (M.D. Tenn. Apr. 27, 2011) (stating that the ability to alter a class certification order under Rule 23(c)(1)(C) should be "balanced with 'other concerns,' including avoiding 'unnecessarily protracted' litigation").

theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." (quoting *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986)).  Plaintiffs must therefore "show 'some justification' for filing another motion, and 'not simply a desire to have a second or third run at the same issues.'"  *Cabrera*, 2015 WL 464237, at *4 (quoting *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 596-97 (W.D. Wash. 2013)); *see also Friend v. Hertz Corp.*, No. C-07-5222 MMC, 2014 WL 4415988, at *2 (N.D. Cal. Sept. 8, 2014) ("In the absence of subsequent developments warranting a revision, however, the Court ordinarily has little reason to revisit the issue of the propriety of its original determination.").  It is therefore inappropriate to give Plaintiffs a "second bite at the class certification apple" to present new arguments that could have been made before, as "inadequate briefing on an issue critical to class certification for which a party bears the burden of proof is no basis for [the Court] to order a repechage round."  *Rensel*, 2019 WL 6170221, at *2 (quoting *Bell v. Ascendant Sols., Inc.*, 422 F.3d 307, 316 (5th Cir. 2005)).

In sum, "courts are generally reluctan[t] to allow parties to have a second bite at the apple by relitigating issues that have already been decided, thereby incentivizing parties to put their best foot forward at the outset to avoid costly delays to the proceedings," and filing a renewed motion to simply address legal issues raised in the Court's denial of class certification is "an inappropriate use of a renewed motion for class certification."  *Rensel*, 2019 WL 6170221, at *1-2 (quoting *Torrent*, 2016 WL 6039188, at *1-2 (explaining that "when confronting renewed motions for class certification previously denied, courts uniformly apply the stringent law of the case standard to motions to reconsider initial class certification decisions" (internal citations omitted)); and *Terrill v. Electrolux Home Prods.*, 274 F.R.D. 698, 701 (S.D. Ga. 2013) ("In the

absence of materially changed or clarified circumstances, or the occurrence of a condition on

which the initial ruling was expressly contingent, courts should not condone a series of

rearguments on the class issues by either the proponent or the opponent of the class, in the guise

of motions to reconsider the class ruling" (internal citations omitted))).[2]

In addition, because Plaintiffs seek relief from the Court's governing Scheduling

Order not only to file a new motion for class certification, but also to undertake another round of

class certification expert reports and depositions, the Court also should consider Rule 16(b),

pursuant to which "[a] schedule may be modified only for good cause and with the judge's

consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard precludes modification unless the

schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v.

Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal citations omitted). "A finding

of lack of diligence on the part of the party seeking modification ends the good cause inquiry."

*Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002).[3] Furthermore, the

movant must show good cause and excusable neglect to substitute an expert witness after the

date set in the scheduling order. *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir.

2015). This Court has previously rejected similar requests. *O'Neill v. Home Depot U.S.A., Inc.*,

243 F.R.D. 469, 482 (S.D. Fla. 2006) (Altonaga J.) ("The Court has carefully reviewed

Plaintiff's written submissions, and has not waited for receipt of Defendant's opposition."),

---

[2] *Torrent* further makes clear that courts often treat renewed motions for class certification as motions to reconsider prior denials of class certification. 2016 WL 6039188, *1.

[3] *See also FCOA, LLC v. Foremost Title & Escrow Servs., LLC*, No. 17-23971-CIV, 2019 WL 336469, at *8 (S.D. Fla. Jan. 28, 2019) (excluding untimely expert testimony that was neither substantially justified nor harmless); *Johnson v. Del Monte Fresh Produce Co.*, No. 09-22425-CIV, 2010 WL 11606064, at *2 (S.D. Fla. Nov. 23, 2010) (striking untimely proposed expert testimony where plaintiff failed to demonstrate justification or lack of harm for late disclosure).

*dismissed*, No. 05-61931-CIV, 2007 WL 1718931 (S.D. Fla. Jan. 29, 2007).  In *O'Neill*, the plaintiff sought reconsideration of this Court's denial of class certification and submitted a request "to amend his pleading to address some of the deficiencies noted by the Court in the Order Denying Class Certification." *Id.* at 482.  This Court denied that request without awaiting the defendant's opposition because of the plaintiff's "undue delay" and failure to show good cause to extend the applicable schedule. *Id.* at 483.

> **B.**   Plaintiffs Are Not Entitled to File a Renewed Motion to Assert Arguments They Could Have Presented on the Schedule Ordered by the Court.

In light of the legal standard that courts in this District apply in deciding whether to permit a renewed motion for class certification and modifications to scheduling orders, Plaintiffs' Motion should be denied for at least three reasons.

*First*, Plaintiffs claim that the "basis for the renewed motion is a renewed request for a presumption of reliance based on a modified fraud-on-the-market theory." (Ex. 1, Nov. 16, 2023 Email from L. Rosen to K. Orsini.)  That is not grounds for a renewed motion. *See Cabrera*, 2015 WL 464237, at *6 (finding that the court's ruling on standing did not constitute changed circumstances sufficient to alter the proposed class definition).  Plaintiffs put forth no fewer than four different grounds to establish class-wide reliance in their motion for class certification. (Class Certification Motion at 10-21; Class Certification Reply at 6-16.)  Nothing at all prevented them from raising this fifth argument on the schedule originally set forth by the Court.  As noted above, when pressed by counsel on the basis for their renewed motion, Plaintiffs pointed only to cases that had already been cited and discussed by the parties at length in the original class certification briefing. (*See supra* Procedural Background.)  The only document not cited in the original briefing that Plaintiffs now want to rely on is the Korsmo law review article.  However, this was just as available to Plaintiffs as it was to the Court.  Indeed,

the article discusses *Desai*—a case discussed in depth by both parties in the original papers—at length (Korsmo, 52 Wm. & Mary L. Rev. at 1141-1143, 1157, 1165-1174) and is in turn discussed in *Fezzani*, 716 F.3d at 21 n.2, another case the parties cited heavily.

There are only two potential explanations for Plaintiffs' failure to present this argument on the schedule ordered by the Court: either they made a tactical decision not to do so, or they failed to identify it as a potential argument through a lack of diligence even though they now say it turns on the very cases they already discussed at length. Neither is a basis to provide Plaintiffs with a do-over. *See, e.g.*, *O'Neill*, 243 F.R.D. at 483 (holding that "party must do more than simply restate his previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived"); *Washington*, 158 F.R.D. at 692 (declining to reconsider denial of class certification, reasoning that decision of plaintiff's counsel to originally seek certification under only Rule 23(b)(2) was a "tactical decision" that did not constitute "changed circumstances" warranting reconsideration); *see also Katz v. Am. Honda Motor Co.*, No. 15-CV-4410-CBM-RAO, 2017 WL 6554151, at *3 (C.D. Cal. Aug. 29, 2017) (denying motion to file a renewed motion for class certification based largely on plaintiffs' original class certification motion because a "renewed motion for class certification 'is not a separate mechanism by which a party can seek reconsideration of a prior order relating to class certification'" (citing *Daniel F. v. Blue Shield of Cal.*, No. C 09-2037 PJH, 2015 WL 3866212, at *3 (N.D. Cal. June 22, 2015))).[4]

---

[4] *See also Siino*, 2022 WL 20184654, at *1 (denying plaintiff's motion to modify the scheduling order "to correct the legal errors that led the Court to deny her original motion for class certification" and finding that the plaintiff could have made arguments in her proposed renewed motion for class certification within the time set by the court for motions for class certification).); *Signor*, 2021 WL 4990312, at *3 (denying renewed motion for class certification where "the facts, expert opinions, and legal theories under which Plaintiff brings its renewed motion were available to Plaintiff in its original motion for class certification"); *Markson v.*

*Second*, there is also no excuse for Plaintiffs' failure to include whatever new expert testimony they want to offer now back when they made their class certification expert submissions on the schedule ordered by the Court.  Plaintiffs' expert submitted dozens of pages opining on the efficiency of the markets in which the Affected Stocks traded, all of which was designed to support an argument that Plaintiffs are entitled to a presumption of reliance on a class-wide basis.  (*See* Dkt. Nos. 559-5, Ex. 3 to Class Certification Motion; 559-14, Ex. 12 to Class Certification Motion.)  To the extent expert testimony could support Plaintiffs' new modified fraud-on-the-market theory, Plaintiffs' counsel surely could have asked their expert to present that analysis during the time the Court provided in the Scheduling Order for expert reports in support of class certification.  Plaintiffs' failure to do so does not constitute good cause for an untimely expert report.  *See In re Fed. Home Loan Mortg. Corp. (Freddie Mac) Sec. Litig.*, No. 09 Civ. 832 MGC, 2012 WL 4435292, at *1 (S.D.N.Y. Sept. 26, 2012) (denying plaintiff's request to file an additional motion for class certification after class certification had been denied when the court determined that plaintiffs presented no evidence of changed circumstances but rather a new expert report that could have been presented in support of plaintiffs' original class certification motion); *see also Williams v. Baldwin Cnty. Comm'n*, 203 F.R.D. 512, 518 (S.D. Ala. 2001) ("To obtain such an amendment to the scheduling deadlines carefully selected by this Court [to admit additional expert testimony], the Plaintiff bore the

---

*CRST Int'l, Inc.*, No. 5:17-cv-01261-SB-SP, 2022 WL 1585754, at *2 (C.D. Cal. Apr. 6, 2022) (same); *Revival Chiropractic*, 2020 WL 8224615, at *2 (denying motion for leave to file renewed motion for class certification because the plaintiff "had an opportunity to fully brief its motion for class certification, but neglected to argue that class certification would be proper" under an alternative theory, and the motion was now "patently untimely"); *Vogel*, 158 F.R.D. at 691 (denying renewed motion for class certification where "[c]ounsel for Plaintiffs should have reasonably anticipated" the consequences of the court's ruling on standing and should have "hedge[d] against that risk" by seeking alternative means of certification in the original motion).

burden to show extraordinary circumstances and that he diligently pursued discovery. Plaintiff has failed to meet this burden.").[5]

    *Third*, the interests of judicial economy and fairness support denial of Plaintiffs' request to try class certification again absent any changed law, facts or circumstances. Defendants—and the Court—already expended significant resources and time on class certification. There were months of class certification fact discovery, months of expert discovery and months of extensive class certification and *Daubert* briefing. The Court's extensive and detailed order denying class certification already confronted—and rejected—four different arguments in favor of presuming class-wide reliance. Requiring Defendants—and the Court—to do this all again because Plaintiffs either regret their tactical decisions or failed to exercise sufficient diligence is unwarranted and unfair. *See Gustafson v. BAC Home Loans Servicing, LP*, No. SACV 11-915-JLS, 2014 WL 10988335, at *2 (C.D. Cal. Feb. 5, 2014) (denying motion for leave to file renewed motion for class certification where "allowing [the renewed motion] under the present circumstances would promote tactics that waste the limited resources of the Court and unnecessarily protract the litigation"); *Shasta Linen Supply, Inc v. Applied Underwriters, Inc.*, No. 2:16-cv-158 WBS AC, 2019 WL 3244487, at *2 (E.D. Cal. Apr. 17, 2019) ("Allowing [plaintiffs] leave to bring arguments they could have raised earlier would place an undue burden on defendants and waste the court's limited resources.").

---

[5] Plaintiffs have suggested that the FINRA data they received on October 25, 2023 will somehow justify their untimely requests. (Motion at 1-2.) That makes no sense. Plaintiffs subpoenaed the FINRA data on March 7, 2023—three weeks *after* the parties exchanged expert witness reports on issues of class certification. Surely, if those data were relevant to class certification, a reasonably diligent plaintiff would have at least requested it before filing expert reports. To the extent Plaintiffs rely on those data as important to their renewed motion for class certification, they merely compound the lack of diligence at issue.

None of the circumstances in which courts have permitted renewed motions for class certification after an initial denial because of changed facts or law are present here.  For example, in *Terrill v. Electrolux Home Prods., Inc.*, the court permitted a renewed motion because the defendants in that case belatedly produced evidence directly tied to the question of numerosity after the close of class certification discovery.  274 F.R.D. at 701.  In *Pinnock-Lee v. Phelan Hallinan, PLC*, the Court permitted a renewed motion for class certification where Plaintiffs conducted additional discovery to provide evidence to satisfy the numerosity requirement.  No. 14-60154-CIV, 2015 WL 12532742, at *1-2 (S.D. Fla. Jan. 29, 2015).  Courts also have permitted renewed motions when there is a change in the law that justifies new briefing.  *See, e.g.*, *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, No. 2:16-CV-41-JLB-MRM, 2021 WL 1566668, at *5 (M.D. Fla. Apr. 21, 2021) (denying without prejudice a class certification motion and requiring new briefing on a refiled motion to address a new case in the circuit).  Each of these cases involves changed factual or legal circumstances; but no such changed circumstances exist here.

## CONCLUSION

Plaintiffs should not now be given a second bite at the apple to relitigate issues that they have already presented or that were readily available.  There are no new facts or changes in law that warrant a renewed motion.  Nor should Plaintiffs be permitted to engage in new expert discovery on theories they could have presented before seeking class certification on the schedule ordered by the Court.  Even Plaintiffs' characterization of the renewed motion indicates the preexisting availability of their argument—they seek to file "a renewed request" for a presumption of reliance based on "the cases and law review article cited by the Court."  (Ex. 1, Nov. 16, 2023 Email from L. Rosen to K. Orsini.)  Put simply, Defendants should not be penalized for Plaintiffs' failure to effectively develop their case or argue their position.

Defendants therefore respectfully request that the Court deny Plaintiffs leave to file a renewed

motion for class certification and/or any further expert reports in support of class certification.

Dated:  January 5, 2024

                                    <u>                 */s/ Samuel A. Danon*                 </u>
                                    **HUNTON ANDREWS KURTH LLP**
                                    Samuel A. Danon (FBN 892671)
                                    María Castellanos Alvarado (FBN 116545)
                                    Tom K. Schulte (FBN 1025692)
                                    333 S.E. 2 Avenue, Suite 2400
                                    Miami, FL 33131
                                    Telephone:  (305) 810-2500
                                    Facsimile:  (305) 810-2460
                                    sdanon@huntonak.com
                                    mcastellanos@huntonak.com
                                    tschulte@huntonak.com

                                    **CRAVATH, SWAINE & MOORE LLP**
                                    Antony L. Ryan
                                    Kevin J. Orsini
                                    Brittany L. Sukiennik
                                    825 Eighth Avenue
                                    New York, NY 10019
                                    Telephone:  (212) 474-1000
                                    Facsimile:  (212) 474-3700
                                    aryan@cravath.com
                                    korsini@cravath.com
                                    bsukiennik@cravath.com

                                    *Counsel for Defendants Robinhood Markets,*
                                    *Inc., Robinhood Financial LLC and*
                                    *Robinhood Securities, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

        I HEREBY CERTIFY that on January 5, 2024, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I further certify that the foregoing

document is being served this day on all counsel of record via transmission of Notices of

Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or

parties who are not authorized to receive Notices of Electronic Filing.


Dated:  January 5, 2024                         */s/ Samuel A. Danon*
                                              Samuel A. Danon (FBN 892671)

16