UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-MD-2989-ALTONAGA/DAMIAN

In re:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**

_____

This Document Relates to the Federal Securities Tranche

**MOTION OF DEFENDANTS ROBINHOOD MARKETS, INC., ROBINHOOD
FINANCIAL LLC AND ROBINHOOD SECURITIES, LLC
FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**

Pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i) and Local Rule 7.1, Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC (together, "Robinhood") respectfully submit this Motion for Leave to Take Additional Depositions.

The Court ordered bifurcated discovery in this action, with class certification discovery preceding merits discovery. (*See* Scheduling Order, Dkt. No. 517.) During class certification discovery, Robinhood deposed the 12 named plaintiffs, as well as five third-party retail investors who were directly involved in the social-media driven stock frenzy at the center of this case. Robinhood now seeks to depose 14 additional clearly relevant third-parties: the NSCC (which issued the unprecedented margin deposit requirement that led Robinhood to implement the challenged restrictions), certain other brokers that implemented trading restrictions similar to those at issue here and the issuers of some of the stocks Plaintiffs call the "Affected Stocks."[1] Although Robinhood has agreed to let Plaintiffs take 20[2] depositions of Robinhood employees alone, Plaintiffs refuse to permit Robinhood to take *more than a single* further deposition. Robinhood thus respectfully requests that the Court grant Robinhood's Motion to take up to 14 additional fact depositions.

## ARGUMENT

A party may take more than 10 depositions with "leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2)(A)(i). Rule 26(b) authorizes discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ.

---

[1] All defined terms are taken from the operative complaint, Dkt. No. 527 ("Am. Compl.").

[2] Plaintiffs originally indicated they would take 20 Robinhood employee depositions, to which Robinhood agreed. On January 5, 2024, they revised their position, asking Robinhood to agree to 15 depositions of its current and former employees.

1

P. 26(b)(1), so long as the discovery sought is not "unreasonably cumulative or duplicative, [] can[not] be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," Fed. R. Civ. P. 26(b)(2)(C).  A motion for leave to take additional depositions should be granted when those requirements are satisfied, and the movant demonstrates "the necessity for each deposition [it] took without leave of court." *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-21511-CIV, 2010 WL 3003914, at *2 (S.D. Fla. July 29, 2010) (citation omitted).  Courts in this circuit regularly grant additional depositions in complex matters.  *See, e.g.*, *S. Pan Servs. Co. v. S.B. Ballard Constr. Co.*, No. 3:07-cv-592, 2008 WL 5210870, at *1 (M.D. Fla. Dec. 11, 2008).

        Robinhood's motion should be granted.  *First*, the 14 requested depositions are relevant to Robinhood's defenses and proportional to the needs of the case.  The parties both agree that this is a complex case that requires significant discovery.  *Second*, the requested depositions are not cumulative of any discovery that Robinhood has already taken.

**I.        The Requested Depositions Are Directly Relevant to Robinhood's Defenses.**

        Plaintiffs allege that Robinhood manipulated the securities market by imposing trading restrictions at the height of the so-called Meme Stock frenzy.  (Am. Compl., Dkt. No. 527, ¶¶ 77, 87-97, 107-115).  Robinhood intends to prove that extreme market volatility driven by retail investors' investment in "meme stocks" led to unprecedented collateral requirements that required Robinhood to put in place the challenged trading restrictions.

        To date, Robinhood has deposed the 12 class representatives, as well as five third-party individuals who participated in social media posts at the heart of this case.  Those depositions were taken in the context of class certification and therefore focused on predominance and adequacy.  The Court denied class certification because Plaintiffs failed to

establish that common issues predominate over individual issues. (Order, Dkt. No. 622, at 72.) Plaintiffs now argue that Robinhood is stuck with no merits-related deposition—except a single deposition of the NSCC, to which Plaintiffs originally objected but now consent—because Robinhood used up its 10 depositions when it reasonably decided to depose all 12 putative class representatives in connection with class certification. That would obviously be unfair, and Robinhood's additional requested depositions relate directly to key issues in this case.

*First*, the NSCC lies at the heart of this case because it issued the unprecedented collateral call that led Robinhood to implement the challenged trading restrictions. The NSCC can provide testimony about the reason for margin requirements, how those requirements are calculated, why there were unprecedented increases in margin requirements in January 2021, and why the NSCC reduced Robinhood's initial deposit requirement on January 28, 2021, after Robinhood notified the NSCC of its trading restrictions. This testimony is relevant to, *inter alia*, Robinhood's reasons for putting the challenged restrictions in place, Robinhood's alleged scienter and the inefficiency of the markets for the relevant stocks at that time.

*Second*, Robinhood seeks to depose certain third-party brokers who put similar restrictions in place (Apex; Axos; Interactive Brokers; TradeStation; E*TRADE; TD/Charles Schwab and Merrill Edge, collectively the "Brokers"). Here too, Plaintiffs have already acknowledged the Brokers' relevance by serving some of them with document and deposition subpoenas.[3] In fact, Plaintiffs' pleadings compare the Brokers' actions to Robinhood's during the Relevant Time Period. (*See* Am. Compl., Dkt. No. 527, ¶ 93.) The fact that other brokers restricted trading in the Relevant Time Period, the reasons for each Broker's restrictions (which

---

[3] Plaintiffs served Apex, E*TRADE and Interactive Brokers, but appear to have abandoned those depositions. Others provided limited document discovery during the initial phases of this MDL when they were named defendants in the Antitrust Tranche.

3

may vary from Broker to Broker) and the extent to which those restrictions impacted a significant number of customers are all relevant to, *inter alia*, Plaintiffs' allegation that *Robinhood's* restrictions caused the price declines, Robinhood's scienter and damages.

*Third*, Robinhood seeks to depose the issuers of six of the nine Affected Stocks (AMC; Bed, Bath & Beyond; BlackBerry; Express; GameStop and Nokia, collectively the "Stock Issuers"). Plaintiffs allege that the prices for these securities reflected an efficient market during the time immediately preceding the class period and that any decline in the price of those securities was directly related to Robinhood's trading restrictions. (*See* Am. Compl., Dkt. No. 527, ¶¶ 83-90.) Robinhood expects that the Stock Issuers will provide testimony that the extreme fluctuations in the stock prices did not correlate with any announcements the companies made about their underlying businesses. This is directly relevant to loss causation and damages.

In short, there is no credible argument that these depositions are irrelevant, unnecessarily burdensome or cumulative. Plaintiffs have already conceded the relevance of two of these three categories by serving their own subpoenas, and confirmed this concession during a meet and confer on December 22, 2023. Where, as here, the depositions sought are relevant to the party's claims or defenses, courts regularly grant leave to take more than 10 depositions, especially in complex cases such as this one. *See, e.g.*, *Royal Bahamian Ass'n*, 2010 WL 3003914, at *2 (permitting additional depositions where testimony was relevant to a party's liability); *State Farm Mut. Auto. Ins. Co. v. Duval Imaging, LLC*, No. 3:07-CV-627-J-20JRK, 2009 WL 10705787, at *4 (M.D. Fla. May 22, 2009) (same); *Safeco Ins. Co. of Am. v. City of Jacksonville, Fla.*, No. 3:08-cv-338-J-25 2011 WL 13176635, at *3-4 (M.D. Fla. Apr. 20, 2011) (permitting additional depositions due to the "complex, multiparty" nature of the lawsuit).

**II.    The Requested Depositions Are Permitted by Rule 26(b)(2).**

The requested depositions are not cumulative or duplicative because none of the

third-parties has been deposed previously, and those depositions would not be cumulative of other discovery. As set forth above, these additional depositions are critical to Robinhood's ability to defend the case on the merits and are not cumulative. Robinhood has not had the chance to depose the NSCC, the Brokers or the Stock Issuers. The facts regarding each Broker and each Stock Issuer are inherently unrelated, requiring witnesses from multiple entities in each category. That alone satisfies Rule 26(b)(2). *See, e.g.*, *State Farm*, 2009 WL 10705787, at *4 (granting leave to take additional depositions because due to "the posture of the case, and the course of discovery thus far, it cannot be said that Plaintiffs have had 'ample opportunity to obtain the information by discovery'"); *see also Hernandez v. Hendrix Produce, Inc.*, No. CV613-053, 2014 WL 12714850, at *2 (S.D. Ga. Mar. 4, 2014) (same); *AIG Centennial Ins. Co. v. O'Neill*, No. 09-60551-CIV-ZLOCH, 2010 WL 4116555, at *17 (S.D. Fla. Oct. 18, 2010) (same). Lastly, the deposition testimony that Robinhood seeks to elicit is not obtainable from other, less burdensome sources. For example, documents will be insufficient to establish each Broker's reasons for the restrictions and testimony will be necessary to present and explain those documents to a jury. Moreover, these witnesses are all located outside the Southern District of Florida, so Robinhood needs depositions to obtain testimony useable at trial.[4]

## CONCLUSION

Based on the foregoing, Robinhood respectfully requests that the Court grant Robinhood leave to take 14 additional depositions.

---

[4] During the meet and confer process, Plaintiffs suggested that there is inadequate time for these 14 depositions in addition to the depositions of Robinhood employees that Robinhood has agreed to permit. Robinhood disagrees, and this is not a basis to deny the motion. There are two-and-a-half months of fact discovery remaining. That provides plenty of time to take these depositions. It is also fundamentally unfair for Plaintiffs to argue that there is insufficient time to permit Robinhood to take the depositions it needs to defend itself consistent with due process because Robinhood agreed to permit Plaintiffs to take their requested depositions.

## CERTIFICATE OF PRE-FILING CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Robinhood have conferred with counsel for Plaintiffs in a good faith effort to resolve by agreement the issues raised in this motion and have been unable to do so.

| | |
|---|---|
| Dated:  January 5, 2024 | */s/ Samuel A. Danon* |
| | **HUNTON ANDREWS KURTH LLP** |
| | Samuel A. Danon (FBN 892671) |
| | María Castellanos Alvarado (FBN 116545) |
| | Tom K. Schulte (FBN 1025692) |
| | 333 S.E. 2 Avenue, Suite 2400 |
| | Miami, FL 33131 |
| | Telephone:  (305) 810-2500 |
| | Facsimile:  (305) 810-2460 |
| | sdanon@huntonak.com |
| | mcastellanos@huntonak.com |
| | tschulte@huntonak.com |
| | |
| | **CRAVATH, SWAINE & MOORE LLP** |
| | Antony L. Ryan |
| | Kevin J. Orsini |
| | Brittany L. Sukiennik |
| | 825 Eighth Avenue |
| | New York, NY 10019 |
| | Telephone:  (212) 474-1000 |
| | Facsimile:  (212) 474-3700 |
| | aryan@cravath.com |
| | korsini@cravath.com |
| | bsukiennik@cravath.com |
| | |
| | *Counsel for Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC* |

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on January 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated:  January 5, 2024

                                                        */s/ Samuel A. Danon*
                                                  Samuel A. Danon (FBN 892671)