**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-2989-MDL-ALTONAGA/Damian**

In re: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION

This Document Relates to the Federal Securities Tranche

**PLAINTIFFS' RESPONSE TO THE ROBINHOOD DEFENDANTS' DISCOVERY
MOTION SEEKING TO TAKE FOURTEEN ADDITIONAL DEPOSITIONS**

## **TABLE OF CONTENTS**

I.    ROBINHOOD FAILED TO JUSTIFY TAKING 14 MORE DEPOSITIONS ...................... 1

   A.  Robinhood Must Explain the Necessity for Its Class Certification Depositions ................. 2

   B.  Multiple Depositions of Brokers and Issuers Are Unwarranted and Irrelevant.................. 3

      1.  The request has not been shown proportional to the needs of the case............................ 3

      2.  Robinhood has not demonstrated the depositions are at all relevant. ............................. 4

   C.  Robinhood's Delay in Taking the Depositions Belies Their Importance ........................... 5

II.   CONCLUSION.................................................................................................................... 5

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

## <u>Cases</u>

*Arcadia Health Servs., Inc. v. Martinez*,
No. 14-80561-CIV, 2014 WL 12677159 (S.D. Fla. Oct. 15, 2014) .......................................... 3

*Arnold v. McFall*,
No. 11-80396-CIV, 2011 WL 13382555 (S.D. Fla. Aug. 11, 2011) ......................................... 3

*Diamond Resorts Int'l, Inc. v. Aaronson*,
No. 6:17-cv-1394, 2018 WL 11343946  (M.D. Fla. Aug. 21, 2018) ......................................... 3

*FindWhat Inv. Grp. v. FindWhat.com*,
658 F.3d 1282 (11th Cir. 2011) ............................................................................................ 4

*Mazur v. Lampert*,
No. 04-61159, 2007 WL 676096 (S.D. Fla. Feb. 28, 2007) .................................................... 3

*Procaps S.A. v. Patheon Inc.*,
No. 12-24356-CIV, 2014 WL 1237553 (S.D. Fla. Mar. 26, 2014) .......................................... 2

*Tiemann v. Yeres*,
No. A-18-CV-301-LY, 2019 WL 919013 (W.D. Tex. Feb. 22, 2019) ...................................... 5

*UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. LLC*,
No. 16-CV-81180, 2018 WL 1461844 (S.D. Fla. Mar. 22, 2018) ........................................... 2

## <u>Rules</u>

Fed. R. Civ. P. 26 ................................................................................................................. 1, 3, 4

Fed. R. Civ. P. 30 .................................................................................................................... 3, 5

Fed. R. Evid. 602 ........................................................................................................................ 4

Fed. R. Evid. 701 ........................................................................................................................ 5

Fed. R. Evid. 702 ........................................................................................................................ 5

Plaintiffs respectfully submit that Robinhood's motion for leave to take 14 additional depositions ("ECF 632" or "Motion") should be denied for four reasons. ***First***, the Scheduling Order did not bifurcate discovery so as to permit the 10-deposition limit to reset to zero following class discovery. ***Second***, the testimony of five non-party investors proved unnecessary. ***Third***, all but one of the 14 depositions sought are of issuers and brokers whose testimony is equally unnecessary. ***Fourth***, Robinhood has known about all 14 deponents since the events of early 2021 but did not seek leave to take these "critical" depositions until nine weeks before discovery closed.

Robinhood *rejected* an offer agreeing to all 14 depositions in exchange for seeking a 60-day extension of the discovery cut-off. Producing more than 620,000 pages since the Aug. 29, 2023 production ordered by this Court (ending at page 107,721), Robinhood moved the date on which document production would be substantially complete from November until January. All of Plaintiffs' depositions of Robinhood employees have thus been delayed by two months.

For these reasons, as explained more fully below, Robinhood's motion should be denied (but for the NSCC deposition) or, in the alternative, all Robinhood employee depositions must be calendared ahead of any additional third-party depositions Robinhood is granted leave to take.[1]

## I.      ROBINHOOD FAILED TO JUSTIFY TAKING 14 MORE DEPOSITIONS

To avoid a party trying to "circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under Rule 26(b)(2) standards, and then seek[ ] leave to exceed the limit in order to take depositions that she could substantiate," "[t]he party seeking more than 10 depositions must justify the necessity of each prior deposition taken without leave of court and must make a particularized showing why the extra depositions are

---

[1] While Robinhood claims there is "plenty of time remaining to take these depositions" (ECF 632 at 6 n.4) – 28 depositions across the country, including Plaintiffs' requested 14, over 37 business days – it did not even suggest proposed deposition dates (except for one, on Jan. 24) *before today.*

necessary." *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2014 WL 1237553, at *4 (S.D. Fla. Mar. 26, 2014) (citations omitted). Robinhood fails to justify 24 of its 37 proposed depositions.

A.     **Robinhood Must Explain the Necessity for Its Class Certification Depositions**

Robinhood acknowledges it is required to justify "the necessity for each deposition [it] took without leave of court," ECF 632 at 3 (citation omitted), but makes little effort to do so. Robinhood initially proffers that "[t]he Court ordered bifurcated discovery, with class certification discovery preceding merits discovery," *id.* at 2, implying that depositions taken in the certification stage do not count towards merits discovery. While the Scheduling Order set different class and merits discovery deadlines, contemporaneous discovery proceeded (ECF 517 at 1 n.1) and nothing in the Order treats merits and class depositions differently. *Id.* at 1-4.

Robinhood next argues that the prior 17 depositions "focused on predominance and adequacy," implying that, because certification was denied, all of the depositions were justified. ECF 632 at 3-4. Good cause to take the depositions stands apart from the outcome of the motion – otherwise it evaporates because none of 12 proposed class representatives were disqualified. As for the other five, Robinhood provides neither their names nor the relevance of their testimony, saying only that they had "participated in social media posts." ECF 632 at 3. This is patently insufficient. *See, e.g. UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. LLC*, No. 16-CV-81180, 2018 WL 1461844, at *1 (S.D. Fla. Mar. 22, 2018) (defendants listed the depositions they had taken and the subject matter of each). The reason Robinhood cannot provide particularized facts as to why testimony from *these* five investors – among thousands of "retail investors [who] banded together on online forums" (ECF 568 at 10) – was relevant is because testimony from only two (Alvan Chow and William Meade) was included in Robinhood's brief, with three citations appearing in footnotes. *Id.* at 4-5, 21 & nn. 2, 5 and 21. The depositions of Michael Mynar, Ryan

2

Rozbiani, and Joseph Fonicello were a total waste. *See Arcadia Health Servs., Inc. v. Martinez*, No. 14-80561-CIV, 2014 WL 12677159, at *2 (S.D. Fla. Oct. 15, 2014) (Adv. Comm.'s Notes to Rule 30 amendments caution parties to decide "which depositions are most needed, given the presumptive limit").

### B.   Multiple Depositions of Brokers and Issuers Are Unwarranted and Irrelevant

Robinhood asserts that because "this is a complex case that requires significant discovery" (Motion at 2), seven broker and six issuer depositions are relevant and proportional to its needs. Not so. Securities fraud actions are not *per se* exempted from complying with Rule 30(a)(2)(A)(i). *Arnold v. McFall*, No. 11-80396-CIV, 2011 WL 13382555, at *2 (S.D. Fla. Aug. 11, 2011); *Mazur v. Lampert*, No. 04-61159, 2007 WL 676096, at *2 (S.D. Fla. Feb. 28, 2007) (same).

### 1.   The request has not been shown proportional to the needs of the case.

It is premature for Robinhood to ask to take seven broker and six issuer depositions when it has not taken one of each to demonstrate why taking the other 11 is proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b). *See Diamond Resorts Int'l, Inc. v. Aaronson*, No. 6:17-cv-1394, 2018 WL 11343946, at *4  (M.D. Fla. Aug. 21, 2018) (denying request to take 292 client depositions late in discovery when plaintiff thus far failed to take a single such deposition); *cf. Mazur*, at *1-2 (denying leave to take 12 depositions, for a total of 17, in last two months of discovery before knowing what the five remaining depositions will reveal).

Moreover, with respect to the brokers, Robinhood concedes that the parties have received or will receive documents showing the types and timing of their restrictions and the extent to which the restrictions may have impacted trading by those brokers' customers. ECF 632 at 3. Plaintiffs subpoenaed and are in the process of obtaining such documents; declarations were offered to establish the documents are authentic and business records. Contrary to Robinhood's claim that

3

this method is "insufficient to establish each Broker's reasons for the restrictions" (ECF 632 at 6), the extent, timing *and reasons* for restrictions imposed by five of the seven were detailed in a House Financial Services Committee Report after these brokers provided documents, interviews and/or explanatory letters to Congress. *See* Ex. A ("Game Stopped" Report, at 76-96 & nn. 367-523). Surely, as did Plaintiffs, Robinhood could find a "more convenient, less burdensome, or less expensive" way of confirming the report's details, as required by Fed. R. Civ. P. 26(b)(2)(C)(i).

With respect to the issuers, Robinhood *first subpoenaed documents on December 22*, but has preordained, before receiving a single document, that depositions of all six will be required.

2.     <u>Robinhood has not demonstrated the depositions are at all relevant.</u>

The reasons for the brokers' restrictions are ultimately irrelevant to whether Robinhood manipulated the market for the Affected Stocks. FINRA data Plaintiffs obtained and provided to Robinhood (after Robinhood abandoned its subpoena) shows all trades in the Affected Stocks for the period Jan. 4 – Feb. 11, 2021. Not only were the brokers' reasons revealed in the House Report, but the nature and timing of restrictions and brokers' relative trading volumes prove whether those brokers had any impact on prices. Claiming to be part of a crowd is a smokescreen, not a defense.

Robinhood's rationale for six issuer depositions – to obtain "testimony that the extreme fluctuations in the stock prices did not correlate with any announcements the companies made about their underlying businesses," to prove loss causation and damages (Motion at 4) – is even worse. This is paradigmatic testimony for an expert's event study, *i.e.*, "to determine whether the release of particular information has a significant effect on a company's stock price." *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1313 (11th Cir. 2011). Robinhood's experts opined on the effect – or lack thereof – of the issuers' public statements on prices. *See* ECF 568-18, 568-20.

Moreover, a fact witness may only testify to matters of personal knowledge. *See* Fed. R.

Evid. 602. Under Rule 30(b)(6), corporations must only make "a good faith, conscientious effort to prepare its witness on facts '*clearly known* to persons within the organization.'" *Tiemann v. Yeres*, No. A-18-CV-301-LY, 2019 WL 919013, at *3 (W.D. Tex. Feb. 22, 2019) (emphasis in original). How the issuers' public statements affected their stock prices in 2021 is not information clearly known to persons within the organization. Because Fed. R. Evid. 701 limits a fact witness's opinions to those that are not based on specialized knowledge within the scope of Rule 702, the effect of the issuers' public statements on stock prices is solely the province of expert testimony.

### C.   Robinhood's Delay in Taking the Depositions Belies Their Importance

Robinhood's sudden interest in taking 14 depositions they could have taken at any time in the past 15 months undermines the claim they are critical to the defense. Robinhood agreed that Plaintiffs could take the depositions of up to 19 Robinhood employees, for a total of 20. (Motion at 1.) On January 5 – nearly two months late – Robinhood's production of custodial documents was "substantially" completed, forcing Plaintiffs to start taking their depositions in late January.

Robinhood's request to take an additional 14 depositions before March 15 means that the parties will have to prepare for and take 28 depositions in seven weeks, all over the country. This is highly prejudicial to Plaintiffs who will not be able to focus their limited time and resources on the important employee depositions because they will have to prepare for and attend irrelevant depositions of third parties that Robinhood could easily have completed months ago.

## II.   CONCLUSION

Robinhood has taken 17 depositions. Plaintiffs have only been able to take one. If the Court permits Robinhood to take any more depositions (other than the NSCC), it should order Robinhood to set a firm schedule for the 14 depositions plaintiffs have requested from Robinhood before any of Robinhood's proposed depositions are calendared.

Dated: January 10, 2024
Respectfully submitted,
THE ROSEN LAW FIRM, P.A.
By: /s/Laurence M. Rosen
Laurence M. Rosen FBN# 0182877
Phillip Kim
Robin Bronzaft Howald
Jonathan Stern
Brent LaPointe
Michael A. Cohen
275 Madison Avenue  40th Floor
New York, New York  10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*Counsel for Lead Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by the Court's CM/ECF system.


Dated January 10, 2024                                   /s/  Laurence Rosen
                                                         Laurence Rosen (FBN 0182877)