UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Torres

In re: JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION

**This Document Relates to: All Actions Involving the Federal Securities Laws**

**DECLARATION OF LAURENCE M. ROSEN IN SUPPORT OF PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE A RENEWED MOTION FOR CLASS CERTIFICATION**

I, Laurence M. Rosen, hereby declare under penalty of perjury:

1. I am the Managing Partner of The Rosen Law Firm, P.A. ("Rosen Law"), Lead Counsel for Lead Plaintiff Blue Laine-Beveridge, named plaintiffs Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash (collectively "Plaintiffs"). I make this Declaration in support of Plaintiffs' Reply Memorandum of points and Authorities in support of Plaintiffs' motion for leave to file a renewed motion for class certification.

2. I am an attorney duly licensed to practice in the State of Florida and before this Court. I have personal knowledge of the matters set forth herein and, if called upon, I could and would completely testify thereto.

3. On September 30, 2022, Plaintiffs served their First Requests For Production of Documents on Defendants. It included the following requests.

- REQUEST NO. 19: Documents evidencing cancellation and/or rejection of purchase

orders for shares in the Later-Restricted Stocks during the Relevant Period,[1] including the date and time customers received such notifications.

- REQUEST NO. 20: Documents evidencing involuntary sales of all or part of customers' long positions in the Later-Restricted Stocks during the Relevant Period, including the date and time customers received notifications of Robinhood's action, due to, in Robinhood's words, "unreasonable risk in brokering the customer's position," e.g., a margin call.

- REQUEST NO. 22: During the Relevant Period, all Documents evidencing involuntary sales of all or a portion of a customer's long positions in the Later-Restricted Stocks, as well as the date, hour and minute the customer was notified of Robinhood's action.

- REQUEST NO. 23: During the Relevant Period, all Documents evidencing involuntary position closing of customers' call options, including, but not limited to, call positions in the Later-Restricted Stocks, prior to their expiration, as well as the date, hour and minute the customer was notified of Robinhood's action.

4. Plaintiffs did not receive all documents responsive to this request by the deadline for filing expert reports in support of class certification.

5. Robinhood did not even purport to provide documents responsive to these requests until June 30, 2023.

6. The data produced by Robinhood on June 30, 2023 appeared to be inconsistent with data it provided to various regulators.

7. Robinhood produced more than 800 spreadsheets with data previously provided to various regulators while it withheld correspondence with regulators that explained of the scope of the information being depicted in the spreadsheets. During a March 3, 2023, meet-and-confer, Robinhood had provided the Bates numbers of several spreadsheets that contained information partially responsive to Request Nos. 19, 20, 22 and 23.

8. Plaintiffs repeatedly objected that the 800+ spreadsheets were thus of limited to no use and thus produced in violation of federal and local discovery rules, *e.g.*, in letters on March 24, 2023, June 2, 2023, and July 12, 2023.

---

[1] The agreed-upon Relevant Period is December 1, 2020 through March 5, 2021.

9. On March 24, 2023, Plaintiffs stated

When you provided us with the Bates numbers of a handful of spreadsheets in a nearly 100,000 document production as (partially) responsive to Document Request Nos. 19-23, we opened these untitled documents and were not entirely sure of how the information in the rows and columns was being presented. In stark contrast, when this material was produced to the regulators, they knew the parameters of their requests (one of the other spreadsheets produced referenced the FINRA request numbers on a bottom tab) as well as any agreement reached with Robinhood regarding scope. Consequently, various regulators knew what they asked for, what they agreed to receive, and what to look for upon receipt. With Robinhood's production to Plaintiffs, you interspersed these untitled spreadsheets throughout a production responsive to scores of document demands, making it virtually impossible for us to glean the extent to which they responded to a specific request. A lack of titles also makes it nearly impossible to use search terms to locate the documents within the production. We expect that when you produce the full scope of information requested in response to Document Request Nos. 19-23, you will do so in a manner that is both searchable and readily identifiable for what is being depicted so that the documents can be used at deposition.

10. On June 2, 2023, Plaintiffs stated

without a copy of the requests or correspondence relating to the production, we could not ascertain what we were looking at – especially when the spreadsheets produced to Plaintiffs have no headings describing the material being provided (with the exception of RHMDL47970, which appears to have been initially provided in response to two requests from FINRA and upon which Robinhood's experts heavily rely). We asked that you at least provide us with proper headings describing the tabular information being presented and also inform us to which document request(s) a spreadsheet is responsive. Although you agreed to do so, your letter of April 24 is too vague on this point, indicating only "Robinhood agrees to produce documents responsive to Request Nos. 19-23 in a segregated production or production volume." We do not understand what this means. Your letter suggests that you have not yet provided the information to us as described.

11. On July 12, 2023, Plaintiffs stated

Finally, your response to our concern about the hundreds of untitled spreadsheets sprinkled throughout the production is unacceptable. Robinhood is required to produce documents in a format that is usable; Plaintiffs are not required to bring documents to you on a case-by-case basis to have them deciphered. As explained in our June 2, 2023, Letter, Local Rule 26.1(e)(5) requires that, in responding to document requests, "[t]he documents, electronically stored information, or things should be referenced to specific paragraphs of a request for production where practicable, unless the producing party exercises its option under Federal Rule of Civil Procedure 34(b) to produce documents as they are kept in the usual course of business."

12.     Ultimately, Magistrate Judge Damian compelled Robinhood to produce more than 100 letters sent to regulators, FINRA, and Congress, which answered highly-relevant questions concerning class period events and/or described data concurrently produced in spreadsheets. Months after it was first sought, Robinhood provided an overlay matching the unique Bates numbers Robinhood assigned to each of those productions to the Bates numbers assigned to its production in the MDL, enabling Plaintiffs to match documents and descriptions provided to regulators to the spreadsheets interspersed in the production.

13.     Promptly after the Court issued its decision denying class certification, Plaintiffs informed Robinhood of their intent to file such a motion and proposed a briefing schedule that would have class certification briefing coincide with the existing deadlines for filing expert reports, to avoid another round of reports. ECF No. 631-1. At Defendants' request, Plaintiffs proposed a more accelerated schedule that would allow faster briefing of class certification, but would require multiple rounds of depositions.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed: January 12, 2024

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq.
Fla. Bar No. 0182877

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 12, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

              /s/Laurence M. Rosen