UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-MD-2989-ALTONAGA/DAMIAN

In re:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**

                                        /

This Document Relates to the Federal Securities Tranche

**<u>DEFENDANTS ROBINHOOD MARKETS, INC., ROBINHOOD FINANCIAL LLC AND ROBINHOOD SECURITIES, LLC'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A RENEWED MOTION FOR CLASS CERTIFICATION</u>**

Pursuant to Local Rule 7.1(c)(3), Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC (together, "Robinhood" or "Defendants") hereby request leave to file a sur-reply opposing Plaintiffs' request for leave to file a renewed motion for class certification. Defendants respectfully submit that a sur-reply is appropriate in light of the current procedural posture concerning Plaintiffs' request to modify the existing scheduling order and pursue a second round of class certification expert discovery and briefing.

On November 13, 2023, the Court denied Plaintiffs' motion for class certification, which had been filed following extensive class certification expert and fact discovery on the schedule ordered by the Court at the outset of this litigation. (Dkt. No. 622.) On December 13, 2023, Plaintiffs submitted a motion to set a briefing schedule for their proposed renewed motion for class certification (Dkt. No. 624, the "Motion"). In the Motion, Plaintiffs noted that Defendants oppose any further briefing and expert discovery on class certification and, based on discussions with Defendants, proposed that this issue of whether a renewed motion would even be appropriate be addressed in connection with the requested briefing. On December 28, 2023, the Court entered an order, *sua sponte*, recognizing that the Motion "[i]mplicitly" sought "leave of Court to file a renewed motion for class certification," and directed Robinhood to respond to the Motion by setting forth its objections to "Plaintiffs filing a renewed motion for class certification or submitting additional expert reports" (Dkt. No. 626 at 1, the "Order"). Pursuant to the Order, Robinhood filed its response to the Motion on January 5, 2024, explaining why Plaintiffs are not entitled to a new round of class certification expert reports and briefing to present an argument they could have presented on the schedule originally ordered by the Court (Dkt. No. 631, the "Opposition").

In their Reply Memorandum of Law in Support of Motion for Leave to File a Renewed Motion in Support of Class Certification (Dkt. No. 636, the "Reply"), Plaintiffs make two new arguments that they did not present to the Court in support of their original motion. *First*, Plaintiffs argue for the first time that they now have access to Robinhood's customer cancellation data, which they claim is critical to their new theory. (Reply at 2-4.) *Second*, Plaintiffs claim—without citing any authority—that because the new argument they want to make is novel, their failure to make the argument on the schedule ordered by the Court is excused. (Reply at 8-10.)

Because Plaintiffs did not present these arguments to the Court in their original motion papers, and because the Court has ordered Robinhood to present its procedural objections at this time, Robinhood has had no chance to actually respond to the arguments that Plaintiffs are presenting in support of this important scheduling issue. In light of these circumstances, Robinhood respectfully requests the opportunity to now address Plaintiffs' arguments—an opportunity that it would have had if those arguments had been presented in Plaintiffs' opening papers. *See, e.g.*, *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x. 777, 788 (11th Cir. 2008) (explaining that a "district court's decision to permit the filing of a surreply is purely discretionary and should generally only be allowed when a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief'") (internal citations omitted); *Hammett v. Am. Bankers Ins. Co.*, 203 F.R.D. 690, 695 n.1 (S.D. Fla. 2001) (granting defendants leave to file a sur-reply after plaintiff's reply presented new arguments for class certification); *see also Northstar Marine, Inc. v. Huffman*, No. CIV.A. 13-0037-WS-C, 2014 WL 6454940, at *1 (S.D. Ala. Nov. 13, 2014) (granting sur-reply because of "new arguments raised. . . for the first time in [movant's] reply brief").

Pursuant to Southern District of Florida local rules, Defendants attach hereto as Exhibit A their proposed sur-reply. *See* S.D. Fla. CM/ECF Admin. Proc. 3I(1) (providing that "[i]f a document to be filed requires a motion requesting leave of the Court, . . . the proposed document shall be submitted as a PDF attachment to the motion").

## CERTIFICATE OF PRE-FILING CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Robinhood have conferred with counsel for Plaintiffs in a good faith effort to resolve by agreement the issues raised in this motion and have been unable to do so.

Dated: January 16, 2024                    /s/ *Samuel A. Danon*

**HUNTON ANDREWS KURTH LLP**
Samuel A. Danon (FBN 892671)
María Castellanos Alvarado (FBN 116545)
Tom K. Schulte (FBN 1025692)
333 S.E. 2 Avenue, Suite 2400
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
sdanon@huntonak.com
mcastellanos@huntonak.com
tschulte@huntonak.com

**CRAVATH, SWAINE & MOORE LLP**
Antony L. Ryan
Kevin J. Orsini
Brittany L. Sukiennik
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
aryan@cravath.com
korsini@cravath.com
bsukiennik@cravath.com

*Counsel for Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC*

3

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on January 16, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated: January 16, 2024

/s/ *Samuel A. Danon*
Samuel A. Danon (FBN 892671)