# EXHIBIT A

# CRAVATH

Brittany L. Sukiennik
bsukiennik@cravath.com
T+1-212-474-1946
New York

August 14, 2023

*In re January 2021 Short Squeeze Trading Litigation*,
No. 21-2989-MDL-ALTONAGA/Damian (S.D. Fla.)

Counsel:

  I write in response to your August 11, 2023 letter regarding Plaintiffs' motion to compel documents responsive to Plaintiffs' Requests for Production ("Requests") Nos. 4-6, 19-20 and 22.

**Plaintiffs' Request Nos. 4-6**

  In your letter dated August 11, you stated that "[a]ny communication or other document concerning the Meme Stock Market Event or Robinhood's illiquidity or need to raise funds in that timeline is relevant[,] [i]n particular, the communications with the regulators about the events related to this case."  (Pls.' Aug. 11, 2023 Ltr. at 1.)  We agreed, however, to produce the portions of correspondence with regulators that provide information relevant to Plaintiffs' allegations.  (Defs.' Aug. 10, 2023 Ltr. at 2.)  We also agreed to provide descriptions of the 421 spreadsheets you identified in your July 12 letter and a metadata overlay identifying the Bates numbers for documents that were produced to regulators as well as in this case.  (*Id.* )

  The only documents that Robinhood does not agree to produce are those (or portions of those) that are not relevant to "the events related to this case" (Pls.' Aug. 11, 2023 Ltr. at 1.), and the actual requests propounded by the regulators to Robinhood, as Plaintiffs are not entitled to those documents.  *See Humana Inc. v. Teva Pharms. USA, Inc.*, No. 6:21-CV-72-CEM-DCI, 2021 WL 8651837, at *2 (M.D. Fla. Oct. 19, 2021) (denying plaintiffs' motion to compel for failing to show that "all the documents within this cloned discovery request are relevant to Plaintiff's claims"); *Pictsweet Co. v. R.D. Offutt Co.*, No. 3:19-CV-722, 2020 WL 12968432, at *5 (M.D. Tenn. Apr. 23, 2020) (barring "an impermissible fishing expedition" that involved seeking a "broad universe of information" produced in another litigation without demonstrating relevance); *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2020 WL 5585137, at *5 (S.D. Fla. Sept. 16, 2020), *aff'd*, No. 20-MD-2924, 2020

**NEW YORK**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

WL 6440461 (S.D. Fla. Nov. 3, 2020) ("[A]dopting or cross-checking someone else's investigative strategy[ ]is not the purpose of civil discovery.").

If this offer does not resolve the parties' dispute, we will discuss this further with Judge Damian tomorrow.

**Plaintiffs' Request No. 19**

We confirm that for data responsive to Request No. 19, Robinhood will agree to provide the fields listed in your August 11, 2023 letter.

You also asked that Robinhood exclude data for cancellations that were customer-initiated or occurred for routine reasons. We identified in our August 10 letter four categories of cancellations that are not customer-initiated, and we further indicated that we will exclude those from the data.[1] We are working with our client to identify and exclude any Robinhood-initiated cancellations and rejections that were for "routine reasons unrelated to the restrictions in this case," and will let you know whether there are any issues with respect to isolating the data requested.

We therefore do not think that there is any remaining dispute with respect to Request No. 19, and request that Plaintiffs withdraw their motion to compel regarding this Request.

**Plaintiffs' Request Nos. 20 and 22**

Regarding Request No. 20, we confirm that we will produce the data separate from the data produced for Request No. 22. As we stated in our August 10 letter, we also agree that we will produce the equity close out data requested in RFP Nos. 20 and 22 on a transaction level for the Class Period and aggregated for the Relevant Period.

You also requested that Robinhood provide certain data fields with respect to the margin calls in RFP No. 20. Robinhood believes it will be able to include the fields in RHMDL00004342, including Liquidation Date, Symbol, Total Number of Shares, Total Dollar Value of Shares and Number of Customers. Robinhood will not be able to include the fields in RHMDL00004341 or provide margin call information on a liquidation-by-liquidation basis by stock, because multiple equity close outs could correspond to one single margin call, and a margin call is determined at the account level and could lead to the close out of the shares in one or multiple symbols. We will agree to produce information corresponding to the fields in RHMDL00004341 for the Relevant Period in a separate spreadsheet.

---

[1] We note that you mischaracterized the four categories of data Robinhood proposed to exclude from the dataset already produced in response to Request No. 19 as customer-initiated, but they are initiated by Robinhood in the ordinary course. (*See* Pls.' Aug. 11, 2023 Ltr. at 2.)

   We therefore do not think that there is any remaining dispute with respect to Request Nos. 20 and 22, and request that Plaintiffs withdraw their motion to compel regarding these Requests.

* * *

   Finally, with respect to your question about a privilege log, Paragraph 14 of the Stipulated Rule 502(d) and Privileged Materials Order (ECF No. 442) provides that a producing party shall provide a privilege log "[a]fter completing its production of documents or ESI."  We therefore will provide a privilege log when we have finished producing documents.

               Regards,

               Brittany L. Sukiennik

Laurence M. Rosen, Esq.
Phillip Kim, Esq.
Robin Bronzaft Howald, Esq.
Jonathan Stern, Esq.
Brent LaPointe, Esq.
Michael A. Cohen, Esq.
 The Rosen Law Firm, P.A.
  275 Madison Avenue 40th Floor
   New York, NY 10016
    lrosen@rosenlegal.com
    pkim@rosenlegal.com
    rhowald@rosenlegal.com
    jstern@rosenlegal.com
    blapointe@rosenlegal.com
    mcohen@rosenlegal.com

BY EMAIL