**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-MD-2989-ALTONAGA/DAMIAN**

In re:

**JANUARY 2021 SHORT SQUEEZE**
**TRADING LITIGATION**

_____/

This Document Relates to the Federal Securities Tranche

**<u>DEFENDANTS ROBINHOOD MARKETS, INC., ROBINHOOD FINANCIAL LLC AND
ROBINHOOD SECURITIES, LLC'S REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE A SUR-REPLY TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A
RENEWED MOTION FOR CLASS CERTIFICATION</u>**

Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC (together, "Robinhood" or "Defendants") respectfully submit this reply in support of their request for leave to file a sur-reply opposing Plaintiffs' request for leave to file a renewed motion for class certification on February 15, 2024 (Dkt. No. 638, the "Sur-Reply Motion").

*First*, Plaintiffs' entire argument as to why they did not make their class certification argument on the schedule ordered by the Court continues to hinge on the so-called cancellation data. But Plaintiffs' motion for a renewed class certification briefing schedule (Dkt. No. 624, the "Motion") made no mention of cancellation data and did not identify Robinhood's purported delay as a justification for a renewed motion; those arguments were first presented in the Reply. (*See* Dkt. No. 636 at 6-8.) Plaintiffs now assert that by agreeing to produce this data and to an extension of the fact discovery schedule back in November, Robinhood somehow conceded that the data was relevant to Plaintiffs' proposed "price impact" argument that they would now like to present. (*See* Dkt. No. 642, the "Opposition to Sur-Reply Motion" at 3 & nn.1-2.) That is untrue. As an initial matter, Plaintiffs never once raised this possible "price impact" argument until after the Court denied class certification, making it impossible for Robinhood to concede the relevance of any discovery to that issue. Further, merely agreeing to produce data does not concede its materiality at all to any issue. In reality, the cancellation data is immaterial to any issue on class certification—as Robinhood explains in its proposed sur-reply brief (Dkt. No. 638-1 at 4-5)—and the fact that Robinhood decided not to engage in extensive motion practice over such data is hardly a concession that it is critical.

Moreover, the suggestion that Robinhood stipulated that the production of this specific cancellation data was important enough to justify a scheduling extension is misleading. The Parties' Joint Motion to Amend the Scheduling Order (Dkt. No. 619, the "Scheduling Motion"), dated November 6, 2023, explained:

> The Parties have agreed that given the millions of rows of Robinhood data requested by Plaintiffs and the technical complexity of the query tools needed to access it, good cause supports the requested extension of the close of discovery to allow time for the retrieval, production and *review* of the *trading* data and other potentially relevant evidence. (Scheduling Motion at 5 (emphasis added).)

The reference to "millions of rows of Robinhood data" was to the actual "trading data" that Robinhood diligently worked to produce (and did produce) prior to the extension request, on August 9, 2023, and October 6, 2023—not the cancellation data.

*Second*, in opposing Robinhood's request for a sur-reply, Plaintiffs illustrate the key point: they presented all of their arguments in support of their proposed scheduling modification for the first time in reply. They suggest that Robinhood somehow acquiesced to this (and to the filing of a second motion for class certification) even though Plaintiffs stipulated to the opposite: that Robinhood could raise all of the procedural arguments it has now raised in connection with the briefing on their proposed motion. (*See* Motion at 2 ("Defendants . . . dispute that Plaintiffs have the right to file a renewed motion for class certification or submit a new expert report in support of that motion, and they reserve the right to raise those arguments and others in opposing the renewed motion for class certification.")) Robinhood explained during meet and confers the basis for its opposition, which Robinhood has now set forth in briefing to the Court because the Court ordered this issue to be addressed now. (*See* Dkt. No. 626 at 1-2.) Any argument by Plaintiffs that Robinhood somehow agreed that the filing of a second motion would be appropriate is demonstrably baseless.

2

Dated:  January 26, 2024

*/s/ Samuel A. Danon*

**HUNTON ANDREWS KURTH LLP**
Samuel A. Danon (FBN 892671)
María Castellanos Alvarado (FBN 116545)
Tom K. Schulte (FBN 1025692)
333 S.E. 2 Avenue, Suite 2400
Miami, FL 33131
Telephone:  (305) 810-2500
Facsimile:  (305) 810-2460
sdanon@huntonak.com
mcastellanos@huntonak.com
tschulte@huntonak.com

**CRAVATH, SWAINE & MOORE LLP**
Antony L. Ryan
Kevin J. Orsini
Brittany L. Sukiennik
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
aryan@cravath.com
korsini@cravath.com
bsukiennik@cravath.com

*Counsel for Defendants Robinhood*
*Markets, Inc., Robinhood Financial LLC*
*and Robinhood Securities, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 26, 2024, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF.  I further certify that the

foregoing document is being served this day on all counsel of record via transmission of Notices

of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel

or parties who are not authorized to receive Notices of Electronic Filing.

Dated:  January 26, 2024

*/s/ Samuel A. Danon*

Samuel A. Danon (FBN 892671)

3