**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-2989-MDL-ALTONAGA/Damian**

In re: JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION

This Document Relates to the Federal Securities Tranche

**PLAINTIFFS' MOTION TO EXTEND FACT DISCOVERY**

## MOTION

Plaintiffs move the Court for an order extending the fact discovery cut-off until April 15, 2024. Should Robinhood's belated production of tens of thousands of pages on February 29, 2024—15 days before the close of fact discovery—necessitate reopening depositions, discovery may need to be extended further, to May 1, 2024.

## I. PRELIMINARY STATEMENT

On November 9, in granting a joint motion to amend the Scheduling Order to extend various deadlines, *but not* the March 15 fact discovery cut-off, the Court credited Robinhood's representation that its 600,000-page document production, "was only now winding down." ECF 621 at 2. But it wasn't. Robinhood's ensuing discovery abuse over the next four months undermined the prosecution of this case. Robinhood's misconduct included:

- Dribbling out 24,729 pages, certifying production completion just *before* depositions;
- Making four new productions and amending five others *during* depositions; and
- Producing 23,405 pages *after* 10 of the 16 planned fact witnesses had been deposed.

Plaintiffs seek a short extension of the fact discovery cut-off to try to undo the damage.

## II. STATEMENT OF FACTS

Because Robinhood's November productions ended at page 704,519, vastly exceeding the 600,000 pages expected, it appeared, with known exceptions, that production was complete. Only after Plaintiffs sought a notice of completion under LR 26.1(e)(7), did Robinhood explain, on December 20, that production would continue for four weeks. By January 19, with 24,746 more pages produced (to page 729,265), Robinhood finally certified the completion of production. Days later, Robinhood provided its privilege log. Per Robinhood's representations in the joint motion, Plaintiffs would have had two months between the close of production and depositions to note production deficiencies and challenge redactions. Although Robinhood stole that time, it was unlikely that Plaintiffs, moving alone, could have convinced the Court to amend the Scheduling

Order yet again, just six weeks after the parties had jointly moved. Thus, depositions commenced.

By February 10, Robinhood had made three more productions (~3,250 added pages): replacing documents from five prior productions; turning over documents deemed not privileged; and producing Slack-chain attachments and hyperlinked documents "inadvertently" omitted. With respect to the latter, after two sets were produced (Jan. 28 and Feb. 10), Robinhood told Plaintiffs it "expects to produce one final set of hyperlinked documents and the corresponding metadata as soon as practicable." Robinhood failed to admit in either cover letter that it had only produced a fraction of the hyperlinked documents – in violation of a painstakingly-negotiated agreement.[1]

Because Robinhood continued to produce documents long after certifying its production was complete, Plaintiffs were delayed in serving a last set of discovery, including demands for missing documents and specific targeted requests (requiring little effort to produce) and RFAs to establish admissibility of a fraction of the documents produced. Because Plaintiffs inadvertently served this discovery one day late—with responses due on March 16—on February 22, Plaintiffs inquired if Robinhood would waive compliance with Local Rule 26.1(d). On February 29, when Robinhood stated it would only serve objections, Plaintiffs confirmed that they would seek relief by seeking to extend discovery by one day. That night, Robinhood produced another ***23,405 pages***, including nearly 2,700 hyperlinked documents. On March 1, Plaintiffs informed Robinhood that broader relief is now required, given that Plaintiffs will need several weeks to review such a large production before determining whether depositions may need to be reopened.

[1]From November 2022 to March 2023, in conjunction with their ESI vendors, the parties negotiated the production of hyperlinked documents. A point of contention was Robinhood's claim that providing metadata on a document-by-document basis was too burdensome. Plaintiffs were thus provided hyperlinked documents at the end of document families (which could be hundreds of pages long), awaiting additional metadata to associate hyperlinked documents to their families.

## III. ARGUMENT

The fact discovery cut-off should be extended because: (1) Rule 16(b)(4) is not implicated; (2) discovery is already extended to April 15 for Robinhood's 13 third-party depositions; (3) in its ***23rd*** production since the represented "substantial completion" date in November – in all, totaling at least 52,500 pages[2] – Robinhood belatedly produced 23,405 pages 15 days before the discovery cut-off; and (4) due to very tight scheduling,[3] a one-day service error constitutes excusable neglect.

### A. The Court Anticipated Minor Adjustments to the Fact Discovery Cut-Off

A motion to extend discovery is timely if filed before the deadline. *See El-Saba .v Univ. of So. Ala.,* 738 Fed. App'x 640, 645-46 (11th Cir. 2018); *Midland Nat'l Life Ins. v. Fredricksen*, No.3:09cv198, 2010 WL 1138819, at *1-2 (N. D. Fla. Mar. 22, 2010). In both the initial and amended scheduling orders, the Court expressly permitted the parties and/or Magistrate Judge Damian to adjust the March 15 fact discovery cut-off, if needed. ECF 517 at 2 n.2; ECF 621 at 3 n.2. The Court already extended the discovery cut-off to April 15 for Robinhood's third-party depositions (although they could have been taken much earlier). ECF 644 at 2.

### B. An "Inadvertent" Failure to Produce 27,778 Pages Necessitates Relief

When a party withholds documents until near the close of discovery, good cause exists under Rule 16(b)(4)'s even higher bar – not implicated here – to extend the discovery cut-off to prevent defendants from prevailing by "run[ning] out the clock." *See Johnson v. Charter Comm'ns, Inc.*, No. 5:20-cv-2056, 2022 WL 4285726, at *1-2 (N.D. Ala. Sept. 14, 2022) (documents produced 13 days before cut-off). Although review of the 23,405 pages will take weeks, some of the documents currently sought are among them. *E.g.,* RHMDL00739648; RHMDL00739085.

---

[2] This is a vast underestimate, as multipage spreadsheets and PowerPoints bear one Bates number.
[3] Not only were two depositions scheduled for February 15, but Plaintiffs had sought a Feb. 15 filing date for the renewed class certification motion, which Plaintiffs were also preparing to file.

Given Robinhood's admission that the documents should have been produced earlier, it is bad faith for Robinhood to refuse to substantively respond to requests seeking those and similar documents.

Plaintiffs began taking depositions after Robinhood certified its production was complete. 27,778 pages "inadvertently" omitted were produced thereafter, depriving Plaintiffs of the ability to question witnesses on a complete record. Allowing Plaintiffs to reopen depositions following a review of these documents is justified. *See Frazier v. Doosan Infracore Int'l, Inc.*, 479 Fed. App'x 925, 931-32 (11th Cir. 2012) ("In allowing the parties to reopen depositions, the magistrate ensured that the parties had adequate discovery in terms of witness testimony.").

**C. Plaintiffs' Service of Closing Discovery One Day Late Is Excusable Neglect**[4]

Under Rule 6(b)(1)(B), relief on the basis of excusable neglect once a deadline has passed is an equitable determination, taking into consideration: (1) prejudice to the non-movant; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Alan L. Frank Law Assoc., P.C. v. OOO RM Invest*, No. 16-22484-CIV, 2017 WL 9732057, at *1 (S.D. Fla. Jan. 12, 2017). Additionally, "[e]xcusable neglect … 'encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.'" *Blaszkowski v. Natura Pet Prod., Inc.*, No. 07-21221-CIV, 2008 WL 11408621, at *3 (S.D. Fla. Oct. 8, 2008) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship.*, 507 U.S. 380, 388 (1993) and allowing a late filing not made in bad faith). The most important factors are lack of prejudice and efficient judicial administration. *Blaszkowski, id*.

Here, Robinhood is not prejudiced by responding to the targeted document demands at issue, largely made necessary by its own delay and repeated "inadvertent" failures.[5] Similarly, the

[4] If the extension is granted due to Robinhood's late document production, the discovery is timely.

[5] Before the deluge of 25,000 pages of hyperlinked documents and metadata that would associate related documents, Plaintiffs searched for key missing documents and asked Robinhood to produce

three interrogatories are narrow in scope, seeking the identities of the Robinhood employees who "reviewed and approved" three public statements made on January 28, 2021, that are at the heart of the case. Responses are "'critical because interrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent … than an answer to an interrogatory.'" *SEC v. Volkswagen Aktiengeshellschaft*, No. 19-cv-01391, 2022 WL 21697288, at *1 (N.D. Cal. Jan 10, 2022) (citation omitted).

As "inadvertently" omitted documents were being drip-fed, waiting until the close of discovery to serve authentication RFAs was unavoidable. (Worse, 23,405 pages were produced *after* the RFAs were served.) Because it promotes judicial economy, courts require responses to voluminous and even untimely RFAs. *See FTC v. SPM Thermo-Shield, Inc.*, No. 2:20-cv-542, 2021 WL 9406648, at *2 (M.D. Fla. Dec. 28, 2021) (no undue burden "to authenticate documents Defendants themselves produced"); *SEC v. Southridge Capital Mgt., LLC*, No. 3:10CV1685, 2013 WL 12482115, at *1 (D. Conn. May 6, 2013) (requiring responses to untimely-served RFAs, citing *Kershner v. Beloit Corp.,* 106 F.R.D. 498 (D. Me. 1985), where RFAs were served 29 days late).

Robinhood's objections to relief are spurious. Reversing the legal standard, Robinhood suggests Plaintiffs have not proved prejudice. It also "blames the victim" for failing to uncover that hyperlinked documents were not produced and not arguing over deficiencies after each of 63 productions. Had Plaintiffs known that Robinhood would produce 52,500 pages after "substantial completion," 27,000 of them after *certified* completion, Plaintiffs would have sought to extend the fact-discovery deadline earlier. To serve justice and fairness, better late than never.

---

(or identify in their existing productions) fewer than 100 documents identified by URLs (RFP 128). Other targeted requests can be easily satisfied: all messages in specific Slack channels (RFP 126); the re-production of 7 documents produced in a deficient format (RFP 122); one document identified by name; all versions of 22 specified documents (RFPs 121, 125 and 127), and chats in one group and email to/from one group address in a 40-day period (RFPs 123 and 124).

Dated: March 6, 2024

Respectfully submitted,

THE ROSEN LAW FIRM, P.A.
By: /s/Laurence M. Rosen
Laurence M. Rosen FBN# 0182877
Phillip Kim
Robin Bronzaft Howald
Jonathan Stern
Brent LaPointe
Michael A. Cohen
275 Madison Avenue 40th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*Counsel for Lead Plaintiff and Named Plaintiffs*

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), Plaintiffs' counsel conferred with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and have been unable to do so.

/s/ *Laurence M. Rosen*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by the Court's CM/ECF system.

Dated: March 6, 2024

/s/ Laurence Rosen
Laurence Rosen (FBN 0182877)