**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-MD-2989-ALTONAGA/REID**

In re:

**JANUARY 2021 SHORT SQUEEZE**
**TRADING LITIGATION**

_____

This Document Relates to the Federal Securities Tranche

**DEFENDANTS ROBINHOOD MARKETS, INC.,**
**ROBINHOOD FINANCIAL LLC AND ROBINHOOD SECURITIES, LLC'S**
**RESPONSE TO PLAINTIFFS' MOTION TO EXTEND FACT DISCOVERY**

Plaintiffs' motion to extend fact discovery is simply an attempt to give Plaintiffs cover for having served voluminous written discovery requests on Robinhood less than 30 days before the fact discovery deadline. On February 15, 2024, Plaintiffs served three sets of highly burdensome written discovery requests: new interrogatories, requests for production of documents and requests for admission. Robinhood's responses would have been due 30 days later, on March 18, 2024 (carried forward from March 16 due to the weekend)—three days *after* the March 15, 2024 fact discovery deadline. Therefore, pursuant to Local Rule 26.1(d), these belated requests were untimely, and Robinhood is not obligated to respond to them. Upon realizing their mistake, Plaintiffs requested that Robinhood agree to waive compliance with Local Rule 26.1. When Robinhood declined, Plaintiffs instead demanded that Robinhood agree to an extension of the fact discovery deadline. Robinhood again declined. Plaintiffs' motion is an attempt to mask their own lack of diligence by pointing to a small set of documents Robinhood recently produced—the overwhelming majority of which are irrelevant to the issues in this case or are duplicative of documents that had previously been produced—as justification for an eleventh-hour extension of the discovery schedule.

Plaintiffs contend that fact discovery should be extended for four reasons: (1) they supposedly need not show good cause for an extension under Fed. R. Civ. P. 16(b)(4); (2) the Court already granted a limited extension to the time for third-party depositions, which was necessitated by Plaintiffs' objection to that discovery and Robinhood's subsequent motion for leave; (3) Robinhood produced a relatively small number of additional documents on February 29, 2024; and (4) Plaintiffs' neglect in serving their untimely discovery requests is, according to Plaintiffs, excusable. (*See* Dkt. No. 652, Motion to Extend Fact Discovery ("Motion") at 4.) Plaintiffs' contentions are incorrect on all counts, and their own dilatoriness in pursuing discovery cannot be good cause for relief from the Court's scheduling order.

*First*, Plaintiffs are required to show good cause. While they assert that "Rule 16(b)(4) is not implicated" (*id.*), Plaintiffs fail to provide any argument or authority to support that assertion. Rule 16 is clear: it provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Dkt. No. 621, Amended Scheduling Order at 1 ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the parties seeking the extension."). Accordingly, courts recognize that "[g]enerally speaking, a party seeking the extension of a case-management

deadline must show good cause for the extension." *Myhre v. TLFO, LLC*, No. 14-81036-CIV, 2015 WL 1722866, at *4 (S.D. Fla. Apr. 15, 2015) (citing *Fisher v. SP One, Ltd.*, 559 F. App'x 873, 878-79 (11th Cir. 2014) (noting that pursuant to Rule 16(b)(4), "[t]he schedule set forth by the court may only be modified for good cause and with the court's consent")).  Additionally, because this Court has previously extended the discovery deadline, subsequent extensions are less likely to meet the good cause standard.  *See Esys Latin Am., Inc. v. Intel Corp.*, 290 F.R.D. 563, 564 (S.D. Fla. 2013) (Altonaga, J.); *Thurmond v. Bayer Healthcare Pharms., Inc.*, 649 F. App'x 1003, 1005 (11th Cir. 2016).  As discussed below, there is no ground for departure from Rule 16 here.

*Second*, the Court granted a slight extension of the time to take third-party depositions *sua sponte*—Robinhood did not request that extension.  (*See* Dkt. No. 646, Discovery Conference Transcript at 17:12-19-15) ("I will permit the parties to do their best to try and schedule them by the end of March, but I will permit until April 15th to get them done.").) Plaintiffs initially argued that Robinhood should not be permitted to take *any* third-party depositions of (1) other brokers who likewise imposed trading restrictions for some of the securities at issue in this case and (2) issuers of the securities at issue.  During the January 23, 2024 hearing, Plaintiffs requested that their depositions of Robinhood witnesses precede the third-party depositions.  (*See id.* at 5:21-22 ("Your Honor, we do believe if these depositions go forward, ours should go first."); *id.* at 16:21-25 ( "So one of your requests, Mr. Stern [Plaintiffs' counsel], was we want to complete the Robinhood employee depositions before taking or agreeing to have those third-party depositions taken . . . .").)  Judge Damian overruled Plaintiffs' objection and recognized that, due to the time it took for the parties to brief the objection,[1] the timing to schedule around a dozen third-party depositions was tight.  Although Robinhood was prepared to complete all depositions prior to the fact discovery deadline, Judge Damian emphasized that she ordered this limited extension "[n]ot [to] keep[] fact discovery open, but [to] keep[] it open for the limited purpose of permitting these other depositions of non-parties to be taken."  (*Id.* at 17:18-23.)  Moreover, the Court's Order is clear that "[t]he parties shall endeavor to complete all depositions by March 29, 2024" and "in the event the parties are unable to

---

[1] Robinhood began the meet and confer process with Plaintiffs beginning in November 2023, believing in good faith that the parties would reach an agreement.  Because of the length of that process, there was additional briefing on the motion for additional depositions.

complete these depositions by March 29, 2024, they may set the remaining depositions to take place by or before April 15, 2024." (Dkt. No. 643, Order re Discovery Hearing at 2.) Following the Court's Order, Robinhood has worked diligently to schedule these depositions, the majority of which Robinhood anticipates will occur before the end of March.

Plaintiffs' requests for an extension of the schedule are not new, belying Plaintiffs' purported reasons for seeking one. In fact, Plaintiffs previously asked Robinhood to agree to an extension of the discovery schedule in exchange for agreeing to the additional third-party depositions. When Robinhood declined and moved for an order allowing the additional depositions without an extension of the schedule, Plaintiffs had the chance to request that extension (either in opposition or by filing their own motion) but decided not to do so. And they made that decision not to seek an extension *after* Robinhood had already told Plaintiffs that there would be additional small productions through the third week of January. (Motion at 1.) Plaintiffs cannot resurrect that argument now in an attempt to justify their inexcusable neglect.

*Third*, Robinhood's February 29, 2024 production does not justify an extension of the discovery schedule. That production was relatively small, comprising 2,695 documents (3.7% of the total documents Robinhood has produced in this case). (Plaintiffs use the number of pages (23,405 pages), which refers to the same set of 2,695 documents, and is 3.0% of what Robinhood has produced in this case by number of pages.) Around 30 percent of those documents—*i.e.*, approximately 400 of the approximately 2,695 documents produced on February 29—are duplicates of documents that Plaintiffs already had because they are actually responsive and relevant. So those documents are not new, and cannot justify more time.

As for the remaining documents that actually were new, there is strong reason to believe that those documents are largely irrelevant: as Robinhood explained, the vast majority were "documents hyperlinked from produced documents that were inadvertently not produced because they did not hit on the parties' agreed-upon search terms or were nonresponsive to Plaintiffs' Requests for Production."[2] (January 28, 2024 Production Letter at 1.) Indeed, of all

---

[2] Notably, it was Robinhood and its vendor who noted this oversight and worked to remedy it. The issue here is that Robinhood uses cloud storage, such that documents are not usually attached to internal emails and Slack messages, but rather are linked to and stored on Robinhood's servers. Thus, Robinhood had to apply search terms separately to the linked documents, which are not stored together as a "family" in Robinhood's computer system. The parties discussed this issue early on in discovery, and Robinhood agreed to search for and

the documents produced on February 29, 2024, more than a third fall outside the relevant time period that the parties negotiated and agreed to use for custodial productions. There is no reason to believe that a significant number of these newly produced documents are even relevant to this case.

Plaintiffs have not explained, and cannot explain, what additional discovery they would take on the basis of those documents.[3] *See Mathis v. Wachovia*, No. 5:05-CV-163, 2006 WL 3747300, at *5 (N.D. Fla. Dec. 18, 2006) (denying request to reopen depositions because "although Plaintiff alleges that she was 'severely prejudiced' by deposing the four witnesses before she received the investigation file, she does not state what she would have asked each of the witnesses if she had the file, what she would ask them if the depositions were now reopened, or how that information would be relevant to her claims.").[4] This is unsurprising, given the nature of these documents. By the fact discovery deadline at the end of this week (March 15, 2024), Plaintiffs will have deposed fifteen Robinhood witnesses with one more to come.

_____

produce linked documents referred to in responsive emails and Slack messages to the extent those documents had otherwise already been collected. Plaintiffs have had the emails and Slack messages containing links to these hyperlinked documents for many months (in many cases, for more than a year) and have used many of those emails and Slack messages at depositions. It is obvious from the face of the Slack threads when there is a hyperlinked document, yet Plaintiffs never once asked for any such document or inquired about why they had not been produced. Nevertheless, as soon as Robinhood realized the hyperlinked documents had not been produced, Robinhood produced them for completeness' sake, as called for by the parties' protocol.

[3] Plaintiffs' repeated references to challenging redactions after reception of Robinhood's privilege log are puzzling. (*See* Motion at 2-3.) Pursuant to the parties' agreed 502(d) Order, the parties are not obligated to log redacted documents. (*See* Dkt. No. 442, Stipulation re Rule 502(d) and Privileged Materials Order at 7.) In any event, over half of the documents for which they challenge redactions were produced by February 11, 2023, *more than a year ago*. That obviously cannot justify an extension of discovery now.

[4] Plaintiffs' cited authorities are inapposite. In *Johnson v. Charter Commc'ns, Inc.*, based in part on recently produced documents, the plaintiff was given leave to add "a [new] defendant and to assert additional claims against [it] based in part on allegations that [the new defendant] doctored a recording of a telephone call between it and the Plaintiff." No. 5:20-CV-2056-LCB, 2022 WL 4285726, at *1 (N.D. Ala. Sept. 14, 2022). By contrast, Plaintiffs do not identify any documents in the most recent production that necessitate an extension of the discovery schedule. In *Frazier v. Doosan Infracore Int'l, Inc.*, the court allowed the reopening of depositions after determining that the party moving for summary judgment "did not possess some of the documents at issue, ordered [it] to continue looking for other documents [and] ordered [it] to produce affidavits regarding the existence of some documents." 479 F. App'x 925, 931-32 (11th Cir. 2012). None of these conditions is present here.

4

Plaintiffs do not contend that they have used any of the hyperlinked documents at depositions they have taken since February 29, 2024, and do not identify any that they intend to use at the remaining depositions of Robinhood witnesses this week.  They have also had the first two productions of Slack attachments or hyperlinked documents—made on January 28 and February 10—for more than a month.  Here again, Plaintiffs have not identified a single document from those productions that they actually used at any deposition taken since then or any document from those productions that they believe would give them good cause to reopen any deposition they had already taken before those productions.  Thus, the production of hyperlinked documents is nothing more than an obvious red herring to cover up their failure to serve timely discovery and secure an extension to address that neglect.  On this record, the February 29 production cannot establish good cause to extend the fact discovery deadline.

   *Fourth*, Plaintiffs' own delay in serving discovery does not constitute excusable neglect.  "When a party fails to complete discovery in time, it may move to reopen discovery and the court may, 'for good cause,' grant the motion if the party shows that it failed 'because of excusable neglect.'"  *EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 813 (11th Cir. 2017) (citing Fed. R. Civ. P. 6(b)(1)(B)).  Excusable neglect is an equitable inquiry that takes into account all relevant circumstances surrounding the party's omission, including "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith."  *EarthCam, Inc.*, 703 F. App'x. at 813 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  As a matter of law, an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect.  *See Boraks v. Daniels*, No. 10-23095-CIV, 2011 WL 4566218, at *2 (S.D. Fla. Sept. 29, 2011).  Neither can "inadvertence, ignorance of the rules, or mistakes construing the rules."  *Pioneer Inv. Servs. Co.*, 507 U.S. at 392.

   On February 15, 2024, Plaintiffs served Robinhood via email with three discovery requests including (1) Plaintiffs' Third Set of Interrogatories;[5] (2) Plaintiffs' Fourth Set of Requests for Production of Documents; and (3) Plaintiffs' Second Set of Requests for Admission

---

[5] Plaintiffs' reliance on *SEC v. Volkswagen Aktiengesellschaft* to show the importance of interrogatories is unavailing, as the court did not address a delayed motion to extend discovery deadlines.  No. 19-cv-01391, 2022 WL 21697288, at *1 (N.D. Cal. Jan 10, 2022).

("RFAs").  These belated requests are highly burdensome:  for example, Plaintiffs' RFAs ask for document-by-document admissions for more than 9,000 separate documents, listed separately by Bates number on Exhibit A (1,662 rows of documents) and Exhibit B (7,428 rows of documents).[6]  Under Rules 34(b)(2)(A), 33(b)(2) and 36(a)(3), Robinhood's response to Plaintiffs' discovery requests would have been due on March 18, 2024.  However, Local Rule 26.1(d) requires discovery requests to be served such that the responses are due on or before the discovery cutoff date.  Courts in this district previously have held that when the due date for a response falls after the deadline closing discovery, the party receiving the written discovery request is not required to respond.  *See, e.g.*, *Grimsley v. Focus Fin. Servs.*, No. 15-81263-CIV, 2016 WL 4920992, at *1 (S.D. Fla. Mar. 25, 2016) (finding plaintiff's interrogatories would have been untimely because defendant would not have had thirty days to respond), *aff'd sub nom. Grimsley v. Palm Beach Credit Adjusters, Inc.*, 691 F. App'x 576 (11th Cir. 2017).

　　　　Plaintiffs contend their belated service of discovery is excusable delay because it is only one day late.[7]  But Plaintiffs' behavior—waiting until what they apparently (wrongly) believed was the last day on which they could propound written discovery requests—is itself abusive.  Indeed, even discovery requests served such that replies are due at the very end of the discovery period—as Plaintiffs contemplated here—can be untimely.  *Balboa Cap. Corp. v. Vital Pharms., Inc.*, No. 18-61125-CIV, 2019 WL 9091665, at *2 (S.D. Fla. June 21, 2019) (disfavoring litigants' choice to "delay serving discovery until the last possible date").  Moreover, Plaintiffs' explanation in the parties' meet-and-confer for the late service—that they did not realize that 2024 is a leap year—does not even make sense.  If 2024 were not a leap year,

---

[6] Even though under Local Rule 26.1(d) Robinhood is not obligated to respond to Plaintiffs' untimely discovery requests, Robinhood intends to serve responses and objections to Plaintiffs' discovery requests so as to preserve all of its objections.  In addition to being untimely, the requests are overly voluminous and unduly burdensome.  *See Gerstenfield v. Zale Del., Inc.*, No. 6:05-CV-1719, 2006 WL 2375055, at *2 (M.D. Fla. Aug. 16, 2006) (noting that plaintiff's requests for admissions regarding authenticity and business records status of production responses were overbroad, because thousands of pages of documents had been produced by defendant) (internal citations omitted)).

[7] Plaintiffs also claim that they could not serve their untimely RFAs until the end of discovery in light of the limited set of documents that Robinhood produced in 2024.  (*See* Mot. at 5.)  This is pretextual.  Of the 9,090 documents that Plaintiffs are asking Robinhood to authenticate through their RFAs, only 121 of those documents—i.e., just over 1 percent—were produced this year.

February would have had only 28 (rather than 29) days, meaning that Plaintiffs' discovery requests would have been late by one *more* day than they already were.  Courts in this circuit have found that where a party cannot provide an explanation as to why it could not complete discovery within the Court-ordered deadline, that party fails to show good cause and excusable neglect.  *See Myhre*, 2015 WL 1722866, at *4 ("A failure to complete discovery by court-ordered deadlines resulting from a party's own relaxed approach to litigation does not present good cause for an extension.").  Here, Plaintiffs offer no reason why they waited until what they (wrongly) believed was the last possible day to serve voluminous discovery requests.  That approach to litigation is not excusable neglect.

## <u>CONCLUSION</u>

Based on the foregoing, Robinhood respectfully requests that the Court deny Plaintiffs' Motion to extend the fact discovery deadline.

Dated:  March 12, 2024

_____/s/ Samuel A. Danon_____

**HUNTON ANDREWS KURTH LLP**
Samuel A. Danon (FBN 892671)
María Castellanos Alvarado (FBN 116545)
Tom K. Schulte (FBN 1025692)
333 S.E. 2 Avenue, Suite 2400
Miami, FL 33131
Telephone:  (305) 810-2500
Facsimile:  (305) 810-2460
sdanon@huntonak.com
tschulte@huntonak.com
mcastellanos@hunton.com

**CRAVATH, SWAINE & MOORE LLP**
Antony L. Ryan
Kevin J. Orsini
Brittany L. Sukiennik
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
aryan@cravath.com
korsini@cravath.com
bsukiennik@cravath.com

*Counsel for Defendants Robinhood*
*Markets, Inc., Robinhood Financial LLC*
*and Robinhood Securities, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

   I HEREBY CERTIFY that on March 12, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.


Dated:  March 12, 2024           */s/ Samuel A. Danon*
                Samuel A. Danon (FBN 892671)