UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-02989-MDL-ALTONAGA/Reid

In re:

**JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION**
_____/

This Document Relates to the Actions in the Federal Securities Tranche

**ORDER**

**THIS CAUSE** came before the Court on Lead Plaintiff, Blue Laine-Beveridge; Named Plaintiffs, Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash's Motion to Extend Fact Discovery [ECF No. 652], filed on March 6, 2024. Plaintiffs seek a 30-day extension of the March 15, 2024 fact discovery deadline contained in the Scheduling Order [ECF No. 517]. (*See generally* Mot.). Defendants, Robinhood Markets, Inc., Robinhood Financial LLC, and Robinhood Securities, LLC (together, "Robinhood") filed a Response [ECF No. 654], to which Plaintiffs filed a Reply [ECF No. 655]. The Court has carefully considered the Motion, the record, and applicable law. For the following reasons, the Motion is granted.

*Standard*. Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the parties seeking the extension. *See, e.g.*, *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) ("We have recognized that Rule 16[b]'s good cause standard 'precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension." (alteration added; other alteration adopted; citations omitted)); *Roberson v. BancorpSouth Bank, Inc.*, No. 12-0669, 2013 WL 4870839, at *2 (S.D. Ala. Sept. 12, 2013)

("Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry." (citations omitted)).

***Discussion***.  As a threshold matter, Plaintiffs make the remarkable argument that the inquiry here is not guided by Rule 16(b)'s good cause standard, seemingly based on the Scheduling Order's language allowing the parties to extend the discovery deadline by stipulation.  (*See* Mot. 4 (citing Scheduling Order 2 n.2)).[1]  Yet, Plaintiffs fail to cite any authority in support of their proposition (*see generally id.*), and quite plainly, the Scheduling Order sets out a firm date for the end of discovery absent a stipulation or an extension by the Magistrate Judge (*see* Scheduling Order 2, 2 n. 2).  Thus, in a scenario such as this one, with opposition to a requested extension, Plaintiffs must demonstrate good cause and obtain the Court's consent.  *See* Fed. R. Civ. P. 16(b)(4).

Turning to Plaintiffs' justifications for the requested extension, Plaintiffs explain that Robinhood certified its production was complete on January 19, 2024 — as is required by Local Rule 26.1(e)(7) — but continued to produce documents in a slow trickle through February 10, 2024 (*see* Mot. 2–3), due to what Robinhood describes as inadvertent omissions (*see* Resp. 4). Thereafter, on February 15, 2024, Plaintiffs served a last set of discovery requests, including "demands for missing documents and specific targeted requests" as well as "RFAs to establish admissibility of a fraction of the documents produced." (Mot. 3).  Problematically for Plaintiffs, they served their requests one day late, as Robinhood's responses would not be due until March 18, 2024 (*see id.*), meaning Robinhood was under no obligation to respond, *see* S.D. Fla. L.R. 26.1(d).  Then, on February 29, 2024, Robinhood produced approximately 2,700 additional

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

documents, totaling 23,405 pages; Plaintiffs represent that it will take several weeks of review to ascertain whether additional depositions are necessary. (*See* Mot. 3).

Robinhood tells a different story, essentially accusing Plaintiffs of making a mountain out of a molehill. (*See generally* Resp.). Robinhood explains that the documents in the February 29 production comprise only 3.7% of Robinhood's total production; around 30 percent are duplicates and thus "not new"; over one third of the documents are outside the negotiated custodial time period; and "[t]here is no reason to believe that a significant number" of the documents "are even relevant to this case." (Resp. 4–5 (alteration added)). Robinhood also describes Plaintiffs' Motion as "simply an attempt to give Plaintiffs cover for having served voluminous written discovery requests on Robinhood less than 30 days before the fact discovery deadline." (*Id.* 2). Although Plaintiffs characterize their February 15 requests as "targeted" and "narrow" (Mot. 5–6; Reply 8–9), Robinhood says they are "highly burdensome" (Resp. 2).

Plaintiffs also insist their late-served discovery requests were the result of excusable neglect due to a calendaring error. (*See* Mot. 5–6; Reply 9). Parties must demonstrate excusable neglect when they seek an extension of an expired deadline. *See* Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an equitable determination that takes into consideration prejudice to the non-movant, the length of the neglecting party's delay and its impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Courts often find that calendaring errors do not constitute excusable neglect. *See, e.g.*, *Moreiras v. Scottsdale Ins. Co.*, No. 20-21303-Civ, 2020 WL 4793445, at *2 (S.D. Fla. Aug. 18, 2020) (collecting cases). Still, "[t]he determination of excusable neglect is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Blake v. Enhanced Recovery Co., LLC*, No. 10-cv-1178, 2011 WL 3625594, at *1 (M.D. Fla. Aug. 17, 2011) (alteration added; quotation marks omitted; quoting

CASE NO. 21-02989-MDL-ALTONAGA/Reid

*Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999)); *see also Yang v. Bullock Fin. Grp., Inc.*, 435 F. App'x 842, 844 (11th Cir. 2011) (explaining that "untimely filing caused by inadvertence, mistake, or carelessness may still constitute 'excusable neglect[]'" (alteration added; citation omitted)).

Here, excusing Plaintiffs' one-day delay causes little if any prejudice to Robinhood;[2] it will not seriously impact the proceedings; the error was the result of a mistake of fact; and there is no indication that Plaintiffs' one-day delay occurred in bad faith or to seek a procedural advantage. Further, Plaintiffs have been otherwise diligent in pursuing discovery throughout this case. All of these reasons justify a short extension of the discovery deadline.

Finally, Robinhood faults Plaintiffs for failing to identify what additional discovery, if any, is necessary based on Robinhood's latest production. (*See* Resp. 4–5). But, how could they, when review of that production could take weeks? At bottom, Robinhood inaccurately certified its production was complete, and Plaintiffs should not be prejudiced by Robinhood's mistake. Plaintiffs have demonstrated good cause to extend the discovery deadline. Accordingly, it is

**ORDERED AND ADJUDGED** that Lead Plaintiff, Blue Laine-Beveridge; Named Plaintiffs, Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash's Motion to Extend Fact Discovery **[ECF No. 652]** is **GRANTED**. All discovery shall be completed by **April 15, 2024**,[3] and Plaintiffs' February 15, 2024 requests are deemed timely.

---

[2] Robinhood explains it plans to serve responses and objections to Plaintiffs' written discovery to preserve its objections. (*See* Resp. 7 n.6). To the extent Robinhood has objections to the requests, such as burdensomeness or relevance (*see id.* 6–7), Robinhood can raise these objections with the Magistrate Judge using the Court-ordered discovery dispute process. Besides generalized objections to the content of the discovery requests, which can be resolved through the discovery dispute process, Robinhood identifies no other prejudice. (*See generally* Resp.).

[3] As always, the parties by agreement, and/or Magistrate Judge Reid, may extend this deadline, so long as

CASE NO. 21-02989-MDL-ALTONAGA/Reid

**DONE AND ORDERED** in Miami, Florida, this 18th day of March, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

---

such extension does not impact any of the other deadlines contained in the Scheduling Order.