UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-02989-MDL-ALTONAGA/Reid

In re:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**
_____/

This Document Relates to the Actions in the Federal Securities Tranche

## ORDER

**THIS CAUSE** came before the Court on Lead Plaintiff, Blue Laine-Beveridge; Named Plaintiffs, Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash's Unopposed Motion for a Briefing Schedule [ECF No. 624], filed on December 13, 2023. Plaintiffs seek leave to file a renewed motion for class certification, even though the deadline to do so has passed (*see generally* Mot.); thus, the Court construes the Motion as one to extend the deadline to seek class certification and for leave to file a second, class certification motion. Defendants, Robinhood Markets, Inc., Robinhood Financial LLC, and Robinhood Securities, LLC (together, "Robinhood") filed a Response [ECF No. 631]; to which Plaintiffs filed a Reply [ECF No. 636]. Given the matters raised in the Reply (and with leave of Court), Robinhood filed a Sur-Reply [ECF No. 651].

The Court has carefully considered the Motion, the record, and applicable law. For the following reasons, the Motion is denied.

### I. BACKGROUND

On October 7, 2022, the Court entered an Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge ("Scheduling Order") [ECF No. 517], which set a deadline of April 28, 2023 for Plaintiffs to file a motion for class

certification. (*See id.* 2). On April 28, 2023, Plaintiffs filed their Motion for Class Certification [ECF No. 559], which the Court denied, explaining that Plaintiffs had failed to identify a presumption of reliance sufficient to demonstrate that individualized issues of reliance would not predominate over common issues. (*See* Nov. 13, 2023 Order [ECF No. 622] 36–72).

In rejecting Plaintiffs' arguments, the Court acknowledged certain academic discourse suggesting the possibility that a modified fraud-on-the-market reliance presumption may apply in a case like this one. (*See id.* 62 (citing *Desai v. Deutsche Bank Sec. Ltd.*, 573 F.3d 931, 945 n.1 (9th Cir. 2009) (O'Scannlain, J., concurring); Charles R. Korsmo, *Mismatch: The Misuse of Market Efficiency in Market Manipulation Class Actions*, 52 WM. & MARY L. REV. 1111, 1174 (2011)); *see also id.* 57 (citing *Fezzani v. Bear, Stearns & Co. Inc.*, 716 F.3d 18, 21 n.2 (2d Cir. 2013)). The Court explained, however, that it was "tak[ing] no position on whether such a presumption is viable, and the parties have not briefed this issue." (*Id.* 62 (alteration added)).

Although the deadline to pursue class certification passed in April 2023, Plaintiffs now request a second opportunity to pursue class certification based on a modified fraud-on-the-market presumption. (*See generally* Mot.; Reply). Unsurprisingly, Robinhood opposes Plaintiffs' request. (*See generally* Resp.; Sur-Reply).

## II. LEGAL STANDARDS

Plaintiffs' requested relief requires both the extension of an expired pre-trial deadline and leave to file a renewed class certification motion. (*See generally* Mot.; Reply). There are legal standards that guide the Court's decision.

**Scheduling order extensions**. Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the parties seeking the extension. *See, e.g., Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d

2

1218, 1232 (11th Cir. 2008) ("We have recognized that Rule 16[b]'s good cause standard 'precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension." (alteration added; other alteration adopted; citations omitted)); *Roberson v. BancorpSouth Bank, Inc.*, No. 12-0669, 2013 WL 4870839, at *2 (S.D. Ala. Sept. 12, 2013) ("Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry." (citations omitted)).

**Renewed motion for class certification**.  The determination to certify a class should be made "[a]t an early practicable time after a person sues or is sued as a class representative[.]" Fed. R. Civ. P. 23(c)(1)(A) (alterations added).  Rule 23(c)(1)(C) permits a court to "alter[] or amend[]" its class certification order "before final judgment." *Id.* (alterations added).  Thus, after denying class certification, the trial court retains discretion over the decision of whether to "revisit the issue[,]" provided plaintiffs can "clarify and better support the need for class certification[.]" *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 458 (11th Cir. 1996) (alterations added; footnote call number omitted).  "The Eleventh Circuit has not established an exact standard for determining when to allow parties to revisit the issue of class certification after an initial denial thereof." *Terrill v. Electrolux Home Prods., Inc.*, 274 F.R.D. 698, 700 (S.D. Ga. 2011).[1]

Generally, however, district courts interpreting Rule 23(c)(1) revisit class certification only if "subsequent developments so require, upon a showing of new evidence or some other appropriate ground, or a demonstration of changed circumstances." *Id.* (quotation marks omitted;

---

[1] Other circuits have highlighted district courts' broad discretion to consider renewed class certification motions. *See In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007) ("District courts have ample discretion to consider (or to decline to consider) a revised class certification motion after an initial denial." (collecting cases). *But see Hargrove v. Sleepy's LLC*, 974 F.3d 467, 470 (3d Cir. 2020) (holding the district court could not require "a change in controlling law, new evidence, or a clear error" in addition to the Rule 23 requirements when reviewing a renewed motion for class certification).

3

collecting cases). This is so because "[c]ourts are generally reluctant to allow parties to have a second bite at the apple by relitigating issues that have already been decided, thereby incentivizing parties to put their best foot forward at the outset to avoid costly delays to the proceedings." *Rensel v. Centra Tech, Inc.*, No. 17-24500-Civ, 2019 WL 6170221, at *2 (S.D. Fla. Nov. 20, 2019) (alteration added; other alteration adopted; citation and quotation marks omitted).

Conversely, "'late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.'" *Cabrera v. Gov't Emps. Ins. Co.*, No. 12-61390-Civ, 2015 WL 464237, at *5 (S.D. Fla. Jan. 16, 2015) (quoting *Mogel v. UNUM Life Ins. Co. of Am.*, 677 F. Supp, 2d 362, 365 (D. Mass. 2009). In such cases, the proponent must demonstrate "'some justification'" for filing another motion "'and not simply a desire to have a second or third run at the same issues.'" *Id.* (quoting *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 596–97 (W.D. Wash. 2013)).

### III. DISCUSSION

Since the deadline to seek class certification has passed, and Plaintiffs have already requested and been denied class certification, they must demonstrate both good cause to extend the Scheduling Order deadline under Rule 16(b) and that the circumstances are such that a renewed class certification motion is appropriate under Rule 23(c)(1). *See, e.g.*, *Stockinger v. Toyota Motor Sales, U.S.A., Inc.*, No. 17-cv-00035, 2020 WL 7314794, at *2 (C.D. Cal. Nov. 30, 2020) (collecting cases); *see also O'Neill v. The Home Depot U.S.A., Inc.*, 243 F.R.D. 469, 482–83 (S.D. Fla. 2006) (applying Rule 16(b)'s good cause standard to a plaintiff's motion for reconsideration of an order denying class certification where further amendments to the complaint would have required extension of deadlines in the scheduling order).

Remarkably, the Motion makes no mention of Rule 23(c), the standards governing a renewed motion for class certification, Rule 16(b), or the standards governing the extension of

4

scheduling order deadlines. (*See generally* Mot.). Instead, Plaintiffs merely ask for a briefing schedule and appear to assume their entitlement to presenting a renewed class certification motion. (*See generally id.*).

After reviewing the Motion and observing these deficiencies, the Court advised the parties that "[i]mplicitly, the Motion seeks leave of Court to file a renewed motion for class certification, since the deadline to seek class certification passed long ago." (Dec. 28, 2023 Order [ECF No. 626] (alteration added; citing Scheduling Order 1–2)). Following the Court's directive, Robinhood's Response discusses both the standard for renewed class certification and the Rule 16(b) standard, insisting that Plaintiffs satisfy neither. (*See generally* Resp.). To the Court's surprise, despite Robinhood's arguments and the Court's overt statement that the deadline to seek class certification had passed, Plaintiffs' Reply makes only passing reference to the Rule 16(b) standard. (*See generally* Reply). Rather than address this salient issue, the Reply states only that Robinhood's Rule 16(b) arguments "lack[] merit" because Robinhood would not be prejudiced by an extension and Robinhood's untimely document production "provides good cause"; no further explanation or citation to any authority is provided. (*Id.* 13 (alteration added)).[2]

"The [] Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985) (alteration added). Plaintiffs' failure to adequately brief this issue provides sufficient justification to deny the Motion. *See Hewlett-Packard Co. v. CP Transp. LLC*, No. 12-21258-Civ, 2012 WL 4795766, at *2 (S.D. Fla. Oct. 9, 2012) ("The onus is upon the parties to formulate arguments." (alteration adopted; quotation marks and footnote call number omitted;

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

quoting *Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995); other citation omitted)); *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (explaining that it is "not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones" (alteration adopted; quotation marks and citations omitted)).

Nonetheless, the Court considers, under both Rules 16(b) and 23(c)(1), Plaintiffs' arguments as to why they should get a second shot at securing class certification. Plaintiffs appear to cite three justifications for being allowed to file a renewed motion: (1) Robinhood's untimely discovery responses; (2) the novel issues in the case; and (3) the Court's denial of class certification without prejudice. (*See generally* Reply).

***Untimely Discovery Responses***. Plaintiffs first assert that, to lodge the modified fraud-on-the-market presumption argument, they require certain trading data — including purchase cancellation data Plaintiffs say will demonstrate price impact. (*See id.* 12–13). Plaintiffs explain they requested such data on September 30, 2022, but Robinhood did not even attempt to provide it until June 30, 2023, the day class certification briefing closed. (*See id.* 12; *see also id.*, Ex. 1, Decl. Laurence M. Rosen [ECF No. 636-1] ¶¶ 3, 5). Even then, Plaintiffs state, they were forced to move to compel better responses to Plaintiffs' requests, and Robinhood only produced the purchase cancellation data on January 5, 2024. (*See* Reply 12).

According to Robinhood, Plaintiffs' arguments are pretextual and should be denied, for several reasons: (1) Plaintiffs never before linked the purchase cancellation data to class certification in any conferrals or correspondence with Robinhood following the Court's denial of class certification; (2) despite saying other data (specifically, data from the Financial Industry Regulatory Authority ("FINRA")) separate from the cancellation data is also necessary to their expert's opinions in support of the renewed motion, Plaintiffs only subpoenaed the data *after* they submitted their expert report on class certification; (3) Plaintiffs did not ask other brokers for

6

internal cancellation data; (4) cancellation data is irrelevant to the analysis at issue; (5) Plaintiffs have failed to explain how the cancellation data is material to their proposed new argument; and (6) Plaintiffs do not explain why they could not have obtained the necessary data prior to the class certification deadline. (*See* Resp. 18 n.5; Sur-Reply 3–5).

At bottom, Robinhood urges that Plaintiffs either made the tactical decision to not assert a modified fraud-on-the-market presumption argument or failed to exercise diligence in presenting the argument; either way, Robinhood argues, Plaintiffs' references now to "new data" are mere subterfuge. (*See* Resp. 16–19; Sur-Reply 4–6). The Court agrees.

Admittedly, when new evidence becomes available to plaintiffs seeking class certification, it does not appear that all courts applying Rule 23(c)(1) impose the sort of diligence requirement that Robinhood urges. For example, in *Terrill*, the court permitted the filing of a renewed class certification motion based on "new evidence" that was "belatedly obtained because [the defendant] did not produce the evidence until after the close of class certification discovery and after Plaintiffs had filed their original motion for class certification." 274 F.R.D. at 701 (alteration added; citation omitted). Other courts have concluded differently, with one court holding evidence was not truly "new" where the plaintiff knew of the existence of the evidence well before filing the initial class certification motion — even though the evidence itself was produced only hours before the plaintiff filed the motion. *See Karhu v. Vital Pharms., Inc.*, No. 13-60768-Civ, 2014 WL 3540811, at *2 (S.D. Fla. July 17, 2014).

In any event, Plaintiffs' argument does not pass muster under Rule 16(b). While Robinhood's production of this purportedly necessary evidence was late, if this evidence was indeed "necessary" to their initial class certification briefing, Plaintiffs should have — but did not — move to compel production of it using the Court-ordered discovery dispute process. (*See* Scheduling Order 3–4). "In light of [Plaintiffs'] lack of diligence in protecting [their] rights, [their]

7

attempt to [seek class certification] outside the time frame prescribed by the [S]cheduling [O]rder [is] not supported by good cause." *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (alterations added).

Further, the data is not evidence that "would not have been discovered in the exercise of reasonable diligence until after the [class certification] deadline had passed." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007) (alteration added; citation omitted). Quite the opposite. By their own admission, Plaintiffs knew of this evidence long before the class certification deadline and simply deemed it unimportant — until their class certification motion was denied. (*See* Resp. 7–13). Consequently, the Court is not persuaded that the late production of the purchase cancellation data provides good cause to extend the deadline to seek class certification.

***Novel Issues***. Plaintiffs also assert that the novelty of the issues in this case justifies a second shot at class certification. (*See* Resp. 13–15). Plaintiffs provide no authority, however, to support the proposition that novelty alone justifies the filing of a second motion for class certification, and the Court can locate none. Further, Robinhood correctly points out that Plaintiffs fail to explain why they did not timely raise the modified fraud-on-the-market presumption. (*See* Sur-Reply 6). The Court agrees with Robinhood that Plaintiffs' "novelty" arguments are unavailing under Rules 16(b) and 23(c)(1).

To start, under Rule 16(b), Plaintiffs cannot demonstrate diligence. The modified fraud-on-the-market theory mentioned by the Court in the November 13, 2023 Order derives from cases *Plaintiffs cited* throughout their class certification briefing. (*See, e.g.*, Mot. Class Certification 22 (citing *Fezzani*, 716 F.3d at 22–23); Reply in Support of Mot. Class Certification [ECF No. 585] 21 (discussing *Desai*, 573 F.3d at 940)). Indeed, the law review article the Court cited, and which is now referenced by Plaintiffs, was mentioned in a footnote that Plaintiffs included in their original

8

briefing. (*See* Reply in Support of Mot. Class Certification 20 (quoting *Fezzani*, 716 F.3d at 21 n.2 (citing Korsmo, *supra*, at 1171))).

Given that Plaintiffs plainly had access to the building blocks of the modified fraud-on-the-market presumption when they filed their Motion for Class Certification, it cannot be said that their failure to pursue that argument was "diligent." *Cf. Donley v. City of Morrow*, 601 F. App'x 805, 811 (11th Cir. 2015) ("A plaintiff lacks diligence when, prior to the scheduling order deadline, he either (1) had full knowledge of the information with which he later sought to amend his complaint, or (2) failed to seek the information he needed to determine whether to amend the complaint." (citation omitted)); *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." (quotation marks omitted)). The novelty of the theory does not excuse this lack of diligence.

Similarly, under Rule 23(c)(1), Plaintiffs' decision not to pursue a novel and untested theory is not justification for Plaintiffs to change course now. Holding as much would depart from the well-established policy of disallowing renewed motions when the circumstances remain unchanged. *See Rensel*, 2019 WL 6170221, at *2. As Robinhood aptly puts it, the issues were just as novel then as they are now. (*See* Sur-Reply 5–6).

Plaintiffs either made a strategic decision to not assert the theory or neglected to raise it. Either way, Rule 23(c)(1) does not permit a "second bite at the apple" to assert an argument previously available to Plaintiffs. *Id.* (quotation marks and citation omitted). Whether the theory is novel or not, the Court will not allow "a second . . . run at the same issues" because Plaintiffs made an unsuccessful tactical decision. *Cabrera*, 2015 WL 464237, at *5 (alteration added; quotation marks and citation omitted).

CASE NO. 21-02989-MDL-ALTONAGA/Reid

In sum, there is a dearth of authority supporting Plaintiffs' argument that the novelty of the issues justifies a renewed class certification motion, while there is substantial authority suggesting Plaintiffs' failure to pursue an argument they knew or should have known of precludes an untimely renewed class certification motion under Rules 16(b) and 23(c)(1). Consequently, the Court rejects Plaintiffs' argument that the novelty of the issues in this case justifies granting them leave to file a renewed class certification motion.

**_Denial without prejudice_**. Plaintiffs' last, half-hearted argument is that a renewed motion is appropriate simply because Plaintiffs' initial Motion was denied without prejudice. (*See* Reply 15). Robinhood insists that Plaintiffs must still overcome the strictures of Rules 16(b) and 23(c)(1). (*See* Sur-Reply 6 n.5). Here again, the Court agrees with Robinhood.

In support of their argument, Plaintiffs cite two cases. (*See* Reply 15 (citing *Dunbar v. Google, Inc.*, No. 12-cv-003305, 2012 WL 6202797, at *10–11 (N.D. Cal. Dec. 12, 2012); *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 106 (N.D. Cal. 2008))). Both fail to persuade.

*Dunbar* involved a district court judge interpreting the prior assigned judge's ruling on plaintiff's motion to amend his pleading and bring a new motion for class certification, which the prior judge denied without prejudice. *See* 2012 WL 6202797, at *5, *11–12. The court determined that the former judge intended for the plaintiff to have another chance at class certification and found that, under the circumstances, the plaintiff demonstrated that leave to amend his class definition was warranted. *See id.* at *12–22. Notably, this analysis supports Robinhood's position, not Plaintiffs'. While the court in *Dunbar* found the prior judge's denial without prejudice implied he intended for plaintiff to have another chance at class certification, the court conducted a thorough analysis under Rule 15(a) to determine whether amendment was appropriate. *See generally id.* In other words, the denial without prejudice was insufficient to justify granting the

10

plaintiff's motion, which also needed to satisfy Rule 15(a). Likewise, Plaintiffs must satisfy Rules 16(b) and 23(c)(1).

*Kanawi* is even less convincing. There, the court denied the plaintiffs' motion for class certification without prejudice so they could take additional discovery necessary to support a renewed motion. *See Kanawi*, 254 F.R.D. at 106. There was no indication that, as here, the defendant opposed the plaintiffs' request to file a renewed motion, or that the filing of a renewed motion was past a court-ordered deadline. *See generally id.* Moreover, here, the undersigned's denial of Plaintiffs' Motion was not premised on a finding that Plaintiffs were entitled to further discovery. (*See generally* Nov. 13, 2023 Order).

In short, the Court's denial of class certification without prejudice does not relieve Plaintiffs of the obligation to comply with the Scheduling Order, Rule 16(b), and Rule 23(c)(1).

### IV. CONCLUSION

A scheduling order "control[s] the subsequent course of the action" absent court modification. Fed. R. Civ. P. 16(e) (alteration added). In this case, nothing in the Court's November 13, 2023 Order amended the Scheduling Order's deadline for seeking class certification. (*See generally* Nov. 13, 2023 Order). Since Plaintiffs have not demonstrated good cause to extend the deadlines in the Scheduling Order, they may not file a renewed class certification motion. Accordingly, it is

**ORDERED AND ADJUDGED** that Lead Plaintiff, Blue Laine-Beveridge; Named Plaintiffs, Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash's Unopposed Motion for a Briefing Schedule **[ECF No. 624]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of April, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record