UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-MD-2989-ALTONAGA/REID

In re:

**JANUARY 2021 SHORT SQUEEZE**
**TRADING LITIGATION**

_____/

This Document Relates to the Federal Securities Tranche

**DEFENDANTS ROBINHOOD MARKETS, INC., ROBINHOOD FINANCIAL LLC AND ROBINHOOD SECURITIES, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION .................................................................................................................................1

PROCEDURAL BACKGROUND........................................................................................................2

ARGUMENT .........................................................................................................................................3

    A.    Plaintiffs' Motion Is Procedurally Improper.............................................................3

    B.    The *Macquarie* Decision Does Not Constitute a Change of Controlling Law That Warrants Reconsideration. ...........................................................................6

        1.    The Court's Class Certification Decision followed binding precedent. ...........................................................................................7

        2.    *Macquarie* has no relation to *Affiliated Ute* or the precedent interpreting *Affiliated Ute*. ...........................................................................8

        3.    *Affiliated Ute* applies to omissions under Rules 10b-5(a) and (c), not this case. ...........................................................................10

        4.    The *Affiliated Ute* presumption does not apply to market manipulation claims in any event. ...........................................................................11

        5.    There is no basis for reconsideration with respect to Plaintiffs' Section 9(a)(2) claim...........................................................................11

CONCLUSION....................................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A Aventura Chiropractic Ctr., Inc. v. Med Waste Mgmt. LLC*, No. 12-21695-CIV, 2013 WL 3463489 (S.D. Fla. July 3, 2013) ..............................................................5

*Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972). ............................2, 6, 8, 10

*Bruhl v. Price WaterhouseCoopers Int'l*, 257 F.R.D. 684 (S.D. Fla. 2008) ....................................7

*Burleigh House Condo., Inc. v. Rockhill Ins. Co.*, No. 21-22911-CIV, 2022 WL 17082909 (S.D. Fla. Nov. 18, 2022) .................................................................................6

*Cauthen v. Blackmon*, No. 5:20-cv-371, 2023 WL 2771316 (M.D. Fla. Apr. 4, 2023) ............9, 11

*Cavalier Carpets, Inc. v. Caylor*, 746 F.2d 749 (11th Cir. 1984) ................................................2, 7

*Club Madonna, Inc. v. City of Miami Beach*, No. 1323762, 2015 WL 5559894 (S.D. Fla. Sept. 22, 2015) .........................................................................................................5

*Culpepper v. Irwin Mortgage Corp.*, 491 F.3d 1260 (11th Cir. 2007) ...........................................5

*Daniel F. v. Blue Shield of Cal.*, No. C 09-2037 PJH, 2015 WL 3866212 (N.D. Cal. June 22, 2015) .........................................................................................................................4

*Deposit Guar. Nat'l Bank, Jackson, Miss. V. Roper*, 445 U.S. 326 (1980) ....................................4

*Fla. Beauty Flora Inc. v. Pro Intermodal LLC*, No. 20-20966-CIV, 2020 WL 12947401 (S.D. Fla. June 2, 2020) .......................................................................................6

*Fox v. Tyson Foods, Inc.*, 519 F.3d 1298 (11th Cir. 2008) .............................................................4

*Friend v. Hertz Corp.*, No. C-07-5222 MMC, 2014 WL 4415988 (N.D. Cal. Sept. 8, 2014) .........................................................................................................................................8

*Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138 (D. Me. 1985) .............................................4

*Huddleston v. Herman & MacLean*, 640 F.2d 534 (5th Cir. 1981), *rev'd in part on other grounds*, 459 U.S. 375 (1983) ........................................................................2, 7, 10

*In re Barclays Liquidity Cross & High Frequency Trading Litig.*, 390 F. Supp. 3d 432 (S.D.N.Y. 2019) ........................................................................................................9

*In re Lithium Ion Batteries Antitrust Litig.*, No. 13MD02420YGRDMR, 2018 WL 4215573 (N.D. Cal. Sept. 4, 2018) .................................................................................4

*Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257 (2024) ................... passim

*Medlink Legal Sys., LLC v. QIMA Ltd.*, No. 21-22168-CIV, 2023 WL 7129993 (S.D. Fla. June 13, 2023) ................................................................................................................6

*Morales v. Charlotte Corr. Inst.*, No. 18-22787-CV, 2023 WL 5593375 (S.D. Fla. May 4, 2023) ..................................................................................................................4

*Ocwen Loan Servicing, LLC v. Belcher*, No. 18-90011, 2018 WL 3198552 (11th Cir. June 29, 2018) .................................................................................................................5

*Shin v. Cobb Cnty. Bd. of Educ.*, 248 F.3d 1061 (11th Cir. 2001) (per curiam) ...........................5

*Silva v. United States Att'y Gen.*, No. 18-21521-CIV, 2019 WL 10784381 (S.D. Fla. May 28, 2019) ................................................................................................................3

*Spellman v. Haley*, No. 97-T-640-N, 2004 WL 866837 (M.D. Ala. 2002) .....................................8

*Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982) .............................................................7

*Terrill v. Electrolux Home Prods., Inc.*, 274 F.R.D. 698 (S.D. Ga. 2011) ......................................4

*Underwood v. Lampert*, No. 02-21154-CIV, 2005 WL 8155004 (S.D. Fla. Nov. 1, 2005) ..........................................................................................................................5

*Wrangen v. Pa. Lumbermans Mut. Ins. Co.*, No. 07-61879, 2008 WL 5427785 (S.D. Fla. Dec. 30, 2008) ...........................................................................................................5

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561 (S.D. Fla. 1992) ......................................8

**Statutes & Rules**

17 C.F.R. § 240.10b-5(b) ................................................................................................................9

Fed. R. Civ. P. 59 ..................................................................................................................1, 3, 4, 5

Fed. R. Civ. P. 60 .......................................................................................................................1, 3, 4

Local Rule 7.1 ..............................................................................................................................5, 6

Rule 10b-5(a) .......................................................................................................................2, 7, 9, 10

Rule 10b-5(b) ............................................................................................................................ passim

Rule 10b-5(c) .......................................................................................................................2, 7, 9, 10

Rule 16(b) ...................................................................................................................................1, 3, 4

Rule 23(c)(1)(C) ......................................................................................................................1, 3, 4, 5

Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC (together, "Robinhood" or "Defendants") hereby oppose Plaintiffs' Motion for Reconsideration of the Court's Order Denying Plaintiffs' Motion for Class Certification (Dkt. No. 668 (the "Motion")).

**INTRODUCTION**

On November 13, 2023, the Court denied Plaintiffs' motion for class certification on the grounds that individual issues predominate over common issues because Plaintiffs failed to invoke any applicable presumption of reliance on the integrity of the market. (Dkt. No. 622 at 72.) Plaintiffs then filed a motion for leave to submit a renewed motion for class certification on the purported grounds that new evidence had come to light to support a different argument that Plaintiffs had not made. (Dkt. No. 624 at 1.) The Court recently denied that motion, finding that Plaintiffs had not demonstrated good cause to modify the applicable scheduling order and take a second bite at the class-certification apple. (Dkt. No. 665 at 11.) Plaintiffs now present yet another futile attempt—their third—to obtain class certification. This latest attempt has no more merit than either of Plaintiffs' previous two failed motions.

*First*, yet again, Plaintiffs' Motion is procedurally improper. There is no freestanding right to file a motion for reconsideration. Rule 59 permits a motion for reconsideration, but only within 28 days of the initial order. Fed. R. Civ. P. 59(e). It has been far longer than 28 days. Rule 60 also permits motions for reconsideration, but only from final judgments or orders. Fed. R. Civ. P. 60(b). The law is clear that a decision denying class certification is interlocutory, not final. And, while Plaintiffs invoke Rule 23(c)(1)(C), the law is also clear that this provision does not provide a free-standing right to file a motion for reconsideration. Plaintiffs again make no attempt to satisfy the good-cause standard of Rule 16(b) for modifying the Scheduling Order. These are all issues that Robinhood could have and would have pointed out to Plaintiffs had they made any attempt to confer on this Motion before it was filed. But Plaintiffs made no such attempt and filed this Motion without ever raising the issue they intended to brief to the Court with Defendants, directly violating this Court's rules and providing an independent reason to deny the Motion. (*See infra* Section I.)

*Second*, even if the Motion were procedurally proper, it is without merit. Plaintiffs' argument is that there was an intervening change in law since the Court's denial of class certification as a result of the United States Supreme Court's recent decision in *Macquarie*

*Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257 (2024). (Motion at 1-3.) But nothing in the Supreme Court's decision in *Macquarie* requires this Court to revisit its November 13, 2023 decision rejecting the applicability of the presumption of reliance set forth in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 152-54 (1972).

This Court found that the *Affiliated Ute* presumption does not apply to this case because Plaintiffs' claims do not arise primarily from alleged omissions. (Dkt. No. 622 at 41-48.) The Court properly based its decision on binding Eleventh Circuit precedent, primarily *Cavalier Carpets, Inc. v. Caylor*, 746 F.2d 749, 755 (11th Cir. 1984), and *Huddleston v. Herman & MacLean*, 640 F.2d 534, 548 (5th Cir. 1981), *aff'd in part and rev'd in part on other grounds*, 459 U.S. 375 (1983). Plaintiffs' reliance on *Macquarie* is unavailing, as it does not mention *Affiliated Ute*; it does not mention, let alone overrule, either *Cavalier Carpets* or *Huddleston*; and it has nothing to do with any presumption of reliance. Indeed, the term "presumption of reliance" appears nowhere in the decision. Moreover, *Macquarie* addressed whether a pure-omission theory can give rise to a claim under Rule 10b-5(b). 601 U.S. at 259-60. Rule 10b-5(b) has nothing to do with this case. Plaintiffs do not assert a claim under that provision; instead, Plaintiffs' claims here are Rule 10b-5(a) and Rule 10b-5(c) claims. (Motion at 4.) The Supreme Court clearly stated in *Macquarie* that its decision did not address Rule 10b-5(a) or Rule 10b-5(c). 601 U.S. at 266 n.2. (*See infra* Section II.)

Simply put, this procedurally improper Motion is yet another waste of judicial and party resources and has no valid basis in law or fact. The Motion should be denied.

## PROCEDURAL BACKGROUND

On October 11, 2022, this Court issued a scheduling order whereby it set a schedule for class certification briefing. (Dkt. No. 517 (the "Scheduling Order") at 1-2.) Plaintiffs had until April 28, 2023, to file their motion for class certification. (*Id.*) Plaintiffs did so on that date, arguing in part that they can use the *Affiliated Ute* presumption of class-wide reliance to satisfy the predominance requirement because this is a market manipulation case that centers primarily on alleged omissions. (Dkt. No. 559 at 11-13.) In opposition, Robinhood argued that the *Affiliated Ute* presumption does not apply to market manipulation claims generally or the one at bar because the alleged manipulation centers on misrepresentations rather than omissions. (Dkt. No. 568 at 25-26.)

2

In its denial of class certification on November 13, 2023, the Court ruled that the *Affiliated Ute* presumption of reliance does not apply to this case because the claims are "based on mixed allegations of misrepresentations and omissions." (Dkt. No. 622 at 48.) As the Court pointed out, even "Plaintiffs' own allegations make clear that Robinhood did not simply stand mute in the face of a duty to disclose." (*Id.* (quotations omitted).)[1]

On December 13, 2023, Plaintiffs sought leave to file a renewed motion for class certification. (Dkt. No. 624 at 1.) On April 14, 2024, the Court denied Plaintiffs leave to file a renewed class certification motion, noting that Plaintiffs had failed to show good cause under Rule 16(b) to extend the deadlines in the Court's Scheduling Order and have failed to satisfy the requirements of Rule 23(c)(1)(C) governing alterations or amendments to orders that grant or deny class certification. (Dkt. No. 665 at 4-11.) On May 2, 2024, Plaintiffs filed the present Motion asking the Court to reconsider its Class Certification Order.

## ARGUMENT

A. <u>Plaintiffs' Motion Is Procedurally Improper.</u>

Plaintiffs style their motion—the third attempt at class certification—as a motion for reconsideration. (Motion at 3-4.) This motion is procedurally improper for at least three reasons.

*First*, the Federal Rules of Civil Procedure do not contemplate a generalized motion for reconsideration. *Silva v. United States Att'y Gen.*, No. 18-21521-CIV, 2019 WL 10784381, at *1 (S.D. Fla. May 28, 2019) (stating that "the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration"). As a result, any such motion "can be treated as either a Motion to Alter or Amend a Judgment under Rule 59(e) or a Motion for Relief from a Final Judgment, Order, or Proceeding under Rule 60(b)." *Id.* But neither Rule 59 nor Rule 60 applies here.

To begin, a motion under Rule 59(e) would be untimely. Such a motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The order for which Plaintiffs now seek reconsideration is the Court's November 13, 2023 Order denying

---

[1] The Court did not decide whether *Affiliated Ute* can apply to a market manipulation claim. (Dkt. No. 622 at 45 ("It does not appear the Eleventh Circuit has confronted this question. But the Court need not do so.").)

3

Plaintiffs' Motion for Class Certification. The instant Motion was filed on May 2, 2024—more than *five months* after the Court's Class Certification Order—long past the 28-day period prescribed by Rule 59(e). *See Morales v. Charlotte Corr. Inst.*, No. 18-22787-CV, 2023 WL 5593375, at *2 (S.D. Fla. May 4, 2023) (denying plaintiff's motion for reconsideration in part because the motion was "filed well beyond the 28-day limitation period under Rule 59(e)").

Rule 60(b) is equally inapplicable because that rule applies only to "a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). An order denying class certification is "not a final order." *Terrill v. Electrolux Home Prods., Inc.*, 274 F.R.D. 698, 700 (S.D. Ga. 2011) (holding that a motion for reconsideration of a class certification order was not properly brought under Rule 60(b)); *see also Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 336 (1980) (ruling that denials of class certification are not final orders); *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1303 (11th Cir. 2008) (referring to order denying class certification as interlocutory).

*Second*, Rule 23(c)(1)(C) "is not a separate mechanism by which a party can seek reconsideration of a prior order relating to class certification [and] is simply a provision authorizing the court to alter or amend an order relating to class certification at any time prior to judgment." *Daniel F. v. Blue Shield of Cal.*, No. C 09-2037 PJH, 2015 WL 3866212, at *3 (N.D. Cal. June 22, 2015). As a result, at best, the Motion is yet another attempt to file a renewed motion for class certification, this time based on a purported intervening change in law. However, as the Court recently noted, the time has long since passed for motions for class certification, and the "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." (Dkt. No. 665 at 5 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).) In the Motion, Plaintiffs do not even mention the Scheduling Order and make no attempt to satisfy the standard under Rule 16(b)(4) for modifying a scheduling order. (Motion at 3-4.) The Court should thus deny Plaintiffs' motion as untimely. *See In re Lithium Ion Batteries Antitrust Litig.*, No. 13MD02420YGRDMR, 2018 WL 4215573, at *4 (N.D. Cal. Sept. 4, 2018) ("[I]n the context of multi-district litigation such as this, it would set a dangerous precedent to permit filing of renewed motions for class certification (or decertification) wholly outside the court's scheduling order and careful management of the actions, and without any request or justification for seeking leave to do so.").

4

None of the cases cited by Plaintiffs suggests otherwise. In *Ocwen Loan Servicing, LLC v. Belcher*, the Eleventh Circuit simply suggested that when material, new facts were discovered, Rule 23(c)(1)(C) can form the basis of potential requests to "refine the class." No. 18-90011, 2018 WL 3198552, at *5 (11th Cir. June 29, 2018). Plaintiffs also cite *Culpepper v. Irwin Mortgage Corp.*, but that case also does not help Plaintiffs because it concerns a motion to decertify a class. 491 F.3d 1260, 1276 (11th Cir. 2007).[2] The remaining cases cited by Plaintiffs all were either explicitly filed under Rule 59(e) or were properly—and timely—filed under the timeline set forth in that Rule. *See Shin v. Cobb Cnty. Bd. of Educ.*, 248 F.3d 1061, 1065 (11th Cir. 2001) (per curiam) (noting that motion for reconsideration was filed within 10 days of order on class certification); *Underwood v. Lampert*, No. 02-21154-CIV, 2005 WL 8155004, at *1 (S.D. Fla. Nov. 1, 2005) (ruling on underlying motion for reconsideration filed under Rule 59(e)); *A Aventura Chiropractic Ctr., Inc. v. Med Waste Mgmt. LLC*, No. 12-21695-CIV, 2013 WL 3463489, at *1 (S.D. Fla. July 3, 2013) (ruling on motion for reconsideration timely filed within 28 days of order denying class certification).

*Third*, Plaintiffs' Motion violates this District's Local Rules because Plaintiffs' counsel failed to confer with Defendants prior to filing or certify its reasonable efforts to do so. Local Rule 7.1(a)(3) provides that, "[p]rior to filing any motion in a civil case, . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought." S.D. Fla. Local Rule 7.1(a)(3). This Rule also requires the movant to certify in its motion that it has complied with this meet-and-confer requirement. *Id.* "Failure to comply . . . may be cause for the Court to . . . deny the motion and impose on counsel an appropriate sanction." *Id.*; *see also Wrangen v. Pa. Lumbermans Mut. Ins. Co.*, No. 07-61879, 2008 WL 5427785, at *1 (S.D. Fla. Dec. 30, 2008) (explaining that the purpose of Local Rule 7.1 is not only "to avoid unnecessary expenditure of judicial resources resolving motions that are not opposed, but also to allow the Court to ascertain whether it should wait for a response from the opposing party before deciding the motion"); *Club Madonna, Inc. v. City of Miami Beach*, No. 1323762, 2015 WL 5559894,

---

[2] As shown in Part II below, this case is further distinguishable from *Culpepper* on the additional ground that there, the district court recognized an actual change in Eleventh Circuit law since the original grant of class certification, *see* 491 F.3d at 1276, whereas here, *Macquarie* did not change the law relating to *Affiliated Ute* or any other issue relating to this case.

5

at *9 (S.D. Fla. Sept. 22, 2015) ("The Court is not so lenient when a party flippantly disregards the Local Rules—especially rules that are designed to conserve the Court's resources . . . .").

Plaintiffs made no effort to discuss this motion, or their claim that *Macquarie* is relevant to this case, with Defendants before the motion was filed. Because Plaintiffs failed to meet and confer or to certify that they have made reasonable efforts to do so, Plaintiffs' Motion is in violation of Local Rule 7.1(a)(3), and this Court has "a sufficient basis to deny the [m]otion." *Medlink Legal Sys., LLC v. QIMA Ltd.*, No. 21-22168-CIV, 2023 WL 7129993, at *1 (S.D. Fla. June 13, 2023) (denying motion where movant failed to confer prior to filing and only "[sent] one vague email, three days prior to filing a motion"); *see also Fla. Beauty Flora Inc. v. Pro Intermodal LLC*, No. 20-20966-CIV, 2020 WL 12947401, at *1 (S.D. Fla. June 2, 2020) (denying defendant's motion due to movant's failure to certify that it conferred or made reasonable efforts to confer with opposing party); *Burleigh House Condo., Inc. v. Rockhill Ins. Co.*, No. 21-22911-CIV, 2022 WL 17082909, at *6 (S.D. Fla. Nov. 18, 2022) (same).

B.  The *Macquarie* Decision Does Not Constitute a Change of Controlling Law That Warrants Reconsideration.

Even if the Motion were procedurally appropriate—it is not—there would still be no basis to reconsider the Court's denial of class certification. That is because the premise of the Motion—that the Supreme Court's recent decision in *Macquarie* constitutes an intervening change in controlling law—is based on a fundamental mischaracterization of that decision. In fact, *Macquarie* provides absolutely no support for Plaintiffs' pursuit of reconsideration.

*Macquarie* is a case about whether a plaintiff may bring a Rule 10b-5(b) claim premised on a company's failure to comply with an SEC regulation, Item 303 of Regulation S-K, which requires companies to disclose certain information in periodic filings, on a "pure omissions" theory. 601 U.S. at 259-60. The Court held that such a claim is not actionable. *Id.* at 260. Rather, "the failure to disclose information required by Item 303 can support a Rule 10b-5(b) claim only if the omission renders affirmative statements made misleading." *Id.* at 265. *Macquarie* makes no mention of class certification, the presumption of reliance, *Affiliated Ute* or market manipulation. In short, *Macquarie* does not support Plaintiffs' arguments in this case.

6

1. The Court's Class Certification Decision followed binding precedent.

In their motion for class certification, Plaintiffs argued, *inter alia*, that they were entitled to a presumption of reliance under *Affiliated Ute*. (Dkt. No. 559 at 11-14.) In denying that motion for class certification, the Court explained that the Eleventh Circuit has "'recognized the limited reach of the [*Affiliated*] *Ute* presumption' and consequently, takes a more restrictive approach when cases involve both misstatements and omissions." (Dkt. No. 622 at 46 (quoting *Cavalier Carpets*, 746 F.2d at 756); *see also Huddleston*, 640 F.2d at 548) ("This case, involving alleged misstatements and omissions in a prospectus published pursuant to a public offering, cannot properly be characterized as an omissions case of the type for which the *Affiliated Ute* presumption was fashioned.").[3] Specifically, the Eleventh Circuit has held that the *Affiliated Ute* presumption applies "only in primarily omission cases in which a duty to disclose existed." *Cavalier Carpets*, 746 F.2d at 756. This is so because it is the "difficulties of proof of reliance" that "require the application of the Affiliated Ute presumption." *Huddleston*, 640 F.2d at 548.[4]

Applying this binding case law, the Court found that "[t]his case is based on Robinhood's misstatements—that its restrictions were due to market volatility—coupled with omissions—that Robinhood was suffering from liquidity issues." (Dkt. No. 622 at 47.) The Court further noted that the operative complaint "also repeatedly cites to Robinhood's positive statements" (*id.*), and that, while Plaintiffs attempted to "recharacterize [their complaint] as making claims based on omissions to invoke the *Affiliated Ute* presumption," this "type of verbal refashioning cannot transform this case into one based 'primarily on omissions.'" (*Id.* (quoting *Bruhl v. Price WaterhouseCoopers Int'l*, 257 F.R.D. 684, 694 (S.D. Fla. 2008)).) Thus, as the Court explained, "[a]t best, then, this is a case based on mixed allegations of misrepresentations and omissions, not primarily omissions." (*Id.* at 48.) As a result, the Court held that "there can

---

[3] *Huddleston* was decided by a Unit A panel of the former Fifth Circuit on March 9, 1981. Unit A panel decisions prior to October 1, 1981 are binding precedent in the Eleventh Circuit. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

[4] In *Huddleston*, the Fifth Circuit found that the claim in that case was one under "the second subparagraph of the Rule" (*i.e.*, Rule 10b-5(b)), unlike *Affiliated Ute*, which involved "the first or third subparagraph of the Rule" (*i.e.*, Rule 10b-5(a) or (c)). 640 F.2d at 548. See further discussion of the importance of these distinctions on p. 10, below.

7

be no *Affiliated Ute* presumption of reliance in a case of such mixed allegations." (*Id.*)[5] *Macquarie* does not constitute an intervening change of law with respect to any of these holdings for a number of reasons.

        2.    *Macquarie* has no relation to *Affiliated Ute* or the precedent interpreting *Affiliated Ute*.

Plaintiffs argue that *Macquarie* "overruled decades of precedent by holding that Rule 10b-5(b) liability does not arise when one with a duty to speak says nothing" (Motion at 6), and therefore, "[d]ecades of cases interpreting *Affiliated Ute* as applying only to cases where defendants are 'standing mute[]' are no longer good law because silence, alone, is not actionable under Rule [10b-5(b)]" (*id.* at 1-2). In other words, Plaintiffs appear to be arguing that *Macquarie* directly overrules *Cavalier Carpets*, *Huddleston* and every other case in the past few decades that has limited *Affiliated Ute* to cases arising primarily from omissions. That makes no sense.

*Macquarie* does not overrule the precedents applying the *Affiliated Ute* presumption of reliance. Indeed, *Affiliated Ute*, which concerns, as relevant here, whether a plaintiff can establish reliance in the absence of an affirmative misrepresentation where the defendant had a fiduciary duty to disclose material facts, 406 U.S. at 152-53 (1972), is not mentioned a single time by the Supreme Court in the entire *Macquarie* decision. Nor are *Cavalier Carpets* or *Huddleston*. That is because *Macquarie* addressed a fundamentally different issue: whether Rule 10b-5(b) gives rise to claims premised on "pure omissions" (in that case, stemming from an alleged failure to disclose information that was required to be disclosed

---

[5] In the Motion, Plaintiffs take issue at various points with the Court's findings based on the record that this case does not predominately involve omissions. (Motion at 5 n.5, 7 n.7.) Those arguments—which amount to saying the Court got the original decision wrong—cannot be the basis for this motion for reconsideration all these months later. *See Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already though through—rightly or wrongly.") (alterations omitted); *see also Friend v. Hertz Corp.*, No. C-07-5222 MMC, 2014 WL 4415988, at *2 (N.D. Cal. Sept. 8, 2014) ("In the absence of subsequent developments warranting a revision, however, the Court ordinarily has little reason to revisit the issue of the propriety of its original determination."); *Spellman v. Haley*, No. 97-T-640-N, 2004 WL 866837 at *2 (M.D. Ala. 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling.").

8

pursuant to Item 303). 601 U.S. at 259-60. The Supreme Court held in *Macquarie* that no such claim is actionable under Rule 10b-5(b) based on the specific text of that subsection of the Rule. *Id.* at 263-66. Specifically, Rule 10b-5(b) establishes that it is unlawful to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." 17 C.F.R. § 240.10b-5(b). As the Supreme Court explained, this "Rule accomplishes two things. It prohibits any untrue statement of a material fact—*i.e.*, false statements or lies. It also prohibits omitting a material fact necessary to make the statements made not misleading." *Macquarie*, 601 U.S. at 263 (internal quotation marks, citations and alterations omitted). The Supreme Court further explained that *Macquarie* "turns on whether this second prohibition bars only half-truths or instead extends to pure omissions," *id.*, and ultimately held that pure omissions are not actionable under Rule 10b-5(b), *see id.* at 266.

To state the obvious, Plaintiffs' reliance on *Macquarie* is entirely unavailing. As this Court already held, this case is not a "pure omission" case under Rule 10b-5(b). (Dkt. No. 622 at 47-48.) Indeed, Plaintiffs do not even assert a claim under Rule 10b-5(b). (Motion at 4; *see also* Dkt. No. 527 at ¶ 144.)

Moreover, the notion that the Supreme Court *sub silentio* dramatically altered the meaning of *Affiliated Ute* and overruled decades of cases interpreting it—including, *inter alia*, *Cavalier Carpets* and *Huddleston*—is absurd. That is not how the Supreme Court announces sweeping changes in the law, and there is nothing in *Macquarie* that even begins to address the question of the circumstances in which the *Affiliated Ute* presumption may or may not be applicable. The *Macquarie* decision does not, therefore, constitute an intervening change in law that could support a procedurally proper motion for reconsideration. *See Cauthen v. Blackmon*, No. 5:20-cv-371, 2023 WL 2771316, at *1 (M.D. Fla. Apr. 4, 2023) (denying motion for reconsideration where Supreme Court case did not explicitly overrule key cases or "change the analytic framework that binds district courts"). Plaintiffs' reliance on *Macquarie* as a basis for seeking reconsideration of the Court's decision on their motion for class certification is therefore misplaced.[6]

---

[6] Plaintiffs' extensive discussion of *In re Barclays Liquidity Cross and High Frequency Trading Litigation*, 390 F. Supp. 3d 432 (S.D.N.Y. 2019), is unavailing for the same reason.

9

      3.    *Affiliated Ute* applies to omissions under Rules 10b-5(a) and (c), not this case.

Plaintiffs seem to argue that because *Macquarie* held that "there are no omissions claims under Rule 10b-5(b)," there is nothing else that *Affiliated Ute* could apply to under *Cavalier Carpets* and *Huddleston* and, therefore, that those cases must no longer be good law. (Motion at 1-2, 6-8.) Again, that is not how the Supreme Court overrules precedent. Moreover, the premise of this argument is false. As Plaintiffs themselves concede, the Supreme Court in *Macquarie* expressly declined to address any of the applicable standards with respect to the other sections of Rule 10b-5: (1) Rule 10b-5(a), which prohibits "any device, scheme or artifice to defraud"; and (2) Rule 10b-5(c), which prohibits "any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person." (Motion at 9.) The Supreme Court explicitly noted that its decision did not address "whether Rules 10b-5(a) and 10b-5(c) support liability for pure omissions." *Macquarie*, 601 U.S. at 266 n.2.

Nothing in *Macquarie* precludes the possibility that the *Affiliated Ute* presumption will continue to apply in cases that arise purely, or primarily, from omissions where the alleged liability attaches under either (or both) Rule 10b-5(a) or 10b-5(c). Notably, *Affiliated Ute* itself was premised on pure omissions theories under Rules 10b-5(a) and 10b-5(c). *Affiliated Ute*, 406 U.S. at 152-54.[7] And, as the Court noted in denying the motion for class certification, Plaintiffs' claims here arise under these two subsections of Rule 10b-5; they do *not* assert any claims under Rule 10b-5(b). (*See* Dkt. 622 at 44.) As result, by the plain language of *Macquarie*, Plaintiffs' argument that there remains nothing for *Affiliated Ute* to apply to makes no sense.

As the Court already held, Plaintiffs here premise their market manipulation claims on mixed allegations of misstatements and omissions. (*Id.* at 48.) Accordingly, this still

---

(Motion at 8-9.) The Court already considered this case and Plaintiffs' arguments based on this case extensively in denying class certification. (Dkt. No. 622 at 46-47.) Nothing in *Macquarie* remotely changes that analysis.

[7] The *Affiliated Ute* Court observed that claims there, involving "a 'course of business' or a 'device, scheme or artifice' that operated as a fraud," fell under "[t]he first [or] third subparagraphs" of the Rule (*i.e.*, Rule 10b-5(a) or (c)). 406 U.S. at 153.

10

is not a case "in which difficulties of proof of reliance require the application of the *Affiliated Ute* presumption." *Huddleston*, 640 F.2d at 548.

        4.      The *Affiliated Ute* presumption does not apply to market manipulation claims in any event.

Even if the Court were to conclude that *Macquarie* somehow, without any discussion, overruled *Huddleston* and *Cavalier Carpets* and now allows for application of the *Affiliated Ute* presumption to a mixed-misstatement-and-omission case such as this, class certification still would be improper because the presumption does not even apply to market manipulation claims in the first place for the reasons set forth in Robinhood's opposition to Plaintiffs' motion for class certification. (Dkt. No. 568 at 25-26.) In denying that motion, the Court noted that the Eleventh Circuit has not squarely addressed this issue and, while the Court noted some disagreements with this principle, it did not rule on this question because it was unnecessary to deny the motion for class certification given the binding holdings in *Cavalier Carpets* and *Huddleston*. (Dkt. No. 622 at 45.)

        5.      There is no basis for reconsideration with respect to Plaintiffs' Section 9(a)(2) claim.

Plaintiffs offer no reason that the Court should reconsider its decision with respect to Plaintiffs' Section 9(a)(2) claim. (Motion at 9.) As they themselves concede, this provision of the securities laws was "not before the Court in *Macquarie*." (*Id.*) This precludes reconsideration of that ruling. *See, e.g.*, *Cauthen*, 2023 WL 2771316, at *1-2 (denying motion for reconsideration where Supreme Court case did not explicitly overrule key cases or "change the analytic framework that binds district courts").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion.

| | |
|---|---|
| Dated: May 16, 2024 | */s/ Samuel A. Danon* |
| | **HUNTON ANDREWS KURTH LLP** |
| | Samuel A. Danon (FBN 892671) |
| | Tom K. Schulte (FBN 1025692) |
| | 333 S.E. 2 Avenue, Suite 2400 |
| | Miami, FL 33131 |
| | Telephone: (305) 810-2500 |
| | Facsimile: (305) 810-2460 |
| | sdanon@huntonak.com |
| | tschulte@huntonak.com |
| | |
| | **CRAVATH, SWAINE & MOORE LLP** |
| | Antony L. Ryan (*pro hac vice*) |
| | Kevin J. Orsini (*pro hac vice*) |
| | Brittany L. Sukiennik (*pro hac vice*) |
| | Two Manhattan West |
| | 375 Ninth Avenue |
| | New York, NY 10001 |
| | Telephone: (212) 474-1000 |
| | Facsimile: (212) 474-3700 |
| | aryan@cravath.com |
| | korsini@cravath.com |
| | bsukiennik@cravath.com |
| | |
| | *Counsel for Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 16, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated:  May 16, 2024                                        */s/ Samuel A. Danon*
                                                                                             Samuel A. Danon (FBN 892671)