UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-2989-MDL-ALTONAGA/Reid

In re: JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION

**This Document Relates to: All Actions Involving the Federal Securities Laws**

**STATUS REPORT RESPONDING TO COURT'S ORDER**
**RE: SECOND AMENDED MOTION TO SEVER**

The Rosen Law Firm, P.A. ("Counsel"), formerly Lead Counsel for the putative class and counsel for former Lead Plaintiff Blue Laine-Beveridge and former Named Plaintiffs Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez and Thomas Cash (collectively, "Plaintiffs"), respectfully submits the following Status Report requested by the Court in its August 21, 2024, Order regarding the Second Amended Motion to Sever filed by the plaintiffs in *Lagmanson et al. v. Robinhood Markets, Inc., et al.*, No. 21-cv-21298 ("*Lagmanson*").

1. **All pre-trial activities have ceased.**

The Court's August 21, 2024, Order (ECF 695) referenced an April 6, 2021, Order (ECF 36) consolidating a number of cases transferred to this Court by the Panel on Multidistrict Litigation "for all pre-trial purposes."[1] After citing the earlier Order, the Court observed: "It is not apparent that all pre-trial activities have ceased." As explained below, they have.

Although the procedural history of this action was initially complex, on September 21, 2023, the Court confirmed that: "All federal securities laws claims that have been filed or may be filed against Defendants in this multidistrict litigation are consolidated for all purposes, including trial." ECF 612.[2] Both before and after that Order, the matter proceeded as would any PSLRA case. Following the Court's appointment of Lead Plaintiff and Lead Counsel for the Federal Securities Laws Tranche, only the twelve named plaintiffs and their counsel, the Rosen Law Firm, PA, conducted pre-trial proceedings.

---

[1] In that Order, various cases – which alleged a variety of state court and federal claims – were consolidated into the MDL 21-2989. ECF 36 at 1. This included the *Lagmanson* case, transferred from the Northern District of Illinois. ECF 33.

[2] After the Court appointed Blue Laine-Beveridge as Lead Plaintiff and The Rosen Law Firm as Lead Counsel for the putative class in October 2021 (ECF 420), both the parties and the Court proceeded consistent with all cases having been consolidated. Specifically, the Court granted the parties' request for a schedule for the filing of a consolidated amended complaint and briefing on a motion to dismiss. ECF 428 and 431. A consolidated amended complaint was filed (ECF 446) and defendants responded only to the allegations of that complaint in moving to dismiss. ECF 449. In its ruling thereon, "[t]he Court … treated Lead Plaintiff's consolidated complaints as superseding any previously filed complaints. (*See generally* Aug. 10, 2022 Order [ECF No. 503] (considering Robinhood's singular Motion to Dismiss [ECF No. 449] by looking solely to the allegations of the Consolidated Class Action Complaint))." ECF 589 at 3.

1

On November 13, 2023, the Court denied class certification. ECF 622. Consequently, the only persons represented by Counsel were the firm's own clients.

That said, because the denial was without prejudice and Plaintiffs sought to refile a renewed certification motion (ECF 624), pre-trial activities continued apace. The *individual parties* exchanged multiple expert witness reports and engaged in extensive fact discovery through April 15, 2024. ECF 659. On April 19, 2024, the Court ruled that it would not entertain a second class certification motion. ECF 665. Thereafter, the parties recognized it was impractical to devote yet additional time and expense, and to expend judicial resources, to prosecute the action through trial – solely to resolve the comparatively modest claims of 12 individuals. The parties settled the claims of the investors named in the operative complaint and stipulated to the dismissal of the claims of those plaintiffs as set forth in the Court's order of dismissal. ECF 692.

There are no other active cases in the Federal Securities Law Tranche. Refusing to allow a parallel class action to move forward in this tranche on behalf of plaintiffs asserting injuries arising from their options trading, the Court ruled that if the Plaintiffs in that case "wish to assert individual claims that will proceed on a coordinated basis during pretrial proceedings in the Federal Securities Tranche, they shall file an amended complaint by September 21, 2023." ECF 607 at 21-22. That did not occur.

**2.    Counsel's position how to proceed.**

As the Court recognized, because a Lead Plaintiff in a consolidated class action asserting claims covered by the PSLRA is vested with sole authority to prosecute *class* claims, parallel federal securities actions are only permitted in rare circumstances. *See* ECF 607 at 14-20. The line of demarcation is, therefore, the Court's ruling on class certification. If a class had been certified here, class members would have been given notice of, *inter alia*, their right to opt out of the class action to prosecute their claims individually. *See* Fed. R. Civ. P. 23(c)(2)(B)(i)-(v). Because a class was not certified, former putative class members are free to pursue their claims individually subject to any other limitations, including statutes of limitations and repose.

As the Court had denied class certification, once the plaintiffs named in the operative complaint settled their claims, all pre-trial activities necessarily ceased. However, because a motion for reconsideration of the denial of class certification (ECF 668) was pending at the time the settlement was reached, the parties placed notice of their

2

settlement of the individual claims on the record on May 28, 2024 (ECF 678), even though the stipulation of dismissal was not filed until August 13, 2024. ECF 691.

Responding to the May 28th notice, counsel for the *Lagmanson* plaintiffs filed, *inter alia*, a motion to sever their case and return it to the Northern District of Illinois. ECF 687. The motion was denied without prejudice for failure to confer with *Defendants*. ECF 688 at 1. The *Lagmanson* plaintiffs renewed their motion to sever on August 15, 2024, indicating that they had consulted with Defendants who had no objection to the severance and a transfer of the case to the Northern District of Illinois. Counsel does not represent any party in *Lagmanson* and takes no position on its severance or transfer.

Counsel understands from discussion with Robinhood that the overwhelming majority of the remaining individual plaintiffs are Robinhood customers who are subject to arbitration clauses that Robinhood will now seek to enforce in light of the denial of class certification. If the Court seeks further certainty with respect to the position of other plaintiffs whose actions were consolidated into the class, Counsel respectfully suggests that they could be given a deadline to submit their positions to the Court about how their cases ought to proceed.

Dated:  September 4, 2024

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, FBN# 0182877
Robin Bronzaft Howald
Michael A. Cohen
By: /s/Laurence M. Rosen

Laurence M. Rosen, Esq.
275 Madison Avenue 40th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*Counsel for Former Lead Plaintiff Blue Laine-Beveridge and Former Named Plaintiffs Abraham Huacuja, Ava Bernard, Brendan Clarke, Brian Harbison, Cecilia Rivas, Doi Nguyen, Joseph Gurney, Marcel Poirier, Sandy Ng, Santiago Gil Bohórquez, and Thomas Cash*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Laurence M. Rosen