UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-MD-2989

In re:

**JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION**

_____/

This Document Relates to the Federal Securities Tranche

**MOTION TO WITHDRAW BY SARAH N. WESTCOT, ANDREW J. OBERGFELL, AND BURSOR & FISHER, P.A. AS COUNSEL FOR PLAINTIFF AARON FASSINGER AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to Southern District of Florida Local Rule ("S.D. Fla. L.R.") 11.1(d)(3)(A), Sarah N. Westcot, Andrew J. Obergfell, and Bursor & Fisher, P.A. (collectively "Counsel"), hereby file this motion to withdraw as counsel for Plaintiff Aaron Fassinger ("Plaintiff Fassinger" or "Mr. Fassinger") in the matter *Quat, et al. v. Robinhood Financial, LLC, et al.*, Case No. 1:21-cv-21404 (S.D. Fl.)[1] and, in support thereof, state as follows:

1. Counsel was retained by Plaintiff Fassinger to represent him in this action to recover damages relating to Defendants Robinhood Financial, LLC, Robinhood Securities, LLC, and Robinhood Markets, Inc.'s (collectively "Defendants" or "Robinhood") alleged violations of federal securities laws.

2. Plaintiff Fassinger has failed to adequately communicate with Counsel regarding his case. Specifically, on December 3, 2024, Andrew Obergfell attempted to reach Plaintiff Fassinger by phone to discuss pressing issues in this matter, but the call was not returned. *See* Declaration of Andrew Obergfell ("Obergfell Dec."), ¶ 3. Numerous additional attempts were made, including on December 4, 2024, December 5, 2024, December 6, 2024 (two separate attempts), December

---

[1] This motion applies only to Plaintiff Aaron Fassinger. Counsel will continue to represent Plaintiffs Eric Quat, Mike Ross, Igor Kravchenko, Michael McFadden, and Tenzin Woiser.

1

9, 2024 (two separate attempts), December 10, 2024 (two separate attempts), December 13, 2024, December 16, 2024, December 17, 2024 (two separate attempts), December 18, 2024, December 30, 2024, and December 31, 2024. *Id.* On several occasions, Mr. Obergfell left a voicemail for Mr. Fassinger asking for a return call. *Id.* ¶ 4. However, the mailbox became full and currently no additional messages can be left. *Id.* In addition to the phone calls and voicemails, Mr. Obergfell sent numerous emails to Mr. Fassinger following up on the calls and explaining the need to discuss pressing matters in the case. *Id.* ¶ 5. Mr. Obergfell sent emails to Mr. Fassinger on December 4, 2024, December 5, 2024, December 6, 2024, December 10, 2024, December 16, 2024, and December 31, 2024. *Id*. To date, no response has been received. *Id*. In addition to the phone calls and emails, Mr. Obergfell also sent text messages to Mr. Fassinger advising of the need to discuss pressing matters in this case. *Id.* ¶ 6. Mr. Obergfell sent text messages to Mr. Fassinger on December 10, 2024, December 17, 2024, and December 31, 2024. *Id*. To date, no response has been received to the text messages. *Id.* In addition to the phone calls, voicemails and text messages, Mr. Obergfell also tried to reach Mr. Fassinger through direct message on social media on December 16, 2024, but did not receive a response. *Id.* ¶ 7.

   3. In addition to Mr. Obergfell, Stephen Beck, an Associate at Bursor & Fisher, P.A. working on this matter, has also made numerous attempts to contact Mr. Fassinger. These efforts include a phone call on December 6, 2024 that was not returned. *See* Declaration of Stephen Beck ("Beck Dec."), ¶ 3. Mr. Beck also sent a follow up email to Mr. Fassinger on December 6, 2024 following up on the phone call, but received no response. *Id*. Mr. Beck sent the email to the same email address that Mr. Fassinger used to communicate with him in October 2024. *Id.* ¶ 2. Mr. Beck followed up with another email on December 9, 2024, which also received no response. *Id.* ¶ 4. On December 9, 2024, Mr. Beck, on behalf of Counsel, sent a letter to Mr. Fassinger regarding

2

pressing matters in the case. *Id*. The letter was also sent via email to Mr. Fassinger. *Id*. The letter requested a response by December 16, 2024, but no response was received by that date. *Id*. According to FedEx, the letter was successfully delivered on December 12, 2024. *Id.* On December 17, 2024, Mr. Beck, on behalf of Counsel, sent a letter to Mr. Fassinger regarding pressing matters in the case and indicated to Mr. Fassinger that Counsel would move to withdraw if no response was received by December 20, 2024. *Id.* ¶ 5. The letter was also sent via email to Mr. Fassinger. *Id*. To date, no response has been received. *Id*. According to FedEx, the letter was successfully delivered on December 18, 2024. *Id.*

4. In addition to the efforts described above, Jade A. Greer, a member of the legal staff at Bursor & Fisher, made six separate attempts to reach Mr. Fassinger by phone. *See* Declaration of Jade A. Greer ("Greer Dec."), at ¶¶ 3-4. Ms. Greer made three attempts to reach Mr. Fassinger on December 9, 2024 and three attempts on December 10, 2024. *Id*. Ms. Greer was instructed by Mr. Obergfell that if she were successful in reaching Mr. Fassinger, to immediately transfer him to an attorney working on the case. *Id.* ¶ 2. To date, Mr. Fassinger has not responded to Ms. Greer's calls. *Id.* ¶

5. In October 2024, Mr. Fassinger provided the cell phone number used by Mr. Obergfell, Mr. Beck, and Ms. Greer to try and reach him regarding the above-referenced phone calls. The voicemail greeting states the name Aaron Fassinger.

6. Plaintiff has been apprised in writing, via the December 17, 2024 letter and email and Mr. Obergfell's December 31, 2024 email, of the intent of Counsel to withdraw in the event that Mr. Fassinger failed to communicate with Counsel regarding this matter. Mr. Fassinger was given a deadline of December 20, 2024, but failed to respond. Mr. Obergfell made an additional effort on December 31, 2024, but no response has been received. Counsel has forwarded an advance copy

of this motion to Mr. Fassinger via FedEx and email with an instruction to contact Counsel, but Mr. Fassinger has not responded. Despite all of the above warnings, Plaintiff Fassinger has failed to communicate with Counsel.

## **CERTIFICATE OF COUNSEL**

Undersigned counsel conferred with counsel for Robinhood in accordance with S.D. Fla. L.R. 11.1(d)(3)(A), and Robinhood does not oppose the relief sought in this motion.

## **MEMORANDUM OF LAW**

Pursuant to Rule 4-1-16(b) of the Rules Regulating the Florida Bar, a lawyer may withdraw from representing a client if "(3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled . . . or (5) other good cause for withdrawal exists."

Given the circumstances outlined above, Mr. Fassinger, by failing to respond to Counsel and communicate with Counsel regarding pressing matters related to this litigation, has failed to substantially fulfill his obligations to Counsel. Further, as described above, Mr. Fassinger has been given reasonable warnings on multiple occasions that Counsel will withdraw unless his obligations to Counsel are fulfilled. Specifically, Mr. Fassinger was advised by the December 17, 2024 letter and email of the same of Counsel's intent to withdraw. Mr. Fassinger was also advised of Counsel's intent to withdraw in the follow-up December 31, 2024 email from Mr. Obergfell. Counsel also sent Mr. Fassinger an advance copy of this motion before it was filed, but has not received a response. Mr. Fassinger has also been served with this motion at his last known address, in accordance with Federal Rule of Civil Procedure 5(b)(2)(C). Despite these warnings, Mr. Fassinger has not responded to date. Therefore, Counsel should be permitted to withdraw because

4

Mr. Fassinger has failed to fulfil his obligations to Counsel and has been provided with more than a reasonable warning of Counsel's intent to withdraw.

In addition, good cause exists to permit Counsel to withdraw because it is impossible for Counsel to conduct this litigation on behalf of Plaintiff Fassinger if he will not communicate regarding important litigation events and happenings in the litigation.

Pursuant to S.D. Fla. L.R. 11.1(d)(3)(A), Mr. Fassinger's current mailing address is: 1370 Milton Street, Clearwater, Florida 33756.

WHEREFORE, Counsel respectfully requests that this Court enter an Order: (a) granting this Motion to Withdraw; (b) authorizing Sarah N. Westcot, Andrew J. Obergfell, and the law firm of Bursor & Fisher, P.A., to withdraw as counsel of record for Plaintiff Fassinger; (c) relieving Sarah N. Westcot and Andrew J. Obergfell, and the law firm of Bursor & Fisher, P.A., of any and all further obligations on behalf of Plaintiff Fassinger in this action; (d) providing Plaintiff Fassinger with at least thirty (30) days to retain successor counsel before any additional pretrial deadlines are imposed upon him; and (e) directing that all future pleadings, motions, discovery, and any and all other communications concerning this matter be sent to Plaintiff until such time as successor counsel enters an appearance.

Dated: January 9, 2025                                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: _/s/ Sarah N. Westcot_
      Sarah N. Westcot

Sarah N. Westcot
Stephen Beck
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Telephone: 305-330-5512


Facsimile: 925-407-2700  
E-Mail: swestcot@bursor.com

**BURSOR & FISHER, P.A.**
Andrew J. Obergfell
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: 646-837-7150
Facsimile: 925-407-2700
E-Mail: aobergfell@bursor.com

*Attorneys for Plaintiffs in the Quat Matter*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 9th day of January, 2025, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Defendants' counsel of record. The foregoing was also served on Plaintiff Fassinger at his last known address in accordance with Federal Rule of Civil Procedure 5(b)(2)(C).

Dated: January 9, 2025   Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Sarah N. Westcot*
    Sarah N. Westcot

Sarah N. Westcot
Stephen Beck
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Telephone: 305-330-5512
Facsimile: 925-407-2700
E-Mail: swestcot@bursor.com

**BURSOR & FISHER, P.A.**
Andrew J. Obergfell
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: 646-837-7150
Facsimile: 925-407-2700
E-Mail: aobergfell@bursor.com

*Attorneys for Plaintiffs in the Quat Matter*