BEFORE THE UNITED STATES

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION | : : : : | MDL Docket No. 21-MD-2989 |

# PLAINTIFF ROBERT DAYS OPPOSITION TO DEFENDANTS ROBINHOOD MARKETS, INC.'S, ROBINHOOD FINANCIAL LLC'S, AND ROBINHOOD SECURITIES, LLC'S MOTION TO COMPEL ARBITRATION AND FOR STAY PENDING ARBITRATION

Plaintiff Robert Days ("Plaintiff" or "Mr. Days") opposes Defendants Robinhood Markets, Inc.'s, Robinhood Financial LLC's, and Robinhood Securities, LLC's (collectively, "Robinhood") Motion to Compel Arbitration and for Stay Pending Arbitration [ECF No. 713] (the "Motion") as follows.

## I.   INTRODUCTION

Robinhood's motion to compel the *Days* matter to arbitration must be denied for two fundamental reasons:

***First***, pursuant to the plain language of 28 U.S.C. § 1407, and controlling Supreme Court authority, remaining matters must be remanded to their original district courts because pretrial activities are concluded before this Court. While Robinhood may dispute to what extent the California state-law concealment and negligent misrepresentation claims brought in *Days* remain active, it is undisputed that *Days* has unresolved federal securities claims, and that the MDL proceedings

2512530.2

before this Curt have ended. This Court thus has no discretion to do anything but recommend to the MDL panel that remaining matters be remanded. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998) (holding transferee court cannot "self-assign" matters for its own resolution once conditions for mandatory remand are satisfied).

**Second**, even if the Court were to entertain the Motion on the merits, which would be reversible error, the *Days* complaint includes unresolved class claims that do not allow for arbitration under the terms of the relevant arbitration agreement. That is, Mr. Days originally brought a putative class action against Robinhood in the Northern District of California where he alleged that, among other things, Robinhood violated California law by making negligent misrepresentations when announcing Clearing by Robinhood, and concealing that Robinhood had insufficient capital to clear trades in-house. Such claims are substantively different than any claims that were pleaded in front of or dismissed by this Court and must be resolved after remand. *See In re Zantac (Ranitidine) Products Liability Litig.*, 339 F.R.D. 669, 687–88 (S.D. Fla. 2021).

For these reasons, and as explained in more detail below, the Court should deny the Motion and recommend to the MDL panel that *Days* be remanded to the Northern District of California.

## II. STATEMENT OF FACTS

### A. The *Days* complaint was filed in the Northern District of California, asserting California misrepresentation claims.

On March 15, 2021, Plaintiff filed his Second Amended Complaint in the

Norther District of California. *See* ECF No. 23, Case No. 4:21-cv-00696-HSG, N.D. Cal. ("*Days*"). In addition to the federal securities claims that Robinhood admits remain pending, Plaintiff alleged that Robinhood moved to in-house clearance—"Clearing by Robinhood"—without sufficient capitalization, and that Robinhood misrepresented doing so would be "more reliable." *Id.* ¶¶ 29–37. Premised on those allegations, Plaintiff brought California state law concealment, negligent misrepresentation, and UCL claims against Robinhood. *Id.* ¶¶ 143–49.

### B. Over Plaintiff's objection, *Days* was consolidated in an MDL located in the Southern District of California.

On February 5, 2021, certain plaintiffs filed a motion before the MDL court seeking to transfer to the Northern District of California all matters related to the restriction in trading of securities in or around January 28, 2021. MDL No. 2989, ECF No. 1. Mr. Days joined the request that these proceedings be consolidated in the Northern District of California. MDL No. 2989, ECF No. 144. The MDL court ultimately decided to transfer all matter to the Southern District of California, before this Court. MDL No. 2989, ECF No. 272.

### C. Court-appointed MDL counsel neither named Mr. Days in the Master Complaint nor pursued his California misrepresentation claims.

Following applications made by various counsel, on May 18, 2021, this Court entered an order creating several tranches of claims (Antitrust, Robinhood, Other Brokers, and Federal Security Law Claims), and appointing lead counsel and members of a steering committee. ECF No. 310. While the undersigned's partner, Mr.

3

Dennis Ellis, applied for a lead counsel position, the Court appointed Mr. Ellis as a member of the steering committee. *Id.* Mr. Ellis respectfully declined that appointment and suggested that the undersigned serve in his stead, however, the Court declined that request, leaving Mr. Days with no representation at either the lead counsel or steering committee level. ECF No. 315 at 2. On October 15, 2021, separately, pursuant to the PSLRA, the Court appointed the lead plaintiff and lead counsel for federal securities claims. ECF No. 420.

Thereafter, the appointed counsel prepared and served several consolidated complaints and amended consolidated complaints. *See* ECF Nos. 358, 359, 388, 409, 410, 411, 416, 446, 451, 483. Mr. Days was not a named party to any of these complaints. *Id.* Nor did any of these complaints include California state-law concealment or negligent misrepresentation type claims, as brought in *Days*. *Id.*

### D.     **The Court's rulings did not resolve the *Days* claims.**

Because the *Days* concealment and negligent misrepresentation theories, premised on Robinhood's misrepresentations that moving to Clearing by Robinhood would be "more reliable," were not included in any of the consolidated complaints, those claims were never adjudicated by the Court. *See* ECF No. 453 (dismissing claims for negligence, gross negligence, breach of fiduciary duty, breach of implied duty of care, breach of the implied covenant of good faith and fair dealing, tortious interference with contract and business relationship, and civil conspiracy, with no discussion of Robinhood's representation that Clearing by Robinhood would be more reliable or any related claims); 470 (dismissing antitrust claims).

4

E. **Consolidated MDL proceedings have concluded in this Court.**

The Court originally created four tranches of claims to proceed in this MDL. Proceedings have concluded in each of the tranches.

**Antitrust.** On May 13, 2022, the Court granted a motion to dismiss the claims made in this tranche. ECF No. 470. This order was appealed and affirmed by the Eleventh Circuit, terminating any claims set forth in the Antitrust tranche. ECF No. 686.

**Robinhood.** On January 27, 2022, the Court granted a motion to dismiss the claims made in this tranche. ECF No. 453. This order was appealed and affirmed by the Eleventh Circuit, terminating any claims set forth in the Robinhood tranche. *See In re January 2021 Short Squeeze Trading Litig.*, 76 F.4th 1335 (11th Cir. 2023).

**Other Brokers.** On January 9, 2023, the Court granted a motion to dismiss the claims made in this tranche. ECF No. 525. This order was appealed and affirmed by the Eleventh Circuit, terminating any claims set forth in the Other Brokers tranche. ECF Nos. 686, 712.

**Federal Security Law Claims.** On August 11, 2022, the Court granted in part and denied in part a motion to dismiss the claims made in this tranche. ECF No. 503. The Court denied motions for class certification in this tranche. The named plaintiffs (not including Mr. Days, who had no involvement in any settlement discussions, and has not been informed of the settlement terms) then entered into a settlement agreement and dismissed their claims. ECF Nos. 691, 692.

F. **Plaintiff seeks remand of *Days* from the MDL panel.**

Because MDL proceedings have concluded, and claims plead in Days remain

5

unresolved, Mr. Days hereby requests that the Court recommend to the MDL panel that *Days* be returned to the Northern District of California for further proceedings, including consideration of any motion to compel arbitration. Concurrently, Mr. Days will also file a motion, supported by this Memorandum of Law and Facts, requesting the same relief.

### III.   ARGUMENT

#### A.   The Court lacks jurisdiction over the Motion and is required to return *Days* to the Northern District of California.

Actions transferred by the MDL panel "shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated[.]" 28 U.S.C. § 1407. Once these conditions are met, the transferee court can do nothing further, the MDL panel must return the transferred cases back to their original districts. *See Lexecon*, 523 U.S. at 40 (holding transferee court cannot "self-assign" matters for its own resolution once conditions for mandatory remand are satisfied).

Both conditions for transfer are satisfied here, *i.e.*, MDL proceedings have concluded, and Days has not been terminated because claims made in *Days* remain unresolved. The Court thus cannot rule on the Motion, and must recommend to the MDL panel that Days should be remanded to the Northern District of California. *See* MDL Local Rule 10.1(b) ("Typically, the transferee judge recommends remand of an action, or a part of it, to the transferor court at any time by filing a suggestion of remand with the Panel.").

6

1.  **MDL proceedings have completed in this Court.**

As set forth above, proceedings in each of the four tranches created by the Court have concluded, either because the cases were dismissed and those dismissal were affirmed on appeal, or as to the federal securities claims, the named plaintiffs settled and voluntarily dismissed their claims when class certification was denied. *See, supra*, § 2.E. Indeed, the MDL panel previously acknowledged that, it "has been advised that coordinated or consolidated pretrial proceedings in the action on this conditional remand order are complete." ECF No. 709. There is no relevant difference as to the relevant posture where the MDL panel remanded *Lagmanson*, and the request made by *Days*; once pretrial MDL proceedings have concluded, non-terminated actions may only be remanded. 28 U.S.C. § 1407(a); *Lexecon*, 523 U.S. at 40.

2.  **Claims made in *Days* were unresolved in the MDL proceedings.**

It is not disputed that *Days* remains active, *i.e.*, has not been terminated under 28 U.S.C. 1407(a). Robinhood's Motion admits as such: "there remains only one category of claims in this MDL: individual, federal securities claims brought by plaintiffs who—though their claims were consolidated into the MDL—were not one of the settling named plaintiffs in the Federal Securities Tranche." ECF No. 713 at 4. Because this is so, only one thing can happen, the claims must be remanded to their original district. 28 U.S.C. § 1407(a); *Lexecon*, 523 U.S. at 40.

It should be noted that *Days* does not retain only individual securities claims. California state-law claims for concealment and negligent misrepresentation were

7

not adjudicated by this Court, and Mr. Days is free to pursue such claims, including on a class basis, once his case is remanded. *See In re Zantac (Ranitidine) Products Liability Litig.*, 339 F.R.D. at 687–88 (explaining that claims not addressed in MDL should be remanded); *Home Depot USA, Inc. v. Lafarge North America, Inc.*, 59 F.4th 55, 61–68 (3d Cir. 2023) (refusing to apply law of the case or give preclusive effect to MDL proceedings). The issue of what claims are retained by Mr. Days, however, is not to be determined by this Court after MDL proceedings have concluded. 28 U.S.C. § 1407(a); *Lexecon*, 523 U.S. at 40.

### B. If the Court considers the Motion, it must be denied.

#### 1. There are no existing complaints in this Court.

In considering a motion to compel arbitration, the Court must first consider "whether the facts alleged in the [] complaint fall within the arbitration clause in the licensing agreement." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1366 (11th Cir. 2008); *see also Gregory v. Electro–Mechanical Corp.*, 83 F.3d 382, 384 (11th Cir.1996) ("Whether a claim falls within the scope of an arbitration agreement turns on the factual allegations in the complaint rather than the legal causes of action asserted.").

Again emphasizing that *Days* should be remanded to the Northern District of California, there is no operative complaint for this Court to consider. *See* ECF No. 453 (dismissing Robinhood complaint's claims negligence, gross negligence, breach of fiduciary duty, breach of implied duty of care, breach of the implied covenant of good faith and fair dealing, tortious interference with contract and business relationship, and civil conspiracy, with no discussion of Robinhood's representation that Clearing

8

by Robinhood would be more reliable or any related claims); 470 (dismissing antitrust complaint); 525 (dismissing other brokers complaint); 692 (dismissing federal securities law complaint).

Mr. Days was not a named plaintiff in any consolidated complaint nor was any class certified that could include Mr. Days. So what facts are there for the Court to consider when considering whether the relevant arbitration agreement binds Mr. Days to arbitrate? Indeed, as discussed below, were the Court to consider the facts originally plead in *Days*, it is clear that Robinhood's arbitration request must be denied.

### 2. The Days complaint includes unresolved class claims that must be resolved before Robinhood could seek arbitration.

Again, in *Days*, the Plaintiff brought putative class claims under California state law for concealment and negligent misrepresentation based on Robinhood's misrepresentation that Clearing by Robinhood would make the platform more reliable, and failure to disclose its lack of capitalization to customers. *See Days*, ¶¶ 29–37, 102–117. These claims were not addressed in any way by the Court. *In re Zantac (Ranitidine) Products Liability Litig.*, 339 F.R.D. at 687–88 (explaining that claims not addressed in MDL should be remanded); *Home Depot USA*, 59 F.4th at 61–68 (refusing to apply law of the case or give preclusive effect to MDL proceedings).

Thus, under the terms of the relevant arbitration clause, Robinhood cannot "seek to enforce any pre-dispute arbitration agreement against any person who has initiated in court a putative class action"—Mr. Days—because as to his pending concealment and negligent misrepresentation claims, class certification has yet to be

9

adjudicated. *See* ECF No. 713-2 at 130 (arbitration cannot be compelled before "(1) the class certification is denied; or (2) the class is decertified; or (3) the customer is excluded from the class by the court.").

## IV. **CONCLUSION**

For the reasons set forth above, the Court should deny the Motion and recommend to the MDL panel that *Days* be remanded to the Northern District of California.

Dated: January 13, 2025

*/s/Matthew L. Venezia*
**MATTHEW L. VENEZIA**
California State Bar No.: 313812
**ELLIS GEORGE**
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
E-mail: mvenezia@ellisgeorge.com

Attorney for Plaintiff Robert Days

10

CERTIFICATE OF SERVICE

I certify that on January 13, 2025, I electronically filed a true and correct copy of the foregoing via CM/ECF, which will send notice to all counsel of record.

Dated: January 13, 2025  */s/Matthew L. Venezia*
**MATTHEW L. VENEZIA**
California State Bar No.: 313812
**ELLIS GEORGE LLP**
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
E-mail: mvenezia@ellisgeorge.com

Attorneys for Plaintiff Robert Days