UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-02989-MDL-ALTONAGA

In re:

**JANUARY 2021 SHORT SQUEEZE**
**TRADING LITIGATION**
_____/

This Document Relates to the Following Action:

*Days v. Robinhood Mkts., Inc.*, No. 21-cv-21310-CMA

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Robert Days's Motion to Recommend *Days* [*v. Robinhood Mkts., Inc.*, No. 21-cv-21310 (S.D. Fla. 2025)] for Remand ("Remand Motion") [ECF No. 720], filed on January 14, 2025.[1] Plaintiff asks the Court to recommend to the Judicial Panel on Multidistrict Litigation ("JPML") that his case be remanded to the Northern District of California. (*See* Mot. 1).[2] Defendants, Robinhood Markets, Inc., Robinhood Financial LLC, and Robinhood Securities, LLC (collectively "Robinhood"), filed an Opposition ("Remand Opposition") [ECF No. 723]; perhaps tellingly, Plaintiff did not file a reply memorandum. The Court has carefully considered the parties' written submissions, the record, and applicable law. For the following reasons, the Motion is denied.

### I. BACKGROUND

This multidistrict litigation ("MDL") arises from trading restrictions imposed by Robinhood during the January 2021 short squeeze involving so-called "meme stocks." (Mot. to

---

[1] Plaintiff's Motion incorporates the points and authorities in his Opposition to Robinhood's Motion to Compel Arbitration [ECF No. 719]; the Court will cite to that filing as necessary. (*See* Mot. 1).

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Compel Arbitration ("Arbitration Motion") [ECF No. 713] 2 (citation, footnote call number, and quotation marks omitted)). On March 15, 2021, Days filed his Second Amended Complaint in the Northern District of California, alleging federal securities and state law claims arising from Robinhood's transition to in-house clearing and other, related misrepresentations. (*See* Pl.'s Opp'n to Defs.' Mot. to Compel Arbitration ("Arbitration Opp'n") [ECF No. 719] 2–3 (citation omitted)).

Over Plaintiff's objections, the JPML transferred his case to this District as part of MDL No. 2989. (*See id.* 3[3]; *see also* MDL Transmittal Letter [ECF No. 8]). In May 2021, the Court organized the MDL into four tranches: (1) Antitrust, (2) Robinhood, (3) Other Brokers, and (4) Federal Securities. (*See* Arbitration Opp'n 3 (citing May 18, 2021 Order [ECF No. 310])). Soon thereafter, appointed counsel filed consolidated complaints, but Plaintiff asserts that these complaints did not name him as a plaintiff or encompass his state-law concealment and negligent misrepresentation claims. (*See id.* 4 (citing Am. Compls. [ECF Nos. 358; 359; 388; 409; 410; 411; 416; 446; 451; 483])).

The Court ultimately dismissed the Antitrust, Robinhood, and Other Brokers Tranches with prejudice (*see* Arbitration Mot. 3 (citing Orders [ECF Nos. 453; 470; 525])), and the Eleventh Circuit affirmed the dismissals (*see id.* (citing 76 F.4th 1335 (11th Cir. 2023); 105 F.4th 1346 (11th Cir. 2024); No. 23-10436, 2024 WL 4440230 (11th Cir. Oct. 8, 2024))). In the Federal Securities tranche, the Court granted Robinhood's motion to dismiss in part; the only claims still pending in this MDL are individual federal securities claims from Plaintiffs who were not among the settling Plaintiffs in that tranche. (*See id.* (citing Aug. 10, 2022 Order [ECF No. 503]); *see also id.* 4).

---

[3] Plaintiff mistakenly states that the MDL court transferred his case to the Southern District of California. (*See* Arbitration Opp'n 3).

CASE NO. 21-02989-MDL-ALTONAGA

Days contends that, with MDL proceedings concluded and his claims still unresolved, the Court should recommend remanding his case to the Northern District of California. (*See* Arbitration Opp'n 5–10). Robinhood disputes both premises. (*See generally* Remand Opp'n).

## II. LEGAL STANDARD

In multidistrict litigation, the power to remand a case to the transferor court lies solely with the JPML. *See In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2011 WL 13220167, at \*3 (S.D. Fla. Aug. 16, 2011) (citing 28 U.S.C. § 1407(a)). Under 28 U.S.C. section 1407(a), the JPML must return each transferred case to its original district at or before the conclusion of pretrial proceedings, unless it has already been terminated. *See id.* The usual practice is for the transferee court to recommend remand. *See* JPML Rule of Proc. 10.1(b); *see also id.* 10.3(a) (recognizing that the JPML "is reluctant to order a remand absent the suggestion of the transferee judge"). In determining whether to recommend remand, the transferee court should be guided by the JPML's established standards. *See Denture Cream Prods. Liab. Litig.,* 2011 WL 13220167, at \*3 (citation omitted).

The transferee court should suggest remand only upon a showing of good cause. *See id.* (citing *In re Ins. Brokerage Antitrust Litig.*, Nos. 04-5184, 06-5121, 2009 WL 4796662, at \*2 (D.N.J. Dec. 9, 2009); *see also Brokerage Antitrust Litig.*, 2009 WL 4796662, at \*2 ("The Panel has made it clear that it will 'remand an action prior to completed pretrial proceedings only upon a showing of *good cause*.'" (alteration adopted; emphasis added; citation and quotation marks omitted)). And the party requesting remand has the burden of establishing good cause. *See Denture Cream Prods. Liab. Litig.,* 2011 WL 13220167, at \*3 (citation omitted).

Ultimately, when pre-trial proceedings remain ongoing, "the question of whether remand is nevertheless appropriate is left to the discretion of the [JPML]." *In re Bridgestone/Firestone,*

3

*Inc.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001) (alteration added; citing *In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000)). That decision typically turns on whether the case will benefit from continued coordination within the MDL. *See Denture Cream Prods. Liab. Litig.*, 2011 WL 13220167, at *3 (citation omitted). The JPML may choose to remand, for example, when what remains in the case is purely case-specific and no longer tied to MDL proceedings. *See Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d at 1197 (citing *Patenaude*, 210 F.3d at 145); *see also In re Brand-Name Prescription Drugs Antitrust Litig.*, 170 F. Supp. 2d 1350, 1352 (J.P.M.L. 2001) ("Whether [s]ection 1407 remand is appropriate for actions or claims in any particular multidistrict docket is based upon the totality of circumstances involved in that docket." (alteration added)).

## III.  DISCUSSION

Days argues that because the MDL's pretrial proceedings have concluded, and his state-law concealment and negligent misrepresentation claims remain unresolved, the Court should recommend remand of his case to the Northern District of California. (*See generally* Arbitration Opp'n). Finding that Days's case has been terminated, and seeing no good cause for remand, the Court rejects his request.

### A.  State-law claims

Days's state-law claims are no longer viable because, as Robinhood notes, the Master Complaint in the Robinhood Tranche superseded all individual pleadings, and the Court dismissed that complaint with prejudice. (*See* Remand Opp'n 2–3; May 18, 2021 Order 1 (creating one tranche for "state-law claims against [Robinhood]" (alteration added)); Jan. 26, 2022 Order 20). "[P]arties to multidistrict litigation may consent to filing a 'master complaint' that supersedes the previously filed individual pleadings and merges the transferred actions until pretrial proceedings have concluded." (Jan. 26, 2022 Order 20 (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405,

413 n.3 (2015))). That is precisely what happened here: the parties stipulated that each tranche would be governed by a single master complaint, which would replace all individual complaints and serve as the operative pleading. (*See* Joint Status Report [ECF No. 322] 2; *see also* June 3, 2021 Order [ECF No. 323] 1; *Jan. 2021 Short Squeeze Trading Litig.*, 76 F.4th at 1344). Days did not object to this framework. (*See* Remand Opp'n 4).

By dismissing the Robinhood Tranche Complaint with prejudice, the Court extinguished all state-law claims within that tranche. (*See generally* Jan. 26, 2022 Order). The Eleventh Circuit affirmed this dismissal, shutting the door on any attempt by Days or other Plaintiffs to resurrect those claims. *See Jan. 2021 Short Squeeze Trading Litig.*, 76 F.4th at 1355. Nor is the Court persuaded that Days's claims, even if not individually addressed, remain viable, given its prior ruling on the limits of Robinhood's duties to its customers. *See In re Jan. 2021 Short Squeeze Trading Litig.*, 584 F. Supp. 3d 1161, 1181–91 (S.D. Fla. 2022) (noting, for example, that courts have been reluctant to impose tort duties for economic loss absent a special relationship or other exceptional circumstances, and that contractual relationships — such as those governed by customer agreements — generally do not give rise to independent tort duties). With Days's state-law claims dismissed — or, at best, likely precluded — remand serves no purpose.

**B. Pre-trial Proceedings**

Even if Days had viable state-law claims, the Court would still find remand premature. Pretrial proceedings in this MDL are ongoing, and, more importantly, Days has not demonstrated the good cause necessary for the Court to recommend remand. (*See* Remand Opp'n 8–10); *see also Denture Cream Prods. Liab. Litig.*, 2011 WL 13220167, at *3 (citation omitted). Notably, Robinhood moved to compel arbitration — including in Days's case — on December 9, 2024. (*See* Arbitration Mot. 5). If ordered, such arbitration would certainly constitute a "pre-trial

proceeding[.]" *Bridgestone/Firestone,* 28 F. Supp. 2d at 1197 (alteration added).   And the Court sees no reason to hasten a remand recommendation before resolving the arbitration issue.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Robert Days's Motion to Recommend *Days [v. Robinhood Mkts., Inc.*, No. 21-cv-21310 (S.D. Fla. 2025)] for Remand **[ECF No. 720]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 13th day of March, 2025.

_____
**CECILIA M. ALTONAGA
CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record