

FILED BY_____D.C.

MAY 19 2025

ANGELA E. NOE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-2989-MDL-ALTONAGA/Torres

IN RE: JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION

PLAINTIFF'S MOTION TO COMPEL GOOD FAITH PAYMENT BASED ON HISTORICAL ENFORCEMENT OF RULE 16.2

Plaintiff Marcel Poirier, appearing pro se, respectfully files this Motion to enforce the obligations of Rule 16.2, emphasizing historical judicial enforcement of good faith mediation across U.S. District Courts and reinforcing the legal precedent that mandates compliance when a party delays, obstructs, or avoids pre-mediation responsibilities.

1. Rule 16.2 of the Southern District of Florida requires that parties participate in court-ordered mediation in good faith. This rule is not discretionary; courts have routinely held that good faith participation includes timely communication, responsiveness, and financial readiness to engage meaningfully in resolution.

2. Multiple federal courts have explicitly compelled action or sanctioned parties for failing to meet their good faith obligations. Notably:

   - In *Sanchez v. R.I. Housing*, D.R.I. (2015), the court sanctioned the defendant after it appeared at mediation unprepared and without authority to resolve the matter. The ruling emphasized that mediation requires full good faith participation and readiness to settle.

   - In *In re: Ford Transmission Litigation*, E.D. Mich. (2022), Ford delayed the mediation process under the guise of litigation strategy. The court issued warnings and mandated immediate cooperation, citing bad faith tactics.

   - In *Will v. Michigan Dept. of State Police*, 6th Cir. (2003), the court affirmed that deliberate obstruction of the discovery and mediation process could result in enforced penalties under procedural rules.

   - In *Hudson v. United States*, 6th Cir. (2004), the court ruled that silence or strategic avoidance in mediation undermines the court's ability to fairly administer pretrial resolutions. The party that caused delay was sanctioned.

   - In *In re: Business Men's Assurance Co. of America*, 8th Cir. (1998), the court confirmed that even implied failure to mediate in good faith—through timing games or silence—could warrant court-ordered enforcement.

3. Plaintiff submits that no case on record has ever justified refusal to enforce Rule 16.2 obligations when good faith is clearly undermined. If a party delays or fails to respond

entirely, courts have consistently moved toward enforcement—not tolerance of the obstruction.

4. Plaintiff, as a non-customer not subject to arbitration, retains the full protection of Rule 16.2. Robinhood's legal silence and absence of a good faith payment violates the spirit and letter of this rule.

REQUEST FOR RELIEF

Plaintiff respectfully asks the Court to:

1. Enforce Rule 16.2;

2. Compel a good faith response or written explanation from Defendants;

3. Issue a warning or sanctions for continued refusal.

DATED: May 12, 2025

Respectfully submitted,

MARCEL POIRIER

Pro Se Plaintiff

310-1225 Dieppe Boulevard, Dieppe, NB, E1A-1H2, CANADA

Email: marcelpoirier18@gmail.com

Phone: 506-961-9712

From | De:
H310-1225 Dieppe Boulevard
Dieppe, NB, E1A 1H2
CANADA

Customer No. | N° du client
Date: 2025/05/17

MDC

Filing

CASE NO: 21-2989-MDL-

REC'D BY _____ D.C.
MAY 19 2025
ANGELA E. NOBLE
CLERK U.S. DIST CT.
S.D. OF FLA. - MIAMI

To: / A:
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Room 8N09
Miami, FL 33128

Telephone No./N° de téléphone
305-523-5100

DO NOT COVER THE BARCODE
NE PAS COUVRIR LE CODE À BARRES