UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-02989-MD-ALTONAGA

In re:

**JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**
_____/

This Document Relates to All Actions

**ORDER**

**THIS CAUSE** came before the Court upon *pro se* Plaintiff, Marcel Poirier's Motion to Compel Good Faith Payment Based on Historical Enforcement of Rule 16.2 ("First Motion") [ECF No. 759], filed on May 19, 2025; Summary Motion Clarifying Timing of Good Faith Demand and Rule 11 Implications ("Second Motion") [ECF No. 762], filed on May 20, 2025; and Motion to Enforce Good Faith Payment Obligation Based on FINRA Membership and Market Integrity ("Third Motion") [ECF No. 763], filed on May 20, 2025.   Each Motion is denied.

A. **First Motion**

Poirier once again asks the Court to compel Defendants to make a "good faith payment" before mediation, invoking Southern District of Florida Local Rule 16.2 and citing several out-of-circuit decisions.   (*See* First Mot. 1; *see also, e.g.*, Third Emergency Filing [ECF No. 748]).[1]

The Court is not persuaded.   Rule 16.2 requires that parties participate in court-ordered mediation and appear with full authority to settle.   *See* S.D. Fla. L.R. 16.2(e).   Nothing in Rule 16.2 requires that a party make a pre-mediation payment or settlement offer, nor does it authorize the Court to compel such payment as a condition of good faith participation.   The Rule is focused

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

on ensuring that parties appear, engage in the mediation process, and have the authority to negotiate — not to predetermine or compel specific financial concessions. *See id.*

Plaintiff also cites a litany of out-of-circuit cases (*see* First Mot. 1), but none supports the notion that a party may be compelled to make a payment or settlement offer before mediation. By Plaintiff's own account, the decisions he relies on involved parties who skipped mediation, lacked authority, or otherwise derailed the process — not mere silence before it began. Rule 16.2 demands participation in mediation, not pre-mediation concessions. *See* S.D. Fla. L.R. 16.2(e). The conduct Plaintiff describes does not violate the Rule and warrants no court-imposed remedy.

### B. Second Motion

In the Second Motion, Poirier styles — or perhaps attempts to disguise — his demand for a pre-mediation payment as a "Summary Motion Clarifying Timing of Good Faith Demand and Rule 11 Implications." (Second Mot. 1). No amount of procedural framing changes the fundamental flaw: there is no authority requiring Defendants to make an advance payment before mediation. Poirier's dissatisfaction with Robinhood's silence or refusal to settle does not justify judicial intervention. Rule 11 does not apply simply because a party chooses not to negotiate.

### C. Third Motion

In the Third Motion, Poirier again asks the Court to compel Defendants to make a good-faith payment before mediation. (*See generally* Third Mot.). Remarkably, he cites no legal authority — no statute, rule, or case — that supports such relief. That Robinhood is a member of the Financial Industry Regulatory Authority (FINRA) does not empower the Court to enforce pre-mediation payments, nor does Local Rule 16.2, as explained.

Accordingly, it is

**ORDERED AND ADJUDGED** that *pro se* Plaintiff, Marcel Poirier's Motion to Compel

CASE NO. 21-02989-MD-ALTONAGA

Good Faith Payment Based on Historical Enforcement of Rule 16.2 **[ECF No. 759]**; Summary Motion Clarifying Timing of Good Faith Demand and Rule 11 Implications **[ECF No. 762]**; and Motion to Enforce Good Faith Payment Obligation Based on FINRA Membership and Market Integrity **[ECF No. 763]** are **DENIED**.

    **DONE AND ORDERED** in Miami, Florida, this 22nd day of May, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:  counsel of record
 Marcel Poirier, *pro se*